1  DANIEL P. MURPHY (SBN 153011)
   4691 Torrey Circle, A306
2  San Diego, CA 92130
   Telephone: (619) 379-2460
3  Email: dmurphy245@yahoo.com

4  Attorney for Plaintiff David Tourgeman

FILED
08 JUL 31 PM 3:49
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ECL    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID TOURGEMAN,

   Plaintiff,

vs.

COLLINS FINANCIAL SERVICES, INC., a corporation; NELSON & KENNARD, a partnership, DELL FINANCIAL SERVICES, L.P., a limited partnership; DFS ACCEPTANCE, a corporation; DFS PRODUCTION, a corporation, AMERICAN INVESTMENT BANK, N.A., a corporation; and DOES 1 through 10, inclusive,

   Defendants.

CIVIL CASE NO. 08 CV 1392 JLS NLS

COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)

## INTRODUCTION

1. Plaintiff David Tourgeman ("Mr. Tourgeman"), an individual consumer, hereby complains against Defendant Collins Financial Services, Inc. ("Collins Financial"), and Defendants Nelson & Kennard ("Nelson"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), for violations of the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act"), both of which the FDCPA and Rosenthal Act prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Mr. Tourgeman also complains against all Defendants Collins Financial, Nelson, Dell Financial Services, L.P. ("Dell Financial Services"), DFS Acceptance ("DFSA"), DFS Production ("DFSP"), and American Investment Bank, N.A. ("AIB"), for Invasion of Privacy-Intrusion Into Private Affairs, and for Negligence.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper because Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff David Tourgeman was all times mentioned herein and is now a citizen of, and a natural person residing in, Mexico.

4. Mr. Tourgeman is informed and believes that Defendant Collins Financial was at all times mentioned herein and is now a Texas corporation qualified to do business in California. The principal business of Collins Financial is the collection of debts.

5. Mr. Tourgeman is informed and believes that Defendant Nelson is a partnership in the business of collecting debts in this state operating from an address at 2180 Harvard Street, Suite 160, Sacramento, CA 95853.

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

6. Mr. Tourgeman is informed and believes that Defendant Dell Financial Services was at all times mentioned herein and is now a Delaware corporation qualified to do business in California.

7. Mr. Tourgeman is currently unaware of the true legal entity status and organization of Defendant DFS Acceptance, but believes that Defendant DFS Acceptance was at all times mentioned herein and is now a corporation doing business in California.

8. Mr. Tourgeman is currently unaware of the true legal entity status and organization of Defendant DFS Production, but believes that Defendant DFS Production was at all times mentioned herein and is now a corporation doing business in California.

9. Mr. Tourgeman is currently unaware of the legal entity status and organization of Defendant AIB, but believes that Defendant AIB is a corporation conducting business in California.

10. Mr. Tourgeman is currently unaware of the true names and capacities of cross-defendants sued under the fictitious names DOES 1 through 10, inclusive. Mr. Tourgeman is informed and believes and on that basis alleges that each of the fictitiously named defendants are responsible in some manner for the actions alleged herein and that Mr. Tourgeman's damages as alleged herein were proximately caused by the acts and omissions of such defendants. When ascertained, Mr. Tourgeman will seek leave of court to allege the true names and capacities of the fictitiously named defendants.

## FACTUAL ALLEGATIONS

11. Defendant Collins Financial, Defendant Nelson, and Doe Defendants 1 through 10, inclusive, are engaged in the collection of debts from consumers using the mail and telephone. Defendants Collins Financial and Nelson regularly attempt to collect consumer debts alleged to be due to another. Defendants Collins Financial and Nelson are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(d).

1     12. At all times mentioned herein, all of the defendants, and each of them, were the agents, affiliates, employees, partners, creditors, debtors, fiduciaries, alter egos, or other representatives of the other defendants.

    13. Defendants are all entities or individuals who contributed or participated in, or authorized the acts or conspired with each other to commit the acts and do the things complained of, which caused the injuries and damages to Mr. Tourgeman as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured Mr. Tourgeman.

    14. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

    15. The purported debt that Defendants attempted to collect from Mr. Tourgeman was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

    16. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code Section 1788.2(h).

    17. The purported debt that Defendants attempted to collect from Mr. Tourgeman was a "consumer debt" as defined by the Rosenthal Act, California Civil Code Section 1788.2(f).

    18. On or prior to November 19, 2001, Mr. Tourgeman purchased from Dell a computer while he was in Mexico, where he was a resident, for shipment to the residence of his parents at 1872 Port Renwick, Chula Vista, California.

