| | |
|---|---|
| 1 | DANIEL P. MURPHY (CA 153011) |
| | dmurphy245@yahoo.com |
| 2 | 4691 Torrey Circle, A306 |
| | San Diego, California 92130 |
| 3 | Telephone: (619) 379-2460 |
| 4 | JOHNSON BOTTINI, LLP |
| | Francis A. Bottini, Jr. (CA 175783) |
| 5 | frankb@johnsonbottini.com |
| | Frank J. Johnson (CA 174882) |
| 6 | frankj@johnsonbottini.com |
| | Derek J. Wilson (CA 250309) |
| 7 | derekw@johnsonbottini.com |
| | 655 West Broadway, Suite 1400 |
| 8 | San Diego, California 92101 |
| | Telephone: (619) 230-0063 |
| 9 | Facsimile: (619) 233-5535 |
| 10 | *Attorneys for Plaintiff DAVID TOURGEMAN* |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID TOURGEMAN, on Behalf of Himself and All Others Similarly Situated, | CIVIL CASE NO.: 08-CV-01392-JLS-NLS |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACTS, THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, NEGLIGENCE, AND INVASION OF PRIVACY** |
| COLLINS FINANCIAL SERVICES, INC., a Texas corporation; NELSON & KENNARD, a California partnership; DELL FINANCIAL SERVICES, L.P., a Delaware limited partnership; CIT FINANCIAL USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | **JURY TRIAL DEMANDED** |

Amended Class Action Complaint (Unlawful Debt Collection Practices)

# INTRODUCTION

1. Plaintiff David Tourgeman ("Mr. Tourgeman" or "Plaintiff"), an individual consumer, on behalf of himself and all other similarly-situated persons, brings this action seeking redress against Defendant Collins Financial Services, Inc. ("Collins Financial") and Defendant Nelson & Kennard for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and for violations of the California Rosenthal Act, Civil Code § 1788, *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff also asserts claims against all Defendants, Collins Financial, Nelson & Kennard, Dell Financial Services, L.P., and CIT Financial USA, Inc., ("CIT"), for violations of the California Unfair Business Practices Act, Business and Professions Code §§ 17200, *et seq.* ("CUBPA") and for negligence. Plaintiff and the Class seek statutory damages, attorneys' fees, costs, equitable relief pursuant to the FDCPA and the Rosenthal Act, as well as declaratory relief and a preliminary and permanent injunction prohibiting Defendants from continuing their unfair business practices. Plaintiff also seeks, for himself only, redress for a violation of Invasion of Privacy.

# JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This Court has specific jurisdiction over each named Defendant because these Defendants maintain sufficient minimum contacts with California to render jurisdiction by this Court permissible under the traditional notions of fair play and substantial justice. Moreover, Defendants' conduct was purposefully directed at persons in California.

4. Venue in this District is proper because Defendants transact business here and the conduct giving rise to this claim arose in part in this district and Defendants have received substantial compensation in this district by doing business here and engaging in numerous activities that had an effect in this district.

///

## PARTIES

5. Plaintiff David Tourgeman was at all times mentioned herein and is now a citizen of, and a natural person residing in, Mexico. Plaintiff is also a citizen of the United States and was a citizen of the United States at all times relevant hereto. Plaintiff is, and was at all times relevant, a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and Cal. Civil Code § 1788.2. Defendants Collins Financial and Nelson & Kennard sought to collect from Plaintiff an alleged debt incurred for non-business purposes.

6. Defendant Collins Financial Services, Inc. was at all times mentioned herein and is now a Texas corporation located at 2101 W Ben White Boulevard, Suite 103, Austin, Texas 78704-7517. Collins is qualified to do business in California, and its registered agent in this State is the Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503. The principal business of Collins Financial is the collection of debts. Defendant Collins Financial is and was at all times relevant a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

7. Defendant Nelson & Kennard is a California law partnership in the business of collecting debts in this State, operating from an address at 2180 Harvard Street, Suite 160, Sacramento, California 95853. Defendant Nelson & Kennard regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another. Defendant Nelson & Kennard is and was at all times relevant a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2. Nelson & Kennard advertises itself as "one of the largest collection law firms in California!!"

8. Defendant Dell Financial Services, L.P. was at all times mentioned herein a Delaware limited partnership qualified to do business in California.

