Scott J. Ferrell, Bar No. 202091
Lisa A. Wegner, Bar No. 209917
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
lwegner@calljensen.com

Attorneys for Defendants Dell Financial Services, L.L.C.,
and CIT Financial USA, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>COLLINS FINANCIAL SERVICES, INC., a Texas corporation; NELSON & KENNARD, a California partnership, DELL FINANCIAL SERVICES, L.P., a Delaware limited partnership; CIT FINANCIAL USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 08-CV-1392 JLS (NLS)<br><br>**DEFENDANTS CIT FINANCIAL USA, INC. AND DELL FINANCIAL SERVICES, L.L.C.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND (6)**<br><br>Date: November 5, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom 6<br><br>Complaint Filed: July 31, 2008<br>Trial Date: None Set |

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND FACTUAL BACKGROUND ..................................................1

II. STANDARDS ON A MOTION TO DISMISS ...............................................................2

    A. F.R.C.P. 12(b)(1) ...................................................................................................2

    B. F.R.C.P. 12(b)(6) ...................................................................................................4

III. TOURGEMAN'S INVASION OF PRIVACY CLAIM IS NOT PLED SUFFICIENTLY TO WITHSTAND A MOTION TO DISMISS ........................................................................................................5

IV. NEITHER TOURGEMAN NOR ANY PROPOSED PUTATIVE CLASS MEMBERS HAVE ALLEGED A VIABLE CAUSE OF ACTION AGAINST DFS OR CIT UNDER CALIFORNIA'S UNFAIR COMPETITION LAWS ..........................................................7

    A. Tourgeman Has Failed To Plead Any Unlawful, Unfair Or Fraudulent Conduct By DFS Or CIT .................................................................7

    B. Tourgeman Continues To Allege No Injury-In-Fact Sufficient To Overcome The Standing Requirements Prescribed By Proposition 64. ....................................................................................................9

V. CONCLUSION ...............................................................................................................10

# TABLE OF AUTHORITIES

Page

Ashcroft v. Iqbal
   129 S. Ct. 1937 (2009) ................................................................................4, 10

Balisteri v. Pacifica Police Department
   901 F.3d 696 (9th Cir. 1990) ..........................................................................10

Bell Atlantic Corp. v. Twombly
   550 U.S. 544 (2007) ...................................................................................4, 10

Cattie v. Wal-Mart Stores, Inc.
   504 F. Supp. 2d 939 (S.D. Cal. 2007) ............................................................3, 9

In re Ditropan XL Antitrust Litigation
   529 F. Supp. 2d 1098 (N.D. Cal. 2007) ..............................................................9

Erie R. Co. v. Tompkins
   304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1939) ............................................4

Ileto v. Glock, Inc.
   349 F.3d 1191 (9th Cir. 2003) .........................................................................4

Laster v. T-Mobile USA, Inc.
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) .........................................................2, 9

Lujan v. Defenders of Wildlife
   504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ..................................3

Navarro v. Block
   250 F.3d 729 (9th Cir. 2001) ...........................................................................4

Neitzke v. Williams
   490 U.S. 319 (1989) ("Rule 12(b)(6) ................................................................4

Robertson v. Dean Witter Reynolds, Inc.
   749 F.2d 530 (9th Cir. 1984) ...........................................................................4

Savage v. Glendale Union High School, District No. 205, Maricopa County
   343 F.3d 1036 (9th Cir. 2003) .........................................................................2

Scott v. Breeland
   792 F.2d 925 (9th Cir. 1986) ...........................................................................3

Warth v. Seldin
   422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ......................................3

Watson v. Chessman
   362 F. Supp. 2d 1190 (S.D. Cal. 2005) .................................................................... 2, 3

Western Mining Council v. Watt
   643 F.2d 618 (9th Cir. 1981) ............................................................................................ 4

Wheeler v. Travelers Insurance Co.
   22 F.3d 534 (3d Cir. 1994) ............................................................................................... 3

**STATE CASES**

Albillo v. Intermodal Container Services, Inc.
   114 Cal. App. 4th 190 (2003) .......................................................................................... 7

Bardin v. DaimlerChrysler Corp.
   136 Cal.App.4th 1255, 1271-72 (2006) .......................................................................... 7

Belton v. Comcast Cable Holdings, LLC
   60 Cal.Rptr.3d 631, 645 (2007) ...................................................................................... 7

Buller v. Sutter Health
   160 Cal. App. 4th 981 (2008) .......................................................................................... 7

