1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    DAVID TOURGEMAN,                          CASE NO. 08-CV-01392 JLS (NLS)

12                            Plaintiff,        **ORDER: (1) GRANTING IN PART
                                                AND DENYING IN PART**
13            vs.                               **PLAINTIFF'S RULE 56(F)
                                                MOTION, AND (2) DENYING**
14                                              **DEFENDANTS' MOTIONS FOR**
      COLLINS FINANCIAL SERVICES, INC.;         **SUMMARY JUDGMENT**
15    NELSON & KENNARD; DELL
      FINANCIAL SERVICES, L.P.; CIT             (Doc. Nos. 71, 76, & 81)
16    FINANCIAL USA, INC; et al.,

17                            Defendants.

18

19          Presently before the Court are Defendants Dell Financial Services ("DFS") and CIT Financial

20    USA, Inc.'s ("CIT") motion for summary judgment, (Doc. No. 76 ("Memo. ISO DFS MSJ"))

21    Defendants Collins Financial Services, Inc. ("Collins") and Nelson & Kennard's motion for summary

22    judgment, (Doc. No. 71 ("Memo. ISO Collins MSJ")), and Plaintiff's motion under Federal Rule of

23    Civil Procedure 56(f).   (Doc. No. 81 ("Memo. ISO 56(f)").)   Also before the Court are the full

24    compliment of opposition and reply briefs.  (Doc. Nos. 82, 83, 85, 86, & 87.)  Having fully considered

25    this matter, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Rule 56(f) motion, and

26    **DENIES** both motions for summary judgment.

27          These motions come before the Court in a somewhat odd posture.  It appears that the parties

28

agreed to limit discovery "to the single issue of whether Plaintiff paid his alleged debt in full" "provided that Defendants move for summary adjudication on this issue by October 14, 2009." (Doc. No. 64 at 1.)  When Defendants moved for summary judgment, they based their request both on Plaintiff's alleged failure to pay and other grounds.  Plaintiff now claims that he "has not had a sufficient opportunity to conduct discovery or otherwise obtain and present facts essential to justify his opposition to Defendants['] . . . Motions for Summary Judgment." (Memo. ISO 56(f) at 2.)

## I.      Rule 56(f) Motion

The Court begins by considering Plaintiff's motion under Federal Rule of Civil Procedure 56(f).  Rule 56(f) affords the Court discretion to deny or continue a motion for summary judgment if the opposing party needs time to discover essential facts.  *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir.1987).  To obtain a Rule 56(f) continuance, Plaintiffs must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).  Where the moving party can make this showing, rule 56(f) "requir[es], rather than merely permit[s]," an opportunity for additional discovery. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

Plaintiff's primary complaint is that Defendants have "stonewalled" his discovery efforts. (*See* Memo. ISO 56(f) at 4.)  He asserts, both in his memorandum and his counsel's affidavit, that he is seeking Defendants' policies and procedures with regard to processing payments and verifying and investigating debts. (*Id.* at 5.)  Plaintiff claims that Defendants have "conceded" that these facts exist and that they are "essential" to his ability to oppose the motions for summary judgment. (*Id.*)

Applying the three-part test to these allegations, the Court finds that Plaintiff's motion should be **GRANTED IN PART** and **DENIED IN PART**.  First, Plaintiff has not set forth any evidence or argument that Rule 56(f) relief would be proper with regards to Defendants' assertion that Plaintiff never paid the original debt.  Further, Plaintiff agreed that Defendants should file motions for

summary judgment as to this issue.  (Doc. No. 64 at 1.)  Therefore, his motion is **DENIED** with respect to the question of actual payment.

The remainder of the Rule 56(f) motion is **GRANTED**.  Plaintiff adequately sets forth specific facts, such as Defendant Collins's training materials related to debt collection, which he will seek during the remainder of the discovery period. (Weaver Decl. ¶ 5; *Campbell*, 138 F.3d at 779.)  The Court also finds that he has adequately demonstrated that these facts exist. *Campbell*, 138 F.3d at 779.  Finally, although Plaintiff is somewhat conclusory about why these facts are "essential" to his ability to resist summary judgment, the Court finds their relevance obvious.  Defendants' motions for summary judgment argue, in part, that summary judgment should be granted because they employed reasonable procedures.  (*See, e.g.*, Memo. ISO Collins MSJ at 7–9 ("Defendants employed extensive procedures to prevent inadvertent attempts to collect on accounts that had been previously paid."); Memo. ISO DFS MSJ at 3–4 ("At all times referenced in the [Second Amended Complaint,] DFS maintained a very stringent separation of duties relating to the application of payments on all customer financing obligations.").)  In order to oppose those claims, Plaintiff will need to propound the evidence which he wishes to discover.  Since Plaintiff has set forth all three elements required under Rule 56(f), his motion must be **GRANTED** as to the remainder of Defendants' claims.

Defendants assert that this motion is inappropriate.  They argue that Plaintiff insisted on the filing of the motion for summary judgment and that this "hurry-up-and-wait approach is patently unfair" because Defendants "have engaged in discovery diligently and in good faith since their first possible opportunity to do so."  (Opp. to 56(f) at 2.)  They further claim he lacks of evidence because he has not pursued discovery with sufficient vigor.  (*Id.* at 4–5.)

