1  DANIEL P. MURPHY (CA 153011)
   dmurphy245@yahoo.com
2  4691 Torrey Circle, A306
   San Diego, California 92130
3  Telephone: (619) 379-2460

4  JOHNSON BOTTINI, LLP
   Francis A. Bottini, Jr. (CA 175783)
5  frankb@johnsonbottini.com
   Brett M. Weaver (CA 204715)
6  brett@johnsonbottini.com
   501 West Broadway, Suite 1720
7  San Diego, California 92101
   Telephone: (619) 230-0063
8  Facsimile: (619) 238-0622

9  *Attorneys for Plaintiff DAVID TOURGEMAN*

10         **UNITED STATES DISTRICT COURT**

11        **SOUTHERN DISTRICT OF CALIFORNIA**

12 | DAVID TOURGEMAN,                          | CASE NO.: 08-CV-1392-JLS(NLS)
13 |                  Plaintiff,               | **PLAINTIFF DAVID TOURGEMAN'S SEPARATE STATEMENT OF**
14 |        vs.                                | **MATERIAL FACTS IN SUPPORT OF HIS MOTION TO COMPEL FURTHER**
15 | COLLINS FINANCIAL SERVICES, INC., a       | **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND**
16 | Texas corporation; NELSON & KENNARD, a    | **INTERROGATORIES TO DEFENDANT**
   | California partnership, DELL FINANCIAL     | **COLLINS FINANCIAL SERVICES, INC.**
17 | SERVICES, L.P., a Delaware limited        |
   | partnership; CIT FINANCIAL USA, INC., a   | Date:       April 5, 2010
18 | Delaware corporation; and DOES 1 through 10, | Time:       9:30 a.m.
   | inclusive,                                | Courtroom: 1101
19 |                                           | Judge:      Honorable Nita L. Stormes
20 |                  Defendants.              |

21

22

23

24

25

26

27

28

1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

2

**REQUEST FOR PRODUCTION NO. 1:**

3   Please produce ALL COMMUNICATIONS between COLLINS and NELSON that RELATE

4   TO Plaintiff David Tourgeman and the collection of his alleged debt.   To the extent that these

5   communications need to be redacted for privilege, please provide Plaintiff with a privilege log as

6   described above.

7

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

8   Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

9   oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

10   lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.   Defendant further

11   objects to this Request to the extent that it seeks proprietary information, trade secret information,

12   information subject to protective orders, confidentiality agreements, or statutory provisions that bar the

13   disclosure of that information without the consent of third parties and to the extent that it seeks

14   information subject to the attorney-client privilege or the attorney work product doctrine.

15   Subject to and without waiving the forgoing objections or the General Objections, Defendant

16   will produce all non-privileged documents in its possession, custody or control that relate to the

17   Plaintiff, his account or the defenses asserted in this action.

18

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 1:**

19   Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

20   must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

21   *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

22   category, the part shall be specified and inspection permitted of the remaining parts.   The party

23   submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

24   failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

25   In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

26   defendant's original responses contained imprecise, boilerplate objections:

27
28
> Defendant's responses do not allow for meaningful evaluation. Plaintiff
> and the Court are unable to determine, with certainty, the requests for
> which Defendant is producing documents, the requests for which
> Defendant is withholding documents and on what basis, and the requests

-1-

for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

*Id.* at *4-5.

Collins objects to Request No. 1 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Collins fails to provide any explanation for these objections. *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, because Collins's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Further, Federal Rule of Civil Procedure 26(b)(5) states that:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i)     expressly make the claim; and

(ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.*, 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Collins asserts the attorney-client privilege and attorney work product protection to Request No. 1. The objection is stated simply as "seek[ing] information subject to the attorney-client

1 privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

2 privilege or work product doctrine is insufficient to enable the propounding party to assess the

3 applicability of the privilege or protection to the specific facts of the interrogatory in question. Further,

4 Collins has failed to produce a privilege log containing any of the above-described information as

5 required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege

6 claims cannot be properly evaluated.

7      Accordingly, Tourgeman requests that this Court order Collins to provide a privilege log for

8 response to Request No. **1**, provide a supplemental response to Request No. **1** without the stated

9 objections, provide a substantive response, and produce any documents improperly withheld from

10 production.

11 **REQUEST FOR PRODUCTION NO. 2:**

12      Please produce ALL training materials that RELATE TO debt collection YOU provide to

13 COLLINS employees.

14 **RESPONSE TO DOCUMENT REQUEST NO. 2:**

15      Subject to and without waiving the foregoing objections or the General Objections, Defendant

16 responds as follows:

17      Defendant is not a "debt collector" as defined by the FDCPA and it does not itself engage in the

18 collection of debts. It does not have employees that engage in debt collection, and therefore does not

19 train on collection and does not have responsive documents.

20 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 2:**

21      Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

22 alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

23 in the San Diego Superior Court alone. (Weaver Dec. ¶14). Based on this information, Tourgeman

24 propounded document requests and special interrogatories on Collins. Collins cannot sue a debtor to

25 collect a debt and then contend that it is not a debt collector. Collins is taking inconsistent positions.

26      Based on recent discussions with Collins's counsel, Tourgeman has learned that Collins's

27 subsidiary, Paragon Way, collects debts on its behalf. While Tourgeman does not dispute that Paragon

28 Way is the entity tasked with collecting debts on Collins's behalf, Collins cannot use its subsidiary to

1 | shield itself from discovery.  Case law directly refutes Collins's position.  "The discovery rules require

2 | that a corporation furnish such information as is available from the corporation itself or from sources

3 | under its control.  If the corporation can obtain the information from sources under its control, it may

4 | not avoid answering by alleging ignorance." *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS

5 | 17190, *9 (C.D. Cal. 2005).  Here, Paragon Way is a subsidiary directly under Collins's control and

6 | thus Collins has no basis for withholding information related to Paragon Way.

7 | Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

8 | Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf

9 | and is Collins's subsidiary, this document request should have accounted for Paragon Way.

10 | Additionally, Collins, as the principal corporation, has control and possession of Paragon Way's

11 | documents.  For instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to

12 | produce certain documents from Paragon Way.  Therefore, Collins's response that it is not a debt

13 | collector is inadequate.

14 | Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

15 | response to Request No. **2** and produce any documents improperly withheld from production.

16 | **REQUEST FOR PRODUCTION NO. 3:**

17 | Please produce ALL DOCUMENTS CONCERNING the duties and responsibilities of

18 | COLLINS employees who receive, maintain, and send data regarding alleged debts.

19 | **RESPONSE TO DOCUMENT REQUEST NO. 3:**

20 | Defendant objects to this Request on the grounds that it is vague and ambiguous as phrased.

21 | Defendant also objects to this Request on the grounds that, as Defendant understands it, the Request is

22 | overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not

23 | relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

24 | admissible evidence.  By asking Defendant to produce "ALL DOCUMENTS CONCERNING the

25 | duties and responsibilities of COLLINS employees who receive, maintain, and send data regarding

26 | alleged debts," Plaintiff is potentially asking Defendant to produce an enormous amount of

27 | documentation which will have no bearing on this dispute.  Defendant further objects to this Request to

28 | the extent that it seeks proprietary information, trade secret information, information subject to

protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the forgoing objections or the General Objections, Defendant responds that it is willing to meet and confer with Plaintiff in order to understand the Request and to identify the scope of any potential production of documents.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as phrased. Defendant also objects to this Request on the grounds that, as Defendant understands it, the Request is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, on or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff does not claim that his account data was altered by Collins because the firm used inadequate procedures for "receiving" information relating to his debt. Rather, Plaintiff alleges that he paid Dell in full for his computer before the account was ever sold to Collins. Any information concerning his account was, according to Plaintiff's theory, already inaccurate when it is sold to Collins. The company's procedures for receiving data from its sellers would not be relevant.

Subject to the forgoing objections, Defendant responds as follows: Collins does not "receive, maintain or send data" relating to alleged debts so it has no responsive documents.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 3:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.*, 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."). In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff and the Court are unable to determine, with certainty, the requests for

which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Collins objects to Request No. **3** on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." Collins fails to provide any meaningful explanation for its objection that the request is overbroad, unduly burdensome and oppressive. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, because Collins's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Collins argues that this Request is not relevant because Tourgeman's account was already inaccurate when it was sold to Collins. This response improperly narrows the scope of the Request. The Complaint, however, contains well-pleaded allegations that Collins engages in improper debt collection practices. Indeed, the Complaint includes class allegations and a class comprised of:

All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy of information pertaining to the alleged debts." ¶33. The Complaint also alleges that Collins is not "meaningfully engaged" in the collection of debts. ¶30. In other words, Collins's debt collection practices are being challenged. Thus, the duties and responsibilities of Collins's employees who receive, maintain, and send data regarding alleged debts demonstrates Collins's debt collection practices.

1    Collins also objects to Request No. **3** on the basis that the request is "vague and ambiguous."

2    Collins has failed to exercise reason and common sense to attribute ordinary definitions to terms and

3    phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, 2007 U.S. Dist.

4    LEXIS 31688 (N.D. Cal. 2007). Further, Collins has offered little to no meaningful facts to support the

5    stated objections. Thus, this boilerplate objection cannot be sustained.

6    Additionally, Collins claims that it does not "receive, maintain or send data" relating to alleged

7    debts so it has no responsive documents. This cannot be true. Because Collins is a firm that buys and

8    sells debt obligations, there must be someone within Collins who receives and sends information

9    regarding alleged debts. Collins appears to be hiding behind Paragon Way, even though Collins files

10   debt collection lawsuits in its own name.

11   But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

12   Collins's position. "The discovery rules require that a corporation furnish such information as is

13   available from the corporation itself or from sources under its control. If the corporation can obtain the

14   information from sources under its control, it may not avoid answering by alleging ignorance."

