DANIEL P. MURPHY (CA 153011)
dmurphy245@yahoo.com
4691 Torrey Circle, A306
San Diego, California  92130
Telephone:  (619) 379-2460

JOHNSON BOTTINI, LLP
Francis A. Bottini, Jr. (CA 175783)
frankb@johnsonbottini.com
Brett M. Weaver (CA 204715)
brett@johnsonbottini.com
Derek J. Wilson (CA 250309)
derekw@johnsonbottini.com
501 West Broadway, Suite 1720
San Diego, California  92101
Telephone:  (619) 230-0063
Facsimile:  (619) 238-0622

*Attorneys for Plaintiff DAVID TOURGEMAN*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>COLLINS FINANCIAL SERVICES, INC., a Texas corporation; NELSON & KENNARD, a California partnership, DELL FINANCIAL SERVICES, L.P., a Delaware limited partnership; CIT FINANCIAL USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 08-CV-1392-JLS(NLS)<br><br>**PLAINTIFF DAVID TOURGEMAN'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MOTION  TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES TO  DEFENDANT NELSON & KENNARD**<br><br>Date:          April 5, 2010<br>Time:          9:30 a.m.<br>Courtroom:  1101<br>Judge:         Honorable Nita L. Stormes |

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce ALL COMMUNICATIONS between NELSON and COLLINS that RELATE TO Plaintiff David Tourgeman and the collection of his alleged debt.  To the extent that these communications need to be redacted for privilege, please provide Plaintiff with a privilege log as described above.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the forgoing objections or the General Objections, Defendant will produce all documents in its possession, custody or control that relate to the Plaintiff, his account or the defenses asserted in this action.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 1:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests

-1-

1      for which it has no responsive documents. Defendant cites boilerplate
    general objections, and does not explain why the objection applies to the
2      response or whether documents were withheld pursuant to the stated
    objections.
3  *Id.* at *4-5.

4      Nelson objects to Request No. 1 on the basis that it is "overbroad, unduly burdensome and

5  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

6  the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections.

7  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who

8  resists discovery has the burden to show discovery should not be allowed, and has the burden of

9  clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so

10  broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

11  stated objections, and/or whether responsive documents even exist.

12      Further, Federal Rule of Civil Procedure 26(b)(5) states that:

13      When a party withholds information otherwise discoverable by claiming
    that the information is privileged or subject to protection as trial-
14      preparation material, the party must:

15      (i)    expressly make the claim; and

16      (ii)    describe the nature of the documents, communications, or tangible things
    not produced or disclosed--and do so in a manner that, without revealing
17      information itself privileged or protected, will enable other parties to
    assess the claim.

18
19      "A privilege log should contain the following information: (1) the identity and position of its

20  author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

21  title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

22  prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

23  reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial
24
burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,*
25
246 F.R.D. 614, 620 (C.D. Cal. 2007).
26
27      Here, Nelson asserts the attorney-client privilege and attorney work product protection to

Request No. 1. The objection is stated simply as "seek[ing] information subject to the attorney-client
28
privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

-2-

1   privilege or work product doctrine is insufficient to enable the propounding party to assess the

2   applicability of the privilege or protection to the specific facts of the interrogatory in question.  Further,

3   Nelson has failed to produce a privilege log containing any of the above-described information as

4   required by Federal Rule of Civil Procedure 26(b)(5).  (Weaver Dec. ¶13).  Consequently, the privilege

5   claims cannot be properly evaluated.

6       Accordingly, Tourgeman requests that this Court order Nelson to provide a privilege log for

7   response to Request No. **1**, provide a supplemental response to Request No. **1** without the stated

8   objections, provide a substantive response, and produce any documents improperly withheld from

9   production.

10  **REQUEST FOR PRODUCTION NO. 2:**

11      Please produce ALL training materials RELATING TO the collection of debts YOU provide to

12  NELSON employees.

13  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

14      Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

15  oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

16  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further

17  objects to this Request to the extent that it seeks proprietary information, trade secret information,

18  information subject to protective orders, confidentiality agreements, or statutory provisions that bar the

19  disclosure of that information without the consent of third parties and to the extent that it seeks

20  information subject to the attorney-client privilege or the attorney work product doctrine.

21      Subject to and without waiving the forgoing objections or the General Objections, upon entry of

22  a protective order by the Court, Defendant will produce non-privileged documents that related to the

23  claims and defenses in this action that are responsive to this Request.

24  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 2:**

25      Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

26  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

27  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

28  category, the part shall be specified and inspection permitted of the remaining parts.  The party

1 submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

2 failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

3 In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

4 defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff
> and the Court are unable to determine, with certainty, the requests for
> which Defendant is producing documents, the requests for which
> Defendant is withholding documents and on what basis, and the requests
> for which it has no responsive documents. Defendant cites boilerplate
> general objections, and does not explain why the objection applies to the
> response or whether documents were withheld pursuant to the stated
> objections.

9 *Id.* at *4-5.

10    Nelson objects to Request No. **2** on the basis that it is "overbroad, unduly burdensome and

11 oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

12 the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections.

13 *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who

14 resists discovery has the burden to show discovery should not be allowed, and has the burden of

15 clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so

16 broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

17 stated objections, and/or whether responsive documents even exist.

18    Further, Federal Rule of Civil Procedure 26(b)(5) states that:

> When a party withholds information otherwise discoverable by claiming
> that the information is privileged or subject to protection as trial-
> preparation material, the party must:

21    (i)    expressly make the claim; and

22    (ii)    describe the nature of the documents, communications, or tangible things
> not produced or disclosed--and do so in a manner that, without revealing
> information itself privileged or protected, will enable other parties to
> assess the claim.

25    "A privilege log should contain the following information: (1) the identity and position of its

26 author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

27 title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

28 prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

1  reason it is being withheld." *Mancini v. Ins. Corp.*, 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

2  2009).  When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial

3  burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.*,

4  246 F.R.D. 614, 620 (C.D. Cal. 2007).

5        Here, Nelson asserts the attorney-client privilege and attorney work product protection to

6  Request No. **2**.  The objection is stated simply as "seek[ing] information subject to the attorney-client

7  privilege or the attorney work product doctrine."  Such a blanket assertion of the attorney-client

8  privilege or work product doctrine is insufficient to enable the propounding party to assess the

9  applicability of the privilege or protection to the specific facts of the interrogatory in question.  Further,

10  Nelson has failed to produce a privilege log containing any of the above-described information as

11  required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13).  Consequently, the privilege

12  claims cannot be properly evaluated.

13        Nelson only agrees to produce documents related to the claims and defenses in this case.  This

14  response is unclear.  The Request seeks all training materials Nelson's provides its employees that are

15  related to the collection of debts.  The Complaint, however, does not limit Nelson's alleged improper

16  debt collection practices to the alleged debt collected from Tourgeman.  Indeed, the Complaint includes

17  class allegations and a class comprised of:

18          All consumers residing in the United States and abroad who, during the
           period within one year of the date of the filing of the complaint, were
19          contacted or sued in the United States by either Collins Financial or Nelson
           & Kennard in an effort to collect an alleged debt.

20
21        Further, the Complaint contains numerous allegations that Nelson improperly initiates

22  collections and unlawfully files lawsuits against debtors.  In particular, the Complaint explicitly alleges

23  that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

24  are legitimate and accurate." ¶32.  The Complaint also specifies that Nelson "attempts to quickly obtain

25  default judgments against consumers without having original or copies of original agreements to prove

26  the existence, terms, and amount of the debt, and in many cases without having proper information

27  regarding the location of the debtor, thus obtaining default judgments without effectuating proper

28  service." ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

individuals who the collection law firms know have no knowledge of the underlying facts and file

-5-

1  verified complaints in which they attest to the truthfulness and accuracy of the information regarding

2  the alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is Collins or the

3  alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

4  lawsuits.  As such, Nelson's entire debt collection practices are at issue.

5      Since Nelson's debt collection practices as a whole are at issue, the training materials sought in

6  this Request are relevant to showing how Nelson conducts its debt collection practices.  Therefore,

7  Nelson's attempt to limit the scope of this Request is improper.

8      Accordingly, Tourgeman requests that this Court order Nelson to provide a privilege log for

9  response to Request No. **2** or provide a supplemental response to Request No. **2** without the stated

10  objections, provide a substantive response, and produce any documents improperly withheld from

11  production.

12  **REQUEST FOR PRODUCTION NO. 3:**

13      Please produce ALL DOCUMENTS CONCERNING the duties and responsibilities of

14  NELSON employees who receive data RELATING to alleged debts.

15  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

16      Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

17  "receive data RELATING to alleged debts."  Nelson & Kennard is a debt collection law firm and the

18  Request could be read to cover virtually every employee of the firm.  Defendant also objects to this

19  Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it

20  seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated

21  to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent

22  that it seeks proprietary information, trade secret information, information subject to protective orders,

23  confidentiality agreements, or statutory provisions that bar the disclosure of that information without the

24  consent of third parties and to the extent that it seeks information subject to the attorney-client privilege

25  or the attorney work product doctrine.

26      Subject to and without waiving the forgoing objections or the General Objections, Defendant

27  responds that it is willing to meet and confer with Plaintiff to discuss the scope of this Request and any

28  response thereto.

1   **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 3:**

2           Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

3   "receive data RELATING to alleged debts."  Nelson & Kennard is a debt collection law firm and the

4   Request could be read to cover virtually every employee of the firm.  Defendant also objects to this

5   Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it

6   seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated

7   to lead to the discovery of admissible evidence.  Plaintiff does not claim that his account data was

8   altered by Nelson & Kennard because the firm employed faulty procedures for "receiving debt related

9   information."  Rather, Plaintiff alleges that he paid Dell in full for his computer before the account was

10  ever sold to Collins Financial Services.  Any "debt related information" concerning his account, was

11  according to Plaintiff's theory, already inaccurate when it was sold to Collins.  The law firm's policies

12  relating to receiving "debt related information" from its client are not relevant.  Defendant further

13  objects to this Request to the extent that it seeks proprietary information, trade secret information,

14  information subject to protective orders, confidentiality agreements, or statutory provisions that bar the

15  disclosure of that information without the consent of third parties and to the extent that it seeks

16  information subject to the attorney-client privilege or the attorney work product doctrine.

17          Subject to and without waiving the foregoing objections or the General Objections, Defendant

18  responds as follows: Assuming that Plaintiff seeks information regarding the specific duties and

19  procedures of the persons responsible for uploading the account data received from clients at the time

20  an account is placed for collection with Defendant, Defendant will produce responsive documents.

21  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 3:**

22          Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

23  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

24  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

25  category, the part shall be specified and inspection permitted of the remaining parts.  The party

26  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

27  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

28

1   In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

2   defendant's original responses contained imprecise, boilerplate objections:

3           Defendant's responses do not allow for meaningful evaluation. Plaintiff
            and the Court are unable to determine, with certainty, the requests for
4           which Defendant is producing documents, the requests for which
            Defendant is withholding documents and on what basis, and the requests
5           for which it has no responsive documents. Defendant cites boilerplate
            general objections, and does not explain why the objection applies to the
6           response or whether documents were withheld pursuant to the stated
            objections.

7   *Id.* at *4-5.

8           Nelson objects to Request No. **3** on the basis that it is "overbroad, unduly burdensome and

9   oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

10  the discovery of admissible evidence." Nelson argues that Tourgeman's debt related information was

11  already inaccurate when it was sold to Collins. This response misses the point. The Request seeks

12  documents concerning the duties and responsibilities of Nelson employees who receive data relating to

13  alleged debts. The documents sought reveal certain aspects of Nelson's debt collection practices, such

14  as whether its employees are properly trained to comply with applicable rules and regulations. Thus, it

15  is not important for purposes of this document Request if Tourgeman's debt related information was

16  inaccurate.

17          Nelson objects to Request No. **3** on the basis that the term "receive data relating to alleged

18  debts" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to

19  attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners,*

20  *L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Nelson's contention that

21  this covers every employee of the firm is grossly overstated. This Request only refers to the employees

22  who receive debt related information. Thus, this boilerplate objection cannot be sustained.

23          Further, Federal Rule of Civil Procedure 26(b)(5) states that:

24          When a party withholds information otherwise discoverable by claiming
            that the information is privileged or subject to protection as trial-
25          preparation material, the party must:

26      (i)     expressly make the claim; and

27      (ii)    describe the nature of the documents, communications, or tangible things
                not produced or disclosed--and do so in a manner that, without revealing
28              information itself privileged or protected, will enable other parties to
                assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Nelson asserts the attorney-client privilege and attorney work product protection to Request No. **3**. The objection is stated simply as "seek[ing] information subject to the attorney-client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege claims cannot be properly evaluated.

