1   DANIEL P. MURPHY (CA 153011)
    dmurphy245@yahoo.com
2   4691 Torrey Circle, A306
    San Diego, California 92130
3   Telephone: (619) 379-2460

4   JOHNSON BOTTINI, LLP
    Francis A. Bottini, Jr. (CA 175783)
5   frankb@johnsonbottini.com
    Brett M. Weaver (CA 204715)
6   brett@johnsonbottini.com
    501 West Broadway, Suite 1720
7   San Diego, California 92101
    Telephone: (619) 230-0063
8   Facsimile: (619) 238-0622

9   *Attorneys for Plaintiff DAVID TOURGEMAN*

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| DAVID TOURGEMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLLINS FINANCIAL SERVICES, INC., a Texas corporation; NELSON & KENNARD, a California partnership; DELL FINANCIAL SERVICES, L.P., a Delaware limited partnership; CIT FINANCIAL USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 08-CV-1392-JLS(NLS)<br><br>**DECLARATION OF BRETT M. WEAVER IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS AND FOR SANCTIONS**<br><br>Date:         April 5, 2010<br>Time:         9:30 a.m.<br>Courtroom: 1101<br>Judge:        Hon. Nita L. Stormes |

I, Brett M. Weaver, declare as follows:

I am an attorney admitted to practice in the State of California and am counsel of record for Plaintiff David Tourgeman in this action. I have personal knowledge of the facts stated below. If called upon to do so, I could and would competently testify thereto.

1. David Tourgeman ("Tourgeman") provided testimony regarding this case at his deposition on March 19, 2008. Attached to this declaration as **Exhibit "A"**, is a true and correct copy of the relevant portions of Tourgeman's deposition transcript.

2. On April 2, 2009, Tourgeman issued discovery requests to Nelson & Kennard ("Nelson") and Collins Financial ("Collins"). Attached to this declaration as **Exhibit "B"**, is a true and correct copy of Plaintiff's Request For Production of Documents to Nelson, Plaintiff's Special Interrogatories to Nelson, Plaintiff's Request For Production of Documents to Collins, and Plaintiff's Special Interrogatories to Collins.

3. On May 5, 2009, Nelson and Collins both served their written responses to Tourgeman's discovery requests. Attached to this declaration as **Exhibit "C"**, is a true and correct copy of Nelson's Response to Plaintiff's Requests For Production, Nelson's Response to Plaintiff's Special Interrogatories, Collins's Response to Plaintiff's Requests For Production, and Collins's Response to Plaintiff's Special Interrogatories.

4. Nelson's and Collins's responses to Tourgeman's Requests For Production and Special Interrogatories were both evasive and incomplete in many respects. To resolve these issues, on June 24, 2009, I sent Nelson's and Collins's counsel, Tomio Narita, a letter for the purpose of meeting and conferring regarding the inadequacy of his clients' responses. My letter explained, in detail, the reasons why Nelson's and Collins's responses were deficient. Attached to this declaration as **Exhibit "D"**, is a true and correct copy of that letter.

5. Mr. Narita did not provide a written response to my meet and confer letter dated June 24, 2009. Instead, Mr. Narita told me that Tourgeman's discovery requests were premature until the Court ruled on the motions to dismiss and the not yet filed motion for summary judgment.

6. Having received no response from Mr. Narita to my June 24, 2009 letter, and with depositions rapidly approaching, I sent Mr. Narita a letter on December 4, 2009, reiterating

1  Tourgeman's request for supplemental responses. Attached as **Exhibit "E"**, is a true and correct copy of this letter.

7. On December 17, I received a letter from Mr. Narita regarding Nelson's and Collins's discovery responses. Mr. Narita's letter provided many of the same objections stated in his clients' discovery responses. Although Mr. Narita agreed to provide supplemental responses to a select few discovery requests, he did not specify when those supplemental responses would be provided. Attached as **Exhibit "F"**, is a true and correct copy of this letter.

8. On December 29, 2009 I sent Mr. Narita a 14-page letter outlining in detail the deficiencies in Nelson's and Collins's continued objections to Tourgeman's discovery requests. Attached as **Exhibit "G"**, is a true and correct copy of this letter.

9. On January 7, 2010, Mr. Narita and I engaged in a nearly two hour telephonic meet and confer discussion regarding this matter. While Mr. Narita agreed to produce some additional documents and provide supplemental responses to a few discovery requests, he did not specify when those supplemental responses would be provided. During this conversation, Mr. Narita and I discussed our respective positions regarding Nelson's and Collins's duties to provide additional responses to certain discovery requests, but were largely unable to resolve our differences.

10. On January 8, 2010, I sent Mr. Narita a letter memorializing our telephonic meet and confer discussion and reiterated our request for supplemental responses. Attached as **Exhibit "H"**, is a true and correct copy of this letter.

11. On January 15, 2010, I received a letter from Mr. Narita regarding his clients' discovery responses. Although Mr. Narita stated that supplemental responses to a few discovery requests would be forthcoming, he did not specify when they could be expected. Attached as **Exhibit "I"**, is a true and correct copy of this letter.

12. On January 26, 2010, I received a limited number of supplemental responses from Defendants. Attached as **Exhibit "J"**, is a true and correct copy of Nelson's Supplemental Responses to Plaintiff's Requests For Production, Nelson's Supplemental Responses to Plaintiff's Special Interrogatories, Collin's Supplemental Responses to Plaintiff's Requests For Production, and Collin's Supplemental Responses to Plaintiff's Special Interrogatories.

13. As of the time of this declaration, Tourgeman has not received a privilege log from Nelson or Collins.

14. Even though Paragon Way is tasked with collecting debt on Collin's behalf, Collins has filed numerous lawsuits against alleged debtors in Collins's name. During the class period, Collins filed more than 300 cases against alleged debtors in the San Diego Superior Court alone.

15. During our telephonic meet and confer discussion on January 7, 2010, Mr. Narita confirmed that Paragon Way is Collins's subsidiary and collects debts on Collins's behalf. Mr. Narita agreed to provide supplemental responses and documents related to Paragon Way.

16. The parties noticed the deposition of Patricia Baxter, Collins's Senior Vice President and General Counsel, for January 21, 2010. I cancelled the deposition because Collins did not provide the requested supplemental responses and responsive documents in a timely manner. The January 29, 2010 deposition of Jonathon Ayers, an attorney employed at Nelson, was also taken off the calendar because Nelson failed to provide verified supplemental discovery responses.

17. On December 9, 2009, I sent Mr. Narita a follow-up email, referencing my December 4, 2009 letter and asking for supplemental responses. On December 17, 2009, I sent Mr. Narita a second follow-up email regarding discovery.

18. The parties met and conferred with respect to Collins's response to Interrogatory No. 11 but reached an impasse – Collins refused to provide any documentation evidencing its financial arrangements with Dell.

19. I offered to sign a protective order for all requests that sough financial information or sensitive contractual agreements. Mr. Narita ignored my offer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of March, 2010, at San Diego, California.

                                                  /s/ Brett M. Weaver
                                                BRETT M. WEAVER