# EXHIBIT B

1  DANIEL P. MURPHY (CA 153011)
   dmurphy245@yahoo.com
2  4691 Torrey Circle, A306
   San Diego, California  92130
3  Telephone:  (619) 379-2460

4  JOHNSON BOTTINI, LLP
   Francis A. Bottini, Jr. (CA 175783)
5  frankb@johnsonbottini.com
   Brett M. Weaver (CA 204715)
6  brett@johnsonbottini.com
   Derek J. Wilson (CA 250309)
7  derekw@johnsonbottini.com
   655 West Broadway, Suite 1400
8  San Diego, California  92101
   Telephone:  (619) 230-0063
9  Facsimile:  (619) 233-5535

10  *Attorneys for Plaintiff DAVID TOURGEMAN*

11            **UNITED STATES DISTRICT COURT**

12          **SOUTHERN DISTRICT OF CALIFORNIA**

13  DAVID TOURGEMAN,                    CASE NO.: 08-CV-1392-JLS(NLS)

14                                      **PLAINTIFF DAVID TOURGEMAN'S**
                                        **REQUEST FOR PRODUCTION OF**
15              Plaintiff,              **DOCUMENTS TO DEFENDANT**
                                        **NELSON & KENNARD (SET ONE)**
16       vs.
                                        Judge:  Honorable Janis L. Sammartino
17  COLLINS FINANCIAL SERVICES, INC., a
    corporation; NELSON & KENNARD, a
18  partnership, DELL FINANCIAL SERVICES,
    L.P., a limited partnership; DFS
19  ACCEPTANCE, a corporation; DFS
    PRODUCTION, a corporation, AMERICAN
20  INVESTMENT BANK, N.A., a corporation;
    and DOES 1 through 10, inclusive,

21          Defendants.

22
    **PROPOUNDING PARTY:**     **Plaintiff DAVID TOURGEMAN**
23
    **RESPONDING PARTY:**      **Defendant NELSON & KENNARD**
24
    **SET NO.:**               **ONE**
25
         Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff David Tourgeman requests that
26
    Defendant Nelson & Kennard produce and permit inspection and production of the DOCUMENTS and
27
    tangible things related to or falling within the categories described below, within thirty (30) days from
28

-1-

1  the date of service, at Johnson Bottini, LLP, 655 West Broadway, Suite 1400, San Diego, CA 92101.

2  If for any reason the inspection and copying of said documents and things shall not be completed on the

3  date and time set forth above, the inspection and copying thereof shall be continued from day to day at

4  the same place until completed.

5  **DEFINITIONS**

6      1.      As used in these requests, the terms "NELSON" means Defendant Nelson &

7  Kennard, and any of its past or present agents, employees, representatives, attorneys, accountants,

8  investigators, assigns, predecessors-in-interest, successors-in-interest, or anyone else acting on

9  Nelson & Kennard's behalf.

10     2.      As used in these requests, the terms "COLLINS" means Defendant Collins Financial

11  Services, Inc., and any of its past or present agents, employees, representatives, attorneys,

12  accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, or anyone else

13  acting on Collins Financial Services, Inc.'s behalf.

14     3.      As used in these requests, the terms "DOCUMENT" and "DOCUMENTS" mean, every

15  writing or record of every type and description that is in the possession, custody, or control of YOU,

16  including, but not limited to, correspondence, memoranda, stenographic or handwritten notes, studies,

17  publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical

18  compilations, data processing cards, or computer records, files, disks, or tapes or print-outs; agreements,

19  communications, state and federal governmental hearings, and reports, correspondence, telegrams,

20  memoranda, summaries or records of telephone conversations, summaries or records of personal

21  conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches,

22  maps, summaries or records of meetings or conferences, summaries or reports of investigations or

23  negotiations, opinions or reports of consultants, photographs, motion picture film, brochures,

24  pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing

25  on any document, and all other writings.

26     4.      As used in these requests, the term "ALL DOCUMENTS" shall be construed to mean

27  every DOCUMENT, as above-defined, within the custody, possession, or control of YOU and YOUR

28

1   representatives, employees, and/or agents, whether an original or copy, known to YOU and every such

2   DOCUMENT or writing which YOU can locate or discover by reasonably diligent efforts.

3       5.      As used in these requests, the term "RELATE TO" or "RELATING TO" means, by way

4   of example and without limitation, demonstrates, describes, memorializes, evidences, comprises, refers

5   to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and

6   contentions specified in the Request.

7       6.      As used in these requests, the term "CONCERNING" means relating to, referring to,

8   describing, discussing, evidencing, regarding, or constituting.

9       7.      As used in these requests, the terms "YOU" and "YOUR" mean the responding

10  defendant and any other person or entity acting on their behalf.

11      8.      As used in these requests, the terms "COMMUNICATION," "COMMUNICATED," or

12  "COMMUNICATIONS" refers to every manner or means of disclosure, transfer, or exchange of

13  information (in the form of facts, ideas, inquiries, or otherwise), whether orally, electronically, by

14  document, telecopier, mail, electronic mail, personal delivery, or otherwise.

15      9.      As used in these requests, the term "AGENCY" refers to any federal, state, or local

16  governmental agency, and any of its divisions, departments, committees, predecessors, successors,

17  officers, executives, representatives, employees, or agents, including, but not limited to, attorneys,

18  accountants, or government investigators.

19      10.     The word "ANY" shall be construed to mean "any and all."

20      11.     The connectives "AND" and "OR" shall be construed either disjunctively or

21  conjunctively as necessary to bring within the scope of the discovery request ALL DOCUMENTS and

22  responses that might otherwise be construed to be outside the demand's scope.

23      12.     The use of the singular form of any word includes the plural and vice versa.

24                          **GENERAL INSTRUCTIONS**

25      1.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively

26  as necessary to bring within the scope of the document request all responses that otherwise might be

27  construed to be outside of the demand's scope.

28      2.      The use of the singular form shall be deemed to include the plural form and vice versa.

