EXHIBIT C

RECEIVED

MAY  8 2009

MICHAEL R. SIMMONDS (SBN 96238)
TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625
msimmonds@snllp.com
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Collins Financial Services, Inc. and
Nelson & Kennard

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>          Plaintiff,<br><br>     vs.<br><br>COLLINS FINANCIAL SERVICES, INC., a corporation; NELSON & KENNARD, a partnership, DELL FINANCIAL SERVICES, L.P., a limited partnership; DFS ACCEPTANCE, a corporation, DFS PRODUCTION, a corporation, AMERICAN INVESTMENT BANK, N.A., a corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO.  08-CV-1392 JLS NLS<br><br>**DEFENDANT NELSON & KENNARD'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE** |

PROPOUNDING PARTY:              Plaintiff DAVID TOURGEMAN

RESPONDING PARTY:              Defendant NELSON & KENNARD

SET NO.:                              ONE

1    Defendant Nelson & Kennard ("Defendant") hereby objects and responds to

2  plaintiff David Tourgeman's ("Plaintiff") Requests for Production of Dcouments, Set

3  One as follows:

4

5                          **PRELIMINARY STATEMENT**

6    Defendant has not completed its investigation and discovery in this action.  The

7  responses  are based only upon Defendant's knowledge as of the date of these

8  responses, and are given without prejudice to Defendant's right to produce

9  subsequently discovered information or documents.

10

11                          **GENERAL OBJECTIONS**

12    The General Objections asserted below shall be deemed to be applicable to

13  each of Plaintiff's Requests, and are incorporated into each and every specific

14  response to each Request set forth .  Such General Objections are not waived, nor in

15  any way limited by any further objection to any specific Request.

16    A.    Defendant objects to each Request to the extent that it is overbroad and

17  subjects Defendant to unreasonable and undue annoyance, oppression, burden and

18  expense and seeks information which is not relevant to the subject matter of this

19  lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

20    B.    Defendant objects to each Request to the extent that it seeks materials

21  which are not in the possession, custody or control of Defendant and/or which are

22  equally or more readily available to Plaintiff.

23    C.    To the extent that any Request, Definition or Instruction may be construed

24  as requiring Defendant to characterize documents or their contents or to speculate as

25  to what documents may or may not show, Defendant objects to such Request as

26  vague, ambiguous and calling for legal conclusions and speculation.

27    D.    Defendant objects to each Request to the extent it seeks information which

28  constitutes, reflects, or contains communications between counsel and Defendant on

1 the grounds that such communications are protected from discovery by virtue of the

2 attorney-client privilege, the joint defense privilege, or any other recognized privilege

3 or immunity.  Defendant further objects to each Request to the extent it calls for

4 information that may reflect or contain attorney work product, on the grounds that

5 such information is protected from discovery by virtue of the attorney work product

6 doctrine.

7      E.    Defendant objects to each and every Request to the extent that it seeks

8 proprietary information, trade secrets, or information subject to protective orders,

9 confidentiality agreements, or statutory provisions that bar the disclosure of that

10 information without the consent of third parties.

11      F.    In responding to Plaintiff's Requests, to the extent not otherwise objected

12 to, Defendant has used reasonable diligence to locate responsive documents and

13 things.  To the extent Plaintiff seeks to require Defendant to do more than that,

14 Defendant objects to each Request, on the grounds it is overly broad, oppressive and

15 unduly burdensome.

16      G.    Defendant objects to each and every Request to the extent such Requests

17 seek to impose obligations beyond those permitted under the Rules of Civil

18 Procedure.

19      H.    Defendant objects to each and every Request to the extent such Requests

20 call for production of pleadings or other materials already produced in this case.

21      I.    Defendant objects to Plaintiff's definitions of the defined terms

22 "NELSON," "YOU" and "YOUR" as overbroad, vague and ambiguous, and to the

23 extent that by using such terms as defined by Plaintiff, Plaintiff seeks documents not

24 in the possession, custody or control of Defendant.  Unless otherwise indicated,

25 Defendant will only produce documents and information maintained by defendant

26 Nelson & Kennard.

27 //

28 //

1 **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

2

3 **DOCUMENT REQUEST NO. 1:**

4     Please produce ALL COMMUNICATIONS between NELSON and COLLINS

5 that RELATE TO Plaintiff David Tourgeman and the collection of his alleged debt.

6 To the extent that these communications need to be redacted for privilege, please

7 provide Plaintiff with a privilege log as described above.

8 **RESPONSE TO DOCUMENT REQUEST NO. 1:**

9     Defendant objects to this Request on the grounds that it is overbroad, unduly

10 burdensome and oppressive, and to the extent that it seeks information which is not

11 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

12 discovery of admissible evidence.  Defendant further objects to this Request to the

13 extent that it seeks proprietary information, trade secret information, information

14 subject to protective orders, confidentiality agreements, or statutory provisions that

15 bar the disclosure of that information without the consent of third parties and to the

16 extent that it seeks information subject to the attorney-client privilege or the attorney

17 work product doctrine.

18     Subject to and without waiving the forgoing objections or the General

19 Objections, Defendant will produce all documents in its possession, custody or

20 control that relate to Plaintiff, his account, or the defenses asserted in this action.

21

22 **DOCUMENT REQUEST NO. 2:**

23     Please produce ALL training materials RELATING TO the collection of debts

24 YOU provide to NELSON employees.

25 **RESPONSE TO DOCUMENT REQUEST NO. 2:**

26     Defendant objects to this Request on the grounds that it is overbroad, unduly

27 burdensome and oppressive, and to the extent that it seeks information which is not

28 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

1  discovery of admissible evidence.  Defendant further objects to this Request to the
2  extent that it seeks proprietary information, trade secret information, information
3  subject to protective orders, confidentiality agreements, or statutory provisions that
4  bar the disclosure of that information without the consent of third parties and to the
5  extent that it seeks information subject to the attorney-client privilege or the attorney
6  work product doctrine.

7        Subject to and without waiving the forgoing objections or the General
8  Objections, upon entry of a protective order by the Court, Defendant will produce
9  non-privileged documents that relate to the claims and defenses in this action that are
10 responsive to this Request.

11

12 **DOCUMENT REQUEST NO. 3:**

13       Please produce ALL DOCUMENTS CONCERNING the duties and
14 responsibilities of NELSON employees who receive data RELATING to alleged
15 debts.

16 **RESPONSE TO DOCUMENT REQUEST NO. 3:**

17       Defendant objects to this Request on the grounds that it is vague and
18 ambiguous as to the term "receive data RELATING to alleged debts."  Nelson &
19 Kennard is a debt collection law firm and the request could be read to cover virtually
20 every employee of the firm.  Defendant also objects to this Request on the grounds
21 that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks
22 information which is not relevant to the subject matter of this lawsuit, nor reasonably
23 calculated to lead to the discovery of admissible evidence.  Defendant further objects
24 to this Request to the extent that it seeks proprietary information, trade secret
25 information, information subject to protective orders, confidentiality agreements, or
26 statutory provisions that bar the disclosure of that information without the consent of
27 third parties and to the extent that it seeks information subject to the attorney-client
28 privilege or the attorney work product doctrine.

1   Subject to and without waiving the forgoing objections or the General
2   Objections, Defendant is willing to meet and confer with Plaintiff to discuss the scope
3   of this request and any response thereto.

4

5   **DOCUMENT REQUEST NO. 4:**

6   Please produce ALL DOCUMENTS that RELATE TO YOUR policies and
7   guidelines for investigating alleged debts.

8   **RESPONSE TO DOCUMENT REQUEST NO. 4:**

9   Defendant objects to this Request on the grounds that it is vague and
10  ambiguous as to the term "investigating alleged debts." Nelson & Kennard is a debt
11  collection law firm, not an investigation firm. It does not "investigate" debts, as it
12  understands that term to be used.

13

14  **DOCUMENT REQUEST NO. 5:**

15  Please produce ALL DOCUMENTS that RELATE TO YOUR policies and
16  guidelines for filing a lawsuit against an alleged debtor.

17  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

18  Defendant objects to this Request on the grounds that it is overbroad, unduly
19  burdensome and oppressive, and to the extent that it seeks information which is not
20  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the
21  discovery of admissible evidence. Nelson & Kennard is a collection law firm with a
22  number of clients. The request is so vague and broad and written it could potentially
23  be read to request copies of every document maintained by the firm.

24  Subject to and without waiving the forgoing objections or the General
25  Objections, Defendant is willing to meet and confer with Plaintiff to discuss this
26  request and the scope of any response.

27  //

28  //

1 **DOCUMENT REQUEST NO. 6:**

2     Please produce ALL DOCUMENTS that RELATE TO YOUR policies and

3 guidelines for dismissing a complaint against an alleged debtor.

4 **RESPONSE TO DOCUMENT REQUEST NO. 6:**

5     Defendant objects to this Request on the grounds that it is overbroad, unduly

6 burdensome and oppressive, and to the extent that it seeks information which is not

7 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

8 discovery of admissible evidence. Nelson & Kennard is a collection law firm with a

9 number of clients. Decisions to dismiss particular lawsuits on behalf of particular

10 clients will necessarily be made be made on a case by case basis. Documents relating

11 to Plaintiff and the litigation relating to his account will be produced, but the firm will

12 not agree to produce all documents that relate to its decision to dismiss other cases on

13 behalf of other clients.

14

15 **DOCUMENT REQUEST NO. 7:**

16     Please produce ALL form letters, enclosures, envelopes, complaints,

17 memoranda, etc. used by NELSON in its debt collection activity.

18 **RESPONSE TO DOCUMENT REQUEST NO. 7:**

19     Defendant objects to this Request on the grounds that it is overbroad, unduly

20 burdensome and oppressive, and to the extent that it seeks information which is not

21 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

22 discovery of admissible evidence. Nelson & Kennard is a collection law firm with a

23 number of clients. Documents relating to Plaintiff and the litigation relating to his

24 account will be produced, but the firm will not agree to produce all documents that

25 relate to other cases filed on behalf of other clients.

26 //

27 //

28 //

1  **DOCUMENT REQUEST NO. 8:**

2      Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of

3  Plaintiff David Tourgeman's alleged debt.

4  **RESPONSE TO DOCUMENT REQUEST NO. 8:**

5      Defendant objects to this Request on the grounds that it is vague and

6  ambiguous as to the term "investigation." Nelson & Kennard is a collection law firm,

7  not an investigation firm. The firm does not required by law to conduct an

8  independent investigation into the accounts that are placed with it for collection.

9  Subject to and without waiving the forgoing objections or the General Objections,

10 Defendant will produce non-privileged documents in its possession, custody or

11 control that relate to Plaintiff, his account or the defenses asserted in this action.

12

13 **DOCUMENT REQUEST NO. 9:**

14      Please produce ALL DOCUMENTS that RELATE TO any communications

15 between YOU and COLLINS regarding collection practices and procedures.

16 **RESPONSE TO DOCUMENT REQUEST NO. 9:**

17      Defendant objects to this Request on the grounds that it is vague and

18 ambiguous with respect to the term "regarding collection practices and procedures."

19 Subject to and without waiving the forgoing objections or the General Objections,

20 Defendant responds as follows:   No such documents exist.

21

22 **DOCUMENT REQUEST NO. 10:**

23      Please produce ALL complaints YOU filed on behalf of COLLINS from July

24 31, 2007 to the present suing for breach of contract or under Rule 3.740 "collections

25 cases."

