# EXHIBIT E



Brett M. Weaver

Writer's Direct: 619.230.1731
brett@johnsonbottini.com

December 4, 2009

**VIA EMAIL & U.S. MAIL**

Tomio Narita
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

    Re:   *Tourgeman v. Collins Financial Services, Inc., et al. Case No. 08-CV-1392*

Dear Tomio:

    More than six months ago, Plantiff David Tourgeman propounded his first set of written discovery requests on Defendants Collins Financial Services, Inc. and Nelson & Kennard. Collins Financial and Nelson & Kennard provided misplaced objections and inadequate responses to most of Tourgeman's requests. On June 24, 2009, I sent you a letter detailing your clients' insufficient responses, a copy of which is enclosed for your convenience. To date, I have not received a written response to that letter.

    Instead, you told me Tourgeman's discovery requests were premature until after Judge Sammartino ruled on Defendants' motions to dismiss and motions for summary judgment. While I disagreed with your position, I did not press the issue because I did not want to bother the court with a (hopefully unnecessary) motion to compel. Now that Judge Sammartino has denied Defendants' motions, I again ask that Collins Financial and Nelson & Kennard provide supplemental responses to the discovery identified in my June 24 letter.

    I look forward to your response.

Sincerely,

Brett M. Weaver
for JOHNSON BOTTINI, LLP

cc: Dan Murphy (w/out enclosures)



Brett M. Weaver

Writer's Direct: 619.230.1731
brett@johnsonbottini.com

June 24, 2009

Tomio Narita
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

Re:   *Tourgeman v. Collins Financial Services, Inc., et al. Case No. 08-CV-1392*

Dear Tomio:

I previously asked you for mutually-convenient dates and locations for Nelson & Kennard's and Collins Financial Services, Inc.'s ("Collins Financial") persons most knowledgeable. Having not heard back from you, I assume you are still unwilling to produce the appropriate persons until the Court rules on the pending motion to dismiss. As detailed below, case law holds that discovery proceeds as usual during the pendency of a motion to dismiss. Accordingly, I again ask for mutually-convenient dates and locations. If I do not receive a response on this matter or you continue to assert you don't have to produce the deponents, I will unilaterally notice the depositions and, if necessary, move to compel.

In addition, I've reviewed Nelson & Kennard's and Collins Financial's responses to David Tourgeman's first set of discovery requests. As required by Federal Rule of Civil Procedure 37, this letter is an attempt to meet, confer, and informally resolve the following problems with their responses to Tourgeman's requests for admissions, requests for production, and special interrogatories.

### Nelson & Kennard's Discovery Request Responses

*Request for Production No. 3*

Nelson & Kennard objects to this request on various grounds. Nelson & Kennard states it is "willing to meet and confer with Plaintiff to discuss the scope of this request and any response thereto." The objections are meritless and the offer to meet and confer to discuss the scope of the request is unnecessary. Request no. 3 seeks all documents concerning the duties and responsibilities of Nelson & Kennard employees who receive data relating to alleged debts. Nelson & Kennard's debt collection practices are central to the issues involved in this case and

June 24, 2009
Page 2

thus the document request is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

***Request for Production No. 4***

Nelson & Kennard contends this request is vague and ambiguous as to the term "investigating alleged debts" and argues it does not investigate debts. This response is insufficient. Nelson & Kennard must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests. Additionally, it is inconceivable that Nelson & Kennard files suit against alleged debtors without making some kind of inquiry or verification into the alleged debt.

***Request for Production No. 5***

Nelson & Kennard & Kennard objects to this request on the grounds that it "is so vague and broad and written it could potentially be read to request copies of every document maintained by the firm." This is an insufficient response and exaggerates the scope of the request. Request no. 5 seeks all documents related to Nelson & Kennard's policies and guidelines for filing a lawsuit against an alleged debtor. It is difficult to see how this request could potentially include every document at the firm as the request is specifically limited to documents related to Nelson & Kennard's policies and guidelines.

