EXHIBIT F

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4816
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

TOMIO B. NARITA
DIRECT DIAL (415) 283-1010
EMAIL tnarita@snllp.com

**VIA FACSIMILE [(619) 233-5535] and email**

Brett M. Weaver
Johnson Bottini, LLP
655 West Broadway, Suite 1400
San Diego, CA 92101

December 17, 2009

Re:   *Tourgeman v. Collins Financial Services, Inc., et al.*
Case No. 08-CV-1392 JLS (NLS)

Dear Brett:

I am writing in response to your letters dated June 24, 2009 and December 4, 2009 concerning the responses served by our clients, Nelson & Kennard and Collins Financial Services, Inc., to certain of Plaintiff's discovery requests. Please consider this an attempt to meet and confer regarding the issues raised in your letter. To the extent that certain of your requests may seek proprietary or confidential information, I ask that you circulate a proposed protective order for review by defendants.

*Nelson & Kennard's Discovery Responses*

**Request for Production No. 3:**

Request no. 3 seeks "ALL DOCUMENTS CONCERNING the duties and responsibilities of NELSON employees who receive data RELATING to alleged debts." Nelson & Kennard objected to this request on the grounds that, *inter alia*, it is vague, ambiguous, and overbroad. We asked for clarification of this request but you have refused to provide it. Instead you simply recite that Nelson & Kennard's collection practices are "central to the issues involved in this case and thus the document request is within the scope" of the Federal Rules of Civil Procedure. This does nothing to clarify the meaning of the request.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 2

In a good faith effort to resolve this dispute, Nelson & Kennard will assume that
Plaintiff seeks information about the specific duties and procedures of the persons
responsible for uploading the account data received relating to Collins accounts when they
are placed with the firm for collection. With that understanding, Nelson & Kennard will
supplement its response and produce any responsive documents.

### Request for Production No. 4:

Request no. 4 asks for "ALL DOCUMENTS that RELATE TO YOUR policies and
guidelines for investigating alleged debts." Nelson & Kennard objected on the grounds
that it is vague and ambiguous. You argue that Nelson & Kennard "must exercise reason
and common sense to attribute ordinary definitions to terms and phrases" but Nelson &
Kennard has already done so and has provided a response to the request to the extent it
could. Your letter is not a meaningful attempt to meet and confer as it does nothing to
attempt to clarify what was meant by the request.

However, in an effort to resolve the dispute, Nelson & Kennard will assume that
Plaintiff seeks information about policies and procedures to ensure that data relating to
accounts owned by Collins Financial Service is accurately uploaded into its computer
systems, and regarding the firm's response to disputes relating to Collins' accounts, and
will provide responsive documents to the extent they exist.

### Request for Production No. 5:

Request no. 5 seeks "ALL DOCUMENTS that RELATE TO YOUR policies and
guidelines for filing a lawsuit against an alleged debtor." Nelson & Kennard objected to
the request on the grounds that, *inter alia*, the request is vague and overbroad. As Plaintiff
has defined "RELATE" in his request, potentially all documents maintained by the firm are
responsive to the request. Your letter states that the response is "insufficient" and you state
that it "exaggerates the scope of the request." If, as your letter suggests, Plaintiff is simply
seeking written policies and guidelines for filing suit against a debtor, then Defendant will
agree to produce responsive documents, if any exist, relating to guidelines for lawsuits
relating to debts owed to Collins.

### Request for Production No. 6:

Request no. 6 calls for "ALL DOCUMENTS that RELATE TO YOUR policies and
guidelines for dismissing a complaint against an alleged debtor." Nelson & Kennard
objected on various grounds, including that the documents requested are not relevant nor is
the request calculated to lead to the discovery of admissible evidence. Your letter claims

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 3

that the response is "incomplete" and that the documents requested are "relevant" but you
provide no further explanation for the request.  As stated in its response, the decision to
dismiss a lawsuit is made on a case by case basis.  These decisions are made by Nelson &
Kennard together with its clients and any documents related to those decisions are
privileged.  Without waiving any privilege, Nelson & Kennard will supplement its
response to this request and will produce documents, to the extent any exist, related to its
standards for dismissing collection complaints filed on behalf of Collins Financial.

   **Request for Production No. 7:**

   Request no. 7 seeks "ALL form letters, enclosures, envelopes, complaints,
memoranda, etc. used by NELSON in its debt collection activity."  Nelson & Kennard
objected on the grounds that, *inter alia*, the request is overbroad and the documents
requested are not relevant to the subject matter of this action.  Your letter claims that
Nelson & Kennard has "misconstrued the scope of the request" and states in a conclusory
manner that the documents requested are relevant because "Nelson & Kennard's debt
collection techniques are at issue in this case."  The Second Amended Complaint, however,
does not contain allegations related to the contents of the firm's written communications to
Plaintiff or to other debtors, so there is no way that the firm's envelopes, letters, memos or
complaints could bear on the issues in the case.  Nelson & Kennard agreed to, and did
produce responsive documents related to Plaintiff and his account on October 7 and 12,
2009.  Certain of those documents are "forms" used by the firm in other instances.

   **Request for Production No. 8:**

   Request no. 8 asks for "ALL DOCUMENTS that RELATE TO YOUR
investigation of Plaintiff David Tourgeman's alleged debt."  Nelson & Kennard has, again,
objected to Plaintiff's use of the vague term "investigation" and has responded to the
request as it understands it.  Your response provides no explanation of how you are using
the term.  Once again, the firm agreed to produce responsive, non-privileged documents
related to any type of investigation it conducted related to Plaintiff's account, and did so on
October 7, 2009.

