# EXHIBIT H



Brett M. Weaver

Writer's Direct: 619.230.1731
brett@johnsonbottini.com

December 29, 2009

**VIA EMAIL & U.S. MAIL**

Tomio Narita
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

      Re:    ***Tourgeman v. Collins Financial Services, Inc., et al.* Case No. 08-CV-1392**

Dear Tomio:

I am in receipt of your December 17, 2009 letter regarding the Debt Collector Defendants' discovery responses. I appreciate your willingness to resolve this discovery dispute informally and I look forward to receiving the supplemental responses and documents identified in your letter as soon as possible.[1] That said, the Debt Collector Defendants' responses to Plaintiff's first set of discovery requests are still woefully inadequate.

Please keep in mind that I have been patient throughout the discovery process. Plaintiff first served your clients with discovery requests nearly eight months ago. The Debt Collector Defendants responded with insufficient answers, boilerplate objections, and refused to produce responsive documents to a majority of the requests. I replied on June 24, 2009, with a letter detailing your clients' insufficient responses and requesting supplemental responses. You never responded to that letter and ignored my attempts to meet and confer. Instead, you insisted that Plaintiff's discovery requests were premature until the court ruled on Defendants' motions to dismiss and motions for summary judgment. After the court ruled in Plaintiff's favor on all motions, I sent you a letter reiterating our request for supplemental responses on December 4, 2009. Now, six months after sending our initial meet and confer letter, you responded on December 17, 2009, with many of the same responses and objections.

This letter represents my continued efforts to address the Debt Collector Defendants' deficient responses and objections to Plaintiff's first set of discovery requests. I hope that your

---

[1] Your letter asks that I "circulate a proposed protective order for review by defendants." I take no position whether a protective order is warranted in this case. If you feel that one is required, then you should bear the burden of drafting it.

December 29, 2009
Page 2

clients will reconsider their position, provide supplemental responses, and produce documents responsive to our discovery requests. I will follow up with you by telephone later this week.

To make that call as productive as possible, this letter details the responses that remain inadequate and the reason(s) why.

### Relevant Discovery Rules and Case Law

Notably, the Federal Rules of Civil Procedure permit a broad scope of discovery. Discoverable information includes "any nonprivileged matter that is relevant to any party's claim or defense ...." Fed. R. Civ. P. 26(b)(1). Regardless of its admissibility at trial, information may be discovered if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, the scope of discovery is not limited to the issues presented in the pleadings. *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Instead, the rule "is construed broadly and includes any matter that bears on any issue that is or may be in the case." *Id.* Further, those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 U.S. Dist. LEXIS 20481 (S.D. Cal. 2007). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005).

In both your discovery responses and your letter, you rely heavily on relevancy objections. You cannot, however, improperly attempt to shift your burden to demonstrate why the discovery should be denied. *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998) ("Relevance for purposes of discovery is defined very broadly.")

### Nelson & Kennard's Discovery Request Responses

**Requests for Production**

*Request for Production Nos. 3, 4, 5, and 6*

In its initial responses, Nelson & Kennard provided numerous objections and did not agree to produce responsive documents. Now, your letter improperly narrows the scope of the discovery requests and attempts to limit production to documents related only to Collins. The Second Amended Complaint (the "SAC") does not limit Nelson & Kennard's alleged improper debt collection practices to debt collected only on behalf of Collins, however.

Indeed, the SAC includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

December 29, 2009
Page 3

Further, the SAC contains numerous allegations that Nelson & Kennard improperly initiates collections and unlawfully files lawsuits against debtors. In particular, the SAC alleges that Nelson & Kennard "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." (¶32). The SAC also specifies that Nelson & Kennard "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default judgments without effectuating proper service." (¶32). The SAC also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law firms know have no knowledge of the underlying facts and file verified complaints in which they attest to the truthfulness and accuracy of the information regarding the alleged debt." (¶35). In other words, regardless of whether the alleged creditor is Collins, Nelson & Kennard does not verify information before it initiates collections and files lawsuits. As such, Nelson & Kennard's entire debt collection practices are at issue.

