# EXHIBIT I

# SIMMONDS & NARITA LLP
ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4816
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

TOMIO B. NARITA
DIRECT DIAL (415) 283-1010
EMAIL tnarita@snllp.com

**VIA FACSIMILE [(619) 233-5535] and email**

Brett M. Weaver
Johnson Bottini, LLP
655 West Broadway, Suite 1400
San Diego, CA 92101

January 15, 2010

Re:  *Tourgeman v. Collins Financial Services, Inc., et al.*
     Case No. 08-CV-1392 JLS (NLS)

Dear Brett:

I am writing in response to your letter dated January 8, 2010, where you address our telephone conversation of January 7th, and defendants Nelson & Kennard and Collins Financial Services, Inc.'s (collectively "Defendants") agreement to supplement certain discovery responses. I disagree with certain of your statements, as outlined below.

First, we did not agree to supplement Nelson & Kennard's written response to Request for Production Nos. 11 and 20. With respect to Request No. 11, we advised that there are no documents reflecting financial arrangements with Collins as outlined in Nelson & Kennard's written response. We did agree that we would produce Nelson & Kennard's attorney services agreement with Paragon Way, Inc. ("Paragon Way"). With respect to Request No. 20, the existing written response by Nelson & Kennard is sufficient and does not need to be supplemented. Nelson & Kennard has always agreed to produce responsive documents, as stated in its response, and will do so.

Second, we did not agree to supplement Nelson & Kennard's responses to Interrogatory Nos. 18 and 19, nor did we even discuss these requests during our phone call. In my letter of December 17, 2009, I explained why the responses were accurate.

Third, we did not agree that Collins would provide supplemental written responses to Request for Production Nos. 6-10, 12 and 15. The existing written responses are

## SIMMONDS & NARITA LLP

Brett M. Weaver
January 15, 2010
Page 2

accurate. We did represent, however, that we would obtain certain responsive documents from Paragon Way and would produce them to the parties. We have now done so.

Fourth, Collins did not agree to provide supplemental written responses to Interrogatory Nos. 1, 6, 8, and 16. The existing responses are complete and accurate, but we agreed to obtain and produce responsive documents from Paragon Way. We have done so. Regarding Interrogatory No. 16, I stated that I would have to check with my clients to determine whether Paragon Way had any "letters threatening legal action" at all.

Fifth, I need to clarify where I agreed to consult with my clients regarding the possibility of providing supplemental responses. Nelson & Kennard has already agreed to provide supplemental responses to Request for Production Nos. 3-6 and 15. In Nelson & Kennard's initial response to Request No. 19, it had already agreed to produce documents. In addition, Nelson & Kennard has already agreed to supplement its responses to Interrogatory Nos. 5 and 7. I did not agree, however, to further consult with Nelson & Kennard regarding Interrogatory No. 8. The interrogatory cannot be answered as it is written. Collins has already agreed to produce documents in response to Request for Production No. 27. As to Interrogatory Nos. 9 and 10, I informed you that Collins does not maintain the information requested, but I agreed to ascertain whether Paragon Way does and if so whether my clients would agree to produce it.

Sixth, we cannot agree to supplement responses to certain discovery requests that we did not discuss on our call. Specifically, you ask if Nelson & Kennard would agree to supplement its responses to Request for Productions Nos. 7, 10, 21, and 29. Nelson & Kennard has already agreed to produce documents responsive to Request No. 29, but it will not supplement its responses to the other Requests. Nor will it supplement its response to Interrogatory No. 20. Collins will not agree to supplement its responses to Request for Admission No. 13, or Interrogatory No. 19. As stated in Defendants' responses, and as I explained during our conversation, these discovery requests cannot be answered as they are so vague and ambiguous as written. I recall suggesting that Defendants might be able to provide you with the information you seek if you tailor Plaintiff's requests more narrowly. Additionally, Collins will not supplement its response to Request for Production No. 20.

Lastly, in your footnote, you state that we "agreed Paragon Way and Collins Financial were, for all intents and purposes, one in [sic] the same when it came to collecting debts." This is not accurate. I informed you that Paragon Way is retained to collect financial obligations that are due to Collins.

Brett M. Weaver
January 15, 2010
Page 3

## SIMMONDS & NARITA LLP

Very truly yours,

Tomio B. Narita