EXHIBIT J

1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  JEFFREY A. TOPOR (SBN 195545)
   SIMMONDS & NARITA LLP
3  44 Montgomery Street, Suite 3010
   San Francisco, CA 94104-4816
4  Telephone: (415) 283-1000
   Facsimile:  (415) 352-2625
5  msimmonds@snllp.com
   tnarita@snllp.com
6  jtopor@snllp.com

7
   Attorneys for Defendants
8  Collins Financial Services, Inc. and
   Nelson & Kennard
9

10
                    UNITED STATES DISTRICT COURT
11
                  SOUTHERN DISTRICT OF CALIFORNIA
12

13  DAVID TOURGEMAN,                    )   CASE NO.  08-CV-1392 JLS NLS
14            Plaintiff,                )
                                        )   **DEFENDANT NELSON &**
15       vs.                            )   **KENNARD'S SUPPLEMENTAL**
                                        )   **RESPONSE TO PLAINTIFF'S**
16  COLLINS FINANCIAL SERVICES,         )   **REQUESTS FOR PRODUCTION,**
17  INC., a corporation; NELSON &       )   **SET ONE**
    KENNARD, a partnership, DELL        )
18  FINANCIAL SERVICES, L.P., a         )
    limited partnership; DFS            )
19  ACCEPTANCE, a corporation, DFS      )
    PRODUCTION, a corporation,          )
20  AMERICAN INVESTMENT BANK,           )
    N.A., a corporation; and DOES 1     )
21  through 10, inclusive,              )
                                        )
22            Defendants.               )
                                        )
23

24  PROPOUNDING PARTY:          Plaintiff DAVID TOURGEMAN

25  RESPONDING PARTY:           Defendant NELSON & KENNARD

26  SET NO.:                    ONE

27

28

1  Defendant Nelson & Kennard ("Defendant") hereby objects and responds to
2  plaintiff David Tourgeman's ("Plaintiff") Requests for Production of Dcouments, Set
3  One as follows:

4

5  ## PRELIMINARY STATEMENT

6  Defendant has not completed its investigation and discovery in this action. The
7  responses  are based only upon Defendant's knowledge as of the date of these
8  responses, and are given without prejudice to Defendant's right to produce
9  subsequently discovered information or documents.

10

11  ## GENERAL OBJECTIONS

12  The General Objections asserted below shall be deemed to be applicable to
13  each of Plaintiff's Requests, and are incorporated into each and every specific
14  response to each Request set forth . Such General Objections are not waived, nor in
15  any way limited by any further objection to any specific Request.

16  A.   Defendant objects to each Request to the extent that it is overbroad and
17  subjects Defendant to unreasonable and undue annoyance, oppression, burden and
18  expense and seeks information which is not relevant to the subject matter of this
19  lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

20  B.   Defendant objects to each Request to the extent that it seeks materials
21  which are not in the possession, custody or control of Defendant and/or which are
22  equally or more readily available to Plaintiff.

23  C.   To the extent that any Request, Definition or Instruction may be construed
24  as requiring Defendant to characterize documents or their contents or to speculate as
25  to what documents may or may not show, Defendant objects to such Request as
26  vague, ambiguous and calling for legal conclusions and speculation.

27  D.   Defendant objects to each Request to the extent it seeks information which
28  constitutes, reflects, or contains communications between counsel and Defendant on

1   the grounds that such communications are protected from discovery by virtue of the

2   attorney-client privilege, the joint defense privilege, or any other recognized privilege

3   or immunity.  Defendant further objects to each Request to the extent it calls for

4   information that may reflect or contain attorney work product, on the grounds that

5   such information is protected from discovery by virtue of the attorney work product

6   doctrine.

7        E.    Defendant objects to each and every Request to the extent that it seeks

8   proprietary information, trade secrets, or information subject to protective orders,

9   confidentiality agreements, or statutory provisions that bar the disclosure of that

10   information without the consent of third parties.

11        F.    In responding to Plaintiff's Requests, to the extent not otherwise objected

12   to, Defendant has used reasonable diligence to locate responsive documents and

13   things.  To the extent Plaintiff seeks to require Defendant to do more than that,

14   Defendant objects to each Request, on the grounds it is overly broad, oppressive and

15   unduly burdensome.

16        G.    Defendant objects to each and every Request to the extent such Requests

17   seek to impose obligations beyond those permitted under the Rules of Civil

18   Procedure.

19        H.    Defendant objects to each and every Request to the extent such Requests

20   call for production of pleadings or other materials already produced in this case.

21        I.    Defendant objects to Plaintiff's definitions of the defined terms

22   "NELSON," "YOU" and "YOUR" as overbroad, vague and ambiguous, and to the

23   extent that by using such terms as defined by Plaintiff, Plaintiff seeks documents not

24   in the possession, custody or control of Defendant.  Unless otherwise indicated,

25   Defendant will only produce documents and information maintained by defendant

26   Nelson & Kennard.

27   //

28   //

## SUPPLEMENTAL RESPONSES TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 3:**

Please produce ALL DOCUMENTS CONCERNING the duties and responsibilities of NELSON employees who receive data RELATING to alleged debts.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "receive data RELATING to alleged debts." Nelson & Kennard is a debt collection law firm and the request could be read to cover virtually every employee of the firm. Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff does not claim that his account data was altered by Nelson & Kennard because the firm employed faulty procedures for "receiving debt related information." Rather, Plaintiff alleges that he paid Dell in full for his computer before the account was ever sold to Collins Financial Services. Any "debt related information" concerning his account, was according to Plaintiff's theory, already inaccurate when it was sold to Collins. The law firm's policies relating to receiving "debt related information" from its client are not relevant. Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

1    Subject to and without waiving the forgoing objections or the General

2  Objections, Defendant responds as follows:  Assuming that Plaintiff seeks

3  information regarding the specific duties and procedures of the persons responsible

4  for uploading the account data received from clients at the time an account is placed

5  for collection with Defendant, Defendant will produce responsive documents.

