1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  JEFFREY A. TOPOR (SBN 195545)
   SIMMONDS & NARITA LLP
3  44 Montgomery Street, Suite 3010
   San Francisco, CA 94104-4816
4  Telephone: (415) 283-1000
   Facsimile:  (415) 352-2625
5  msimmonds@snllp.com
   tnarita@snllp.com
6  jtopor@snllp.com

7
   Attorneys for Defendants
8  Collins Financial Services, Inc. and
   Nelson & Kennard
9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

13 DAVID TOURGEMAN,                    )  CASE NO.  08-CV-1392 JLS NLS
                                       )
14          Plaintiff,                 )
                                       )
15      vs.                            )  **DEFENDANTS' MEMORANDUM OF**
                                       )  **POINTS AND AUTHORITIES IN**
16                                     )  **OPPOSITION TO MOTION TO**
   COLLINS FINANCIAL SERVICES,         )  **COMPEL FURTHER RESPONSE BY**
17 INC., a corporation; NELSON &       )  **COLLINS FINANCIAL SERVICES,**
   KENNARD, a partnership, DELL        )  **INC. AND NELSON & KENNARD TO**
18 FINANCIAL SERVICES, L.P., a         )  **REQUESTS FOR PRODUCTION**
   limited partnership; DFS            )  **AND INTERROGATORIES, AND IN**
19 ACCEPTANCE, a corporation, DFS      )  **SUPPORT OF DEFENDANTS'**
   PRODUCTION, a corporation,          )  **CROSS-MOTION FOR**
20 AMERICAN INVESTMENT BANK,           )  **PROTECTIVE ORDER**
   N.A., a corporation; and DOES 1     )
21 through 10, inclusive,              )  Date:     April 5, 2010
                                       )  Time:  9:30 a.m.
22          Defendants.                )  Crtrm: 1101
                                       )
23 ─────────────────────────           )  The Honorable Nita L. Stormes

24

25

26

27

28

1

# TABLE OF CONTENTS

2

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3

II.   ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4

    A.   The Motion Should Denied In Full, Or At A Minimum, Should
5
        Be Denied As To The Eighteen Discovery Requests That
        Counsel For Tourgeman Never Mentioned During Any Meet
6
        And Confer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7

    B.   Only "Relevant" Evidence Is Properly Discoverable, And The
        Court May Issue A Protective Order That Limits The Scope Of
8
        Discovery Or That Controls The Timing Of Discovery . . . . . . . . . . . . 4

9

    C.   The Court Has Already Ruled, And Tourgeman Has Previously
        Testified, That The Only "Communication" At Issue Is The State
10
        Court Collection Complaint Filed Against Tourgeman . . . . . . . . . . . . 5

11

    D.   Tourgeman Seeks An Order Compelling Documents And
        Information That Have No Relevance To Any Claim In This
12
        Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13

        1.   Discovery Regarding All Debtors Contacted Or Sued By
            Defendants Is Improper Because It Is Not Unlawful To
14
            Contact A Debtor Or To Sue A Debtor . . . . . . . . . . . . . . . . . . . 6

15

        2.   Discovery Regarding Defendants' Procedures For
            Investigating Debts Is Improper Because The Law Does
16
            Not Require A Collector To Investigate A Debt Before It
            Seeks To Collect It  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
17

18

        3.   Discovery Regarding Defendants' Collection Letters Is
            Improper Because The Section 1692g Claim Has Been
            Dismissed And Tourgeman Does Not Allege He Received
19
            Any Letter From Defendants That Violated The FDCPA  . . . . 10

20

        4.   Discovery Regarding Procedures For Settling Debts Or
            Dismissing Lawsuits Is Improper Because It Is Not Unlawful
21
            To Seek Settlements Or To Dismiss Lawsuits . . . . . . . . . . . . . 10

22

    E.   The Court Should Issue A Protective Order Limiting Tourgeman
        To The Discovery He Allegedly Needed To Oppose The Pending
23
        Summary Judgment Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

24

III.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

*Campuzano-Burgos v. Midland Credit Management, Inc.*,
550 F.3d 294 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

4

*Donohue v. Quick Collect, Inc.*,
592 F.3d 1027 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

5

*Epstein v. MCA, Inc.*,
54 F.3d 1422 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6