    19. On or prior to November 18, 2001, Mr. Tourgeman entered into an oral financing agreement with Defendants Dell Financial Services, DFSA, DFSP, and/or AIB for the financing of his computer.

    20. After purchasing the computer, Mr. Tourgeman made payments to Defendants Dell Financial Services, DFSA, DFSP, and/or AIB as required pursuant to the agreement, using cash payments sent by phone, wire, bank transfer and/or Western Union or similar international electronic payment service.

    21. Mr. Tourgeman pre-paid the obligation in full prior to maturity of the obligations under the agreement, and prior to August 2, 2003.

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

22. Defendants Dell Financial Services, DFSA, DFSP, and AIB failed to implement a system for receipt of international payments, failed to process payments properly and accurately, and failed to properly indicate when an obligation had been paid in full.

23. As a result of its failure to process payments properly, Defendants Dell Financial Services, DFSA, DFSP, and AIB falsely indicated the existence of an alleged debt by Mr. Tourgeman, which alleged debt Defendants Dell Financial Services, DFSA, DFSP, and/or AIB subsequently sold to Defendant Collins Financial.

24. Defendant Collins Financial and Defendant Nelson, acting as successors in interest to Defendants Dell Financial Services, DFSA, DFSP, and/or AIB, sought to collect on an alleged debt owed pursuant to the financing agreement with Defendants Dell Financial Services, DFSA, DFSP, and/or AIB.

25. Defendant Collins Financial tried to collect on the alleged debt by causing its attorneys, Defendant Nelson, to file an action against Mr. Tourgeman in the State of California Superior Court of San Diego, Central Division Case No. 37-2007-00072265-CL-CL-CTL (the "State Action"), even though the action was time-barred, the contract was not made in the State of California, and Plaintiff Mr. Tourgeman was not a resident in San Diego County or the United States.

26. Neither Collins Financial nor Nelson sent Mr. Tourgeman the notice required by 15 U.S.C. § 1692g.

27. Defendants attempted to collect on the alleged debt in an amount that defendants' own records showed was false.

28. Defendants harassed, oppressed and abused Mr. Tourgeman and his family by attempting to collect on the alleged debt, and caused Mr. Tourgeman to incur legal expenses in defense of the State Action, including the preparation of responsive pleadings, only to dismiss the State Action unilaterally minutes before Mr. Tourgeman's intended filing of responsive pleadings.

29. As a result of the acts and omissions stated above, Mr. Tourgeman suffered fear, anxiety, anguish, headaches, great stress, worry, loss of sleep, embarrassment, and irritability.

30. The acts complained of above are part of a patter and practice of harassment by Plaintiff Collins Financial and Defendant Nelson.

**FIRST CAUSE OF ACTION**

**(Against Defendants Collins Financial, Nelson and Does 1 through 10)**

31. Mr. Tourgeman incorporates by reference and realleges herein all of the allegations set forth in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions:

a. 15 U.S.C. §1692b and §1692c, as a result of communications with Mr. Tourgeman, various members of Mr. Tourgeman's family, and third parties.

b. 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress and abuse Mr. Tourgeman.

c. 15 U.S.C. § 1692e, by using a false, deceptive and misleading means in collection with the collection of a debt.

d. 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt.

e. 15 U.S.C. § 1692g(a), by failing to provide Mr. Tourgeman a validation notice as required by this section.

f. 15 U.S.C. § 1692f(1), by attempting to collect an amount not permitted by law.

g. 15 U.S.C. § 1692e(2)(A), by misstating the status of a debt.

h. 15 U.S.C. § 1692e(10), by various misrepresentations set forth above.

33. As a result of the violations of the FDCPA, Defendants are liable to Mr. Tourgeman for Mr. Tourgeman's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION

**(Against Defendants Collins Financial, Nelson and Does 1 through 10)**

34. Mr. Tourgeman incorporates by reference and realleges herein all of the allegations set forth in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

35. Defendants violated the Rosenthal Act. Defendants' violations include, but are not limited to, the following actions:

   a. California Civil Code § 1812.700, by failing to provide Mr. Tourgeman the Notice required by this section.

   b. California Civil Code § 1788.12(b), as a result of communications with Mr. Tourgeman's parents, various members of Mr. Tourgeman's family, and third parties.

   c. California Civil Code § 1788.15(a), by pursing the State Action even though service of process had not been legally effected.

   d. California Civil Code § 1788.15(b), by attempting to collect a debt and initiating judicial proceedings outside of the county where the debt was incurred and where Mr. Tourgeman resides.

   e. California Civil Code § 1788.17, by failing to comply with the FDCPA as noted above.

36. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

## THIRD CAUSE OF ACTION

**(Against all Defendants and Does 1 though 10 for Invasion of Privacy-Intrusion Into Private Affairs)**

38. Mr. Tourgeman incorporates by reference and realleges herein all of the allegations set forth in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

39. Mr. Tourgeman had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

40. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

41. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Mr. Tourgeman.

42. As a result of such invasions of privacy, Mr. Tourgeman was harmed and caused great mental and physical pain.

43. Defendants acted with oppression, fraud and/or malice, and Defendants are therefore liable to Mr. Tourgeman for damages in an amount to be proven at trial, and for punitive damages.

### FOURTH CAUSE OF ACTION

**(Against all Defendants and Does 1 though 10 for Negligence)**

44. Mr. Tourgeman incorporates by reference and realleges herein all of the allegations set forth in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

45. Defendants Dell Financial Services DFSA, DFSP, and AIB owed a duty of care to Mr. Tourgeman to use reasonable care in processing, recording and crediting payments received from international payors pursuant to financing arrangements.

46. Defendants Dell Financial Services DFSA, and AIB breached that duty of care in the following respects:

    a. Defendants Dell Financial Services DFSA, DFSP, and AIB did not accurately record and had no system in place to accurately track, record, and credit payments received from international payors.

    b. Defendants Dell Financial Services DFSA, DFSP, and AIB did not record and had no system in place to adequately track, record and credit payments received by its affiliate entities.

      c. Defendants Dell Financial Services DFSA, DFSP, and AIB negligently performed its obligations under its financing arrangement with Mr. Tourgeman.

      d. Defendants Dell Financial Services DFSA, DFSP, and AIB negligently sold a purported debt of Mr. Tourgeman to Defendant Collins Financial as valid for collection.

47. Defendants Collins Financial and Nelson owed a duty of care to Mr. Tourgeman to use reasonable care to ascertain the validity of the purported debt and to ascertain Mr. Tourgeman's residence.

48. Defendants Collins Financial and Nelson breached that duty of care in the following respects:

      a. Defendants Collins Financial and Nelson made an inadequate or no attempt to ascertain the legitimacy or the amount of the purported debt.

      b. Defendants Collins Financial and Nelson made an inadequate or no attempt to verify the residence location of Mr. Tourgeman.

      c. Defendants Collins Financial and Nelson disregarded evidence that Mr. Tourgeman resided in a foreign country.

49. Defendants' breaches of its duty of care as alleged above proximately caused the damages suffered by Plaintiff Mr. Tourgeman as alleged herein.

## PRAYER

WHEREFORE, Mr. Tourgeman prays for judgment as follows:

<u>On the First and Second Causes of Action:</u>

A. For statutory damages pursuant to 15 U.S.C. § 1692k and California Civil Code Section 1788.30(a) in an amount according to proof at trial, but which are believed to be at least in excess of $14,000.00;

B. For costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and California Civil Code Section 1788.30(b) and 1788.30(c);

<u>On the Third and Fourth Causes of Action:</u>

C. For actual damages according to proof at trial, which are believed to be at least in excess of $30,000.00;

D. For punitive damages;

E. For attorneys' fees and costs;

F. For costs of suit incurred herein and other litigation costs; and

F. For such other relief as the Court deems just and proper.

DATED: July 31, 2008                                    Respectfully submitted:

                                                        _____
                                                        By: DANIEL P. MURPHY
                                                            Attorney for Plaintiff David
                                                            Tourgeman

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

DATED: July 31, 2008

                                                        _____
                                                        By: DANIEL P. MURPHY
                                                            Attorney for Plaintiff David
                                                            Tourgeman

9

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

```
            UNITED STATES
            DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

         # 153526     - TC

            July 31, 2008
              15:49:38


           Civ Fil Non-Pris
   USAO #.: 08CV1392
   Judge..: JANIS L. SAMMARTINO
   Amount.:              $350.00 CC


             Photocopies
   Qty....:  6 @ $0.50
   Amount.:               $3.00 CC



         Total-> $353.00



   FROM: DAVID TOURGEMAN
         VS
         COLLINS FINANCIAL
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Tourgeman

**(b)** County of Residence of First Listed Plaintiff: Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Daniel P. Murphy, Esq., 4691 Torrey Circle, A306,
San Diego, CA 92130   (619) 379-2460

## DEFENDANTS
Collins Financial Services, Inc.

County of Residence of First Listed Defendant: Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): '08 CV 1392 JLS NLS

FILED 08 JUL 31 PM 3:48
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 07/31/2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Daniel P. Murphy

**FOR OFFICE USE ONLY**
RECEIPT # 153506   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____