9. Defendant CIT Financial USA, Inc. ("CIT") is a Delaware corporation with its principal place of business located at 1 CIT Drive, #2108-A, Livingston, NJ 07039-5703. Defendant CIT conducts business using several fictitious names, including DFS Acceptance and DFS Production. Defendant CIT is authorized to conduct business in the State of California, and

its registered agent is CT Corporation System, 818 West 7th Street, Los Angeles, California 90017-3407.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named in this action as DOES 1-10, inclusive, are unknown to Plaintiff, which therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to show their true name(s) and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of these fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by conduct of these fictitiously-named Defendants.

11. At all times mentioned herein, all of the Defendants, and each of them, were the agents, affiliates, employees, partners, creditors, debtors, fiduciaries, alter egos, or other representatives of the other Defendants.

12. The acts charged in this Complaint have been done by Defendants or were ordered or done by Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' affairs.

## FACTUAL ALLEGATIONS

13. Defendants Collins Financial and Nelson & Kennard are engaged in the collection of debts from consumers using the mail, telephone, and judicial court system. Defendants Collins Financial and Nelson & Kennard regularly attempt to collect consumer debts alleged to be due to another. Defendants Collins Financial and Nelson & Kennard are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(d).

14. Defendants are all entities or individuals who contributed or participated in, or authorized the acts or conspired with each other to commit the acts and do the things complained of, which caused the injuries and damages to Plaintiff and the Class as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured Plaintiff and the Class.

///

15. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

16. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

17. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code section 1788.2(h).

18. The purported debt that Defendants attempted to collect from Mr. Tourgeman was a "consumer debt" as defined by the Rosenthal Act, California Civil Code section 1788.2(f).

19. On or prior to November 19, 2001, Mr. Tourgeman purchased from Dell a computer while he was in Mexico, where he was a resident, for shipment to the residence of his parents at 1872 Port Renwick, Chula Vista, California.

20. On or prior to November 18, 2001, Mr. Tourgeman entered into an oral financing agreement with Defendants Dell Financial Services and CIT for the financing of the computer.

21. After purchasing the computer, Mr. Tourgeman made payments to Defendants Dell Financial Services and CIT (d/b/a DFS Acceptance and DFS Production) as required pursuant to the agreement, using cash payments sent by phone, wire, postal money orders, bank transfer, and/or Western Union or similar international electronic payment service.

22. Plaintiff pre-paid the obligation in full prior to maturity of the obligations under the agreement and prior to August 2, 2003.

23. Defendants Dell Financial Services and CIT failed to implement a system for receipt of payments, failed to process payments properly and accurately, and failed to properly indicate when an obligation had been paid in full.

24. As a result of its failure to process payments properly, Defendants Dell Financial Services and CIT falsely indicated the existence of an alleged debt by Plaintiff, which alleged debt Defendants Dell Financial Services and/or CIT subsequently sold to Defendant Collins Financial.

25. Defendants Dell Financial Services and CIT failed to update consumer or creditor information once they categorized an account as past due or in default.

///

-4-

26. Defendant Collins Financial and Defendant Nelson & Kennard, acting as successors-in-interest to Defendants Dell Financial Services and/or CIT, sought to collect an alleged debt owed pursuant to the financing agreement with Defendants Dell Financial Services and/or CIT.

**LEGAL OUTSOURCING AND DEFENDANTS' FAILURE TO BE <u>"MEANINGFULLY ENGAGED" IN THE COLLECTION OF A DEBT</u>**

27. Defendant Collins Financial tried to collect on the alleged debt by causing its attorneys, Defendant Nelson & Kennard, to file an action against Mr. Tourgeman in the State of California, Superior Court of San Diego County, Central Division Case No. 37-2007-00072265-CL-CL-CTL (the "State Action"), even though the action was time-barred, the contract was not made in the State of California, and there was otherwise no jurisdiction to sue Plaintiff in San Diego Superior Court. Collins Financial and Nelson & Kennard failed to be "meaningfully engaged" in the collection of the alleged debt because they did nothing to verify the existence, amount, or characterization of the debt before filing the frivolous lawsuit against Plaintiff. They also similarly failed to ensure that there was jurisdiction for the case to be filed in San Diego Superior Court. Moreover, Defendant Nelson & Kennard verified the complaint in the State Action, thus representing to the Court that the allegations in the complaint were true and accurate and that there was a reasonable basis for the claims, and that jurisdiction over Plaintiff existed.