Californians for Disability Rights v. Mervyn's, LLC
   39 Cal.4th 223, 228 (2006) .............................................................................................. 9

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.
   20 Cal. 4th 163 (1999) ..................................................................................................... 7

In re Firearm Cases
   126 Cal. App. 4th 959 (2005) ...................................................................................... 7, 9

In re Tobacco II Cases
   46 Cal. 4th 298, 326 (2009) ............................................................................................. 9

Gregory v. Albertson's, Inc.
   104 Cal. App. 4th 845 (2002) .......................................................................................... 7

Hall v. Time, Inc.
   158 Cal. App. 4th 847 (2008) .......................................................................................... 2

International Federation of Professional and Technical Engineers,
   Local 21, AFL-CIO v. Superior Court
   42 Cal. 4th 319 (2007) ..................................................................................................... 5

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

DEL05-95:551081_3:9-25-09      - iii -      08-CV-1392 JLS (NLS)
CIT FINANCIAL USA, INC.'S MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF COMPLAINT

Medina v. Safe Guard Products
    164 Cal. App. 4th 105 (2008) .......................................................................................9

Moreno v. Hartford Sentinel, Inc.
    172 Cal. App. 4th 1125 (2009) ..................................................................................5, 6

Pulver v. Avco Financial Services
    182 Cal. App. 3d 622 (1986) .......................................................................................6

Schnall v. Hertz Corp.
    78 Cal. App. 4th 1144 (2000) ...................................................................................7, 8

**DOCKETED CASES**

Germain v. J.C. Penney Co.
    2009 WL 1071336 (C.D. Cal. July 6, 2009) ...............................................................9

Long v. Hewlett-Packard Co.
    2006 WL. 4877691 (N.D. Cal. Dec. 21, 2006) ...........................................................2

Marolda v. Symantec Corp.
    2009 WL. 2252125 (N.D. Cal. July 28, 2009) ............................................................8

**FEDERAL STATUTES**

12 U.S.C. § 1843(k) .............................................................................................................8

15 U.S.C. § 1681(a) .............................................................................................................6

15 U.S.C. § 6809(3) .............................................................................................................8

**STATE STATUTES**

Cal. Civ. Code § 1785.32 ....................................................................................................6

Cal. Fin. Code § 4052(c) ..................................................................................................8, 9

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEL05-95:551081_3:9-25-09                               - iv -                               08-CV-1392 JLS (NLS)
CIT FINANCIAL USA, INC.'S MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PORTIONS OF COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff David Tourgeman ("Tourgeman") is a Mexican resident who claims that he entered into an oral agreement with Defendants Dell Financial Services, L.L.C. (sued as Dell Financial Services, L.P.) ("DFS") and CIT Financial, USA, Inc. ("CIT") for the financing of a Dell computer (the "Agreement") on or before November 18, 2001. Second Amended Complaint ("SAC") ¶¶ 5, 23.) Tourgeman claims he had his Dell computer shipped directly to his parents' home in Chula Vista, California. (SAC ¶ 22.) While the terms of that "Agreement" are neither alleged nor attached to the original complaint or the SAC, Tourgeman further claims that he paid the entire financing obligation before its maturity and before August 2, 2003. (SAC ¶¶ 23-25.)

Tourgeman claims that DFS and CIT did not properly implement a system for the receipt of payments, failed to process payments properly and accurately and failed to indicate when an obligation had been paid in full. (SAC ¶ 26.) Tourgeman further alleges that DFS and CIT took the position that he failed to pay the entire amount owed on the Agreement, and eventually sold the outstanding debt to Collins Financial Services ("Collins") for collection. (SAC ¶ 27.) After Collins purchased the account, it filed a collection case against Tourgeman for his failure to timely pay amounts outstanding on the Agreement. (SAC ¶ 30.) Although Collins later dismissed the complaint (before the responsive pleading deadline), Tourgeman responded by filing his complaint on July 31, 2008, in which he asserted various claims against Collins, its attorneys Nelson & Kennard, and DFS. Then, on April 6, 2009, Plaintiff amended his complaint to include class allegations and add CIT as a party to the lawsuit. In Plaintiff's First Amended Complaint, he asserted claims against both DFS and CIT for unfair business practices and negligence.