The Court, however, must reject these arguments.  First, it appears that Plaintiff only insisted that Defendants move for partial summary judgment on the issue of actual payment.  (*See* Doc. No. 64 at 1.)  Since Defendants motions exceed this scope, it is not inequitable to permit further discovery.  Second, as to whether Plaintiff has been sufficiently diligent in discovery, that is an inadequate reason to deny this Rule 56(f) motion.  During most of the discovery period, Plaintiff has been faced with one or more motions to dismiss.  And, if Plaintiff is to be believed, Defendants have avoided participating

1   in discovery during the pendency of those motions.  (Memo. ISO 56(f) at 2–3.)  In light of these

2   considerations, the Court cannot find that Plaintiff squandered his chance to conduct appropriate

3   discovery.  Therefore, Plaintiff's Rule 56(f) motion is **GRANTED** as to the remainder of Defendants'

4   summary judgment arguments.

5   **II.      Motions for Summary Judgment**

6          The Court now proceeds to consider the single live issue in Defendants' motions for summary

7   judgment.  Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where (1)

8   the moving party demonstrates the absence of a genuine issue of material fact and (2) entitlement to

9   judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Material," for

10  purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome

11  of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d

12  732, 735 (9th Cir. 1997).  Whereas a dispute is "genuine" if a reasonable jury is able to return a verdict

13  for the nonmoving party.  *Anderson*, 477 U.S. at 248.  When ruling on a summary judgment motion,

14  the court must view all inferences drawn from the underlying facts in the light most favorable to the

15  nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

16         The evidence presented by both sides here is quite clear.  Defendants present evidence that

17  DFS's records do not reflect the payment Plaintiff claims he made.  (Wegner Decl., Ex. 2; Dohrman

18  Decl. ¶ 10.[1])  According to those records, "the outstanding balance on Plaintiff's account . . . was

19  $1,145.93."  (Memo. ISO DFS MSJ at 5; Dohrman Decl. ¶ 10.)  Further, Defendants argue that

20  Plaintiff has no "documentary evidence to support his contention that he paid his Loan Agreement in

21  full."  (Memo. ISO DFS MSJ at 7.)

22         Plaintiff argues that he did pay off his debt.  He claims that his payments were made by a

23  number of different means including by phone, by check, and by money order.  (Tourgeman Decl. ¶

24  5.)  He claims that he paid the remainder of his balance in 2003.  (Opp. to DFS MSJ at 3; *Id.* ¶ 6.)

25  Plaintiff's sole evidence for these claims is his testimony, and admits that he "does not have records

26

27         [1] Although the Defendants point the Court to "Exhibit 10," the Dohrman declaration only has

28  five exhibits.  Therefore the Court construes this as a reference to paragraph 10 of the declaration.

proving [that] his testimony" is true.  (Opp. to DFS MSJ at 11.)

The evidence presented demonstrates a genuine dispute of material fact with regard to whether Plaintiff repaid his loan in full.  Although Plaintiff's position is supported only by his own testimony, that is sufficient, as a matter of law, to defeat summary judgment on this point.  The Ninth Circuit "has held that self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they are based on personal knowledge and are not too conclusory." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  Plaintiff's declaration is clearly based on personal knowledge and the Court finds that it is not too conclusory.  Thus, given the existence of a genuine dispute of material fact, Defendants' motions are **DENIED** insofar as they seek summary judgment on the question of actual payment.

Defendants' arguments to the contrary are unavailing.  This is not the type of declaration rejected in *United States v. Wilson*, 991 F.2d 596, 601 (9th Cir. 1989).  There, the Court described the affidavit as being both "speculative" and "conclusory."  *Id.* at 601.  Plaintiff's declaration is neither speculative nor conclusory.  Nor can it be accurately described as "contradictory [or] incomplete" on its face.  *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005).  It is also not "undermined either by other credible evidence,[2] physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury."  *Johnson v. Wash. Metro. Area Transit Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989).  Although it is not a voluminous tome detailing with exactitude Plaintiff's version of events, neither is the declaration bereft of factual detail.[3]

Ultimately, the Court cannot simply pretend Plaintiff's declaration does not exist.  As Defendants readily admit, that declaration contradicts the evidence they submitted.  (Memo. ISO DFS MSJ at 6.)  To find for Defendants' on this question would require the Court to engage in the kind of credibility determinations and weighing of evidence which are inappropriate at the summary judgment

---

[2] This is not to imply that Defendants' evidence is not credible.  However, the Court simply finds that this evidence does not demonstrate that Plaintiff's declaration is patently meritless.

[3] Plaintiff's declaration is also obviously not a "sham affidavit" within the scope of the rule noted in *Nelson v. City of Davis*, 571 F.3d 924, 927 (9th Cir. 2009) ("'The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.'"(quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 2007))).  There is no present indication that Plaintiff's deposition contradicts any other evidence he has submitted or that Plaintiff is trying to "creat[e] a factual dispute with himself."  *Id.*

08-CV-01392

stage.  Since Plaintiff's evidence is competent, and since the Court must view all evidence in the light most favorable to him, summary judgment is **DENIED** with respect to whether Plaintiff actually paid his debt in full.

**III.      Conclusion**

For the reasons stated, Plaintiff's  Rule 56(f) motion is **DENIED IN PART** to the extent it seeks a continuance of summary judgment on whether he paid his debt in full.  It is, however, **GRANTED IN PART** as to the remainder of Defendants' motions for summary judgment.  Further, Defendants' motions for summary judgment are **DENIED WITH PREJUDICE IN PART** as to the question of whether Plaintiff paid his debt in full.   Those motions are **DENIED WITHOUT PREJUDICE IN PART** as to their remainder.

IT IS SO ORDERED.


DATED:  November 23, 2009

_____
Honorable Janis L. Sammartino
United States District Judge