15   *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

16   Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

17   information related to Paragon Way.

18   Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

19   Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

20   and is Collins's subsidiary, this document request should have accounted for Paragon Way. And,

21   Collins, as the principal corporation, has control and possession of Paragon Way's documents. For

22   instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

23   documents from Paragon Way. Therefore, Collins's response that it is not a debt collector is

24   inadequate.

25   Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

26   response to Request No. **3** without the stated objections, provide a substantive response, and produce

27   any documents improperly withheld from production.

28

1    **REQUEST FOR PRODUCTION NO. 4:**

2       Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for

3    investigating alleged debts.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

5       Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase

6    "investigating alleged debts." Defendant also objects to this Request on the grounds that, based on

7    Defendant's understanding of its meaning, the Request is overbroad, unduly burdensome and

8    oppressive, and to the extent that is seeks information which is not relevant to the subject matter of this

9    lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. By asking

10    Defendant to produce "ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for

11    investigating alleged debts," Plaintiff is potentially asking Defendant to produce an enormous amount

12    of documentation which will have no bearing on this dispute. Defendant further objects to this Request

13    to the extent that it seeks proprietary information, trade secret information, information subject to

14    protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that

15    information without the consent of third parties and to the extent that it seeks information subject to the

16    attorney-client privilege or the attorney work product doctrine.

17       Subject to and without waiving the forgoing objections or the General Objections, Defendant

18    responds that it is willing to meet and confer with Plaintiff in order to understand the Request and to

19    identify the scope of any potential production of documents.

20    **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 4:**

21       Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase

22    "investigating alleged debts." Defendant also objects to this Request on the grounds that, based on

23    Defendant's understanding of its meaning, the Request is overbroad, unduly burdensome and

24    oppressive, and to the extent that is seeks information which is not relevant to the subject matter of this

25    lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further

26    objects to the extent that it seeks proprietary information, trade secret information, information subject

27    to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that

28

1   information without the consent of third parties and to the extent that it seeks information subject to the

2   attorney-client privilege or the attorney work product doctrine.

3        Subject to and without waiving the forgoing objections or the General Objections, Defendant

4   responds as follows:  Assuming that Plaintiff seeks information related to the due diligence process

5   employed by Collins with respect to its purchase of debt portfolios, no such documents exist.

6   **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 4:**

7        Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

8   must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

9   *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

10  category, the part shall be specified and inspection permitted of the remaining parts.   The party

11  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

12  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

13  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

14  defendant's original responses contained imprecise, boilerplate objections:

15        Defendant's responses do not allow for meaningful evaluation. Plaintiff
          and the Court are unable to determine, with certainty, the requests for
16        which Defendant is producing documents, the requests for which
          Defendant is withholding documents and on what basis, and the requests
17        for which it has no responsive documents.  Defendant cites boilerplate
          general objections, and does not explain why the objection applies to the
18        response or whether documents were withheld pursuant to the stated
          objections.
19

20        Collins objects to Request No. **4** on the basis that it is "overbroad, unduly burdensome and

21  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

22  the discovery of admissible evidence."   But Collins fails to provide any explanation for these

23  objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The

24  party who resists discovery has the burden to show discovery should not be allowed, and has the burden

25  of clarifying, explaining, and supporting its objections.").   Moreover, because Collins's response is so

26  broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

27  stated objections, and/or whether responsive documents even exist.

28        Further, Federal Rule of Civil Procedure 26(b)(5) states that:

1
2

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

3

> (iii)   expressly make the claim; and

4
5
6

> (iv)   describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

7     A privilege log should contain the following information: (1) the identity and position of its

8  author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

9  title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

10 prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

11 reason it is being withheld. *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009).

12 When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden

13 of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246

14 F.R.D. 614, 620 (C.D. Cal. 2007).

15     Here, Collins asserts the attorney-client privilege and attorney work product protection to

16 Request No. **4**. The objection is stated simply as "seek[ing] information subject to the attorney-client

17 privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

18 privilege or work product doctrine is insufficient to enable the propounding party to assess the

19 applicability of the privilege or protection to the specific facts of the interrogatory in question. Further,

20 Collins has failed to produce a privilege log containing any of the above-described information as

21 required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege

22 claims cannot be properly evaluated.

23     Collins objects to Request No. **4** on the basis that the term "investigating alleged debt" is vague

24 and ambiguous. Collins, however, has failed to exercise reason and common sense to attribute ordinary

25 definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am.*

26 *Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Further, Collins has offered no meaningful

27 facts to support the stated objections. Thus, this boilerplate objection cannot be sustained.

28

1    Collins also claims that no responsive documents exist. This is unlikely. Because Collins is a

2 firm that buys and sells debt obligations, there must be documents related to Collins's policies and

3 guidelines for investigating debts. Collins appears to be hiding behind its subsidiary, Paragon Way,

4 even though Collins files debt collection lawsuits against alleged debtors in its own name.

5    But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

6 Collins's position. "The discovery rules require that a corporation furnish such information as is

7 available from the corporation itself or from sources under its control. If the corporation can obtain the

8 information from sources under its control, it may not avoid answering by alleging ignorance."

9 *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

10 Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

11 information related to Paragon Way.

12    Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

13 Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

14 and is Collins's subsidiary, this document request should have accounted for Paragon Way. And,

15 Collins, as the principal corporation, has control and possession of Paragon Way's documents. For

16 instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

17 documents from Paragon Way. Since Collins's debt collection practices as a whole are being

18 challenged, documents related to Collins's or Paragon Way's policies and guidelines for investigating

19 alleged debt must be produced.

20    Accordingly, Tourgeman requests that this Court order Collins provide a supplemental response

21 to Request No. **4** without the stated objections, provide a substantive response, and produce any

22 documents improperly withheld from production.

23 **REQUEST FOR PRODUCTION NO. 5:**

24    Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for filing

25 a lawsuit against an alleged debtor.

26

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2        Subject to and without waiving the General Objections, Defendant does not file lawsuits.  Law

3  firms are retained to file suit on its behalf.  Defendant does not maintain documents reflecting

4  guidelines or policies for filing lawsuits.

5  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 5:**

6        Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

7  alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period

8  in the San Diego Superior Court alone. (Weaver Dec. ¶14).  Here, Collins erroneously contends it does

9  not file lawsuits.

10        Collins also claims that no responsive documents exist.  This is unlikely.  Because Collins is a

11  firm that buys and sells debt obligations, there must be documents related to Collins's policies and

12  guidelines for filing lawsuits against alleged debtors.  Collins appears to be hiding behind its subsidiary,

13  Paragon Way, even though it files collection lawsuits against alleged debtors in its own name.

14        But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

15  Collins's position.  "The discovery rules require that a corporation furnish such information as is

16  available from the corporation itself or from sources under its control.  If the corporation can obtain the

17  information from sources under its control, it may not avoid answering by alleging ignorance."

18  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

19  Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

20  information related to Paragon Way.

21        Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

22  Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf

23  and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And,

24  Collins, as the principal corporation, has control and possession of Paragon Way's documents.  For

25  instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

26  documents from Paragon Way.  Therefore, Collins's response that no such documents exist is

27  insufficient.

28

1    Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental
2    response to Request No. **5** and produce any documents improperly withheld from production.

3    **REQUEST FOR PRODUCTION NO. 6:**

4    Please produce ALL DOCUMENTS that RELATE TO YOUR 1692g notices, including but not
5    limited to every sample collection letter YOU send to alleged debtors.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7    Subject to and without waiving the General Objections, Defendant responds as follows: Collins
8    does not communicate with debtors regarding debts and therefore does not send notices to debtors
9    pursuant to section 1692g of the FDCPA.

10   **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 6:**

11   Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an
12   alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period
13   in the San Diego Superior Court alone. (Weaver Dec. ¶14).  Collins now erroneously contends it "does
14   not communicate with debtors regarding debts and therefore does not send notices to debtors pursuant
15   to section 1692g of the FDCPA."  But because Collins is a firm that buys and sells debt obligations,
16   Collins or someone acting on its behalf must communicate with debtors.  Collins appears to be hiding
17   behind its subsidiary, Paragon Way, even though it files collection lawsuits against alleged debtors in its
18   own name.

19   But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes
20   Collins's position.  "The discovery rules require that a corporation furnish such information as is
21   available from the corporation itself or from sources under its control.  If the corporation can obtain the
22   information from sources under its control, it may not avoid answering by alleging ignorance."
23   *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon
24   Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding
25   information related to Paragon Way.

26   Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins
27   Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf
28   and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And,

1  Collins, as the principal corporation, has control and possession of Paragon Way's documents. For

2  instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

3  documents from Paragon Way. Therefore, Collins's response that no such documents exist is

4  insufficient.

5       Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

6  response to Request No. **6** and produce any documents improperly withheld from production.

7  **REQUEST FOR PRODUCTION NO. 7:**

8       Please produce ALL form letters, enclosures, envelopes, complaints, memoranda, etc., used by

9  COLLINS in YOUR debt collection activity.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

11      Subject to and without waiving the General Objections, Defendant responds as follows: Collins

12 does not communicate with debtors regarding debtors and therefore has no responsive documents.

13 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 7:**

14      Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

15 alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

16 in the San Diego Superior Court alone. (Weaver Dec. ¶14). Based on this information, Tourgeman

17 propounded document requests and special interrogatories on Collins. Collins now erroneously

18 contends it "does not communicate with debtors regarding debts and therefore has no responsive

19 documents." However, because Collins is a firm that buys and sells debt obligations, Collins or

20 someone acting on its behalf must communicate with debtors. Collins appears to be hiding behind its

21 subsidiary, Paragon Way, even though it files collection lawsuits against alleged debtors in its own

22 name.

23      But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

24 Collins's position. "The discovery rules require that a corporation furnish such information as is

25 available from the corporation itself or from sources under its control. If the corporation can obtain the

26 information from sources under its control, it may not avoid answering by alleging ignorance."