Lastly, Nelson originally tried to restrict the scope of Request No. **3** to documents related only to Collins. Now, Nelson has abandoned that position, but still attempts to narrow the scope of the requests by agreeing to produce only documents related to the duties and procedures of the persons who *upload the account data received from clients*. Request No. **3**, however, was intended to be much broader. Request No. **3** seeks documents showing the duties and responsibilities of **all** the Nelson employees who receive data relating to alleged debts. These documents are highly relevant because they demonstrate how Nelson's employees conduct their debt collection practices. And since there are several Nelson employees who may receive the debt related information and participate in the debt collection process, Nelson's supplemental response is insufficient.

1    Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

2    response to Request No. **3** without the stated objections, provide a substantive response, and produce

3    any documents improperly withheld from production.

4    **REQUEST FOR PRODUCTION NO. 5:**

5    Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for filing

6    a lawsuit against an alleged debtor.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8    Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

9    oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

10   lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Nelson & Kennard

11   is a collection law firm with a number of clients.  The Request is so vague and broad and written it

12   could potentially be read to request copies of every document maintained by the firm.

13   Subject to and without waiving the forgoing objections or the General Objections, Defendant is

14   willing to meet and confer with Plaintiff to discuss this request and the scope of any response.

15   **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 5:**

16   Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

17   oppressive, and the extent that it seeks information which is not relevant to the subject matter of this

18   lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Nelson & Kennard

19   is a collection law firm with a number of clients.  The Request is so vague and broad and written it

20   could potentially be read to request copies of every document maintained by the firm.

21   Subject to and without waiving the forgoing objections or the General Objections, Defendant

22   responds as follows:  Assuming that Plaintiff seeks documents related to written policies and guidelines

23   for filing suit against a debtor, without waiving any objection that the requested documents are

24   protected by the attorney-client privilege or attorney work product doctrine, Defendant will produce

25   responsive documents.

26   **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 5:**

27   Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

28   must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

*S.p.A.*, 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."). In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

*Id.* at *4-5.

Nelson objects to Request No. **5** on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." Nelson merely states that it is a law firm with a number of clients. This is an insufficient basis for an objection. *See Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Additionally, Nelson's contention that this Request potentially covers every document maintained by the firm is without merit. This Request is limited to documents related to Nelson's policies and guidelines for filing lawsuits against alleged debtors.

Nelson objects to Request Nos. **5** on the basis that the Request is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Further, Nelson has offered little to no meaningful facts to support the stated objections. Thus, this boilerplate objection cannot be sustained.

Further, Federal Rule of Civil Procedure 26(b)(5) states that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i)    expressly make the claim; and

(ii)   describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Nelson asserts the attorney-client privilege and attorney work product protection to Request No. **5**. The objection is stated simply as "without waiving any objection that the requested documents are protected by the attorney-client privilege or attorney work product doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege claims cannot be properly evaluated.

Accordingly, Tourgeman requests that this Court order Nelson to provide a privilege log for response to Request No. **5,** provide a supplemental response to Request No. **5** without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for dismissing a complaint against an alleged debtor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Nelson & Kennard is a collection law firm with a number of clients. Decisions to dismiss particular lawsuits on behalf of particular clients will necessarily be made on a case by case basis. Documents relating to Plaintiff and the litigation relating to his account will be produced, but the firm will not agree to produce all documents that relate to its decision to dismiss other cases on behalf of other clients.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Nelson & Kennard is a collection law firm with a number of clients. Decisions to dismiss particular lawsuits on behalf of particular clients will necessarily be made on a case by case basis, in light of the status of the case and various other factors that may be considered by the attorney.

Subject to and without waiving the forgoing objections or the General Objections, Defendant responds as follows: Without waiving any objection that the requested documents are protected by the attorney-client privilege or attorney work product doctrine, Defendant will produce documents, to the extent any exist, which relate to its general standards for dismissing collection complaints.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 6:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."). In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

-13-

1

> Defendant's responses do not allow for meaningful evaluation. Plaintiff
2    and the Court are unable to determine, with certainty, the requests for
> which Defendant is producing documents, the requests for which
3    Defendant is withholding documents and on what basis, and the requests
> for which it has no responsive documents. Defendant cites boilerplate
4    general objections, and does not explain why the objection applies to the
> response or whether documents were withheld pursuant to the stated
> objections.

5    *Id.* at *4-5.

6        Nelson objects to Request No. **6** on the basis that it is "overbroad, unduly burdensome and

7    oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

8    the discovery of admissible evidence." Nelson argues it is a collections firm with a number of clients

9    and that decisions to dismiss lawsuits are made on a case by case basis. But this Request asks for

10   Nelson's policies and guidelines for dismissing complaints against alleged debtors. The Request is

11   clear. Since Nelson's response is so broad and unspecific, it is impossible to tell whether documents are

12   being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

13       Further, Federal Rule of Civil Procedure 26(b)(5) states that:

14
> When a party withholds information otherwise discoverable by claiming
> that the information is privileged or subject to protection as trial-
15   preparation material, the party must:

16   (i)      expressly make the claim; and

17   (ii)     describe the nature of the documents, communications, or tangible things
> not produced or disclosed--and do so in a manner that, without revealing
18   information itself privileged or protected, will enable other parties to
> assess the claim.

19

20       "A privilege log should contain the following information: (1) the identity and position of its

21   author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

22   title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

23   prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

24   reason it is being withheld." *Mancini v. Ins. Corp.*, 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009).

25   When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden

26   of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.*, 246

27   F.R.D. 614, 620 (C.D. Cal. 2007).

28

-14-

1    Here, Nelson asserts the attorney-client privilege and attorney work product protection to

2  Request No. **6**. The objection is stated simply as "[w]ithout waiving any objection that the requested

3  documents are protected by the attorney-client privilege or attorney work product doctrine." Such a

4  blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the

5  propounding party to assess the applicability of the privilege or protection to the specific facts of the

6  interrogatory in question. Further, Nelson has failed to produce a privilege log containing any of the

7  above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec.

8  ¶13). Consequently, the privilege claims cannot be properly evaluated.

9    Accordingly, Tourgeman requests that this Court order Nelson to provide a privilege log for

10  response to Request No. **6,** provide a supplemental response to Request No. **6** without the stated

11  objections, provide a substantive response, and produce any documents improperly withheld from

12  production.

13  **REQUEST FOR PRODUCTION NO. 7:**

14    Please produce ALL form letters, enclosures, envelopes, complaints, memoranda, etc., used by

15  NELSON in its debt collection activity.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17    Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

18  oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

19  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Nelson & Kennard

20  is a collection law firm with a number of clients. Documents relating to Plaintiff and the litigation

21  relating to his account will be produced, but the firm will not agree to produce all documents that relate

22  to other cases filed on behalf of other clients.

23  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 7:**

24    Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

25  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

26  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

27  category, the part shall be specified and inspection permitted of the remaining parts. The party

28  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

1 | failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

2 | In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

3 | defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

8 | *Id.* at *4-5.

9 | Nelson objects to Request No. 7 on the basis that it is "overbroad, unduly burdensome and

10 | oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

11 | the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections.

12 | *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who

13 | resists discovery has the burden to show discovery should not be allowed, and has the burden of

14 | clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so

15 | broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

16 | stated objections, and/or whether responsive documents even exist.

17 | Nelson also improperly narrows the scope of Request No. 7 and attempts to limit production to

18 | documents related only to Tourgeman. The Complaint, however, does not limit Nelson's alleged

19 | improper debt collection practices to the alleged debt collected from Tourgeman. Indeed, the

20 | Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

24 | Further, the Complaint contains numerous allegations that Nelson improperly initiates

25 | collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges

26 | that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

27 | are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain

28 | default judgments against consumers without having original or copies of original agreements to prove

-16-

1  the existence, terms, and amount of the debt, and in many cases without having proper information

2  regarding the location of the debtor, thus obtaining default judgments without effectuating proper

3  service."   ¶32.   The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

4  individuals who the collection law firms know have no knowledge of the underlying facts and file

5  verified complaints in which they attest to the truthfulness and accuracy of the information regarding

6  the alleged debt."   ¶35.   In other words, regardless of whether the alleged creditor is Collins or the

7  alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

8  lawsuits.  As such, Nelson's entire debt collection practices are at issue.

9         Since Nelson's debt collection practices as a whole are at issue, all form letters, form

10  complaints, and other form documents are relevant to showing how Nelson conducts its debt collection

11  practices.  Part of Nelson's debt collection involves its communications with alleged debtors.  Further,

12  because this is a class action lawsuit challenging Nelson's business practices, Nelson's offer to produce

13  documents related only to Tourgeman and his account is insufficient.  Thus, Request No. **7** is relevant

14  and cannot be narrowed.

15         Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

16  response to Request No. **7** without the stated objections, provide a substantive response, and produce

17  any documents improperly withheld from production.

18  **REQUEST FOR PRODUCTION NO. 8:**

19         Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of Plaintiff David

20  Tourgeman's alleged debt.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22         Defendant objects to this Request of the grounds that it is vague and ambiguous as to the term

23  "investigation."  Nelson & Kennard is a collection law firm, not an investigation firm.  The firm is not

24  required by law to conduct an independent investigation into the accounts that are placed with it for

25  collection.   Subject to and without waiving the forgoing objections or the General Objections,

26  Defendant will produce non-privileged documents in its possession, custody or control that relate to

27  Plaintiff, his account or the defenses asserted in this action.

28

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 8:**

Nelson objects to document Request No. **8** on the basis that the term "investigation" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Further, Nelson has offered little meaningful facts to support the stated objections, contending it is a collections firm and not an investigation firm. Although Nelson is a collections firm, it must conduct some type of investigation before it files lawsuits against alleged debtors. Thus, this boilerplate objection cannot be sustained.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. **8** without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce ALL DOCUMENTS that RELATE TO any communication between YOU and COLLINS regarding collection practices and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request on the grounds that it is vague and ambiguous with respect to the term "regarding collection practices and procedures." Subject to and without waiving the foregoing objections or the General Objections, Defendant responds as follows: No such documents exist.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 9:**

Nelson objects to document Request No. **9** on the basis that the term "regarding collection practices and procedures" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Further, Nelson has offered no facts to support the stated objections. Thus, this boilerplate objection cannot be sustained.

Further, Nelson's response that "No such documents exist" is suspect. Collins is an entity specializing in debt collections while Nelson is a law firm that specializes in debt collection lawsuits. The two firms are frequently in contact as Collins regularly utilizes Nelson's services. Therefore, it is

1    highly unlikely that there are no documents evidencing communications concerning Nelson's or

2    Collins's debt collection practices and procedures.

3        Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

4    response to Request No. **9** without the stated objections, provide a substantive response, and produce

5    any documents improperly withheld from production.

6    **REQUEST FOR PRODUCTION NO. 10:**

7        Please produce ALL complaints YOU filed on behalf of COLLINS from July 31, 2007 to the

8    present suing for breach of contract or under Rule 3.740 "collections cases."

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

10       Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome

11    and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of

12    this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Complaints filed

13    by Nelson & Kennard against other debtors have no bearing on this action. Defendant does not concede

14    that Plaintiff may pursue this action as purported class action nor does Defendant concede that, even if

15    class treatment were appropriate, that a class action is proper here, or that Plaintiff is a proper class

16    representative with standing to pursue claims on behalf of a purported class. At best, the Request is

17    premature.

18    **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 10:**

19       Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

20    must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

21    *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

22    category, the part shall be specified and inspection permitted of the remaining parts. The party

23    submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

24    failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

25    In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

26    defendant's original responses contained imprecise, boilerplate objections:

27
         Defendant's responses do not allow for meaningful evaluation. Plaintiff
         and the Court are unable to determine, with certainty, the requests for

28        which Defendant is producing documents, the requests for which
         Defendant is withholding documents and on what basis, and the requests

1       for which it has no responsive documents.  Defendant cites boilerplate
      general objections, and does not explain why the objection applies to the
2       response or whether documents were withheld pursuant to the stated
      objections.

3 *Id.* at *4-5.

4      Nelson objects to Request No. **10** on the basis that it is "overbroad, unduly burdensome and

5 oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

6 the discovery of admissible evidence."  But Nelson fails to provide any meaningful explanation for

7 these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005)

8 ("The party who resists discovery has the burden to show discovery should not be allowed, and has the

9 burden of clarifying, explaining, and supporting its objections.").  Moreover, because Nelson's response

10 is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of

11 the stated objections, and/or whether responsive documents even exist.