3.     The use of one gender of pronoun shall include all others, as appropriate in the context.

4.     This Request covers all DOCUMENTS in NELSON's possession, or subject to NELSON's custody or control, whether such DOCUMENTS are held by YOU or by YOUR agents, employees, investigators, attorneys, or accountants, and whether such DOCUMENTS are located in NELSON's principal office, NELSON's foreign, subsidiary, regional, or divisional offices, or any other office or storage place maintained, utilized, operated, owned, or controlled by YOU.

5.     For any DOCUMENT which you claim is protected against disclosure as "work product" or "privileged," please provide the following information:

     (a)     A description of the DOCUMENT sufficiently particular to identify it and to enable the requesting party to identify it, and to disclose or produce it in response to an order of the above-entitled Court;

     (b)     Its author or a list of all persons who participated in the preparation of the DOCUMENT;

     (c)     Its date;

     (d)     All addresses or recipients (including the identity of all persons who have received a copy);

     (e)     The identity of all persons who now have or have ever had possession, custody, or control of the original or any copy of such DOCUMENT, or to whom the contents of the DOCUMENT have been disclosed;

     (f)     Its subject matter; and

     (g)     The basis on which the privilege is claimed.

6.     File folders with tabs or labels identifying DOCUMENTS must be produced intact with the DOCUMENTS.

7.     DOCUMENTS attached to each other should not be separated.

8.     Selection of DOCUMENTS from files and other sources shall be performed in a manner sufficient to ensure that the source of each DOCUMENT may be determined, if necessary.

9.     In responding to these requests, furnish all responsive DOCUMENTS available at the time of production, including DOCUMENTS in the possession of your agents and representatives.

1    10.    This is a continuing request for the production of DOCUMENTS. If after making your

2  initial production you obtain or become aware of any further DOCUMENTS responsive to this request,

3  YOU are required to produce such additional DOCUMENTS to Plaintiff.

4    11.    You are requested to produce all DOCUMENTS described below that are in your

5  custody or under your control in the form and in the same order within each file in which they are

6  located prior to production.  The file folders, boxes, binders, or other containers in which such

7  DOCUMENTS are found are also requested to be produced intact, including the title, labels, or other

8  description of each such folder, box, binder, or container.

9    12.    Notwithstanding the assertion of your objection, any requested DOCUMENT which you

10  object to furnishing but which nevertheless contains non-objectionable information which is responsive

11  to any request must be produced, but that portion of the DOCUMENT for which the objection is

12  asserted may be withheld provided that the above requested information is furnished.

13    13.    Each DOCUMENT requested herein is requested to be produced in its entirety and

14  without deletion or excisions, regardless of whether you consider the entire DOCUMENT to be relevant

15  or responsive to these requests.  If you have redacted any portion of a DOCUMENT, stamp the word

16  "REDACTED" on each portion of the DOCUMENT which you have redacted.  Redactions should be

17  included on the privilege log described above.

18                                    **RELEVANT PERIOD**

19    Unless otherwise stated, the relevant time period of these requests is from July 31, 2005, to the

20  present, and shall include all DOCUMENTS that RELATE TO, in whole or in part, to such period even

21  though they are dated, prepared, or received prior to or subsequent to that period.

22                        **REQUESTS FOR PRODUCTION OF DOCUMENTS**

23  **REQUEST FOR PRODUCTION NO. 1:**

24    Please produce ALL COMMUNICATIONS between NELSON and COLLINS that RELATE

25  TO Plaintiff David Tourgeman and the collection of his alleged debt. To the extent that these

26  communications need to be redacted for privilege, please provide Plaintiff with a privilege log as

27  described above.

28

**REQUEST FOR PRODUCTION NO. 2:**

Please produce ALL training materials RELATING TO the collection of debts YOU provide to NELSON employees.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce ALL DOCUMENTS CONCERNING the duties and responsibilities of NELSON employees who receive data RELATING TO alleged debts.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for investigating alleged debts.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for filing a lawsuit against an alleged debtor.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for dismissing a complaint filed against an alleged debtor.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce ALL form letters, enclosures, envelopes, complaints, memoranda, etc., used by NELSON in its debt collection activity.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of Plaintiff David Tourgeman's alleged debt.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce ALL DOCUMENTS that RELATE TO any communications between YOU and COLLINS regarding collection practices and procedures.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce ALL complaints that YOU filed on behalf of COLLINS from July 31, 2007 to the present suing for breach of contract or under Rule 3.740 "collections cases."

1   **REQUEST FOR PRODUCTION NO. 11:**

2       Please produce ALL DOCUMENTS that RELATE TO the financial arrangement between YOU

3   and COLLINS.

4   **REQUEST FOR PRODUCTION NO. 12:**

5       Please produce ALL DOCUMENTS that RELATE TO the number of alleged debtors that YOU

6   filed complaints against from July 31, 2007 to the present.

7   **REQUEST FOR PRODUCTION NO. 13:**

8       Please produce ALL DOCUMENTS that RELATE TO the number of alleged debtors that YOU

9   mailed letters to requesting payment of an alleged debt from July 31, 2007 to the present.

10  **REQUEST FOR PRODUCTION NO. 14:**

11      Please produce ALL DOCUMENTS that RELATE TO YOUR 1692g notices, including but not

12  limited to every sample collection letter YOU send to alleged debtors.

13  **REQUEST FOR PRODUCTION NO. 15:**

14      Please produce ALL DOCUMENTS RELATING TO the procedures and guidelines YOU set to

15  collect debts.

16  **REQUEST FOR PRODUCTION NO. 16:**

17      Please produce ALL copies of the complaint in any litigation filed against NELSON alleging

18  violations of the Fair Debt Collection Practices Act and the Rosenthal Act.

19  **REQUEST FOR PRODUCTION NO. 17:**

20      Please produce ALL DOCUMENTS that RELATE TO YOUR policy for the retention and

21  destruction of records, DOCUMENTS, or files from July 31, 2007 to the present.

22  **REQUEST FOR PRODUCTION NO. 18:**

23      Please produce ALL DOCUMENTS that RELATE TO the complaint YOU filed in San Diego

24  Superior Court on August 2, 2007, Case No. 37-2007-00072265-CL-CL-CTL (*"Collins v.*

25  *Tourgeman"*), including, but not limited to, all documents YOU relied on in drafting the complaint.