26 **RESPONSE TO DOCUMENT REQUEST NO. 10:**

27      Defendant also objects to this Request on the grounds that it is overbroad,

28 unduly burdensome and oppressive, and to the extent that it seeks information which

1   is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

2   to the discovery of admissible evidence.  Complaints filed by Nelson & Kennard

3   against other debtors have no bearing on this action.  Defendant does not concede that

4   Plaintiff may pursue this action as a purported class action nor does Defendant

5   concede that, even if class treatment were appropriate, that a class action is proper

6   here, or that Plaintiff is a proper class representative with standing to pursue claims

7   on behalf of a purported class.  At best, the Request is premature.

8

9   **DOCUMENT REQUEST NO. 11:**

10        Please produce ALL DOCUMENTS that RELATE TO financial arrangements

11  between YOU and COLLINS.

12  **RESPONSE TO DOCUMENT REQUEST NO. 11:**

13        Defendant objects to this Request on the grounds that it is vague and

14  ambiguous as to the term "financial arrangements."  Subject to the forgoing,

15  Defendant responds as follows:   No such documents exist.

16

17  **DOCUMENT REQUEST NO. 12:**

18        Please produce ALL DOCUMENTS pertaining to the number of alleged

19  debtors that YOU filed complaints against from July 31, 2007 to the present.

20  **RESPONSE TO DOCUMENT REQUEST NO. 12:**

21        Defendant objects to this Request on the grounds that it is overbroad, unduly

22  burdensome and oppressive, and to the extent that it seeks information which is not

23  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

24  discovery of admissible evidence.  Defendant does not concede that Plaintiff may

25  pursue this action as a purported class action nor does Defendant concede that, even

26  if class treatment were appropriate, that a class action is proper here, or that Plaintiff

27  is a proper class representative with standing to pursue claims on behalf of a

28  purported class.  At best, the Request is premature.

1   **DOCUMENT REQUEST NO. 13:**

2       Please produce ALL DOCUMENTS pertaining to the number of alleged

3 debtors that YOU mailed letters to requesting payment of an alleged debt from July

4 31, 2007 to the present.

5   **RESPONSE TO DOCUMENT REQUEST NO. 13:**

6       Defendant objects to this Request on the grounds that it is overbroad, unduly

7 burdensome and oppressive, and to the extent that it seeks information which is not

8 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

9 discovery of admissible evidence. Nelson & Kennard is a collection law firm with a

10 number of clients. Letters sent by the firm to other debtors on behalf of other clients

11 have no bearing on this case.

12

13   **DOCUMENT REQUEST NO. 14:**

14       Please produce ALL DOCUMENTS that RELATE TO YOUR 1692g notices,

15 including but not limited to every sample collection letter YOU send to alleged

16 debtors.

17   **RESPONSE TO DOCUMENT REQUEST NO. 14:**

18       Defendant objects to this Request on the grounds that it is overbroad, unduly

19 burdensome and oppressive, and to the extent that it seeks information which is not

20 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

21 discovery of admissible evidence. Nelson & Kennard is a collection law firm with a

22 number of clients. There is no legitimate basis for requesting copies of section 1692g

23 notices sent to other debtors in connection with representing other clients.

24       Subject to and without waiving the forgoing objections or the General

25 Objections, Defendant will produce non-privileged documents that relate to Plaintiff,

26 his account and the defenses in this action.

27

28

1 | **DOCUMENT REQUEST NO. 15:**

2 |     Please produce ALL DOCUMENTS RELATING TO the procedures and
3 | guidelines YOU set to collect debts.

4 | **RESPONSE TO DOCUMENT REQUEST NO. 15:**

5 |     Defendant objects to this request on the grounds that it is vague and ambiguous
6 | as to the term "procedures and guidelines." Defendant objects to this Request on the
7 | grounds that, as understood by Defendant, it is overbroad, unduly burdensome and
8 | oppressive, and to the extent that it seeks information which is not relevant to the
9 | subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
10 | admissible evidence. Nelson & Kennard is a collection law firm, and virtually every
11 | piece of paper or electronic document it maintains could arguably "relate" to the
12 | collection process and could be construed as responsive.

13 |     Subject to and without waiving the forgoing objections or the General
14 | Objections, upon entry of a protective order by the Court, Defendant will produce
15 | non-privileged documents that relate to Plaintiff, his account, and the defenses in this
16 | action.

17 |

18 | **DOCUMENT REQUEST NO. 16:**

19 |     Please produce ALL copies of the complaint in any litigation filed against
20 | NELSON alleging violations of the Fair Debt Collection Practices Act and the
21 | Rosenthal Act.

22 | **RESPONSE TO DOCUMENT REQUEST NO. 16:**

23 |     Defendant also objects to this Request on the grounds that it is overbroad,
24 | unduly burdensome and oppressive, and seeks information which is not relevant to
25 | the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
26 | admissible evidence. Complaints filed by other debtors regarding other sets of facts
27 | have no bearing on the claims or defenses in this action. Defendant also objects to

28 |

1  this Request on the grounds that the documents requested, if any exist, are a matter of
2  public record, equally available to Plaintiff.

3

4  **DOCUMENT REQUEST NO. 17:**

5      Please produce ALL DOCUMENTS that RELATE TO YOUR policy for the
6  retention and destruction of records, DOCUMENTS, or files from July 31, 2007 to
7  the present.

8  **RESPONSE TO DOCUMENT REQUEST NO. 17:**

9      Defendant objects to this Request on the grounds that it is overbroad, unduly
10 burdensome and oppressive, and seeks information which is not relevant to the
11 subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
12 admissible evidence.

13     Subject to and without waiving the forgoing objections or the General
14 Objections, Defendant will produce non-privileged documents in its possession,
15 custody or control, to the extent any exist, that are responsive to this Request.

16

17 **DOCUMENT REQUEST NO. 18:**

18     Please produce ALL DOCUMENTS that RELATE TO the complaint YOU
19 filed in San Diego Superior Court on August 2, 2007. Case No. 37-2007-00072265-
20 CL-CL-CTL ("*Collins v. Tourgeman*"), including, but not limited to, all documents
21 YOU relied on in drafting the complaint.

22 **RESPONSE TO DOCUMENT REQUEST NO. 18:**

23     Subject to and without waiving the forgoing objections or the General
24 Objections, Defendant will produce non-privileged documents in its possession,
25 custody or control that are responsive to this Request.

26 //
27 //
28 //

1  **DOCUMENT REQUEST NO. 19:**

2      Please produce ALL DOCUMENTS relating to the maintenance of procedures

3  by NELSON adopted to avoid any violation of the Fair Debt Collection Practices Act

4  and the Rosenthal Act.

5  **RESPONSE TO DOCUMENT REQUEST NO. 19:**

6      Defendant objects to this Request on the grounds that it is overbroad, unduly

7  burdensome and oppressive, and to the extent that it seeks information which is not

8  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

9  discovery of admissible evidence.

10      Subject to and without waiving the forgoing objections or the General

11  Objections, upon entry of a protective order by the Court, Defendant will produce

12  non-privileged documents that relate to the bona fide error defense in this action.

13

14  **DOCUMENT REQUEST NO. 20:**

15      Please produce ALL material, including video and audio tapes, pertaining to

16  training by or for NELSON and its employees regarding the Fair Debt Collection

17  Practices Act and the Rosenthal Act.

18  **RESPONSE TO DOCUMENT REQUEST NO. 20:**

19      Defendant objects to this Request on the grounds that it is overbroad, unduly

20  burdensome and oppressive, and to the extent that it seeks information which is not

21  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

22  discovery of admissible evidence.

23      Subject to and without waiving the forgoing objections or the General

24  Objections, upon entry of a protective order by the Court, Defendant will produce

25  non-privileged documents that relate to the bona fide error defense in this action.

26  //

27  //

28  //

1 **DOCUMENT REQUEST NO. 21:**

2    Please produce ALL DOCUMENTS RELATING TO insurance policies

3 covering NELSON for violation of the Fair Debt Collection Practices Act and the

4 Rosenthal Act.

5 **RESPONSE TO DOCUMENT REQUEST NO. 21:**

6    Defendant objects to this Request on the grounds that it is overbroad, unduly

7 burdensome and oppressive, and to the extent that it seeks information which is not

8 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

9 discovery of admissible evidence.  Nelson & Kennard has not tendered the defense of

10 this action to any insurance carrier so there are no relevant responsive documents.

11

12 **DOCUMENT REQUEST NO. 22:**

13    Please produce ALL DOCUMENTS that RELATE TO an investigation of

14 NELSON by an AGENCY for violations of California's Unfair Competition Laws,

15 the Federal [sic] Debt Collection Practices Act and the Rosenthal Act.

16 **RESPONSE TO DOCUMENT REQUEST NO. 22:**

17    Defendant objects to this Request on the grounds that it is overbroad, unduly

18 burdensome and oppressive, and to the extent that it seeks information which is not

19 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

20 discovery of admissible evidence.  Subject to and without waiving the forgoing

21 objections or the General Objections, there are no such investigations and there are no

22 responsive documents.

23

24 **DOCUMENT REQUEST NO. 23:**

25    Please produce ALL DOCUMENTS that RELATE TO NELSON's procedures

26 to verify alleged debts when received from a debt collector client, including but not

27 limited to, COLLINS.

28 //

---

1 **RESPONSE TO DOCUMENT REQUEST NO. 23:**

2    Defendant objects to this Request on the grounds that it is vague and
3 ambiguous as to the terms"verify alleged debts." Nelson & Kennard is a collection
4 law firm. To the extent that it understands the term "verify" as used in this request,
5 the firm does not have a legal obligation to independently verify the debts that are
6 forwarded by its clients. Defendant also objects to this Request on the grounds that it
7 is overbroad, unduly burdensome and oppressive, and to the extent that it seeks
8 information which is not relevant to the subject matter of this lawsuit, nor reasonably
9 calculated to lead to the discovery of admissible evidence. Nelson & Kennard has a
10 number of clients. There is no legitimate basis for seeking discovery concerning the
11 handling of accounts forwarded by other clients of the firm.

12    Subject to and without waiving the forgoing objections or the General
13 Objections, upon entry of a protective order by the Court, Defendant will produce
14 non-privileged documents that relate to Plaintiff, his account, and the defenses in this
15 action.

16

17 **DOCUMENT REQUEST NO. 24:**

18    Please produce ALL DOCUMENTS that RELATE TO the retention
19 agreements, including the retention agreements themselves (or other operative
20 document describing the respective duties and obligations of client and attorney), if
21 any, between NELSON and COLLINS.

22 **RESPONSE TO DOCUMENT REQUEST NO. 24:**

23    Subject to and without waiving the General Objections, Defendant will produce
24 non-privileged documents in its possession, custody or control, if any exist, that are
25 responsive to this Request.

26 //

27 //

28 //

1 **DOCUMENT REQUEST NO. 25:**

2    Please produce ALL DOCUMENTS that RELATE TO NELSON's policies and

3 procedures for settling alleged debts with debtors.

4 **RESPONSE TO DOCUMENT REQUEST NO. 25:**

5    Defendant objects to this Request on the grounds that it is vague and

6 ambiguous as to the terms "policies and procedures for settling." Defendant also

7 objects to this Request on the grounds that it is overbroad, unduly burdensome and

8 oppressive, and to the extent that it seeks information which is not relevant to the

9 subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

10 admissible evidence. Nelson & Kennard is a collection law firm with a number of

11 different clients. Cases are settled on an individual basis depending on the facts and

12 circumstances that are present at the time the settlement is consummated. There is no

13 legitimate basis for seeking discovery regarding the settlement of debts that are

14 forwarded to the firm by other clients.