***Request for Production No. 6***

Nelson & Kennard objects to this request on various grounds and agrees "[d]ocuments relating to Plaintiff and the litigation relating to his account will be produced, but the firm will not agree to produce all documents that relate to its decision to dismiss other cases on behalf of other clients." This is an incomplete response. Nelson & Kennard's debt collection practices are at issue in this case. For this reason Nelson & Kennard's policies and guidelines for dismissing a complaint against an alleged debtor are relevant.

***Request for Production No. 7***

Nelson & Kennard objects to this request on various grounds and states "the firm will not agree to produce all documents that relate to other cases filed on behalf of other clients." This response misconstrues the scope of the request. Request no. 7 seeks all form letters, enclosures, envelopes, complaints, and memoranda used in Nelson & Kennard and Kennard's debt collection activity. Presumably, these documents are template materials lacking client information. Since Nelson & Kennard's debt collection techniques are issue in this case, this request is appropriate and within the discovery rules set forth in the Federal Rules of Civil Procedure.

***Request for Production No. 8***

Nelson & Kennard objects to this request on various grounds and contends it is "not required by law to conduct an independent investigation into the accounts that are placed with it for collection." This is an inadequate response. For purposes of this request, it is immaterial whether the law requires an independent debt collection investigation. This request seeks all documents related to any act of investigation by Nelson & Kennard into Tourgeman's alleged debt.

June 24, 2009
Page 3

*Request for Production No. 9*

Nelson & Kennard objects to this request on the grounds that the term "regarding collection practices and procedures" is vague and ambiguous. Nelson & Kennard concludes "no such documents exist." This response is disingenuous. Request no. 9 seeks documents related to communications between Nelson & Kennard and Collins Financial Services regarding collection practices and procedures. The request is clear and straightforward. Additionally, the nature of the two firms and the ongoing business relationship suggests it is highly implausible that "no such documents exist." Nelson & Kennard is a law firm specializing in debt collections while Collins Financial is a financial services firm which purchases and sells allegedly overdue consumer debts. The two firms must consult each other by email or letter with regards to collection practices and procedures.

*Request for Production No. 10*

Nelson & Kennard objects to this request on various grounds. Notably, Nelson & Kennard contends "complaints filed by Nelson & Kennard against other debtors have no bearing on this action." To the contrary, complaints against other debtors are directly at issue in this case. One of the primary issues in this case is the scale of Nelson & Kennard's and Collins Financial's debt collection activity. Complaints that Nelson & Kennard filed against other debtors on behalf of Collins Financial may establish a pattern or practice.

*Request for Production No. 11*

Nelson & Kennard objects to this request on the grounds that it is vague and ambiguous and insists "no such documents exist." This response is unsupported. Request no. 11 seeks all documents related to financial arrangements between Nelson & Kennard and Collins Financial. This request is clear and unambiguous. It is improbable that no documentation regarding Nelson & Kennard's and Collins Financial's payment or compensation structure exists. While it is conceivable an oral contract exists, it is doubtful.

*Request for Production No. 12*

Nelson & Kennard objects to this request on various grounds and alleges "the Request is premature." This is an inadequate response. Request no. 12 seeks all documents pertaining to the number of alleged debtors Nelson & Kennard filed complaints against from July 31, 2007 to the present. The request is relevant to the issues involved in the case and within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

*Request for Production No. 13*

Nelson & Kennard objects to this request on various grounds and contends that "[l]etters sent by the firm to other debtors on behalf of other clients have no bearing on this case." This response is incorrect and misinterprets the discovery request. First, Nelson & Kennard's debt collection practices are directly at issue in this case. Contrary to Nelson & Kennard's contentions, letters sent by the firm to other debtors are relevant. Moreover, request no.13 seeks documents pertaining to the **number** of alleged debtors that Nelson & Kennard mailed letters to, not necessarily the actual letters themselves.