   **Request for Production No. 9:**

   Request no. 9 seeks ALL DOCUMENTS that RELATE TO any communications
between YOU and COLLINS regarding collection practices and procedures."  Nelson &
Kennard responded accurately that no such documents exist.  You state that the response
"is disingenuous" but beyond stating this, you provide no basis for requesting a further

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 4

response. Defendant cannot produce what does not exist. There is no reason for Nelson & Kennard to supplement this response.

**Request for Production No. 10:**

Request no. 10 calls for "ALL complaints YOU filed on behalf of COLLINS from July 31, 2007 to the present suing for breach of contract or under Rule 3.740 'collections cases.'" Nelson & Kennard objected to this request on various grounds, including that the request is overbroad, unduly burdensome and oppressive, not likely to lead to the discovery of admissible evidence, and on the grounds that the documents requested will have no bearing on this action. You have made no attempt to explain how complaints filed by the firm against other debtors could be relevant, other than to claim the "scale of Nelson & Kennard's and Collins Financial's debt collection activity" is at issue, and that the requested documents "may establish a pattern and practice." The Second Amended Complaint does not include allegations which would justify forcing Nelson & Kennard to endure the burden of producing all the complaints it has filed during a two-year period. The firm stands by its objections and will not supplement this response.

**Request for Production No. 11:**

Request no. 11 seeks "ALL DOCUMENTS that RELATE TO financial arrangements between YOU and COLLINS." Nelson & Kennard responded that no such documents exist. Your letter claims that this "response is unsupported" but I am afraid that you are mistaken. There are no documents that relate to any "financial arrangements" between Nelson & Kennard and Collins Financial Services, Inc., and we cannot produce documents that do not exist.

**Request for Production No. 12:**

Request no. 12 asks for "ALL DOCUMENTS pertaining to the number of alleged debtors that YOU filed complaints against from July 31, 2007 to the present." Nelson & Kennard objected on various grounds including that the request is overbroad, unduly burdensome and oppressive, and not likely to lead to the discovery of admissible evidence. You have made no attempt to explain how this request bears on the claims asserted in this action, nor any attempt to narrow the request. You simply state that the response is "inadequate" and assert, without specificity, that the requested documents are "relevant." Nelson & Kennard stands by its objections and will not supplement this response without further clarification.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 5

**Request for Production No. 13:**

Request no. 13 seeks "ALL DOCUMENTS pertaining to the number of alleged debtors that YOU mailed letters to requesting payment of an alleged debt from July 31, 2007 to the present." Nelson & Kennard objected to this request on various grounds including that the request is overbroad, unduly burdensome and oppressive, and not likely to lead to the discovery of admissible evidence. The Second Amended Complaint does not challenge any collection letters sent by the firm. In fact, it alleges that the firm never sends letters as required by section 1692g of the FDCPA. Your letter makes no attempt to explain how this request is relevant except to state that Nelson & Kennard's "debt collection practices are directly at issue in this case." The firm stands by its objections.

**Request for Production No. 14:**

Request no. 14 calls for "ALL DOCUMENTS that RELATE TO YOUR 1692g notices, including but not limited to every sample collection letter YOU send to alleged debtors." Nelson & Kennard objected to this request on the grounds, *inter alia*, that it is overbroad and seeks irrelevant information. You have not tried to explain how the requested documents are relevant, nor made any attempt to narrow the request. As written, the request calls for any 1692g notices sent by Nelson & Kennard at any time on behalf of any client to any debtor. Broadly read, this would call for all documents relating to any debt placed with this firm, since they might arguably "relate" to the information in the notice.

Nelson & Kennard has already produced the 1692g letter that was sent to Plaintiff. Nelson & Kennard also agrees to produce exemplars of the other versions of letter, if any, that were sent to debtors who owed money to Collins during the relevant time frame.

**Request for Production No. 15:**

Request no. 15 seeks "ALL DOCUMENTS RELATING TO the procedures and guidelines YOU set to collect debts." Nelson & Kennard has objected on various grounds including that it is overbroad, unduly burdensome and oppressive, and on the grounds that it seeks irrelevant information. The firm agreed to produce documents related to Plaintiff, his account and the defenses in this action, which would include to bona fide error defense. Your letter makes no attempt to narrow the request. Nelson & Kennard stands by its objections and its agreement to produce documents as stated in its written response after the entry of a protective order.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 6

**Request for Production No. 19:**

Request no. 19 asks for "ALL DOCUMENTS relating to the maintenance of
procedures by NELSON adopted to avoid any violation of the Fair Debt Collection
Practices Act and the Rosenthal Act." Nelson & Kennard objected that it is overbroad,
unduly burdensome and oppressive, and on the grounds that it seeks irrelevant information.
Notwithstanding this, Nelson & Kennard agreed to produce documents related to the bona
fide error defense in this action. You state that the response is "insufficient and misstates
the substance of the request" but you do not explain why you believe this is so. Any
documents responsive to your request would relate to the bona fide error defense. Nelson
& Kennard stands by its objections and its agreement to produce documents, as stated in its
written response, after entry of a protective order by the Court.