*Request for Production No. 7*

Form letters, enclosures, envelopes, complaints, and memoranda used by Nelson & Kennard in its debt collection activity are relevant to the claims in this case. As explained above, the SAC contains class allegations that Nelson & Kennard engages in improper debt collection practices. Part of Nelson & Kennard's improper practices involves its communications with alleged debtors. Further, because this is a class action lawsuit challenging Nelson & Kennard's business practices, your agreement to produce documents related only to Plaintiff and his account is insufficient. Thus, please provide a supplemental response to this request.

*Request for Production No. 10*

Your letter claims that we have failed to show how complaints filed by Nelson & Kennard on Collins's behalf are relevant. But the burden is yours to show the requested documents are irrelevant. You also claim the SAC does not include allegations sufficient to justify producing these documents. To the contrary, the SAC explicitly states Nelson & Kennard "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." (¶32). The documents sought are relevant to establishing whether Nelson & Kennard files legitimate and accurate lawsuits. Further, as explained above, the SAC contains class allegations that Nelson & Kennard engages in improper debt collection activities. Since this request is within the scope of the Federal Rules of Civil Procedure, a supplemental response is necessary.

*Request for Production No. 11*

Your letter claims that there are no "financial arrangements" between Nelson & Kennard and Collins Financial and thus you cannot produce documents that do not exist. This request, however, seeks documents evidencing payments from Collins to Nelson & Kennard for services rendered. Stated differently, this request seeks documents that show how Nelson & Kennard is compensated for the services it provides to Collins.

Nelson & Kennard filed a lawsuit against Plaintiff on behalf of Collins. In fact, since July 31, 2006, Nelson & Kennard has filed "more than 40" lawsuits on behalf of Collins. I have a hard time believing Nelson & Kennard does not expect to receive payment for its services. If

December 29, 2009
Page 4

Nelson & Kennard is working on a contingency basis, the contingency fee contract must be in writing. Cal. Bus. & Prof. Code §6147.

*Request for Production No. 12*

The number of alleged debtors that Nelson & Kennard filed complaints against is directly relevant to the claims in this case and establishes the potential number of class members. As explained above, the SAC contains class allegations that Nelson & Kennard engages in improper debt collection activities and unlawfully files lawsuits against alleged debtors. Since Plaintiff has provided further clarification, please supplement your response and produce the requested documents.

*Request for Production No. 13*

You argue that we made no attempt to explain how this request is relevant. However, it is your burden to show how the documents are not relevant. Even if the burden was ours, documents pertaining to the number of alleged debtors that Nelson & Kennard mailed letters to requesting payment are relevant. In particular, the SAC alleges that Nelson & Kennard does not "verify information before they initiate collections" and instead "rely on self-supporting affidavits created by collection companies from a database exported into a Word document, spitting out affidavits by the thousands." (¶35). Further, as explained above, this is a class action lawsuit that challenges Nelson & Kennard's debt collection activities. The number of alleged debtors who received letters reveals the scope of Nelson & Kennard's potentially improper debt collection practices and aids in determining the number of class members. Because Nelson & Kennard's debt collection practices are directly at issue here, your objections are meritless. Thus, please supplement your response and produce the requested documents.

*Request for Production No. 14*

Again, you argue that we have failed to show how the requested documents are relevant. But you have the burden of showing how the requested documents are not relevant. Even if the burden was ours, documents related to 1692g notices that Nelson & Kennard sent to alleged debtors are relevant to this case. This is a class action lawsuit that alleges Nelson & Kennard improperly initiated debt collections and unlawfully filed lawsuits against alleged debtors. The substance of the 1692g notices sent to alleged debtors is relevant and evidences Nelson & Kennard's business practices.

Additionally, you do not satisfy your discovery obligations merely by producing the 1692g letter sent to Plaintiff. Rather, you must produce all documents that relate to the 1692g notices Nelson & Kennard sent to alleged debtors during the class period. Finally, this request does not need to be narrowed. You misconstrue the request when you claim that "this would call for all documents relating to any debt placed with this firm." Consequently, please supplement your response to this request.

*Request for Production No. 15*

You contend that this request is overbroad, unduly burdensome and oppressive, and seeks irrelevant information. Again, we do not have the burden of demonstrating how the request is appropriate. Nevertheless, documents relating to Nelson & Kennard's procedures and guidelines

December 29, 2009
Page 5

for collecting debt are relevant to this case. This is a class action lawsuit alleging Nelson & Kennard improperly initiated debt collections and unlawfully filed lawsuits against numerous debtors. Nelson & Kennard's debt collection procedures and guidelines may show the extent of Nelson & Kennard's debt collection practices.