6

7  **DOCUMENT REQUEST NO. 4:**

8    Please produce ALL DOCUMENTS that RELATE TO YOUR policies and

9  guidelines for investigating alleged debts.

10 **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 4:**

11    Defendant objects to this Request on the grounds that it is vague and

12 ambiguous as to the term "investigating alleged debts."

13    Subject to and without waiving the forgoing objections or the General

14 Objections, Defendant responds as follows:  Assuming that Plaintiff seeks

15 information about policies and procedures related to ensuring that the data placed

16 with Defendant by its client is accurately uploaded into its computer systems, the

17 skiptracing procedures utilized by the firm, and the policies and procedures of the

18 firm for handling any dispute of an account by a debtor, Defendant will produce

19 responsive documents.

20

21 **DOCUMENT REQUEST NO. 5:**

22    Please produce ALL DOCUMENTS that RELATE TO YOUR policies and

23 guidelines for filing a lawsuit against an alleged debtor.

24 **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 5:**

25    Defendant objects to this Request on the grounds that it is overbroad, unduly

26 burdensome and oppressive, and to the extent that it seeks information which is not

27 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

28 discovery of admissible evidence.  Nelson & Kennard is a collection law firm with a

1  number of clients.  The request is so vague and broad and written it could potentially
2  be read to request copies of every document maintained by the firm.

3      Subject to and without waiving the forgoing objections or the General
4  Objections, Defendant responds as follows:  Assuming that Plaintiff seeks documents
5  related to written policies and guidelines for filing suit against a debtor, without
6  waiving any objection that the requested documents are protected by the attorney-
7  client privilege or attorney work product doctrine, Defendant will produce responsive
8  documents.

9

10  **DOCUMENT REQUEST NO. 6:**

11      Please produce ALL DOCUMENTS that RELATE TO YOUR policies and
12  guidelines for dismissing a complaint against an alleged debtor.

13  **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 6:**

14      Defendant objects to this Request on the grounds that it is overbroad, unduly
15  burdensome and oppressive, and to the extent that it seeks information which is not
16  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the
17  discovery of admissible evidence.  Nelson & Kennard is a collection law firm with a
18  number of clients.  Decisions to dismiss particular lawsuits on behalf of particular
19  clients will necessarily be made be made on a case by case basis, in light of the status
20  of the case and various other factors that may be considered by the attorney.

21      Subject to and without waiving the forgoing objections or the General
22  Objections, Defendant responds as follows:  Without waiving any objection that the
23  requested documents are protected by the attorney-client privilege or attorney work
24  product doctrine, Defendant will produce documents, to the extent any exist, which
25  relate to its general standards for dismissing collection complaints.

26

27

28

**DOCUMENT REQUEST NO. 27:**

Please produce ALL DOCUMENTS that RELATE TO NELSON's phone calls, including but not limited to phone records and call logs, placed to David Tourgeman, Cesar Tourgeman, Rebecca Tourgeman or anyone else for the purposes of collecting David Tourgeman's alleged debt.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to and without waiving the General Objections, Defendant has already produced non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 29:**

Please produce ALL DOCUMENTS that RELATE TO NELSON'S contracts with skip-tracing services and other data providers YOU use to find current information for any alleged debtor.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the forgoing objections or the General Objections, Defendant responds as follows:  Defendant will produce responsive documents.

DATED: January 26, 2010                SIMMONDS & NARITA LLP
                                       TOMIO B. NARITA


By: _____
    Tomio B. Narita
    Attorneys for Defendants
    Collins Financial Services, Inc. and
    Nelson & Kennard

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)    **DEFENDANT NELSON & KENNARD'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE**

by causing such document to be mailed to the address indicated below:

<u>VIA U.S. MAIL</u>
Daniel P. Murphy
4691 Torrey Circle A306
San Diego, CA 92130
counsel for Plaintiff

Francis A. Bottini, Brett M. Weaver, Derek J. Wilson
Johnson Bottini, LLP
501 West Broadway, Suite 1720
San Diego, CA 92101
counsel for Plaintiff

Wayne Call and Kent R. Christensen
Call & Jensen, P.C.
610 Newport Center Dr., Suite 700
Newport Beach, CA 92660
//
//
//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury that the foregoing is true and correct.  Executed at San Francisco, California on this 26th day of January, 2010.

_____

Stephanie Schmitt

MICHAEL R. SIMMONDS (SBN 96238)
TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
msimmonds@snllp.com
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Collins Financial Services, Inc. and
Nelson & Kennard

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>COLLINS FINANCIAL SERVICES, INC., a corporation; NELSON & KENNARD, a partnership, DELL FINANCIAL SERVICES, L.P., a limited partnership; DFS ACCEPTANCE, a corporation, DFS PRODUCTION, a corporation, AMERICAN INVESTMENT BANK, N.A., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  08-CV-1392 JLS NLS<br><br>**DEFENDANT NELSON & KENNARD'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:                   Plaintiff DAVID TOURGEMAN

RESPONDING PARTY:                   Defendant NELSON & KENNARD

SET NO.:                                 ONE

1   Defendant Nelson & Kennard ("Defendant") hereby objects and responds to

2   plaintiff David Tourgeman's ("Plaintiff") Special Interrogatories, Set One as follows:

3

4   **PRELIMINARY STATEMENT**

5   Defendant has not completed its investigation and discovery in this action.

6   The responses are based only upon Defendant's knowledge as of the date of these

7   responses, and are given without prejudice to Defendant's right to produce

8   subsequently discovered information or documents.