7

*Evory v. RJM Acquisitions Funding, LLC*,
505 F.3d 769 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

8

*Food Lion, Inc. v. United Food And Commercial Workers Int.'l Union*,
103 F.3d 1007 (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9

10

*Guerrero v. RJM Acquisitions LLC*,
499 F.3d 926 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11

*Hahn v. Triumph Partnerships LLC*,
557 F.3d 755 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12

13

*Harvey v. Great Seneca Financial Corp.*,
453 F.3d 324 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

14

*Heintz v. Jenkins*,
514 U.S. 291 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15

16

*Hyman v. Tate*,
362 F.3d 965 (7th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17

*Lewis v. ACB Bus. Servs., Inc.*,
135 F. 3d 389 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18

19

*Mack v. Great Atlantic and Pacific Tea Co., Inc.*,
871 F.2d 179 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

20

*Miller v. Javitch, Block & Rathbone*,
561 F.3d 588 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

21

22

*Presidio Components, Inc. v. American Technical Ceramics Corp.*,
2009 WL 1423577 (S.D. Cal. May 20, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

23

*Pressley v. Capital Credit and Collection*,
760 F.2d 922 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24

25

*Smith v. Transworld Sys., Inc.*,
953 F.2d 1025 (6th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

26

*Wahl v. Midland Credit Mgmt., Inc.*,
556 F.3d 643 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

27

28

# FEDERAL STATUTES

Fair Debt Collection Practices Act,
15 U.S.C. § 1692 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
15 U.S.C. § 1692 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
15 U.S.C. §§ 1692b-1692j . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 10
15 U.S.C. § 1692g(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# STATE STATUTES

California Code of Civil Procedure,
§ 581(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# OTHER AUTHORITIES

Federal Rules of Civil Procedure,
Rule 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Rule 26(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Rule 26(b)(2)(C)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Rule 26 (c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Rule 26(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Rule 37(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Rule 37(a)(5)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Rule 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 11, 12

Southern District of California Local Rules,
Rule 26.1a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

# I.    **INTRODUCTION**

The motion to compel by Plaintiff David Tourgeman ("Tourgeman") seeks sweeping discovery on the theory that this is a big case that puts "all" of Defendants' collection practices at issue.  Not so.  The scope of this case is actually very narrow.  The Court has already ruled that there is only <u>one</u> "communication" at issue here:  the state court collection complaint filed against Tourgeman by defendant Nelson & Kennard on behalf of its client, defendant Collins Financial Services ("Collins").  Tourgeman claims that complaint violated the Fair Debt Collection Practices Act ("FDCPA") and state law because it sought to recover a debt he allegedly paid "in full" to Dell, and because the complaint was filed in the wrong judicial district.  The complaint is the <u>only</u> communication Tourgeman says he received from Defendants.

Tourgeman's case is not only narrow in scope, but it is also hanging by the narrowest of threads.  Defendants filed a summary judgment motion five months ago explaining why his claims fail as a matter of law.  The Court granted Tourgeman's Rule 56(f) motion, allowing discovery on a few issues he claimed were necessary for his response.  Defendants produced the documents and made their witnesses available for depositions.  Instead of taking the depositions and filing his opposition, however, Tourgeman chose to delay.  He cancelled the depositions, waited a few months, and then filed this motion, seeking discovery that nothing to do with the summary judgment motion, and nothing to do with the case.

Tourgeman clearly favors a blunt instrument over a scalpel.  For example, he has moved to compel on eighteen (18) separate discovery requests that he never bothered to mention to Defendants in any meet and confer.  Even after Defendants brought this violation of the Local Rules and Federal Rules to his attention, Tourgeman pressed forward, refusing to withdraw the motion or to withdraw it as to the eighteen requests.

Tourgeman has also moved to compel on numerous requests where Defendants have already produced the documents and information to him, or where they have said in their responses that no such documents exist.  He is firing indiscriminately.