28. Defendants also failed to verify Plaintiff's residence before filing the State Action and failed to validly serve the summons and complaint on Plaintiff. Even after Defendants Collins Financial and Nelson & Kennard were advised that the summons and complaint had not been properly served on Plaintiff and that Plaintiff did not reside at the address where service had allegedly been effectuated, such Defendants continued to take action to seek a default judgment against Plaintiff in the San Diego Superior Court, and to otherwise take action to oppress and harass Plaintiff and increase the costs and expenses incurred by Plaintiff.

29. Defendant Nelson & Kennard advertises itself as "one of the largest collection law firms in California!!" Nelson & Kennard earns its fees by dealing in numbers. It files thousands of lawsuits every year in the State of California against consumers but fails to take the

-5-

1  time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and
2  accurate. Furthermore, as it did with respect to Plaintiff, Nelson & Kennard attempts to quickly
3  obtain default judgments against consumers without having original or copies of original
4  agreements to prove the existence, terms, and amount of the debt, and in many cases without
5  having proper information regarding the location of the debtor, thus obtaining default judgments
6  without effectuating proper service. Once a default judgment is entered against a consumer, it is
7  time-consuming and expensive for the consumer to have the judgment set aside, thus further
8  damaging consumers and impairing their credit reports and credit history resulting in additional
9  damages because consumers are then subject to wage and asset garnishment and increased costs
10 of borrowing in the future. Defendants violated and continue to violate 15 U.S.C. § 1692i by
11 failing to bring legal action against Plaintiff and the Class in the proper judicial venue.

12   30.   Similarly, Collins Financial is a debt collector that handles thousands and thousands of alleged debts. It routinely attempts to collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy of information pertaining to the alleged debts.

16   31.   For example, the term "the media" is a term of art in the debt collection industry. It refers to the account data and information regarding the alleged debt, the original agreement, backup, etc. Most of the asset purchase agreements where collection companies purchase defaulted or delinquent accounts only require the original creditor to provide media for a small percentage of accounts (*e.g.*, 5%), but give the collection company the ability to purchase media on an additional number of accounts upon request – but the collection company has to reimburse the original creditor for the cost and expense of doing so. Moreover, purchase agreements often contain a clause stating that, beyond a certain point in time after the debt is purchased by the collection company, media is not available from the creditor, even if it were requested by the collection company.

26   32.   Because collection companies and their law firms (who are themselves "debt collectors" under the law) in most cases do not have any media, or do not have all the media for the account, they cannot verify the information before they initiate collections and file lawsuits.

-6-

1  Instead, the law firms often rely on self-supporting affidavits created by collection companies
2  from a database exported into a Word document, spitting out affidavits by the thousands. Law
3  firms rely on these affidavits that are signed by low-hourly-paid clerks employed solely to affix
4  their signature on thousands of affidavits, despite the clerks' complete lack of involvement in the
5  collection process and their complete lack of knowledge of the underlying facts attested to in the
6  affidavit. Despite not having the media before they file suit, collection law firms like Defendant
7  Nelson & Kennard rely on affidavits signed by individuals who the collection law firms know
8  have no knowledge of the underlying facts and file verified complaints in which they attest to the
9  truthfulness and accuracy of the information regarding the alleged debt.

10         33.    With respect to Plaintiff and his alleged debt, Collins Financial and Nelson &
11  Kennard did not obtain media or obtained materially deficient media, and failed to otherwise
12  take steps to ensure the accuracy of the alleged debt owed by Plaintiff prior to filing the State
13  Action and threatening to take action to seek a default judgment. Upon information and belief,
14  Collins Financial and Nelson & Kennard similarly routinely fail to obtain media or otherwise
15  ensure the accuracy of the consumer debt they attempt to collect. Nelson & Kennard also fails to
16  obtain proper, sufficient, and accurate information on consumers against whom it files collection
17  lawsuits in the State of California. Similarly, Collins Financial and Nelson & Kennard fail to
18  make an independent effort to verify the alleged debt or other account information prior to
19  initiating collection efforts, including the filing of legal actions in the judicial court system.

20         34.    Neither Collins Financial nor Nelson & Kennard sent Mr. Tourgeman the notice
21  required by 15 U.S.C. § 1692g.

22         35.    Defendants attempted to collect on the alleged debt in an amount that Defendants'
23  own records showed was false.