On April 20, 2009, DFS filed a motion to dismiss the First Amended Complaint. (Request for Judicial Notice Exh. 1, Court's August 6, 2009 Order granting, in part, DFS' Motion to Dismiss). On August 27, 2009, Plaintiff filed a Second Amended Complaint,

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEL05-95:551081_3:9-25-09                                      - 1 -                                      08-CV-1392 JLS (NLS)
CIT FINANCIAL USA, INC.'S MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PORTIONS OF COMPLAINT

alleging causes of action for (1) violations of the Federal and California Fair Debt Collections Practices Acts; (2) California's Unfair Business Practices Act (Cal. Bus. and Prof. Code § 17200, *et seq.*) ("UCL"); (3) negligence; and (4) invasion of privacy arising out of Plaintiff's purchase and finance of a Dell computer system. (*See, generally* SAC.) With respect to DFS and CIT, Tourgeman seeks relief for violations of the UCL, invasion of privacy and negligence.

Having now had three attempts to replead his allegations, it is evident that Tourgeman cannot allege any unlawful or unfair conduct by DFS or CIT sufficient to maintain standing to seek relief under the UCL. A plaintiff asserting claims for violations of the UCL must establish proper standing or face dismissal of that claim at the pleadings stage. Long v. Hewlett-Packard Co., 2006 WL 4877691 (N.D. Cal. Dec. 21, 2006) (applying California law); Laster v. T-Mobile USA, Inc., 407 F.Supp.2d 1181, 1194 (S.D. Cal. 2005); Hall v. Time, Inc., 158 Cal.App.4th 847 (2008) (affirming dismissal *on demurrer* of claims for unfair competition, fraud, and CLRA violations, finding deficient pleading of any "injury in fact" plus, separately, a lack of "a causal connection or reliance on the alleged misrepresentation."). Here, Tourgeman's attempt to link his claim for invasion of privacy to his UCL claim fails since Tourgeman has not alleged invasion of privacy with the requisite specificity to withstand a motion to dismiss. Accordingly, both his UCL and invasion of privacy claims should be dismissed without leave to amend.

## II. STANDARDS ON A MOTION TO DISMISS

### A.   F.R.C.P. 12(b)(1)

When it is clear from the face of the complaint that a plaintiff cannot prove any set of facts in support of his claim of standing, the court must grant a motion to dismiss under F.R.C.P. 12(b)(1).[1] Watson v. Chessman, 362 F. Supp. 2d 1190, 1194 (S.D. Cal.

---

[1] FRCP 12(b)(1) attacks on jurisdiction can be either facial or factual in nature. Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). Here, neither DFS nor CIT seek to introduce extrinsic evidence in support of its 12(b)(1) motion; the allegations themselves are insufficient to

Continued on the next page

2005). The burden of proof for a Rule 12(b)(1) motion to dismiss *is on the party asserting jurisdiction.* Watson v. Chessman, 362 F. Supp. 2d at 1194; see also Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

Standing is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Standing is a "threshold question in every case." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). In Lujan, the United States Supreme Court developed a three-pronged test for standing. First, "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" Lujan, 504 U.S. at 560-61. Second, there must be a causal connection between the injury and the conduct serving as the basis of the lawsuit. Third, it must be likely that the injury will be redressed by a favorable decision. Id.

Although California state law has more lenient standing requirements than its federal counterpart, "standing sufficient to meet federal standards is a jurisdictional requirement imposed by Article III of the U.S. Constitution and takes priority." Cattie v. Wal-Mart Stores, Inc., 504 F.Supp.2d 939, 942 (S.D. Cal. 2007) (citing Lee v. American Nat'l Ins. Co., 260 F.3d 997, 999-1000, 1001-02 (9th Cir. 2001). Accord Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir. 1994) (citing Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804, 105 S.Ct. 2695, 2670, 86 L.Ed. 2d 628 (1985) (holding that standing to bring an action in federal court is determined under federal, not state law.)). "A state law creating a right to sue cannot confer standing, although it can create an interest or legal right, the infringement of which could constitute an "injury in fact" sufficient to support standing." Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d at 942

---

Continued from the previous page
demonstrate any reliance or loss of money or property, both of which are required to state a claim under the UCL.

1  (citing Cantrell v. City of Long Beach, 241 F.3d 674, 684 (9th Cir. 2001)). Because
2  Tourgeman's claims against CIT arise under state law only, under Erie R. Co. v.
3  Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1939), his substantive rights in
4  this Court are no greater than they would be in state court. Id. Accordingly, "Federal law
5  may limit [Tourgeman's] standing, but it will not expand [his] right to bring this action
6  beyond what is provided under state law." Id.