27 *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

28

1    Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

2    information related to Paragon Way.

3          Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

4    Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

5    and is Collins's subsidiary, this document request should have accounted for Paragon Way. And,

6    Collins, as the principal corporation, has control and possession of Paragon Way's documents. For

7    instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

8    documents from Paragon Way. Therefore, Collins's response that no such documents exist is

9    insufficient.

10         Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

11   response to Request No. **7** and produce any documents improperly withheld from production.

12   **REQUEST FOR PRODUCTION NO. 8:**

13         Please produce ALL DOCUMENTS YOU relied upon to verify Plaintiff David Tourgeman's

14   alleged debt.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16         Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

17   "verify." Subject to and without waiving the forgoing objections or the General Objections, Defendant

18   will produce non-privileged documents in its possession, custody or control that relate to Plaintiff, his

19   account and the defenses asserted in this action.

20   **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 8:**

21         Collins objects to Request No. **8** on the basis that the term "verify" is "vague and ambiguous."

22   Collins, however, has failed to exercise reason and common sense to attribute ordinary definitions to

23   terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, 2007

24   U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). "Verify" is a common English word that should not

25   preclude Collins from providing a substantive response. Further, Collins has offered no meaningful

26   facts to support the stated objection. Thus, this boilerplate objection cannot be sustained.

27

28

This request seeks documents Collins relied upon in its determination that Tourgeman owed the alleged debt in Case No. 37-2007-00072265-CL-CL-CTL. Collins has not made a good faith attempt to provide a response despite the clear language of the request.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. **8** without the stated objection, provide a substantive response, and produce any documents improperly withheld from production.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce ALL DOCUMENTS that RELATE TO COLLINS' collection practices and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiving the General Objections, Defendant responds as follows: Collins is not a debt collector and it does not engage in the collection of debts. It has no collection practices or procedures and therefore has no documents to produce.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 9:**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period in the San Diego Superior Court alone. (Weaver Dec. ¶14). Based on this information, Tourgeman propounded document requests and special interrogatories on Collins. Collins erroneously contends that it is not a debt collector. Collins appears to be hiding behind its subsidiary, Paragon Way, even though it files collections lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes Collins's position. "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control. If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

1    Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins
2  Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf
3  and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And,
4  Collins, as the principal corporation, has control and possession of Paragon Way's documents.  For
5  instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain
6  documents from Paragon Way.   Therefore, Collins's response that no such documents exist is
7  insufficient.

8    Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental
9  response to Request No. **9** and produce any documents improperly withheld from production.

10 **REQUEST FOR PRODUCTION NO. 10:**

11    Please produce ALL DOCUMENTS that RELATE TO financial arrangements between YOU
12 and NELSON.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

14    Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term
15 "financial arrangements."   Subject to and without waiving the forgoing objection or the General
16 Objections, Defendant responds as follows:  Collins does not have a financial arrangements with the
17 firm.

18 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 10:**

19    Collins objects to Request No. **10** on the basis that the term "financial arrangements" is "vague
20 and ambiguous."  Collins, however, has failed to exercise reason and common sense to attribute
21 ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v.*
22 *Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  "Financial arrangements" are
23 common English words that should not preclude Collins from providing a substantive response.
24 Further, Collins has offered no meaningful facts to support the stated objections. Thus, this boilerplate
25 objection cannot be sustained.

26    Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an
27 alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period
28 in the San Diego Superior Court alone.  (Weaver Dec. ¶14).  Collins retained Nelson to bring suit

1  against Tourgeman for an alleged debt.  Collins must have provided compensation to Nelson for

2  services rendered.  Collins erroneously contends that it does not have financial arrangements with

3  Nelson.  Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files

4  collection lawsuits against alleged debtors in its own name.

5        But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

6  Collins's position.  "The discovery rules require that a corporation furnish such information as is

7  available from the corporation itself or from sources under its control.  If the corporation can obtain the

8  information from sources under its control, it may not avoid answering by alleging ignorance."

9  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

10  Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

11  information related to Paragon Way.

12        Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

13  Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf

14  and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And,

15  Collins, as the principal corporation, has control and access to Paragon Way's documents.  For instance,

16  Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

17  documents from Paragon Way.  Therefore, Collins's response that no such documents exist is

18  insufficient.

19        Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

20  response to Request No. **10** without the stated objections, provide a substantive response, and produce

21  any documents improperly withheld from production.

22  **REQUEST FOR PRODUCTION NO. 11:**

23        Please produce ALL DOCUMENTS that RELATE TO the financial arrangement between YOU

24  and Dell Financial Services, Inc. - including any of its past or present agents, employees,

25  representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies,

26  predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial

27  Services, Inc.'s behalf.

28

-18-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "financial arrangements." Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties.

Subject to and without waiving the forgoing objections or the General Objections, Defendant responds that it is willing to meet and confer with Plaintiff in order to understand the Request and to identify the scope of any potential production of documents.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 11:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."). In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Collins objects to Request No. 11 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Collins fails to provide any explanation for these

-19-

1  objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The

2  party who resists discovery has the burden to show discovery should not be allowed, and has the burden

3  of clarifying, explaining, and supporting its objections."). Moreover, because Collins's response is so

4  broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

5  stated objections, and/or whether responsive documents even exist.

6        Collins also objects to Request No. **11** on the basis that the term "financial arrangements" is

7  vague and ambiguous. Collins, however, has failed to exercise reason and common sense to attribute

8  ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v.*

9  *Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). "Financial arrangements" are

10  common English words that should not preclude Collins from providing a substantive response.

11  Further, Collins has offered little to no meaningful facts to support the stated objections. Thus, this

12  boilerplate objection cannot be sustained.

13        Lastly, Collins offers to meet and confer regarding this discovery request. The parties met and

14  conferred but reached an impasse – Collins refused to provide any documentation evidencing its

15  financial arrangements with Dell. (Weaver Dec. ¶18). Thus, Collins's offer to meet and confer was an

16  empty offer because, from the outset, it had no intention of producing any of the requested documents.

17        Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

18  response to Request No. **11** without the stated objections, provide a substantive response, and produce

19  any documents improperly withheld from production.

20  **REQUEST FOR PRODUCTION NO. 12:**

21        Please produce ALL DOCUMENTS pertaining to the number of alleged debtors that YOU filed

22  complaints against from July 31, 2007 to the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

24        Collins does not file complaints against debtors. Law firms are retained to file complaints

25  against debtors. Thus Collins does not have any documents that are responsive to this Request.

26  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 12:**

27        Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

28  alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

1  in the San Diego Superior Court alone.  (Weaver Dec. ¶14).  Based on this information, Tourgeman

2  propounded document requests and special interrogatories on Collins.  Collins erroneously contends it

3  does not file lawsuits.

4        Collins also claims that no responsive documents exist.  This is unlikely.  Because Collins is a

5  firm that buys and sells debt obligations, there must be documents related to the number of alleged

6  debtors that Collins, or someone acting on Collins's behalf, filed lawsuits against.  Collins appears to be

7  hiding behind its subsidiary, Paragon Way, even though it files collection lawsuits against alleged

8  debtors in its own name.

9        But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

10  Collins's position.  "The discovery rules require that a corporation furnish such information as is

11  available from the corporation itself or from sources under its control.  If the corporation can obtain the

12  information from sources under its control, it may not avoid answering by alleging ignorance."

13  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

14  Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

15  information related to Paragon Way.

16        Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

17  Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf

18  and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And,

19  Collins, as the principal corporation, has control and access to Paragon Way's documents.  For instance,

20  Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

21  documents from Paragon Way.  Thus, Collins's current response is inadequate.

22        Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

23  response to Request No. **12** and produce any documents improperly withheld from production.

24  **REQUEST FOR PRODUCTION NO. 13:**

25        Please produce ALL DOCUMENTS pertaining to the number of alleged debtors that YOU

26  mailed letters to requesting payment of an alleged debt from July 31, 2007 to the present.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

28        Collins does not mail letters to debtors.  There are no responsive documents.

1    **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 13:**

2         Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

3    alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

4    in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins is a firm that buys and sells debt

5    obligations. Collins now erroneously contends it "does not mail letters to debtors." Collins or someone

6    acting on its behalf must communicate with debtors. Collins appears to be hiding behind its subsidiary,

7    Paragon Way, even though it files collections lawsuits against alleged debtors in its own name.

8         But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

9    Collins's position. "The discovery rules require that a corporation furnish such information as is

10   available from the corporation itself or from sources under its control. If the corporation can obtain the

11   information from sources under its control, it may not avoid answering by alleging ignorance."

12   *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

13   Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

14   information related to Paragon Way.

15        Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

16   Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

17   and is Collins's subsidiary, this document request should have accounted for Paragon Way. And,

18   Collins, as the principal corporation, has control and access to Paragon Way's documents. For instance,

19   Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

20   documents from Paragon Way. Therefore, Collins's response that no such documents exist is

21   insufficient.

22        Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

23   response to Request No. **13** and produce any documents improperly withheld from production.

24   **REQUEST FOR PRODUCTION NO. 14:**

25        Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of Plaintiff David

26   Tourgeman's alleged debt.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

2      Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

3  "investigation."  Subject to and without waiving the forgoing objection or the General Objections,

4  Defendant will produce non-privileged documents in its possession, custody or control that relate to

5  Plaintiff, his account or any of the defenses asserted in this action.

6  **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 14:**

7      Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

8  "investigation."  Subject to and without waiving the forgoing objection or the General Objections,

9  Defendant responds as follows:  Assuming that Plaintiff seeks information related to the due diligence

10  process with respect to its purchase of the Dell portfolio at issue, no such documents exist.