12      Nelson also claims that "[c]omplaints filed by Nelson & Kennard against other debtors have no

13 bearing on this action."  The Complaint, however, contains class allegations that Nelson engages in

14 improper debt collection activities.  Indeed, the Complaint includes class allegations and a class

15 comprised of:

16

17       All consumers residing in the United States and abroad who, during the
      period within one year of the date of the filing of the complaint, were
      contacted or sued in the United States by either Collins Financial or Nelson
18       & Kennard in an effort to collect an alleged debt.

19      Further, the Complaint contains numerous allegations that Nelson improperly initiates

20 collections and unlawfully files lawsuits against debtors.  In particular, the Complaint explicitly alleges

21 that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

22 are legitimate and accurate." ¶32.  The Complaint also specifies that Nelson "attempts to quickly obtain

23 default judgments against consumers without having original or copies of original agreements to prove

24 the existence, terms, and amount of the debt, and in many cases without having proper information

25 regarding the location of the debtor, thus obtaining default judgments without effectuating proper

26 service."  ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

27 individuals who the collection law firms know have no knowledge of the underlying facts and file

28 verified complaints in which they attest to the truthfulness and accuracy of the information regarding

1  the alleged debt." ¶35. In other words, regardless of whether the alleged creditor is Collins or the

2  alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

3  lawsuits. As such, Nelson's entire debt collection practices are at issue.

4      Since Nelson's debt collection practices as a whole are at issue, all complaints filed on Collins's

5  behalf are relevant to establishing whether Nelson files legitimate and accurate lawsuits. Part of

6  Nelson's improper practices involves its decision to file lawsuits against alleged debtors. Thus, Request

7  No. **10** is relevant and cannot be narrowed.

8      Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

9  response to Request No. **10** without the stated objections, provide a substantive response, and produce

10  any documents improperly withheld from production.

11  **REQUEST FOR PRODUCTION NO. 11:**

12      Please produce ALL DOCUMENTS that RELATE TO financial arrangements between YOU

13  and COLLINS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

15      Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

16  "financial arrangements." Subject to the forgoing, Defendant responds as follows: "No such

17  documents exist."

18  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 11:**

19      Nelson objects to Request No. **11** on the basis that the term "financial arrangements" is vague

20  and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary

21  definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am.*

22  *Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). This Request is clear and seeks documents

23  evidencing payments from Collins to Nelson for services rendered. Stated differently, this Request

24  seeks documents that show how Nelson is compensated for the services it provides to Collins. Nelson

25  has offered little to no facts to support the stated objections. Thus, this boilerplate objection cannot be

26  sustained.

27      Further, Nelson's response that "No such documents exist" is suspect. Collins is an entity

28  specializing in debt collections while Nelson is a law firm that specializes in debt collection lawsuits.

1  The two firms are frequently in contact as Collins regularly utilizes Nelson's services. It is

2  inconceivable that Nelson does not expect to receive payment for its services. Finally, if Nelson is

3  working on a contingency basis, the contingency fee contract must be in writing under California

4  Business and Professions Code 6147.

5      Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

6  response to Request No. **11** without the stated objections, provide a substantive response, and produce

7  any documents improperly withheld from production.

8  **REQUEST FOR PRODUCTION NO. 12:**

9      Please produce ALL DOCUMENTS pertaining to the number of alleged debtors that YOU filed

10  complaints against from July 31, 2007 to the present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12      Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

13  oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

14  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant does not

15  concede that Plaintiff may pursue this action as a purported class action nor does Defendant concede

16  that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff is a

17  proper class representative with standing to pursue claims on behalf of a purported class. At best, the

18  Request is premature.

19  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 12:**

20      Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

21  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

22  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

23  category, the part shall be specified and inspection permitted of the remaining parts. The party

24  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

25  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

26  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

27  defendant's original responses contained imprecise, boilerplate objections:

28      Defendant's responses do not allow for meaningful evaluation. Plaintiff
        and the Court are unable to determine, with certainty, the requests for

-22-

1
2
3
4

> which Defendant is producing documents, the requests for which
> Defendant is withholding documents and on what basis, and the requests
> for which it has no responsive documents.  Defendant cites boilerplate
> general objections, and does not explain why the objection applies to the
> response or whether documents were withheld pursuant to the stated
> objections.

*Id.* at *4-5.

5   Nelson objects to Request No. **12** on the basis that it is "overbroad, unduly burdensome and

6   oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

7   the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.

8   *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who

9   resists discovery has the burden to show discovery should not be allowed, and has the burden of

10  clarifying, explaining, and supporting its objections.").  Moreover, because Nelson's response is so

11  broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

12  stated objections, and/or whether responsive documents even exist.  And, Nelson has not agreed to

13  produce any responsive documents.

14  Request No.**12** is relevant and reasonably calculated to lead to the discovery of admissible

15  evidence.  This Request seeks documents related to the number of alleged debtors that Nelson filed

16  complaints against and establishes the number of class members.  Since this is a class action alleging

17  Nelson engages in improper debt collection practices, this Request is relevant and cannot be narrowed.

18  Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

19  response to Request No. **12** without the stated objections, provide a substantive response, and produce

20  any documents improperly withheld from production.

21  **REQUEST FOR PRODUCTION NO. 13:**

22  Please produce ALL DOCUMENTS pertaining to the number of alleged debtors that YOU

23  mailed letters to requesting payment of an alleged debt from July 31, 2007 to the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25  Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

26  oppressive, and the extent that it seeks information which is not relevant to the subject matter of this

27  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Nelson & Kennard

28

1 is a collection law firm with a number of clients.  Letters sent by the firm to other debtors on behalf of

2 other clients have no bearing on this case.

3 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 13:**

4        Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

5 must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

6 *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

7 category, the part shall be specified and inspection permitted of the remaining parts.  The party

8 submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

9 failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

10 In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

11 defendant's original responses contained imprecise, boilerplate objections:

12        Defendant's responses do not allow for meaningful evaluation.  Plaintiff
         and the Court are unable to determine, with certainty, the requests for
13        which Defendant is producing documents, the requests for which
         Defendant is withholding documents and on what basis, and the requests
14        for which it has no responsive documents.  Defendant cites boilerplate
         general objections, and does not explain why the objection applies to the
15        response or whether documents were withheld pursuant to the stated
         objections.

16 *Id.* at *4-5.

17        Nelson objects to Request No. **13** on the basis that it is "overbroad, unduly burdensome and

18 oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

19 the discovery of admissible evidence."  But Nelson fails to provide any meaningful explanation for

20 these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005)

21 ("The party who resists discovery has the burden to show discovery should not be allowed, and has the

22 burden of clarifying, explaining, and supporting its objections.").  Moreover, because Nelson's response

23 is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of

24 the stated objections, and/or whether responsive documents even exist.  And, Nelson has not agreed to

25 produce any responsive documents.

26        Nelson also claims that "[l]etters sent by the firm to other debtors on behalf of other clients have

27 no bearing on this case."  The Complaint, however, contains class allegations that Nelson engages in

28

1    improper debt collection activities.   Indeed, the Complaint includes class allegations and a class

2    comprised of:

> All consumers residing in the United States and abroad who, during the
> period within one year of the date of the filing of the complaint, were
> contacted or sued in the United States by either Collins Financial or Nelson
> & Kennard in an effort to collect an alleged debt.

6        Further, the Complaint contains numerous allegations that Nelson improperly initiates

7    collections and unlawfully files lawsuits against debtors.  In particular, the Complaint explicitly alleges

8    that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

9    are legitimate and accurate." ¶32.  The Complaint also specifies that Nelson "attempts to quickly obtain

10   default judgments against consumers without having original or copies of original agreements to prove

11   the existence, terms, and amount of the debt, and in many cases without having proper information

12   regarding the location of the debtor, thus obtaining default judgments without effectuating proper

13   service."  ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

14   individuals who the collection law firms know have no knowledge of the underlying facts and file

15   verified complaints in which they attest to the truthfulness and accuracy of the information regarding

16   the alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is Collins or the

17   alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

18   lawsuits.  As such, Nelson's entire debt collection practices are at issue.

19       Since Nelson's debt collection practices as a whole are at issue, documents related to the number

20   of alleged debtors Nelson mailed letters to requesting payment of an alleged debt reveals the scope of

21   Nelson's potentially improper debt collection practices. And, the number of alleged debtors who

22   received letters establishes the number of class members. Thus, Request No. **13** is relevant and cannot

23   be narrowed.

24       Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

25   response to Request No. **13** without the stated objections, provide a substantive response, and produce

26   any documents improperly withheld from production.

27

28

1  **REQUEST FOR PRODUCTION NO. 14:**

2       Please produce ALL DOCUMENTS that RELATE TO YOUR 1692g notices, including but not

3  limited to every sample collection letter YOU send to alleged debtors.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

5       Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

6  oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

7  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Nelson & Kennard

8  is a collection law firm with a number of clients.  There is no legitimate basis for requesting copies of

9  section 1692g notices sent to other debtors in connection with representing other clients.

10      Subject to and without waiving the forgoing objection or the General Objections, Defendant will

11  produce non-privileged documents that relate to Plaintiff, his account and the defenses in this action.

12  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 14:**

13      Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

14  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

15  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

16  category, the part shall be specified and inspection permitted of the remaining parts.  The party

17  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

18  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

19  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

20  defendant's original responses contained imprecise, boilerplate objections:

21           Defendant's responses do not allow for meaningful evaluation.  Plaintiff
             and the Court are unable to determine, with certainty, the requests for
22           which Defendant is producing documents, the requests for which
             Defendant is withholding documents and on what basis, and the requests
23           for which it has no responsive documents.  Defendant cites boilerplate
             general objections, and does not explain why the objection applies to the
24           response or whether documents were withheld pursuant to the stated
             objections.
25  *Id.* at *4-5.

26      Nelson objects to Request No. **14** on the basis that it is "overbroad, unduly burdensome and

27  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

28  the discovery of admissible evidence."  But Nelson fails to provide any meaningful explanation for

-26-

1  these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005)

2  ("The party who resists discovery has the burden to show discovery should not be allowed, and has the

3  burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response

4  is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of

5  the stated objections, and/or whether responsive documents even exist.

6      Nelson also claims that "[t]here is no legitimate basis for requesting copies of section 1692g

7  notices sent to other debtors in connection with representing clients." Nelson is wrong. The Complaint

8  contains class allegations that Nelson engages in improper debt collection activities. Indeed, the

9  Complaint includes class allegations and a class comprised of:

10

11          All consumers residing in the United States and abroad who, during the
           period within one year of the date of the filing of the complaint, were
           contacted or sued in the United States by either Collins Financial or Nelson

12          & Kennard in an effort to collect an alleged debt.

13      Further, the Complaint contains numerous allegations that Nelson improperly initiates

14  collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges

15  that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

16  are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain

17  default judgments against consumers without having original or copies of original agreements to prove

18  the existence, terms, and amount of the debt, and in many cases without having proper information

19  regarding the location of the debtor, thus obtaining default judgments without effectuating proper

20  service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

21  individuals who the collection law firms know have no knowledge of the underlying facts and file

22  verified complaints in which they attest to the truthfulness and accuracy of the information regarding

23  the alleged debt." ¶35. In other words, regardless of whether the alleged creditor is Collins or the

24  alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

25  lawsuits. As such, Nelson's entire debt collection practices are at issue.

26      Since Nelson's debt collection practices as a whole are at issue, documents related to 1692g

27  notices that Nelson sent to alleged debtors demonstrates Nelson's overall debt collection techniques.

28

1  This Request seeks evidence which goes to the heart of this dispute: whether Nelson engages in proper

2  debt collection practices.  Thus, Request No. **14** is relevant and cannot be narrowed.

3  　　　　Additionally, Nelson cannot satisfy its discovery obligations merely by producing the 1692g

4  letter sent to Tourgeman.  Rather, Nelson must produce all documents that relate to the 1692g notices it

5  sent to alleged debtors during the class period.

6  　　　　Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

7  response to Request No. **14** without the stated objections, provide a substantive response, and produce

8  any documents improperly withheld from production.

9  **REQUEST FOR PRODUCTION NO. 15:**

10  　　　　Please produce ALL DOCUMENTS RELATING TO the procedures and guidelines YOU sent

11  to collect debts.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

13  　　　　Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

14  "procedures and guidelines."  Defendant objects to this Request on the grounds that, as understood by

15  Defendant, it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks

16  information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

17  to the discovery of admissible evidence.  Nelson & Kennard is a collection law firm, and virtually every

18  piece of paper or electronic document it maintains could arguably "relate" to the collection process and

19  could be construed as responsive.