26  **REQUEST FOR PRODUCTION NO. 19:**

27      Please produce ALL DOCUMENTS relating to the maintenance of procedures by NELSON

28  adopted to avoid any violation of the Fair Debt Collection Practices Act and the Rosenthal Act.

1   **REQUEST FOR PRODUCTION NO. 20:**

2       Please produce ALL material, including video and audio tapes, pertaining to training by or for

3   NELSON and its employees regarding the Fair Debt Collection Practices Act and the Rosenthal Act.

4   **REQUEST FOR PRODUCTION NO. 21:**

5       Please produce ALL DOCUMENTS RELATING TO insurance policies covering NELSON for

6   violation of the Fair Debt Collection Practices Act and the Rosenthal Act.

7   **REQUEST FOR PRODUCTION NO. 22:**

8       Please produce ALL DOCUMENTS that RELATE TO an investigation of NELSON by an

9   AGENCY for violations of California's Unfair Competition Laws, the Federal Debt Collection

10   Practices Act and the Rosenthal Act.

11   **REQUEST FOR PRODUCTION NO. 23:**

12       Please produce ALL DOCUMENTS that RELATE TO NELSON's procedures to verify alleged

13   debts when received from a debt collector client, including but not limited to, COLLINS.

14   **REQUEST FOR PRODUCTION NO. 24:**

15       Please produce ALL DOCUMENTS that RELATE TO the retention agreements, including the

16   retention agreements themselves (or other operative document describing the respective duties and

17   obligations of client and attorney), if any, between NELSON and COLLINS.

18   **REQUEST FOR PRODUCTION NO. 25:**

19       Please produce ALL DOCUMENTS that RELATE TO NELSON's policies and procedures for

20   settling alleged debts with debtors.

21   **REQUEST FOR PRODUCTION NO. 26:**

22       Please produce ALL DOCUMENTS that RELATE TO NELSON's revenue for each calendar

23   year from 2005 to the present, including but not limited to financial summaries, period reports, tax

24   returns and financial statements.

25   **REQUEST FOR PRODUCTION NO. 27:**

26       Please produce ALL DOCUMENTS that RELATE TO NELSON's phone calls, including but

27   not limited to phone records and call logs, placed to David Tourgeman, Cesar Tourgeman, Rebecca

28   Tourgeman or anyone else for the purposes of collecting David Tourgeman's alleged debt.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce ALL DOCUMENTS that RELATE TO NELSON's processes for receiving the transmitted account information of debtors from COLLINS.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce ALL DOCUMENTS that RELATE TO NELSON' contracts with skip-tracing services and other data providers YOU use to find current information for any alleged debtor.

DATED:  April 2, 2009

JOHNSON BOTTINI, LLP

By: _____
DEREK J. WILSON

FRANCIS A. BOTTINI, JR.
BRETT M. WEAVER
DEREK J. WILSON
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone:  (619) 230-0063
Facsimile:  (619) 233-5535

*Attorneys for Plaintiff David Tourgeman*

1   DANIEL P. MURPHY (CA 153011)
    dmurphy245@yahoo.com
2   4691 Torrey Circle, A306
    San Diego, California 92130
3   Telephone: (619) 379-2460

4   JOHNSON BOTTINI, LLP
    Francis A. Bottini, Jr. (CA 175783)
5   frankb@johnsonbottini.com
    Brett M. Weaver (CA 204715)
6   brett@johnsonbottini.com
    Derek J. Wilson (CA 250309)
7   derekw@johnsonbottini.com
    655 West Broadway, Suite 1400
8   San Diego, California 92101
    Telephone: (619) 230-0063
9   Facsimile: (619) 233-5535

10  *Attorneys for Plaintiff DAVID TOURGEMAN*

11              **UNITED STATES DISTRICT COURT**

12              **SOUTHERN DISTRICT OF CALIFORNIA**

13  DAVID TOURGEMAN,                    CASE NO.: 08-CV-1392-JLS(NLS)

14                                      **PLAINTIFF DAVID TOURGEMAN'S**
                Plaintiff,              **SPECIAL INTERROGATORIES TO**
15                                      **DEFENDANT NELSON & KENNARD**
        vs.                            **(SET ONE)**
16
    COLLINS FINANCIAL SERVICES, INC., a
17  corporation; NELSON & KENNARD, a
    partnership, DELL FINANCIAL SERVICES,   Judge: Honorable Janis L. Sammartino
18  L.P., a limited partnership; DFS
    ACCEPTANCE, a corporation; DFS
19  PRODUCTION, a corporation, AMERICAN
    INVESTMENT BANK, N.A., a corporation;
20  and DOES 1 through 10, inclusive,

21              Defendants.

22  **PROPOUNDING PARTY:**   **Plaintiff DAVID TOURGEMAN**
23
    **RESPONDING PARTY:**    **Defendant NELSON & KENNARD**
24
    **SET NO.:**             **ONE**
25
        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff David Tourgeman hereby
26
    requests that Defendant Nelson & Kennard answer separately and under oath the following Special
27
    Interrogatories within thirty (30) days from the date of service.
28
    //

**GENERAL INSTRUCTIONS**

1.      Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives, or consultants and information which is known by each of them.  An incomplete or evasive answer is a failure to answer.

2.      If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

3.      Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of July 31, 2007 to the present.  Each Interrogatory is considered continuing, and, if Nelson & Kennard obtains information which renders its answers, or one of them, incomplete or inaccurate, Nelson & Kennard is obligated to serve amended answers on the undersigned.

4.      The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, custody, or control of Nelson & Kennard of which Nelson & Kennard has knowledge, whether originals or copies.  Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind, whether handwritten, typed, printed, mimeographed, photocopied, or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols, or information are recorded.