15

16 **DOCUMENT REQUEST NO. 26:**

17    Please produce ALL DOCUMENTS that RELATE TO NELSON's revenue for

18 each calendar year from 2005 to the present, including but not limited to financial

19 summaries, period reports, tax returns and financial statements.

20 **RESPONSE TO DOCUMENT REQUEST NO. 26:**

21    Defendant objects to this Request on the grounds that it is overbroad, unduly

22 burdensome and oppressive, and to the extent that it seeks information which is not

23 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

24 discovery of admissible evidence. Defendant further objects to this Request to the

25 extent that it seeks confidential financial information.

26 //

27 //

28 //

**DOCUMENT REQUEST NO. 27:**

Please produce ALL DOCUMENTS that RELATE TO NELSON's phone calls, including but not limited to phone records and call logs, placed to David Tourgeman, Cesar Tourgeman, Rebecca Tourgeman or anyone else for the purposes of collecting David Tourgeman's alleged debt.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to and without waiving the General Objections, Defendant will produce non-privileged documents in its possession, custody or control that relate to Plaintiff, his account or the defenses asserted in this action.

**DOCUMENT REQUEST NO. 28:**

Please produce ALL DOCUMENTS that RELATE TO NELSON's processes for receiving the transmitted account information of debtors from COLLINS.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "processes for receiving the transmitted account information of debtors." As Defendant understands the request, there are no responsive documents.

**DOCUMENT REQUEST NO. 29:**

Please produce ALL DOCUMENTS that RELATE TO NELSON'S contracts with skip-tracing services and other data providers YOU use to find current information for any alleged debtor.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

1  DATED: May 5, 2009

SIMMONDS & NARITA LLP
MICHAEL R. SIMMONDS
TOMIO B. NARITA
JEFFREY A. TOPOR

By: _____

Tomio B. Narita
Attorneys for Defendants
Collins Financial Services, Inc. and
Nelson & Kennard

1

PROOF OF SERVICE

2

3

I, the undersigned, declare:

4

5

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

6

7

8

9

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

10

11

On this date, I served a copy of the following document:

12

13

1)   **DEFENDANT NELSON & KENNARD'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE**

14

by causing such document to be mailed to the address indicated below:

15

16

VIA U.S. MAIL

17

18

Daniel P. Murphy
4691 Torrey Circle A306
San Diego, CA 92130
counsel for Plaintiff

19

20

Francis A. Bottini

21

Frank J. Johnson

22

Derek J. Wilson
Johnson Bottini, LLP

23

655 West Broadway, Suite 1400

24

San Diego, CA 92101
counsel for Plaintiff

25

//

26

//

27

//

//

28

//

1   Scott J. Ferrell and Lisa A. Wegner
2   Call, Jensen & Ferrell, P.C.
    610 Newport Center Dr., Suite 700
3   Newport Beach, CA 92660
4   counsel for defendants Dell Financial Services, LLC,
    DFS Acceptance and DFS Production
5

6
            I declare under penalty of perjury that the foregoing is true and
7   correct.  Executed at San Francisco, California on this 5th day of May, 2009.
8

9
                                        _____
10
                                        Stephanie Schmitt
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED

MAY  8 2009

1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  JEFFREY A. TOPOR (SBN 195545)
   SIMMONDS & NARITA LLP
3  44 Montgomery Street, Suite 3010
   San Francisco, CA 94104-4816
4  Telephone: (415) 283-1000
   Facsimile:  (415) 352-2625
5  msimmonds@snllp.com
   tnarita@snllp.com
6  jtopor@snllp.com

7
   Attorneys for Defendants
8  Collins Financial Services, Inc. and
   Nelson & Kennard
9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

13  DAVID TOURGEMAN,              )  CASE NO.  08-CV-1392 JLS NLS
                                  )
14            Plaintiff,          )
                                  )  **DEFENDANT NELSON &**
15       vs.                      )  **KENNARD'S RESPONSE TO**
                                  )  **PLAINTIFF'S SPECIAL**
16  COLLINS FINANCIAL SERVICES,   )  **INTERROGATORIES, SET ONE**
    INC., a corporation; NELSON & )
17  KENNARD, a partnership, DELL  )
    FINANCIAL SERVICES, L.P., a   )
18  limited partnership; DFS      )
    ACCEPTANCE, a corporation, DFS)
19  PRODUCTION, a corporation,    )
    AMERICAN INVESTMENT BANK,     )
20  N.A., a corporation; and DOES 1)
    through 10, inclusive,        )
21                                )
                                  )
22            Defendants.         )
   _____)

23

24  PROPOUNDING PARTY:        Plaintiff DAVID TOURGEMAN

25  RESPONDING PARTY:         Defendant NELSON & KENNARD

26  SET NO.:                  ONE

27

28

TOURGEMAN V. COLLINS FINANCIAL SERVICES, INC. ET AL. (CASE NO. 08-CV-1392JLS NLS)
DEFENDANT NELSON & KENNARD'S RESPONSE TO PLAINTIFF'S
SPECIAL INTERROGATORIES, SET ONE

1       Defendant Nelson & Kennard ("Defendant") hereby objects and responds to

2  plaintiff David Tourgeman's ("Plaintiff") Special Interrogatories, Set One as follows:

3

4                    **PRELIMINARY STATEMENT**

5       Defendant has not completed its investigation and discovery in this action.

6  The responses  are based only upon Defendant's knowledge as of the date of these

7  responses, and are given without prejudice to Defendant's right to produce

8  subsequently discovered information or documents.

9

10                   **GENERAL OBJECTIONS**

11      The following general objections are expressly incorporated into each of the

12  specific responses set forth below:

13      A.   Defendant objects to producing any information or documents which

14  constitute, reflect, or contain communications with counsel on the grounds that such

15  communications are protected from discovery by virtue of the attorney-client

16  privilege and/or the joint defense privilege.  Defendant further objects to each

17  interrogatory to the extent that it calls for information or documents which reflect or

18  contain attorney work product on the grounds that such information or documents are

19  protected from discovery by virtue of the attorney work product doctrine.

20      B.   Defendant objects to each interrogatory to the extent that it is overbroad

21  and subjects Defendant to unreasonable and undue annoyance, oppression, burden,

22  and expense, and seeks information which is not relevant to the subject matter of this

23  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

24      C.   Defendant objects to each interrogatory to the extent that it seeks materials

25  or information which are not in the possession, custody or control of Defendant,

26  and/or which are equally or more readily available to Plaintiff.

27      D.   Defendant objects to each interrogatory to the extent that it is

28  unreasonably cumulative and duplicative of other discovery in this action.

1    E.    Defendant objects to each and every interrogatory to the extent that it
2  seeks proprietary information, trade secrets, or information subject to protective
3  orders, confidentiality agreements, rights of privacy or statutory provisions that bar
4  the disclosure of that information without the consent of third parties.

5    F.    Defendant objects to Plaintiff's "Instructions" and each and every
6  interrogatory to the extent that they seek to impose burdens upon Defendant in excess
7  of what is required under the Federal Rules of Civil Procedure.

8    G.    Defendant objects to Plaintiff's definitions of the defined terms
9  "NELSON," "YOU" and "YOUR" as overbroad, vague and ambiguous.  Unless
10  otherwise stated, these responses are made solely on behalf of Nelson & Kennard.

11

12                **RESPONSES TO INTERROGATORIES**

13

14  **INTERROGATORY NO. 1:**

15    Please identify the number of persons and entities in the United States who you
16  contacted for the purposes of debt collection from July 31, 2007 to the present.
17  [Definitions omitted].

18  **RESPONSE TO INTERROGATORY NO. 1:**

19    Defendant objects to this Interrogatory on the grounds that it is overbroad,
20  unduly burdensome and oppressive, and seeks information which is not relevant to
21  the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
22  admissible evidence.  By propounding this Interrogatory, Plaintiff is simply
23  attempting to impose undue burden and expense on Defendant.  Further, Defendant
24  does not concede that Plaintiff may pursue this action as a purported class action nor
25  does Defendant concede that, even if class treatment were appropriate, that a class
26  action is proper here, or that Plaintiff is a proper class representative with standing to
27  pursue claims on behalf of a purported class.  In addition, the case is not at issue as

28

1 the Defendant has filed a motion to dismiss and a motion to strike the First Amended
2 Complaint. At best, the Interrogatory is premature.

3

4 **INTERROGATORY NO. 2:**

5       Please identify the number of persons and entities in the United States who you
6 sued for the purposes of debt collection from July 31, 2006 to the present.

7 **RESPONSE TO INTERROGATORY NO. 2:**

8       Defendant objects to this Interrogatory on the grounds that it is overbroad,
9 unduly burdensome and oppressive, and seeks information which is not relevant to
10 the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
11 admissible evidence. By propounding this Interrogatory, Plaintiff is simply
12 attempting to impose undue burden and expense on Defendant. Further, Defendant
13 does not concede that Plaintiff may pursue this action as a purported class action nor
14 does Defendant concede that, even if class treatment were appropriate, that a class
15 action is proper here, or that Plaintiff is a proper class representative with standing to
16 pursue claims on behalf of a purported class. In addition, the case is not at issue as
17 the Defendant has filed a motion to dismiss and a motion to strike the First Amended
18 Complaint. At best, the Interrogatory is premature.

19

20 **INTERROGATORY NO. 3:**

21       Please state the name(s), business address(es), and job title(s) or capacity(ies)
22 of the officer(s), employee(s), or agent(s) answering or providing any information
23 used to answer each Interrogatory.

24 **RESPONSE TO INTERROGATORY NO. 3:**

25       Subject to and without waiving the General Objections, Defendant responds as
26 follows:

27 //

28 //

1    Robert Scott Kennard, partner
     Nelson & Kennard
2    2180 Harvard St., Suite 160
     Sacramento, CA 95815
3
     Mr. Kennard may be contacted exclusively through counsel for Defendant.
4

5    **INTERROGATORY NO. 4:**

6    Please state the form of NELSON's organization and the date and place the

7    organization was organized and registered and/or licensed to do business.

8    **RESPONSE TO INTERROGATORY NO. 4:**

9    Defendant objects to this Interrogatory on the grounds that it seeks information

10   which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to

11   lead to the discovery of admissible evidence. Subject to and without waiving the

12   forgoing objection or the General Objections, Defendant responds as follows:

13   Nelson & Kennard is a California partnership. It is licensed to do business

14   where necessary.

15

16   **INTERROGATORY NO. 5:**

17   Please describe NELSON's procedures and policies for receiving debt related

18   information from NELSON's client.

19   **RESPONSE TO INTERROGATORY NO. 5:**

20   Defendant objects to this Interrogatory on the grounds that it is vague and

21   ambiguous as to the terms "receiving debt related information" and "NELSON's

22   client." Nelson & Kennard has a number of different clients and it employs various

23   methods with respect to each of those clients. Defendant also objects to this

24   Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive,

25   and to the extent that it seeks information which is not relevant to the subject matter

26   of this lawsuit, nor reasonably calculated to lead to the discovery of admissible

27   evidence. Defendant further objects to this Interrogatory to the extent that it seeks

28   proprietary information, trade secret information, information subject to protective

1  orders, confidentiality agreements, or statutory provisions that bar the disclosure of

2  that information without the consent of third parties and to the extent that it seeks

3  information subject to the attorney-client privilege or the attorney work product

4  doctrine.