*Request for Production No. 14*

Nelson & Kennard objects to this request on various grounds and agrees to "produce non-privileged documents that relate to Plaintiff, his account and the defenses in this action." This response sidesteps the document request. Simply agreeing to produce documents related to David Tourgeman is an inadequate response. Request no. 14 seeks all documents related to Nelson & Kennard's 1692g notices, including sample collection letters sent to alleged debtors. The documents requested are within the scope of the Federal Rules of Civil Procedure and are relevant to the issues involved in this case.

*Request for Production No. 15*

Nelson & Kennard objects to this request on various grounds and agrees to "produce non-privileged documents that relate to Plaintiff, his account, and the defenses in this action." Again, this response sidesteps the document request. Simply reiterating a previous agreement to produce documents related to David Tourgeman is an inadequate response. Request no. 15 seeks all documents related to Nelson & Kennard's procedures and guidelines for collecting debts. This information is relevant to several issues in the case and the request is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

*Request for Production No. 19*

Nelson & Kennard objects to this request on various grounds and agrees to "produce non-privileged documents that relate to the bona fide error defense in this action." This response is insufficient and misstates the substance of the request. Request no. 19 seeks all documents related to Nelson & Kennard's maintenance of procedures to avoid violations of the Fair Debt Collection Practices Act and the Rosenthal Act. The request says nothing about the bona fide error defense.

*Request for Production No. 20*

Nelson & Kennard objects to this request on various grounds and agrees to "produce non-privileged documents that relate to the bona fide error defense in this action." Again, this response is insufficient as the document request did not seek materials related to the alleged bona fide error defense. Request no. 20 is relevant to the issues involved in this case and within the scope of the Federal Rules of Civil Procedure.

*Request for Production No. 21*

Nelson & Kennard objects to this request on various grounds and argues it "has not tendered the defense of this action to any insurance carrier so there are not relevant responsive documents." This response is inadequate and avoids the discovery request. Request no. 21 seeks all documents related to insurance policies covering Nelson & Kennard for violations of the Fair Debt Collection Practices Act and the Rosenthal Act. It is immaterial whether Nelson & Kennard has tendered the defense of this action to any insurance carrier. What matters is whether Nelson & Kennard maintains this type of insurance policy. To the extent these insurance policies exist, Tourgeman expects responsive documents will be produced.

June 24, 2009
Page 5

*Request for Production No. 23*

Nelson & Kennard objects to this request on various grounds, specifically alleging "the firm does not have a legal obligation to independently verify the debts that are forwarded by its clients." Nelson & Kennard promises to "produce non-privileged documents that relate to Plaintiff, his account, and the defenses in this action." The objections are meritless and the entire response is inadequate as the documents promised are unrelated to the discovery request. Request no. 23 seeks all documents related to Nelson & Kennard's procedures to verify alleged debts when received from a debt collector client. It is immaterial whether Nelson & Kennard has a legal obligation to verify debts. To the extent responsive documents exist, Tourgeman is entitled to them.

*Request for Production No. 25*

Nelson & Kennard objects to this request on various grounds. Nelson & Kennard contends there "is no legitimate basis for seeking discovery regarding the settlement of debts that are forward to the firm by other clients." This response is incorrect. To the contrary, Nelson & Kennard's debt collection practices are directly at issue in this case. Request no. 25 is reasonably calculated to lead to the admissibility of relevant evidence and is within the scope of the Federal Rules of Civil Procedure.

*Request for Production No. 26*

Nelson & Kennard objects to this request on various grounds. Nelson & Kennard claims the request "seeks confidential financial information." Nevertheless, this document request is relevant to the issues in the case and within the scope of the Federal Rules of Civil Procedure. Tourgeman will sign a confidential disclosure agreement if necessary.

*Request for Production No. 27*

Nelson & Kennard agrees to "produce non-privileged documents in its possession, custody or control that relate to Plaintiff, his account or the defenses asserted in this action." This response is ambiguous. Request no. 27 seeks all documents related to Nelson & Kennard's phone calls placed to David Tourgeman, Cesar Tourgeman, Rebecca Tourgeman or anyone else for the purpose of collecting David Tourgeman's alleged debt. It is not clear from Nelson & Kennard's response whether Nelson & Kennard intends to produce these phone call related documents. Clarification in the form of a supplemental response is necessary.