**Request for Production No. 20:**

Request no. 20 seeks "ALL material, including video and audio tapes, pertaining to
training by or for NELSON and its employees regarding the Fair Debt Collection Practices
Act and the Rosenthal Act." Nelson & Kennard objected on the grounds that it is
overbroad, unduly burdensome and oppressive, and on the grounds that it seeks irrelevant
information. As with request no. 20, Nelson & Kennard agreed to produce documents
related to the bona fide error defense in this action. Your unexplained statement that the
response is "insufficient and misstates the substance of the request" is not well-taken.
Nelson & Kennard stands by its objections and its agreement to produce documents as
stated in its written response after entry of a protective order by the Court. Certain of the
documents are proprietary video tapes produced by third parties. Nelson & Kennard is
contractually bound not to reproduce them, but it will agree to make them available for you
to view at a mutually convenient time should you wish to do so.

**Request for Production No. 21:**

Request no. 21 calls for "ALL DOCUMENTS RELATING TO insurance policies
covering NELSON for violation of the Fair Debt Collection Practices Act and the
Rosenthal Act." Nelson & Kennard responded that it "has not tendered the defense of this
action to any insurance carrier so there are no relevant responsive documents." You claim
that it is "immaterial whether Nelson & Kennard has tendered the defense of this action to
any insurance carrier" but we disagree. As stated in its written response, this action has not
been tendered to an insurance carrier, therefore there are no insurance policies which would
cover any violation of the FDCPA or Rosenthal Act alleged by Plaintiff. Production of
insurance policies where no claim has been tendered is not required.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 7

### Request for Production No. 23:

Request no. 23 seeks "ALL DOCUMENTS that RELATE TO NELSON's procedures to verify alleged debts when received from a debt collector client, including but not limited to, COLLINS." Nelson & Kennard objected on the grounds that it was vague and ambiguous as to the term "verify," on the grounds that the request was overbroad and seeks irrelevant documents. We responded as completely as possible given our understanding of the request. Despite the fact that Collins Financial Services, Inc. is not a "debt collector client," Nelson & Kennard agreed to produce documents related to Plaintiff, his account and the defenses in this action pursuant to a protective order. You claim that the objections are "meritless and the entire response is inadequate." Nelson & Kennard stands by its objections. Please note that it has already produced any documents related to any attempts to "verify" Plaintiff's debt, as it understands the request.

### Request for Production No. 25:

Request no. 25 asks for "ALL DOCUMENTS that RELATE TO NELSON's policies and procedures for settling alleged debts with debtors." Nelson & Kennard objected on various grounds, including that it is vague and ambiguous, overbroad and that it seeks irrelevant information. You state the information is relevant because Nelson & Kennard's debt collection practices are at issue and that this is request is reasonably calculated to lead to the discovery of admissible evidence, but you make no attempt to explain how that is so. None of the allegations in the Second Amended Complaint relate to any settlement with Plaintiff or any other debtor. Furthermore, as stated in the written response, all decisions to settle cases are made on an individual basis. Nelson & Kennard makes settlement decisions together with its clients, and thus any documents related to those decisions are privileged and will not be produced. There is no reason to supplement this response.

### Request for Production No. 26:

Request no. 26 seeks "ALL DOCUMENTS that RELATE TO NELSON's revenue for each calendar year from 2005 to the present, including but not limited to financial summaries, period reports, tax returns and financial statements." Nelson & Kennard objected on the grounds that is overbroad, oppressive, seeks irrelevant information, is not calculated to lead to the discovery of admissible evidence and on the grounds that it seeks confidential information. You have made no attempt in your letter to support your conclusion that these highly-sensitive financial documents are "relevant to the issues in the case and within the scope of the Federal Rules of Civil Procedure." Responsive documents will not be produced.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 8

### Request for Production No. 27:

Request no. 27 calls for "ALL DOCUMENTS that RELATE TO NELSON's phone calls, including but not limited to phone records and call logs, placed to David Tourgeman, Cesar Tourgeman, Rebecca Tourgeman or anyone else for the purposes of collecting David Tourgeman's alleged debt." Nelson & Kennard stated that it would "produce non-privileged documents in its possession, custody or control that relate to Plaintiff, his account or the defenses asserted in this action." You claim this response is ambiguous. Nelson & Kennard will supplement its response to clarify that it will produce non-privileged responsive documents relating to phone calls.

### Request for Production No. 29:

Request no. 29 seeks "ALL DOCUMENTS that RELATE TO NELSON'S contracts with skip-tracing services and other data providers YOU use to find current information for any alleged debtor." Nelson & Kennard objected that it is overbroad, oppressive, seeks irrelevant information and is not calculated to lead to the discovery of admissible evidence. You claim these "contracts" are relevant to Nelson & Kennard's "collection activities and methods of contacting alleged debtors." You still have not attempted to explain why the terms of a contract with a skip-tracing company would bear on any issue in this case. Despite this, Nelson & Kennard will agree to produce responsive documents, subject to a protective order.