Your agreement to produce documents related to Plaintiff, his account and the defenses in this action narrows the scope of the request and is insufficient under the Federal Rules of Civil Procedure. And, if you require a protective order, the burden rests with you to establish why the documents sought are confidential. Hence, please supplement your response to this request.

*Request for Production No. 19*

You contend that this request is overbroad, unduly burdensome and oppressive, and seeks irrelevant information. We do not have the burden of demonstrating how the request is appropriate. Nonetheless, documents related to policies adopted by Nelson & Kennard to avoid any violation of the Fair Debt Collection Practices Act and the Rosenthal Act are relevant. The essence of the SAC is that Nelson & Kennard violated the Fair Debt Collection Practices Act. Your agreement to produce only documents related to the bona fide error defense is insufficient and does not satisfy your discovery obligations. Thus, please supplement your response to this request.

*Request for Production No. 20*

We are entitled to all training materials prepared by or for Nelson & Kennard employees regarding the Fair Debt Collection Practices Act and the Rosenthal Act. Since the essence of the SAC is that Nelson & Kennard violated the Fair Debt Collection Practices Act, these materials are relevant. While I appreciate your agreement to produce documents related to the bona fide error defense, this does not fulfill your obligation to produce all responsive materials to this request. We also fail to see how the documents sought are the proprietary video tapes of third parties. To the extent you believe the documents are proprietary, you bear the burden of establishing that a protective order is necessary. Please supplemental your response to this request.

*Request for Production No. 21*

Documents relating to insurance policies covering Nelson & Kennard for violations of the Fair Debt Collection Practices Act and the Rosenthal Act are relevant. As stated before, the crux of the SAC is that Nelson & Kennard violated the Fair Debt Collection Practices Act. Documents that establish culpability or relate to indemnification for those violations are relevant. Again, it is immaterial whether Nelson & Kennard has tendered the defense of this action to any insurance carrier. If Nelson & Kennard maintains an insurance policy that covers these violations, this is enough to render the documents relevant. Accordingly, please supplement your client's response to this request.

*Request for Production No. 23*

You continue to object to this request on the grounds that the request is overbroad and ambiguous as to the term "verify." The term "verify," however, is a common English word that should not preclude you from providing a meaningful discovery answer. Your agreement to

December 29, 2009
Page 6

produce documents related to Plaintiff, his account and the defenses in this action is inadequate. Thus, please provide a supplemental response to this request.

*Request for Production No. 25*

Your letter maintains that documents related to Nelson & Kennard's policies and procedures for settling alleged debts with debtors are not relevant. But the manner in which Nelson & Kennard settles alleged debts with debtors reflects on its debt collection practices. You also claim that none of the allegations in the SAC relate to any settlement with Plaintiff or any other debtor. However, the scope of discovery is not limited to the issues presented in the pleadings. Even if the scope of discovery was limited to the pleadings, the SAC explicitly states Nelson & Kennard "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." (¶32). Further, as explained above, the SAC contains class allegations that Nelson & Kennard engages in improper debt collection activities. Since this request is within the scope of the Federal Rules of Civil Procedure, a supplemental response is necessary. To the extent you feel the requested documents are privileged, please provide a privilege log in accordance with Fed. R. Civ. Pro. 26(b)(5).

*Request for Production No. 26*

You refuse to produce any documents responsive to this request, arguing that we have not satisfied our burden of showing that the requested documents are relevant. But the burden rests with you. Even if the burden rests with us, the documents sought are still relevant. Documents related to Nelson & Kennard's revenues establish how debt collection activities were conducted and how Nelson & Kennard was incentivized to pursue alleged debtors. Also, we previously offered to sign a confidential disclosure agreement in my letter dated June 24, 2009. You ignored our offer. Hence, your objections are still meritless and a supplemental response is necessary.

*Request for Production No. 29*

You have agreed to produce responsive documents to request for production no. 29, subject to a protective order. The burden of producing a protective order, however, rests with you. Since you originally objected to this request and did not agree to produce documents, please supplement your response to this request.