9

10   **GENERAL OBJECTIONS**

11   The following general objections are expressly incorporated into each of the

12   specific responses set forth below:

13   A.   Defendant objects to producing any information or documents which

14   constitute, reflect, or contain communications with counsel on the grounds that such

15   communications are protected from discovery by virtue of the attorney-client

16   privilege and/or the joint defense privilege.  Defendant further objects to each

17   interrogatory to the extent that it calls for information or documents which reflect or

18   contain attorney work product on the grounds that such information or documents are

19   protected from discovery by virtue of the attorney work product doctrine.

20   B.   Defendant objects to each interrogatory to the extent that it is overbroad

21   and subjects Defendant to unreasonable and undue annoyance, oppression, burden,

22   and expense, and seeks information which is not relevant to the subject matter of this

23   lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

24   C.   Defendant objects to each interrogatory to the extent that it seeks materials

25   or information which are not in the possession, custody or control of Defendant,

26   and/or which are equally or more readily available to Plaintiff.

27   D.   Defendant objects to each interrogatory to the extent that it is

28   unreasonably cumulative and duplicative of other discovery in this action.

E.    Defendant objects to each and every interrogatory to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, rights of privacy or statutory provisions that bar the disclosure of that information without the consent of third parties.

F.    Defendant objects to Plaintiff's "Instructions" and each and every interrogatory to the extent that they seek to impose burdens upon Defendant in excess of what is required under the Federal Rules of Civil Procedure.

G.    Defendant objects to Plaintiff's definitions of the defined terms "NELSON," "YOU" and "YOUR" as overbroad, vague and ambiguous.  Unless otherwise stated, these responses are made solely on behalf of Nelson & Kennard.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the number of persons and entities in the United States who you contacted for the purposes of debt collection from July 31, 2007 to the present. [Definitions omitted].

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  In this action, Plaintiff alleges that Defendants sought to collect a debt for a Dell computer, despite the fact that Plaintiff had allegedly paid for the computer in full.  Plaintiff admits, however, that he has no documentation to show that he paid the debt in full.  Plaintiff also claims that Defendants filed suit against him in the wrong judicial district.  Plaintiff has not alleged, and cannot allege, that every consumer that Defendants tried to collect from had already paid their debt in full.  Plaintiff has not alleged, and cannot allege, that every lawsuit that was filed by

1 Defendants was filed in the wrong judicial district.  Plaintiff has not alleged that

2 Defendant violated federal or state law with respect to every single person or entity in

3 the United States that it contacted for purposes of debt collection, nor could he make

4 such a claim.  There is no basis for asking for the total number of persons contacted.

5 Plaintiff is simply attempting to impose undue burden and expense on Defendant.

6 Further, Defendant does not concede that Plaintiff may pursue this action as a

7 purported class action nor does Defendant concede that, even if class treatment were

8 appropriate, that a class action is proper here, or that Plaintiff is a proper class

9 representative with standing to pursue claims on behalf of a purported class.  At best,

10 the Interrogatory is premature.  Subject to and without waiving the foregoing and the

11 General Objections, Defendant responds as follows:

12      Nelson & Kennard engaged in the business of collecting debts.  To do so, the

13 firm not only "contacts" debtors, but it also obtains location information from third

14 parties, interacts with courts, interacts with attorneys, corresponds and communicates

15 with it clients and with other third parties in course of its business.  Any of these

16 persons or entities could be someone who was "contacted" by the firm for "the

17 purposes of debt collection."  The firm does not track every single person or entity

18 that it ever makes contact with, so this interrogatory in its present form is

19 unanswerable, and Plaintiff has not agreed to narrow its scope.

20      Defendant admits that it attempted to contact more than forty debtors in an

21 attempt to collect a debt during the period between July 31, 2007 to the present.

22

23 **INTERROGATORY NO. 2:**

24      Please identify the number of persons and entities in the United States who you

25 sued for the purposes of debt collection from July 31, 2006 to the present.

26 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

27      Defendant objects to this Interrogatory on the grounds that it is overbroad,

28 unduly burdensome and oppressive, and seeks information which is not relevant to

1   the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

2   admissible evidence.  Plaintiff claims that Defendants sought to collect a debt for a

3   Dell computer, despite the fact that he had allegedly paid for the computer in full.

4   Plaintiff admits, however, that he has no documentation to show that he paid the debt

5   in full.  Plaintiff also claims that Defendants filed suit against him in the wrong

6   judicial district.  Plaintiff has not alleged, and cannot allege, that every consumer that

7   Defendants tried to collect from had already paid their debt in full.  Plaintiff has not

8   alleged, and cannot allege, that every lawsuit that was filed by Defendants was filed

9   in the wrong judicial district.  Plaintiff has not alleged that Defendants violated

10   federal or state law with respect to every person or entity in the United States that was

11   sued by Defendants.  There is no basis for asking Defendants for the total number of

12   persons or entities sued.  Plaintiff is simply attempting to impose undue burden and

13   expense on Defendant.  Further, Defendant does not concede that Plaintiff may

14   pursue this action as a purported class action nor does Defendant concede that, even

15   if class treatment were appropriate, that a class action is proper here, or that Plaintiff

16   is a proper class representative with standing to pursue claims on behalf of a

17   purported class.  At best, the Interrogatory is premature.

18       Subject to and without waiving the foregoing and the General Objections,

19   Defendant responds as follows:  From July 31, 2006 to the present, Defendant has

20   filed suit against more than forty debtors.