The motion suffers from Tourgeman's fundamental misunderstanding of the substantive law governing the FDCPA, and his confusion about what evidence might be considered even remotely relevant to his claims.  The FDCPA does not prohibit collectors from having any "contact" with debtors.  Nor does it prohibit collectors from "suing" debtors.  Tourgeman cannot simply announce that he is pursuing a class action on behalf of every consumer that was "contacted or sued" by Defendants and hope this will justify the breadth of his discovery.  He must tie his discovery to some alleged conduct by Defendants that is actually proscribed by the Act.  He has not even tried to make this connection.  His requests for the number of persons Defendants contacted or sued, and for copies of every collection letter sent and every collection complaint filed by Defendants, will not identify a class.

Similarly, the requests for information about Defendants' procedures for "investigating" debts are improper, because the FDCPA does not impose a duty of investigation.  Discovery on procedures for settling debts or dismissing lawsuits is unfounded, because the FDCPA does not prohibit settlements or dismissals.  His requests for copies of Defendants' section 1692g letters makes no sense, because that claim was already dismissed by the Court.  Tourgeman says he received no letters and is not pursuing a claim based on any letter.

This motion should be denied.  It was filed without any attempt to meet and confer as to eighteen of the requests.  It seeks documents and information that has already been provided or that does not exist.  It seeks information about claims that have been dismissed or that have never been asserted.  It seeks information based on the unsupportable assumption that Defendants violated the FDCPA every time they made contact with a debtor or filed a collection lawsuit.

Tourgeman's case is floundering, and this motion is nothing more than a very expensive and time-consuming delay tactic.  The Court should find, pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, that Defendants are entitled to recover their attorneys' fees and reasonable expenses in responding to the motion.

At a bare minimum, the Court should issue a protective order for Defendants, permitting Tourgeman to obtain only that discovery he previously identified in his Rule 56(f) motion that has not been produced (if there is any).  The Court can then reset the hearing on Defendants' summary judgment motion, which should clear this case from the docket.[1]

## II.  ARGUMENT

### A.  The Motion Should Denied In Full, Or At A Minimum, Should Be Denied As To The Eighteen Discovery Requests That Counsel For Tourgeman Never Mentioned During Any Meet And Confer

No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1a ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred on **all disputed issues**.").

Despite these clear requirements, eighteen of the discovery requests that are the subject of this motion were never discussed in any letter or any phone call by counsel for Tourgeman.  *See* Declaration of Tomio B. Narita In Support Of Opposition To Motion To Compel And Motion For Protective Order And Award Of Sanctions

---

[1] Concurrently with this opposition memorandum, Defendants have filed Separate Statements which list each of the discovery requests at issue and which explain in detail why no further response is warranted.

1  ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  This was no oversight.  In fact, Defendants

2  specifically informed counsel for Tourgeman that the motion was improper because

3  no meet and confer had been conducted, but Tourgeman's counsel refused to take the

4  motion off calendar, and counsel also refused to withdraw the motion as to the

5  eighteen requests.  *Id*.

6  Since no meet and confer was conducted as to "all disputed issues" as required

7  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

8  minimum, the Court should deny the motion as to the eighteen discovery requests that

9  were never discussed by counsel.  *See Presidio Components, Inc. v. American*

10  *Technical Ceramics Corp*., 2009 WL 1423577, *3-4 (S.D. Cal. May 20, 2009)

11  (denying motion to compel where no proper meet and confer conducted in advance of

12  motion).  Counsel for Tourgeman should also be sanctioned and ordered to pay

13  Defendants' attorneys' fees given their deliberate refusal to comply with the

14  requirements of the Federal Rules and the Local Rules.

**B.  Only "Relevant" Evidence Is Properly Discoverable, And The Court May Issue A Protective Order That Limits The Scope Of Discovery Or That Controls The Timing Of Discovery**

17  While the scope of permissible discovery is certainly broad, the Ninth Circuit

18  has recognized is not without limits.  *See Epstein v. MCA, Inc*., 54 F.3d 1422, 1423

19  (9th Cir. 1995) (district court abused discretion in granting motion to compel where

20  information requested was irrelevant as it "would have no bearing on either the merits

21  of the case or the motion for class certification").  Under Rule 26, parties may only

22  obtain discovery if the information requested is "relevant" to a claim or defense in the

23  case.  *See* Fed. R. Civ. P. 26(b).  In other words, discovery is improper where, as here,

24  the information requested has no bearing on the allegedly unlawful conduct at issue.