24         36.    Defendants mischaracterized the debt and attempted to collect amounts that were
25  inaccurate, thus further reflecting their lack of meaningful involvement in the collection process.
26  Had they been meaningfully involved, they would have reviewed the "media" or other
27  supporting documents and discovered the amount they were trying to collect was not accurate.
28  ///

-7-

Amended Class Action Complaint (Unlawful Debt Collection Practices)

37.  Defendants harassed, oppressed, and abused Mr. Tourgeman and his family by repeatedly attempting to collect the alleged debt, and caused Mr. Tourgeman to incur legal expenses in defense of the State Action, including the preparation of responsive pleadings, only to dismiss the State Action unilaterally minutes before Mr. Tourgeman's intended filing of responsive pleadings.

38.  As a result of the conduct alleged above, Defendants failed to be "meaningfully engaged" in the collection of the debts of Plaintiff and the Class, as required and defined by the FDCPA.

39.  As a result of the acts and omissions stated above, Mr. Tourgeman suffered fear, anxiety, anguish, headaches, great stress, worry, loss of sleep, embarrassment, and irritability.

40.  The acts complained of above are part of a pattern and practice of harassment by Plaintiff Collins Financial and Defendant Nelson & Kennard.

## CLASS ACTION ALLEGATIONS

41.  Pursuant to F.R.C.P. 23, Plaintiff brings this action both on behalf of himself and as a class action on behalf of the following class (the "Class"):

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

42.  Plaintiff is unaware of the exact number of class members because such information is in the exclusive control of Defendants. Upon information and belief, Plaintiff believes that there are tens of thousands of class members, geographically dispersed throughout the world [vast majority would be in U.S., only in unique circumstances would debtors live outside U.S., although David does, so that should probably stay as is], such that joinder of all class members is impracticable.

43.  Plaintiff's claims are typical of the claims of the Class, in that: Plaintiff is a debtor who was coerced by multiple tactics to pay an alleged debt through improper means; and the relief sought is common to the Class.

///

-8-

Amended Class Action Complaint (Unlawful Debt Collection Practices)

44. Numerous questions of law or fact arise from Defendants' unfair and illegal conduct that is common to the Class. Among the questions of law or fact common to the Class are:

    a. whether Defendants use unfair or unconscionable means to attempt to collect a debt;

    b. whether Defendants engaged in unfair and/or unlawful business practices during the Class Period;

    c. whether Defendants regularly attempt to collect an amount not permitted by law;

    d. whether Defendants failed to be "meaningfully involved" in the collection of debts from Plaintiff and the Class;

    e. whether Defendants misstate the status of debts;

    f. whether Defendants failed to comply with the FDCPA; and

    g. whether class-wide declaratory and/or injunctive relief is appropriate and, if so, the proper measure of the declaratory and/or injunctive relief.

45. These questions of law or fact are common to the Class and predominate over any other questions affecting only individual Class members.

46. Plaintiff will fairly and adequately represent the interests of the Class, in that: Plaintiff is a typical debtor that the Defendants pursue; Plaintiff has been subjected to unfair and illegal means of debt collection; and Plaintiff has no conflicts with any other member of the Class. Furthermore, Plaintiff has retained competent counsel experienced in class action litigation.

47. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

48. Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants.

49. Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

50. Plaintiff reserves the right to expand, modify, or alter the class definition in response to information learned during discovery.

### FIRST CAUSE OF ACTION

**(Against Defendants Collins Financial and Nelson & Kennard for Violations of the FDCPA)**

51. Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

52. The FDCPA requires that debt collectors follow a set of guidelines in seeking out debtors to satisfy their obligations to creditors. The FDCPA was enacted to protect alleged debtors from deceptive and improper collection methods. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions:

    a. 15 U.S.C. § 1692b and § 1692c, as a result of communications with members of the Class, the Class members' families, and third parties;

    b. 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff and the Class;

    c. 15 U.S.C. § 1692e, by using a false, deceptive, and misleading means in collection with the collection of debts;

    d. 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect debts;

    e. 15 U.S.C. § 1692g(a), by failing to provide Class members with a validation notice as required by this section;

    f. 15 U.S.C. § 1692f(1), by attempting to collect amounts not permitted by law;

    g. 15 U.S.C. § 1692i, by failing to bring legal action against Plaintiff and the Class in the proper judicial venue;

     h.    15 U.S.C. § 1692e(2)(A), by misstating the status of debts;

     i.    By failing to be meaningfully engaged in the collection of debts; and

     j.    15 U.S.C. § 1692e(10), by various misrepresentations set forth above.