### B.    F.R.C.P. 12(b)(6)

A motion to dismiss under F.R.C.P. 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is warranted where the complaint lacks a cognizable legal theory. Id.; Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see also Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.") Additionally, a claim may be dismissed where it presents a viable legal theory but the plaintiff fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. In ruling on a Rule 12(b)(6) motion, the court need not accept legal conclusions as true simply because they are asserted as factual contentions. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ("a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.")

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

DEL05-95:551081_3:9-25-09                                  - 4 -                                08-CV-1392 JLS (NLS)
CIT FINANCIAL USA, INC.'S MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF COMPLAINT

Here, Tourgeman has failed to properly plead any viable acts of unfair competition or claims for invasion of privacy against either DFS or CIT.

### III. TOURGEMAN'S INVASION OF PRIVACY CLAIM IS NOT PLED SUFFICIENTLY TO WITHSTAND A MOTION TO DISMISS

To state a claim for violation of the constitutional right of privacy, a party must establish (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a serious invasion of the privacy interest. See International Federation of Professional and Technical Engineers, Local 21, AFL-CIO v. Superior Court, 42 Cal. 4th 319, 338 (2007). Courts have identified four discrete activities that may "violate this privacy protection and give rise to tort liability. These activities are: (1) intrusion into private matters; (2) public disclosure of private facts; (3) publicity placing a person in a false light; and (4) misappropriation of a person's name or likeness. Each of these four categories identifies a distinct interest associated with an individual's control of the process or products of his or her personal life." Moreno v. Hartford Sentinel, Inc., 172 Cal. App. 4th 1125, 1129 (2009) (affirming demurrer to invasion of privacy claim) (citing Hill v. National Collegiate Athletic Assoc., 7 Cal. 4th. 1, 24 (1994)).

Although Tourgeman has asserted a cause of action for invasion of privacy against all defendants, at least three of the purported underlying actions involve attempting to collect a "non-existent" debt in violation of the FDCPA and Rosenthal Act, including filing a state court action in furtherance of these efforts. (SAC ¶¶ 30, 52-58.) Thus, the only conceivable basis Tourgeman has for asserting a violation by DFS and CIT of his right to privacy to begin with is alleged public disclosure of private facts. See SAC ¶ 63 ("By selling account information about debts that do not actually exist, the Debt Originator Defendants violated the letter and intent of these statutes."). The elements of this tort are: "'(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

DEL05-95:551081_3:9-25-09              - 5 -                08-CV-1392 JLS (NLS)
CIT FINANCIAL USA, INC.'S MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF COMPLAINT

1  concern.'" Moreno v. Hartford Sentinel, Inc., 172 Cal. App. 4th at 1129-30 (citing Shulman v. Group W Productions, Inc., 18 Cal. 4th 200, 214 (1998)). The absence of any one of these elements prohibits any recovery by the plaintiff. Id. (citation omitted).

Although Tourgeman has parroted these elements in the SAC, DFS and CIT's alleged reporting of information to a consumer reporting agency is still not actionable. As set forth in California Civil Code § 1785.32, "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to Section 1785.10 [inspection of files by consumer], 1785.15 [time and manner of supplying files and information] or 1785.20 [disclosure to consumer of source of report and nature of information] of this title, except as to false information furnished with malice or willful intent to injure such consumer." Pulver v. Avco Financial Servs., 182 Cal. App. 3d 622, 634 (1986); see also 15 U.S.C. § 1681(a) ("The term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."). Here, Tourgeman complains that his debt to DFS and CIT was paid off, but he does not allege that either entity willfully or maliciously caused derogatory comments to be placed on his credit report. Because Tourgeman has not alleged the essential elements to plead around this statutory shield, his cause of action for invasion of privacy on this ground fails.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

DEL05-95:551081_3:9-25-09     - 6 -     08-CV-1392 JLS (NLS)
CIT FINANCIAL USA, INC.'S MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF COMPLAINT

## IV. NEITHER TOURGEMAN NOR ANY PROPOSED PUTATIVE CLASS MEMBERS HAVE ALLEGED A VIABLE CAUSE OF ACTION AGAINST DFS OR CIT UNDER CALIFORNIA'S UNFAIR COMPETITION LAWS

### A. Tourgeman Has Failed To Plead Any Unlawful, Unfair Or Fraudulent Conduct By DFS Or CIT

To be actionable under the UCL, a "plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)." Albillo v. Intermodal Container Servs., Inc., 114 Cal.App.4th 190, 206 (2003). No matter what the standard, however, Tourgeman has alleged no unfair, unlawful or fraudulent conduct that is actionable under the UCL. Buller v. Sutter Health, 160 Cal. App. 4th 981, 986 (2008).