11  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 14:**

12      Collins objects to Request No. 14 on the basis that the term "investigation" is "vague and

13  ambiguous."  Collins, however, has failed to exercise reason and common sense to attribute ordinary

14  definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am.*

15  *Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  "Investigation" is a common English word

16  that should not preclude Collins from providing a meaningful discovery response.  Collins has not made

17  a good faith attempt to provide a response despite the clear language of the request.  Further, Collins has

18  offered no meaningful facts to support the stated objections.  Thus, this boilerplate objection cannot be

19  sustained.

20      Collins also attempts to improperly limit the scope of this Request to the due diligence process it

21  conducted when it purchased the Dell portfolio.  This request, however, seeks all documents related to

22  Collins's investigation of Tourgeman's alleged debt.  Thus, Collins's response is insufficient.

23      Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

24  response to Request No. 14 without the stated objections, provide a substantive response, and produce

25  any documents improperly withheld from production.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 15:**

2       Please produce ALL DOCUMENTS RELATING TO YOUR organization of COLLINS'

3   employees, including any subsidiaries or affiliates.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

5       Defendant objects to this Request on the grounds that it seeks information which is not relevant

6   to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible

7   evidence.  Subject to and without waiving the forgoing objection or the General Objections, Collins will

8   produce organizational charts, if any exist, responsive to this Request.

9   **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 15:**

10       Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

11   must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

12   *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *4-5 (E.D. Cal. 2006) ("If objection is made to part of an item or

13   category, the part shall be specified and inspection permitted of the remaining parts.  The party

14   submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

15   failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

16   In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

17   defendant's original responses contained imprecise, boilerplate objections:

18           Defendant's responses do not allow for meaningful evaluation.  Plaintiff
          and the Court are unable to determine, with certainty, the requests for

19           which Defendant is producing documents, the requests for which
          Defendant is withholding documents and on what basis, and the requests

20           for which it has no responsive documents.  Defendant cites boilerplate
          general objections, and does not explain why the objection applies to the

21           responses or whether documents were withheld pursuant to the stated
          objections.

22

23       Collins objects to Request No. **15** on the basis that it is "not relevant to the subject matter of this

24   lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Collins fails to

25   provide any explanation for these objections.  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.

26   652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery

27   should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

28   Moreover, because Collins's response is so broad and unspecific, it is impossible to tell whether

documents are being withheld on the basis of the stated objections, and/or whether responsive

documents even exist.  Collins's objection is especially offensive and frivolous given its repeated

attempts to hide behind its affiliate Paragon Way as justification for not responding to Tourgeman's

discovery requests.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

response to Request No. **15** without the stated objections, provide a substantive response, and produce

any documents improperly withheld from production.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce ALL copies of each complaint in any litigation filed against COLLINS, if any,

alleging violations of the Fair Debt Collection Practices Act and the Rosenthal Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this Request on the grounds that is overbroad, unduly burdensome and

oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor

reasonably calculated to lead to the discovery of admissible evidence.  Complaints filed by other

debtors containing unsubstantiated allegations regarding other sets of facts has no bearing on the claims

or defenses in this action.  Defendant also objects to this Request on the grounds that the documents

requested, if any exist, are a matter of public record, equally available to Plaintiff.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 16:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

*S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *4-5 (E.D. Cal. 2006) ("If objection is made to part of an item or

category, the part shall be specified and inspection permitted of the remaining parts.  The party

submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the

defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff
> and the Court are unable to determine, with certainty, the requests for
> which Defendant is producing documents, the requests for which
> Defendant is withholding documents and on what basis, and the requests

for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the responses or whether documents were withheld pursuant to the stated objections.

Collins objects to Request No. **16** on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But Collins fails to provide any meaningful explanation for these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").  Moreover, because Collins's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Collins also objects that "complaints filed by other debtors containing unsubstantiated allegations regarding other sets of facts has no bearing on the claims or defenses in this action."  Collins is wrong.  Indeed, the Complaint includes class allegations and a class comprised of:

All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy of information pertaining to the alleged debts."  ¶33.  The Complaint also alleges that Collins is not "meaningfully engaged" in the collection of debts.  ¶30.  Complaints filed by other debtors against Collins evidences Collins's debt collection practices.  Thus, this Request is relevant and reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. **16** without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

1  **REQUEST FOR PRODUCTION NO. 19:**

2      Please produce ALL DOCUMENTS relating to the maintenance or change of procedures by

3  COLLINS adopted to avoid any violation of the Fair Debt Collection Practices Act and the Rosenthal

4  Act.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6      Subject to and without waiving the General Objections, Collins does not seek to collect debts

7  from consumers. It has no documents that are responsive to this Request.

8  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 19:**

9      Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

10  alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

11  in the San Diego Superior Court alone. (Weaver Dec. ¶14). Based on this information, Tourgeman

12  propounded document requests and special interrogatories on Collins. Collins erroneously contends

13  that it does not collect debts from consumers. Collins appears to be hiding behind its subsidiary,

14  Paragon Way, even though it files collections lawsuits against alleged debtors in its own name.

15      But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

16  Collins's position. "The discovery rules require that a corporation furnish such information as is

17  available from the corporation itself or from sources under its control. If the corporation can obtain the

18  information from sources under its control, it may not avoid answering by alleging ignorance."

19  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

20  Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

21  information related to Paragon Way.

22      Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

23  Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

24  and is Collins's subsidiary, this document request should have accounted for Paragon Way. And,

25  Collins, as the principal corporation, has control and possession of Paragon Way's documents. For

26  instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

27  documents from Paragon Way. Therefore, Collins's response that no such documents exist is

28  insufficient.

1  Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

2  response to Request No. **19** and produce any documents improperly withheld from production.

3  **REQUEST FOR PRODUCTION NO. 20:**

4  Please produce ALL DOCUMENTS RELATING TO insurance policies covering COLLINS for

5  civil law violations, including breach of contract, California's Unfair Competition Laws, the Federal

6  [sic] Debt Collection Practices Act and the Rosenthal Act.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

8  Collins has not tendered the defense of this action to any insurance carrier and thus has no

9  responsive documents.

10  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 20:**

11  Collins refuses to produce documents to Request No. **20**, contending it "has not tendered the

12  defense of this action to any insurance carrier so there are no relevant responsive documents." But it is

13  immaterial whether Collins has tendered the defense of this action to any insurance carrier. The crux of

14  the Complaint is that Collins violated the Fair Debt Collection Practices Act and engages in unfair debt

15  collection practices.  Documents that establish culpability or relate to indemnification for those

16  violations are relevant.  If Collins maintains an insurance policy that covers these violations, this is

17  enough to render the documents relevant.

18  Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

19  response to Request No. **20** and produce any documents improperly withheld from production.

20  **REQUEST FOR PRODUCTION NO. 21:**

21  Please produce ALL DOCUMENTS that RELATE TO an investigation of COLLINS by an

22  AGENCY for violations of California's Unfair Competition Laws, the Federal [sic] Debt Collection

23  Practices Act and the Rosenthal Act.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

25  Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

26  "an investigation."  Defendant also objects to this Request on the grounds that it seeks information

27  which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

28  discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "an investigation." Defendant also objects to this Request on the grounds that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing objection or the General Objections, Defendant responds as follows: Defendant has never been investigated by any agency for any alleged violation of the California Unfair Competition Law, the FDCPA or the Rosenthal Act. No responsive documents exist.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 21:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *4-5 (E.D. Cal. 2006) ("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."). In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the responses or whether documents were withheld pursuant to the stated objections.

Collins objects to Request No. **21** on the basis that it is "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Collins fails to provide any explanation for these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

1   Moreover, because Collins's response is so broad and unspecific, it is impossible to tell whether

2   documents are being withheld on the basis of the stated objections, and/or whether responsive

3   documents even exist.

4      Collins also objects to Request No. **21** on the basis that the term "an investigation" is vague and

5   ambiguous. Collins, however, has failed to exercise reason and common sense to attribute ordinary

6   definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am.*

7   *Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). "Investigation" is a common English word

8   that should not preclude Collins from providing a meaningful discovery response. Further, Collins has

9   offered no meaningful facts to support the stated objection. Thus, this boilerplate objection cannot be

10  sustained.

11     Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

12  response to Request No. **21** without the stated objections, provide a substantive response, and produce

13  any documents improperly withheld from production.

14  **REQUEST FOR PRODUCTION NO. 22:**

15     Please produce ALL DOCUMENTS that RELATE TO the retention agreements, including the

16  retention agreements themselves (or other operative document describing the respective duties and

17  obligations of client and attorney), if any, between COLLINS and NELSON.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

19     No responsive documents exist.

20  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 22:**

21     Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

22  alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

23  in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit

24  against Tourgeman for an alleged debt. Collins must have a retention agreement with Nelson for legal

25  services rendered. Collins erroneously contends that no responsive documents exist. Collins appears to

26  be hiding behind its subsidiary, Paragon Way, even though Collins files collection lawsuits against

27  alleged debtors in its own name.

28

1      But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

2 Collins's position. "The discovery rules require that a corporation furnish such information as is

3 available from the corporation itself or from sources under its control. If the corporation can obtain the

4 information from sources under its control, it may not avoid answering by alleging ignorance."

5 *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

6 Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

7 information related to Paragon Way.

8      Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

9 Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

10 and is Collins's subsidiary, this document request should have accounted for Paragon Way. And,

11 Collins, as the principal corporation, has control and access to Paragon Way's documents. For instance,

12 Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

13 documents from Paragon Way. Therefore, Collins's response that no such documents exist is

14 insufficient.

15      Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

16 response to Request No. **22** and produce any documents improperly withheld from production.