20  　　　　Subject to and without waiving the forgoing objections or the General Objections, upon entry of

21  a protective order by the Court, Defendant will produce non-privileged documents that relate to

22  Plaintiff, his account, and the defenses in this action.

23  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 15:**

24  　　　　Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

25  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

26  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

27  category, the part shall be specified and inspection permitted of the remaining parts.  The party

28  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

1   failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

2   In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

3   defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff
> and the Court are unable to determine, with certainty, the requests for
> which Defendant is producing documents, the requests for which
> Defendant is withholding documents and on what basis, and the requests
> for which it has no responsive documents. Defendant cites boilerplate
> general objections, and does not explain why the objection applies to the
> response or whether documents were withheld pursuant to the stated
> objections.

8   *Id.* at *4-5.

9       Nelson objects to Request No. **15** on the basis that it is "overbroad, unduly burdensome and

10  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

11  the discovery of admissible evidence." But Nelson fails to provide any meaningful explanation for

12  these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005)

13  ("The party who resists discovery has the burden to show discovery should not be allowed, and has the

14  burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response

15  is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of

16  the stated objections, and/or whether responsive documents even exist.

17      Nelson objects to document Request No. **15** on the basis that the term "procedures and

18  guidelines" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense

19  to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel*

20  *Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). "Procedures"

21  and "policies" are common English words that should not preclude Nelson from providing a substantive

22  response. And, Nelson has offered little to no meaningful facts to support the stated objections. Thus,

23  this boilerplate objection cannot be sustained.

24      Nelson also claims that this Request potentially seeks "virtually every piece of paper or

25  electronic document it maintains." Not true. This Request only seeks documents related to Nelson's

26  procedures and guidelines for collecting debts.

27

28

1  Finally, Nelson's offer to produce only documents related to Tourgeman, his account, and the

2  defenses in this action narrows the scope of the Request and is insufficient.  This is a class action

3  lawsuit alleging Nelson improperly initiated debt collections and unlawfully filed lawsuits against

4  numerous debtors.  Since Nelson's debt collection procedures and guidelines may show the extent of

5  Nelson's debt collection practices, these documents are relevant and must be produced.

6  Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

7  response to Request No. **15** without the stated objections, provide a substantive response, and produce

8  any documents improperly withheld from production.

9  **REQUEST FOR PRODUCTION NO. 17:**

10  Please produce ALL DOCUMENTS that RELATE TO YOUR policy for the retention and

11  destruction of records, DOCUMENTS, or files from July 31, 2007 to the present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13  Defendant objects to this Request on the grounds that is overbroad, unduly burdensome and

14  oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor

15  reasonably calculated to lead to the discovery of admissible evidence.

16  Subject to and without waving the forgoing objections or the General Objections, Defendant will

17  produce non-privileged documents in its possession, custody or control, to the extent any exist, that are

18  responsive to this Request.

19  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 17:**

20  Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

21  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

22  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

23  category, the part shall be specified and inspection permitted of the remaining parts.  The party

24  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

25  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

26  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

27  defendant's original responses contained imprecise, boilerplate objections:

28  Defendant's responses do not allow for meaningful evaluation.  Plaintiff
and the Court are unable to determine, with certainty, the requests for

which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

*Id.* at *4-5.

Nelson objects to Request No. **17** on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. **17** without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce ALL DOCUMENTS relating to the maintenance of procedures by NELSON adopted to avoid any violation of the Fair Debt Collection Practices Act and the Rosenthal Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing objections or the General Objections, upon entry of a protective order by the Court, Defendant will produce non-privileged documents that relate to the bona fide error defense in this action.

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 19:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

1  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

2  category, the part shall be specified and inspection permitted of the remaining parts.  The party

3  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

4  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

5  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

6  defendant's original responses contained imprecise, boilerplate objections:

7
> Defendant's responses do not allow for meaningful evaluation.  Plaintiff
> and the Court are unable to determine, with certainty, the requests for

8
> which Defendant is producing documents, the requests for which
> Defendant is withholding documents and on what basis, and the requests

9
> for which it has no responsive documents.  Defendant cites boilerplate
> general objections, and does not explain why the objection applies to the

10
> response or whether documents were withheld pursuant to the stated
> objections.

11  *Id.* at *4-5.

12      Nelson objects to Request No. **19** on the basis that it is "overbroad, unduly burdensome and

13  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

14  the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.

15  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who

16  resists discovery has the burden to show discovery should not be allowed, and has the burden of

17  clarifying, explaining, and supporting its objections.").  Moreover, because Nelson's response is so

18  broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

19  stated objections, and/or whether responsive documents even exist.

20      Nelson also improperly attempts to limit Request No. **19** to documents that also relate to the

21  bona fide error defense.  This response is insufficient and does not satisfy Nelson's discovery

22  obligations. Request No. **19** seeks documents related to Nelson's policies for avoiding violations of the

23  Fair Debt Collection Practices Act and the Rosenthal Act.  Put differently, this Request seeks

24  information on how Nelson trains its employees to collect debts and is not limited to just the bona fide

25  error defense.  Nelson cannot shelter its debt collection techniques from scrutiny by producing only

26  documents related to the bona fide error defense.

27

28

1        Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

2 response to Request No. **19** without the stated objections, provide a substantive response, and produce

3 any documents improperly withheld from production.

4 **REQUEST FOR PRODUCTION NO. 20:**

5        Please produce ALL material, including video and audio tapes, pertaining to training by or for

6 NELSON and its employees regarding the Fair Debt Collection Practices Act and the Rosenthal Act.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

8        Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

9 oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

10 lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

11        Subject to and without waiving the forgoing objections or the General Objections, upon entry of

12 a protective order by the Court, Defendant will produce non-privileged documents that relate to the

13 bona fide error defense in this action.

14 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 20:**

15        Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

16 must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

17 *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

18 category, the part shall be specified and inspection permitted of the remaining parts. The party

19 submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

20 failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

21 In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

22 defendant's original responses contained imprecise, boilerplate objections:

23                Defendant's responses do not allow for meaningful evaluation. Plaintiff
and the Court are unable to determine, with certainty, the requests for

24                which Defendant is producing documents, the requests for which
Defendant is withholding documents and on what basis, and the requests

25                for which it has no responsive documents. Defendant cites boilerplate
general objections, and does not explain why the objection applies to the

26                response or whether documents were withheld pursuant to the stated
objections.

27 *Id.* at *4-5.

28

PLAINTIFF DAVID TOURGEMAN'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION TO COMPEL

1   Nelson objects to Request No. **20** on the basis that it is "overbroad, unduly burdensome and
2   oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to
3   the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections.
4   *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who
5   resists discovery has the burden to show discovery should not be allowed, and has the burden of
6   clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so
7   broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the
8   stated objections, and/or whether responsive documents even exist.

9   Nelson also improperly attempts to limit Request No. **20** to documents that relate to the bona
10  fide error defense. This response is insufficient and does not satisfy Nelson's discovery obligations.
11  Request No. **20** seeks training materials regarding the Fair Debt Collection Practices Act and the
12  Rosenthal Act. In other words, this Request seeks information on how Nelson trains its employees to
13  collect debts and is not limited to just the bona fide error defense. Nelson cannot shelter its debt
14  collection techniques from scrutiny by producing only documents related to the bona fide error defense.

15  Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental
16  response to Request No. **20** without the stated objections, provide a substantive response, and produce
17  any documents improperly withheld from production.

18  **REQUEST FOR PRODUCTION NO. 21:**

19  Please produce ALL DOCUMENTS RELATING TO insurance policies covering NELSON for
20  violation of the Fair Debt Collection Practices Act and the Rosenthal Act.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

22  Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and
23  oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this
24  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Nelson & Kennard
25  has not tendered the defense of this action to any insurance carrier so there are no relevant responsive
26  documents.

27

28

1  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 21:**

2       Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

3  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

4  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

5  category, the part shall be specified and inspection permitted of the remaining parts.   The party

6  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

7  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

8  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

9  defendant's original responses contained imprecise, boilerplate objections:

10         Defendant's responses do not allow for meaningful evaluation. Plaintiff
       and the Court are unable to determine, with certainty, the requests for

11         which Defendant is producing documents, the requests for which
       Defendant is withholding documents and on what basis, and the requests

12         for which it has no responsive documents. Defendant cites boilerplate
       general objections, and does not explain why the objection applies to the

13         response or whether documents were withheld pursuant to the stated
       objections.

14  *Id.* at *4-5.

15       Nelson objects to Request No. **21** on the basis that it is "overbroad, unduly burdensome and

16  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

17  the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections.

18  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who

19  resists discovery has the burden to show discovery should not be allowed, and has the burden of

20  clarifying, explaining, and supporting its objections.").   Moreover, because Nelson's response is so

21  broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

22  stated objections, and/or whether responsive documents even exist. And, Nelson has not agreed to

23  provide any responsive documents.

24       Nelson also refuses to produce documents to Request No. **21**, contending Nelson "has not

25  tendered the defense of this action to any insurance carrier so there are no relevant responsive

26  documents."   But it is immaterial whether Nelson has tendered the defense of this action to any

27  insurance carrier. The crux of the Complaint is that Nelson violated the Fair Debt Collection Practices

28  Act. Documents that establish culpability or relate to indemnification for those violations are relevant.

1  If Nelson maintains an insurance policy that covers these violations, this is enough to render the

2  documents relevant.

3        Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

4  response to Request No. **21** without the stated objections, provide a substantive response, and produce

5  any documents improperly withheld from production.

6  **REQUEST FOR PRODUCTION NO. 23:**

7        Please produce ALL DOCUMENTS that RELATE TO NELSON's procedures to verify alleged

8  debts when received from a debt collector client, including but not limited to, COLLINS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

10        Defendant objects to this Request on the grounds that it is vague and ambiguous as to the terms

11  "verify alleged debts." Nelson & Kennard is a collection law firm. To the extent that it understands the

12  term "verify" as used in this Request, the firm does not have a legal obligation to independently verify

13  the debts that are forwarded by its clients. Defendant also objects to this Request on the grounds that it

14  is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is

15  not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

16  admissible evidence. Nelson & Kennard has a number of clients. There is no legitimate basis for

17  seeking discovery concerning the handling of accounts forwarded by other clients of the firm.

18        Subject to and without waiving the forgoing objections or the General Objections, upon entry of

19  a protective order by the Court, Defendant will produce non-privileged documents that relate to

20  Plaintiff, his account, and the defenses in this action.

21  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 23:**

22        Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

23  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

24  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

25  category, the part shall be specified and inspection permitted of the remaining parts. The party

26  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

27  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

28

1    In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

2    defendant's original responses contained imprecise, boilerplate objections:

3                    Defendant's responses do not allow for meaningful evaluation. Plaintiff
                     and the Court are unable to determine, with certainty, the requests for
4                    which Defendant is producing documents, the requests for which
                     Defendant is withholding documents and on what basis, and the requests
5                    for which it has no responsive documents. Defendant cites boilerplate
                     general objections, and does not explain why the objection applies to the
6                    response or whether documents were withheld pursuant to the stated
                     objections.

7    *Id.* at *4-5.

8         Nelson objects to Request No. **23** on the basis that it is "overbroad, unduly burdensome and

9    oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

10   the discovery of admissible evidence." But Nelson fails to provide any meaningful explanation for

11   these objections. *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005)

12   ("The party who resists discovery has the burden to show discovery should not be allowed, and has the

13   burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response

14   is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of

15   the stated objections, and/or whether responsive documents even exist.

16        Nelson objects to document Request No. **23** on the basis that the term "verify" is vague and

17   ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary

18   definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am.*

19   *Ins. Co.*, 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). The term "verify" is a common English word

20   that should not preclude Nelson from providing a meaningful response. Because Nelson has offered

21   little to no meaningful facts to support the stated objection, this boilerplate objection cannot be

22   sustained.

23        Nelson also contends there is no legitimate basis for Request No. **23** and offers to produce only

24   documents related to Tourgeman, his account, and the defenses in this action. The Complaint, however,

25   contains class allegations that Nelson engages in improper debt collection activities. Indeed, the

26   Complaint includes class allegations and a class comprised of:

27

28                   All consumers residing in the United States and abroad who, during the
                     period within one year of the date of the filing of the complaint, were

-37-

contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default judgments without effectuating proper service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law firms know have no knowledge of the underlying facts and file verified complaints in which they attest to the truthfulness and accuracy of the information regarding the alleged debt." ¶35. In other words, regardless of whether the alleged creditor is Collins or the alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files lawsuits. As such, Nelson's entire debt collection practices are at issue.