5.      A request to identify a document is a request to state as applicable:

      1.      The date of the document;

2.   The type of document;

3.   The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

4.   The name of the employer or principal whom the signers, addressers, and preparers were representing;

5.   The present location of the document;

6.   The name and current business and home addresses of the present custodians of the original document, and any copies of it;

7.   A summary of the contents of the document; and

8.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

6.   If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please identify the number of persons and entities in the United States who you contacted for the purposes of debt collection from July 31, 2007 to the present.   (As used throughout these interrogatories, "NELSON" means Defendant Nelson & Kennard and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, or anyone else acting on Nelson & Kennard's behalf.)

**SPECIAL INTERROGATORY NO. 2:**

Please identify the number of persons and entities in the United States who you sued for the purposes of debt collection from July 31, 2006 to the present.

**SPECIAL INTERROGATORY NO. 3:**

Please state the name(s), business address(es), and job title(s) or capacity(ies) of the officer(s), employee(s), or agent(s) answering or providing any information used to answer each Interrogatory.

PLAINTIFF DAVID TOURGEMAN'S SPECIAL INTERROGATORIES TO DEFENDANT NELSON & KENNARD (SET ONE)

1  **SPECIAL INTERROGATORY NO. 4:**

2      Please state the form of NELSON's organization and the date and place the organization was

3  organized and registered and/or licensed to do business.

4  **SPECIAL INTERROGATORY NO. 5:**

5      Please describe NELSON's procedures and policies for receiving debt related information from

6  NELSON's client.

7  **SPECIAL INTERROGATORY NO. 6:**

8      Please describe NELSON's procedures and policies for determining the debt amount NELSON

9  demands from alleged debtors, including but limited to, the method of calculating principal owed,

10  interest assessed and penalties applied.

11  **SPECIAL INTERROGATORY NO. 7:**

12      Please describe NELSON's procedures and policies for filing a lawsuit for breach of contract on

13  behalf of NELSON's client.

14  **SPECIAL INTERROGATORY NO. 8:**

15      Please describe NELSON's procedures and NELSON's client on "Rule 3.740 collections"

16  grounds.

17  **SPECIAL INTERROGATORY NO. 9:**

18      Please describe NELSON's procedures and policies for determining the debt amount NELSON

19  demands from alleged debtors, including but not limited to, the manner of calculation of principal debt,

20  interest and penalties.

21  **SPECIAL INTERROGATORY NO. 10:**

22      Please describe NELSON's procedures and policies for settling outstanding alleged debts from

23  alleged debtors.

24  **SPECIAL INTERROGATORY NO. 11:**

25      Please identify all creditors that retained NELSON - from July 31, 2006 to the present - for the

26  purposes of collecting debts.

27  **SPECIAL INTERROGATORY NO. 12:**

28      Please identify all lawsuits for breach of contract, Rule 3.740 collections cases, violations of the

-4-

1   FDCPA and violations of the Rosenthal Act –by caption, court, civil action number, and result - that

2   NELSON is or has been a party to since July 31, 2006 that contain allegations of breach of contract or

3   "Rule 3.740 collections."

4   **SPECIAL INTERROGATORY NO. 13:**

5        Did NELSON make any substantive changes in company policy from July 31, 2006 to the

6   present? If so, please identify and describe any substantive changes NELSON made – from July 31,

7   2006 to the present – to any NELSON policy or procedure in an effort to comply with the provisions of

8   the Federal Debt Collection Practices Act.

9   **SPECIAL INTERROGATORY NO. 14:**

10        Please describe the compensation agreements between NELSON and any creditor that uses

11   NELSON to file complaints against alleged debtors for breach of contract and Rule 3.740 collections.

12   **SPECIAL INTERROGATORY NO. 15:**

13        Please identify the documents NELSON relied upon to confirm the amount of David

14   Tourgeman's debt.

15   **SPECIAL INTERROGATORY NO. 16:**

16        Please identify the number of demand letters NELSON sent to alleged debtors from July 2006 to

17   the present.

18   **SPECIAL INTERROGATORY NO. 17:**

19        Please describe the work done by Jonathan Ayers to verify the information contained in the

20   complaint filed in Case No. 37-2007-00072265-CL-CL-CTL, entitled *Collins v. Tourgeman.*

21   **SPECIAL INTERROGATORY NO. 18:**

22        Please describe the process NELSON uses to skip trace alleged debtors in the event of a debtor's

23   address or phone number change.

24   **SPECIAL INTERROGATORY NO. 19:**

25        Please describe the position at NELSON that prepares the affidavit authorizing legal action

26   against an alleged debtor, including but not limited to the position's duties, responsibilities, job

27   requirements, and the number of people who perform this task for NELSON.

28

1   **SPECIAL INTERROGATORY NO. 20:**

2      If NELSON's response to Plaintiff David Tourgeman's Requests for Admission (Set One)

3   Request 3 served concurrently with Plaintiff David Tourgeman's Special Interrogatories is anything

4   other than an unqualified admission, please explain the basis for NELSON's denial.

5   **SPECIAL INTERROGATORY NO. 21:**

6      If NELSON's response to Plaintiff David Tourgeman's Requests for Admission (Set One)

7   Request 12 served concurrently with Plaintiff David Tourgeman's Special Interrogatories is anything

8   other than an unqualified admission, please explain the basis for NELSON's denial.

9

10   DATED:  April 2, 2009           JOHNSON BOTTINI, LLP

11

12                By: _____

13                               DEREK J. WILSON

14             FRANCIS A. BOTTINI, JR.
                 FRANK J. JOHNSON

15             BRETT M. WEAVER
                 DEREK J. WILSON

16             655 West Broadway, Suite 1400
                 San Diego, California  92101

17             Telephone:  (619) 230-0063
                 Facsimile:  (619) 233-5535

18             *Attorneys for Plaintiff David Tourgeman*

19

20

21

22

23

24

25

26

27

28

PLAINTIFF DAVID TOURGEMAN'S SPECIAL INTERROGATORIES TO DEFENDANT NELSON & KENNARD (SET ONE)

1  DANIEL P. MURPHY (CA 153011)
   dmurphy245@yahoo.com
2  4691 Torrey Circle, A306
   San Diego, California  92130
3  Telephone:  (619) 379-2460