5

6  **INTERROGATORY NO. 6:**

7      Please describe NELSON's procedures and policies for determining the

8  amount NELSON demands from alleged debtors, including but not limited to, the

9  method of calculating the principal owed, interest assessed and penalties applied.

10  **RESPONSE TO INTERROGATORY NO. 6:**

11      Defendant objects to this Interrogatory on the grounds that it is vague and

12  ambiguous as to the term "method of calculating principal owed, interest assessed

13  and penalties applied." Subject to and without waiving the forgoing objection or the

14  General Objections, Defendant responds as follows:

15      Nelson & Kennard does not conduct any independent calculations of the

16  principal amount due when it files suit to collect. The firm relies upon the

17  information supplied to it by its clients, as it is entitled to do by law.

18

19  **INTERROGATORY NO. 7:**

20      Please describe NELSON's procedures and policies for filing a lawsuit for

21  breach of contract on behalf of NELSON's client.

22  **RESPONSE TO INTERROGATORY NO. 7:**

23      Defendant objects to this Interrogatory on the grounds that it is vague and

24  ambiguous as to the terms "procedures and policies for filing a lawsuit" and

25  "NELSON's client." Nelson & Kennard has a number of clients and it employs

26  various methods on behalf of those clients. Defendant also objects to this

27  Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive,

28  and to the extent that it seeks information which is not relevant to the subject matter

1  of this lawsuit, nor reasonably calculated to lead to the discovery of admissible
2  evidence. Defendant further objects to this Interrogatory to the extent that it seeks
3  proprietary information, trade secret information, information subject to protective
4  orders, confidentiality agreements, or statutory provisions that bar the disclosure of
5  that information without the consent of third parties and to the extent that it seeks
6  information subject to the attorney-client privilege or the attorney work product
7  doctrine.

8

9  **INTERROGATORY NO. 8:**

10      Please describe NELSON's procedures and NELSON's client on "Rule 3.740
11  collections" grounds.

12  **RESPONSE TO INTERROGATORY NO. 8:**

13      Defendant objects to this Interrogatory on the grounds that it is so vague and
14  ambiguous as to be unanswerable. The terms "Rule 3.740 collections grounds" and
15  "NELSON's client" are vague and ambiguous. Nelson & Kennard has a number of
16  clients and it employs various methods on behalf of those clients. Defendant also
17  objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome
18  and oppressive, and to the extent that it seeks information which is not relevant to the
19  subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
20  admissible evidence. Defendant further objects to this Interrogatory to the extent that
21  it seeks proprietary information, trade secret information, information subject to
22  protective orders, confidentiality agreements, or statutory provisions that bar the
23  disclosure of that information without the consent of third parties and to the extent
24  that it seeks information subject to the attorney-client privilege or the attorney work
25  product doctrine.

26  //
27  //
28  //

**INTERROGATORY NO. 9:**

Please describe NELSON's procedures and policies for determining the debt amount NELSON demands from alleged debtors, including but not limited to, the manner of calculation of principal debt, interest and penalties.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory to the extent that it is duplicative of Interrogatory No. 6.   This Interrogatory is vague and ambiguous as to the term "manner of calculation of principal debt, interest and penalties."  Subject to and without waiving the forgoing objections or the General Objections, Defendant responds as follows:

Nelson & Kennard does not conduct any independent calculations of the principal amount due when it files suit to collect.  The firm relies upon the information supplied to it by its clients, as it is entitled to do by law.

**INTERROGATORY NO. 10:**

Please describe NELSON's procedures and policies for settling outstanding alleged debts from alleged debtors.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the term "procedures and policies for settling."  Nelson & Kennard has a number of clients and it utilizes different approaches to settlement based upon the client and the circumstances.  Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without

the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

**INTERROGATORY NO. 11:**

Please identify all creditors that retained NELSON - from July 31, 2006 to the present - for the purpose of collecting debts.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  There is no basis for identifying other creditors that did not extend credit to Plaintiff and that have no relationship to this case.  Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

**INTERROGATORY NO. 12:**

Please identify all lawsuits for breach of contract, Rule 3.740 collections cases, violations of the FDCPA and violations of the Rosenthal Act -by caption, court, civil action number, and result - that NELSON is or has been a party to since July 31, 2006 that contain allegations of breach of contract or "Rule 3.740 collections."

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving the General Objections, Defendant responds as follows:

TOURGEMAN V. COLLINS FINANCIAL SERVICES, INC. ET AL. (CASE NO. 08-CV-1392JLS NLS)
DEFENDANT NELSON & KENNARD'S RESPONSE TO PLAINTIFF'S
SPECIAL INTERROGATORIES, SET ONE

8

1   The firm of Nelson & Kennard files lawsuits against consumers on behalf of
2   various creditors.  It is not a party to those suits.  There are no responsive suits to
3   identify.

4

5   **INTERROGATORY NO. 13:**

6   Did NELSON make any substantive change in company policy from July 31,
7   2006 to the present?  If so, please identify and describe any substantive changes
8   NELSON made – from July 31, 2006 to the present – to any NELSON policy or
9   procedure in an effort to comply with the provision of the Federal [sic] Debt
10  Collection Practices Act.

11  **RESPONSE TO INTERROGATORY NO. 13:**

12  Defendant objects to this Interrogatory on the grounds that it is vague and
13  ambiguous regarding the term "substantive change in company policy."  The firm of
14  Nelson & Kennard complies with the FDCPA and engages in ongoing efforts to
15  ensure compliance.  Subject to and without waiving the forgoing objections or the
16  General Objections, Defendant responds as follows: Defendant exercises it option to
17  produce records in response to this Interrogatory pursuant to Rule 33(d) of the
18  Federal Rules of Civil Procedure.

19

20  **INTERROGATORY NO. 14:**

21  Please describe the compensation agreements between NELSON and any
22  creditor that uses NELSON to file complaints against alleged debtors for breach of
23  contract and Rule 3.740 collections.

24  **RESPONSE TO INTERROGATORY NO. 14:**

25  Defendant objects to this Interrogatory on the grounds that it is overbroad,
26  unduly burdensome and oppressive, and to the extent that it seeks information which
27  is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead
28  to the discovery of admissible evidence.  The compensation arrangements between

1   Nelson & Kennard and its clients have nothing to do with the allegations of this case.
2   There is no legitimate basis for requesting this information, other than to harass and
3   annoy Defendant.  Defendant further objects to this Interrogatory to the extent that it
4   seeks proprietary information, trade secret information, information subject to
5   protective orders, confidentiality agreements, or statutory provisions that bar the
6   disclosure of that information without the consent of third parties and to the extent
7   that it seeks information subject to the attorney-client privilege or the attorney work
8   product doctrine.

9

10  **INTERROGATORY NO. 15:**

11      Please identify the documents NELSON relied upon to confirm the amount of
12  David Tourgeman's debt.

13  **RESPONSE TO INTERROGATORY NO. 15:**

14      Subject to and without waiving the General Objections, pursuant to Federal
15  Rule of Civil Procedure 33(d), Defendant will produce non-privileged, responsive
16  documents in its possession, custody or control.

17

18  **INTERROGATORY NO. 16:**

19      Please identify the number of demand letters NELSON sent to alleged debtors
20  from July 2006 to the present.

21  **RESPONSE TO INTERROGATORY NO. 16:**

22      Defendant also objects to this Interrogatory on the grounds that it is overbroad,
23  unduly burdensome and oppressive, and to the extent that it seeks information which
24  is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead
25  to the discovery of admissible evidence.  This case does not challenge the contents of
26  any demand letter sent by Nelson & Kennard.  Further, Defendant does not concede
27  that Plaintiff may pursue this action as a purported class action nor does Defendant
28  concede that, even if class treatment were appropriate, that a class action is proper

1   here, or that Plaintiff is a proper class representative with standing to pursue claims

2   on behalf of a purported class.  At best, the Interrogatory is premature.

3

4   **INTERROGATORY NO. 17:**

5        Please describe the work done by Jonathan Ayers to verify the information

6   contained in the complaint filed in Case No. 37-2007-00072265-CL-CL-CTL,

7   entitled *Collins v. Tourgeman.*

8   **RESPONSE TO INTERROGATORY NO. 17:**

9        Subject to and without waiving the General Objections, Defendant responds as

10  follows:

11       Consistent with his general practice, upon receiving a draft of the complaint

12  filed in the action *Collins Financial Services, Inc. v. David Tourgeman*, case number

13  37-2007-00072265-CL-CL-CTL prepared by staff of Nelson & Kennard, Mr. Ayers

14  reviewed it to ensure that the information contained therein, i.e. Plaintiff's name, the

15  name of the original creditor, the date of the contract sued upon, the date of the

16  account's charge-off, the amount at issue and type of debt (revolving line of credit or

17  loan, for example) conformed to the same information that was provided by his client.

18  Mr. Ayers also ensured that the exemplar terms and conditions attached as an exhibit

19  to the complaint were those that were provided to Nelson & Kennard in connection

20  with Plaintiff's account.

21       Further, Mr. Ayers reviewed the notes made on Plaintiff's account to confirm

22  that a letter was sent to Plaintiff informing him that if the collection action were

23  commenced, Collins Financial Services, Inc. might recover its reasonable attorney's

24  fees and court costs as allowed by law in addition to the principal and interest owed

25  by Plaintiff.  Mr. Ayers also reviewed the skiptracing work of his office staff by

26  reviewing the chain of information in the account, including the notes made regarding

27  letters sent and received (here, no letters were received from Plaintiff) and any notes

28  made regarding forwarding or returning of mail (here, no mail was returned) or

1 telephone contact (here, there was no telephone contact with Plaintiff) in order to
2 verify Plaintiff's county of residence.  All such information reviewed indicated that
3 Plaintiff resided in San Diego County.  Mr. Ayers also reviewed the billing and
4 delivery addresses reflected in the account media that was provided by his client
5 which supported the conclusion that Plaintiff resided in San Diego County.  Mr.
6 Ayers reviewed the same media in order to confirm that the date of last payment
7 received by the original creditor was August 11, 2003 to confirm that the suit was "in
8 statute" at the time it was filed.
9
10 **INTERROGATORY NO. 18:**
11     Please describe the process NELSON uses to skip trace debtors in the event of
12 a debtor's address or phone number change.
13 **RESPONSE TO INTERROGATORY NO. 18:**
14     Defendant objects to this Interrogatory on the grounds that it is vague and
15 ambiguous.
16     Subject to and without waiving the forgoing objections or the General
17 Objections, Defendant responds as follows:   Nelson & Kennard does not skip trace
18 debtors if the debtor's address or phone number change.  The firm simply enters the
19 new address or phone number into its account records.
20 **INTERROGATORY NO. 19:**
21     Please describe the position at NELSON that prepares the affidavit authorizing
22 legal action against an alleged debtor, including but not limited to the position's
23 duties, responsibilities, job requirements, and the number of people who perform this
24 task for NELSON.
25 **RESPONSE TO INTERROGATORY NO. 19:**
26     Defendant objects to this Interrogatory on the grounds that it is vague and
27 ambiguous generally and as to the phrase "the position at NELSON that prepares the
28 affidavit authorizing legal action."

1    Subject to and without waiving the forgoing objections or the General

2  Objections, Defendant responds as follows: there is no such affidavit or position at

3  Nelson & Kennard as described in this interrogatory.

4

5  **INTERROGATORY NO. 20:**

6    If NELSON's response to Plaintiff David Tourgeman's Requests for

7  Admission (Set One) Request 3 served concurrently with Plaintiff David

8  Tourgeman's Special Interrogatories is anything other than an unqualified admission,

9  please explain the basis for NELSON's denial.