*Request for Production No. 29*

Nelson & Kennard objects to this request as overbroad, unduly burdensome and oppressive, not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. These objections are without merit. Request no. 29 seeks all documents related to Nelson & Kennard's contracts with skip-tracing services and other data providers Nelson & Kennard uses to find current information on an alleged debtor. Nelson & Kennard's debt collection activities and methods of contacting alleged debtors are at issue in this case. Consequently, this request is appropriate and within the scope of the Federal Rules of Civil Procedure.

*Special Interrogatory No. 1, 2*

Nelson & Kennard objects to these interrogatories on various grounds. Notably, Nelson & Kennard contends the interrogatories are premature because "the Defendant has filed a motion to dismiss and a motion to strike the First Amended Complaint." My legal research indicates this objection is invalid. There is no requirement that discovery cease during the pendency of a motion to dismiss unless the court has ordered a stay. *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). Such motions for stay are generally disfavored and will not be granted unless the party seeking a stay makes a strong showing why discovery should be denied. *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993). Where, as here, a party does not even move for a stay, the pendency of a motion to dismiss is not a reason for noncompliance with discovery. *Dickson v. Chi. Allied Warehouses, Inc.*, 1993 U.S. Dist. Lexis 12914 (N.D. Ill. 1993). Since

*Special Interrogatory No. 4*

Nelson & Kennard admits it is a California partnership "licensed to do business where necessary." This is an incomplete response and it is unclear where Nelson & Kennard is licensed to do business.

*Special Interrogatory No. 5*

Nelson & Kennard objects to this interrogatory on various grounds. In particular, Nelson & Kennard contends that the terms "receiving debt related information" and "NELSON & KENNARD's client" are vague and ambiguous. All the objections are meritless. Nelson & Kennard must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. Interrogatory no. 5 is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

*Special Interrogatory No. 7*

Nelson & Kennard objects to this interrogatory on various grounds. Specifically, Nelson & Kennard claims the interrogatory is vague and ambiguous as to the terms "procedures and policies for filing a lawsuit" and "NELSON & KENNARD's client." All the objections are meritless and Nelson & Kennard has not made a good faith effort to provide an answer. As stated previously, Nelson & Kennard must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. This interrogatory is within the scope of discovery as set forth in the Federal Rules of Civil Procedure.

*Special Interrogatory No. 8*

Nelson & Kennard objects to this interrogatory on various grounds and claims the terms "Rule 3.740 collection grounds" and "NELSON & KENNARD's client" are vague and ambiguous. Once again the objections are meritless and Nelson & Kennard has not made a good faith effort to provide an answer. Nelson & Kennard must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. This interrogatory is within the scope of discovery as set forth in the Federal Rules of Civil Procedure.

June 24, 2009
Page 7

*Special Interrogatory No. 10*

Nelson & Kennard objects to this interrogatory on various grounds and contends the term "procedures and policies for settling" are vague and ambiguous. Yet again the objections meritless, the interrogatory is clear, and Nelson & Kennard has not made a good faith effort to provide an answer. Nelson & Kennard must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.

*Special Interrogatory No. 11*

Nelson & Kennard objects to this interrogatory on various grounds and provides no answer. Interrogatory no. 11 seeks to identify all creditors that retained Nelson & Kennard, from July 31, 2006 to the present, for purposes of collecting debts. This information is relevant to establishing Nelson & Kennard's debt collecting practices.

*Special Interrogatory No. 14*

Nelson & Kennard objects to this interrogatory on various grounds and provides no answer. Interrogatory no. 14 seeks a description of the compensation agreements between Nelson & Kennard and any creditor that employs Nelson & Kennard to file complaints against alleged debtors for breach of contract and Rule 3.740 collections. The agreements are relevant to the issues involved in this case.