### Interrogatory No. 1:

Interrogatory no. 1 asks for the identification of "the number of persons and entities in the United States who you contacted for the purposes of debt collection from July 31, 2007 to the present." Nelson & Kennard also objected to the interrogatory on the grounds that it is overbroad, burdensome, oppressive, and seeks irrelevant information. Nelson & Kennard is in the business of collecting debts. To do so, it "contacts" debtors, but it also obtains location information from third parties, and interacts with courts, attorneys, it clients, and others in course of its business. Any of these persons or entities could be someone who was "contacted" by the firm for "the purposes of debt collection." You have made no attempt to justify the scope of this request, or to narrow it. The firm does not track every single person or entity that it ever makes contact with, so this interrogatory in its present form is unanswerable. Please let me know if you wish to modify its scope.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 9

**Interrogatory No. 2:**

Interrogatory no. 2 asks Nelson & Kennard to "identify the number of persons and entities in the United States who you sued for the purposes of debt collection from July 31, 2006 to the present." As with interrogatory no. 1, Nelson & Kennard objected on the grounds that it is overbroad, burdensome, oppressive, and seeks irrelevant information. You have not attempted to show why this information is relevant or to narrow the request in any way. Without waiving its objections, Nelson & Kennard will agree to supplement its response to state that from July 31, 2006 to the present, it has filed suit against more than 40 persons in an attempt to collect a debt.

**Interrogatory No. 4:**

Interrogatory no. 4 asks Nelson & Kennard to "state the form of NELSON's organization and the date and place the organization was organized and registered and/or licensed to do business." Nelson & Kennard objected but provided a response. You contend that the response is incomplete. Nelson & Kennard agrees to supplement the response to indicate that it is a California partnership, licensed to do business by the County of Sacramento, its attorneys are licensed to practice law in the State of California, and that it maintains a collection agency license in the State of Washington.

**Interrogatory No. 5:**

Interrogatory no. 5 seeks a description of "NELSON's procedures and policies for receiving debt related information from NELSON's client." We objected on various grounds including that it is vague and ambiguous, overbroad, burdensome, oppressive and to the extent it seeks irrelevant information and seeks information subject to the attorney-client privilege or the attorney work product doctrine. Your letter states that the objections are meritless, asserting that Nelson & Kennard "must use reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories" but you do not attempt to clarify what Plaintiff seeks.

Nelson & Kennard will assume that "receiving debt related information from NELSON's client" means the process by which data related to an account is transferred to Nelson & Kennard upon placement of the account for collection. Nelson & Kennard will supplement its response and will produce responsive documents pursuant to Federal Rule of Civil Procedure 33(d) after entry of a protective order.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 10

**Interrogatory No. 7:**

Interrogatory no. 7 seeks a description of "NELSON's procedures and policies for filing a lawsuit for breach of contract on behalf of NELSON's client." We objected on various grounds including that it is vague and ambiguous, overbroad, burdensome, oppressive, and to the extent that it seeks irrelevant information and seeks information subject to the attorney-client privilege or the attorney work product doctrine. Your letter states that our objections are meritless, and you claim Nelson & Kennard "must use reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." But you make no attempt to clarify what information Plaintiff seeks.

Despite this, Nelson & Kennard will agree to supplement its response to describe its general procedures for filing complaints on behalf of Collins, which are similar to the description of how the complaint against Plaintiff was prepared, as described in its response to interrogatory no. 17.

**Interrogatory No. 8:**

Interrogatory no. 8 states "Please describe NELSON's procedures and NELSON's client on 'Rule 3.740 collections' grounds." We objected to the request on various grounds including that it is so vague and ambiguous as to be unanswerable. Rather than attempting to clarify the request, you suggest that Nelson & Kennard has not made a good faith effort to respond and that it must "exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." But no amount of common sense can help this question. It is nonsensical as written. It appears that a "cutting and pasting" error was made when the interrogatories were prepared. We cannot just guess what Plaintiff meant to ask and cannot respond further without clarification.

**Interrogatory No. 10:**

Interrogatory no. 10 asks for a description of "NELSON's procedures and policies for settling outstanding alleged debts from alleged debtors." There is nothing in the Second Amended Complaint alleging that any defendant engaged in improper settlement activities, so its unclear how this could possibly lead to admissible evidence. Nelson & Kennard objected on numerous grounds including that the request seeks information protected by the attorney-client privilege or the attorney work product doctrine. Your letter does not address this. Nelson & Kennard stands by its objections. The reasons for settling claims will vary from case to case, and those decisions are made by Nelson & Kennard in consultation with its clients. This is privileged information and is not a proper subject of discovery. Nelson & Kennard will not supplement its response to this interrogatory.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 11

**Interrogatory No. 11:**

Interrogatory no. 11 asks Nelson & Kennard to "identify all creditors that retained NELSON - from July 31, 2006 to the present - for the purpose of collecting debts." Nelson & Kennard objected on various grounds including that it seeks irrelevant information and is not calculated to lead to the discovery of admissible evidence. There is no basis for seeking discovery on other creditors that retained Nelson & Kennard to collect other debts owed by other consumers as that information has no relationship to this case. Your letter simply states this "information is relevant to establishing Nelson & Kennard's debt collecting practices" but you have no explanation of why that is so. Nelson & Kennard will not supplement its response to this interrogatory.

**Interrogatory No. 14:**

Interrogatory no. 14 seeks a description of "the compensation agreements between NELSON and any creditor that uses NELSON to file complaints against alleged debtors for breach of contract and Rule 3.740 collections." Similar to interrogatory no. 14, Nelson & Kennard objected that the interrogatory seeks information that is not calculated to lead to the discovery of admissible evidence, and that any such information is protected by the attorney-client privilege. Once again, your letter offers no explanation for this discovery, other than the conclusory statement that the "agreements are relevant to the issues involved in this case." This is not true, as none of the allegations in the Second Amended Complaint deal with compensation issues. Nelson & Kennard will not supplement its response.