**Special Interrogatories**

*Special Interrogatory No. 1*

Here, the information sought is relevant to the core issues involved in this case and to establishing the number of class members. While you claim that it would be burdensome to provide the requested information, you fail to establish why. This request does not seek the identity or personal information of the persons and entities Nelson & Kennard contacted for debt collection purposes. Rather, the request seeks *the number* of persons and entities Nelson & Kennard contacted. Because the interrogatory is relevant, narrowly construed, and otherwise within the scope of the Federal Rules of Civil Procedure, please supplement your response.

December 29, 2009
Page 7

*Special Interrogatory No. 2*

In your letter, you respond that "from July 31, 2006 to the present, [Nelson & Kennard] has filed suit against more than 40 persons in an attempt to collect a debt." This response is unclear because it does not identify the number of persons, and includes a potentially unlimited range of persons – 1000 persons is "more than 40 persons." Also, the special interrogatory requests the number of persons and *entities* who were sued. There is no mention of the number of entities sued in your letter. Thus, please provide a more precise response and include the number of entities who were also sued.

*Special Interrogatory No. 5*

You originally refused to provide a response to this interrogatory. You now agree to supplement your response and produce responsive documents under Fed. R. Civ. Pro. 33(d), but only after the entry of a protective order. As previously stated, the burden of establishing the need for a protective order rests with you. Thus, please provide a supplemental response, the promised documents, and a proposed protective order for our review.

*Special Interrogatory No. 7*

You originally refused to provide a response to this interrogatory. While you now agree to supplement your response to describe Nelson & Kennard's general procedures for filing complaints on behalf of Collins, you have improperly narrowed the scope of the interrogatory. This is a class action lawsuit containing allegations that Nelson & Kennard engaged in improper debt collection activities and unlawfully filed lawsuits against alleged debtors. The SAC is not limited to Nelson & Kennard's debt collection activity on behalf of Collins. Rather, Nelson & Kennard's debt collection activity on behalf of all clients, persons, or entities is at issue. Please supplement your response accordingly.

*Special Interrogatory No. 8*

Special Interrogatory no. 8 should state "Please describe NELSON's policies and procedures for filing lawsuits on Rule 3.740 grounds." Thus, please provide a supplemental response.

*Special Interrogatory No. 10*

You continue to object to this interrogatory on relevancy grounds. Contrary to your assertions, the SAC alleges that Nelson & Kennard improperly initiates collections and unlawfully files suits against alleged debtors. Nelson & Kennard's policies and procedures for settling the alleged debts may indicate whether its debt collection activities were improper. We also fail to see how a description of Nelson & Kennard's procedures and policies for settling alleged debts is protected by the attorney-client privilege. "Interrogatories may seek factual information known to the party or known to the party's attorney." *Phuong Doan v. Astrue,* 2009 U.S. Dist. LEXIS 93724 (S.D. Cal. 2009). Since the discovery sought is relevant, is reasonably calculated to lead to the discovery of admissible evidence, and is not protected from disclosure by any privilege, please supplement your response.

December 29, 2009
Page 8

*Special Interrogatory No. 11*

You continue to object to this interrogatory, arguing that we have not established how the requested information is relevant. However, you have the burden of establishing why the identity of the creditors is not relevant. Nevertheless, the information requested is relevant. Creditors that retained Nelson & Kennard from July 31, 2006 to the present may have information regarding Nelson & Kennard's debt collection activities. Nelson & Kennard's debt collection activities are being challenged here. Since your renewed objections are unsupported, please supplement your response to this interrogatory.

*Special Interrogatory No. 14*

You continue to object to this interrogatory, arguing that we have not established how the requested information is relevant. Again, you have the burden of establishing why a description of the compensation agreements between Nelson & Kennard and any creditor that used Nelson & Kennard's services is irrelevant. Even though the burden is yours, the information requested is relevant. A description of the compensation agreements evidences Nelson & Kennard's incentive structure and helps explain the extent of Nelson & Kennard's debt collection activities. Because your renewed objections are unsupported by case law, please supplement your response to this interrogatory.