21

22   **INTERROGATORY NO. 4:**

23       Please state the form of NELSON's organization and the date and place the

    organization was organized and registered and/or licensed to do business.

24   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

25       Defendant objects to this Interrogatory on the grounds that it seeks information

26   which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to

27

28

1  lead to the discovery of admissible evidence.  Subject to and without waiving the

2  forgoing objection or the General Objections, Defendant responds as follows:

3         Defendant is a California partnership.  It is licensed to do business by the

4  county of Sacramento and its attorneys are licensed to practice law in the State of

5  California.  Defendant also maintains a collection agency license in the State of

6  Washington.

7

8  **INTERROGATORY NO. 5:**

9         Please describe NELSON's procedures and policies for receiving debt related

10  information from NELSON's client.

11  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

12         Defendant objects to this Interrogatory on the grounds that it is vague and

13  ambiguous as to the terms "receiving debt related information" and "NELSON's

14  client."  This interrogatory is too vague to be answered in its current form and

15  Plaintiff has refused to clarify or narrow it.  Nelson & Kennard has a number of

16  different clients and it employs various methods with respect to handling the data

17  supplied by each of those clients.  Defendant also objects to this Interrogatory on the

18  grounds that it is overbroad, unduly burdensome and oppressive, and to the extent

19  that it seeks information which is not relevant to the subject matter of this lawsuit,

20  nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

21  does not claim that his account data was altered by Nelson & Kennard because the

22  firm employed faulty procedures for "receiving debt related information."  Rather,

23  Plaintiff alleges that he paid Dell in full for his computer before the account was ever

24  sold to Collins Financial Services.  Any "debt related information" concerning his

25  account, was according to Plaintiff's theory, already inaccurate when it was sold to

26  Collins.  The law firm's policies relating to receiving "debt related information" from

27  its client are not relevant.  Defendant further objects to this Interrogatory to the extent

28  that it seeks proprietary information, trade secret information, information subject to

1  protective orders, confidentiality agreements, or statutory provisions that bar the

2  disclosure of that information without the consent of third parties and to the extent

3  that it seeks information subject to the attorney-client privilege or the attorney work

4  product doctrine.

5       Subject to and without waiving the forgoing objection or the General

6  Objections, Defendant responds as follows:   Pursuant to Federal Rule of Civil

7  Procedure 33(d), Defendant will produce documents responsive to this Interrogatory.

8

9  **INTERROGATORY NO. 7:**

10      Please describe NELSON's procedures and policies for filing a lawsuit for

11  breach of contract on behalf of NELSON's client.

12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

13      Defendant objects to this Interrogatory on the grounds that it is vague and

14  ambiguous as to the terms "procedures and policies for filing a lawsuit" and

15  "NELSON's client."  Nelson & Kennard has a number of clients and it employs

16  various methods on behalf of those clients.  For purposes of responding to this

17  interrogatory, Defendant will assume that the client references is Collins Financial

18  Services.  Defendant also objects to this Interrogatory on the grounds that it is

19  overbroad, unduly burdensome and oppressive, and to the extent that it seeks

20  information which is not relevant to the subject matter of this lawsuit, nor reasonably

21  calculated to lead to the discovery of admissible evidence.  Defendant further objects

22  to this Interrogatory to the extent that it seeks proprietary information, trade secret

23  information, information subject to protective orders, confidentiality agreements, or

24  statutory provisions that bar the disclosure of that information without the consent of

25  third parties and to the extent that it seeks information subject to the attorney-client

26  privilege or the attorney work product doctrine.  Subject to and without waiving the

27  forgoing objection or the General Objections, Defendant responds as follows:

28

1    Once the firm makes a decision to file suit, an employee of the firm will
2  prepare a draft complaint on a California Judicial Council form based on the
3  information received from the client or otherwise available to the firm.  The draft
4  complaint is then forwarded to an attorney for review.  The reviewing attorney
5  examines the information available to the firm concerning the account and reviews
6  the complaint to ensure that the information plead in it, *i.e.*, the Plaintiff's name, the
7  name of the original creditor, the name of the debtor, the date of the breach of the
8  obligation sued upon, the date of charge-off, amount at issue and type of debt
9  (revolving line of credit or loan, for example) matches the information provided by
10  Defendant's client.  The attorney also reviews the complaint to ensure that the
11  exemplar terms and conditions attached as an exhibit, if any, are those that were
12  provided to Defendant in connection with the subject account.

13    Further, the attorney reviews the notes made on the debtor's account to confirm
14  that a letter has been sent to the debtor informing him that if the collection action is
15  filed, Collins Financial Services, Inc. might be entitled to recover its reasonable
16  attorney's fees and court costs as allowed by law in addition to the principal and
17  interest owed.  The attorney also reviews the billing and/or delivery addresses
18  reflected in the account media that was provided by Defendant's client related to the
19  subject account, as well as the results of the skiptracing work of the office staff,
20  including the notes made regarding letters sent and received and any notes made
21  regarding forwarding or returning of mail or telephone contact in order to verify the
22  debtor's county of residence.  The attorney also reviews the account media in order
23  to confirm the date of last payment received by the original creditor in order to
24  confirm that a suit is "in statute" at the time it is filed.  Finally, the attorney confirms
25  based upon the information available to the firm that the suit is being filed in the
26  correct judicial district.

27

28

**INTERROGATORY NO. 16:**

Please identify the number of demand letters NELSON sent to alleged debtors from July 2006 to the present.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. This case does not challenge the contents of any demand letter sent by Nelson & Kennard, nor does Plaintiff seek to certify a class of debtors who received letters. There is no basis for demanding that the firm disclose how many letters were sent. Defendant does not concede that Plaintiff may pursue this action as a purported class action nor does Defendant concede that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported class. At best, the Interrogatory is premature.