25  *See Epstein*, 54 F. 3d at 1423-24; *see also Food Lion, Inc. v. United Food And*

26  *Commercial Workers Int.'l Union*, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997)

27  (vacating order compelling production of documents; liberal discovery rules are "not

28  so liberal as to allow a party to roam in shadow zones of relevancy and to explore

matter which does not presently appear germane on the theory that it might conceivably become so.") (citations, quotation marks omitted); *Mack v. Great Atlantic and Pacific Tea Co., Inc.*, 871 F.2d 179, 187 (1st Cir. 1989) (trial court's limits on scope of discovery were not error where plaintiff's overbroad requests were burdensome immaterial to case; parties "ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up.").

Even if the discovery requested by Plaintiff is permissible, the Court has the power to limit the scope of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court also has the power to specify that discovery be had only as to certain matters, and it may control the timing and sequence of proper discovery. *Id.* Rule 26 (c)(1), Rule 26(d).

## C. The Court Has Already Ruled, And Tourgeman Has Previously Testified, That The Only "Communication" At Issue Is The State Court Collection Complaint Filed Against Tourgeman

In his quest to delay a ruling on the summary judgment motion, Tourgeman ignores the fact that the scope of his claims is actually very narrow. The Court has already ruled that there was only **one** "communication" between Defendants and Tourgeman relating to the debt: namely, the state court summons and collection complaint. *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss And Motion To Strike (Docket 58), at 4 (holding that "Defendants' state court claim is a an FDCPA 'communication'"); at 5 (noting that "the conduct at issue – the filing of a state collection action allegedly in violation of the FDCPA – occurred in the United States."). In fact, when it dismissed Tourgeman's claim under section 1692g of the FDCPA, the Court ruled he "**fails to allege any actual**

1  **communications other than the state court summons and complaint**." *Id.* at 6

2  (emphasis added).

3      Tourgeman subsequently submitted sworn testimony confirming that the state

4  court summons and complaint was the <u>only</u> "communication" he received from

5  Defendants.  *See* Declaration of David Tourgeman In Opposition To Defendant's

6  Motion For Summary Judgment (Docket 83-5), ¶ 11.[2]

7      Tourgeman's remaining claims are that 1) the complaint sought to collect a

8  debt that was paid "in full"; and 2) the complaint was filed in the wrong judicial

9  district.  There is no basis for seeking discovery that is not relevant to these claims.

10  **D.    Tourgeman Seeks An Order Compelling Documents And Information That Have No Relevance To Any Claim In This Action**

11  **1.    Discovery Regarding All Debtors Contacted Or Sued By Defendants Is Improper Because It Is Not Unlawful To Contact A Debtor Or To Sue A Debtor**

12

13      Tourgeman says his requests are proper because he seeks to represent a

14  purported FDCPA class of all persons in the country who were "contacted or sued"

15  by Collins or Nelson & Kennard.  It follows, according to Tourgeman, that "all" of

16  Defendants' collection practices are at issue, and all of his discovery is proper.

17  Tourgeman is wrong.  The FDCPA does not prohibit collectors from contacting

18  consumers, nor does it bar collectors from filing suits.  Rather, the Act prohibits

19  collectors from engaging in a very specific set of unlawful collection practices.  *See*

20  15 U.S.C. §§ 1692b-1692j.  Tourgeman has not shown that Defendants have refused

21  him any discovery that is tethered to any allegedly unlawful activity at issue in this

22  case.  His motion must fail.

23      Congress did not pass the FDCPA to prevent collectors from having any

24  contact with debtors, nor to prohibit collectors from filing suit.  Rather, as the Ninth

25

26  _____

27      [2] Although the Second Amended Complaint includes sweeping background allegations drafted by Tourgeman's counsel which vilify the way he imagines the

28  Defendants and other debt collectors operate, Tourgeman never identified any other "communication" made by Defendants, other than the collection complaint.