53.    As a result of Defendants' violations of the FDCPA, Plaintiff and the Class have been damaged.

## SECOND CAUSE OF ACTION

**(Against Defendants Collins Financial and Nelson & Kennard for violations of the Rosenthal Act)**

54.    Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

55.    As a result of Defendants' violation of the FDCPA, Defendants also violated the Rosenthal Act. Defendants' violations include, but are not limited to, the following actions:

     a.    California Civil Code § 1812.700, by failing to provide Mr. Tourgeman and Class members the Notice required by this section.

     b.    California Civil Code § 1788.12(b), as a result of communications with members of the Class, the Class members' families, and third parties.

     c.    California Civil Code § 1788.15(a), by pursuing legal actions even though service of process had not been legally effected.

     d.    California Civil Code § 1788.15(b), by attempting to collect a debt and initiating judicial proceedings outside of the county where the debt was incurred and where Mr. Tourgeman and other members of the Class reside.

     e.    California Civil Code § 1788.17, by failing to comply with the FDCPA as noted above.

///

56. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff and the Class to pay alleged debts.

57. As a proximate result of Defendants' violations enumerated above, Plaintiff and the Class have been damaged.

## THIRD CAUSE OF ACTION

**(Against All Defendants for Violations of California Bus. & Prof. Code § 17200)**

58. Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

59. The California Unfair Business Practices Act defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200. The Act provides that a Court may order injunctive relief and restitution to affected members of the general public for violations. *Id.* § 17203.

60. This cause of action is brought on behalf of Plaintiff, members of the Class, and members of the general public pursuant to California Business & Professions Code sections 17200, *et seq.* Under Business & Professions Code § 17200, *et seq.*, Plaintiff is entitled to enjoin Defendants' wrongful practices and to obtain restitution for the monies paid to Defendants by reason of Defendants' unlawful, unfair, and/or deceptive acts and practices.

61. As a direct and proximate result of the acts and practices alleged above, members of the Class and the general public that have been contacted, pursued, and sued by Collins Financial and Nelson & Kennard and have been injured and damaged. This Court is empowered to, and should, order restitution to all persons from whom Defendants unfairly and/or unlawfully took money.

62. Defendants' unlawful, unfair, and fraudulent business acts and practices, as described above, present a continuing threat to members of the Class and of the general public, in that Defendants are continuing, and will continue, unless enjoined, to commit violations of Business & Professions Code § 17200. This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices, including, but not limited to, initiating lawsuits and obtaining default judgments in cases where Defendants have

-12-

not individually verified account information and are not in possession of account documents or "media" and have not individually verified current residences of alleged debtors prior to serving a collection complaint.

63. Defendants' conduct as alleged in this Complaint violates both the FDCPA and the Rosenthal Act. As alleged above, Defendants employed multiple improper means of debt collection in violation of multiple provisions of the FDCPA and California's Rosenthal Act. Defendants' actions which constitute the violations were knowingly committed and performed with such frequency as to constitute a general business practice.

64. As alleged herein, Defendants' conduct also constitutes negligence as described below.

## FOURTH CAUSE OF ACTION

### (Against all Defendants for Negligence)

65. Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

66. Defendants Dell Financial Services and CIT owed a duty of care to Plaintiff and the Class to use reasonable care in processing, recording, and crediting payments received from consumers pursuant to financing arrangements. Defendants also owed a duty of care to not provide collection agencies and entities to whom they sold debt accounts with inaccurate and outdated information that they know will be used by collection agencies to sue the alleged debtors.

67. Defendants Dell Financial Services and CIT breached that duty of care in the following respects:

    a.    Defendants Dell Financial Services and CIT did not accurately record and had no system in place to accurately track, record, and credit payments received from consumers, including, but not limited to, international payors.

///

///

      b.    Defendants Dell Financial Services and CIT did not record and had no system in place to adequately track, record, and credit payments received by their affiliate entities.

      c.    Defendants Dell Financial Services and CIT negligently performed their obligations under their financing arrangement with Plaintiff and the Class.

      d.    Defendants Dell Financial Services and CIT negligently sold the purported debts of Plaintiff and the Class to Defendant Collins Financial and debt collectors as valid for collection.