As this Court previously held, "the reasoning of the California Supreme Court in Cel-Tech [Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999)] leads logically to an application of the "tether" test" to consumer UCL suits." (RJN Exh. 1, Court's August 6, 2009 Order on Motion to Dismiss); see also Bardin v. DaimlerChrysler Corp., 136 Cal.App.4th 1255, 1271-72 (2006) ("[W]here a claim of an unfair act or practice is predicated on public policy, we read Cel-Tech [Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999)] to require that the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions."); Belton v. Comcast Cable Holdings, LLC, 60 Cal.Rptr.3d 631, 645 (2007) ("[t]his court . . . has followed the line of authority that also requires the allegedly unfair business practice be "tethered" to a legislatively declared policy or has some actual or threatened impact on competition"); In re Firearm Cases, 126 Cal App. 4th 959 (2005); Schnall v. Hertz Corp., 78 Cal.App.4th 1144, 1166 (2000); Gregory v. Albertson's, Inc., 104 Cal.App.4th 845, 854 (2002).

Tourgeman has again failed in the SAC to allege any unfair actions which are "tethered to any constitutional, statutory or regulatory provision." Tourgeman has attempted to predicate his UCL claim on an alleged invasion of privacy (SAC ¶ 63);

...
...

however, he has not offered any factual allegations to demonstrate how DFS and CIT specifically violated any of the alleged underlying statutes merely by selling a debt that he claims was paid off. Although Tourgeman apparently does not accuse DFS and CIT of fraudulent behavior which would trigger additional specificity in pleading under Rule 9, "even under Rule 8(a) [Plaintiff] must allege the details . . . with enough specificity for the defendant and the court to be able to identify it. The circumstances under which the practice occurred must be spelled out clearly, including the time, place and manner in which defendant engages in the practice . . . ." Marolda v. Symantec Corp., 2009 WL 2252125, * 10 (N.D. Cal. July 28, 2009) (granting defendant's motion to dismiss UCL claim with respect to alleged practice of billing for unwanted renewal of software). The bare bones legal assertions set forth in the SAC offer no information as to how Tourgeman, or any of the unnamed class members or members of the general public, were contacted, pursued and/or sued by DFS or CIT. Furthermore, there is no indication as to the extent or manner of the alleged monetary injuries suffered by these class members as a result of these amorphous practices.

Second, as set forth above, Tourgeman has failed to sufficiently allege that DFS or CIT's actions comprise unlawful conduct. See Schnall, 78 Cal.App.4th at 1153. As set forth above, to the extent that the underlying allegations of statutory violations are with respect to Tourgeman's invasion of privacy claim, this claim has not been sufficiently pled. Tourgeman's other generalized attempts to assert violations of the California Financial Information Privacy Act (Cal. Financial Code §§ 4050-4060) and Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.) likewise fail since both statutes address conduct by a financial institution. Tourgeman has not alleged that either CIT or DFS comprise financial institutions for purposes of attaching liability under these statutes. See 15 U.S.C. § 6809(3)(A); 12 U.S.C. § 1843(k); Cal. Fin. Code § 4052(c) (incorporating same). Accordingly, Tourgeman's efforts to plead "unlawful" conduct against DFS and CIT are insufficient to withstand a motion to dismiss.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

DEL05-95:551081_3:9-25-09               - 8 -                08-CV-1392 JLS (NLS)
CIT FINANCIAL USA, INC.'S MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF COMPLAINT

### B. Tourgeman Continues To Allege No Injury-In-Fact Sufficient To Overcome The Standing Requirements Prescribed By Proposition 64.