17 **REQUEST FOR PRODUCTION NO. 23:**

18      Please produce ALL DOCUMENTS that RELATE TO COLLINS' phone calls, including but

19 not limited to phone records and call logs, placed to David Tourgeman, Cesar Tourgeman, Rebecca

20 Tourgeman or anyone else for the purposes of collecting David Tourgeman's alleged debt.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

22      No responsive documents exist.

23 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 23:**

24      Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

25 alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

26 in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit

27 against Tourgeman for an alleged debt. Collins, or someone acting on its behalf, must have placed a

28 call to David Tourgeman, Cesar Tourgeman, Rebecca Tourgeman or anyone else for the purpose of

1 collecting David Tourgeman's alleged debt.  Collins erroneously contends that no such documents

2 exist.  Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files

3 collection lawsuits against alleged debtors in its own name.

4 But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

5 Collins's position.  "The discovery rules require that a corporation furnish such information as is

6 available from the corporation itself or from sources under its control.  If the corporation can obtain the

7 information from sources under its control, it may not avoid answering by alleging ignorance."

8 *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

9 Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

10 information related to Paragon Way.

11 Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

12 Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf

13 and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And,

14 Collins, as the principal corporation, has control and access to Paragon Way's documents.  For instance,

15 Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

16 documents from Paragon Way.  Therefore, Collins's response that no such documents exist is

17 insufficient.

18 Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

19 response to Request No. **23** and produce any documents improperly withheld from production.

20 **REQUEST FOR PRODUCTION NO. 24:**

21 Please produce ALL DOCUMENTS that RELATE TO COLLINS' policies and procedures for

22 settling alleged debts with debtors.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

24 No responsive documents exist.

25 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 24:**

26 Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

27 alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period

28 in the San Diego Superior Court alone.  (Weaver Dec. ¶14).  Collins retained Nelson to bring suit

1   against Tourgeman for an alleged debt.  Collins should have policies or procedures in place for settling

2   debts with debtors.  Collins erroneously contends that no responsive documents exist.  Collins appears

3   to be hiding behind its subsidiary, Paragon Way, even though Collins files collection lawsuits against

4   alleged debtors in its own name.

5        But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

6   Collins's position.  "The discovery rules require that a corporation furnish such information as is

7   available from the corporation itself or from sources under its control.  If the corporation can obtain the

8   information from sources under its control, it may not avoid answering by alleging ignorance."

9   *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

10  Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

11  information related to Paragon Way.

12       Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

13  Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf

14  and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And,

15  Collins, as the principal corporation, has control and access to Paragon Way's documents.  For instance,

16  Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

17  documents from Paragon Way.  Therefore, Collins's response that no such documents exist is

18  insufficient.

19       Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

20  response to Request No. **24** and produce any documents improperly withheld from production.

21  **REQUEST FOR PRODUCTION NO. 25:**

22       Please produce ALL DOCUMENTS that RELATE TO COLLINS' revenue for each calendar

23  year from 2005 to the present, including but not limited to financial summaries, period reports, tax

24  returns and financial statements.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26       Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

27  oppressive, and to the extent that is seeks information which is not relevant to the subject matter of this

28

1  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further

2  objects to this Request to the extent that it seeks confidential financial information.

3  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 25:**

4       Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

5  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

6  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *4-5 (E.D. Cal. 2006) ("If objection is made to part of an item or

7  category, the part shall be specified and inspection permitted of the remaining parts.   The party

8  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

9  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

10  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

11  defendant's original responses contained imprecise, boilerplate objections:

12       Defendant's responses do not allow for meaningful evaluation. Plaintiff
         and the Court are unable to determine, with certainty, the requests for
13       which Defendant is producing documents, the requests for which
         Defendant is withholding documents and on what basis, and the requests
14       for which it has no responsive documents.  Defendant cites boilerplate
         general objections, and does not explain why the objection applies to the
15       responses or whether documents were withheld pursuant to the stated
         objections.
16

17       Collins objects to Request No. **25** on the basis that it is "overbroad, unduly burdensome and

18  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

19  the discovery of admissible evidence."   But Collins fails to provide any explanation for these

20  objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The

21  party who resists discovery has the burden to show discovery should not be allowed, and has the burden

22  of clarifying, explaining, and supporting its objections.").  Moreover, because Collins's response is so

23  broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

24  stated objections, and/or whether responsive documents even exist.  And, Collins has not agreed to

25  provide any responsive documents.

26       Documents related to Collins's revenues establish how debt collection activities were pursued

27  and how Collins was incentivized to pursue certain alleged debtors.   Further, these documents are

28  relevant for the purpose of establishing damages.  To the extent Collins contends this request seeks

1  confidential information, Tourgeman has offered to sign a protective order. Collins ignored this offer.
2  (Weaver Dec. ¶19).

3      Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental
4  response to Request No. **25** without the stated objections, provide a substantive response, and produce
5  any documents improperly withheld from production.

6  **REQUEST FOR PRODUCTION NO. 26:**

7      Please produce ALL DOCUMENTS that RELATE TO COLLINS' processes for transmitting
8  account information of debtors to NELSON.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10     Defendant objects on the grounds that the Request is vague and ambiguous. Subject to and
11 without waiving the forgoing objection or the General Objections, Defendant responds that no
12 responsive documents exist.

13 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 26:**

14     Collins objects to Request No. **26** on the basis that the request is vague and ambiguous. Collins,
15 however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and
16 phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist.
17 LEXIS 31688 (N.D. Cal. 2007). Despite the clear language of the request, Collins has not made a
18 good-faith effort to provide a response. Further, Collins has offered no meaningful facts to support the
19 stated objection. Thus, this boilerplate objection cannot be sustained.

20     Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an
21 alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period
22 in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit
23 against Tourgeman for an alleged debt. During this process, Collins <u>must</u> have transmitted certain
24 account information regarding Tourgeman to Nelson so that Nelson could file the lawsuit against
25 Tourgeman. Thus, Collins should have documents showing how the account information is transmitted.
26 Collins erroneously contends that no responsive documents exist. Collins appears to be hiding behind
27 its subsidiary, Paragon Way, even though Collins files collection lawsuits against alleged debtors in its
28 own name.

1    But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

2    Collins's position. "The discovery rules require that a corporation furnish such information as is

3    available from the corporation itself or from sources under its control. If the corporation can obtain the

4    information from sources under its control, it may not avoid answering by alleging ignorance."

5    *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

6    Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

7    information related to Paragon Way.

8    Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

9    Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

10   and is Collins's subsidiary, this document request should have accounted for Paragon Way. And,

11   Collins, as the principal corporation, has control and access to Paragon Way's documents. For instance,

12   Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

13   documents from Paragon Way. Therefore, Collins's response that no such documents exist is

14   insufficient.

15   Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

16   response to Request No. **26** without the stated objection, provide a substantive response, and produce

17   any documents improperly withheld from production.

18   **REQUEST FOR PRODUCTION NO. 27:**

19   Please produce ALL DOCUMENTS that RELATE TO the contractual relationship between

20   YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees,

21   representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies,

22   predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial

23   Services, Inc.'s behalf.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

25   Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

26   oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

27   lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also

28   objects to this Request to the extent that it seeks proprietary information, trade secret information,

1  information subject to protective orders, confidentiality agreements, or statutory provisions that bar the

2  disclosure of that information without the consent of third parties.

3  Subject to and without waiving the forgoing objections or the General Objections, Defendant

4  will produce non-privileged documents in its possession, custody or control that relate to Plaintiff, his

5  account or any of the defenses asserted in this action.

6  **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 27:**

7  Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

8  oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

9  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also

10  objects to this Request to the extent that it seeks proprietary information, trade secret information,

11  information subject to protective orders, confidentiality agreements, or statutory provisions that bar the

12  disclosure of that information without the consent of third parties.

13  Subject to and without waiving the forgoing objections or the General Objections, Defendant

14  has produced a copy of the purchase and sale agreement relating to Plaintiff's account.

15  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 27:**

16  Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

17  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

18  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

19  category, the part shall be specified and inspection permitted of the remaining parts.  The party

20  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

21  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

22  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

23  defendant's original responses contained imprecise, boilerplate objections:

24  Defendant's responses do not allow for meaningful evaluation. Plaintiff
and the Court are unable to determine, with certainty, the requests for

25  which Defendant is producing documents, the requests for which
Defendant is withholding documents and on what basis, and the requests

26  for which it has no responsive documents. Defendant cites boilerplate
general objections, and does not explain why the objection applies to the

27  response or whether documents were withheld pursuant to the stated
objections.

28

1    Collins objects to Request No. **27** on the basis that it is "overbroad, unduly burdensome and

2    oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

3    the discovery of admissible evidence." But Collins fails to provide any explanation for these

4    objections. *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The

5    party who resists discovery has the burden to show discovery should not be allowed, and has the burden

6    of clarifying, explaining, and supporting its objections."). Moreover, because Collins's response is so

7    broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

8    stated objections, and/or whether responsive documents even exist.

9    Documents related to the contractual relationship between Collins and Dell reveals how debt

10   collection activities were conducted and how Collins was incentivized to pursue certain alleged debtors.

11   To the extent Collins contends this request seeks confidential information, Tourgeman has offered to

12   sign a protective order. Collins ignored this offer. (Weaver Dec.¶19).

13   Now, Collins's supplemental response offers to produce a copy of the purchase and sale

14   agreement relating to Tourgeman's account. But this is inadequate and improperly restricts the scope of

15   the request. Indeed, the Complaint includes class allegations and a class comprised of:

16

17           All consumers residing in the United States and abroad who, during the
             period within one year of the date of the filing of the complaint, were
18           contacted or sued in the United States by either Collins Financial or Nelson
             & Kennard in an effort to collect an alleged debt.

19   Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to

20   collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy

21   of information pertaining to the alleged debts." ¶33. The Complaint also alleges that Collins is not

22   "meaningfully engaged" in the collection of debts. ¶30. Collins's contractual arrangement with Dell

23   evidences Collins's debt collection practices. Since Collins's debt collection practices are at issue, this

24   request is relevant and reasonably calculated to lead to the discovery of admissible evidence.