Request No. **23** seeks documents related to Nelson's procedures for verifying alleged debts received from debt collector clients. Since Nelson's debt collection practices are in question, this Request is relevant to showing the process by which Nelson files debt related lawsuits and whether Nelson takes the time to ensure the alleged debts are legitimate.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. **23** without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce ALL DOCUMENTS that RELATE TO NELSON's policies and procedures for settling alleged debts with debtors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the terms "policies and procedures for settling." Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not

-38-

1  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

2  admissible evidence.  Nelson & Kennard is a collection law firm with a number of different clients.

3  Cases are settled on an individual basis depending on the facts and circumstances that are present at the

4  time the settlement is consummated.  There is no legitimate basis for seeking discovery regarding the

5  settlement of debts that are forwarded to the firm by other clients.

6  **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 25:**

7        Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

8  must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

9  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

10  category, the part shall be specified and inspection permitted of the remaining parts.  The party

11  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

12  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

13  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

14  defendant's original responses contained imprecise, boilerplate objections:

15      Defendant's responses do not allow for meaningful evaluation. Plaintiff
   and the Court are unable to determine, with certainty, the requests for

16  which Defendant is producing documents, the requests for which
   Defendant is withholding documents and on what basis, and the requests

17  for which it has no responsive documents. Defendant cites boilerplate
   general objections, and does not explain why the objection applies to the

18  response or whether documents were withheld pursuant to the stated
   objections.

19  *Id.* at *4-5.

20        Nelson objects to Request No. **25** on the basis that it is "overbroad, unduly burdensome and

21  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

22  the discovery of admissible evidence."  But Nelson fails to provide any meaningful explanation for

23  these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005)

24  ("The party who resists discovery has the burden to show discovery should not be allowed, and has the

25  burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response

26  is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of

27  the stated objections, and/or whether responsive documents even exist. And, Nelson has not agreed to

28  produce any responsive documents.

1    Nelson objects to document Request No. **25** on the basis that the term "policies and procedures

2    for settling" is vague and ambiguous. Nelson, however, has failed to exercise reason and common

3    sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel*

4    *Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). "Policies" and

5    "procedures" are common English words that should not preclude Nelson from providing a substantive

6    response. Because Nelson has offered little to no meaningful facts to support the stated objection, this

7    boilerplate objection cannot be sustained.

8    Nelson also contends "[t]here is no legitimate basis for seeking discovery regarding the

9    settlement of debts that are forwarded to the firm by other clients." Nelson is wrong. The Complaint

10   contains class allegations that Nelson engages in improper debt collection activities. Indeed, the

11   Complaint includes class allegations and a class comprised of:

12
13           All consumers residing in the United States and abroad who, during the
             period within one year of the date of the filing of the complaint, were
14           contacted or sued in the United States by either Collins Financial or Nelson
             & Kennard in an effort to collect an alleged debt.

15   Further, the Complaint contains numerous allegations that Nelson improperly initiates

16   collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges

17   that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

18   are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain

19   default judgments against consumers without having original or copies of original agreements to prove

20   the existence, terms, and amount of the debt, and in many cases without having proper information

21   regarding the location of the debtor, thus obtaining default judgments without effectuating proper

22   service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

23   individuals who the collection law firms know have no knowledge of the underlying facts and file

24   verified complaints in which they attest to the truthfulness and accuracy of the information regarding

25   the alleged debt." ¶35. In other words, regardless of whether the alleged creditor is Collins or the

26   alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

27   lawsuits. As such, Nelson's entire debt collection practices are at issue.

28

1    Request No. **25** seeks documents related to Nelson's policies and procedures for settling alleged

2    debts with debtors. The manner in which Nelson settles alleged debts with debtors reflects on its debt

3    collection practices. Since Nelson's debt collection practices are in question, this Request is relevant

4    and goes to the heart of this case.

5    Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

6    response to Request No. **25** without the stated objections, provide a substantive response, and produce

7    any documents improperly withheld from production.

8    **REQUEST FOR PRODUCTION NO. 26:**

9    Please produce ALL DOCUMENTS that RELATE TO NELSON's revenue for each calendar

10   year from 2005 to the present, including but not limited to financial summaries, period reports, tax

11   returns and financial statements.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

13   Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and

14   oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this

15   lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further

16   objects to this Request to the extent that it seeks confidential financial information.

17   **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 26:**

18   Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request

19   must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

20   *S.p.A.*, 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

21   category, the part shall be specified and inspection permitted of the remaining parts. The party

22   submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

23   failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

24   In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

25   defendant's original responses contained imprecise, boilerplate objections:

26           Defendant's responses do not allow for meaningful evaluation. Plaintiff
             and the Court are unable to determine, with certainty, the requests for
27           which Defendant is producing documents, the requests for which
             Defendant is withholding documents and on what basis, and the requests
28           for which it has no responsive documents. Defendant cites boilerplate
             general objections, and does not explain why the objection applies to the

-41-

1         response or whether documents were withheld pursuant to the stated objections.

2   *Id.* at \*4-5.

3       Nelson objects to Request No. **26** on the basis that it is "overbroad, unduly burdensome and

4 oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

5 the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections.

6 *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who

7 resists discovery has the burden to show discovery should not be allowed, and has the burden of

8 clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so

9 broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

10 stated objections, and/or whether responsive documents even exist. And, Nelson has not agreed to

11 produce any responsive documents.

12       Documents related to Nelson's revenues establish how debt collection activities were conducted

13 and how Nelson was incentivized to pursue certain alleged debtors. To the extent Nelson contends this

14 Request seeks confidential information, Tourgeman has offered to sign a protective order. Nelson

15 ignored this offer.

16       Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

17 response to Request No. **26** without the stated objections, provide a substantive response, and produce

18 any documents improperly withheld from production.

19 **REQUEST FOR PRODUCTION NO. 28:**

20       Please produce ALL DOCUMENTS that RELATE TO NELSON's processes for receiving the

21 transmitted account information of debtors from COLLINS.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

23       Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term

24 "processes for receiving the transmitted account information of debtors." As Defendant understands the

25 Request, there are no responsive documents.

26 **REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 28:**

27       Nelson objects to document Request No. **28** on the basis that the term "processes for receiving

28 the transmitted account information of debtors" is vague and ambiguous. Nelson, however, has failed

to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Because Nelson has offered little to no meaningful facts to support the stated objection, this boilerplate objection cannot be sustained.

Finally, Nelson's contention that no responsive documents exist is dubious. Collins is an entity specializing in debt collections while Nelson is a law firm that specializes in debt collection lawsuits. The two firms are frequently in contact as Collins regularly utilizes Nelson's services and transmits debtor account information. It is unlikely that Nelson has no documentation showing how it processes account information sent by Collins.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. **28** without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce ALL DOCUMENTS that RELATE TO NELSON's contracts with skip-tracing services and other data providers YOU use to find current information or any alleged debtor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the forgoing objections or the General Objections, Defendant responds as follows: "Defendant will produce responsive documents."

**REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 29:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo,*

-43-

1  *S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4 (E.D. Cal. 2006) ("If objection is made to part of an item or

2  category, the part shall be specified and inspection permitted of the remaining parts.   The party

3  submitting the request may move for an order under Rule 37(a) with respect to any objection to or other

4  failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").

5  In *E. & J. Gallo Winery*, the court ordered the defendant to provide supplemental responses because the

6  defendant's original responses contained imprecise, boilerplate objections:

7  > Defendant's responses do not allow for meaningful evaluation.  Plaintiff
   > and the Court are unable to determine, with certainty, the requests for
8  > which Defendant is producing documents, the requests for which
   > Defendant is withholding documents and on what basis, and the requests
9  > for which it has no responsive documents.  Defendant cites boilerplate
   > general objections, and does not explain why the objection applies to the
10 > response or whether documents were withheld pursuant to the stated
   > objections.

11 *Id.* at *4-5.

12  Nelson objects to Request No. **29** on the basis that it is "overbroad, unduly burdensome and

13  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

14  the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.

15  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) ("The party who

16  resists discovery has the burden to show discovery should not be allowed, and has the burden of

17  clarifying, explaining, and supporting its objections.").   Moreover, because Nelson's response is so

18  broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the

19  stated objections, and/or whether responsive documents even exist.

20  Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

21  response to Request No. **29** without the stated objections, provide a substantive response, and produce

22  any documents improperly withheld from production.

23

24  **SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

25
26  Please identify the number of persons and entities in the United States who you contacted for the

purposes of debt collection from July 31, 2007 to the present.

27  [Definitions omitted]

28

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it is overbroad unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.   By propounding this Interrogatory, Plaintiff is simply attempting to impose undue burden and expense on defendant. Further, Defendant does not concede that Plaintiff may pursue this action as a purported class action nor does Defendant concede that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported class.  In addition, the case is not at issue as the Defendant has filed a motion to dismiss and a motion to strike the First Amended Complaint.  At best, the Interrogatory is premature.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  In this action, Plaintiff alleges that Defendants sought to collect a debt for a Dell computer, despite the fact that Plaintiff had allegedly paid for the computer in full.  Plaintiff admits, however, that he had no documentation to show that he paid the debt in full.  Plaintiff also claims that Defendants filed suit against him in the wrong judicial district.  Plaintiff has not alleged, and cannot allege, that every consumer that Defendants tried to collect from had already paid their debt in full.  Plaintiff has not alleged, and cannot allege, that every lawsuit that was filed by Defendants was filed in the wrong judicial district.  Plaintiff has not alleged that Defendant violated federal or state law with respect to every single person or entity in the United States that it contacted for purposes of debt collection, nor could he make such a claim.  There is no basis for asking for the total number of persons contacted.  Plaintiff is simply attempting to impose undue burden and expense on Defendant.  Further, Defendant does not concede that Plaintiff may pursue this action as a purported class action nor does Defendant concede that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported class.  At best, the Interrogatory is premature.  Subject to and without waiving the foregoing and the General Objections, Defendant responds as follows:

1    Nelson & Kennard engaged in the business of collecting debts.  To do so, the firm not only

2  "contacts" debtors, but it also obtains location information from third parties, interacts with courts,

3  interacts with attorneys, corresponds and communicates with it clients and with other third parties in

4  course of its business.  Any of these persons or entities could be someone who was "contacted" by the

5  firm for "the purposes of debt collection."  The firm does not track every single person or entity that it

6  ever makes contact with, so this Interrogatory in its present form is unanswerable, and Plaintiff has not

7  agreed to narrow its scope.

8    Defendant admits that it attempted to contact more than forty debtors in an attempt to collect a

9  debt during the period between July 31, 2007 to the present.

10  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

11    Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery.  Rule

12  33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered

13  separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must

14  be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).

15    Nelson objects to Interrogatory No. 1 on the basis that it is "overbroad, unduly burdensome and

16  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

17  the discovery of admissible evidence."  Although Nelson appears to argue the merits of the case in its

18  discovery response, Nelson has failed to demonstrate how this Interrogatory is overbroad, unduly

19  burdensome and oppressive.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (those

20  opposing discovery are "required to carry a heavy burden of showing" why discovery should be

21  denied).  Nelson also argues this Request is inappropriate because Tourgeman has failed to make certain

22  allegations in the Complaint.  But the scope of discovery is not limited to the issues presented in the

23  pleadings.  *Hampton v. City of San Diego,* 147 F.R.D. 227, 229 (S.D. Cal. 1993).  Tourgeman may

24  propound discovery requests if they are reasonably calculated to lead to the discovery of admissible

25  evidence.

26    In September 2009, this court rejected Nelson's argument that discovery related to "class issues"

27  was premature until the class was certified.  Nelson still claims in its supplemental responses that

28  Interrogatory No. 1 is premature because Tourgeman may not pursue this case as a class action.

1    Nelson's claims are inappropriate, especially since Nelson provided the supplemental responses on

2    January 26, 2010, nearly four months after this court rejected Nelson's contention.

3         Further, Nelson continues to ignore the allegations in the Complaint.  The Complaint contains

4    class allegations that Nelson engages in improper debt collection activities.  Indeed, the Complaint

5    includes class allegations and a class comprised of:

6
7         All consumers residing in the United States and abroad who, during the
          period within one year of the date of the filing of the complaint, were
8         contacted or sued in the United States by either Collins Financial or Nelson
          & Kennard in an effort to collect an alleged debt.