4  JOHNSON BOTTINI, LLP
   Francis A. Bottini, Jr. (CA 175783)
5  frankb@johnsonbottini.com
   Brett M. Weaver (CA 204715)
6  brett@johnsonbottini.com
   Derek J. Wilson (CA 250309)
7  derekw@johnsonbottini.com
   655 West Broadway, Suite 1400
8  San Diego, California  92101
   Telephone:  (619) 230-0063
9  Facsimile:  (619) 233-5535

10 *Attorneys for Plaintiff DAVID TOURGEMAN*

11 **UNITED STATES DISTRICT COURT**

12 **SOUTHERN DISTRICT OF CALIFORNIA**

|    |                                                                                                                                                                                                                                                                                                            |                                                                                                                                                                                                                  |
|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 13 | DAVID TOURGEMAN,                                                                                                                                                                                                                                                                                            | CASE NO.: 08-CV-1392-JLS(NLS)                                                                                                                                                                                     |
| 14 |                                                                                                                                                                                                                                                                                                            | **PLAINTIFF DAVID TOURGEMAN'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COLLINS FINANCIAL SERVICES, INC. (SET ONE)** |
| 15 | Plaintiff,                                                                                                                                                                                                                                                                                                  |                                                                                                                                                                                                                  |
| 16 | vs.                                                                                                                                                                                                                                                                                                         | Judge:  Honorable Janis L. Sammartino                                                                                                                                                                             |
| 17 | COLLINS FINANCIAL SERVICES, INC., a corporation; NELSON & KENNARD, a partnership, DELL FINANCIAL SERVICES, L.P., a limited partnership; DFS ACCEPTANCE, a corporation; DFS PRODUCTION, a corporation, AMERICAN INVESTMENT BANK, N.A., a corporation; and DOES 1 through 10, inclusive,                        |                                                                                                                                                                                                                  |
| 21 | Defendants.                                                                                                                                                                                                                                                                                                 |                                                                                                                                                                                                                  |

22 **PROPOUNDING PARTY:**   **Plaintiff DAVID TOURGEMAN**

23 **RESPONDING PARTY:**   **Defendant COLLINS FINANCIAL SERVICES, INC.**

24 **SET NO.:**   **ONE**

25     Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff David Tourgeman requests that

26 Defendant Collins Financial Services, Inc. produce and permit inspection and production of the

27 DOCUMENTS and tangible things related to or falling within the categories described below, within

28

-1-

1   thirty (30) days from the date of service, at Johnson Bottini, LLP, 655 West Broadway, Suite 1400,

2   San Diego, CA 92101. If for any reason the inspection and copying of said documents and things shall

3   not be completed on the date and time set forth above, the inspection and copying thereof shall be

4   continued from day to day at the same place until completed.

5   **DEFINITIONS**

6      1.      As used in these requests, the terms "COLLINS" means Defendant Collins Financial

7   Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants,

8   investigators, assigns, predecessors-in-interest, successors-in-interest, or anyone else acting on Collins

9   Financial Services, Inc.'s behalf.

10     2.      As used in these requests, the terms "NELSON" means Defendant Nelson & Kennard,

11  and any of its past or present agents, employees, representatives, attorneys, accountants, investigators,

12  assigns, predecessors-in-interest, successors-in-interest, or anyone else acting on Nelson & Kennard's

13  behalf.

14     3.      As used in these requests, the terms "DOCUMENT" and "DOCUMENTS" mean,

15  every writing or record of every type and description that is in the possession, custody, or control of

16  YOU, including, but not limited to, correspondence, memoranda, stenographic or handwritten notes,

17  studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes

18  or statistical compilations, data processing cards, or computer records, files, disks, or tapes or print-

19  outs; agreements, communications, state and federal governmental hearings, and reports,

20  correspondence, telegrams, memoranda, summaries or records of telephone conversations,

21  summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks,

22  note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences,

23  summaries or reports of investigations or negotiations, opinions or reports of consultants,

24  photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases,

25  drafts, letters, any marginal comments appearing on any document, and all other writings.

26     4.      As used in these requests, the term "ALL DOCUMENTS" shall be construed to

27  mean every DOCUMENT, as above-defined, within the custody, possession, or control of YOU and

28  YOUR representatives, employees, and/or agents, whether an original or copy, known to YOU and

1  every such DOCUMENT or writing which YOU can locate or discover by reasonably diligent

2  efforts.

3       5.     As used in these requests, the term "RELATE TO" or "RELATING TO" means, by

4  way of example and without limitation, demonstrates, describes, memorializes, evidences,

5  comprises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the

6  matters, facts, and contentions specified in the Request.

7       6.     As used in these requests, the term "CONCERNING" means relating to, referring to,

8  describing, discussing, evidencing, regarding, or constituting.

9       7.     As used in these requests, the terms "YOU" and "YOUR" mean the responding

10  defendant and any other person or entity acting on their behalf.

11       8.     As used in these requests, the terms "COMMUNICATION," "COMMUNICATED,"

12  or "COMMUNICATIONS" refers to every manner or means of disclosure, transfer, or exchange of

13  information (in the form of facts, ideas, inquiries, or otherwise), whether orally, electronically, by

14  document, telecopier, mail, electronic mail, personal delivery, or otherwise.

15       9.     As used in these requests, the term "AGENCY" refers to any federal, state, or local

16  governmental agency, and any of its divisions, departments, committees, predecessors, successors,

17  officers, executives, representatives, employees, or agents, including, but not limited to, attorneys,

18  accountants, or government investigators.

19       10.    The word "ANY" shall be construed to mean "any and all."

20       11.    The connectives "AND" and "OR" shall be construed either disjunctively or

21  conjunctively as necessary to bring within the scope of the discovery request ALL  DOCUMENTS

22  and responses that might otherwise be construed to be outside the demand's scope.

23       12.    The use of the singular form of any word includes the plural and vice versa.

24                     **GENERAL INSTRUCTIONS**

25       1.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively

26  as necessary to bring within the scope of the document request all responses that otherwise might be

27  construed to be outside of the demand's scope.

28       2.     The use of the singular form shall be deemed to include the plural form and vice versa.