10  **RESPONSE TO INTERROGATORY NO. 20:**

11    Defendant incorporates by reference its objections and response to Request for

12  Admission No. 3.  The request is so vague and ambiguous it is virtually unintelligible.

13  As Defendant understands it, the request seeks Defendant's admission that numerous

14  unspecified debtors are effected in some unspecified way by unspecified "actions" of

15  the Defendant.  Defendant denies that it has acted in an unlawful manner and denies

16  that it has engaged in any improper "actions" with respect to consumers.  Further, to

17  the extent that Plaintiff is seeking discovery with respect to a proposed class,

18  Defendant does not concede that Plaintiff may pursue this action as a purported class

19  action.  Nor does Defendant concede that, even if class treatment were appropriate,

20  that a class action is proper here, or that Plaintiff is a proper class representative with

21  standing to pursue claims on behalf of a purported class.

22

23  **INTERROGATORY NO. 21:**

24    If NELSON's response to Plaintiff David Tourgeman's Requests for

25  Admission (Set One) Request 12 served concurrently with Plaintiff David

26  Tourgeman's Special Interrogatories is anything other than an unqualified admission,

27  please explain the basis for NELSON's denial.

28

1  **RESPONSE TO INTERROGATORY NO. 21:**

2      Defendant incorporates by reference its objections and response to Request for

3  Admission No. 12.  Subject to and without waiving the forgoing objections or the

4  General Objections, Defendant responds as follows:

5      Defendant verifies the contact information of each debtor before filing suit

6  against the debtor.

7

8  DATED: May 5, 2009                    SIMMONDS & NARITA LLP
                                          MICHAEL R. SIMMONDS
9                                         TOMIO B. NARITA

10

11                                        By: _____

12                                            Tomio B. Narita
                                              Attorneys for Defendants
13                                            Collins Financial Services, Inc. and
                                              Nelson & Kennard
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, Robert Scott Kennard, state that am authorized to make this verification on behalf of defendant Nelson & Kennard. I have read the foregoing **DEFENDANT NELSON & KENNARD'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**, and I know the contents thereof. To the extent that I have personal knowledge of the facts contained therein, the same are true and correct. Insofar as the facts are based upon a composite of information of many individuals, I do not have personal knowledge concerning all of the information contained in the responses, but I am informed and believe that the matters stated in said responses for which I do not have personal knowledge are true and correct. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May **5**, 2009 at Sacramento, California.

_____
Robert Scott Kennard

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)   **DEFENDANT NELSON & KENNARD'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

by causing such document to be mailed to the address indicated below:

VIA U.S. MAIL

Daniel P. Murphy
4691 Torrey Circle A306
San Diego, CA 92130
counsel for Plaintiff

Francis A. Bottini
Frank J. Johnson
Derek J. Wilson
Johnson Bottini, LLP
655 West Broadway, Suite 1400
San Diego, CA 92101
counsel for Plaintiff
//
//
//
//
//

1   Scott J. Ferrell and Lisa A. Wegner
2   Call, Jensen & Ferrell, P.C.
    610 Newport Center Dr., Suite 700
3   Newport Beach, CA 92660
4   counsel for defendants Dell Financial Services, LLC,
    DFS Acceptance and DFS Production
5

6
            I declare under penalty of perjury that the foregoing is true and
7   correct.  Executed at San Francisco, California on this 5th day of May, 2009.

8

9

10  _____

11                  Stephanie Schmitt

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | JOHNSON BOTTINI, LLP
FRANK J. JOHNSON (174882)
2 | FRANCIS A. BOTTINI, JR. (175783)
BRETT M. WEAVER (204715)
3 | 501 West Broadway, Suite 1720
San Diego, CA 92101
4 | Telephone: (619) 230-0063
Facsimile: (619) 238-0622
5
COUGHLIN STOIA GELLER
6 |   RUDMAN & ROBBINS LLP
RANDALL J. BARON (150796)
7 | A. RICK ATWOOD, JR. (156529)
DAVID T. WISSBROECKER (243867)
8 | 655 West Broadway, Suite 1900
San Diego, CA 92101
9 | Telephone: (619) 231-1058
Facsimile: (619) 231-7423
10
*Co-Lead Counsel for Plaintiffs*
11
SUPERIOR COURT OF THE STATE OF CALIFORNIA
12
COUNTY OF SANTA BARBARA
13

| | |
|---|---|
| 14 *In re* MENTOR CORPORATION SHAREHOLDER LITIGATION | Lead Case No. 1304357 |
| 15 ——————————————— | CLASS ACTION |
| 16 This Document Relates To: | **PLAINTIFFS' NOTICE OF POTENTIAL PERCIPIENT WITNESSES** |
| 17 ALL ACTIONS. | |
| 18 | ACTION FILED: December 8, 2008 TRIAL DATE: November 16, 2010 |

22
23
24
25
26
27
28

1      **NOTICE** IS HEREBY GIVEN, in accordance with the Court's January 12, 2010 Case

2 Management Conference Order, that plaintiffs Gary Cinotto and Steamfitters Local 449 Pension

3 Fund ("Plaintiffs") may call the following persons as percipient witnesses at trial in this matter:

4 •   Joshua H. Levine (Mentor employee)

5 •   James Gilmour (Mentor employee)

6 •   Noam Krantz (Mentor employee)

7 •   Anna Marie Daniels (Mentor employee)

8 •   Brian Luedtke (Mentor employee)

9 •   Nicola Selley (Mentor employee)

10 •   Julie Meyers (Mentor employee)

11 •   Joseph Newcomb (Mentor general counsel)

12 •   Ed Northup (Mentor employee)

13 •   Vicky Johnson (Mentor employee)

14 •   Sharon Rice (Mentor employee)

15 •   Udo Graf (Mentor employee)

16 •   Michael L. Emmons (Mentor Director and Defendant)

17 •   Walter W. Faster (Mentor Director and Defendant)

18 •   Margaret H. Jordan (Mentor Director and Defendant)

19 •   Katherine S. Napier (Mentor Director and Defendant)

20 •   Burt E. Rosen (Mentor Director and Defendant)

21 •   Joseph W. Whitters (Mentor Director and Defendant)

22 •   Vikram Bhardwaj (Citicorp employee)

23 •   Benjamin Carpenter (Citicorp employee)

24 •   Wesley C. Walraven (Citicorp employee)

25 •   Jim Wu (Citi employee)

26 •   Aaron Pine (Citi employee)

27 •   Shauna Parikh (Citi employee)

28 •   Michael O'Neil (former Mentor employee)

1   • Steamfitters Local 449 Pension Fund (Plaintiff)

2   • Police and Fire Retirement System of the City of Detroit (Plaintiff)

3   • Gary Cinotto (Plaintiff)

4   • Person(s) identified as Person Most Knowledgeable in response to and/or in connection with

5     Plaintiffs' Subpoena to Johnson & Johnson dated December 29, 2009.

6   • Alex Gorsky (Johnson & Johnson executive)

7   • Gary Pruden (Worldwide President, Ethicon)

8   • William C. Weldon (Chairman & CEO, Johnson & Johnson)

9   • Sherilyn McCoy (Worldwide Chairman, Surgical Care Group, Johnson & Johnson)

10  • Scott Stanton (Attorney, Morrison & Foerster)

11  • Manan Shah (Attorney, Jones Day)

12  • Anjan Aralihalli (employee of Sanofi-Aventis)

13  • Jeffrey Buckalew (employee of Greenhill & Co.)

14  • Michael Giaquinto (employee of Greenhill & Co.)

15  • Capital Research Global Investors (Mentor shareholder)

16  • Capital World Investors (Mentor shareholder)

17

18

19

20

21

22

23

24

25

26  //

27  //

28

1     The above list is without prejudice.  Plaintiffs reserve their right to supplement this list and

2 to call any additional witness(es) based on further information obtained through ongoing

3 discovery.  Plaintiffs also reserve their right to call any parties and any additional witness(es)

4 identified by any other party to this action, and/or call any additional impeachment and/or rebuttal

5 witnesses.

6

7 DATED:  January 21, 2010             JOHNSON BOTTINI, LLP
                                        FRANK J. JOHNSON (174882)

8                                          FRANCIS A. BOTTINI, JR. (175783)

9                                          BRETT M. WEAVER (204715)

10

11                   By:_____

12                                         FRANCIS A. BOTTINI, JR.
                                         501 W. Broadway, Suite 1720

13                                          San Diego, CA  92101
                                         Telephone:  (619) 230-0063

14                                          Facsimile:  (619) 238-0622

15                                          COUGHLIN STOIA GELLER

16                                          RUDMAN & ROBBINS LLP
                                         RANDALL J. BARON (150796)

17                                          A. RICK ATWOOD, JR. (156529)
                                         DAVID T. WISSBROECKER (243867)

18                                          655 West Broadway, Suite 1900
                                         San Diego, CA  92101

19                                          Telephone:  (619) 231-1058
                                         Facsimile:  (619) 231-7423

20                                          *Co-Lead Counsel for Plaintiffs*

21

22

23

24

25

26

27

28

RECEIVED

MAY   8 2009

1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  JEFFREY A. TOPOR (SBN 195545)
   SIMMONDS & NARITA LLP
3  44 Montgomery Street, Suite 3010
   San Francisco, CA 94104-4816
4  Telephone: (415) 283-1000
   Facsimile:  (415) 352-2625
5  msimmonds@snllp.com
   tnarita@snllp.com
6  jtopor@snllp.com

7
   Attorneys for Defendants
8  Collins Financial Services, Inc. and
   Nelson & Kennard
9

10            UNITED STATES DISTRICT COURT

11           SOUTHERN DISTRICT OF CALIFORNIA

12

13  DAVID TOURGEMAN,                    )  CASE NO.  08-CV-1392 JLS NLS
                                        )
14            Plaintiff,                )
                                        )  DEFENDANT COLLINS FINANCIAL
15       vs.                            )  SERVICES, INC. RESPONSE TO
                                        )  PLAINTIFF'S REQUESTS FOR
16  COLLINS FINANCIAL SERVICES,         )  PRODUCTION, SET ONE
    INC., a corporation; NELSON &       )
17  KENNARD, a partnership, DELL        )
    FINANCIAL SERVICES, L.P., a         )
18  limited partnership; DFS            )
    ACCEPTANCE, a corporation, DFS      )
19  PRODUCTION, a corporation,          )
    AMERICAN INVESTMENT BANK,           )
20  N.A., a corporation; and DOES 1     )
    through 10, inclusive,              )
21                                      )
              Defendants.               )
22  _____ )

23

24  PROPOUNDING PARTY:           Plaintiff DAVID TOURGEMAN

25  RESPONDING PARTY:            Defendant COLLINS FINANCIAL
26                               SERVICES, INC.

27  SET NO.:                     ONE

28

1       Defendant Collins Financial Services, Inc. ("Defendant") hereby objects and

2  responds to plaintiff David Tourgeman's ("Plaintiff") Requests for Production of

3  Documents, Set One as follows:

4

5                     **PRELIMINARY STATEMENT**

6       Defendant has not completed its investigation and discovery in this action.

7  The responses  are based only upon Defendant's knowledge as of the date of these

8  responses, and are given without prejudice to Defendant's right to produce

9  subsequently discovered information or documents.

10

11                  **GENERAL OBJECTIONS**

12       The General Objections asserted below shall be deemed to be applicable to

13  each of Plaintiff's Requests, and are incorporated into each and every specific

14  response to each Request set forth . Such General Objections are not waived, nor in

15  any way limited by any further objection to any specific Request.