*Special Interrogatory No. 16*

Nelson & Kennard objects to this interrogatory on various grounds and provides no answer. Interrogatory no. 16 requests the number of demand letters Nelson & Kennard sent to alleged debtors from July 2006 to the present. The number of demand letters is relevant to this case because Nelson & Kennard's debt collection practices are at issue. Interrogatory no. 16 is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

*Special Interrogatory No. 18*

Nelson & Kennard objects to this interrogatory on various grounds and contends that it does not skip trace debtors. This response is confusing in light of Nelson & Kennard's response to Interrogatory No. 17 where Nelson & Kennard admitted that its attorney "Ayers also reviewed the skiptracing work of his office staff by reviewing the chain of information in the account ..." A supplemental response is necessary to resolve this inconsistency.

*Special Interrogatory No. 19*

Nelson & Kennard objects to this interrogatory on various grounds and asserts that "there is no such affidavit or position at Nelson & Kennard as described in this interrogatory." This answer is incomplete. While there may not be an individual whose primary role at Nelson & Kennard comprises the preparation of affidavits, someone within the firm must prepare affidavits. It is inconceivable that a law firm engaged in civil litigation would not prepare affidavits. Consequently, Tourgeman is entitled to a description of the duties, responsibilities, job requirements, and the number of people who prepare affidavits for Nelson & Kennard.

June 24, 2009
Page 8

*Special Interrogatory No. 20*

Nelson & Kennard objects to this interrogatory on various grounds. The objections are unsupported. Interrogatory no. 20 seeks an explanation of Nelson & Kennard's basis for denying Request for Admission No. 3. This interrogatory is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

## Collins Financial's Discovery Request Responses

*Request for Admission No. 13*

Collins Financial objects to this request on various grounds and states that the complaint "was verified pursuant to California Code of Civil Procedure section 446 by the attorney of record, Jonathon E. Ayers." This answer is incomplete. The question was whether **Collins Financial** verified the information contained in the affidavit and complaint in *Collins v. Tourgeman*. Tourgeman is entitled to this information and expects a definitive response.

*Request for Production No. 3*

Collins Financial objects to this request on various grounds. Notably, Collins Financial claims "Plaintiff is potentially asking Defendant to produce an enormous amount of documentation which will have no bearing on this dispute." Collins Financial responds that "it is willing to meet and confer with Plaintiff in order to understand the Request and to identify the scope of any potential production of documents." The objections are meritless and the offer to meet and confer is unnecessary. Request no. 3 seeks all documents concerning the duties and responsibilities of Collins Financial's employees who receive, maintain, and send data regarding alleged debts. The request is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure. Collins Financial's debt collection practices are at issue in this case and thus the documents sought clearly have a bearing on this dispute.

*Request for Production No. 4*

Collins Financial objects to this request on various grounds. In particular, Collins Financial claims "Plaintiff is potentially asking Defendant to produce an enormous amount of documentation which will have no bearing on this dispute." Collins Financial responds that "it is willing to meet and confer with Plaintiff in order to understand the Request and to identify the scope of any potential production of documents." The objections are meritless and the offer to meet and confer is unnecessary. Request no. 4 seeks all documents related to Collins Financial's policies and guidelines for investigating alleged debts. The request is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure. Collins Financial's debt collection practices are at issue in this case and thus the documents sought clearly have a bearing on this dispute.

*Request for Production No. 5*

Collins Financial responds that it does not file lawsuits and that it retains law firms to file suit on its behalf. This response is elusive and misconstrues the request. While Collins Financial may not actually file lawsuits, Collins Financial ultimately decides whether to bring suit. Request no. 5 seeks all documents that relate to Collins Financial's policies and guidelines for filing or initiating a lawsuit against an alleged debtor.