**Interrogatory No. 16:**

Interrogatory no. 16 asks Nelson & Kennard to "identify the number of demand letters NELSON sent to alleged debtors from July 2006 to the present." Nelson & Kennard objected on the grounds that the request is overbroad, burdensome, oppressive, seeks irrelevant information and is not calculated to lead to the discovery of admissible evidence. There are no allegations in the Second Amended Complaint related to the content of any demand letter sent by Nelson & Kennard. Rather than narrow the interrogatory or argue its relevance, you simply state that the information requested is "relevant to this case because Nelson & Kennard's debt collection practices are at issue." Nelson & Kennard maintains its objections to this interrogatory.

**Interrogatory No. 18:**

Interrogatory no. 18 asks Nelson & Kennard to "describe the process NELSON uses to skip trace debtors in the event of a debtor's address or phone number change." Nelson

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 12

& Kennard objected on the grounds that it is vague and ambiguous, but responded as it
understood the question. Your letter claims the response is confusing, but it appears to be
a problem with your question. Nelson & Kennard did not state that it does not skip-trace
debtors – it does so, when it is not able to locate them. But if the debtor's contact info
changes, the firm simply enters that information into the system. The interrogatory was
answered correctly as it was written.

**Interrogatory No. 19:**

Interrogatory no. 19 seeks a description of "the position at NELSON that prepares
the affidavit authorizing legal action against an alleged debtor, including but not limited to
the position's duties, responsibilities, job requirements, and the number of people who
perform this task for NELSON." Nelson & Kennard objected on the grounds that it is
vague and ambiguous, but responded as it understood the question. You state in your letter
that the response is incomplete, and you claim that it is "inconceivable that a law firm
engaged in civil litigation would not prepare affidavits." That is not what your question
asked. No person at Nelson & Kennard prepares "affidavits authorizing legal action."
There are no such affidavits, and there is no such position. The Second Amended
Complaint does not refer to any affidavit of any kind in this action. Nelson & Kennard
cannot supplement its response to this interrogatory.

**Interrogatory No. 20:**

Interrogatory no. 20 asks for an explanation of the basis for the firm's denial of the
plaintiff's request that it admit "that the number of debtors affected by your actions is so
large, that joinder or [sic] all debtors in a single action against you would be
impracticable." We objected to request for admission on the grounds that it is vague and
ambiguous as to the phrase "affected by your actions."

In response to the interrogatory, Nelson & Kennard reasserted the objection but
responded, based upon its understanding of the request, that it denies "that it has acted in
an unlawful manner and denies that it has engaged in any improper 'actions' with respect
to consumers." You have made no attempt to explain what is meant by "affected by your
actions" so we really have no idea what you mean by the request. Nelson & Kennard can
provide no further response to this interrogatory other than what is has already given.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 13

### *Collins Financial Services, Inc.'s Discovery Responses*

**Request for Admission No. 13:**

Request for admission no. 13 asks Collins to admit that it "did not verify information contained in an affidavit and the complaint for Case No. 37-2007-00072265-CL-CL-CTL, entitled *Collins v. Tourgeman*." Collins objected to the request on the grounds that it is vague and ambiguous as to the term "verify" but responded to the request as it understood it. Your letter suggests that the answer is incomplete, but there is no "affidavit" in this case. No affidavits were filed in the collection action, so the request as written makes no sense. The collection action did include a "verified complaint" and as Collins explained in its response, the complaint was prepared using the data received from the original creditor and was verified by Jonathon E. Ayers on behalf of Collins.

**Request for Production No. 3:**

Request for production no. 3 seeks "ALL DOCUMENTS CONCERNING the duties and responsibilities of COLLINS employees who receive, maintain, and send data regarding alleged debts." Collins objected to this request on, among others, the grounds that it is vague, ambiguous, and overbroad. We asked for clarification of this request but you have refused to provide it. Instead you state only that Collins' collection practices are "central to the issues involved in this case and thus the document request is within the scope" of the Federal Rules of Civil Procedure. Collins stands by its objections. It will supplement its response, however, to state that because it has no employees whose duties include receiving, maintaining, and sending data related to debts, it has no responsive documents to produce.

**Request for Production No. 4:**

Request for production no. 4 calls for "ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for investigating alleged debts." Collins objected to this request on the grounds that it is vague and ambiguous, and that, based on Collins' understanding, the request is overbroad, burdensome and oppressive. Collins offered to meet and confer regarding the scope of this request, but you have not narrowed the request, nor have you explained what Plaintiff is requesting. Despite your refusal to clarify this request, Collins will assume that Plaintiff seeks information about the due diligence process utilized by Collins with respect to its purchase of debt portfolios, and will amend its response to state that it will produce documents relating to the Dell portfolio at issue in this case, to the extent such documents exist.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 14

### Request for Production No. 5:

Request for production no. 5 seeks "ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for filing a lawsuit against an alleged debtor." Collins responded explaining that it does not maintain documents reflecting policies and guidelines for filing lawsuits. Your letter states the response is elusive and misconstrues the question. But as stated, Collins does not have responsive documents.  It cannot provide a different answer.