*Special Interrogatory No. 16*

Here, the information sought is relevant to the core issues in this case and to establishing the number of class members. "Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery is unduly burdensome." *Snowden v. Connaught Lab.,* 137 F.R.D. 325, 332 (D. Kan. 1991). While you claim that it would be burdensome to provide the requested information, you fail to establish why. This request does not seek the identity or personal information of the persons who received demand letters from Nelson & Kennard. Rather, the request seeks the *number* of demand letters Nelson & Kennard sent. Because the interrogatory is relevant, narrowly construed, and otherwise within the scope of the Federal Rules of Civil Procedure, please supplement your response.

*Special Interrogatory Nos. 18, 19*

I appreciate your clarification to these special interrogatories. Please include this information in your client's supplemental responses.

*Special Interrogatory No. 20*

Your letter states that you don't understand the terms "affected by your actions." For purposes of responding to this interrogatory, "affected by your actions" means influenced or impacted by Nelson & Kennard's initiation of debt collections and/or the filing of debt related lawsuits. Since Plaintiff has provided the requested clarification, please supplement this response.

December 29, 2009
Page 9

## Collins Financial Services, Inc.'s Discovery Request Responses

**Requests for Admission**

*Request for Admission No. 13*

Your letter continues to misconstrue this request for admission. "When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request." *United States ex rel. Englund v. Los Angeles,* 235 F.R.D. 675, 684 (E.D. Cal. 2006). The question is not whether the collection action included a 'verified complaint.' Rather, the question is whether Collins checked to see whether the information contained in the complaint it filed against Plaintiff Tourgeman (Case No. 37-2007-00072265-CL-CL-CTL) was accurate. In view of this clarification, please supplement your response.

**Requests for Production**

*Request for Production No. 3*

You continue to argue that this request is vague, ambiguous, and overbroad. Yet, you fail to specify how. The SAC contains well-pleaded allegations that Collins engages in improper debt collection practices. Because Collins is a firm that buys and sells debt obligations, there must be someone within Collins who receives and sends information regarding alleged debts. Please also note that Collins is defined as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, or anyone else acting on Collins Financial Services, Inc.'s behalf. If there is no one at Collins who receives, maintains, or sends information regarding alleged debts, please include this information in your supplemental response.

*Request for Production No. 4*

Your letter claims that this request is vague, ambiguous, overbroad, burdensome, and oppressive. But you fail to specify how. While I agree with you that a portion of this request seeks information about the due diligence process Collins uses when it purchases debt portfolios, I do not agree that those documents should be limited to the Dell portfolio. The SAC explicitly states that Collins "attempted to collect amounts that were inaccurate" evidencing "their lack of meaningful involvement in the collection process." (¶38). Since Collins's debt collection practices as a whole are being challenged, documents related to all debt portfolios should be produced. Thus, please supplement your response.

*Request for Production No. 6*

In your letter you now state that "[t]here are no other entities that send 1692g notices on behalf of Collins." I agree that this clarifies your original response. Please supplement your response to include this information.

December 29, 2009
Page 10

*Request for Production No. 7*

Your original response and letter state that Collins does not communicate with debtors and therefore does not have responsive documents. Please note that Collins was defined as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, or anyone else acting on Collins Financial Services, Inc.'s behalf. I noted in my June 24, 2009 letter that this request included other entities or individuals who communicated with debtors on Collins's behalf. If there are no entities or individuals who communicated with debtors on Collins's behalf and thus there are no responsive documents to produce, then please say so in your supplemental response.

*Request for Production No. 8*

Your letter continues to misconstrue this request. Further, you have not made a good faith attempt to provide a response despite the clear language of the request. The question seeks documents that Collins relied upon in its determination that David Tourgeman owed the alleged debt in Case No. 37-2007-00072265-CL-CL-CTL. Thus, please supplement your response given this clarification.

*Request for Production No. 9*

You state that Collins is not a debt collector, has no collection practices or procedures, and therefore has no responsive documents. In my June 24, 2009 letter I noted that other entities may collect debt on Collins's behalf. Your letter states that I did not request documents relating to the collection practices of other entities. The instructions to the discovery requests, however, defined Collins as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, **or anyone else acting on Collins Financial Services, Inc.'s behalf.** If there are no responsive documents relating to the collection practices of other persons or entities acting on Collins's behalf, then please say so in your supplemental response. Otherwise, please produce the requested documents.