Subject to and without waiving the foregoing and the General Objections, Defendant responds as follows: From July 2006 to the present, Defendant sent letters to more than forty debtors in an attempt to collect a debt.

DATED: January 26, 2010

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: _____

Tomio B. Narita
Attorneys for Defendants
Collins Financial Services, Inc. and
Nelson & Kennard

## VERIFICATION

I, Robert Scott Kennard, state that am authorized to make this verification on behalf of defendant Nelson & Kennard. I have read the foregoing **DEFENDANT NELSON & KENNARD'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**, and I know the contents thereof. To the extent that I have personal knowledge of the facts contained therein, the same are true and correct. Insofar as the facts are based upon a composite of information of many individuals, I do not have personal knowledge concerning all of the information contained in the responses, but I am informed and believe that the matters stated in said responses for which I do not have personal knowledge are true and correct. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2010 at Sacramento, California.

_____
Robert Scott Kennard

TOURGEMAN V. COLLINS FINANCIAL SERVICES, INC. ET AL. (CASE NO. 08-CV-1392JLS NLS)
DEFENDANT NELSON & KENNARD'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
SPECIAL INTERROGATORIES, SET ONE

9

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)    **DEFENDANT NELSON & KENNARD'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

by causing such document to be mailed to the address indicated below:

<u>VIA U.S. MAIL</u>
Daniel P. Murphy
4691 Torrey Circle A306
San Diego, CA 92130
counsel for Plaintiff

Francis A. Bottini, Brett M. Weaver, Derek J. Wilson
Johnson Bottini, LLP
501 West Broadway, Suite 1720
San Diego, CA 92101
counsel for Plaintiff

Wayne Call and Kent R. Christensen
Call & Jensen, P.C.
610 Newport Center Dr., Suite 700
Newport Beach, CA 92660
//
//
//

1        I declare under penalty of perjury that the foregoing is true and

2    correct.  Executed at San Francisco, California on this 26th day of January, 2010.

3

4

5    _____

                         Stephanie Schmitt

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  JEFFREY A. TOPOR (SBN 195545)
   SIMMONDS & NARITA LLP
3  44 Montgomery Street, Suite 3010
   San Francisco, CA 94104-4816
4  Telephone: (415) 283-1000
   Facsimile:  (415) 352-2625
5  msimmonds@snllp.com
   tnarita@snllp.com
6  jtopor@snllp.com

7
   Attorneys for Defendants
8  Collins Financial Services, Inc. and
   Nelson & Kennard
9

10                UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13  DAVID TOURGEMAN,                    )  CASE NO.  08-CV-1392 JLS NLS
                                        )
14          Plaintiff,                  )
                                        )
15      vs.                             )  **DEFENDANT COLLINS FINANCIAL**
                                        )  **SERVICES, INC.'S SUPPLEMENTAL**
16  COLLINS FINANCIAL SERVICES,         )  **RESPONSE TO PLAINTIFF'S**
    INC., a corporation; NELSON &       )  **REQUESTS FOR PRODUCTION,**
17  KENNARD, a partnership, DELL        )  **SET ONE**
    FINANCIAL SERVICES, L.P., a         )
18  limited partnership; DFS            )
    ACCEPTANCE, a corporation, DFS      )
19  PRODUCTION, a corporation,          )
    AMERICAN INVESTMENT BANK,           )
20  N.A., a corporation; and DOES 1     )
    through 10, inclusive,              )
21                                      )
            Defendants.                 )
22  _____)

23

24  PROPOUNDING PARTY:            Plaintiff DAVID TOURGEMAN

25
    RESPONDING PARTY:             Defendant COLLINS FINANCIAL
26                                SERVICES, INC.

27  SET NO.:                      ONE

28

1    Defendant Collins Financial Services, Inc. ("Defendant") hereby objects and

2  responds to plaintiff David Tourgeman's ("Plaintiff") Requests for Production of

3  Documents, Set One as follows:

4

5                           **PRELIMINARY STATEMENT**

6    Defendant has not completed its investigation and discovery in this action.

7  The responses  are based only upon Defendant's knowledge as of the date of these

8  responses, and are given without prejudice to Defendant's right to produce

9  subsequently discovered information or documents.

10

11                            **GENERAL OBJECTIONS**

12    The General Objections asserted below shall be deemed to be applicable to

13  each of Plaintiff's Requests, and are incorporated into each and every specific

14  response to each Request set forth . Such General Objections are not waived, nor in

15  any way limited by any further objection to any specific Request.

16    A.   Defendant objects to each Request to the extent that it is overbroad and

17  subjects Defendant to unreasonable and undue annoyance, oppression, burden and

18  expense and seeks information which is not relevant to the subject matter of this

19  lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

20    B.   Defendant objects to each Request to the extent that it seeks materials

21  which are not in the possession, custody or control of Defendant and/or which are

22  equally or more readily available to Plaintiff.

23    C.   To the extent that any Request, Definition or Instruction may be construed

24  as requiring Defendant to characterize documents or their contents or to speculate as

25  to what documents may or may not show, Defendant objects to such Request as

26  vague, ambiguous and calling for legal conclusions and speculation.

27    D.   Defendant objects to each Request to the extent it seeks information which

28  constitutes, reflects, or contains communications between counsel and Defendant on

1  the grounds that such communications are protected from discovery by virtue of the

2  attorney-client privilege, the joint defense privilege, or any other recognized privilege

3  or immunity.  Defendant further objects to each Request to the extent it calls for

4  information that may reflect or contain attorney work product, on the grounds that

5  such information is protected from discovery by virtue of the attorney work product

6  doctrine.