1  Circuit has repeatedly recognized, the Act was passed to protect consumers from
2  serious threats, harassment, abuse and other deceptive practices utilized by
3  unscrupulous collectors. *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*
4  *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (FDCPA passed "to protect consumers
5  from a host of unfair, harassing, and deceptive debt collection practices without
6  imposing unnecessary restrictions on ethical debt collectors") (citation omitted).
7  Nothing in the legislative history of the Act suggests it was meant to operate as a
8  wholesale ban on any type of contact with a debtor, or a prohibition on the ability to
9  file a complaint to collect an unpaid debt. To the contrary, the Ninth Circuit recently
10  observed that the focus of the Act is prevention of deceptive and intimidating conduct
11  by collectors that would seriously "disrupt a debtor's life":

12  > The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors
13  > from abuse, harassment and deceptive collection practices. . . . Congress was
       concerned with disruptive, threatening, and dishonest tactics. The Senate
       Report accompanying the Act cites practices such as 'threats of violence,
14  > telephone calls at unreasonable hours [and] misrepresentation of consumer's
       legal rights.' (Citation.) **In other words, Congress seems to have**
15  > **contemplated the type of actions that would intimidate unsophisticated**
       **individuals and which, in the words of the Seventh Circuit, 'would likely**
16  > **disrupt a debtor's life.'** (Citation.)

17  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis
18  added).

19        Tourgeman cannot seek discovery regarding every debtor "contacted or sued"
20  by Defendants unless he identifies how the "contacts" or how the "suits" allegedly
21  violated the FDCPA. He cannot ask the Court to simply assume the Act was violated
22  every time Defendants made contact with a debtor. This would ignore the Ninth
23  Circuit's decision in *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010),
24  which held that an allegedly false and misleading statement by a collector does not
25  violate the FDCPA unless it is "material." *Id.* At 1033-34. A "material"
26  misstatement is one that is "genuinely misleading" and that "may frustrate the
27  consumer's ability to intelligently choose his or her response" to the collector's
28  communication. *Id*. at 1034. The Court noted that:

In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

*Id*. at 1034 (emphasis added).[3]

Tourgeman's remaining claims against Defendants are very specific.  He alleges Defendants sued him for a debt that was paid "in full" and filed suit in the wrong judicial district.  He is entitled to discovery related to those claims.  He has not alleged or identified any material misstatement made by Defendants with respect to <u>every</u> debtor that they contacted or sued.  His request for documents and information about the total number of debtors Defendants ever contacted or sued is not relevant to his claims, nor will it identify the number of class members.

**2.  Discovery Regarding Defendants' Procedures For Investigating Debts Is Improper Because The Law Does Not Require A Collector To Investigate A Debt Before It Seeks To Collect It**

Many of Tourgeman's requests seek information about the policies or procedures used by Defendants to "investigate" debts before they try to collect them.  This discovery is not proper, however, because the FDCPA does not impose a duty on collectors to independently investigate and verify debts before they initiate the collection process.

But Defendants have no business interest in devoting time and energy seeking to collect money from people who do not owe it.  For this reason, they do have procedures in place to prevent any attempt to collect debts that have already been paid.  Defendants have provided this information to Tourgeman already, and they have offered witnesses for depositions.  To the extent he now seeks to compel

---

[3] *Donohue* reflects an emerging consensus of circuit courts that rejects highly-technical alleged violations of the FDCPA.  *See also Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009); *Wahl v. Midland Credit Mgmt., Inc*., 556 F.3d 643, 646 (7th Cir. 2009); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009).

1  documents or responses beyond what has been produced and offered, his motion

2  should be denied.

3       Contrary to the theory implicit in Tourgeman's discovery requests, the FDCPA

4  does not require a debt collector to independently verify the validity of a debt before

5  attempting to collect it.  Instead, the FDCPA allows a collector to assume the debt is

6  valid, unless the debtor submits a timely dispute to the collector.  *See* 15 U.S.C. §

7  1692g(a)(3) (collector must notify consumer that debt will be assumed valid unless

8  consumer disputes validity of debt within 30 days of receipt of notice); *Smith v.*

9  *Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) (FDCPA does not require

10 collector to independently investigate debt referred for collection); *Hyman v. Tate*,

11 362 F.3d 965, 968 (7th Cir. 2004) (FDCPA does not require collector to

12 independently verify validity of debt to qualify for "bona fide error" defense).