68.    Defendants Collins Financial and Nelson & Kennard owed a duty of care to Plaintiff and the Class to use reasonable care to ascertain the validity of the purported debt and to ascertain the valid current residence of debtors.

69.    Defendants Collins Financial and Nelson & Kennard breached that duty of care in the following respects:

      a.    Defendants Collins Financial and Nelson & Kennard made an inadequate or no attempt to ascertain the legitimacy, amount, or characterization of the purported debt.

      b.    Defendants Collins Financial and Nelson & Kennard made an inadequate or no attempt to verify the residence location of Plaintiff and the Class.

      c.    Defendants Collins Financial and Nelson & Kennard disregarded evidence that Plaintiff and the Class resided in locations other than the locations where Defendants attempted to served Plaintiff and the Class with service of summonses and complaints.

70.    Defendants' breaches of their duty of care as alleged herein proximately caused the damages suffered by Plaintiff and the Class.

///

///

## FIFTH CAUSE OF ACTION

**(Against Defendants Collins Financial and Nelson & Kennard for Invasion of Privacy)**

71. Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

72. Under both the California Constitution (Art. I, Section 1) and the common law, Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

73. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion, and private affairs (including his mind, mental processes, and his private financial data) by repeatedly and unlawfully attempting to collect a debt in violation of the FDCPA and the Rosenthal Act. Defendants also presented Plaintiff in a false light to the public by causing the State Action to be filed in the public courts against Plaintiff, in which Defendants falsely represented that Plaintiff owed a debt and had failed to pay the debt.

74. Defendants also violated Plaintiff's constitutional and common-law right of privacy by publishing private facts about Plaintiff to the public and by placing Plaintiff in a false light to the public. In addition to causing the State Action to be filed against Plaintiff, Defendants caused derogatory comments to be placed in Plaintiff's credit report. There was a complete absence of any legitimate public interest in the private facts that Defendants published about Plaintiff to the public. Moreover, Plaintiff was placed in a false light by the Defendants since the State Action contained false statements and allegations and since the derogatory comments placed by Defendants in Plaintiff's credit report were false and stated that Plaintiff had not paid his debts. Such conduct impaired Plaintiff's credit history and credit score and placed Plaintiff in a false light to creditors, merchants, and other members of the public.

75. Defendants' intrusions and violations of Plaintiff's privacy rights would be highly offensive to a reasonable person and did in fact offend Plaintiff.

76. As a result of such invasions of privacy, Plaintiff was harmed and was caused great mental and emotional pain.

Amended Class Action Complaint (Unlawful Debt Collection Practices)

77. Defendants acted with oppression, fraud, and/or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

A. A declaration that this action is a proper class action on behalf of the Class as defined herein, and an order directing that reasonable notice of this action be given to each member of the Class;

B. A declaration that Collins Financial and Nelson & Kennard's conduct described herein violates the FDCPA and the Rosenthal Act;

C. A declaration that Collins Financial, Nelson & Kennard, Dell Financial Services, and CIT's conduct constitutes a violation of California's Business & Professions Code § 17200;

D. An injunction enjoining, preliminarily and permanently, Defendants from continuing the unlawful conduct alleged herein, including an injunction barring Collins Financial and Nelson & Kennard from filing lawsuits against consumers without first complying with the FDCPA and the Rosenthal Act;

E. For punitive damages;

F. As to the named Plaintiff only, an award of actual damages for negligence and invasion of privacy;

G. An award for Plaintiff and the Class for the costs of this suit (including expert fees), and reasonable attorneys' fees, as provided by law; and

H. An award for such other and further relief as the nature of this case may require or as this court deems just, equitable, and proper.

///
///
///
///
///

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: January 5, 2009

JOHNSON BOTTINI, LLP

*/s/ Francis A. Bottini, Jr.*
FRANCIS A. BOTTINI, JR.

Francis A. Bottini, Jr. (CA 175783)
Frank J. Johnson (CA 174882)
Brett M. Weaver (CA 204715)
655 West Broadway, Suite 1400
San Diego, California  92101
Telephone:  (619) 230-0063
Facsimile:   (619) 233-5535

DANIEL P. MURPHY
dmurphy245@yahoo.com
4691 Torrey Circle, A306
San Diego, California  92130
Telephone:  (619) 379-2460

*Attorneys for Plaintiff*
*DAVID TOURGEMAN*