Under Proposition 64, the law is explicit that a private person has standing to bring a claim under the unfair competition laws <u>only</u> if he or she "(1) "has suffered injury in fact," and (2) "has lost money or property as a result of such unfair competition." <u>Germain v. J.C. Penney Co.</u>, 2009 WL 1071336 (C.D. Cal. July 6, 2009) (citing <u>Hall v. Time, Inc.</u>, 158 Cal. App. 4th at 852); <u>Californians for Disability Rights v. Mervyn's, LLC</u>, 39 Cal.4th at 227; <u>Laster v. T-Mobile USA, Inc.</u>, 407 F.Supp.2d 1181, 1193 (S.D. Cal. 2005). In addition, a plaintiff must also specifically allege actual reliance to state a claim under the UCL's fraud prong. <u>Id.</u> at 1194; <u>see also</u> <u>Cattie</u> at 946; <u>In re Tobacco II Cases</u>, 46 Cal. 4th 298, 326 (2009) ("we conclude that [the "as a result of"] language imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong"). Indeed, the courts have repeatedly held no valid claims exist under the UCL absent sufficient pleading of gateway standing requirements. <u>See In re Firearm Cases</u>, 126 Cal App. 4th at 978 ("Without evidence of a causative link between the unfair act and the injuries or damages, unfairness by itself merely exists as a will-o'-the-wisp legal principle."); <u>Medina v. Safe Guard Prods.</u>, 164 Cal.App.4th 105, 115 (2008) ("[t]his court in <u>Hall</u> also stated that even if there was injury in fact by virtue of payment for the book, the "as a result" language imports a reliance or causation element into Business and Professions Code section 17204."). Though a plaintiff need not allege reliance with respect to claims based on unfair or unlawful conduct, he or she still must allege "causation more generally." <u>In re Ditropan XL Antitrust Litig.</u>, 529 F. Supp. 2d 1098, 1106-07 (N.D. Cal. 2007).

Here, Tourgeman has failed to allege a sufficient "injury-in-fact" to surpass the pleading stage. The SAC only vaguely alludes to monetary damages sustained by class members and the general public as a result of actions of DFS and CIT. (SAC ¶ 65.) The continuing lack of allegations as to personal losses resulting from DFS and CIT's alleged collection practices is telling of Tourgeman's inability to properly plead a UCL claim in

this case. Quite simply, there is no alleged causation with respect to Tourgeman whatsoever.

Nevertheless, even if the Court finds that Tourgeman has pled such a loss, his claim is still deficient since it contains only the most cursory of legal assertions and lacks any indication of the type, time or manner of monetary losses that these unnamed class members allegedly suffered by virtue of the purported collection practices of DFS and CIT. See Ashcroft v. Iqbal, 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). This nebulous pleading style is exactly the type that is appropriate for dismissal at the pleading stage. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Balisteri v. Pacifica Police Dept., 901 F.3d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.")

## V.   CONCLUSION

For all the foregoing reasons and based on the authorities set forth above, DFS and CIT respectfully request that the Court grant its Motion to Dismiss in its entirety.

Dated:  September 25, 2009

CALL, JENSEN & FERRELL
A Professional Corporation
Scott J. Ferrell
Lisa A. Wegner


By: _s/Lisa A. Wegner_
         Lisa A. Wegner

Attorneys for Defendants Dell Financial Services, L.L.C. and CIT Financial USA, Inc.

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On September 25, 2009, I have served the foregoing document described as **DEFENDANTS CIT FINANCIAL USA, INC. AND DELL FINANCIAL SERVICES, L.L.C.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND (6)** on the following person(s) in the manner(s) indicated below:

**SEE ATTACHED SERVICE LIST**

[ X ]  (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ ]  (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]  (BY OVERNIGHT SERVICE) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]  (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

[ ]   (BY E-MAIL)   I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(es) indicated.

[ X ]   (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ ]   (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on September 25, 2009, at Newport Beach, California.

                                    s/Lisa A. Wegner
                                    Lisa A. Wegner

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

# SERVICE LIST

| | |
|---|---|
| Daniel P. Murphy, Esq.<br>4691 Torrey Circle, Suite A306<br>San Diego, CA 92130<br>Tel: (619) 379-2460<br>E: dmurphy245@yahoo.com | **Attorneys for Plaintiff**<br>**David Tourgeman** |
| Tomio B. Narita<br>Simmonds & Narita LLP<br>44 Montgomery Street, Suite 3010<br>San Francisco, California 94104<br>Direct line (415) 283.1010 | **Attorneys for Defendant**<br>**Collins Financial Services, Inc.** |
| Francis A. Bottini, Jr.<br>Frank J. Johnson<br>Derek J. Wilson<br>Johnson Bottini, LLP<br>655 West Broadway, Suite 1400<br>San Diego, CA 92101<br>Tel: (619) 230-0063<br>Fax: (619) 233-5535 | **Attorneys for Plaintiff**<br>**David Tourgeman** |