25   Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

26   response to Request No. **27** without the stated objections, provide a substantive response, and produce

27   any documents improperly withheld from production.

28

1  **REQUEST FOR PRODUCTION NO. 28:**

2      Please produce ALL DOCUMENTS that RELATE TO COLLINS' contracts with skip-tracing

3  services and other data providers YOU use to find current information for any alleged debtor.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

5      No responsive documents exist.

6  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 28:**

7      Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

8  alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period

9  in the San Diego Superior Court alone.  (Weaver Dec. ¶14).  Collins retained Nelson to bring suit

10  against Tourgeman for an alleged debt.  Collins also retains Nelson to bring suits against other alleged

11  debtors.  Collins and Nelson use skip-tracing services to locate these debtors.  Thus, Collins should

12  have documents related to its contracts with those services and data providers.  Collins erroneously

13  contends that no responsive documents exist.  Collins appears to be hiding behind its subsidiary,

14  Paragon Way, even though Collins files collection lawsuits against alleged debtors in its own name.

15      But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

16  Collins's position.  "The discovery rules require that a corporation furnish such information as is

17  available from the corporation itself or from sources under its control.  If the corporation can obtain the

18  information from sources under its control, it may not avoid answering by alleging ignorance."

19  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

20  Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

21  information related to Paragon Way.

22      Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

23  Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf

24  and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And,

25  Collins, as the principal corporation, has control and access to Paragon Way's documents.  For instance,

26  Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain

27  documents from Paragon Way.  Therefore, Collins's response that no such documents exist is

28  insufficient.

1    Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

2 response to Request No. **28** and produce any documents improperly withheld from production.

3                                    **SPECIAL INTERROGATORIES**

4 **SPECIAL INTERROGATORY NO. 1:**

5    Please identify the number of persons and entities in the United States who you contacted for the

6 purposes of debt collection from July 31, 2007 to the present.   (As used throughout these

7 interrogatories, "COLLINS" or "Collins Financial" means Defendant Collins Financial Services, Inc.

8 and any of its past or present agents, employees, representatives, attorneys, accountants, investigators,

9 assigns, predecessors-in-interest, successors-in-interest, or anyone else acting on Collins Financial

10 Services, Inc.'s behalf.)

11 **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

12    Zero.

13 **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

14    Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

15 alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period

16 in the San Diego Superior Court alone.  (Weaver Dec. ¶14).  Collins retained Nelson to bring suit

17 against Tourgeman for an alleged debt.  Collins also retains Nelson to bring suits against other alleged

18 debtors.  Collins erroneously contends that it contacted zero persons and entities to collect debt from

19 July 31, 2007 to the present.  This cannot be.  Collins appears to be hiding behind its subsidiary,

20 Paragon Way, even though Collins files collection lawsuits against alleged debtors in its own name.

21    But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

22 Collins's position.  "The discovery rules require that a corporation furnish such information as is

23 available from the corporation itself or from sources under its control.  If the corporation can obtain the

24 information from sources under its control, it may not avoid answering by alleging ignorance."

25 *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

26 Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

27 information related to Paragon Way.

28

1    Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins
2  Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf
3  and is Collins's subsidiary, this interrogatory should have accounted for Paragon Way. And, Collins, as
4  the principal corporation, has control and access to Paragon Way's documents. For instance, Collins
5  agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from
6  Paragon Way. Therefore, Collins's response that it contacted zero person and entities is insufficient.
7    Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental
8  response to Interrogatory No. **1**.

9  **SPECIAL INTERROGATORY NO. 3:**

10    Please state the form of COLLINS' organization, including all subsidiaries and affiliates, and
11  the date and place the organization was organized and registered and/or licensed to do business.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

13    Subject to and without waiving the General Objections, Defendant responds as follows: Collins
14  Financial Services, Inc. is a Texas corporation incorporated in 1996. It is licensed to do business in
15  appropriate jurisdictions.

16  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

17    Subject to and without waiving the General Objections, Defendant responds as follows:
18  Defendant is a Texas corporation incorporated in 1996. Pursuant to Federal Rule of Civil Procedure
19  33(d), Defendant will produce its 2009 Compliance Report which indicates its various business
20  licenses.

21  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

22    Collins's supplemental response fails to account for any subsidiaries and affiliates. After several
23  meet and confer discussions, Collins's counsel informed Tourgeman that Paragon Way, Collins's
24  subsidiary, collects debts on Collins's behalf. (Weaver Dec. ¶15). Collins, however, fails to mention
25  Paragon Way in its original response or supplemental response. Therefore, Collins has not fully
26  answered this interrogatory. And, an "evasive or incomplete disclosure, answer, or response" is
27  equivalent to "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

28

1    **SPECIAL INTERROGATORY NO. 4:**

2         Please describe COLLINS' procedures and policies for receiving debt related information from

3    the entity COLLINS purchases debt from.

4    **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

5         Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the

6    terms "receiving debt related information." Defendant also objects to this Interrogatory on the grounds

7    that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information

8    which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

9    discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it

10   seeks proprietary information, trade secret information, information subject to protective orders,

11   confidentiality agreements, or statutory provisions that bar the disclosure of that information without the

12   consent of third parties and to the extent that it seeks information subject to the attorney-client privilege

13   or the attorney work product doctrine.

14        Subject to and without waiving the forgoing objections or the General Objections, based upon

15   its understanding of this Interrogatory, Defendant hereby exercises its option to produce business

16   records that are responsive, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Defendant

17   is willing to meet and confer with Plaintiff regarding any further response.

18   **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

19        Federal Rule of Civil Procedure 33 governs the use of Interrogatories during discovery. Rule

20   33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered

21   separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must

22   be stated "with specificity." Fed. R. Civ. P. 33(b)(4). Collins has not provided any substantive

23   response to this interrogatory.

24        Collins objects to Interrogatory No. 4 on the basis that it is "overbroad, unduly burdensome and

25   oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

26   the discovery of admissible evidence." But Collins fails to provide any explanation for these

27   objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery

28   are "required to carry a heavy burden of showing" why discovery should be denied).

1    Collins also objects to Interrogatory No. **4** on the basis that the term "receiving debt related

2  information" is vague and ambiguous. Collins, however, has failed to exercise reason and common

3  sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel*

4  *Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). This

5  interrogatory utilizes common English words that should not preclude Collins from providing a

6  substantive response. And, Collins has offered no meaningful facts to support the stated objection.

7  Thus, this boilerplate objection cannot be sustained.

8    Federal Rule of Civil Procedure 26(b)(5) further provides:

9        When a party withholds information otherwise discoverable by claiming
         that the information is privileged or subject to protection as trial-
10        preparation material, the party must:

11    (v)    expressly make the claim; and

12    (vi)   describe the nature of the documents, communications, or tangible things
            not produced or disclosed--and do so in a manner that, without revealing
13           information itself privileged or protected, will enable other parties to
            assess the claim.

14

15    A privilege log should contain the following information: (1) the identity and position of its

16  author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

17  title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

18  prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

19  reason it is being withheld. *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009).

20  When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden

21  of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246

22  F.R.D. 614, 620 (C.D. Cal. 2007).

23    Here, Collins asserts the attorney-client privilege and attorney work product protection to

24  Interrogatory No. **4**. The objection is stated simply as "seek[ing] information subject to the attorney-

25  client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

26  privilege or work product doctrine is insufficient to enable the propounding party to assess the

27  applicability of the privilege or protection to the specific facts of the interrogatory in question. Further,

28  Collins has failed to produce a privilege log containing any of the above-described information as

-43-

1   required by Federal Rule of Civil Procedure 26(b)(5).  (Weaver Dec. ¶13).  As a practical matter, it is

2   hard to conceive how there could be an attorney client relationship with entities from which Collins

3   purchases debts.  Consequently, the privilege claims cannot be properly evaluated, nor is there any basis

4   for asserting a privilege claim.

5       While Collins agrees to produce records in response to Interrogatory No. **4** pursuant to Rule

6   33(d), Collins fails to specify which records.  If the served party chooses to respond to an interrogatory

7   by producing business records, the served party must specify, in detail, the records from which the

8   answer may be derived or ascertained and afford the party serving the interrogatory reasonable

9   opportunity to examine, audit, or inspect the record.  *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,*

10  2009 U.S. Dist. LEXIS 51321 (S.D. Cal. 2009).

11      As the authorities above reflect, the citation to and production of records as an alternate means

12  for responding to Interrogatories is proper so long as the documents produced are the party's "business

13  records" and the description of the records produced in lieu of a response is sufficiently detailed to

14  enable the propounding party to locate them.  Here, Collins's citation to and alleged agreement to

15  produce documents does not satisfy these two requirements.  The response is insufficient for two

16  reasons.  First, it does not direct Tourgeman to any "business records."  Second, even assuming these

17  documents are business records, this response lacks the required specificity.  Collins must at least

18  provide the titles of the documents or Bates numbers of the documents responsive to this Request.

19      Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

20  response to Interrogatory No. **4** without the stated objections and provide a substantive response.

21  **SPECIAL INTERROGATORY NO. 5:**

22      Please describe COLLINS' procedures and policies for verifying debt related information from

23  the entity COLLINS purchases debt from.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

25      Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the

26  terms "verifying debt related information."  Defendant also objects to this Interrogatory on the grounds

27  that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information

28  which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

discovery of admissible evidence.  Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the forgoing objections or the General Objections, based upon its understanding of this Interrogatory, Defendant hereby exercises its option to produce business records that are responsive, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Defendant is willing to meet and confer with Plaintiff regarding any further response.

**REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Federal Rule of Civil Procedure 33 governs the use of Interrogatories during discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).  Collins has not provided any substantive response to this Interrogatory.