9         Further, the Complaint contains numerous allegations that Nelson improperly initiates

10   collections and unlawfully files lawsuits against debtors.  In particular, the Complaint explicitly alleges

11   that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

12   are legitimate and accurate." ¶32.  The Complaint also specifies that Nelson "attempts to quickly obtain

13   default judgments against consumers without having original or copies of original agreements to prove

14   the existence, terms, and amount of the debt, and in many cases without having proper information

15   regarding the location of the debtor, thus obtaining default judgments without effectuating proper

16   service."  ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

17   individuals who the collection law firms know have no knowledge of the underlying facts and file

18   verified complaints in which they attest to the truthfulness and accuracy of the information regarding

19   the alleged debt."  ¶35.  In other words, regardless of whether the alleged creditor is Collins or the

20   alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

21   lawsuits.  As such, Nelson's entire debt collection practices are at issue.

22        Interrogatory No. 1 establishes the number of class members and shows the scope of Nelson's

23   debt collection activities.  Originally, Nelson outright refused to answer Interrogatory No. 1.  Now,

24   Nelson's supplemental response fails to specify an exact number, merely stating the answer is "more

25   than forty."  Under Federal Rule 37, an "evasive or incomplete disclosure, answer, or response" is

26   equivalent to "a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

27        Lastly, Nelson erroneously contends that "[p]laintiff is attempting to impose undue burden and

28   expense on Defendant."  Interrogatory No. 1, however, is narrowly tailored as it seeks the *number* of

1    persons contacted for debt collection.  The Interrogatory does not require Nelson to engage in

2    burdensome data gathering of personal contact information.  Rather, the Interrogatory merely seeks a

3    *number*.

4            Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

5    response to Interrogatory No. **1** without the stated objections and provide a substantive response.

6    **SPECIAL INTERROGATORY NO. 2:**

7            Please identify the number of persons and entities in the United States who you sued for the

8    purposes of debt collection from July 31, 2006 to the present.

9    **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

10           Defendant objects to this Interrogatory on the grounds that it is overbroad unduly burdensome

11   and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor

12   reasonably calculated to lead to the discovery of admissible evidence.  By propounding this

13   Interrogatory, Plaintiff is simply attempting to impose undue burden and expense on Defendant.

14   Further, Defendant does not concede that Plaintiff may pursue this action as a purported class action nor

15   does Defendant concede that, even if class treatment were appropriate, that a class action is proper here,

16   or that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported

17   class. In addition, the case is not at issue as the Defendant has filed a motion to dismiss and a motion to

18   strike the First Amended Complaint.  At best, the Interrogatory is premature.

19   **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

20           Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome

21   and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor

22   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff claims that Defendants

23   sought to collect a debt for a Dell computer, despite the fact that he had allegedly paid for the computer

24   in full.  Plaintiff admits, however, that he has no documentation to show that he paid the debt in full.

25   Plaintiff also claims that Defendants filed suit against him in the wrong judicial district.  Plaintiff has

26   not alleged, and cannot allege, that every consumer that Defendants tried to collect from had already

27   paid their debt in full.  Plaintiff has not alleged, and cannot allege, that every lawsuit that was filed by

28   Defendants was filed in the wrong judicial district.  Plaintiff has not alleged that Defendants violated

1 | federal or state law with respect to every person or entity in the United States that was sued by
2 | Defendants. There is no basis for asking Defendants for the total number of persons or entities sued.
3 | Plaintiff is simply attempting to impose undue burden and expense on Defendant. Further, Defendant
4 | does not concede that Plaintiff may pursue this action as a purported class action nor does Defendant
5 | concede that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff
6 | is a proper class representative with standing to pursue claims on behalf of a purported class. At best,
7 | the interrogatory is premature.

8 | Subject to and without waiving the foregoing and the General Objections, Defendant responds
9 | as follows: From July 31, 2006 to the present, Defendant has filed suit against more than forty debtors.

10 | **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

11 | Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery. Rule
12 | 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered
13 | separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must
14 | be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

15 | Nelson objects to Interrogatory No. **2** on the basis that it is "overbroad, unduly burdensome and
16 | oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to
17 | the discovery of admissible evidence." Although Nelson appears to argue the merits of the case in its
18 | discovery response, Nelson has failed to demonstrate how this Interrogatory is overbroad, unduly
19 | burdensome and oppressive. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those
20 | opposing discovery are "required to carry a heavy burden of showing" why discovery should be
21 | denied). Nelson also argues this Request is inappropriate because Tourgeman has failed to make certain
22 | allegations in the Complaint. But the scope of discovery is not limited to the issues presented in the
23 | pleadings. *Hampton v. City of San Diego,* 147 F.R.D. 227, 229 (S.D. Cal. 1993). Tourgeman may
24 | propound discovery requests if they are reasonably calculated to lead to the discovery of admissible
25 | evidence.

26 | In September 2009, this court rejected Nelson's argument that discovery related to "class issues"
27 | was premature until the class was certified. Nelson still claims in its supplemental responses that
28 | Interrogatory No. **2** is premature because Tourgeman may not pursue this case as a class action.

1  Nelson's claims are inappropriate, especially since Nelson provided the supplemental responses on

2  January 26, 2010, nearly four months after this court rejected Nelson's contention.

3       Further, Nelson continues to ignore the allegations in the Complaint. The Complaint contains

4  class allegations that Nelson engages in improper debt collection activities. Indeed, the Complaint

5  includes class allegations and a class comprised of:

7        All consumers residing in the United States and abroad who, during the
      period within one year of the date of the filing of the complaint, were
8        contacted or sued in the United States by either Collins Financial or Nelson
      & Kennard in an effort to collect an alleged debt.

9       Further, the Complaint contains numerous allegations that Nelson improperly initiates

10  collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges

11  that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

12  are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain

13  default judgments against consumers without having original or copies of original agreements to prove

14  the existence, terms, and amount of the debt, and in many cases without having proper information

15  regarding the location of the debtor, thus obtaining default judgments without effectuating proper

16  service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

17  individuals who the collection law firms know have no knowledge of the underlying facts and file

18  verified complaints in which they attest to the truthfulness and accuracy of the information regarding

19  the alleged debt." ¶35. In other words, regardless of whether the alleged creditor is Collins or the

20  alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

21  lawsuits. As such, Nelson's entire debt collection practices are at issue.

22       Interrogatory No. **2** establishes the number of class members and shows the scope of Nelson's

23  debt collection activities. Originally, Nelson outright refused to answer Interrogatory No. **2**. Now,

24  Nelson's supplemental response fails to specify an exact number, merely stating the answer is "more

25  than forty." Under Federal Rule 37, an "evasive or incomplete disclosure, answer, or response" is

26  equivalent to "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

27       Lastly, Nelson erroneously contends that "[p]laintiff is attempting to impose undue burden and

28  expense on Defendant." Interrogatory No. **2**, however, is narrowly tailored as it seeks the ***number*** of

1  persons sued for debt collection. The Interrogatory does not require Nelson to engage in burdensome
2  data gathering of personal contact information. Rather, the Interrogatory merely seeks a **number**.

3         Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental
4  response to Interrogatory No. **2** without the stated objections and provide a substantive response.

5  **SPECIAL INTERROGATORY NO. 4:**

6         Please state the form of Nelson's organization and the date and place the organization was
7  organized and registered and/or licensed to do business.

8  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

9         Defendant objects to this Interrogatory on the grounds that it seeks information which is not
10  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
11  admissible evidence. Subject to and without waiving the forgoing objection or the General Objections,
12  Defendant responds as follows:

13         Nelson & Kennard is a California partnership. It is licensed to do business where necessary.

14  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

15         Defendant objects to this Interrogatory on the grounds that it seeks information which is not
16  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
17  admissible evidence. Subject to and without waiving the forgoing objection or the General Objections,
18  Defendant responds as follows:

19         Defendant is a California partnership. It is licensed to do business by the county of Sacramento
20  and its attorneys are licensed to practice law in the State of California. Defendant also maintains a
21  collection agency license in the State of Washington.

22  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

23         Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery. Rule
24  33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered
25  separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must
26  be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

27         Nelson objects to Interrogatory No. **4** on the basis that it is "not relevant to the subject matter of
28  this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Nelson

1  fails to provide any explanation for this objection. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th

2  Cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery

3  should be denied).

4        Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

5  response to Interrogatory No. **4** without the stated objections and provide a substantive response.

6  **SPECIAL INTERROGATORY NO. 5:**

7        Please describe NELSON's procedures and policies for receiving debt related information from

8  NELSON's client.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

10       Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the

11 terms "receiving debt related information" and "NELSON's client." Nelson & Kennard has a number

12 of different clients and it employs various methods with respect to each of those clients. Defendant also

13 objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and

14 to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor

15 reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this

16 Interrogatory to the extent that it seeks proprietary information, trade secret information, information

17 subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of

18 that information without the consent of third parties and to the extent that it seeks information subject to

19 the attorney-client privilege or the attorney work product doctrine.

20 **SUPPLMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

21       Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the

22 terms "receiving debt related information" and "NELSON's client." This interrogatory is too vague to

23 be answered in its current form and Plaintiff has refused to clarify or narrow it. Nelson & Kennard has

24 a number of different clients and it employees various methods with respect to handling the data

25 supplied by each of those clients. Defendant also objects to this Interrogatory on the grounds that it is

26 overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not

27 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

28 admissible evidence. Plaintiff does not claim that his account data was altered by Nelson & Kennard

because the firm employed faulty procedures for "receiving debt related information." Rather, Plaintiff alleges that he paid Dell in full for his computer before the account was ever sold to Collins Financial Services. Any "debt related information" concerning his account, was according to Plaintiff's theory, already inaccurate when it was sold to Collins. The law firm's policies relating to receiving "debt related information" from its client are not relevant. Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the forgoing objection or the General Objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce documents responsive to this Interrogatory.

**REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery. Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

Nelson objects to Interrogatory No. 5 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." Although Nelson appears to argue the merits of the case in its discovery response, Nelson has failed to demonstrate how this Interrogatory is overbroad, unduly burdensome and oppressive. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

Nelson objects to Interrogatory No. 5 on the basis that the terms "receiving debt related information" and "NELSON's client" are vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688

1   (N.D. Cal. 2007). Nelson argues it "has a number of different clients and it employs various methods

2   with respect to handling the data supplied by each of those clients." This is the exact information this

3   Interrogatory seeks. If Nelson employs various methods for different clients, then Nelson must disclose

4   those methods in its interrogatory response.

5        Federal Rule of Civil Procedure 26(b)(5) further provides:

6             When a party withholds information otherwise discoverable by claiming
   that the information is privileged or subject to protection as trial-
7   preparation material, the party must:

8   (i)     expressly make the claim; and

9   (ii)   describe the nature of the documents, communications, or tangible things
   not produced or disclosed--and do so in a manner that, without revealing
10   information itself privileged or protected, will enable other parties to
   assess the claim.

11

12        "A privilege log should contain the following information: (1) the identity and position of its

13   author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

14   title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

15   prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

16   reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

17   2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial

18   burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,*

19   246 F.R.D. 614, 620 (C.D. Cal. 2007).

20        Here, Nelson asserts the attorney-client privilege and attorney work product protection to

21   Interrogatory No. **5**. The objection is stated simply as "seek[ing] information subject to the attorney-

22   client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

23   privilege or work product doctrine is insufficient to enable the propounding party to assess the

24   applicability of the privilege or protection to the specific facts of the interrogatory in question. Further,

25   Nelson has failed to produce a privilege log containing any of the above-described information as

26   required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege

27   claims cannot be properly evaluated.

28

1    Nelson also contends that its policies are not relevant.  Nelson is wrong.  The Complaint

2    contains class allegations that Nelson engages in improper debt collection activities.  Indeed, the

3    Complaint includes class allegations and a class comprised of:

4
5            All consumers residing in the United States and abroad who, during the
             period within one year of the date of the filing of the complaint, were
6            contacted or sued in the United States by either Collins Financial or Nelson
             & Kennard in an effort to collect an alleged debt.

7    Further, the Complaint contains numerous allegations that Nelson improperly initiates

8    collections and unlawfully files lawsuits against debtors.  In particular, the Complaint explicitly alleges

9    that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

10   are legitimate and accurate."  ¶32.  The Complaint also specifies that Nelson "attempts to quickly obtain

11   default judgments against consumers without having original or copies of original agreements to prove

12   the existence, terms, and amount of the debt, and in many cases without having proper information

13   regarding the location of the debtor, thus obtaining default judgments without effectuating proper

14   service."  ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

15   individuals who the collection law firms know have no knowledge of the underlying facts and file

16   verified complaints in which they attest to the truthfulness and accuracy of the information regarding

17   the alleged debt."  ¶35.  In other words, regardless of whether the alleged creditor is Collins or the

18   alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

19   lawsuits.  As such, Nelson's entire debt collection practices are at issue.