1    3.    The use of one gender of pronoun shall include all others, as appropriate in the context.

2    4.    This Request covers all DOCUMENTS in COLLINS' possession, or subject to

3    COLLINS' custody or control, whether such DOCUMENTS are held by YOU or by YOUR agents,

4    employees, investigators, attorneys, or accountants, and whether such DOCUMENTS are located in

5    COLLINS' principal office, COLLINS' foreign, subsidiary, regional, or divisional offices, or any other

6    office or storage place maintained, utilized, operated, owned, or controlled by YOU.

7    5.    For any DOCUMENT which you claim is protected against disclosure as "work product"

8    or "privileged," please provide the following information:

9    (a)    A description of the DOCUMENT sufficiently particular to identify it and to

10           enable the requesting party to identify it, and to disclose or produce it in

11           response to an order of the above-entitled Court;

12    (b)    Its author or a list of all persons who participated in the preparation of the

13           DOCUMENT;

14    (c)    Its date;

15    (d)    All addresses or recipients (including the identity of all persons who have

16           received a copy);

17    (e)    The identity of all persons who now have or have ever had possession, custody,

18           or control of the original or any copy of such DOCUMENT, or to whom the

19           contents of the DOCUMENT have been disclosed;

20    (f)    Its subject matter; and

21    (g)    The basis on which the privilege is claimed.

22    6.    File folders with tabs or labels identifying DOCUMENTS must be produced intact with

23    the DOCUMENTS.

24    7.    DOCUMENTS attached to each other should not be separated.

25    8.    Selection of DOCUMENTS from files and other sources shall be performed in a manner

26    sufficient to ensure that the source of each DOCUMENT may be determined, if necessary.

27    9.    In responding to these requests, furnish all responsive DOCUMENTS available at the

28    time of production, including DOCUMENTS in the possession of your agents and representatives.

-4-

1      10.    This is a continuing request for the production of DOCUMENTS. If after making your

2  initial production you obtain or become aware of any further DOCUMENTS responsive to this request,

3  YOU are required to produce such additional DOCUMENTS to Plaintiff.

4      11.    You are requested to produce all DOCUMENTS described below that are in your

5  custody or under your control in the form and in the same order within each file in which they are

6  located prior to production.  The file folders, boxes, binders, or other containers in which such

7  DOCUMENTS are found are also requested to be produced intact, including the title, labels, or other

8  description of each such folder, box, binder, or container.

9      12.    Notwithstanding the assertion of your objection, any requested DOCUMENT which you

10  object to furnishing but which nevertheless contains non-objectionable information which is responsive

11  to any request must be produced, but that portion of the DOCUMENT for which the objection is

12  asserted may be withheld provided that the above requested information is furnished.

13      13.    Each DOCUMENT requested herein is requested to be produced in its entirety and

14  without deletion or excisions, regardless of whether you consider the entire DOCUMENT to be relevant

15  or responsive to these requests.  If you have redacted any portion of a DOCUMENT, stamp the word

16  "REDACTED" on each portion of the DOCUMENT which you have redacted.  Redactions should be

17  included on the privilege log described above.

18                  **RELEVANT PERIOD**

19      Unless otherwise stated, the relevant time period of these requests is from July 31, 2005, to the

20  present, and shall include all DOCUMENTS that RELATE TO, in whole or in part, to such period even

21  though they are dated, prepared, or received prior to or subsequent to that period.

22           **REQUESTS FOR PRODUCTION OF DOCUMENTS**

23  **REQUEST FOR PRODUCTION NO. 1:**

24      Please produce ALL COMMUNICATIONS between COLLINS and NELSON that RELATE

25  TO Plaintiff David Tourgeman and the collection of his alleged debt.  To the extent that these

26  communications need to be redacted for privilege, please provide Plaintiff with a privilege log as

27  described above.

28

1  **REQUEST FOR PRODUCTION NO. 2**:

2      Please produce ALL training materials that RELATE TO debt collection YOU provide to

3  COLLINS employees.

4  **REQUEST FOR PRODUCTION NO. 3**:

5      Please produce ALL DOCUMENTS CONCERNING the duties and responsibilities of

6  COLLINS employees who receive, maintain, and send data regarding alleged debts.

7  **REQUEST FOR PRODUCTION NO. 4**:

8      Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for

9  investigating alleged debts.

10  **REQUEST FOR PRODUCTION NO. 5**:

11      Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for filing

12  a lawsuit against an alleged debtor.

13  **REQUEST FOR PRODUCTION NO. 6**:

14      Please produce ALL DOCUMENTS that RELATE TO YOUR 1692g notices, including but not

15  limited to every sample collection letter YOU send to alleged debtors.

16  **REQUEST FOR PRODUCTION NO. 7**:

17      Please produce ALL form letters, enclosures, envelopes, complaints, memoranda, etc., used by

18  COLLINS in YOUR debt collection activity.

19  **REQUEST FOR PRODUCTION NO. 8**:

20      Please produce ALL DOCUMENTS YOU relied upon to verify Plaintiff David Tourgeman's

21  alleged debt.

22  **REQUEST FOR PRODUCTION NO. 9**:

23      Please produce ALL DOCUMENTS that RELATE TO COLLINS' collection practices and

24  procedures.

25  **REQUEST FOR PRODUCTION NO. 10**:

26      Please produce ALL DOCUMENTS that RELATE TO financial arrangements between YOU

27  and NELSON.

28

**REQUEST FOR PRODUCTION NO. 11:**

Please produce ALL DOCUMENTS that RELATE TO the financial arrangement between YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial Services, Inc.'s behalf.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce ALL DOCUMENTS pertaining to the number of alleged debtors that YOU filed complaints against from July 31, 2007 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce ALL DOCUMENTS pertaining to the number of alleged debtors that YOU mailed letters to requesting payment of an alleged debt from July 31, 2007 to the present.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of Plaintiff David Tourgeman's alleged debt.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce ALL DOCUMENTS RELATING TO YOUR organization of COLLINS' employees, including any subsidiaries or affiliates.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce ALL copies of each complaint in any litigation filed against COLLINS, if any, alleging violations of the Fair Debt Collection Practices Act and the Rosenthal Act.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce ALL DOCUMENTS that RELATE TO YOUR policy for the retention and destruction of records, DOCUMENTS, or files from July 31, 2007 to the present.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce ALL DOCUMENTS that RELATE TO the complaint YOU filed as a plaintiff in San Diego Superior Court on August 2, 2007, Case No. 37-2007-00072265-CL-CL-CTL ("*Collins v.*

1   *Tourgeman*"), including, but not limited to, all documents YOU relied on in authorizing the complaint's

2   filing.