16       A.   Defendant objects to each Request to the extent that it is overbroad and

17  subjects Defendant to unreasonable and undue annoyance, oppression, burden and

18  expense and seeks information which is not relevant to the subject matter of this

19  lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

20       B.   Defendant objects to each Request to the extent that it seeks materials

21  which are not in the possession, custody or control of Defendant and/or which are

22  equally or more readily available to Plaintiff.

23       C.   To the extent that any Request, Definition or Instruction may be construed

24  as requiring Defendant to characterize documents or their contents or to speculate as

25  to what documents may or may not show, Defendant objects to such Request as

26  vague, ambiguous and calling for legal conclusions and speculation.

27       D.   Defendant objects to each Request to the extent it seeks information which

28  constitutes, reflects, or contains communications between counsel and Defendant on

1  the grounds that such communications are protected from discovery by virtue of the

2  attorney-client privilege, the joint defense privilege, or any other recognized privilege

3  or immunity.  Defendant further objects to each Request to the extent it calls for

4  information that may reflect or contain attorney work product, on the grounds that

5  such information is protected from discovery by virtue of the attorney work product

6  doctrine.

7      E.    Defendant objects to each and every Request to the extent that it seeks

8  proprietary information, trade secrets, or information subject to protective orders,

9  confidentiality agreements, or statutory provisions that bar the disclosure of that

10  information without the consent of third parties.

11      F.    In responding to Plaintiff's Requests, to the extent not otherwise objected

12  to, Defendant has used reasonable diligence to locate responsive documents and

13  things.  To the extent Plaintiff seeks to require Defendant to do more than that,

14  Defendant objects to each Request, on the grounds it is overly broad, oppressive and

15  unduly burdensome.

16      G.    Defendant objects to each and every Request to the extent such Requests

17  seek to impose obligations beyond those permitted under the Rules of Civil

18  Procedure.

19      H.    Defendant objects to each and every Request to the extent such Requests

20  call for production of pleadings or other materials already produced in this case.

21      I.  .  Defendant objects to Plaintiff's definitions of the defined terms

22  "COLLINS," "YOU" and "YOUR" as overbroad, vague and ambiguous, and to the

23  extent that by using such terms as defined by Plaintiff, Plaintiff seeks documents not

24  in the possession, custody or control of Defendant.

25  //

26  //

27  //

28  //

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**DOCUMENT REQUEST NO. 1:**

Please produce ALL COMMUNICATIONS between COLLINS and NELSON that RELATE TO Plaintiff David Tourgeman and the collection of his alleged debt. To the extent that these communications need to be redacted for privilege, please provide Plaintiff with a privilege log as described above.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the forgoing objections or the General Objections, Defendant will produce all non-privileged documents in its possession, custody or control that relate to the Plaintiff, his account or the defenses asserted in this action.

**DOCUMENT REQUEST NO. 2:**

Please produce ALL training materials that RELATE TO debt collection YOU provide to COLLINS employees.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds as follows:

1    Defendant is not a "debt collector" as defined by the FDCPA and it does not
2  itself engage in the collection of debts.  It does not have employees that engage in
3  debt collection, and therefore does not train on collection and does not have
4  responsive documents.

5

6  **DOCUMENT REQUEST NO. 3:**

7    Please produce ALL DOCUMENTS CONCERNING the duties and
8  responsibilities of COLLINS employees who receive, maintain, and send data
9  regarding alleged debts.

10 **RESPONSE TO DOCUMENT REQUEST NO. 3:**

11   Defendant objects to this Request on the grounds that it is vague and
12 ambiguous as phrased.  Defendant also objects to this Request on the grounds that, as
13 Defendant understands it, the Request is overbroad, unduly burdensome and
14 oppressive, and to the extent that it seeks information which is not relevant to the
15 subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
16 admissible evidence.  By asking Defendant to produce "ALL DOCUMENTS
17 CONCERNING the duties and responsibilities of COLLINS employees who receive,
18 maintain, and send data regarding alleged debts," Plaintiff is potentially asking
19 Defendant to produce an enormous amount of documentation which will have no
20 bearing on this dispute. Defendant further objects to this Request to the extent that it
21 seeks proprietary information, trade secret information, information subject to
22 protective orders, confidentiality agreements, or statutory provisions that bar the
23 disclosure of that information without the consent of third parties and to the extent
24 that it seeks information subject to the attorney-client privilege or the attorney work
25 product doctrine.

26   Subject to and without waiving the forgoing objections or the General
27 Objections, Defendant responds that it is willing to meet and confer with Plaintiff in

28

1  order to understand the Request and to identify the scope of any potential production
2  of documents.

3

4  **DOCUMENT REQUEST NO. 4:**

5      Please produce ALL DOCUMENTS that RELATE TO YOUR policies and
6  guidelines for investigating alleged debts.

7  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

8      Defendant objects to this Request on the grounds that it is vague and
9  ambiguous as to the phrase "investigating alleged debts." Defendant also objects to
10  this Request on the grounds that, based on Defendant's understanding of its meaning,
11  the Request is overbroad, unduly burdensome and oppressive, and to the extent that it
12  seeks information which is not relevant to the subject matter of this lawsuit, nor
13  reasonably calculated to lead to the discovery of admissible evidence. By asking
14  Defendant to produce "ALL DOCUMENTS that RELATE TO YOUR policies and
15  guidelines for investigating alleged debts," Plaintiff is potentially asking Defendant to
16  produce an enormous amount of documentation which will have no bearing on this
17  dispute. Defendant further objects to this Request to the extent that it seeks
18  proprietary information, trade secret information, information subject to protective
19  orders, confidentiality agreements, or statutory provisions that bar the disclosure of
20  that information without the consent of third parties and to the extent that it seeks
21  information subject to the attorney-client privilege or the attorney work product
22  doctrine.

23      Subject to and without waiving the forgoing objections or the General
24  Objections, Defendant responds that it is willing to meet and confer with Plaintiff in
25  order to understand the Request and to identify the scope of any potential production
26  of documents.

27

28

1 **DOCUMENT REQUEST NO. 5:**

2      Please produce ALL DOCUMENTS that RELATE TO YOUR policies and

3 guidelines for filing a lawsuit against an alleged debtor.

4 **RESPONSE TO DOCUMENT REQUEST NO. 5:**

5      Subject to and without waiving the General Objections, Defendant does not file

6 lawsuits.  Law firms are retained to file suit on its behalf.  Defendant does not

7 maintain documents reflecting guidelines or policies for filing lawsuits.

8

9 **DOCUMENT REQUEST NO. 6:**

10      Please produce ALL DOCUMENTS that RELATE TO YOUR 1692g notices,

11 including but not limited to every sample collection letter YOU send to alleged

12 debtors.

13 **RESPONSE TO DOCUMENT REQUEST NO. 6:**

14      Subject to and without waiving the General Objections, Defendant responds as

15 follows:  Collins does not communicate with debtors regarding debts and therefore

16 does not send notices to debtors pursuant to section 1692g of the FDCPA.

17

18 **DOCUMENT REQUEST NO. 7:**

19      Please produce ALL form letters, enclosures, envelopes, complaints,

20 memoranda, etc. used by COLLINS in YOUR debt collection activity.

21 **RESPONSE TO DOCUMENT REQUEST NO. 7:**

22      Subject to and without waiving the General Objections, Defendant responds as

23 follows: Collins does not communicate with debtors regarding debts and therefore has

24 no responsive documents.

25

26 **DOCUMENT REQUEST NO. 8:**

27      Please produce ALL DOCUMENTS YOU relied upon to verify Plaintiff David

28 Tourgeman's alleged debt.

1

2  **RESPONSE TO DOCUMENT REQUEST NO. 8:**

3       Defendant objects to this Request on the grounds that it is vague and

4  ambiguous as to the term "verify."  Subject to and without waiving the forgoing

5  objections or the General Objections, Defendant will produce non-privileged

6  documents in its possession, custody or control that relate to Plaintiff, his account and

7  the defenses asserted in this action.

8

9  **DOCUMENT REQUEST NO. 9:**

10      Please produce ALL DOCUMENTS that RELATE TO COLLINS' collection

11  practices and procedures.

12  **RESPONSE TO DOCUMENT REQUEST NO. 9:**

13      Subject to and without waiving the General Objections, Defendant responds as

14  follows: Collins is not a debt collector and it does not engage in the collection of

15  debts.  It has no collection practices or procedures and therefore has no documents to

16  produce.

17

18  **DOCUMENT REQUEST NO. 10:**

19      Please produce ALL DOCUMENTS that RELATE TO financial arrangements

20  between YOU and NELSON.

21  **RESPONSE TO DOCUMENT REQUEST NO. 10:**

22      Defendant objects to this Request on the grounds that it is vague and

23  ambiguous as to the term "financial arrangements."  Subject to and without waiving

24  the forgoing objection or the General Objections, Defendant responds as follows:

25  Collins does not have a financial arrangements with the firm.

26  //

27  //

28  //

**DOCUMENT REQUEST NO. 11:**

Please produce ALL DOCUMENTS that RELATE TO the financial arrangement between YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial Services, Inc.'s behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "financial arrangements." Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties.

Subject to and without waiving the forgoing objections or the General Objections, Defendant responds that it is willing to meet and confer with Plaintiff in order to understand the Request and to identify the scope of any potential production of documents.

**DOCUMENT REQUEST NO. 12:**

Please produce ALL DOCUMENTS pertaining to the number of alleged debtors that YOU filed complaints against from July 31, 2007 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Collins does not file complaints against debtors. Law firms are retained to file complaints against debtors. Thus Collins does not have any documents that are

TOURGEMAN V. COLLINS FINANCIAL SERVICES, INC. ET AL. (CASE NO. 08-CV-1392JLS NLS) DEFENDANT COLLINS FINANCIAL SERVICES, INC.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

8

1 | responsive to this Request.

2

3 | **DOCUMENT REQUEST NO. 13:**

4 |     Please produce ALL DOCUMENTS pertaining to the number of alleged

5 | debtors that YOU mailed letters to requesting payment of an alleged debt from July

6 | 31, 2007 to the present.

7 | **RESPONSE TO DOCUMENT REQUEST NO. 13:**

8 |     Collins does not mail letters to debtors.  There are no responsive documents.

9

10 | **DOCUMENT REQUEST NO. 14:**

11 |     Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of

12 | Plaintiff David Tourgeman's alleged debt.

13 | **RESPONSE TO DOCUMENT REQUEST NO. 14:**

14 |     Defendant objects to this Request on the grounds that it is vague and

15 | ambiguous as to the term "investigation."  Subject to and without waiving the

16 | forgoing objection or the General Objections, Defendant will produce non-privileged

17 | documents in its possession, custody or control that relate to Plaintiff, his account or

18 | any of the defenses asserted in this action.

19

20 | **DOCUMENT REQUEST NO. 15:**

21 |     Please produce ALL DOCUMENTS RELATING TO YOUR organization of

22 | COLLINS' employees, including any subsidiaries or affiliates.

23 | **RESPONSE TO DOCUMENT REQUEST NO. 15:**

24 |     Defendant objects to this Request on the grounds that it seeks information

25 | which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to

26 | lead to the discovery of admissible evidence.  Subject to and without waiving the

27 | forgoing objection or the General Objections, Collins will produce organizational

28 | charts, if any exist, responsive to this Request.

1 **DOCUMENT REQUEST NO. 16:**

2    Please produce ALL copies of each complaint in any litigation filed against

3 COLLINS, if any, alleging violations of the Fair Debt Collection Practices Act and

4 the Rosenthal Act.