June 24, 2009
Page 9

*Request for Production No. 6*

Collins Financial contends that it "does not communicate with debtors regarding debts and therefore does not send notices to debtors pursuant to section 1692g of the FDCPA." This response is misleading. Although Collins Financial may not directly communicate with debtors, Collins Financial employs other entities or individuals to communicate with debtors on its behalf. Thus, 1692g notices may be sent by an entity operating on Collins Financial's behalf.

*Request for Production No. 7*

Collins Financial responds that "it does not communicate with debtors regarding debts and therefore has no responsive documents." This answer is misleading. While Collins Financial may not directly communicate with debtors, Collins Financial employs other entities or individuals to communicate with debtors on its behalf. Request no. 7 seeks all form letters, enclosures, envelopes, complaints, and memoranda used by Collins Financial during its debt collection activity. Even if Collins Financial does not communicate with debtors, the documents sought pursuant to this request may be in Collins Financial's possession.

*Request for Production No. 8*

Collins Financial objects to this request on the grounds that it is "vague and ambiguous as to the term 'verify.'" Collins Financial agrees to "produce non-privileged documents in its possession, custody or control that relate to Plaintiff, his account and the defenses asserted in this action." The objection and response are unsupported. Request no. 8 seeks all documents Collins Financial relied upon to verify David Tourgeman's alleged debt. Collins Financial must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in the request for production. The request is clear and within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

*Request for Production No. 9*

Collins Financial responds that it "is not a debt collector and it does not engage in the collection of debt" and therefore has no documents to produce. This answer is nonsense. Collins Financial is a financial institution which purchases debt obligations at a discount and employs attorneys to collect the debt. Although Collins Financial may not directly pursue debt obligations from alleged debtors, Collins Financial employs other entities to collect the debt on its behalf. Contrary to Collins Financial's assertions, Collins Financial's business practices constitute the collection of debt.

*Request for Production No. 10*

Collins Financial objects to this request on the grounds that it is vague and ambiguous as to the term "financial arrangements." Collins Financial also contends that it "does not have financial arrangements with the firm." This answer is incomplete and confusing. Collins Financial must exercise reason and common sense to attribute an ordinary definition to the term "financial arrangements." Collins Financial's contention that it does not have financial arrangements with Nelson & Kennard implies that the firm handles Collins Financial's cases at no cost. I doubt that is the case.

June 24, 2009
Page 10

*Request for Production No. 11*

Collins Financial objects to this request on the grounds that it is vague and ambiguous as to the term "financial arrangements." Collins Financial responds that "it is willing to meet and confer with Plaintiff in order to understand the Request and to identify the scope of any potential production of documents. The objections are meritless. Collins Financial must exercise reason and common sense to attribute an ordinary definition to the term "financial arrangements." In addition, the document request is clear and within the scope of discovery set forth in the Federal Rules of Civil Procedure. Consequently, a meet and confer is unnecessary to identify the scope of this request. Tourgeman expects documents responsive to this request will be produced.

*Request for Production No. 12*

Collins Financial contends it does not file complaints against debtors and that law firms are retained to file complaints against debtors. This response is elusive and misconstrues the request. While Collins Financial may not actually file lawsuits, the ultimate decision to bring a lawsuit rests with Collins Financial. Hence, Tourgeman expects the production of all documents pertaining to the number of alleged debtors Collins Financial brought complaints against from July 31, 2007 to the present.

*Request for Production No. 13*

Collins Financial alleges it does not mail letters to debtors so there are no responsive documents to this request. This response is untrue. While Collins Financial may not directly mail letters to debtors, outside legal counsel may mail letters on Collins Financial's behalf. To the extent other parties mailed letters to alleged debtors on Collins Financial's behalf, David Tourgeman expects documents responsive to this request will be produced.

*Request for Production No. 14*

Collins Financial objects to this request on the grounds that it is vague and ambiguous as to the term "investigation." This objection is unfounded. Collins Financial must exercise reason and common sense to attribute an ordinary definition to the term "investigation." The document request is clear and within the scope of discovery set forth in the Federal Rules of Civil Procedure.