### Request for Production No. 6:

Request for production no. 6 seeks "ALL DOCUMENTS that RELATE TO YOUR 1692g notices, including but not limited to every sample collection letter YOU send to alleged debtors." As explained, Collins does not send 1692g notices and therefore does not have responsive documents.  Your letter suggests the response is misleading and you speculate that other entities may send 1692g notices on Collins' behalf.  You are mistaken. There are no other entities that send 1692g notices on behalf of Collins.  Only debt collectors need to send out the notice, within five days of their first communication with a consumer.  Since Collins is not a debt collector and does not communicate with consumers, it has no need to send the notice.  You have already received copies of the section 1692g letter sent by non-party Paragon Way, Inc. to your client, as well as the section 1692g letter sent by Nelson & Kennard.

### Request for Production No. 7:

Request for production no. 7 asks for "ALL form letters, enclosures, envelopes, complaints, memoranda, etc. used by COLLINS in YOUR debt collection activity." Collins responded that it has no responsive documents since it does not communicate with debtors.  Your letter says the response is misleading since other entities may communicate on Collins' behalf, but this is not what was requested.  Collins does not engage in debt collection activity and therefore has nothing to produce.  As previously indicated, however, Collins agreed to provide copies of any non-privileged correspondence that it may have relating to Plaintiff's debt, as well as a copy of the collection complaint against Plaintiff, which was prepared on a judicial council form.  Collins produced these documents on October 7, 2009.

### Request for Production No. 8:

Request for production no. 8 seeks "ALL DOCUMENTS YOU relied upon to verify Plaintiff David Tourgeman's alleged debt." Collins objected on the grounds that it was vague and ambiguous as to the term "verify" but agreed to produce documents related

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 15

to Plaintiff, his account and the defenses asserted in this action. Your letter argues that Collins' objection and response are "unsupported" but you make to attempt to clarify what information is requested. Collins assumes that Plaintiff seeks document reflecting the data received from the original creditor, and responsive documents were produced to you on October 8, 2009.

**Request for Production No. 9:**

Request for production no. 9 calls for "ALL DOCUMENTS that RELATE TO COLLINS' collection practices and procedures." Collins explained in its response that it is not a debt collector, has no collection practices or procedures and therefore has no responsive documents. You contend that the answer "is nonsense" and seek documents maintained by other entities that Collins may engage to collect debt. But you did not request documents maintained by others, or documents relating to the collection practices of other entities. Collins has nothing to produce.

**Request for Production No. 10:**

Request for production no. 10 seeks "ALL DOCUMENTS that RELATE TO financial arrangements between YOU and NELSON." Collins does not have any "financial arrangements" with the firm. Your letter claims that the response is "incomplete and confusing" but the response is very direct. There are no "financial arrangements" between Collins and Nelson & Kennard and thus no documents to produce.

**Request for Production No. 11:**

Request for production no. 11 asks for "ALL DOCUMENTS that RELATE TO the financial arrangement between YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial Services, Inc.'s behalf." Collins objected to the request on the grounds that it is vague and ambiguous, overbroad, burdensome and oppressive, seeks irrelevant information, proprietary, trade secret, and confidential information. Collins offered to meet and confer with Plaintiff with respect to the request but you refused. Collins did, however, provide a copy of the purchase and sale agreement relating to Plaintiff's account on October 7, 2009. We are not aware of any other responsive documents relating to this action, and absent further clarification from you, we have nothing further to produce.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 16

### Request for Production No. 12:

Request for production no. 12 seeks "ALL DOCUMENTS pertaining to the number of alleged debtors that YOU filed complaints against from July 31, 2007 to the present." Collins does not file complaints against debtors and does not have documents to produce. Your letter states the response is "elusive and misconstrues the request" but it was answered as it was worded. If Plaintiff now seeks documents related to the number of complaints filed on Collins' behalf by other entities, then the request is overbroad, unduly burdensome and oppressive, and not likely to lead to the discovery of admissible evidence. Collins does not maintain documents or information regarding the number of complaints filed on its behalf by others during the period you have specified in the ordinary course of business and will not supplement its response.

### Request for Production No. 13:

Request for production no. 13 calls for ALL DOCUMENTS pertaining to the number of alleged debtors that YOU mailed letters to requesting payment of an alleged debt from July 31, 2007 to the present." Collins does not mail letters to debtors and has no responsive documents. You contend that the response is "untrue" because other parties may send letters on Collins' behalf. Like request for production no. 13, Collins does not have responsive documents. Collins will not supplement its response.

### Request for Production No. 14:

Request for production no. 14 seeks "ALL DOCUMENTS that RELATE TO YOUR investigation of Plaintiff David Tourgeman's alleged debt." Collins objected on the grounds that it is vague and ambiguous as to the term "investigation" but agreed to produce documents related to Plaintiff, his account and the defenses in this action. Rather than attempting to clarify the request, your letter argues that the objection is "unfounded" and that Collins must "exercise reason and commons sense to attribute an ordinary definition to the term "investigation." Collins will assume that Plaintiff seeks information related to the due diligence process with respect to its purchase of Plaintiff's account, and it will amend its response to state that responsive documents will be produced, to the extent that any exist.