*Request for Production No. 10*

Your letter states that there are no financial arrangements between Collins and Nelson & Kennard. I interpret your response to mean that Collins has not provided compensation to Nelson & Kennard for any services rendered. If I am mistaken, please supplement your response accordingly.

*Request for Production No. 11*

You continue to argue that this request is vague, ambiguous, overbroad, burdensome, oppressive, seeks irrelevant information, proprietary, trade secret, and confidential information. Yet, you fail to specify how. Since the document request is clear and within the scope of discovery, the burden is on you to demonstrate otherwise. Thus, please supplement your response.

December 29, 2009
Page 11

*Request for Production No. 12*

This request seeks documents pertaining to the number of lawsuits that Collins, or anyone acting on Collins's behalf, filed against alleged debtors. Please note that the instructions to the discovery requests defined Collins as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, **or anyone else acting on Collins Financial Services, Inc.'s behalf.** Your letter claims this request is overbroad, unduly burdensome and oppressive, and not likely to lead to the discovery of admissible evidence. You fail to specify how. If your position is that Collins does not maintain documents or information regarding the number of complaints filed on its behalf, then please say so in your supplemental response. Otherwise, please produce responsive documents.

*Request for Production No. 13*

Your letter states that Collins does not mail letters to debtors and has no responsive documents. Please note that the instructions to the discovery requests defined Collins as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, **or anyone else acting on Collins Financial Services, Inc.'s behalf.** Hence, if anyone else acting on Collins's behalf mailed letters requesting payment of an alleged debt, these documents must be produced. Your position appears to be that no other persons or entities mailed letters requesting payment of an alleged debt on Collins's behalf. Please clarify your position with a supplemental response.

*Request for Production No. 15*

Your letter improperly attempts to shift the discovery burden. We are not required to state why we believe the requested documents should be produced. This request seeks all documents related to the organization of Collins's employees, including any subsidiaries or affiliates. If the only documents you have are organizational charts, then please say so in your supplemental response.

*Request for Production No. 20*

Documents relating to insurance policies covering Collins for civil law violations including breach of contract, California's Unfair Competition Laws, the Fair Debt Collection Practices Act and the Rosenthal Act are relevant. The SAC alleges four causes of action against Collins: negligence, violation of the Fair Debt Collection Practices Act, violation of the Rosenthal Act, and violation of California's Unfair Competition Laws. Documents that establish culpability or relate to indemnification for those violations are relevant. Again, it is immaterial whether Collins has tendered the defense of this action to any insurance carrier. If Collins maintains an insurance policy that covers these violations, this is enough to render the documents relevant. Accordingly, please supplement your client's response to this request.

*Request for Production No. 25*

You refuse to produce any documents responsive to this request, arguing that we have not satisfied our burden of showing the requested documents are relevant. As previously noted, the

December 29, 2009
Page 12

burden rests with you. And, even if the burden were ours, the documents sought are still relevant. Documents related to Collins's revenues establish how debt collection activities were conducted and how Collins was incentivized to pursue alleged debtors. Lastly, we previously offered to sign a confidential disclosure agreement in my letter dated June 24, 2009. You ignored our offer. Hence, your objections are still meritless and a supplemental response is necessary.

*Request for Production No. 27*

You continue to argue that this request is vague, ambiguous, overbroad, burdensome, oppressive, seeks irrelevant information, proprietary, trade secret, and confidential information. Yet, you fail to specify how. Since the document request is clear and within the scope of discovery, the burden is on you to demonstrate otherwise. You cannot satisfy this request merely by producing a copy of the purchase and sale agreement between Collins and Dell. Thus, please supplement your response.

**Special Interrogatories**

*Special Interrogatory No. 1*

Your letter misconstrues the scope of the interrogatory. Entities or persons acting on Collins's behalf are included in this interrogatory. Please note that the instructions to the discovery requests defined Collins as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, **or anyone else acting on Collins Financial Services, Inc.'s behalf.** The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control in response to discovery requests. *Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 17190 *9 (C.D. Cal. 2005). Hence, please supplement your response to identify the number of persons and entities who Collins, or someone acting on Collins's behalf, contacted for the purposes of debt collection from July 31, 2007 to the present.