7       E.    Defendant objects to each and every Request to the extent that it seeks

8  proprietary information, trade secrets, or information subject to protective orders,

9  confidentiality agreements, or statutory provisions that bar the disclosure of that

10 information without the consent of third parties.

11      F.    In responding to Plaintiff's Requests, to the extent not otherwise objected

12 to, Defendant has used reasonable diligence to locate responsive documents and

13 things.  To the extent Plaintiff seeks to require Defendant to do more than that,

14 Defendant objects to each Request, on the grounds it is overly broad, oppressive and

15 unduly burdensome.

16      G.    Defendant objects to each and every Request to the extent such Requests

17 seek to impose obligations beyond those permitted under the Rules of Civil

18 Procedure.

19      H.    Defendant objects to each and every Request to the extent such Requests

20 call for production of pleadings or other materials already produced in this case.

21      I.    Defendant objects to Plaintiff's definitions of the defined terms

22 "COLLINS," "YOU" and "YOUR" as overbroad, vague and ambiguous, and to the

23 extent that by using such terms as defined by Plaintiff, Plaintiff seeks documents not

24 in the possession, custody or control of Defendant.

25 //

26 //

27 //

28 //

## SUPPLEMENTAL RESPONSES TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 3:**

Please produce ALL DOCUMENTS CONCERNING the duties and responsibilities of COLLINS employees who receive, maintain, and send data regarding alleged debts.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as phrased. Defendant also objects to this Request on the grounds that, as Defendant understands it, the Request is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff does not claim that his account data was altered by Collins because the firm used inadequate procedures for "receiving" information relating to his debt. Rather, Plaintiff alleges that he paid Dell in full for his computer before the account was ever sold to Collins. Any information concerning his account was, according to Plaintiff's theory, already inaccurate when it was sold to Collins. The company's procedures for receiving data from its sellers would not be relevant.

Subject to the forgoing objections, Defendant responds as follows: Collins does not "receive, maintain or send data" relating to alleged debts so it has no responsive documents.

**DOCUMENT REQUEST NO. 4:**

Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for investigating alleged debts.

TOURGEMAN V. COLLINS FINANCIAL SERVICES, INC. ET AL. (CASE NO. 08-CV-1392JLS NLS)
DEFENDANT COLLINS FINANCIAL SERVICES, INC.'SSUPPLEMENTAL RESPONSE TO
PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

3

1   **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 4:**

2       Defendant objects to this Request on the grounds that it is vague and

3   ambiguous as to the phrase "investigating alleged debts." Defendant also objects to

4   this Request on the grounds that, based on Defendant's understanding of its meaning,

5   the Request is overbroad, unduly burdensome and oppressive, and to the extent that it

6   seeks information which is not relevant to the subject matter of this lawsuit, nor

7   reasonably calculated to lead to the discovery of admissible evidence. Defendant

8   further objects to the extent that it seeks proprietary information, trade secret

9   information, information subject to protective orders, confidentiality agreements, or

10   statutory provisions that bar the disclosure of that information without the consent of

11   third parties and to the extent that it seeks information subject to the attorney-client

12   privilege or the attorney work product doctrine.

13       Subject to and without waiving the forgoing objections or the General

14   Objections, Defendant responds as follows: Assuming that Plaintiff seeks

15   information related to the due diligence process employed by Collins with respect to

16   its purchase of debt portfolios, no such documents exist.

17

18   **DOCUMENT REQUEST NO. 14:**

19       Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of

20   Plaintiff David Tourgeman's alleged debt.

21   **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 14:**

22       Defendant objects to this Request on the grounds that it is vague and

23   ambiguous as to the term "investigation."

24       Subject to and without waiving the forgoing objection or the General

25   Objections, Defendant responds as follows: Assuming that Plaintiff seeks

26   information related to the due diligence process with respect to its purchase of the

27   Dell portfolio at issue, no such documents exist.

28

**DOCUMENT REQUEST NO. 21:**

Please produce ALL DOCUMENTS that RELATE TO an investigation of COLLINS by an AGENCY for violations of California Unfair Competition Laws, the Federal [sic] Debt Collection Practices Act and the Rosenthal Act.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "an investigation." Defendant also objects to this Request on the grounds that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing objection or the General Objections, Defendant responds as follows: Defendant has never been investigated by any agency for any alleged violation of the California Unfair Competition Law, the FDCPA or the Rosenthal Act. No responsive documents exist.

**DOCUMENT REQUEST NO. 27:**

Please produce ALL DOCUMENTS that RELATE TO the contractual relationship between YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial Services, Inc.'s behalf.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secret information, information

1  subject to protective orders, confidentiality agreements, or statutory provisions that

2  bar the disclosure of that information without the consent of third parties.

3      Subject to and without waiving the forgoing objections or the General

4  Objections, Defendant has produced a copy of the purchase and sale agreement

5  relating to Plaintiff's account.

6

7  DATED: January 26, 2010         SIMMONDS & NARITA LLP
                              MICHAEL R. SIMMONDS

8                                TOMIO B. NARITA
                              JEFFREY A. TOPOR

9

10

11                           By: _____

12                              Tomio B. Narita
                            Attorneys for Defendants

13                              Collins Financial Services, Inc. and
                            Nelson & Kennard

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

2

I, the undersigned, declare:

3

4       I am employed in the City and County of San Francisco, California. I

5   am over the age of eighteen years and not a party to this action. My business

    address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-

6   4816.