13      The undisputed record shows that non-party Paragon Way, Inc. and Nelson &

14 Kennard both sent notices to Tourgeman as required by the FDCPA, advising him of

15 his right to dispute the debt.  But Tourgeman never responded.[4]  This is all the

16 FDCPA requires.

17      If Tourgeman is arguing that discovery about procedures for "investigating"

18 debts is relevant to show that Defendants did not have possession of sufficient

19 evidence to prove their case before the collection suit was filed, his requests are

20 improper as this Court has already rejected this theory of recovery.[5]

21

22      [4] *See* Declaration of Howard Knauer In Support Of Motion For Summary

23 Judgment (Docket 75), ¶ 5, Ex. B; Declaration of Jonathan E. Ayers In Support Of

24 Motion For Summary Judgment (Docket 73), ¶ 4, Ex. B.

25      [5] *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss

26 And Motion To Strike (Docket 58), at 7 ("[T]he filing of a lawsuit, even if a plaintiff
   does not have the means of proving the case at filing or does not ultimately prevail, has

27 not by itself been considered harassment or abuse under the FDCPA.  *See, e.g., Heintz*

28 *v. Jenkins*, 514 U.S. 291, 296 (1995); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d
   324, 330 (6th Cir. 2006).").

1   Defendants have already provided Tourgeman with discovery on their
2   procedures used to ensure that they are filing suit on valid debts, and to ensure they
3   are filing suit in the correct judicial district.  They arranged to have witnesses testify
4   on these topics months ago, but Tourgeman cancelled the depositions.  There is no
5   basis for an order compelling a further response.

### 3.   Discovery Regarding Defendants' Collection Letters Is Improper Because The Section 1692g Claim Has Been Dismissed And Tourgeman Does Not Allege He Received Any Letter From Defendants That Violated The FDCPA

8   The Court previously dismissed the claim that alleged Defendants had not sent
9   Tourgeman a letter containing the notice required under section 1692g of the
10  FDCPA.  *See* Order Granting In Part And Denying In Part Defendant's Motion To
11  Dismiss And Motion To Strike (Docket 58), at 6.  After that order issued, Tourgeman
12  filed his Second Amended Complaint.  That pleading does <u>not</u> allege that Defendants
13  sent him <u>any</u> collection letters, nor does it identify any false or misleading statement
14  allegedly contained in any letter.

15  Despite this, Tourgeman seeks to compel Defendants to produce copies of all
16  versions of their section 1692g letters, as well as all other collection letters they have
17  utilized.  These requests are clearly not related to any claim at issue in this case, and
18  the motion must be denied as to these requests.

### 4.   Discovery Regarding Procedures For Settling Debts Or Dismissing Lawsuits Is Improper Because It Is Not Unlawful To Seek Settlements Or To Dismiss Lawsuits

21  Tourgeman seeks to compel documents and information about Defendants'
22  policies for settling debts and their policies for dismissing lawsuits.  The discovery
23  has nothing to do with this case.  Tourgeman does not allege that Defendants violated
24  the FDCPA in connection with settling any debt or dismissing any lawsuit.

25  Even if the complaint had made this allegation, there is nothing unlawful about
26  settling debts or dismissing lawsuits.  To the contrary, cases have repeatedly
27  recognized that the FDCPA encourages settlement of debts.  "There is nothing
28  improper about making a settlement offer.  (Citation).  Forbidding them would force

1  honest debt collectors seeking a peaceful resolution of the debt to file suit in order to

2  advance efforts to resolve the debt – something that is clearly at odds with the

3  language and purpose of the [Act]." *Campuzano-Burgos v. Midland Credit*

4  *Management, Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) (citing *Evory v. RJM*

5  *Acquisitions Funding, LLC*, 505 F.3d 769 (7th Cir. 2007) and *Lewis v. ACB Bus.*

6  *Servs., Inc.*, 135 F. 3d 389, 399 (6th Cir. 1998).

7      Similarly, the FDCPA does not prohibit collectors from dismissing collection

8  lawsuits.  Under section 581(c) of the California Code of Civil Procedure, any

9  California litigant is permitted to dismiss a lawsuit before trial begins.

10     The motion must be denied as to requests seeking information relating to

11 Defendants' policies and procedures relating to settling debts and dismissing

12 lawsuits.