Collins objects to Interrogatory No. **5** on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."   But Collins fails to provide any explanation for these objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

Collins also objects to Interrogatory No. **5** on the basis that the term "verifying debt related information" is vague and ambiguous.  Collins, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  This interrogatory features common English words that should not preclude Collins from providing a substantive response.  And, Collins has offered no meaningful facts to support the stated objection. Thus, this boilerplate objection cannot be sustained.

1    Federal Rule of Civil Procedure 26(b)(5) further provides:

2            When a party withholds information otherwise discoverable by claiming
             that the information is privileged or subject to protection as trial-
3            preparation material, the party must:

4    (vii)   expressly make the claim; and

5    (viii)  describe the nature of the documents, communications, or tangible things
             not produced or disclosed--and do so in a manner that, without revealing
6            information itself privileged or protected, will enable other parties to
             assess the claim.

7

8        A privilege log should contain the following information: (1) the identity and position of its

9    author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

10   title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

11   prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

12   reason it is being withheld. *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009).

13   When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden

14   of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246

15   F.R.D. 614, 620 (C.D. Cal. 2007).

16       Here, Collins asserts the attorney-client privilege and attorney work product protection to

17   Interrogatory No. **5**. The objection is stated simply as "seek[ing] information subject to the attorney-

18   client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

19   privilege or work product doctrine is insufficient to enable the propounding party to assess the

20   applicability of the privilege or protection to the specific facts of the interrogatory in question. Further,

21   Collins has failed to produce a privilege log containing any of the above-described information as

22   required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege

23   claims cannot be properly evaluated.

24       While Collins agrees to produce records in response to Interrogatory No. **5** pursuant to Rule

25   33(d), Collins fails to specify which records. If the served party chooses to respond to an interrogatory

26   by producing business records, the served party must specify, in detail, the records from which the

27   answer may be derived or ascertained and afford the party serving the interrogatory reasonable

28

1  opportunity to examine, audit, or inspect the record. *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,*
2  2009 U.S. Dist. LEXIS 51321 (S.D. Cal. 2009).

3  As the authorities above reflect, the citation to and production of records as an alternate means
4  for responding to interrogatories is proper so long as the documents produced are the party's "business
5  records" and the description of the records produced in lieu of a response is sufficiently detailed to
6  enable the propounding party to locate them. Here, Collins's citation to and alleged agreement to
7  produce documents does not satisfy these two requirements. The response is insufficient for two
8  reasons. First, it does not direct Tourgeman to any "business records." Second, even assuming these
9  documents are business records, this response lacks the required specificity. Collins must at least
10 provide the titles of the documents or Bates numbers of the documents responsive to this Request.

11 Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental
12 response to Interrogatory No. **5** without the stated objections and provide a substantive response.

13 **SPECIAL INTERROGATORY NO. 6:**

14 Please describe COLLINS' procedures and policies for investigating the addresses of alleged
15 debtors prior to attempting contact.

16 **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

17 Collins does not attempt to contact debtors and therefore does not have any policies or
18 procedures that are responsive to this Interrogatory.

19 **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

20 Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an
21 alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period
22 in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit
23 against Tourgeman for an alleged debt. Collins also retains Nelson to bring suits against other alleged
24 debtors. Further, Collins is an entity that specializes in buying debt obligations. Collins erroneously
25 contends that it does not attempt to contact debtors. This cannot be. Collins appears to be hiding
26 behind its subsidiary, Paragon Way, even though Collins files collection lawsuits against alleged
27 debtors in its own name.

28

1    But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

2 Collins's position. "The discovery rules require that a corporation furnish such information as is

3 available from the corporation itself or from sources under its control. If the corporation can obtain the

4 information from sources under its control, it may not avoid answering by alleging ignorance."

5 *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

6 Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

7 information related to Paragon Way.

8    Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

9 Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

10 and is Collins's subsidiary, this interrogatory should have accounted for Paragon Way. And, Collins, as

11 the principal corporation, has control and access to Paragon Way's documents. For instance, Collins

12 agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from

13 Paragon Way. Therefore, Collins's response that it does not attempt to contact debtors is insufficient.

14    Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

15 response to Interrogatory No. **6**.

16 **SPECIAL INTERROGATORY NO. 7:**

17    Please describe COLLINS' procedures and policies for determining the debt amount COLLINS

18 demands from alleged debtors, including but not limited to, the method of calculating principal owed,

19 interest assessed and penalties applied.

20 **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

21    Collins does not make demands of debtors and therefore has no procedures or policies that are

22 responsive to this Interrogatory.

23 **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

24    Subject to the General Objections, Defendant responds as follows: Assuming that Plaintiff

25 seeks information related to the origin of the amount of the demand made in the collection complaint

26 filed against Plaintiff on behalf of Collins, the amount of the debt was obtained from the data

27 transferred to Defendant by the original creditor. Defendant did not "calculate" the principal amount

28 due, nor did it assess interest or penalties. Defendant relied upon Nelson & Kennard to seek the

1  appropriate amount of statutory interest on the Plaintiff's account from the date of charged off, April 19,

2  2004.

3  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

4  Collins attempts to limit the interrogatory to the demand made in the collection complaint filed

5  against Tourgeman.  This response improperly narrows the scope of the request and misconstrues the

6  allegations in the Complaint.  The Complaint contains well-pleaded allegations that Collins engages in

7  improper debt collection practices.   Indeed, the Complaint includes class allegations and a class

8  comprised of:

9

10       All consumers residing in the United States and abroad who, during the
         period within one year of the date of the filing of the complaint, were
11       contacted or sued in the United States by either Collins Financial or Nelson
         & Kennard in an effort to collect an alleged debt.

12  Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to

13  collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy

14  of information pertaining to the alleged debts."  ¶33.  The Complaint also alleges that Collins is not

15  "meaningfully engaged" in the collection of debts.  ¶30.  In other words, Collins's debt collection

16  activities as a whole are at issue.  Thus, Collins's procedures and policies for determining the debt

17  amount Collins demands from alleged debtors is relevant and reveals an aspect of Collins's debt

18  collection practices.

19  Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

20  response to Interrogatory No. 7.

21  **SPECIAL INTERROGATORY NO. 8:**

22  Please describe COLLINS' procedures and policies for settling outstanding alleged debts from

23  alleged debtors.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

25  Collins does not settle debts with debtors and therefore has no responsive policies or procedures.

26  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

27  Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

28  alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period

1    in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins erroneously contends that it does

2    not settle debts with debtors. This assertion cannot be true. Collins appears to be hiding behind its

3    subsidiary, Paragon Way, even though Collins files collection lawsuits against alleged debtors in its

4    own name.

5        But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

6    Collins's position. "The discovery rules require that a corporation furnish such information as is

7    available from the corporation itself or from sources under its control. If the corporation can obtain the

8    information from sources under its control, it may not avoid answering by alleging ignorance."

9    *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

10    Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

11    information related to Paragon Way.

12        Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

13    Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

14    and is Collins's subsidiary, this interrogatory should have accounted for Paragon Way. And, Collins, as

15    the principal corporation, has control and access to Paragon Way's documents. For instance, Collins

16    agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from

17    Paragon Way. Therefore, Collins's response that it does not settle debts with debtors is insufficient.

18        Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

19    response to Interrogatory No. **8**.

20    **SPECIAL INTERROGATORY NO. 9:**

21        Please identify all law firms that COLLINS retained - from July 31, 2006 to the present - for the

22    purposes of collecting debts.

23    **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

24        Collins does not retain law firms.

25    **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

26        Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

27    alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

28    in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit

against Tourgeman for an alleged debt. Collins also retains Nelson to bring suits against other alleged debtors. Collins erroneously contends that it does not retain law firms. This is not true. Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files collection lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes Collins's position. "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control. If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf and is Collins's subsidiary, this interrogatory should have accounted for Paragon Way. And, Collins, as the principal corporation, has control and access to Paragon Way's documents. For instance, Collins agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from Paragon Way. Therefore, Collins's response that it does not retain law firms is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Interrogatory No. **9**.

**SPECIAL INTERROGATORY NO. 10:**

Please identify all lawsuits for breach of contract, Rule 3.740 collections cases, violations of the FDCPA and violations of the Rosenthal Act –by caption, court, civil action number, and result - that COLLINS is or has been a party to since July 31, 2006.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Defendant objects to this Request on the grounds that it is compound. Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Complaints which include unsubstantiated allegations made by

1   other debtors regarding other sets of facts have no bearing on the claims or defenses in this action.

2   Defendant also objects to this Interrogatory on the grounds that the information requested, if any exists,

3   is a matter of public record, equally available to Plaintiff.

4   **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

5       Federal Rule of Civil Procedure 33 governs the use of Interrogatories during discovery. Rule

6   33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered

7   separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must

8   be stated "with specificity." Fed. R. Civ. P. 33(b)(4). Collins has not provided any substantive

9   response to this interrogatory.

10      Collins objects to Interrogatory No. **10** on the basis that it is "overbroad, unduly burdensome

11   and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

12   to the discovery of admissible evidence." But Collins fails to provide any meaningful explanation for

13   these objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing

14   discovery are "required to carry a heavy burden of showing" why discovery should be denied).

15      Collins also erroneously argues that "unsubstantiated allegations made by other debtors

16   regarding other sets of facts have no bearing on the claims or defenses in this action." This response

17   misconstrues the Complaint. The Complaint contains well-pleaded allegations that Collins engages in

18   improper debt collection practices. Indeed, the Complaint includes class allegations and a class

19   comprised of:

20

21         All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

22

23      Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to

24   collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy

25   of information pertaining to the alleged debts." ¶33. The Complaint also alleges that Collins is not

26   "meaningfully engaged" in the collection of debts. ¶30. In other words, Collins's debt collection

27   activities as a whole are at issue. Thus, other lawsuits against Collins, especially for violations of the

28

1  FDCPA and the Rosenthal Act, show whether Collins engages in a pattern of improperly filing lawsuits

2  against alleged debtors and are relevant for establishing a class certification.