20   The manner in which Nelson receives debt related information is part of its debt collection

21   practices.  Therefore, Nelson's procedures and policies for receiving debt related information are

22   relevant.

23   While Nelson agrees to produce records in response to Interrogatory No. 5 pursuant to Rule

24   33(d), Nelson fails to specify which records.  If the served party chooses to respond to an interrogatory

25   by producing business records, the served party must specify, in detail, the records from which the

26   answer may be derived or ascertained and afford the party serving the interrogatory reasonable

27   opportunity to examine, audit, or inspect the record.  *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,*

28   2009 U.S. Dist. LEXIS 51321 (S.D. Cal. 2009).

-55-

1   As the authorities above reflect, the citation to and production of records as an alternate means

2   for responding to interrogatories is proper so long as the documents produced are the party's "business

3   records" and the description of the records produced in lieu of a response is sufficiently detailed to

4   enable the propounding party to locate them.  Here, Nelson's citation to and alleged agreement to

5   produce documents does not satisfy these two requirements.  The response is insufficient for two

6   reasons.  First, it does not direct Tourgeman to any "business records."  Second, even assuming these

7   documents are business records, this response lacks the required specificity.  Nelson must at least

8   provide the titles of the documents or Bates numbers of the documents responsive to this Request.

9   Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

10  response to Interrogatory No. **5** without the stated objections and provide a substantive response.

11  **SPECIAL INTERROGATORY NO. 7:**

12  Please describe NELSON's procedures and policies for filing a lawsuit for breach of contract on

13  behalf of NELSON's client.

14  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

15  Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the

16  terms "procedures and policies for filing a lawsuit" and "NELSON's client."  Nelson & Kennard has a

17  number of clients and it employs various methods on behalf of those clients.  Defendant also objects to

18  this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the

19  extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably

20  calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

21  Interrogatory to the extent that it seeks proprietary information, trade secret information, information

22  subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of

23  that information without the consent of third parties and to the extent that it seeks information subject to

24  the attorney-client privilege or the attorney work product doctrine.

25  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

26  Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the

27  terms "procedures and policies for filing a lawsuit" and "NELSON's client."  Nelson & Kennard has a

28  number of clients and it employs various methods on behalf of those clients.  For purposes of

1   responding to this Interrogatory, Defendant will assume that the client references is Collins Financial

2   Services.  Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly

3   burdensome and oppressive, and to the extent that it seeks information which is not relevant to the

4   subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

5   Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade

6   secret information, information subject to protective orders, confidentiality agreements, or statutory

7   provisions that bar the disclosure of that information without the consent of third parties and to the

8   extent that it seeks information subject to the attorney-client privilege or the attorney work product

9   doctrine.  Subject to and without waiving the forgoing objection of the General Objections, Defendant

10  responds as follows:

11         Once the firm makes a decision to file suit, an employee of the firm will prepare a draft

12  complaint on a California Judicial Council form based on the information received from the client or

13  otherwise available to the firm.  The draft complaint is then forwarded to an attorney for review.  The

14  reviewing attorney examines the information available to the firm concerning the account and reviews

15  the complaint to ensure that the information plead in it, *i.e.*, the Plaintiff's name, the name of the

16  original creditor, the name of the debtor, the date of the breach of the obligation sued upon, the date of

17  charge-off, amount at issue and type of debt (revolving line of credit or loan, for example) matches the

18  information provided by Defendant's client.  The attorney also reviews the complaint to ensure that the

19  exemplar terms and conditions attached as an exhibit, if any, are those that were provided to Defendant

20  in connection with the subject account.

21         Further, the attorney reviews the notes made on the debtor's account to confirm that a letter has

22  been sent to the debtor informing him that if the collection action is filed, Collins Financial Services,

23  Inc. might be entitled to recover its reasonable attorney's fees and court costs as allowed by law in

24  addition to the principal and interest owed.  The attorney also reviews the billing and/or delivery

25  addresses reflected in the account media that was provided by Defendant's client related to the subject

26  account, as well as the results of the skiptracing work of the office staff, including the notes made

27  regarding letters sent and received and any notes made regarding forwarding or returning of mail or

28  telephone contact in order to verify the debtor's county of residence.  The attorney also reviews the

account media in order to confirm the date of last payment received by the original creditor in order to confirm that a suit is "in statute" at the time it is filed. Finally, the attorney confirms based upon the information available to the firm that the suit is being filed in the correct judicial district.

**REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery. Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

Nelson objects to Interrogatory No. 7 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

Nelson objects to Interrogatory No. 7 on the basis that the terms "procedures and policies for filing a lawsuit" and "NELSON's client" are vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Nelson argues it has a "number of clients and it employs various methods on behalf of those clients." This is the exact information this Interrogatory seeks. If Nelson employs various methods for different clients, then Nelson must disclose those methods in its response.

Federal Rule of Civil Procedure 26(b)(5) further provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)    expressly make the claim; and
>
> (ii)   describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

1    "A privilege log should contain the following information: (1) the identity and position of its

2    author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

3    title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

4    prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

5    reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

6    2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial

7    burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,*

8    246 F.R.D. 614, 620 (C.D. Cal. 2007).

9    Here, Nelson asserts the attorney-client privilege and attorney work product protection to

10   Interrogatory No. 7. The objection is stated simply as "seek[ing] information subject to the attorney-

11   client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

12   privilege or work product doctrine is insufficient to enable the propounding party to assess the

13   applicability of the privilege or protection to the specific facts of the interrogatory in question. Further,

14   Nelson has failed to produce a privilege log containing any of the above-described information as

15   required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege

16   claims cannot be properly evaluated.

17   Lastly, Nelson's supplemental response to Interrogatory No. 7 attempts to limit the response to

18   Collins. The Complaint, however, contains class allegations that Nelson engages in improper debt

19   collection activities. Indeed, the Complaint includes class allegations and a class comprised of:

20

21       All consumers residing in the United States and abroad who, during the
         period within one year of the date of the filing of the complaint, were
         contacted or sued in the United States by either Collins Financial or Nelson

22       & Kennard in an effort to collect an alleged debt.

23   Further, the Complaint contains numerous allegations that Nelson improperly initiates

24   collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges

25   that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

26   are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain

27   default judgments against consumers without having original or copies of original agreements to prove

28   the existence, terms, and amount of the debt, and in many cases without having proper information

-59-

1  regarding the location of the debtor, thus obtaining default judgments without effectuating proper

2  service."  ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

3  individuals who the collection law firms know have no knowledge of the underlying facts and file

4  verified complaints in which they attest to the truthfulness and accuracy of the information regarding

5  the alleged debt."  ¶35.  In other words, regardless of whether the alleged creditor is Collins or the

6  alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

7  lawsuits.  As such, Nelson's entire debt collection practices are at issue.

8         Therefore, Nelson's procedures and policies for filing a debt-related lawsuit on behalf of all

9  clients, not just Collins, are relevant here.

10        Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

11 response to Interrogatory No. **7** without the stated objections and provide a substantive response.

12 **SPECIAL INTERROGATORY NO. 10:**

13        Please describe NELSON's procedures and policies for settling outstanding alleged debts from

14 alleged debtors.

15 **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

16        Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the

17 term "procedures and policies for settling."  Nelson & Kennard has a number of clients and it utilized

18 different approaches to settlement based upon the client and the circumstances.  Defendant also objects

19 to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the

20 extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably

21 calculated to lead to the discovery of admissible evidence.  Defendant further objects to this

22 Interrogatory to the extent that it seeks proprietary information, trade secret information, information

23 subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of

24 that information without the consent of third parties and to the extent that it seeks information subject to

25 the attorney-client privilege or the attorney work product doctrine.

26 **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

27        Federal Rule of Civil Procedure 33 governs the use of Interrogatories during discovery.  Rule

28 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered

1  separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must

2  be stated "with specificity." Fed. R. Civ. P. 33(b)(4). Nelson has not provided any substantive

3  response to this Interrogatory.

4      Nelson objects to Interrogatory No. **10** on the basis that it is "overbroad, unduly burdensome and

5  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

6  the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections.

7  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required

8  to carry a heavy burden of showing" why discovery should be denied).

9      Nelson objects to Interrogatory No. **10** on the basis that the term "procedures and policies for

10 settling" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to

11 attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners,*

12 *L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Nelson argues it "has a

13 number of clients and it utilized different approaches to settlement based upon the client and the

14 circumstances." This is the exact information this Interrogatory seeks. If Nelson employs various

15 methods for different clients, then Nelson must disclose those methods.

16     Federal Rule of Civil Procedure 26(b)(5) further provides:

17         When a party withholds information otherwise discoverable by claiming
           that the information is privileged or subject to protection as trial-
18         preparation material, the party must:

19     (i)    expressly make the claim; and

20     (ii)   describe the nature of the documents, communications, or tangible things
              not produced or disclosed--and do so in a manner that, without revealing
21            information itself privileged or protected, will enable other parties to
              assess the claim.
22

23     "A privilege log should contain the following information: (1) the identity and position of its

24 author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

25 title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

26 prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

27 reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

28 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial

-61-

1    burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,*

2    246 F.R.D. 614, 620 (C.D. Cal. 2007).

3         Here, Nelson asserts the attorney-client privilege and attorney work product protection to

4    Interrogatory No. **10**.  The objection is stated simply as "seek[ing] information subject to the attorney-

5    client privilege or the attorney work product doctrine."  Such a blanket assertion of the attorney-client

6    privilege or work product doctrine is insufficient to enable the propounding party to assess the

7    applicability of the privilege or protection to the specific facts of the interrogatory in question.  Further,

8    Nelson has failed to produce a privilege log containing any of the above-described information as

9    required by Federal Rule of Civil Procedure 26(b)(5).  (Weaver Dec. ¶13).  Consequently, the privilege

10   claims cannot be properly evaluated.

11        The Complaint alleges that Nelson improperly initiates collections and unlawfully files suits

12   against alleged debtors.  The manner in which Nelson settles debts with alleged debtors is one part of its

13   debt collection activities.  Therefore, Nelson's policies and procedures for settling debts tend to show

14   how Nelson settles its debts and reflects upon its debt collection activities.  Thus, Interrogatory No. **10**

15   is relevant and reasonably calculated to lead to the discovery of admissible evidence.

16        Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

17   response to Interrogatory No. **10** without the stated objections and provide a substantive response.

18   **SPECIAL INTERROGATORY NO. 11:**

19        Please identify all creditors that retained NELSON – from July 31, 2006 to the present – for the

20   purpose of collecting debts.

21   **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

22        Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome

23   and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of

24   this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  There is no

25   basis for identifying other creditors that did not extend credit to Plaintiff and that have no relationship to

26   this case.  Defendant further objects to this Interrogatory to the extent that it seeks proprietary

27   information, trade secret information, information subject to protective orders, confidentiality

28   agreements, or statutory provisions that bar the disclosure of that information without the consent of

1  third parties and to the extent that it seeks information subject to the attorney-client privilege or the

2  attorney work product doctrine.

3  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

4        Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery.  Rule

5  33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered

6  separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must

7  be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).  Nelson has not provided any substantive

8  response to this Interrogatory.

9        Nelson objects to Interrogatory No. **11** on the basis that it is "overbroad, unduly burdensome and

10  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

11  the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.

12  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required

13  to carry a heavy burden of showing" why discovery should be denied).

14        Federal Rule of Civil Procedure 26(b)(5) further provides:

15            When a party withholds information otherwise discoverable by claiming
          that the information is privileged or subject to protection as trial-
16            preparation material, the party must:

17            (i)     expressly make the claim; and

18            (ii)    describe the nature of the documents, communications, or tangible things
          not produced or disclosed--and do so in a manner that, without revealing
19            information itself privileged or protected, will enable other parties to
          assess the claim.

20

21        "A privilege log should contain the following information: (1) the identity and position of its

22  author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

23  title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

24  prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

25  reason it is being withheld."  *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

26  2009).  When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial

27  burden of demonstrating that the communication falls within the privilege."  *Bible v. Rio Props., Inc.,*

28  246 F.R.D. 614, 620 (C.D. Cal. 2007).