3   **REQUEST FOR PRODUCTION NO. 19:**

4       Please produce ALL DOCUMENTS relating to the maintenance or change of procedures by

5   COLLINS adopted to avoid any violation of the Fair Debt Collection Practices Act and the Rosenthal

6   Act.

7   **REQUEST FOR PRODUCTION NO. 20:**

8       Please produce ALL DOCUMENTS RELATING TO insurance policies covering COLLINS for

9   civil law violations, including breach of contract, California's Unfair Competition Laws, the Federal

10   Debt Collection Practices Act and the Rosenthal Act.

11   **REQUEST FOR PRODUCTION NO. 21:**

12       Please produce ALL DOCUMENTS that RELATE TO an investigation of COLLINS by an

13   AGENCY for violations of California's Unfair Competition Laws, the Federal Debt Collection

14   Practices Act and the Rosenthal Act.

15   **REQUEST FOR PRODUCTION NO. 22:**

16       Please produce ALL DOCUMENTS that RELATE TO the retention agreements, including the

17   retention agreements themselves (or other operative document describing the respective duties and

18   obligations of client and attorney), if any, between COLLINS and NELSON.

19   **REQUEST FOR PRODUCTION NO. 23:**

20       Please produce ALL DOCUMENTS that RELATE TO COLLINS' phone calls, including but

21   not limited to phone records and call logs, placed to David Tourgeman, Cesar Tourgeman, Rebecca

22   Tourgeman or anyone else for the purposes of collecting David Tourgeman's alleged debt.

23   **REQUEST FOR PRODUCTION NO. 24:**

24       Please produce ALL DOCUMENTS that RELATE TO COLLINS' policies and procedures for

25   settling alleged debts with debtors.

26

27

28

PLAINTIFF DAVID TOURGEMAN'S REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT COLLINS FINANCIAL SERVICES, INC. (SET ONE)

**REQUEST FOR PRODUCTION NO. 25**:

Please produce ALL DOCUMENTS that RELATE TO COLLINS' revenue for each calendar year from 2005 to the present, including but not limited to financial summaries, period reports, tax returns and financial statements.

**REQUEST FOR PRODUCTION NO. 26**:

Please produce ALL DOCUMENTS that RELATE TO COLLINS' processes for transmitting account information of debtors to NELSON.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce ALL DOCUMENTS that RELATE TO the contractual relationship between YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial Services, Inc.'s behalf.

**REQUEST FOR PRODUCTION NO. 28**:

Please produce ALL DOCUMENTS that RELATE TO COLLINS' contracts with skip-tracing services and other data providers YOU use to find current information for any alleged debtor.


DATED:  April 2, 2009                          JOHNSON BOTTINI, LLP


                                         By: _____
                                                    DEREK J. WILSON

                                         FRANCIS A. BOTTINI, JR.
                                         BRETT M. WEAVER
                                         DEREK J. WILSON
                                         655 West Broadway, Suite 1400
                                         San Diego, California  92101
                                         Telephone:  (619) 230-0063
                                         Facsimile:   (619) 233-5535

                                         *Attorneys for Plaintiff David Tourgeman*

1  DANIEL P. MURPHY (CA 153011)
   dmurphy245@yahoo.com
2  4691 Torrey Circle, A306
   San Diego, California 92130
3  Telephone: (619) 379-2460

4  JOHNSON BOTTINI, LLP
   Francis A. Bottini, Jr. (CA 175783)
5  frankb@johnsonbottini.com
   Frank J. Johnson (CA 174882)
6  frankj@johnsonbottini.com
   Derek J. Wilson (CA 250309)
7  derekw@johnsonbottini.com
   655 West Broadway, Suite 1400
8  San Diego, California 92101
   Telephone: (619) 230-0063
9  Facsimile: (619) 233-5535

10  *Attorneys for Plaintiff DAVID TOURGEMAN*

11              **UNITED STATES DISTRICT COURT**

12           **SOUTHERN DISTRICT OF CALIFORNIA**

13  DAVID TOURGEMAN,                    CASE NO.: 08-CV-1392-JLS(NLS)

14                                       **PLAINTIFF DAVID TOURGEMAN'S**
              Plaintiff,                 **SPECIAL INTERROGATORIES TO**
15                                       **DEFENDANT COLLINS FINANCIAL**
         vs.                             **SERVICES, INC. (SET ONE)**
16
    COLLINS FINANCIAL SERVICES, INC., a
17  corporation; NELSON & KENNARD, a     Judge: Honorable Janis L. Sammartino
    partnership, DELL FINANCIAL SERVICES,
18  L.P., a limited partnership; DFS
    ACCEPTANCE, a corporation; DFS
19  PRODUCTION, a corporation, AMERICAN
    INVESTMENT BANK, N.A., a corporation;
20  and DOES 1 through 10, inclusive,

21          Defendants.

22  **PROPOUNDING PARTY:**    **Plaintiff DAVID TOURGEMAN**
23
    **RESPONDING PARTY:**     **Defendant COLLINS FINANCIAL SERVICES, INC.**
24
    **SET NO.:**              **ONE**
25
         Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff David Tourgeman hereby
26
    requests that Defendant Collins Financial Services, Inc. answer separately and under oath the following
27
    Special Interrogatories within thirty (30) days from the date of service.
28
                              -1-

**GENERAL INSTRUCTIONS**

1.      Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives, or consultants and information which is known by each of them.  An incomplete or evasive answer is a failure to answer.