5 **RESPONSE TO DOCUMENT REQUEST NO. 16:**

6    Defendant objects to this Request on the grounds that it is overbroad, unduly

7 burdensome and oppressive, and seeks information which is not relevant to the

8 subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

9 admissible evidence.  Complaints filed by other debtors containing unsubstantiated

10 allegations regarding other sets of facts has no bearing on the claims or defenses in

11 this action.  Defendant also objects to this Request on the grounds that the documents

12 requested, if any exist, are a matter of public record, equally available to Plaintiff.

13

14 **DOCUMENT REQUEST NO. 17:**

15    Please produce ALL DOCUMENTS that RELATE TO YOUR policy for the

16 retention and destruction of records, DOCUMENTS, or files from July 31, 2007 to

17 the present.

18 **RESPONSE TO DOCUMENT REQUEST NO. 17:**

19    Subject to and without waiving the General Objections, Defendant will produce

20 non-privileged documents in its possession, custody or control, if any, that are

21 responsive to this Request.

22

23 **DOCUMENT REQUEST NO. 18:**

24    Please produce ALL DOCUMENTS that RELATE TO the complaint YOU

25 filed as a plaintiff in San Diego Superior Court on August 2, 2007. Case No. 37-

26 2007-00072265-CL-CL-CTL ("*Collins v. Tourgeman*"), including, but not limited to,

27 all documents YOU relied on in authorizing the complaint's filing.

28

1 **RESPONSE TO DOCUMENT REQUEST NO. 18:**

2      Collins did not file the lawsuit.  The law firm of Nelson & Kennard was

3 retained to file suit.  Subject to and without waiving the General Objections,

4 Defendant will produce non-privileged documents in its possession, custody or

5 control that are responsive to this Request.

6

7 **DOCUMENT REQUEST NO. 19:**

8      Please produce ALL DOCUMENTS relating to the maintenance or change of

9 procedures by COLLINS adopted to avoid any violation of the Fair Debt Collection

10 Practices Act and the Rosenthal Act.

11 **RESPONSE TO DOCUMENT REQUEST NO. 19:**

12      Subject to and without waiving the General Objections, Collins does not seek

13 to collect debts from consumers.  It has no documents that are responsive to this

14 Request.

15

16 **DOCUMENT REQUEST NO. 20:**

17      Please produce ALL DOCUMENTS RELATING TO insurance policies

18 covering COLLINS for civil law violations including breach of contract, California's

19 Unfair Competition Laws, the Federal [sic] Debt Collection Practices Act and the

20 Rosenthal Act.

21 **RESPONSE TO DOCUMENT REQUEST NO. 20:**

22      Collins has not tendered the defense of this action to any insurance carrier and

23 thus has no responsive documents.

24

25 **DOCUMENT REQUEST NO. 21:**

26      Please produce ALL DOCUMENTS that RELATE TO an investigation of

27 COLLINS by an AGENCY for violations of California Unfair Competition Laws, the

28 Federal [sic] Debt Collection Practices Act and the Rosenthal Act.

1 **RESPONSE TO DOCUMENT REQUEST NO. 21:**

2       Defendant objects to this Request on the grounds that it is vague and

3 ambiguous as to the term "an investigation." Defendant also objects to this Request

4 on the grounds that it seeks information which is not relevant to the subject matter of

5 this lawsuit, nor reasonably calculated to lead to the discovery of admissible

6 evidence.

7

8 **DOCUMENT REQUEST NO. 22:**

9       Please produce ALL DOCUMENTS that RELATE TO the retention

10 agreements, including the retention agreements themselves (or other operative

11 document describing the respective duties and obligations of client and attorney), if

12 any, between COLLINS and NELSON.

13 **RESPONSE TO DOCUMENT REQUEST NO. 22:**

14       No responsive documents exist.

15

16 **DOCUMENT REQUEST NO. 23:**

17       Please produce ALL DOCUMENTS that RELATE TO COLLINS' phone calls,

18 including but not limited to phone records and call logs, placed to David Tourgeman,

19 Cesar Tourgeman, Rebecca Tourgeman or anyone else for the purposes of collecting

20 David Tourgeman's alleged debt.

21 **RESPONSE TO DOCUMENT REQUEST NO. 23:**

22       No responsive documents exist.

23

24 **DOCUMENT REQUEST NO. 24:**

25       Please produce ALL DOCUMENTS that RELATE TO COLLINS' policies and

26 procedures for settling alleged debts with debtors.

27 **RESPONSE TO DOCUMENT REQUEST NO. 24:**

28       No responsive documents exist.

**DOCUMENT REQUEST NO. 25:**

Please produce ALL DOCUMENTS that RELATE TO COLLINS' revenue for each calendar year from 2005 to the present, including but not limited to financial summaries, period reports, tax returns and financial statements.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks confidential financial information.

**DOCUMENT REQUEST NO. 26:**

Please produce ALL DOCUMENTS that RELATE TO COLLINS' processes for transmitting account information of debtors to NELSON.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects on the grounds that the Request is vague and ambiguous. Subject to and without waiving the forgoing objection or the General Objections, Defendant responds that no responsive documents exist.

**DOCUMENT REQUEST NO. 27:**

Please produce ALL DOCUMENTS that RELATE TO the contractual relationship between YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial Services, Inc.'s behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not

1 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

2 discovery of admissible evidence.  Defendant also objects to this Request to the

3 extent that it seeks proprietary information, trade secret information, information

4 subject to protective orders, confidentiality agreements, or statutory provisions that

5 bar the disclosure of that information without the consent of third parties.

6     Subject to and without waiving the forgoing objections or the General

7 Objections, Defendant will produce non-privileged documents in its possession,

8 custody or control that relate to Plaintiff, his account or any of the defenses asserted

9 in this action.

10

11 **DOCUMENT REQUEST NO. 28:**

12     Please produce ALL DOCUMENTS that RELATE TO COLLINS' contracts

13 with skip-tracing services and other data providers YOU use to find current

14 information for any alleged debtor.

15 **RESPONSE TO DOCUMENT REQUEST NO. 28:**

16     No responsive documents exist.

17

18 DATED: May 5, 2009                SIMMONDS & NARITA LLP
                                    MICHAEL R. SIMMONDS
19                                  TOMIO B. NARITA
                                    JEFFREY A. TOPOR
20

21

22                          By: _____

23                                  Tomio B. Narita
                                    Attorneys for Defendants
24                                  Collins Financial Services, Inc. and
                                    Nelson & Kennard

25

26

27

28

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)   **DEFENDANT COLLINS FINANCIAL SERVICES, INC. RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE**

by causing such document to be mailed to the address indicated below:

VIA U.S. MAIL

Daniel P. Murphy
4691 Torrey Circle A306
San Diego, CA 92130
counsel for Plaintiff

Francis A. Bottini
Frank J. Johnson
Derek J. Wilson
Johnson Bottini, LLP
655 West Broadway, Suite 1400
San Diego, CA 92101
counsel for Plaintiff

//
//
//
//
//

1  Scott J. Ferrell and Lisa A. Wegner
2  Call, Jensen & Ferrell, P.C.
   610 Newport Center Dr., Suite 700
3  Newport Beach, CA 92660
4  counsel for defendants Dell Financial Services, LLC,
   DFS Acceptance and DFS Production
5
6
7          I declare under penalty of perjury that the foregoing is true and
   correct.  Executed at San Francisco, California on this 5th day of May, 2009.
8
9
10 _____
11                    Stephanie Schmitt
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RECEIVED

MAY  8 2009

1 MICHAEL R. SIMMONDS (SBN 96238)
  TOMIO B. NARITA (SBN 156576)
2 JEFFREY A. TOPOR (SBN 195545)
  SIMMONDS & NARITA LLP
3 44 Montgomery Street, Suite 3010
  San Francisco, CA 94104-4816
4 Telephone: (415) 283-1000
  Facsimile:  (415) 352-2625
5 msimmonds@snllp.com
  tnarita@snllp.com
6 jtopor@snllp.com

7
  Attorneys for Defendants
8 Collins Financial Services, Inc. and
  Nelson & Kennard
9

10                    UNITED STATES DISTRICT COURT

11                 SOUTHERN DISTRICT OF CALIFORNIA

12

13 DAVID TOURGEMAN,                    )  CASE NO.  08-CV-1392 JLS NLS
                                       )
14          Plaintiff,                 )
                                       )  **DEFENDANT COLLINS FINANCIAL**
15          vs.                        )  **SERVICES, INC. RESPONSE TO**
                                       )  **PLAINTIFF'S SPECIAL**
16 COLLINS FINANCIAL SERVICES,         )  **INTERROGATORIES, SET ONE**
   INC., a corporation; NELSON &       )
17 KENNARD, a partnership, DELL        )
   FINANCIAL SERVICES, L.P., a         )
18 limited partnership; DFS            )
   ACCEPTANCE, a corporation, DFS      )
19 PRODUCTION, a corporation,          )
   AMERICAN INVESTMENT BANK,           )
20 N.A., a corporation; and DOES 1     )
   through 10, inclusive,              )
21                                     )
                                       )
22          Defendants.                )
                                       )
23

24 PROPOUNDING PARTY:            Plaintiff DAVID TOURGEMAN

25 RESPONDING PARTY:             Defendant COLLINS FINANCIAL
26                               SERVICES, INC.

27 SET NO.:                      ONE

28

1    Defendant Collins Financial Services, Inc. ("Defendant") hereby objects and
2  responds to plaintiff David Tourgeman's ("Plaintiff") Special Interrogatories, Set One
3  as follows:

4

5                        **PRELIMINARY STATEMENT**

6    Defendant has not completed its investigation and discovery in this action.
7  The responses herein are based only upon Defendant's knowledge as of the date of
8  these responses, and are given without prejudice to Defendant's right to produce
9  subsequently discovered information or documents.

10

11                        **GENERAL OBJECTIONS**

12    The following general objections are expressly incorporated into each of the
13  specific responses set forth below:

14    A.   Defendant objects to producing any information or documents which
15  constitute, reflect, or contain communications with counsel on the grounds that such
16  communications are protected from discovery by virtue of the attorney-client
17  privilege and/or the joint defense privilege.  Defendant further objects to each
18  interrogatory to the extent that it calls for information or documents which reflect or
19  contain attorney work product on the grounds that such information or documents are
20  protected from discovery by virtue of the attorney work product doctrine.

21    B.   Defendant objects to each interrogatory to the extent that it is overbroad
22  and subjects Defendant to unreasonable and undue annoyance, oppression, burden,
23  and expense, and seeks information which is not relevant to the subject matter of this
24  lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

25    C.   Defendant objects to each interrogatory to the extent that it seeks materials
26  or information which are not in the possession, custody or control of Defendant,
27  and/or which are equally or more readily available to Plaintiff.

28

1    D.    Defendant objects to each interrogatory to the extent that it is

2  unreasonably cumulative and duplicative of other discovery in this action.

3    E.    Defendant objects to each and every interrogatory to the extent that it

4  seeks proprietary information, trade secrets, or information subject to protective

5  orders, confidentiality agreements, rights of privacy or statutory provisions that bar

6  the disclosure of that information without the consent of third parties.

7    F.    Defendant objects to Plaintiff's "Instructions" and each and every

8  interrogatory to the extent that they seek to impose burdens upon Defendant in excess

9  of what is required under the Federal Rules of Civil Procedure.