*Request for Production No. 15*

Collins Financial objects to this request on various grounds and agrees to produce organizational charts. The objections are meritless and the agreement to produce organizational charts is inadequate. Request no. 15 seeks all documents related to the organization of Collins Financial's employees. This request is not limited to organizational charts. Consequently, Tourgeman expects documents responsive to this request will be produced.

*Request for Production No. 20*

Collins Financial contends that it "has not tendered the defense of this action to any insurance carrier and thus has no responsive documents." This response is inadequate and evades the discovery request. It is immaterial whether Collins Financial has tendered the defense of this action to any insurance carrier. Request no. 20 seeks all documents related to insurance

June 24, 2009
Page 11

policies covering Collins Financial for claims of breach of contract, violations of the Fair Debt Collection Practices Act and the Rosenthal Act. To the extent these insurance policies exist, Tourgeman expects responsive documents will be produced.

*Request for Production No. 21*

Collins Financial objects to this request on the grounds that it is vague and ambiguous as to the term "an investigation." This objection is meritless. As previously noted, Collins Financial must exercise reason and common sense to attribute an ordinary definition to the term "investigation." This request is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

*Request for Production No. 25*

Collins Financial objects to this request on various grounds. In particular, Collins Financial objects "to the extent that it seeks confidential financial information." While request no. 22 may include confidential financial information, the documents sought are central to the issues involved in this case and within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure. Plaintiff agrees to sign a confidential disclosure agreement if necessary.

*Request for Production No. 27*

Collins Financial objects to this request on various grounds and agrees to produce "non-privileged documents in its possession, custody or control that relate to Plaintiff, his account or any of the defenses asserted in this action." The objections are meritless and the documents Collins Financial agrees to produce are non-responsive. Request no. 27 seeks all documents related to the contractual relationship between Collins Financial and Dell Financial Services. This request cannot be construed to include documents related only to "Plaintiff, his account or any of the defenses asserted in this action." Furthermore, the contractual relationship between Collins Financial and Dell Financial Services is central to the issues involved in this lawsuit.

*Special Interrogatory No. 1*

Collins Financial identified the number of persons and entities in the United States that it contacted for the purposes of debt collection from July 31, 2007 to the present as "zero." This answer is difficult to believe. While Collins Financial may not directly contact individuals for the purposes of debt collection, Collins Financial employs others to contact alleged debtors on Collins Financial's behalf. Accordingly, a supplemental response is necessary.

*Special Interrogatory No. 3*

Collins Financial admits it is a Texas corporation "licensed to do business in appropriate jurisdictions." This is an incomplete response and it is unclear where Collins Financial is licensed to conduct business. Tourgeman is entitled to know this answer and expects a response.

*Special Interrogatory No. 6*

Collins Financial contends "it does not attempt to contact debtors and therefore does not have any policies and procedures that are responsive to this Interrogatory." This response is untrue. While Collins Financial may not directly contact alleged debtors, Collins Financial

June 24, 2009
Page 12

employs entities or individuals to contact debtors on its behalf. During its normal course of business, Collins Financial brings suit against alleged debtors and therefore must serve some type of notice on these individuals. Accordingly, the contention that Collins Financial does not attempt to contact debtors is false.

### Special Interrogatory No. 7

Collins Financial contends "it does not make demands of debtors and therefore has no procedures or policies that are responsive to this Interrogatory." During its normal course of business, Collins Financial brings suit against alleged debtors and therefore specifies a monetary demand in the complaint. Accordingly, the contention that Collins Financial does not make demands of debtors is obviously false.

### Special Interrogatory No. 8

Collins Financial states it "does not settle debts with debtors and therefore has no responsive policies or procedures. During its normal course of business, Collins Financial brings suit against alleged debtors and therefore must settle debts at some point in the litigation. Accordingly, the contention that Collins Financial does not make demands of debtors is false.

### Special Interrogatory No. 9

Collins Financial denies it retains law firms. This assertion is false. Collins Financial has established a clear business practice of retaining law firms to file suit against alleged debtors.