### Request for Production No. 15:

Request for production no. 15 asks for "ALL DOCUMENTS RELATING TO YOUR organization of COLLINS' employees, including any subsidiaries or affiliates." Collins objected on the grounds that it seeks information not relevant to the subject matter

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 17

of the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  It agreed to produce organizational charts, if they exist, that are responsive to this request. Your letter states that the objection is meritless and that the response is inadequate as the request "seeks all documents related to the organization of Collins Financial's employees" and "is not limited to organizational charts."  You still have not stated what other types of documents you are seeking or why you believe they should be produced.  Collins stands by its objection and response.

**Request for Production No. 20:**

Request for production no. 20 seeks "ALL DOCUMENTS RELATING TO insurance policies covering COLLINS for civil law violations including breach of contract, California's Unfair Competition Laws, the Federal [sic] Debt Collection Practices Act and the Rosenthal Act."  Collins responded that it "has not tendered the defense of this action to any insurance carrier so there are no relevant responsive documents."  Your letter claims it is "immaterial whether Collins has tendered the defense of this action to any insurance carrier" and that what matters "is whether Collins maintains this type of insurance policy." I disagree.  Given that the case has not been tendered to an insurance carrier, there are no policies which would cover any violation alleged by Plaintiff.  There is nothing to produce.

**Request for Production No. 21:**

Request for production no. 21 calls for "ALL DOCUMENTS that RELATE TO an investigation of COLLINS by an AGENCY for violations of California Unfair Competition Laws, the Federal [sic] Debt Collection Practices Act and the Rosenthal Act."  Collins objected on the grounds that it was vague and ambiguous as to the term "investigation" and you claim that this objection is "meritless."  Collins agrees to supplement its response to indicate that since it has never been investigated by any agency for any alleged violation of the California Unfair Competition Law, the FDCPA or the Rosenthal Act, no such documents exist.

**Request for Production No. 25:**

Request for production no. 25 seeks "ALL DOCUMENTS that RELATE TO COLLINS' revenue for each calendar year from 2005 to the present, including but not limited to financial summaries, period reports, tax returns and financial statements." Collins objected on the grounds that the request is overbroad, oppressive, seeks irrelevant information, is not calculated to lead to the discovery of admissible evidence, and on the grounds that it seeks confidential information.  You have made no attempt to support your conclusion that the documents requested are "central to the issues in this case and within

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 18

the scope of the Federal Rules of Civil Procedure." I invite you to clarify the basis for your request, but until then, responsive documents will not be produced.

**Request for Production No. 27:**

Request for production no. 27 asks for "ALL DOCUMENTS that RELATE TO the contractual relationship between YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial Services, Inc.'s behalf." Collins objected to the request on, among others, the grounds that it is overbroad, burdensome and oppressive, seeks irrelevant information, proprietary, trade secret, and confidential information. You contend that the objections are "meritless" and that the "contractual relationship between Collins Financial and Dell Financial Services is central to the issues involved in this lawsuit." Though we do not agree with your position, Collins will agree to supplement its response to specify that it has already produced a copy of the purchase and sale agreement relating to Plaintiff's account.

**Interrogatory No. 1:**

Interrogatory no. 1 asks for the identification of "the number of persons and entities in the United States who you contacted for the purposes of debt collection from July 31, 2007 to the present." Collins responded, "zero." Your letter argues that the response must be supplemented because Collins "employs others to contact alleged debtors on [its] behalf" but this is not what the interrogatory requests. Collins has provided its answer.

**Interrogatory No. 3:**

Interrogatory no. 3 asks Collins to states the form of its "organization and the date and place the organization was organized and registered and/or licensed to do business." Collins objected but provided a response. Collins agrees to supplement the response to indicate that it is a Texas corporation, incorporated in 1996, and, pursuant to Federal Rule of Civil Procedure 33(d), will produce its 2009 Compliance Report which indicates its various business licences.

**Interrogatory No. 6:**

Interrogatory no. 6 seeks a description of "COLLINS' procedures and policies for investigating the addresses of alleged debtors prior to attempting contact." Collins does not attempt to contact debtors and therefore has no policies or procedures to describe in

# SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 19

response in this request. Your letter claims that the response is "untrue" since Collins may employ other entities to contact debtors on its behalf, but the interrogatory does not ask for this information. Collins does not contact debtors.

### Interrogatory No. 7:

Interrogatory no. 7 asks Collins to describe its "procedures and policies for determining the amount COLLINS demands from alleged debtors, including but not limited to, the method of calculating the principal owed, interest assessed and penalties applied." Collins does not make demands of debtors and therefore has no policies or procedures responsive to this interrogatory. Your letter claims the response is "obviously false" since Collins files suit and "therefore specifies a monetary demand in the complaint." If Plaintiff seeks information related to the monetary demand in a collection complaint, Collins will supplement its response to state that the amount of money demanded in the collection complaint against Plaintiff was derived from the data transferred to Collins by the original creditor. Collins did not "calculate" the principal owed. It relied on it counsel, Nelson & Kennard, to seek the statutory interest rate on the principal from the date Plaintiff's account was charged off.

### Interrogatory No. 8:

Interrogatory no. 8 seeks a description of "COLLINS' procedures and policies for settling outstanding alleged debts from alleged debtors." Collins does not settle debts with debtors and therefore has no responsive policies or procedures. Your letter states that because Collins sues debtors it "therefore must settle debts at some point in the litigation." If Plaintiff seeks information related to the settlement of litigation between Collins and any debtor, then the reasons for settling vary from case to case and information related to those decisions are protected by the attorney-client privilege. There is nothing in the Second Amended Complaint alleging that any defendant engaged in improper settlement of any litigation. Collins will not supplement its response to this interrogatory.