*Special Interrogatory No. 6*

Your letter misconstrues the scope of the interrogatory. Entities or persons acting on Collins's behalf are included in this interrogatory. Please note that the instructions to the discovery requests defined Collins as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, **or anyone else acting on Collins Financial Services, Inc.'s behalf.** Hence, please supplement your response to describe the procedures and policies of those acting on Collins's behalf, for investigating the addresses of alleged debtors prior to attempting to contact.

*Special Interrogatory No. 7*

Your letter attempts to limit the scope of the interrogatory to Plaintiff – i.e. the amount of money demanded in the collection complaint against Plaintiff was derived from the data transferred to Collins by the original creditor. This is not what the question asked. Rather, interrogatory no. 7 asks Collins to describe its procedures and policies for determining the

December 29, 2009
Page 13

amount Collins demands from alleged debtors. To date, you have not made a good faith effort to answer this interrogatory. Please supplement your response accordingly.

*Special Interrogatory No. 8*

In your original response, you said that Collins does not settle debts with debtors and therefore has no responsive policies or procedures. I pointed out in my June 24, 2009 letter that Collins must settle debts with debtors because Collins initiates lawsuits. Now, you provide a new objection as to why you cannot answer this interrogatory: the attorney-client privilege. This interrogatory, however, does not ask for any client specific information. Rather, the interrogatory asks for Collins' general policies and procedures. If Collins does not have any policies or procedures for settling outstanding alleged debts with alleged debtors, then this should have been reflected in your original response. Thus, please supplement your response to this interrogatory.

*Special Interrogatory No. 9*

You continue to assert that Collins does not retain law firms. As mentioned above, however, Nelson & Kennard routinely files lawsuits naming Collins as the plaintiff. It is unclear how Nelson & Kennard or any other law firm could file a lawsuit on behalf of Collins without having been retained to do so. Please clarify.

*Special Interrogatory No. 10*

Your letter argues that this request is compound, overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. All grounds for objection to an interrogatory must be stated "with specificity." FRCP 33(b)(4). You failed to do so. Also, you improperly attempt to shift the burden to us to demonstrate that discovery is appropriate. Further, you did not provide any response to the question. Since this interrogatory is supported by the Federal Rules of Civil Procedure and case law, please provide a supplemental response.

*Special Interrogatory No. 15*

Your letter improperly attempts to shift the burden to us to demonstrate the relevance of the information requested. Thus, please supplement your response.

*Special Interrogatory No. 16*

You claim that Collins does not send letters to debtors. I responded that the number of letters sent on *Collins's behalf* is still responsive. You disagree. Please note that the instructions to the discovery requests defined Collins as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, **or anyone else acting on Collins Financial Services, Inc.'s behalf.** Since the number of letters sent on Collins's behalf is responsive, please provide a supplemental response.

December 29, 2009
Page 14

*Special Interrogatory No. 19*

You now claim the terms "debtors" and "actions" are vague and ambiguous. Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners., L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Thus, please provide a supplemental response to this interrogatory.

*Special Interrogatory No. 20*

Your letter claims that Collins does not initiate collections or sue debtors. Yet, you claim that collection agencies or law firms are engaged in order to collect and/or sue. Presumably this is on Collins's behalf. You also claim that Collins does not communicate with debtors nor does it file lawsuits in an attempt to collect from them. Yet Collins was the plaintiff in the collection action underlying this lawsuit. Your response is confusing.

I noted in my letter dated June 24, 2009 that your response was inadequate because Collins employs others to communicate with debtors or file lawsuits on its behalf. You claim that this is not what was asked. Please note that the instructions to the discovery requests defined Collins as Defendant Collins Financial Services, Inc., and any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, predecessors-in-interest, successors-in-interest, **or anyone else acting on Collins Financial Services, Inc.'s behalf**. Thus, this interrogatory covers persons or entities acting on Collins's behalf. Please supplement your response accordingly.

## Conclusion

I look forward to speaking with you about the issues addressed in this letter and I hope that we can resolve this dispute without the Court's intervention. However, if you are unable to provide supplemental responses and documents responsive to the requests identified above, Plaintiff will move to compel.

Sincerely,

Brett M. Weaver

for JOHNSON BOTTINI, LLP

BMW/kmc