7

8       I am readily familiar with the business practices of my employer,

    Simmonds & Narita LLP, for the processing of correspondence by mailing with

9   the United States Postal Service and that said correspondence is deposited with the

10  United States Postal Service that same day in the ordinary course of business.

11      On this date, I served a copy of the following document:

12      1)     **DEFENDANT COLLINS FINANCIAL SERVICES, INC.'S**

13             **SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUESTS**

14             **FOR PRODUCTION, SET ONE**

15  by causing such document to be mailed to the address indicated below:

16  <u>VIA U.S. MAIL</u>

17  Daniel P. Murphy

    4691 Torrey Circle A306

18  San Diego, CA 92130

19  counsel for Plaintiff

20
    Francis A. Bottini, Brett M. Weaver, Derek J. Wilson

21  Johnson Bottini, LLP

22  501 West Broadway, Suite 1720

    San Diego, CA 92101

23  counsel for Plaintiff

24
    Wayne Call and Kent R. Christensen

25  Call & Jensen, P.C.

26  610 Newport Center Dr., Suite 700

    Newport Beach, CA 92660

27  //

    //

28  //

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 26th day of January, 2010.

_____

Stephanie Schmitt

1   MICHAEL R. SIMMONDS (SBN 96238)
    TOMIO B. NARITA (SBN 156576)
2   JEFFREY A. TOPOR (SBN 195545)
    SIMMONDS & NARITA LLP
3   44 Montgomery Street, Suite 3010
    San Francisco, CA 94104-4816
4   Telephone: (415) 283-1000
    Facsimile:  (415) 352-2625
5   msimmonds@snllp.com
    tnarita@snllp.com
6   jtopor@snllp.com

7

8   Attorneys for Defendants
    Collins Financial Services, Inc. and
9   Nelson & Kennard

10

11               UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13   DAVID TOURGEMAN,         )   CASE NO.  08-CV-1392 JLS NLS
                         )
14         Plaintiff,           )
                         )
15       vs.               )   **DEFENDANT COLLINS FINANCIAL**
                         )   **SERVICES, INC.'S SUPPLEMENTAL**
16   COLLINS FINANCIAL SERVICES,   )   **RESPONSE TO PLAINTIFF'S**
    INC., a corporation; NELSON &     )   **SPECIAL INTERROGATORIES, SET**
17   KENNARD, a partnership, DELL     )   **ONE**
    FINANCIAL SERVICES, L.P., a     )
18   limited partnership; DFS         )
    ACCEPTANCE, a corporation, DFS   )
19   PRODUCTION, a corporation,     )
    AMERICAN INVESTMENT BANK,   )
20   N.A., a corporation; and DOES 1    )
    through 10, inclusive,        )
21                          )
        Defendants.         )
22   ——————————————————— )

23

24   PROPOUNDING PARTY:          Plaintiff DAVID TOURGEMAN

25

26   RESPONDING PARTY:            Defendant COLLINS FINANCIAL
                              SERVICES, INC.
27
    SET NO.:                        ONE

28

1    Defendant Collins Financial Services, Inc. ("Defendant") hereby objects and
2 responds to plaintiff David Tourgeman's ("Plaintiff") Special Interrogatories, Set One
3 as follows:

4

5                          **PRELIMINARY STATEMENT**

6    Defendant has not completed its investigation and discovery in this action.
7 The responses herein are based only upon Defendant's knowledge as of the date of
8 these responses, and are given without prejudice to Defendant's right to produce
9 subsequently discovered information or documents.

10

11                          **GENERAL OBJECTIONS**

12    The following general objections are expressly incorporated into each of the
13 specific responses set forth below:

14    A.    Defendant objects to producing any information or documents which
15 constitute, reflect, or contain communications with counsel on the grounds that such
16 communications are protected from discovery by virtue of the attorney-client
17 privilege and/or the joint defense privilege.  Defendant further objects to each
18 interrogatory to the extent that it calls for information or documents which reflect or
19 contain attorney work product on the grounds that such information or documents are
20 protected from discovery by virtue of the attorney work product doctrine.

21    B.    Defendant objects to each interrogatory to the extent that it is overbroad
22 and subjects Defendant to unreasonable and undue annoyance, oppression, burden,
23 and expense, and seeks information which is not relevant to the subject matter of this
24 lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

25    C.    Defendant objects to each interrogatory to the extent that it seeks materials
26 or information which are not in the possession, custody or control of Defendant,
27 and/or which are equally or more readily available to Plaintiff.

28

1    D.   Defendant objects to each interrogatory to the extent that it is
2  unreasonably cumulative and duplicative of other discovery in this action.

3    E.   Defendant objects to each and every interrogatory to the extent that it
4  seeks proprietary information, trade secrets, or information subject to protective
5  orders, confidentiality agreements, rights of privacy or statutory provisions that bar
6  the disclosure of that information without the consent of third parties.

7    F.   Defendant objects to Plaintiff's "Instructions" and each and every
8  interrogatory to the extent that they seek to impose burdens upon Defendant in excess
9  of what is required under the Federal Rules of Civil Procedure.

10    G.   Defendant objects to Plaintiff's definitions of the defined terms
11 "COLLINS," "YOU" and "YOUR" as overbroad, vague and ambiguous.  Unless
12 otherwise indicated, all responses are made solely on behalf of Collins Financial
13 Services, Inc.

14
15        **SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
16
17 **INTERROGATORY NO. 3:**

18    Please state the form of COLLINS' organization, including all subsidiaries and
19 affiliates, and the date and place the organization was organized and registered and/or
20 licensed to do business.

21 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

22    Subject to and without waiving the General Objections, Defendant responds as
23 follows:  Defendant is a Texas corporation incorporated in 1996.  Pursuant to Federal
24 Rule of Civil Procedure 33(d), Defendant will produce its 2009 Compliance Report
25 which indicates its various business licenses.