13     **E.    The Court Should Issue A Protective Order Limiting Tourgeman To**
          **The Discovery He Allegedly Needed To Oppose The Pending**

14         **Summary Judgment Motion**

15     If the Court does not deny this motion outright, Defendants request that it issue

16 a protective order, limiting the scope of discovery at this time to the requests counsel

17 for Tourgeman identified in paragraph 5 of his declaration in support of Plaintiff's

18 motion under Rule 56(f).

19     Defendants' motion for summary judgment explained why Defendants were

20 entitled to prevail as a matter of law on the "bona fide error" defense.  Tourgeman

21 claimed that he could not respond to the motion without certain discovery that he had

22 requested.  *See* Declaration of Brett M. Weaver In Support of Plaintiff's Opposition

23 To Motions For Summary Judgment And In Support Of Plaintiff's Rule 56(f) Motion

24 ("Weaver Declaration") (Docket 83-2).  The Court granted a continuance, allowing

25 Tourgeman to obtain the discovery identified in paragraph 5 of the Weaver

26 Declaration.  *See* Order (Docket 90) at 3.

27     Defendants believe they have responded to all of the discovery properly, and

28 contend they have produced anything relevant to the pending summary judgment

1   motion.  Instead of taking the depositions of Defendants' witnesses, however,
2   Tourgeman cancelled them at the last minute, waited a few months, and then filed
3   this motion to compel.

4        Defendants submit that this motion is simply part of a Tourgeman's effort to
5   delay entry of summary judgment against him by seeking to compel discovery on
6   irrelevant topics.  At a bare minimum, Defendants ask the Court to enter a protective
7   order, limiting the scope of discovery for now to those items listed in paragraph 5 of
8   the Weaver Declaration.  Once that discovery is completed, the summary judgment
9   motion can be reset for hearing.  In the event the summary judgment motion is
10  denied, discovery can proceed on any other relevant topic.

## III.   CONCLUSION

11

12       The motion should be denied in its entirety.  Tourgeman did not comply with
13  the Local Rules or the Federal Rules when he refused to meet and confer regarding
14  all of the matters covered by the motion.  The motion also seeks to compel discovery
15  that has already been produced, that does not exist, that relates to dismissed claims, or
16  that relates to theories that are not unlawful and not at issue.  The Court should deny
17  the motion and award costs and fees to Defendants, in a amount to be determined
18  based upon declarations to be submitted by counsel.

19       In the alternative, the Court should issue a protective order, limiting discovery
20  at this time to the matters identified by Tourgeman in his Rule 56(f) motion until the
21  pending summary judgment motion is resolved.

22

23  DATED: March 15, 2010                    SIMMONDS & NARITA LLP
                                             TOMIO B. NARITA
24

25

26                                     By:   s/Tomio B. Narita
27                                           Tomio B. Narita
                                             Attorneys for Defendants
28                                           Collins Financial Services, Inc. and
                                             Nelson & Kennard

## PROOF OF SERVICE

I, Tomio B. Narita, hereby certify that:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel of record for the defendants in this action.

On March 15, 2010, I caused **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSE BY COLLINS FINANCIAL SERVICES, INC. AND NELSON & KENNARD TO REQUESTS FOR PRODUCTION AND INTERROGATORIES, AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR PROTECTIVE ORDER** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Brett M. Weaver
brett@johnsonbottini.com
Counsel for Plaintiff

Daniel P. Murphy
dmurphy245@yahoo.com
Counsel for Plaintiff

Francis A. Bottini, Jr.
frankb@johnsonbottini.com
Counsel for Plaintiff

Frank J. Johnson
derekw@johnsonbottini.com
Counsel for Plaintiff

Kent R. Christenson
kchrstenson@calljenson.com
Counsel for defendants Dell Financial Services, L.L.C., and CIT Financial USA, Inc.

Lisa A. Wegner
lwegner@calljensen.com
Counsel for defendants Dell Financial Services, L.L.C., and CIT Financial USA, Inc.

//

1         I declare under penalty of perjury that the foregoing is true and correct.

2    Executed at San Francisco, California on this 15th day of March, 2010.

3                                  By:   s/Tomio B. Narita

4                                          Tomio B. Narita

5                                          Attorneys for Defendants
                                      Collins Financial Services, Inc. and
                                      Nelson & Kennard

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28