3      Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

4  response to Interrogatory No. **10** without the stated objections and provide a substantive response.

5  **SPECIAL INTERROGATORY NO. 12:**

6      Please describe the compensation agreements between COLLINS and any law firm COLLINS

7  uses to file complaints against alleged debtors for breach of contract.

8  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

9      Collins does not have compensation agreements with law firms.

10 **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

11     Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

12 alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period

13 in the San Diego Superior Court alone.  (Weaver Dec. ¶14).  Collins retained Nelson to bring suit

14 against Tourgeman for an alleged debt.  Collins also retains Nelson to bring suits against other alleged

15 debtors.  Collins erroneously contends that it does not have compensation agreements with law firms.

16 This cannot be.  Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins

17 files collection lawsuits against alleged debtors in its own name.

18     But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

19 Collins's position.  "The discovery rules require that a corporation furnish such information as is

20 available from the corporation itself or from sources under its control.  If the corporation can obtain the

21 information from sources under its control, it may not avoid answering by alleging ignorance."

22 *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

23 Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

24 information related to Paragon Way.

25     Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

26 Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf

27 and is Collins's subsidiary, this interrogatory should have accounted for Paragon Way.  And, Collins, as

28 the principal corporation, has control and access to Paragon Way's documents.  For instance, Collins

1 │ agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from

2 │ Paragon Way.  Therefore, Collins's response that it does not have compensation agreements with law

3 │ firms is insufficient.

4 │        Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

5 │ response to Interrogatory No. **12**.

6 │ **SPECIAL INTERROGATORY NO. 14:**

7 │        Please identify the documents COLLINS relied upon to confirm the amount of David

8 │ Tourgeman's debt.

9 │ **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

10 │        Subject to and without waiving the forgoing objections or the General Objections, pursuant to

11 │ Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged, responsive documents in

12 │ its possession, custody or control.

13 │ **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

14 │        While Collins agrees to produce records pursuant to Rule 33(d), Collins fails to specify which

15 │ records.  If the served party chooses to respond to an interrogatory by producing business records, the

16 │ served party must specify, in detail, the records from which the answer may be derived or ascertained

17 │ and afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect the

18 │ record. *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321 (S.D. Cal.

19 │ 2009).

20 │        As the authorities above reflect, the citation to and production of records as an alternate means

21 │ for responding to interrogatories is proper so long as the documents produced are the party's "business

22 │ records" and the description of the records produced in lieu of a response is sufficiently detailed to

23 │ enable the propounding party to locate them.  Here, Collins's citation to and alleged agreement to

24 │ produce documents does not satisfy these two requirements.  The response is insufficient for two

25 │ reasons.  First, it does not direct Tourgeman to any "business records."  Second, even assuming these

26 │ documents are business records, this response lacks the required specificity.  Collins must at least

27 │ provide the titles of the documents or Bates numbers of the documents responsive to this Request.

28 │

1    Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

2  response to Interrogatory No. **14**.

3  **SPECIAL INTERROGATORY NO. 16:**

4    Please identify the number of letters threatening legal action COLLINS sent in each calendar

5  year from 2005 to the present.

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

7    Zero.

8  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

9    Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

10  alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

11  in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit

12  against Tourgeman for an alleged debt. Collins also retains Nelson to bring suits against other alleged

13  debtors. Collins erroneously contends that it sent zero letters to debtors threatening legal action. This

14  cannot be. Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files

15  collection lawsuits against alleged debtors in its own name.

16    But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

17  Collins's position. "The discovery rules require that a corporation furnish such information as is

18  available from the corporation itself or from sources under its control. If the corporation can obtain the

19  information from sources under its control, it may not avoid answering by alleging ignorance."

20  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon

21  Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

22  information related to Paragon Way.

23    Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

24  Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

25  and is Collins's subsidiary, this Interrogatory should have accounted for Paragon Way. And, Collins, as

26  the principal corporation, has control and access to Paragon Way's documents. For instance, Collins

27  agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from

28  Paragon Way. Therefore, Collins's response that it sent zero letters is insufficient.

1   Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental
2   response to Interrogatory No. **16**.

3   **SPECIAL INTERROGATORY NO. 17:**

4   Please describe the position at COLLINS that prepares the affidavit authorizing legal action
5   against an alleged debtor, including but not limited to the position's duties, responsibilities, job
6   requirements, and the number of people who perform this task for COLLINS.

7   **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

8   Collins did not prepare an affidavit relating to this action.

9   **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

10   No person employed by Defendant prepares any "affidavit authorizing legal action against an
11   alleged debtor." There are no such affidavits and no such position.

12   **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

13   Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an
14   alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period
15   in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit
16   against Tourgeman for an alleged debt. Collins also retains Nelson to bring suits against other alleged
17   debtors. Collins erroneously contends that it does not prepare affidavits authorizing legal action. This
18   cannot be. Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files
19   collection lawsuits against alleged debtors in its own name.

20   But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes
21   Collins's position. "The discovery rules require that a corporation furnish such information as is
22   available from the corporation itself or from sources under its control. If the corporation can obtain the
23   information from sources under its control, it may not avoid answering by alleging ignorance."
24   *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon
25   Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding
26   information related to Paragon Way.

27   Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins
28   Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

-56-

1  and is Collins's subsidiary, this interrogatory should have accounted for Paragon Way.  And, Collins, as

2  the principal corporation, has control and access to Paragon Way's documents.  For instance, Collins

3  agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from

4  Paragon Way.  Therefore, Collins's response that there are no such affidavits and no such position is

5  insufficient.

6       Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

7  response to Interrogatory No. **17**.

8  **SPECIAL INTERROGATORY NO. 18:**

9       Please describe the process COLLINS uses to skip trace alleged debtors in the event of a

10  debtor's address or phone number change.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

12       Collins does not skip trace debtors.

13  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

14       Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

15  alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period

16  in the San Diego Superior Court alone.  (Weaver Dec. ¶14).  Collins retained Nelson to bring suit

17  against Tourgeman for an alleged debt.  Collins also retains Nelson to bring suits against other alleged

18  debtors.  Collins erroneously contends that it does not skip trace debtors.  This cannot be.  Collins

19  appears to be hiding behind its subsidiary, Paragon Way, even though Collins files collection lawsuits

20  against alleged debtors in its own name.

21       But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes

22  Collins's position.  "The discovery rules require that a corporation furnish such information as is

23  available from the corporation itself or from sources under its control.  If the corporation can obtain the

24  information from sources under its control, it may not avoid answering by alleging ignorance."

25  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

26  Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

27  information related to Paragon Way.

28

1    Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

2   Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

3   and is Collins's subsidiary, this interrogatory should have accounted for Paragon Way. And, Collins, as

4   the principal corporation, has control and access to Paragon Way's documents. For instance, Collins

5   agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from

6   Paragon Way. Therefore, Collins's response that it does not skip trace debtors is insufficient.

7    Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

8   response to Interrogatory No. **18**.

9   **SPECIAL INTERROGATORY NO. 19:**

10    If COLLINS' response to Plaintiff David Tourgeman's Requests for Admission (Set One) No.

11   3 served concurrently with Plaintiff David Tourgeman's Special Interrogatories is anything other than

12   an unqualified admission, please explain the basis for COLLINS' denial.

13   **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

14    Defendant incorporates by reference its objections and response to Request for Admission No.

15   3. Collins does not communicate with debtors in an attempt to collect from debtors so this Request has

16   been denied.

17   **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

18    Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an

19   alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period

20   in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit

21   against Tourgeman for an alleged debt. Collins also retains Nelson to bring suits against other alleged

22   debtors. Collins erroneously contends that it does not communicate with debtors. This cannot be.

23   Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files collection

24   lawsuits against alleged debtors in its own name.

25    But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes

26   Collins's position. "The discovery rules require that a corporation furnish such information as is

27   available from the corporation itself or from sources under its control. If the corporation can obtain the

28   information from sources under its control, it may not avoid answering by alleging ignorance."

1   *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, \*9 (C.D. Cal. 2005). Here, Paragon

2   Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding

3   information related to Paragon Way.

4        Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins

5   Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf

6   and is Collins's subsidiary, this interrogatory should have accounted for Paragon Way. And, Collins, as

7   the principal corporation, has control and access to Paragon Way's documents. For instance, Collins

8   agreed in its supplemental response to Interrogatory Nos. **13** and **20** to produce certain documents from

9   Paragon Way. Therefore, Collins's response that it does not communicate with debtors is insufficient.

10       Also, because Rule 33(b)(1) requires a party to answer each interrogatory "fully," it is improper

11   and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings,

12   depositions, or other interrogatories. 7-33 MOORE'S FEDERAL PRACTICE-CIVIL § 33.103. The

13   reason for this rule is because answers to interrogatories must be in a form suitable for use at trial. See

14   *Davidson v. Goord,* 215 F.R.D. 73, 77 (W.D.N.Y. 2003) (holding that it is insufficient to answer

15   interrogatories by merely referencing allegations of the pleadings because answers must be in a form

16   suitable for use at trial). Collins attempts to incorporate by reference its boilerplate objections to

17   Request for Admission No. **3**. This is an incomplete and inappropriate response.

18

19

20

21

22

23

24

25

26   //

27   //

28

1    Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental

2  response to Interrogatory No. **19**.

3

4  Dated: March 5, 2010                                        JOHNSON BOTTINI, LLP
                                                               FRANCIS A. BOTTINI, JR.
5                                                              BRETT M. WEAVER

6

7                                                   By:    _/s/ Brett Weaver_____
                                                               BRETT WEAVER
8
                                                           501 West Broadway, Suite 1720
9                                                          San Diego, California  92101
                                                           Telephone:  (619) 230-0063
10                                                         Facsimile:  (619) 238-0622

11                                                         *Attorneys for Plaintiff David Tourgeman*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF DAVID TOURGEMAN'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MOTION TO COMPEL