1    Here, Nelson asserts the attorney-client privilege and attorney work product protection to

2    Interrogatory No. **11**. The objection is stated simply as "seek[ing] information subject to the attorney-

3    client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

4    privilege or work product doctrine is insufficient to enable the propounding party to assess the

5    applicability of the privilege or protection to the specific facts of the interrogatory in question. Further,

6    Nelson has failed to produce a privilege log containing any of the above-described information as

7    required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege

8    claims cannot be properly evaluated.

9    Nelson objects to Interrogatory No. **11** on relevancy grounds, arguing that "there is no basis for

10    identifying other creditors that did not extend credit to Plaintiff." Nelson is wrong. Creditors that

11    retained Nelson from July 31, 2006 to the present may have information regarding Nelson's debt

12    collection activities and could potentially testify as witnesses. Since Nelson's debt collection activities

13    are directly at issue here, this Interrogatory is within the scope of the Federal Rules of Civil Procedure.

14    Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

15    response to Interrogatory No. **11** without the stated objections and provide a substantive response.

16    **SPECIAL INTERROGATORY NO. 13:**

17    Did NELSON make any substantive change in company policy from July 31, 2006 to the

18    present? If so, please identify and describe any substantive changes NELSON made – from July 31,

19    2006 to the present – to any NELSON policy or procedure in an effort to comply with the provision of

20    the Federal [sic] Debt Collection Practices Act.

21    **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

22    Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous regarding

23    the term "substantive change in company policy." The firm of Nelson & Kennard complies with the

24    FDCPA and engages in ongoing efforts to ensure compliance. Subject to and without waiving the

25    forgoing objections or the General Objections, Defendant responds as follows: Defendant exercises it

26    option to produce records in response to this Interrogatory pursuant to Rule 33(d) of the Federal Rules

27    of Civil Procedure.

28

1   **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

2   Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery. Rule

3   33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered

4   separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must

5   be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

6   Nelson objects to Interrogatory No. **13** on the basis that the term "substantive change in

7   company policy" is "vague and ambiguous." Nelson, however, has failed to exercise reason and

8   common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row*

9   *Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Because

10   Nelson has failed to demonstrate how this Interrogatory is vague and ambiguous, this boilerplate

11   objection cannot be sustained.

12   While Nelson agrees to produce records in response to Interrogatory No. **13** pursuant to Rule

13   33(d), Nelson fails to specify which records. If the served party chooses to respond to an interrogatory

14   by producing business records, the served party must specify, in detail, the records from which the

15   answer may be derived or ascertained and afford the party serving the interrogatory reasonable

16   opportunity to examine, audit, or inspect the record. *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,*

17   2009 U.S. Dist. LEXIS 51321 (S.D. Cal. 2009).

18   As the authorities above reflect, the citation to and production of records as an alternate means

19   for responding to interrogatories is proper so long as the documents produced are the party's "business

20   records" and the description of the records produced in lieu of a response is sufficiently detailed to

21   enable the propounding party to locate them. Here, Nelson's citation to and alleged agreement to

22   produce documents does not satisfy these two requirements. The response is insufficient for two

23   reasons. First, it does not direct Tourgeman to any "business records." Second, even assuming these

24   documents are business records, this response lacks the required specificity. Nelson must at least

25   provide the titles of the documents or Bates numbers of the documents responsive to this Request.

26   Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

27   response to Interrogatory No. **13** without the stated objections and provide a substantive response.

28

1  **SPECIAL INTERROGATORY NO. 14:**

2      Please describe the compensation agreements between NELSON and any creditor that used

3  NELSON to file complaints against alleged debtors for breach of contract and Rule 3.740 collections.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

5      Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome

6  and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of

7  this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.   The

8  compensation arrangements between Nelson & Kennard and its clients have nothing to do with the

9  allegations of this case.   There is no legitimate basis for requesting this information, other than to harass

10  and annoy Defendant.   Defendant further objects to this Interrogatory to the extent that it seeks

11  proprietary information, trade secret information, information subject to protective orders,

12  confidentiality agreements, or statutory provisions that bar the disclosure of that information without the

13  consent of third parties and to the extent that it seeks information subject to the attorney-client privilege

14  or the attorney work product doctrine..

15  **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

16      Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery.  Rule

17  33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered

18  separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must

19  be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).  Nelson has not provided any substantive

20  response to this interrogatory.

21      Nelson objects to Interrogatory No. **14** on the basis that it is "overbroad, unduly burdensome and

22  oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

23  the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections.

24  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required

25  to carry a heavy burden of showing" why discovery should be denied).

26      Federal Rule of Civil Procedure 26(b)(5) further provides:

27          When a party withholds information otherwise discoverable by claiming
            that the information is privileged or subject to protection as trial-
28          preparation material, the party must:

1        (i)     expressly make the claim; and

2        (ii)    describe the nature of the documents, communications, or tangible things
3                 not produced or disclosed--and do so in a manner that, without revealing
                   information itself privileged or protected, will enable other parties to
4                 assess the claim.

5    "A privilege log should contain the following information: (1) the identity and position of its

6    author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the

7    title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was

8    prepared or communicated; (7) the document's present location; and (8) the specific privilege or other

9    reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

10   2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial

11   burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,*

12   246 F.R.D. 614, 620 (C.D. Cal. 2007).

13   Here, Nelson asserts the attorney-client privilege and attorney work product protection to

14   Interrogatory No. **14**. The objection is stated simply as "seek[ing] information subject to the attorney-

15   client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client

16   privilege or work product doctrine is insufficient to enable the propounding party to assess the

17   applicability of the privilege or protection to the specific facts of the Interrogatory in question. Further,

18   Nelson has failed to produce a privilege log containing any of the above-described information as

19   required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege

20   claims cannot be properly evaluated.

21   Nelson also objects to Interrogatory No. **14** on relevancy grounds, arguing "there is no

22   legitimate basis to ask for this information." Nelson is wrong. Nelson's compensation agreements with

23   other creditors evidences Nelson's incentive structure, reveals how Nelson prioritizes its efforts against

24   certain debtors, and further explains the extent of Nelson's debt collection activities. Since Nelson's

25   debt collection practices are directly at issue here, this Interrogatory is within the scope of the Federal

26   Rules of Civil Procedure.

27

28

1   Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

2   response to Interrogatory No. **14** without the stated objections and provide a substantive response.

3   **SPECIAL INTERROGATORY NO. 16:**

4   Please identify the number of demand letters NELSON sent to alleged debtors from July 2006 to

5   the present.

6   **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

7   Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly

8   burdensome and oppressive, and to the extent that it seeks information which is not relevant to the

9   subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

10  This case does not challenge the contents of any demand letter sent by Nelson & Kennard.  Further,

11  Defendant does not concede that Plaintiff may pursue this action as a purported class action nor does

12  Defendant concede that, even if class treatment were appropriate, that a class action is proper here, or

13  that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported

14  class.  At best, the Interrogatory is premature.

15  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

16  Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly

17  burdensome and oppressive, and to the extent that it seeks information which is not relevant to the

18  subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

19  This case does not challenge the contents of any demand letter sent by Nelson & Kennard, nor does

20  Plaintiff seek to certify a class of debtors who received letters.  There is no basis for demanding that the

21  firm disclose how many letters were sent.  Defendant does not concede that Plaintiff may pursue this

22  action as a purported class action nor does Defendant concede that, even if class treatment were

23  appropriate, that a class action is proper here, or that Plaintiff is a proper class representative with

24  standing to pursue claims on behalf of a purported class.  At best, the Interrogatory is premature.

25  Subject to and without waiving the foregoing and the General Objections, Defendant responds

26  as follows:  from July 2006 to the present, Defendant sent letters to more than forty debtors in an

27  attempt to collect a debt.

28

1   **REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

2       Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery. Rule

3   33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered

4   separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must

5   be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

6       Nelson objects to Interrogatory No. **16** on the basis that it is "overbroad, unduly burdensome and

7   oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

8   the discovery of admissible evidence." Although Nelson appears to argue the merits of the case in its

9   discovery response, Nelson has failed to demonstrate how this Interrogatory is overbroad, unduly

10   burdensome and oppressive. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those

11   opposing discovery are "required to carry a heavy burden of showing" why discovery should be

12   denied).

13       In September 2009, this court rejected Nelson's argument that discovery related to "class issues"

14   was premature until the class was certified. Nelson still claims in its supplemental response that

15   Interrogatory No. **16** is premature because Tourgeman may not pursue this case as a class action.

16   Nelson's contention is inappropriate, especially since Nelson provided the supplemental response on

17   January 26, 2010, nearly four months after this court rejected Nelson's contention.

18       Further, Nelson continues to ignore the allegations in the Complaint. The Complaint contains

19   class allegations that Nelson engages in improper debt collection activities. Indeed, the Complaint

20   includes class allegations and a class comprised of:

21

22         All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were

23         contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

24       Further, the Complaint contains numerous allegations that Nelson improperly initiates

25   collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges

26   that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files

27   are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain

28   default judgments against consumers without having original or copies of original agreements to prove

1 the existence, terms, and amount of the debt, and in many cases without having proper information

2 regarding the location of the debtor, thus obtaining default judgments without effectuating proper

3 service." ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by

4 individuals who the collection law firms know have no knowledge of the underlying facts and file

5 verified complaints in which they attest to the truthfulness and accuracy of the information regarding

6 the alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is Collins or the

7 alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files

8 lawsuits.  As such, Nelson's entire debt collection practices are at issue.

9      The information sought in this Request establishes the number of class members and shows the

10 scope of Nelson's debt collection activities.  Originally, Nelson outright refused to answer Interrogatory

11 No. **16**.  Now, Nelson's supplemental response fails to specify an exact number, merely stating the

12 answer is "more than forty."  Under Federal Rule 37, an "evasive or incomplete disclosure, answer, or

13 response" is equivalent to "a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

14      Lastly, Interrogatory No. **16** is narrowly tailored as it seeks the ***number*** of demand letters

15 Nelson sent to alleged debtors from July 2006 to the present.  The Interrogatory does not require Nelson

16 to engage in burdensome data gathering of personal contact information.  Rather, the Interrogatory

17 merely seeks a ***number***.

18      Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

19 response to Interrogatory No. **16** without the stated objections and provide a substantive response.

20 **SPECIAL INTERROGATORY NO. 18:**

21      Please describe the process NELSON uses to skip trace debtors in the event of a debtor's

22 address or phone number change.

23 **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

24      Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous.

25      Subject to and without waiving the forgoing objections or the General Objections, Defendant

26 responds as follows:  Nelson & Kennard does not skip trace debtors if the debtor's address or phone

27 number change.  The firm simply enters the new address or phone number into its account records.

28

**REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery. Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

Nelson objects to Interrogatory No. **18** on the basis that the interrogatory is "vague and ambiguous" without specifying how or why. Nelson has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Skip tracing is a process frequently utilized by debt collectors to locate debtors. Nelson admits in its supplemental response to Interrogatory No. **7** that it skip traces debtors. Thus, Nelson is familiar with the terminology and the process.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Interrogatory No. **18** without the stated objections and provide a substantive response.

**SPECIAL INTERROGATORY NO. 19:**

Please describe the position at NELSON that prepares the affidavit authorizing legal action against an alleged debtor, including but not limited to the position's duties, responsibilities, job requirements, and the number of people who perform this task for NELSON.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous generally and as to the phrase "the position at NELSON that prepares the affidavit authorizing legal action."

Subject to and without waiving the forgoing objections or the General Objections, Defendant responds as follows: There is no such affidavit or position at Nelson & Kennard as described in this interrogatory.

**REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Federal Rule of Civil Procedure 33 governs the use of interrogatories during discovery. Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must

1    be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).

2         Nelson objects to Interrogatory No. **19** on the basis that the term "the position at NELSON that

3    prepares the affidavits authorizing legal action" is vague and ambiguous.  Nelson has failed to exercise

4    reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery.

5    *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal.

6    2007).

7         Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental

8    response to Interrogatory No. **19** without the stated objections and provide a substantive response.

9

10   Dated: March  5, 2010                    JOHNSON BOTTINI, LLP
                                              FRANCIS A. BOTTINI, JR.
11                                            BRETT M. WEAVER

12

13                                  By:    */s/ Brett Weaver*
                                              BRETT WEAVER
14
                                           501 West Broadway, Suite 1720
15                                         San Diego, California  92101
                                           Telephone:  (619) 230-0063
16                                         Facsimile:   (619) 238-0622

17                                         *Attorneys for Plaintiff David Tourgeman*

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF DAVID TOURGEMAN'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION TO COMPEL