2.      If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

3.      Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of July 31, 2007 to the present.  Each Interrogatory is considered continuing, and, if Collins Financial obtains information which renders its answers, or one of them, incomplete or inaccurate, Collins Financial is obligated to serve amended answers on the undersigned.

4.      The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, custody, or control of Collins Financial of which Collins Financial has knowledge, whether originals or copies.  Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind, whether handwritten, typed, printed, mimeographed, photocopied, or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols, or information are recorded.

5.      A request to identify a document is a request to state as applicable:

1.      The date of the document;

2.      The type of document;

3.   The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

4.   The name of the employer or principal whom the signers, addressers, and preparers were representing;

5.   The present location of the document;

6.   The name and current business and home addresses of the present custodians of the original document, and any copies of it;

7.   A summary of the contents of the document; and

8.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

6.   If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please identify the number of persons and entities in the United States who you contacted for the purposes of debt collection from July 31, 2007 to the present.   (As used throughout these interrogatories, "COLLINS" or "Collins Financial" means Defendant Collins Financial Services, Inc. and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, or anyone else acting on Collins Financial Services, Inc.'s behalf.)

**SPECIAL INTERROGATORY NO. 2:**

Please state the name(s), business address(es), and job title(s) or capacity(ies) of the officer(s), employee(s), or agent(s) answering or providing any information used to answer each Interrogatory.

**SPECIAL INTERROGATORY NO. 3:**

Please state the form of COLLINS' organization, including all subsidiaries and affiliates, and the date and place the organization was organized and registered and/or licensed to do business.

1 | **SPECIAL INTERROGATORY NO. 4:**

2 |      Please describe COLLINS' procedures and policies for receiving debt related information from

3 | the entity COLLINS purchases debt from.

4 | **SPECIAL INTERROGATORY NO. 5:**

5 |      Please describe COLLINS' procedures and policies for verifying debt related information from

6 | the entity COLLINS purchases debt from.

7 | **SPECIAL INTERROGATORY NO. 6:**

8 |      Please describe COLLINS' procedures and policies for investigating the addresses of alleged

9 | debtors prior to attempting contact.

10 | **SPECIAL INTERROGATORY NO. 7:**

11 |      Please describe COLLINS' procedures and policies for determining the debt amount COLLINS

12 | demands from alleged debtors, including but not limited to, the method of calculating principal owed,

13 | interest assessed and penalties applied.

14 | **SPECIAL INTERROGATORY NO. 8:**

15 |      Please describe COLLINS' procedures and policies for settling outstanding alleged debts from

16 | alleged debtors.

17 | **SPECIAL INTERROGATORY NO. 9:**

18 |      Please identify all law firms that COLLINS retained - from July 31, 2006 to the present - for the

19 | purposes of collecting debts.

20 | **SPECIAL INTERROGATORY NO. 10:**

21 |      Please identify all lawsuits for breach of contract, Rule 3.740 collections cases, violations of the

22 | FDCPA and violations of the Rosenthal Act –by caption, court, civil action number, and result - that

23 | COLLINS is or has been a party to since July 31, 2006.

24 | **SPECIAL INTERROGATORY NO. 11:**

25 |      Did COLLINS make any substantive changes in company policy from July 31, 2006 to the

26 | present?  If so, please identify and describe any substantive changes COLLINS made – from July 31,

27 | 2006 to the present – to any COLLINS policy or procedure in an effort to comply with the provisions of

28 | the Federal Debt Collection Practices Act.

-4-

1  **SPECIAL INTERROGATORY NO. 12:**

2      Please describe the compensation agreements between COLLINS and any law firm COLLINS

3  uses to file complaints against alleged debtors for breach of contract.

4  **SPECIAL INTERROGATORY NO. 13:**

5      Please identify COLLINS' policies and procedures for when a 1692g notice is returned to

6  COLLINS undelivered.

7  **SPECIAL INTERROGATORY NO. 14:**

8      Please identify the documents COLLINS relied upon to confirm the amount of David

9  Tourgeman's debt.

10  **SPECIAL INTERROGATORY NO. 15:**

11      Please identify all trade associations relating to debt collection to which COLLINS belongs.

12  **SPECIAL INTERROGATORY NO. 16:**

13      Please identify the number of letters threatening legal action COLLINS sent in each calendar

14  year from 2005 to the present

15  **SPECIAL INTERROGATORY NO. 17:**

16      Please describe the position at COLLINS that prepares the affidavit authorizing legal action

17  against an alleged debtor, including but not limited to the position's duties, responsibilities, job

18  requirements, and the number of people who perform this task for COLLINS.

19  **SPECIAL INTERROGATORY NO. 18:**

20      Please describe the process COLLINS uses to skip trace debtors in the event of a debtor's

21  address or phone number change.

22  **SPECIAL INTERROGATORY NO. 19:**

23      If COLLINS' response to Plaintiff David Tourgeman's Requests for Admission (Set One)

24  Request 3 served concurrently with Plaintiff David Tourgeman's Special Interrogatories is anything

25  other than an unqualified admission, please explain the basis for COLLINS' denial.

26  **SPECIAL INTERROGATORY NO. 20:**

27      If COLLINS' response to Plaintiff David Tourgeman's Requests for Admission (Set One)

28  Request 11 served concurrently with Plaintiff David Tourgeman's Special Interrogatories is anything

other than an unqualified admission, please explain the basis for COLLINS' denial.

DATED: April 2, 2009                              JOHNSON BOTTINI, LLP

                                          By: _____
                                                      DEREK J. WILSON

                                          FRANCIS A. BOTTINI, JR.
                                          FRANK J. JOHNSON
                                          BRETT M. WEAVER
                                          DEREK J. WILSON
                                          655 West Broadway, Suite 1400
                                          San Diego, California 92101
                                          Telephone: (619) 230-0063
                                          Facsimile: (619) 233-5535

                                          *Attorneys for Plaintiff David Tourgeman*

PLAINTIFF DAVID TOURGEMAN'S SPECIAL INTERROGATORIES TO
DEFENDANT COLLINS FINANCIAL SERVICES, INC. (SET ONE)