10    G.    Defendant objects to Plaintiff's definitions of the defined terms

11  "COLLINS," "YOU" and "YOUR" as overbroad, vague and ambiguous.  Unless

12  otherwise indicated, all responses are made solely on behalf of Collins Financial

13  Services, Inc.

14

15    **RESPONSES TO INTERROGATORIES**

16

17  **INTERROGATORY NO. 1:**

18    Please identify the number of persons and entities in the United States who you

19  contacted for the purposes of debt collection from July 31, 2007 to the present.

20  [Definitions omitted].

21  **RESPONSE TO INTERROGATORY NO. 1:**

22    Zero.

23

24  **INTERROGATORY NO. 2:**

25    Please state the name(s), business address(es), and job title(s) or capacity(ies)

26  of the officer(s), employee(s), or agent(s) answering or providing any information

27  used to answer each Interrogatory.

28

---

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the General Objections, Defendant responds as follows:

Ms. Tina Thomas
Vice President
2101 W. Ben White Blvd.
Austin, TX 78701
Ms. Thomas may be contacted exclusively through counsel for Defendant.

**INTERROGATORY NO. 3:**

Please state the form of COLLINS' organization, including all subsidiaries and affiliates, and the date and place the organization was organized and registered and/or licensed to do business.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving the General Objections, Defendant responds as follows: Collins Financial Services, Inc. is a Texas corporation incorporated in 1996. It is licensed to do business in appropriate jurisdictions.

**INTERROGATORY NO. 4:**

Please describe COLLINS' procedures and policies for receiving debt related information from the entity COLLINS purchases debt from.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "receiving debt related information." Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the

1  disclosure of that information without the consent of third parties and to the extent
2  that it seeks information subject to the attorney-client privilege or the attorney work
3  product doctrine.

4       Subject to and without waiving the forgoing objections or the General
5  Objections, based upon its understanding of this Interrogatory, Defendant hereby
6  exercises its option to produce business records that are responsive, pursuant to Rule
7  33(d) of the Federal Rules of Civil Procedure.  Defendant is willing to meet and
8  confer with Plaintiff regarding any further response.

9

10 **INTERROGATORY NO. 5:**

11      Please describe COLLINS' procedures and policies for verifying debt related
12 information from the entity COLLINS purchases debt from.

13 **RESPONSE TO INTERROGATORY NO. 5:**

14      Defendant objects to this Interrogatory on the grounds that it is vague and
15 ambiguous as to the term "verifying debt related information." Defendant also objects
16 to this Interrogatory on the grounds that it is overbroad, unduly burdensome and
17 oppressive, and to the extent that it seeks information which is not relevant to the
18 subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
19 admissible evidence.  Defendant further objects to this Interrogatory to the extent that
20 it seeks proprietary information, trade secret information, information subject to
21 protective orders, confidentiality agreements, or statutory provisions that bar the
22 disclosure of that information without the consent of third parties and to the extent
23 that it seeks information subject to the attorney-client privilege or the attorney work
24 product doctrine.

25      Subject to and without waiving the forgoing objections or the General
26 Objections, based upon its understanding of this Interrogatory, Defendant hereby
27 exercises its option to produce business records that are responsive, pursuant to Rule

28

1   33(d) of the Federal Rules of Civil Procedure.  Defendant is willing to meet and

2   confer with Plaintiff regarding any further response.

3

4   **INTERROGATORY NO. 6:**

5       Please describe COLLINS' procedures and policies for investigating the

6   addresses of alleged debtors prior to attempting contact.

7   **RESPONSE TO INTERROGATORY NO. 6:**

8       Collins does not attempt to contact debtors and therefore does not have any

9   policies or procedures that are responsive to this Interrogatory.

10

11   **INTERROGATORY NO. 7:**

12       Please describe COLLINS' procedures and policies for determining the amount

13   COLLINS demands from alleged debtors, including but not limited to, the method of

14   calculating the principal owed, interest assessed and penalties applied,

15   **RESPONSE TO INTERROGATORY NO. 7:**

16       Collins does not make demands of debtors and therefore has no procedures or

17   policies that are responsive to this Interrogatory.

18

19   **INTERROGATORY NO. 8:**

20       Please describe COLLINS' procedures and policies for settling outstanding

21   alleged debts from alleged debtors.

22   **RESPONSE TO INTERROGATORY NO. 8:**

23       Collins does not settle debts with debtors and therefore has no responsive

24   polices or procedures.

25

26   **INTERROGATORY NO. 9:**

27       Please identify all law firms that COLLINS retained - from July 31, 2006 to the

28   present - for the purpose of collecting debts.

1  **RESPONSE TO INTERROGATORY NO. 9:**

2      Collins does not retain law firms.

3

4  **INTERROGATORY NO. 10:**

5      Please identify all lawsuits for breach of contract, Rule 3.740 collections cases,

6  violations of the FDCPA and violations of the Rosenthal Act -by caption, court, civil

7  action number, and result - that COLLINS is or has been a party to since July 31,

8  2006.

9  **RESPONSE TO INTERROGATORY NO. 10:**

10      Defendant objects to this Request on the grounds that it is compound.

11  Defendant also objects to this Interrogatory on the grounds that it is overbroad,

12  unduly burdensome and oppressive, and seeks information which is not relevant to

13  the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

14  admissible evidence.  Complaints which include unsubstantiated allegations made by

15  other debtors regarding other sets of facts have no bearing on the claims or defenses

16  in this action.  Defendant also objects to this Interrogatory on the grounds that the

17  information requested, if any exists, is a matter of public record, equally available to

18  Plaintiff.

19

20  **INTERROGATORY NO. 11:**

21      Did COLLINS make any substantive change in company policy from July 31,

22  2006 to the present?  If so, please identify and describe any substantive changes

23  COLLINS made – from July 31, 2006 to the present – to any COLLINS policy or

24  procedure in an effort to comply with the provision of the Federal [sic] Debt

25  Collection Practices Act.

26  **RESPONSE TO INTERROGATORY NO. 11:**

27      Collins does not attempt to collect debts from consumers and thus it is not

28  subject to the FDCPA.  Collins has no procedures responsive to this Interrogatory.

1 **INTERROGATORY NO. 12:**

2     Please describe the compensation agreements between COLLINS and any law

3 firm COLLINS uses to file complaint against alleged debtors for breach of contract.

4 **RESPONSE TO INTERROGATORY NO. 12:**

5     Collins does not have compensation agreements with law firms.

6

7 **INTERROGATORY NO. 13:**

8     Please identify COLLINS' policies and procedures for when a 1692g notice is

9 returned to COLLINS undelivered.

10 **RESPONSE TO INTERROGATORY NO. 13:**

11     Collins does not communicate with debtors in connection with collecting

12 debts, and thus it does not send 1692g notices.  It therefore has no policies or

13 procedures that are responsive to this Interrogatory.

14

15 **INTERROGATORY NO. 14:**

16     Please identify the documents COLLINS relied upon to confirm the amount of

17 David Tourgeman's debt.

18 **RESPONSE TO INTERROGATORY NO. 14:**

19     Subject to and without waiving the forgoing objections or the General

20 Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will

21 produce non-privileged, responsive documents in its possession, custody or control.

22

23 **INTERROGATORY NO. 15:**

24     Please identify all trade associations relating to debt collection to which

25 COLLINS belongs.

26 //

27

28

1   **RESPONSE TO INTERROGATORY NO. 15:**

2        Defendant objects to this Interrogatory on the grounds that it is overbroad,

3   unduly burdensome and oppressive, and to the extent that it seeks information which

4   is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

5   to the discovery of admissible evidence.

6

7   **INTERROGATORY NO. 16:**

8        Please identify the number of letters threatening legal action COLLINS sent in

9   each calendar year from 2005 to the present.

10   **RESPONSE TO INTERROGATORY NO. 16:**

11        Zero.

12

13   **INTERROGATORY NO. 17:**

14        Please describe the position at COLLINS that prepares the affidavit authorizing

15   legal action against an alleged debtor, including but not limited to the position's

16   duties, responsibilities, job requirements, and the number of people who perform this

17   task for COLLINS.

18   **RESPONSE TO INTERROGATORY NO. 17:**

19        Collins did not prepare an affidavit relating to this action.

20

21   **INTERROGATORY NO. 18:**

22        Please describe the process COLLINS uses to skip trace debtors in the event of

23   a debtor's address or phone number change.

24   **RESPONSE TO INTERROGATORY NO. 18:**

25        Collins does not skip trace debtors.

26   //

27   //

28   //

1   **INTERROGATORY NO. 19:**

2      If COLLINS' response to Plaintiff David Tourgeman's Requests for Admission

3   (Set One) Request 3 served concurrently with Plaintiff David Tourgeman's Special

4   Interrogatories is anything other than an unqualified admission, please explain the

5   basis for COLLINS' denial.

6   **RESPONSE TO INTERROGATORY NO. 19:**

7      Defendant incorporates by reference its objections and response to Request for

8   Admission No. 3.  Collins does not communicate with debtors in an attempt to collect

9   from debtors so this Request has been denied.

10

11  **INTERROGATORY NO. 20:**

12     If COLLINS' response to Plaintiff David Tourgeman's Requests for Admission

13  (Set One) Request 11 served concurrently with Plaintiff David Tourgeman's Special

14  Interrogatories is anything other than an unqualified admission, please explain the

15  basis for COLLINS' denial.

16  **RESPONSE TO INTERROGATORY NO. 20:**

17     Defendant incorporates by reference its objections and response to Request for

18  Admission No. 11.  Collins does not communicate with debtors nor does it file

19  lawsuits in an attempt to collect from debtors, so this Request has been denied.

20

21  DATED: May 5, 2009               SIMMONDS & NARITA LLP
                                     MICHAEL R. SIMMONDS
22                                   TOMIO B. NARITA
                                     JEFFREY A. TOPOR
23

24

25                                   By: _____

26                                       Tomio B. Narita
                                         Attorneys for Defendants
27                                       Collins Financial Services, Inc. and
                                         Nelson & Kennard
28

## VERIFICATION

I, Tina Thomas, state that am authorized to make this verification on behalf of defendant Collins Financial Services, Inc. I have read the foregoing **DEFENDANT COLLINS FINANCIAL SERVICES, INC. RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**, and I know the contents thereof. To the extent that I have personal knowledge of the facts contained therein, the same are true and correct. Insofar as the facts are based upon a composite of information of many individuals, I do not have personal knowledge concerning all of the information contained in the responses, but I am informed and believe that the matters stated in said responses for which I do not have personal knowledge are true and correct. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May  4 , 2009 at Austin, Texas.

Tina Thomas

Tina Thomas

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1) **DEFENDANT COLLINS FINANCIAL SERVICES, INC. RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

by causing such document to be mailed to the address indicated below:

<u>VIA U.S. MAIL</u>

Daniel P. Murphy
4691 Torrey Circle A306
San Diego, CA 92130
counsel for Plaintiff

Francis A. Bottini
Frank J. Johnson
Derek J. Wilson
Johnson Bottini, LLP
655 West Broadway, Suite 1400
San Diego, CA 92101
counsel for Plaintiff
//
//
//
//
//

Scott J. Ferrell and Lisa A. Wegner
Call, Jensen & Ferrell, P.C.
610 Newport Center Dr., Suite 700
Newport Beach, CA 92660
counsel for defendants Dell Financial Services, LLC,
DFS Acceptance and DFS Production


      I declare under penalty of perjury that the foregoing is true and correct.  Executed at San Francisco, California on this 5th day of May, 2009.


_____
Stephanie Schmitt