### Special Interrogatory No. 10

Collins Financial objects on various grounds and argues that "the information requested, if any exists, is a matter of public record, equally available to Plaintiff." These objections are unsupportable. "It is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record." *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000). The request is within the scope of the discovery rules set forth in the Federal Rules of Civil Procedure.

### Special Interrogatory No. 11

Collins Financial asserts it "does not attempt to collect debts from consumers and thus it is not subject to the FDCPA" and therefore "has no procedures responsive to this Interrogatory." This response eludes the question. Interrogatory no. 11 asks whether Collins Financial made any substantive change in company policy from July 31, 2006 to the present and, if so, to describe such changes. For purposes of this question, it is immaterial whether Collins Financial is subject to the FDCPA or not. .

### Special Interrogatory No. 12

Collins Financial alleges it "does not have compensation agreements with law firms." This answer is misleading and implies that law firms receive no compensation for handling Collins Financial's cases. This is implausible.

June 24, 2009
Page 13

*Special Interrogatory No. 13*

Collins Financial contends it "does not communicate with debtors in connection with collecting debts, and thus it does not send 1692g notices." This answer is untrue. While Collins Financial may not directly pursue debt from alleged debtors, Collins Financial employs other entities to collect that debt on its behalf. Thus, 1692g notices may be sent by an entity under the direction of Collins Financial.

*Special Interrogatory No. 15*

Collins Financial objects to this interrogatory on the grounds that it is "overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." These objections are meritless. Interrogatory no. 15 seeks the identity of all trade associations related to debt collection to which Collins Financial belongs. Collins Financial's debt collection activity is central to the issues in this case and any trade associations to which Collins Financial belongs may reveal aspects of that debt collection activity.

*Special Interrogatory No. 16*

Collins Financial identifies the number of letters it sent threatening legal action in each calendar year from 2005 to the present as zero. This answer is doubtful. Although Collins Financial may not directly send threatening letters to alleged debtors, other entities may send such letters on Collins Financial's behalf. To the extent that letters were sent on Collins Financial's behalf, a supplemental response is necessary.

*Special Interrogatory No. 17*

Collins Financial contends it "did not prepare an affidavit relating to this action. This answer is non-responsive. Interrogatory no. 17 requests a description of the position at Collins Financial that prepares affidavits authorizing legal action against an alleged debtor. This interrogatory was not limited to affidavits prepared in this action.

*Special Interrogatory No. 19*

Collins Financial contends it "does not communicate with debtors in an attempt to collect from debtors so this Request has been denied." This response is inadequate. While Collins Financial may not directly communicate with debtors in an attempt to collect an alleged debt, Collins Financial employs other entities or individuals to collect that debt on its behalf. Thus, any communication with alleged debtors occurs on Collins Financial's behalf.

*Special Interrogatory No. 20*

Collins Financial contends that it "does not communicate with debtors nor does it file lawsuits in an attempt to collect from debtors, so this Request has been denied." This response is inadequate. While Collins Financial may not directly communicate with debtors, Collins Financial employs other entities or individuals to communicate with debtors on its behalf. Similarly, while Collins Financial may not file lawsuits against debtors, Collins Financial employs law firms to file lawsuits on its behalf. Request for admission no. 11 asked for an admission that Collins Financial does not verify current contact information prior to initiating

June 24, 2009
Page 14

collections or suing a debtor. Collins Financial denied this. Special interrogatory seeks an explanation for this denial. David Tourgeman expects a response to this interrogatory.

## Conclusion

In sum, Tourgeman demands that Nelson & Kennard and Collins Financial provide supplemental responses to the discovery requests identified above and dates and locations for the person most knowledgeable depositions. In the event they do not, Tourgeman will seek appropriate relief from the Court. As you know, Magistrate Storms ordered the parties to meet in person beforehand. I am available to come to your office; of course, I will seek to recover those costs in any motion to compel.

I look forward to your response.

Sincerely,

Brett M. Weaver

for JOHNSON BOTTINI, LLP

BMW/dkb