### Interrogatory No. 9:

Interrogatory no. 9 asks Collins to "identify all law firms that COLLINS retained - from July 31, 2006 to the present - for the purpose of collecting debts." Collins does not retain law firms. You speculate that the response is "false" but Collins provided a truthful, verified answer. There is nothing to supplement.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 20

**Interrogatory No. 10:**

Interrogatory no. 10 seeks the identification of "all lawsuits for breach of contract, Rule 3.740 collections cases, violations of the FDCPA and violations of the Rosenthal Act -by caption, court, civil action number, and result - that COLLINS is or has been a party to since July 31, 2006." Collins objected on various grounds including that the request is compound, overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Your letter only addressed the objection that the information requested is public record, but you have made no attempt to otherwise justify the defective and onerous request. Collins will not supplement its response.

**Interrogatory No. 11:**

Interrogatory no. 11 asks, did "COLLINS make any substantive change in company policy from July 31, 2006 to the present? If so, please identify and describe any substantive changes COLLINS made – from July 31, 2006 to the present – to any COLLINS policy or procedure in an effort to comply with the provision of the Federal [sic] Debt Collection Practices Act." Collins does not attempt to collect debts, is not subject to the FDCPA and has no procedures responsive to this interrogatory. You state in your letter that the response "eludes the question" as it is "immaterial whether Collins Financial is subject to the FDCPA or not." Collins has already responded that is has no such procedures. Collins agrees to further supplement its response to state, "no."

**Interrogatory No. 12:**

Interrogatory no. 12 seeks a description of "the compensation agreements between COLLINS and any law firm COLLINS uses to file complaint against alleged debtors for breach of contract." Collins does not have compensation agreements with law firms. You allege that the answer is "implausible" but it is a truthful, verified response. There is nothing to supplement.

**Interrogatory No. 13:**

Interrogatory no. 13 asks Collins to identify its "policies and procedures for when a 1692g notice is returned to COLLINS undelivered." Collins does not communicate with debtors in connection with collecting debts, does not send 1692g notices and has no policies or procedures responsive to this interrogatory. You contend that because other entities may collect on Collins' behalf, that this answer is "untrue." Collins can only respond on its own behalf. There is nothing to supplement.

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 21

**Interrogatory No. 15:**

Interrogatory no. 15 seeks the identification of "all trade associations relating to debt collection to which COLLINS belongs." Collins objected on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. You claim that the objections are "meritless" and since Collins "debt collection activity in central to the issues in this case" that "any trade associations to which Collins Financial belongs may reveal aspects of that debt collection activity." I fail to see how this is so. Any memberships in any associations are irrelevant to the claims and defenses in this action. Please explain how you believe this information could have any bearing on this action.

**Interrogatory No. 16:**

Interrogatory no. 16 asks Collins to "identify the number of letters threatening legal action COLLINS sent in each calendar year from 2005 to the present." Collins responded, "zero." Your letter argues that because other entities send letters on Collins' behalf, this answer is "doubtful" but there is nothing to supplement. Collins does not send letters to debtors, period. Letters sent by others are not responsive.

**Interrogatory No. 17:**

Interrogatory no. 17 seeks a description of "the position at COLLINS that prepares the affidavit authorizing legal action against an alleged debtor, including but not limited to the position's duties, responsibilities, job requirements, and the number of people who perform this task for COLLINS." Collins did not prepare an affidavit relating to this action. Your letter argues this is not responsive since the interrogatory was not limited to affidavits prepared in this action. Collins will agree to supplement its response to state that no person at Collins prepares "affidavits authorizing legal action." There are no such affidavits, and there is no such position.

**Interrogatory No. 19:**

Interrogatory no. 19 asks for an explanation of the basis for Collins' denial of the request to admit "that the number of debtors affected by your actions is so large, that joinder or [sic] all debtors in a single action against you would be impracticable." Collins objected to request for admission on the grounds that it is vague and ambiguous as to the phrase "debtors" and "actions." In response to the interrogatory, Collins reasserted the same objection, and also responded that it denies the request since it does not communicate

SIMMONDS & NARITA LLP

Brett M. Weaver
December 17, 2009
Page 22

with debtors in attempt to collect from them.  You have made no attempt to explain what is
meant by the request, and state only that Collins' response is "inadequate" because Collins
may engage others to collect on its behalf.  This does not make the question less vague and
ambiguous.  Collins can provide no further response to this interrogatory.

**Interrogatory No. 20**:

Interrogatory no. 20 asks for an explanation of the basis for the denial of the request
to admit "that Collins Financial Services, Inc. does not verify current contact information
prior to initiating collections or suing a debtor."  Collins objected to the request for
admission, and denied it, stating that "Collins does not initiate collections or sue debtors.
Rather, collection agencies or law firms are engaged in order to collect and/or sue."  Then,
in response to this interrogatory, Collins repeated that it does not communicate with
debtors nor does it file lawsuits in an attempt collect from them.  You claim that the
response is "inadequate" because Collins employs others to communicate with debtors or
file lawsuits on its behalf, but this is not what was asked.  Collins can only respond on its
own behalf.  There is nothing to supplement in its response.

Please feel free to contact me to discuss these issues further.

Very truly yours,

Tomio B. Narita