26
27 **INTERROGATORY NO. 7:**

28    Please describe COLLINS' procedures and policies for determining the amount

1  COLLINS demands from alleged debtors, including but not limited to, the method of

2  calculating the principal owed, interest assessed and penalties applied,

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

4      Subject to the General Objections, Defendant responds as follows:  Assuming

5  that Plaintiff seeks information related to the origin of the amount of the demand

6  made in the collection complaint filed against Plaintiff on behalf of Collins, the

7  amount of the debt was obtained from the data transferred to Defendant by the

8  original creditor.  Defendant did not "calculate" the principal amount due, nor did it

9  assess interest or penalties.  Defendant relied upon Nelson & Kennard to seek the

10  appropriate amount of statutory interest on the Plaintiff's account from the date of

11  charged off, April 19, 2004.

12

13  **INTERROGATORY NO. 11:**

14      Did COLLINS make any substantive change in company policy from July 31,

15  2006 to the present?  If so, please identify and describe any substantive changes

16  COLLINS made – from July 31, 2006 to the present – to any COLLINS policy or

17  procedure in an effort to comply with the provision of the Federal [sic] Debt

18  Collection Practices Act. ·

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

20      No.

21

22  **INTERROGATORY NO. 13:**

23      Please identify COLLINS' policies and procedures for when a 1692g notice is

24  returned to COLLINS undelivered.

25  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

26      Collins does not send section 1692g notices, so it does not have policies and

27  procedures responsive to this interrogatory.  Subject to and without waiving the

28  forgoing objections or the General Objections, pursuant to Federal Rule of Civil

1  Procedure 33(d), Defendant has already produced documents related to Paragon Way,

2  Inc.'s policies and procedures for when a 1692g notice is returned to Paragon Way,

3  Inc.

4

5  **INTERROGATORY NO. 15:**

6      Please identify all trade associations relating to debt collection to which

7  COLLINS belongs.

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

9      Defendant objects to this Interrogatory on the grounds that it is overbroad,

10 unduly burdensome and oppressive, and to the extent that it seeks information which

11 is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

12 to the discovery of admissible evidence.  Subject to and without waiving the forgoing

13 objections or the General Objections, Defendant responds as follows:

14      Defendant is a member of the Debt Buyers Association, ACA International and

15 the National Association of Retail Collection Attorneys.

16

17 **INTERROGATORY NO. 17:**

18      Please describe the position at COLLINS that prepares the affidavit authorizing

19 legal action against an alleged debtor, including but not limited to the position's

20 duties, responsibilities, job requirements, and the number of people who perform this

21 task for COLLINS.

22 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

23      No person employed by Defendant prepares any "affidavit authorizing legal

24 action against an alleged debtor."  There are no such affidavits and no such position.

25

26 **INTERROGATORY NO. 20:**

27      If COLLINS' response to Plaintiff David Tourgeman's Requests for Admission

28 (Set One) Request 11 served concurrently with Plaintiff David Tourgeman's Special

1  Interrogatories is anything other than an unqualified admission, please explain the

2  basis for COLLINS' denial.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

4      Subject to the General Objections, Collins responds as follows:  Defendant

5  denied Request for Admission No. 11 ("Please admit that Collins Financial Services,

6  Inc. does not verify current contact information prior to initiating collections or suing

7  a debtor") on the grounds that Collins does not initiate collections or sue debtors.

8  Rather, collection agencies or law firms are engaged in order to collect and/or sue.

9  Despite this, pursuant to Federal Rule of Civil Procedure 33(d), Defendant has agreed

10  to produce documents related to Paragon Way, Inc.'s process for verifying current

11  contact information prior to initiating collections or suing a debtor.  Collins

12  understands that the law firms retained by Paragon Way, Inc. are responsible for

13  seeking to verify a debtor's contact information prior to filing suit.

14

15  DATED: January 26, 2010
        SIMMONDS & NARITA LLP
        MICHAEL R. SIMMONDS

16          TOMIO B. NARITA
        JEFFREY A. TOPOR

17

18

19          By: _____

20             Tomio B. Narita
           Attorneys for Defendants

21             Collins Financial Services, Inc. and
           Nelson & Kennard

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, Patricia Baxter, state that am authorized to make this verification on behalf of defendant Collins Financial Services, Inc.  I have read the foregoing **DEFENDANT COLLINS FINANCIAL SERVICES, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**, and I know the contents thereof.  To the extent that I have personal knowledge of the facts contained therein, the same are true and correct.  Insofar as the facts are based upon a composite of information of many individuals, I do not have personal knowledge concerning all of the information contained in the responses, but I am informed and believe that the matters stated in said responses for which I do not have personal knowledge are true and correct.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 25, 2010 at Austin, Texas.

_Patricia Baxter_
Patricia Baxter

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)   **DEFENDANT COLLINS FINANCIAL SERVICES, INC.'S SUPPLEMENTAL  RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

by causing such document to be mailed to the address indicated below:

<u>VIA U.S. MAIL</u>
Daniel P. Murphy
4691 Torrey Circle A306
San Diego, CA 92130
counsel for Plaintiff

Francis A. Bottini, Brett M. Weaver, Derek J. Wilson
Johnson Bottini, LLP
501 West Broadway, Suite 1720
San Diego, CA 92101
counsel for Plaintiff

Wayne Call and Kent R. Christensen
Call & Jensen, P.C.
610 Newport Center Dr., Suite 700
Newport Beach, CA 92660
//
//
//

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 26th day of January, 2010.

Stephanie Schmitt