1   MICHAEL R. SIMMONDS (SBN 96238)
2   TOMIO B. NARITA (SBN 156576)
    JEFFREY A. TOPOR (SBN 195545)
    SIMMONDS & NARITA LLP
3   44 Montgomery Street, Suite 3010
    San Francisco, CA 94104-4816
4   Telephone: (415) 283-1000
    Facsimile:  (415) 352-2625
5   msimmonds@snllp.com
    tnarita@snllp.com
6   jtopor@snllp.com

7
    Attorneys for Defendants
8   Collins Financial Services, Inc. and
    Nelson & Kennard
9

10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

13   DAVID TOURGEMAN,                    )   CASE NO.  08-CV-1392 JLS NLS
                                         )
14            Plaintiff,                 )
                                         )
15       vs.                             )   **DEFENDANTS' SEPARATE**
                                         )   **STATEMENT IN SUPPORT OF**
16   COLLINS FINANCIAL SERVICES,         )   **OPPOSITION TO PLAINTIFF'S**
     INC., a corporation; NELSON &       )   **MOTION TO COMPEL FURTHER**
17   KENNARD, a partnership, DELL        )   **RESPONSE BY COLLINS**
     FINANCIAL SERVICES, L.P., a         )   **FINANCIAL SERVICES, INC. TO**
18   limited partnership; DFS            )   **REQUESTS FOR PRODUCTION**
     ACCEPTANCE, a corporation, DFS      )   **AND INTERROGATORIES**
19   PRODUCTION, a corporation,          )
     AMERICAN INVESTMENT BANK,           )   Date:    April 5, 2010
20   N.A., a corporation; and DOES 1     )   Time:    9:30 a.m.
     through 10, inclusive,              )   Crtrm: 1101
21                                       )
              Defendants.                )   The Honorable Nita L. Stormes
22   _____)

23

24

25

26

27

28

Defendants submit this Opposition to the Separate Statement Filed by Plaintiff In Connection with the Motion To Compel Further Responses By Collins Financial.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Please produce ALL COMMUNICATIONS between COLLINS and NELSON that RELATE TO Plaintiff David Tourgeman and the collection of his alleged debt. To the extent that these communications need to be redacted for privilege, please provide Plaintiff with a privilege log as described above.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the forgoing objections or the General Objections, Defendant will produce all non-privileged documents in its possession, custody or control that relate to the Plaintiff, his account or the defenses asserted in this action.

### PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 1:

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

1   Cal. 2006)("If objection is made to part of an item or category, the part shall be

2   specified and inspection permitted of the remaining parts.  The party submitting the

3   request may move for an order under Rule 37(a) with respect  to any objection to or

4   other failure to respond to the request or any part thereof, or any failure to permit

5   inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

6   to provide supplemental responses because the defendant's original responses

7   contained imprecise, boilerplate objections:

8           Defendant's responses do not allow for meaningful evaluation.  Plaintiff
            and the Court are unable to determine, with certainty, the requests for
9           which Defendant is producing documents, the requests for which
            Defendant is withholding documents and on what basis, and the requests
10          for which it has no responsive documents.  Defendant cites boilerplate
            general objections, and does not explain why the objection applies to the
11          response or whether documents were withheld pursuant to the stated
            objections.

12   Id. at *4-5.

13          Collins  objects to Request No. 1 on the basis that it is "overbroad, unduly

14   burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

15   nor reasonably calculated to lead to the discovery of admissible evidence."  But

16   Collins fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

17   *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

18   discovery has the burden to show discovery should not be allowed, and has the

19   burden of clarifying, explaining, and supporting its objections.").  Moreover, because

20   Collins's response is so broad and unspecific, it is impossible to tell whether

21   documents are being withheld on the basis of the stated objections, and/or whether

22   responsive documents even exist.

23          Further, Federal Rule of Civil Procedure 26(b)(5) states that:

24          When a party withholds information otherwise discoverable by claiming
            that the information is privileged or subject to protection as trial-
25          preparation material, the party must:

26   (i)     expressly make the claim; and

27   (ii)    describe the nature of the documents, communications, or tangible
             things not produced or disclosed–and do so in a manner that, without

28

revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Collins asserts the attorney-client privilege and attorney work product protection to Request No. 1. The objection is stated simply as "seek[ing] information subject to the attorney-client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Collins has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege claims cannot be properly evaluated.

Accordingly, Tourgeman requests that this Court order Collins to provide a privilege log for response to Request No. 1, provide a supplemental response to Request No. 1 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 1:**

The motion to compel should be denied as to this request because Plaintiff has

1   never made any attempt to meet and confer regarding the request before filing the

2   motion.  No party may move for an order compelling further discovery until after the

3   party has made a good faith attempt to meet and confer to resolve the dispute without

4   court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this

5   Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

6   include a certification that the movant has in good faith conferred or attempted to

7   confer with the person or party failing to make disclosure or discovery in an effort to

8   obtain it without court action."); Local Rule 26.1a ("The court will entertain no

9   motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

10  previously met and conferred on **all disputed issues**.").

11          Despite these clear requirements, this is one of eighteen separate discovery

12  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

13  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

14  Of Opposition To Motion To Compel And Motion For Protective Order And Award

15  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

16  informed counsel for Tourgeman that the motion was improper because no meet and

17  confer had been conducted, but Tourgeman's counsel refused to take the motion off

18  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id.*

19          Since no meet and confer was conducted as to "all disputed issues" as required

20  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

21  minimum, the Court should deny the motion as to all of the eighteen discovery

22  requests, including this one, that were never discussed by counsel.  *See Presidio*

23  *Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4

24  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

25  confer conducted in advance of motion).  Counsel for Tourgeman should also be

26  sanctioned for their deliberate refusal to comply with the requirements of the Federal

27  Rules and the Local Rules.

28

**DOCUMENT REQUEST NO. 2:**

Please produce ALL training materials that RELATE TO debt collection YOU provide to COLLINS employees.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to and without waiving the foregoing objections or the General Objections, Defendant responds as follows:

Defendant is not a "debt collector" as defined by the FDCPA and it does not itself engage in the collection of debts. It does not have employees that engage in debt collection, and therefore does not train on collection and does not have responsive documents.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 2**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period in the San Diego Superior Court alone. (Weaver Dec. ¶14). Based on this information, Tourgeman propounded document requests and special interrogatories on Collins. Collins cannot sue a debtor to collect a debt and then contend that it is not a debt collector. Collins is taking inconsistent positions.

Based on recent discussions with Collins's counsel, Tourgeman has learned that Collins's subsidiary, Paragon Way, collects debts on its behalf. While Tourgeman does not dispute that Paragon Way is the entity tasked with collecting debts on Collins's behalf, Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes Collins's position. "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control. If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal.

1  2005).  Here, Paragon Way is a subsidiary directly under Collins's control and thus
2  Collins has no basis for withholding information related to Paragon Way.

3         Further, Tourgeman specifically defined Collins to include "anyone else acting
4  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to
5  collect debts on Collins's behalf and is Collins's subsidiary, this document request
6  should have accounted for Paragon Way.  Additionally, Collins, as the principal
7  corporation, has control and possession of Paragon Way's documents.  For instance,
8  Collins agreed in its supplemental response to Interrogatory Nos. 13 and 20 to
9  produce certain documents from Paragon Way.  Therefore Collins's response that it
10 is not a debt collector is inadequate.

11        Accordingly, Tourgeman requests that this Court order Collins to provide a
12 supplemental response to Request No. 2 and produce any documents improperly
13 withheld from production.

14 **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
15 **TO DOCUMENT REQUEST NO. 2:**

16        The motion to compel should be denied as to this request because Plaintiff has
17 never made any attempt to meet and confer regarding the request before filing the
18 motion.  No party may move for an order compelling further discovery until after the
19 party has made a good faith attempt to meet and confer to resolve the dispute without
20 court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this
21 Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must
22 include a certification that the movant has in good faith conferred or attempted to
23 confer with the person or party failing to make disclosure or discovery in an effort to
24 obtain it without court action."); Local Rule 26.1a ("The court will entertain no
25 motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have
26 previously met and conferred on **all disputed issues**.").

27        Despite these clear requirements, this is one of eighteen separate discovery
28 requests that were <u>never</u> discussed in any letter or any phone call by counsel for

1   Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support
2   Of Opposition To Motion To Compel And Motion For Protective Order And Award
3   Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically
4   informed counsel for Tourgeman that the motion was improper because no meet and
5   confer had been conducted, but Tourgeman's counsel refused to take the motion off
6   calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

7          Since no meet and confer was conducted as to "all disputed issues" as required
8   by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare
9   minimum, the Court should deny the motion as to all of the eighteen discovery
10  requests, including this one, that were never discussed by counsel.  *See Presidio*
11  *Components, Inc. v. American Technical Ceramics Corp*., 2009 WL 1423577, *3-4
12  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and
13  confer conducted in advance of motion).  Counsel for Tourgeman should also be
14  sanctioned for their deliberate refusal to comply with the requirements of the Federal
15  Rules and the Local Rules.

16

17  **DOCUMENT REQUEST NO. 3:**

18          Please produce ALL DOCUMENTS CONCERNING the duties and
19  responsibilities of COLLINS employees who receive, maintain, and send data
20  regarding alleged debts.

21  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

22          Defendant objects to this Request on the grounds that it is vague and
23  ambiguous as phrased.  Defendant also objects to this Request on the grounds that, as
24  Defendant understands it, the Request is overbroad, unduly burdensome and
25  oppressive, and to the extent that it seeks information which is not relevant to the
26  subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
27  admissible evidence.  By asking Defendant to produce "ALL DOCUMENTS
28  CONCERNING the duties and responsibilities of COLLINS employees who receive,

1   maintain, and send data regarding alleged debts," Plaintiff is potentially asking
2   Defendant to produce an enormous amount of documentation which will have no
3   bearing on this dispute. Defendant further objects to this Request to the extent that it
4   seeks proprietary information, trade secret information, information subject to
5   protective orders, confidentiality agreements, or statutory provisions that bar the
6   disclosure of that information without the consent of third parties and to the extent
7   that it seeks information subject to the attorney-client privilege or the attorney work
8   product doctrine.

9        Subject to and without waiving the forgoing objections or the General
10  Objections, Defendant responds that it is willing to meet and confer with Plaintiff in
11  order to understand the Request and to identify the scope of any potential production
12  of documents.

13  **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 3:**

14       Defendant objects to this Request on the grounds that it is vague and
15  ambiguous as phrased.  Defendant also objects to this Request on the grounds that, as
16  Defendant understands it, the Request is overbroad, unduly burdensome and
17  oppressive, and to the extent that it seeks information which is not relevant to the
18  subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
19  admissible evidence.  Plaintiff does not claim that his account data was altered by
20  Collins because the firm used inadequate procedures for "receiving" information
21  relating to his debt.  Rather, Plaintiff alleges that he paid Dell in full for his computer
22  before the account was ever sold to Collins.  Any information concerning his account
23  was, according to Plaintiff's theory, already inaccurate when it was sold to Collins.
24  The company's procedures for receiving data from its sellers would not be relevant.

25       Subject to the forgoing objections, Defendant responds as follows:  Collins
26  does not "receive, maintain or send data" relating to alleged debts so it has no
27  responsive documents.

28

1  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**
2  **REQUEST NO. 3**

3    Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

4  part of a request must specify the part and permit inspection of the rest."; *see also E.*

5  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

6  Cal. 2006)("If objection is made to part of an item or category, the part shall be

7  specified and inspection permitted of the remaining parts.  The party submitting the

8  request may move for an order under Rule 37(a) with respect  to any objection to or

9  other failure to respond to the request or any part thereof, or any failure to permit

10 inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

11 to provide supplemental responses because the defendant's original responses

12 contained imprecise, boilerplate objections:

13         Defendant's responses do not allow for meaningful evaluation.  Plaintiff
          and the Court are unable to determine, with certainty, the requests for
14        which Defendant is producing documents, the requests for which
          Defendant is withholding documents and on what basis, and the requests
15        for which it has no responsive documents.  Defendant cites boilerplate
          general objections, and does not explain why the objection applies to the
16        response or whether documents were withheld pursuant to the stated
17        objections.

18    Collins  objects to Request No. 3 on the basis that it is "overbroad, unduly

19 burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

20 nor reasonably calculated to lead to the discovery of admissible evidence."  Collins

21 fails to provide any meaningful explanation for its objection that the request is

22 overbroad, unduly burdensome and oppressive.  *Keith H. v. Long Beach Unified Sch.*

23 *Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has

24 the burden to show discovery should not be allowed, and has the burden of

25 clarifying, explaining, and supporting its objections.").  Moreover, because Collins's

26 response is so broad and unspecific, it is impossible to tell whether documents are

27 being withheld on the basis of the stated objections, and/or whether responsive

28 documents even exist.

Collins argues that this Request is not relevant because Tourgeman's account was already inaccurate when it was sold to Collins. This response improperly narrows the scope of the Request. The Complaint, however, contains well-pleaded allegations that Collins engages in improper debt collection practices. Indeed the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy of information pertaining to the alleged debts." ¶33. The Complaint also alleges that Collins is not "meaningfully engaged" in the collection of debts. ¶30. In other words, Collins's debt collection practices are being challenged. Thus, the duties and responsibilities of Collins's employees who receive, maintain, and send data regarding alleged debts demonstrates Collins's debt collection practices.

Collins also objects to Request No. 3 on the basis that the request is "vague and ambiguous." Collins has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Further, Collins has offered little to no meaningful facts to support the stated objections. Thus, this boilerplate objection cannot be sustained.

Additionally, Collins claims that it does not receive, maintain or send date" relating to alleged debts so it has no responsive documents. This cannot be true. Because Collins is a firm that buys and sells debt obligations, there must be someone within Collins who receives and sends information regarding alleged debts. Collins appears to be hiding behind Paragon Way, even though Collins files debt collection lawsuits in its own name.

1   But Collins cannot use its subsidiary to shield itself from discovery.  Case law

2   directly refutes Collins's position.  "The discovery rules require that a corporation

3   furnish such information as is available from the corporation itself or from sources

4   under its control.  If the corporation can obtain the information from sources under

5   its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

6   *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

7   Way is a subsidiary directly under Collins's control and thus Collins has no basis for

8   withholding information related to Paragon Way.

9   Further, Tourgeman specifically defined Collins to include "anyone else acting

10  on Collins Financial Services, Inc.'s behalf." Because Paragon Way was acting to

11  collect debts on Collins's behalf and is Collins's subsidiary, this document request

12  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

13  has control and possession of Paragon Way's documents.  For instance, Collins

14  agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce

15  certain documents from Paragon Way.  Therefore, Collins's response that it is not a

16  debt collector is inadequate.

17  Accordingly, Tourgeman requests that this Court order Collins to provide a

18  supplemental response to Request No. 3 without the stated objections, provide a

19  substantive response, and produce any documents improperly withheld from

20  production.

21  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

22  **TO DOCUMENT REQUEST NO. 3:**

23  There is no basis for compelling a further response to this request because, as

24  Defendant has already explained, Collins has no employees "receive, maintain, and

25  send data regarding alleged debts" and therefore it has nothing to produce.

26  Defendant has already explained that all data transfer functions are handled on behalf

27  of Collins by non-party Paragon Way, Inc.  If Tourgeman wants to seek further

28

1  evidence from a non-party, Paragon Way, Inc., then he should obtain discovery using

2  an appropriate subpoena.

3       In any event, discovery regarding employees who "receive, maintain, and send

4  data regarding alleged debts" is not relevant to any claim at issue, nor likely to lead

5  to the discovery of admissible evidence.  Tourgeman claims that Defendants sued

6  him for a debt that had already been paid "in full" to Dell, and that Defendants filed

7  suit against him in the wrong judicial district.  He does not allege that his account

8  information was manipulated or mishandled by employees of Defendants who

9  "receive, maintain or send data about alleged debts."  Rather, Tourgeman claims that

10  Dell failed to credit all of his payments, and that his account information was already

11  inaccurate at the time it was transmitted to Defendants.  No amount of discovery

12  about the employees who "receive, maintain and send data about debts" is going to

13  lead to admissible evidence bearing on whether Tourgeman paid Dell in full or

14  whether Defendants sued Tourgeman in the wrong district.

15       In an effort to avoid this dispute, Defendant has agreed to produce documents

16  responsive to this request maintained by Paragon Way, Inc., and Defendant has

17  offered to make a deponent from Collins and a deponent from Paragon Way available

18  for depositions.  Rather than take the depositions, however, Tourgeman filed this

19  motion.  His motion to compel should be denied.

20

21  **DOCUMENT REQUEST NO. 4:**

22       Please produce ALL DOCUMENTS that RELATE TO YOUR policies and

23  guidelines for investigating alleged debts.

24  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

25       Defendant objects to this Request on the grounds that it is vague and

26  ambiguous as to the phrase "investigating alleged debts."  Defendant also objects to

27  this Request on the grounds that, based on Defendant's understanding of its meaning,

28  the Request is overbroad, unduly burdensome and oppressive, and to the extent that

1  it seeks information which is not relevant to the subject matter of this lawsuit, nor

2  reasonably calculated to lead to the discovery of admissible evidence.  By asking

3  Defendant to produce "ALL DOCUMENTS that RELATE TO YOUR policies and

4  guidelines for investigating alleged debts," Plaintiff is potentially asking Defendant

5  to produce an enormous amount of documentation which will have no bearing on this

6  dispute.  Defendant further objects to this Request to the extent that it seeks

7  proprietary information, trade secret information, information subject to protective

8  orders, confidentiality agreements, or statutory provisions that bar the disclosure of

9  that information without the consent of third parties and to the extent that it seeks

10  information subject to the attorney-client privilege or the attorney work product

11  doctrine.

12      Subject to and without waiving the forgoing objections or the General

13  Objections, Defendant responds that it is willing to meet and confer with Plaintiff in

14  order to understand the Request and to identify the scope of any potential production

15  of documents.

16  **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 4:**

17      Defendant objects to this Request on the grounds that it is vague and

18  ambiguous as to the phrase "investigating alleged debts."  Defendant also objects to

19  this Request on the grounds that, based on Defendant's understanding of its meaning,

20  the Request is overbroad, unduly burdensome and oppressive, and to the extent that

21  it seeks information which is not relevant to the subject matter of this lawsuit, nor

22  reasonably calculated to lead to the discovery of admissible evidence.  Defendant

23  further objects to the extent that it seeks proprietary information, trade secret

24  information, information subject to protective orders, confidentiality agreements, or

25  statutory provisions that bar the disclosure of that information without the consent of

26  third parties and to the extent that it seeks information subject to the attorney-client

27  privilege or the attorney work product doctrine.

28

1    Subject to and without waiving the forgoing objections or the General

2  Objections, Defendant responds as follows:  Assuming that Plaintiff seeks

3  information related to the due diligence process employed by Collins with respect to

4  its purchase of debt portfolios, no such documents exist.

5  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

6  **REQUEST NO. 4:**

7    Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

8  part of a request must specify the part and permit inspection of the rest."; *see also E.*

9  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

10  Cal. 2006)("If objection is made to part of an item or category, the part shall be

11  specified and inspection permitted of the remaining parts.  The party submitting the

12  request may move for an order under Rule 37(a) with respect  to any objection to or

13  other failure to respond to the request or any part thereof, or any failure to permit

14  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

15  to provide supplemental responses because the defendant's original responses

16  contained imprecise, boilerplate objections:

17        Defendant's responses do not allow for meaningful evaluation.  Plaintiff
          and the Court are unable to determine, with certainty, the requests for
18        which Defendant is producing documents, the requests for which
          Defendant is withholding documents and on what basis, and the requests
19        for which it has no responsive documents.  Defendant cites boilerplate
          general objections, and does not explain why the objection applies to the
20        response or whether documents were withheld pursuant to the stated
          objections.

21

22    Collins  objects to Request No. 4 on the basis that it is "overbroad, unduly

23  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

24  nor reasonably calculated to lead to the discovery of admissible evidence."  But

25  Collins fails to provide any explanation for these objections. *Keith H. v. Long Beach*

26  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

27  discovery has the burden to show discovery should not be allowed, and has the

28  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

1  Collins's response is so broad and unspecific, it is impossible to tell whether

2  documents are being withheld on the basis of the stated objections, and/or whether

3  responsive documents even exist.

4     Further, Federal Rule of Civil Procedure 26(b)(5) states that:

5        When a party withholds information otherwise discoverable by claiming
         that the information is privileged or subject to protection as trial-
6        preparation material, the party must:

7     (i)    expressly make the claim; and

8     (ii)   describe the nature of the documents, communications, or tangible
             things not produced or disclosed–and do so in a manner that, without
9            revealing information itself privileged or protected, will enable other
             parties to assess the claim.

10    "A privilege log should contain the following information: (1) the identity and

11 position of its author; (2) the identity and position of the recipient(s); (3) the date it

12 was prepared or written; (4) the title and description of the document; (5) the subject

13 matter addressed; (6) the purposes for which it was prepared or communicated; (7)

14 the document's present location; and (8) the specific privilege or other reason it is

15 being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D.

16 Cal. 2009).  When asserting the attorney-client privilege, "[t]he party asserting the

17 privilege bears the initial burden of demonstrating that the communication falls

18 within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal.

19 2007).

20    Here, Collins asserts the attorney-client privilege and attorney work product

21 protection to Request No. 4.  The objection is stated simply as "seek[ing] information

22 subject to the attorney-client privilege or the attorney work product doctrine."  Such

23 a blanket assertion of the attorney-client privilege or work product doctrine is

24 insufficient to enable the propounding party to assess the applicability of the

25 privilege or protection to the specific facts of the interrogatory in question.  Further,

26 Collins has failed to produce a privilege log containing any of the above-described

27

28

information as required by Federal Rule of Civil Procedure 26(b)(5).  (Weaver Dec. ¶13).  Consequently, the privilege claims cannot be properly evaluated.

Collins objects to Request No. 4 on the basis that the term "investigating alleged debt" is vague and ambiguous.  Collins, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. dist. LEXIS 31688 (N.D. Cal. 2007).  Further, Collins has offered no meaningful facts to support the stated objections.  Thus, this boilerplate objection cannot be sustained.

Collins also claims that no responsive documents exist.  This is unlikely.  Because Collins is a firm that buys and sells debt obligations, there must be documents related to Collins's policies and guidelines for investigating debts.  Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files debt collection lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes Collins's position.  "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control.  If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And, Collins, as the principal corporation, has control and possession of Paragon Way's documents.  For instance, Collins agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain

1  documents from Paragon Way.  Since Collins's debt collection practices as a whole

2  are being challenged, documents related to Collins's or Paragon Way's policies and

3  guidelines for investigating alleged debt must be produced.

4       Accordingly, Tourgeman requests that this Court order Collins provide a

5  supplemental response to Request No. 4 without the stated objections, provide a

6  substantive response, and produce any documents improperly withheld from

7  production.

8  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

9  **TO DOCUMENT REQUEST NO. 4:**

10       Discovery about Defendant's "investigation" of debts is not proper because the

11  FDCPA does not impose a duty on collectors to independently investigate and verify

12  debts before the initiate the collection process.  Even though the law does not impose

13  such a duty, Defendants have no business interest in seeking to collect money from

14  debtors that do not owe it.  Defendants do have procedures in place to prevent any

15  attempt to collect debts that have already been paid, and they have provided this

16  information to Tourgeman already.  There is no basis for compelling a further

17  response.

18       The FDCPA does not require a debt collector to independently verify the

19  validity of a debt before attempting to collect it.  Instead, the FDCPA allows a

20  collector to assume the debt is valid, unless the debtor submits a timely dispute to the

21  collector.  *See* 15 U.S.C. § 1692g(a)(3) (collector must notify consumer that debt will

22  be assumed valid unless consumer disputes validity of debt within 30 days of receipt

23  of notice); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992)

24  (FDCPA does not require collector to independently investigate debt referred for

25  collection); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (FDCPA does not

26  require collector to independently verify validity of debt to qualify for "bona fide

27  error" defense).  Here, non-party Paragon Way, Inc. and Nelson & Kennard both sent

28

notices to Tourgeman advising him of his right to dispute the debt, but Tourgeman never responded.[1]

If Tourgeman is arguing that discovery about Defendants' "investigating" of debts is relevant to show that Defendants did not have possession of sufficient evidence to prove their case before the collection suit was filed, his requests are improper as this Court has already rejected this theory of recovery.[2]

Defendants have provided discovery on the procedures used to ensure that they are filing suit on valid debts and are filing suit in the correct judicial district. The motion should be denied as to this request.

**DOCUMENT REQUEST NO. 5:**

Please produce ALL DOCUMENTS that RELATE TO YOUR policies and guidelines for filing a lawsuit against an alleged debtor.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to and without waiving the General Objections, Defendant does not file lawsuits. Law firms are retained to file suit on its behalf. Defendant does not maintain documents reflecting guidelines or policies for filing lawsuits.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 5:**

Collins sued Tourgeman in San Diego Superior Court under its own name to

---

[1] *See* Declaration of Howard Knauer In Support Of Motion For Summary Judgment (Docket 75), ¶ 5, Ex. B; Declaration of Jonathan E. Ayers In Support Of Motion For Summary Judgment (Docket 73), ¶ 4, Ex. B.

[2] *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss And Motion To Strike (Docket 58), at 7 ("[T]he filing of a lawsuit, even if a plaintiff does not have the means of proving the case at filing or does not ultimately prevail, has not by itself been considered harassment or abuse under the FDCPA. *See, e.g., Heintz v. Jenkins*, 514 U.S. 291, 296 (1995); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006).

---

1    collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

2    own name during the class period in the San Diego Superior Court alone.  (Weaver

3    Dec. ¶14).  Here, Collins erroneously contends it does not file lawsuits.

4           Collins also claims that no responsive documents exist.  This is unlikely.

5    Because Collins is a firm that buys and sells debt obligations, there must be

6    documents related to Collins's policies and guidelines for filing lawsuits against

7    alleged debtors.  Collins appears to be hiding behind its subsidiary, Paragon Way,

8    even though it files collection lawsuits against alleged debtors in its own name.

9           But Collins cannot use its subsidiary to shield itself from discovery.  Case law

10   directly refutes Collins's position.  "The discovery rules require that a corporation

11   furnish such information as is available from the corporation itself or from sources

12   under its control.  If the corporation can obtain the information from sources under

13   its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

14   *Emhart Iudus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

15   Way is a subsidiary directly under Collins's control and thus Collins has no basis for

16   withholding information related to Paragon Way.

17          Further, Tourgeman specifically defined Collins to include "anyone else acting

18   on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

19   collect debts on Collins's behalf and is Collins's subsidiary, this document request

20   should have accounted for Paragon Way.  And, Collins, as the principal corporation,

21   has control and possession of Paragon Way's documents.  For instance, Collins

22   agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce

23   certain documents from Paragon Way.   Therefore, Collins's response that no such

24   documents exist is insufficient.

25          Accordingly, Tourgeman requests that this Court order Collins to provide a

26   supplemental response to Request No. 6 and produce any documents improperly

27   withheld from production.

28

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 5:**

There is no basis for compelling a further response to this request because, as Defendant has already explained, Collins has no "policies and guidelines for filing lawsuits" against debtors, and therefore it has nothing to produce. Defendant has already explained that the management of all collection litigation is handled on behalf of Collins by non-party Paragon Way, Inc. If Tourgeman wants to seek further evidence from a non-party, Paragon Way, Inc., then he should obtain discovery using an appropriate subpoena.

In an effort to avoid this dispute, Defendant has responded to this request, has agreed to produce responsive documents of Paragon Way, and has produced responsive documents in the possession of Nelson & Kennard. It has also offered to have a Collins witness, a Paragon Way witness, and a Nelson & Kennard witness deposed. Rather than taking those depositions, Tourgeman has filed a motion compelling further responses. The motion should be denied.

**DOCUMENT REQUEST NO. 6:**

Please produce ALL DOCUMENTS that RELATE TO YOUR 1692g notices, including but not limited to every sample collection letter YOU send to alleged debtors.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to and without waiving the General Objections, Defendant responds as follows: Collins does not communicate with debtors regarding debts and therefore does not send notices to debtors pursuant to section 1692g of the FDCPA.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 6:**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt. In fact, Collins has filed more than 300 cases under its

own name during the class period in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins now erroneously contends it "does not communicate with debtors regrading debts and therefore does not send notices to debtors pursuant to section 1692g of the FDCPA." But because Collins is a firm that buys and sells debt obligations, Collins or someone acting on its behalf must communicate with debtors. Collins appears to be hiding behind its subsidiary, Paragon Way, even though it files collection lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes Collins's position. "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control. If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v. Emhart Iudus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf and is Collins's subsidiary, this document request should have accounted for Paragon Way. And, Collins, as the principal corporation, has control and possession of Paragon Way's documents. For instance, Collins agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce certain documents from Paragon Way. Therefore, Collins's response that no such documents exist is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 6 and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 6:**

Defendant cannot produce documents that do not exist.  Collins does not send any section 1692g notices so it has nothing to produce.  There is nothing to compel.

In addition, there is no basis for compelling a further response to this request because documents relating to section 1692g notices are not relevant to any claim at issue, nor likely to lead to the discovery of admissible evidence.  In fact, the Court previously dismissed the claim that alleged Defendants had not sent Tourgeman a notice under section 1692g of the FDCPA.  *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss And Motion To Strike (Docket 58), at 6.  Tourgeman's Second Amended Complaint does not allege that Defendants sent him any collection letters.

There is no basis for seeking discovery on a dismissed claim.  Nor is there any basis for compelling documents that do not exist.  The motion should be denied as to this request.

**DOCUMENT REQUEST NO. 7:**

Please produce ALL form letters, enclosures, envelopes, complaints, memoranda, etc. used by COLLINS in YOUR debt collection activity.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to and without waiving the General Objections, Defendant responds as follows: Collins does not communicate with debtors regarding debts and therefore has no responsive documents.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 7:**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period in the San Diego Superior Court alone.  (Weaver

1   Dec. ¶14).  Based on this information, Tourgeman propounded document requests
2   and special interrogatories on Collins.  Collins now erroneously contends it "does not
3   communicate with debtors regarding debts and therefore has no responsive
4   documents."  However, because Collins is a firm that buys and sells debt obligations,
5   Collins or someone acting on its behalf must communicate with debtors.  Collins
6   appears to be hiding behind its subsidiary, Paragon Way, even though it files
7   collection lawsuits against alleged debtors in its own name.

8       But Collins cannot use its subsidiary to shield itself from discovery.  Case law
9   directly refutes Collins's position.  "The discovery rules require that a corporation
10  furnish such information as is available from the corporation itself or from sources
11  under its control.  If the corporation can obtain the information from sources under
12  its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*
13  *Emhart Iudus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon
14  Way is a subsidiary directly under Collins's control and thus Collins has no basis for
15  withholding information related to Paragon Way.

16      Further, Tourgeman specifically defined Collins to include "anyone else acting
17  on Collins Financial Services, Inc.'s behalf." Because Paragon Way was acting to
18  collect debts on Collins's behalf and is Collins's subsidiary, this document request
19  should have accounted for Paragon Way.  And, Collins, as the principal corporation,
20  has control and possession of Paragon Way's documents.  For instance, Collins
21  agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce
22  certain documents from Paragon Way.   Therefore, Collins's response that no such
23  documents exist is insufficient.

24      Accordingly, Tourgeman requests that this Court order Collins to provide a
25  supplemental response to Request No. 7 and produce any documents improperly
26  withheld from production.

27

28

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 7:**

Defendant has already explained that Collins does not communicate with debtors, so it has no documents to produce.  There is no basis for order the production of non-existent documents.

In any event, the discovery is improper.  There is no basis for compelling a further response because information about "form letters, enclosures, envelopes, complaints, memoranda, etc" is not relevant to any claim at issue, nor likely to lead to the discovery of admissible evidence.  Tourgeman claims that Defendants sued him for a debt that had already been paid "in full" to Dell, and that Defendants filed suit against him in the wrong judicial district.  He has not challenged any of the "forms" used in collection letters, enclosures, envelopes, complaints or memoranda.

Tourgeman suggests this request is proper because he seeks to represent a purported FDCPA class of all persons who were "contacted or sued" by Defendants, and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The FDCPA does not prohibit collectors from contacting consumers, nor does it bar collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact, the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers from serious threats, harassment, abuse and other deceptive practices utilized by unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors") (citation omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

1
2
3
4
5

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was concerned with disruptive, threatening, and dishonest tactics. The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation). **In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely disrupt a debtor's life.'** (Citation).

6
7

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis added).

8
9
10
11
12
13
14
15

Tourgeman cannot seek discovery regarding every debtor "contacted or sued" by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth Circuit held that an allegedly false and misleading statement by a collector does <u>not</u> violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material" misstatement is one that is "genuinely misleading" and that "may frustrate the consumer's ability to intelligently choose his or her response" to the collector's communication.  *Id*. at 1034.  The Court noted that:

16
17
18

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

19

*Id*. at 1034 (emphasis added).

20
21
22
23
24

Tourgeman claims that Defendants sued him for a debt that was paid "in full" and filed suit in the wrong judicial district.  He is entitled to discovery related to those claims.  His request for request for information about "form letters, enclosures, envelopes, complaints, memoranda, etc" is not relevant to his claims, nor will it identify the number of class members.

25

26

## DOCUMENT REQUEST NO. 8:

27
28

Please produce ALL DOCUMENTS YOU relied upon to verify Plaintiff David Tourgeman's alleged debt.

---

1   **RESPONSE TO DOCUMENT REQUEST NO. 8:**

2   Defendant objects to this Request on the grounds that it is vague and

3   ambiguous as to the term "verify."  Subject to and without waiving the forgoing

4   objections or the General Objections, Defendant will produce non-privileged

5   documents in its possession, custody or control that relate to Plaintiff, his account

6   and the defenses asserted in this action.

7   **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

8   **REQUEST NO. 8:**

9   Collins objects to Request No. 8 on the basis that the term "verify" is "vague

10  and ambiguous."  Collins, however, has failed to exercise reason and common sense

11  to attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana*

12  *Row Hotel Partners,, L.P. v. Zurich Am. Inc. Co.,* 2007 U.S. Dist. LEXIS 31688

13  (N.D. Cal. 2007).  "Verify" is a common English word that should not preclude

14  Collins from providing a substantive response.  Further, Collins has offered no

15  meaningful facts to support the stated objection.  Thus, this boilerplate objection

16  cannot be sustained.

17  This request seeks documents Collins relied upon in its determination that

18  Tourgeman owed the alleged debt in Case No. 37-2007-00072265-CL-CL-CTL.

19  Collins has not made a good faith attempt to provide a response despite the clear

20  language of the request.

21  Accordingly, Tourgeman requests that this Court order Collins to provide a

22  supplemental response to Request No. 8 without the stated objection, provide a

23  substantive response, and produce any documents improperly withheld from

24  production.

25  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

26  **TO DOCUMENT REQUEST NO. 8:**

27  Defendant has agreed to produce, and has already produced, responsive

28  documents.  Defendants have also offered to make witnesses available to testify

---

1  about, *inter alia*, the handling of Tourgeman's account.  There is no basis for

2  compelling a further response.

3

4  **DOCUMENT REQUEST NO. 9:**

5      Please produce ALL DOCUMENTS that RELATE TO COLLINS' collection

6  practices and procedures.

7  **RESPONSE TO DOCUMENT REQUEST NO. 9:**

8      Subject to and without waiving the General Objections, Defendant responds as

9  follows: Collins is not a debt collector and it does not engage in the collection of

10  debts.  It has no collection practices or procedures and therefore has no documents to

11  produce.

12  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

13  **REQUEST NO. 9:**

14      Collins sued Tourgeman in San Diego Superior Court under its own name to

15  collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

16  own name during the class period in the San Diego Superior Court alone.  (Weaver

17  Dec. ¶14).  Based on this information, Tourgeman propounded document requests

18  and special interrogatories on Collins.  Collins erroneously contends that it is not a

19  debt collector.  Collins appears to be hiding behind its subsidiary, Paragon Way,

20  even though it files collections lawsuits against alleged debtors in its own name.

21      But Collins cannot use its subsidiary to shield itself from discovery.  Case law

22  directly refutes Collins's position.  "The discovery rules require that a corporation

23  furnish such information as is available from the corporation itself or from sources

24  under its control.  If the corporation can obtain the information from sources under

25  its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v.*

26  *Emhart Indus.,* 2007 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

27  Way is a subsidiary directly under Collins's control and thus Collins has no basis for

28  withholding information related to Paragon Way.

1    Further, Tourgeman specifically defined Collins to include "anyone else acting
2  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to
3  collect debts on Collins's behalf and is Collins's subsidiary, this document request
4  should have accounted for Paragon Way.  And, Collins, as the principal corporation,
5  has control and possession of Paragon Way's documents.  For instance, Collins
6  agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain
7  documents from Paragon Way.  Therefore, Collins's response that no such
8  documents exist is insufficient.

9    Accordingly, Tourgeman requests that this Court order Collins to provide a
10 supplemental response to Request No. 9 and produce any documents improperly
11 withheld from production.

12 **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
13 **TO DOCUMENT REQUEST NO. 9:**

14    Defendant has already explained that it is not a debt collector and that it has no
15 responsive documents.  Tourgeman has also been informed that all collection
16 functions are handled by non-party Paragon Way, Inc., and he can seek documents
17 from Paragon through a proper subpoena.  In an attempt to avoid this dispute,
18 Defendant has produced responsive documents maintained by Paragon Way, and it
19 has offered to make its witness, a Paragon Way witness, and a witness from Nelson
20 & Kennard available for depositions.  Rather than take the depositions, Tourgeman
21 cancelled them and filed this motion.

22    In addition, this request for "all" documents relating to "collection practices
23 and procedures" is incredibly overbroad, and Tourgeman has refused to narrow it.
24 Tourgeman suggests this request is proper because he seeks to represent a purported
25 FDCPA class of all persons who were "contacted or sued" by Defendants, and
26 therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The
27 FDCPA does not prohibit collectors from contacting consumers, nor does it bar
28 collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact, the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers from serious threats, harassment, abuse and other deceptive practices utilized by unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors") (citation omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was concerned with disruptive, threatening, and dishonest tactics. The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation).  **In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely disrupt a debtor's life.'** (Citation).

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis added).

Tourgeman cannot seek discovery regarding every debtor "contacted or sued" by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth Circuit held that an allegedly false and misleading statement by a collector does not violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material" misstatement is one that is "genuinely misleading" and that "may frustrate the consumer's ability to intelligently choose his or her response" to the collector's communication.  *Id.* at 1034.  The Court noted that:

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

1   *Id*. at 1034 (emphasis added).

2       Tourgeman claims that Defendants sued him for a debt that was paid "in full"

3   and filed suit in the wrong judicial district.  He is entitled to discovery related to

4   those claims.  His request for documents relating to "all collection practices and

5   procedures" should be denied.

6

7   **DOCUMENT REQUEST NO. 10:**

8       Please produce ALL DOCUMENTS that RELATE TO financial arrangements

9   between YOU and NELSON.

10  **RESPONSE TO DOCUMENT REQUEST NO. 10:**

11      Defendant objects to this Request on the grounds that it is vague and

12  ambiguous as to the term "financial arrangements."  Subject to and without waiving

13  the forgoing objection or the General Objections, Defendant responds as follows:

14  Collins does not have a financial arrangements with the firm.

15  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

16  **REQUEST NO. 10:**

17      Collins objects to Request No. 10 on the basis that the term "financial

18  arrangements" is "vague and ambiguous."  Collins, however, has failed to exercise

19  reason and common sense to attribute ordinary definitions to terms and phrases

20  utilized in discovery.  *Santana Row Hotel Partners,, L.P. v. Zurich Am. Inc. Co.*,

21  2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  "Financial arrangements" are

22  common English words that should not preclude Collins from providing a

23  substantive response.  Further, Collins has offered no meaningful facts to support the

24  stated objection.  Thus, this boilerplate objection cannot be sustained.

25      Collins sued Tourgeman in San Diego Superior Court under its own name to

26  collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

27  own name during the class period in the San Diego Superior Court alone.  (Weaver

28  Dec. ¶14).  Collins retained Nelson to bring suit against Tourgeman for an alleged

1   debt.  Collins must have provided compensation to Nelson for services rendered.

2   Collins erroneously contends that it does not have financial arrangements with

3   Nelson.  Collins appears to be hiding behind its subsidiary, Paragon Way, even

4   though Collins files collection lawsuits against alleged debtors in its own name.

5        But Collins cannot use its subsidiary to shield itself from discovery.  Case law

6   directly refutes Collins's position.  "The discovery rules require that a corporation

7   furnish such information as is available from the corporation itself or from sources

8   under its control.  If the corporation can obtain the information from sources under

9   its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

10  *Emhart Indus.,* 2007 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

11  Way is a subsidiary directly under Collins's control and thus Collins has no basis for

12  withholding information related to Paragon Way.

13       Further, Tourgeman specifically defined Collins to include "anyone else acting

14  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

15  collect debts on Collins's behalf and is Collins's subsidiary, this document request

16  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

17  has control and possession of Paragon Way's documents.  For instance, Collins

18  agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain

19  documents from Paragon Way.  Therefore, Collins's response that no such

20  documents exist is insufficient.

21       Accordingly, Tourgeman requests that this Court order Collins to provide a

22  supplemental response to Request No. 10 without the stated objections, provide a

23  substantive response, and produce any documents improperly withheld from

24  production.

25  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

26  **TO DOCUMENT REQUEST NO. 10:**

27       Defendant has already responded and explained that is has no financial

28  arrangements with the Nelson & Kennard firm, so it has nothing to produce.  There is

1  no basis for seeking to compel production of documents that do not exist.  Defendant

2  has also explained that non-party Paragon Way has an agreement with Nelson &

3  Kennard that relates to the collection of debts, and that agreement has been produced

4  already.  The motion to compel a document that has already been produced to

5  Tourgeman is frivolous.

6

7  **DOCUMENT REQUEST NO. 11:**

8         Please produce ALL DOCUMENTS that RELATE TO the financial

9  arrangement between YOU and Dell Financial Services, Inc. - including any of its

10  past or present agents, employees, representatives, attorneys, accountants,

11  investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest,

12  successors-in-interest, affiliates, or anyone else acting on Dell Financial Services,

13  Inc.'s behalf.

14  **RESPONSE TO DOCUMENT REQUEST NO. 11:**

15         Defendant objects to this Request on the grounds that it is vague and

16  ambiguous as to the term "financial arrangements."  Defendant also objects to this

17  Request on the grounds that it is overbroad, unduly burdensome and oppressive, and

18  to the extent that it seeks information which is not relevant to the subject matter of

19  this lawsuit, nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Defendant further objects to this Request to the extent that it seeks

21  proprietary information, trade secret information, information subject to protective

22  orders, confidentiality agreements, or statutory provisions that bar the disclosure of

23  that information without the consent of third parties.

24         Subject to and without waiving the forgoing objections or the General

25  Objections, Defendant responds that it is willing to meet and confer with Plaintiff in

26  order to understand the Request and to identify the scope of any potential production

27  of documents.

28

1  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

2  **REQUEST NO. 11:**

3         Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

4  part of a request must specify the part and permit inspection of the rest."; *see also E.*

5  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

6  Cal. 2006)("If objection is made to part of an item or category, the part shall be

7  specified and inspection permitted of the remaining parts.  The party submitting the

8  request may move for an order under Rule 37(a) with respect  to any objection to or

9  other failure to respond to the request or any part thereof, or any failure to permit

10  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

11  to provide supplemental responses because the defendant's original responses

12  contained imprecise, boilerplate objections:

13              Defendant's responses do not allow for meaningful evaluation.  Plaintiff
               and the Court are unable to determine, with certainty, the requests for
14              which Defendant is producing documents, the requests for which
               Defendant is withholding documents and on what basis, and the requests
15              for which it has no responsive documents.  Defendant cites boilerplate
               general objections, and does not explain why the objection applies to the
16              response or whether documents were withheld pursuant to the stated
               objections.
17

18         Collins  objects to Request No. 11 on the basis that it is "overbroad, unduly

19  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

20  nor reasonably calculated to lead to the discovery of admissible evidence."  But

21  Collins fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

22  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

23  discovery has the burden to show discovery should not be allowed, and has the

24  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

25  Collins's response is so broad and unspecific, it is impossible to tell whether

26  documents are being withheld on the basis of the stated objections, and/or whether

27  responsive documents even exist.

28

1   Collins also objects to Request No. 11 on the basis that the term "financial
2   arrangements" is "vague and ambiguous."  Collins, however, has failed to exercise
3   reason and common sense to attribute ordinary definitions to terms and phrases
4   utilized in discovery.  *Santana Row Hotel Partners,, L.P. v. Zurich Am. Inc. Co.,*
5   2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  "Financial arrangements" are
6   common English words that should not preclude Collins from providing a
7   substantive response.  Further, Collins has offered no meaningful facts to support the
8   stated objection.  Thus, this boilerplate objection cannot be sustained.

9   Lastly, Collins offers to meet and confer regarding this discovery request.  The
10  parties met and conferred but reached an impasse – Collins refused to provide any
11  documentation evidencing its financial arrangements with Dell.  (Weaver Dec. ¶18).
12  Thus, Collins's offer to meet and confer was an empty offer because, from the outset,
13  it had no intention of producing any of the requested documents.

14  Accordingly, Tourgeman requests that this Court order Collins to provide a
15  supplemental response to Request No. 11 without the stated objections, provide a
16  substantive response, and produce any documents improperly withheld from
17  production.

18  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
19  **TO DOCUMENT REQUEST NO. 11:**

20  Defendant has already produced a copy of the contract between Collins and
21  Dell that relates to the acquisition of Tourgeman's account, as well as all the data
22  that was transmitted regarding Tourgeman's account at the time of transfer.  There is
23  no basis for seeking all other documents relating to "financial arrangements" with
24  Dell, and Tourgeman has refused to explain why he wants this information or how it
25  bears upon the claims he has asserted.  He claims that Defendants sought to collect a
26  debt that had already been paid "in full" to Dell, and that Defendants filed suit
27  against him in the wrong judicial district.  None of his claims relate to "financial
28  arrangements" between Collins and Dell.  The only potentially relevant and

1  responsive document is the purchase and sale agreement with Dell that has already
2  been produced.  The motion should be denied as to this request.

3

4  **DOCUMENT REQUEST NO. 12:**

5      Please produce ALL DOCUMENTS pertaining to the number of alleged
6  debtors that YOU filed complaints against from July 31, 2007 to the present.

7  **RESPONSE TO DOCUMENT REQUEST NO. 12:**

8      Collins does not file complaints against debtors.  Law firms are retained to file
9  complaints against debtors.  Thus Collins does not have any documents that are
10  responsive to this Request.

11  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**
12  **REQUEST NO. 12:**

13      Collins sued Tourgeman in San Diego Superior Court under its own name to
14  collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its
15  own name during the class period in the San Diego Superior Court alone.  (Weaver
16  Dec. ¶14).  Based on this information, Tourgeman propounded document requests
17  and special interrogatories on Collins.  Collins erroneously contends it does not file
18  lawsuits.

19      Collins also claims that no responsive documents exist.  This is unlikely.
20  Because Collins is a firm that buys and sells debt obligations, there must be
21  documents related to the number of alleged debtors that Collins, or someone acting
22  on Collins's behalf, filed lawsuits against.  Collins appears to be hiding behind its
23  subsidiary, Paragon Way, even though it files collection lawsuits against alleged
24  debtors in its own name.

25      But Collins cannot use its subsidiary to shield itself from discovery.  Case law
26  directly refutes Collins's position.  "The discovery rules require that a corporation
27  furnish such information as is available from the corporation itself or from sources
28  under its control.  If the corporation can obtain the information from sources under

its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005). Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf." Because Paragon Way was acting to collect debts on Collins's behalf and is Collins's subsidiary, this document request should have accounted for Paragon Way. And, Collins, as the principal corporation, has control and possession of Paragon Way's documents. For instance, Collins agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain documents from Paragon Way. Thus, Collins's current response is inadequate.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 12 and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 12:**

Defendant has already explained that it is not a debt collector and that it has no responsive documents. Tourgeman has also been informed that all collection functions, including management of collection litigation, are handled by non-party Paragon Way, Inc., and he can seek documents from Paragon through a proper subpoena. In an attempt to avoid this dispute, Defendant has produced responsive documents maintained by Paragon Way which relate to the filing of the suit against Tourgeman, and Defendant offered to make its witness, a Paragon Way witness, and a witness from Nelson & Kennard available for depositions. Rather than take the depositions, Tourgeman cancelled them and filed this motion.

In addition, this request for "all" documents relating to the number of debtors that were sued will not lead to the discovery of admissible evidence, and will not identify class members. Tourgeman suggests this request is proper because he seeks

to represent a purported FDCPA class of all persons who were "contacted or sued" by Defendants, and therefore "all" of Defendants' collection practices are at issue. He is wrong.  The FDCPA does not prohibit collectors from contacting consumers, nor does it bar collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact, the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers from serious threats, harassment, abuse and other deceptive practices utilized by unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors") (citation omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was concerned with disruptive, threatening, and dishonest tactics. The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation). **In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely disrupt a debtor's life.'** (Citation).

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis added).

Tourgeman cannot seek discovery regarding every debtor "contacted or sued" by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth Circuit held that an allegedly false and misleading statement by a collector does <u>not</u> violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material" misstatement is one that is "genuinely misleading" and that "may frustrate the

1  consumer's ability to intelligently choose his or her response" to the collector's

2  communication. *Id*. at 1034. The Court noted that:

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response. **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

6  *Id*. at 1034 (emphasis added).

7      Tourgeman claims that Defendants sued him for a debt that was paid "in full"

8  and filed suit in the wrong judicial district. He is entitled to discovery related to

9  those claims. His request for documents relating to the number of debtors that were

10  sued is not relevant to the claims alleged in the case, and will not identify class

11  members. The request should be denied.

12

13  **DOCUMENT REQUEST NO. 13:**

14      Please produce ALL DOCUMENTS pertaining to the number of alleged

15  debtors that YOU mailed letters to requesting payment of an alleged debt from July

16  31, 2007 to the present.

17  **RESPONSE TO DOCUMENT REQUEST NO. 13:**

18      Collins does not mail letters to debtors. There are no responsive documents.

19  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

20  **REQUEST NO. 13:**

21      Collins sued Tourgeman in San Diego Superior Court under its own name to

22  collect on an alleged debt. In fact, Collins has filed more than 300 cases under its

23  own name during the class period in the San Diego Superior Court alone. (Weaver

24  Dec. ¶14). Collins is a firm that buys and sells debt obligations. Collins now

25  erroneously contends it "does t mail letters to debtors." Collins or someone acting on

26  its behalf must communicate with debtors. Collins appears to be hiding behind its

27  subsidiary, Paragon Way, even though it files collections lawsuits against alleged

28  debtors in its own name.

1   _____But Collins cannot use its subsidiary to shield itself from discovery.  Case law

2   directly refutes Collins's position.  "The discovery rules require that a corporation

3   furnish such information as is available from the corporation itself or from sources

4   under its control.  If the corporation can obtain the information from sources under

5   its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

6   *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

7   Way is a subsidiary directly under Collins's control and thus Collins has no basis for

8   withholding information related to Paragon Way.

9        Further, Tourgeman specifically defined Collins to include "anyone else acting

10   on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

11   collect debts on Collins's behalf and is Collins's subsidiary, this document request

12   should have accounted for Paragon Way.  And, Collins, as the principal corporation,

13   has control and possession of Paragon Way's documents.  For instance, Collins

14   agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain

15   documents from Paragon Way.  Therefore, Collins's response that no such

16   documents exist is insufficient.

17        Accordingly, Tourgeman requests that this Court order Collins to provide a

18   supplemental response to Request No. 13 and produce any documents improperly

19   withheld from production.

20   **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

21   **TO DOCUMENT REQUEST NO. 13:**

22        Defendant has already explained that it is not a debt collector, that it does not

23   mail any letters to debtors, and that it has no responsive documents.  In addition,

24   there is no basis for compelling a further response to this request because documents

25   relating to demand letters are not relevant to any claim at issue, nor likely to lead to

26   the discovery of admissible evidence.  The Court previously dismissed the claim that

27   alleged Defendants had not sent Tourgeman a notice under section 1692g of the

28   FDCPA.  *See* Order Granting In Part And Denying In Part Defendant's Motion To

1 Dismiss And Motion To Strike (Docket 58), at 6. Tourgeman's Second Amended
2 Complaint does not allege that Defendants sent him <u>any</u> collection letters.

3     There is no basis for seeking discovery on a dismissed claim. Nor is there any
4 basis for compelling documents that do not exist. The motion should be denied as to
5 this request.

6

7 **DOCUMENT REQUEST NO. 14:**

8     Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of
9 Plaintiff David Tourgeman's alleged debt.

10 **RESPONSE TO DOCUMENT REQUEST NO. 14:**

11     Defendant objects to this Request on the grounds that it is vague and
12 ambiguous as to the term "investigation." Subject to and without waiving the
13 forgoing objection or the General Objections, Defendant will produce non-privileged
14 documents in its possession, custody or control that relate to Plaintiff, his account or
15 any of the defenses asserted in this action.

16 **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 14:**

17     Defendant objects to this Request on the grounds that it is vague and
18 ambiguous as to the term "investigation."

19     Subject to and without waiving the forgoing objection or the General
20 Objections, Defendant responds as follows: Assuming that Plaintiff seeks
21 information related to the due diligence process with respect to its purchase of the
22 Dell portfolio at issue, no such documents exist.

23 **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**
24 **REQUEST NO. 14:**

25     Collins objects to Request No. 14 on the basis that the term "investigation" is
26 "vague and ambiguous." Collins, however, has failed to exercise reason and
27 common sense to attribute ordinary definitions to terms and phrases utilized in
28 discovery. *Santana Row Hotel Partners,, L.P. v. Zurich Am. Inc. Co.,* 2007 U.S.

Dist. LEXIS 31688 (N.D. Cal. 2007).  "Investigation" is a common English word that should not preclude Collins from providing a substantive response.  Further, Collins has offered no meaningful facts to support the stated objection.  Thus, this boilerplate objection cannot be sustained.

Collins also attempts to improperly limit the scope of this Request to the due diligence process it conducted when it purchased the Dell portfolio.  This request, however, seeks all documents related to Collins's investigation of Tourgeman's alleged debt.  Thus, Collins's response is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 14 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 14:**

Defendant has already responded and explained that no responsive documents exist.  There is no basis for seeking to compel non-existent documents.

In any event, discovery about Defendant's "investigation" of debts is not proper because the FDCPA does not impose a duty on collectors to independently investigate and verify debts before the initiate the collection process.  Even though the law does not impose such a duty, Defendants have no business interest in seeking to collect money from debtors that do not owe it.  Defendants do have procedures in place to prevent any attempt to collect debts that have already been paid, and they have provided this information to Tourgeman already.  There is no basis for compelling a further response.

The FDCPA does not require a debt collector to independently verify the validity of a debt before attempting to collect it.  Instead, the FDCPA allows a collector to assume the debt is valid, unless the debtor submits a timely dispute to the collector.  *See* 15 U.S.C. § 1692g(a)(3) (collector must notify consumer that debt will

1  be assumed valid unless consumer disputes validity of debt within 30 days of receipt
2  of notice); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992)
3  (FDCPA does not require collector to independently investigate debt referred for
4  collection); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (FDCPA does not
5  require collector to independently verify validity of debt to qualify for "bona fide
6  error" defense).  Here, non-party Paragon Way, Inc. and Nelson & Kennard both sent
7  notices to Tourgeman advising him of his right to dispute the debt, but Tourgeman
8  never responded.[3]

9      If Tourgeman is arguing that discovery about Defendants' "investigating" of
10  debts is relevant to show that Defendants did not have possession of sufficient
11  evidence to prove their case before the collection suit was filed, his requests are
12  improper as this Court has already rejected this theory of recovery.[4]

13      Defendants have provided discovery on the procedures used to ensure that
14  they are filing suit on valid debts and are filing suit in the correct judicial district.
15  The motion should be denied as to this request.

16  **DOCUMENT REQUEST NO. 15:**

17      Please produce ALL DOCUMENTS RELATING TO YOUR organization of
18  COLLINS' employees, including any subsidiaries or affiliates.

19  **RESPONSE TO DOCUMENT REQUEST NO. 15:**

20      Defendant objects to this Request on the grounds that it seeks information

---

22      [3] *See* Declaration of Howard Knauer In Support Of Motion For Summary
23  Judgment (Docket 75), ¶ 5, Ex. B; Declaration of Jonathan E. Ayers In Support Of
24  Motion For Summary Judgment (Docket 73), ¶ 4, Ex. B.

25      [4] *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss
26  And Motion To Strike (Docket 58), at 7 ("[T]he filing of a lawsuit, even if a plaintiff
27  does not have the means of proving the case at filing or does not ultimately prevail, has
    not by itself been considered harassment or abuse under the FDCPA. *See, e.g., Heintz
28  v. Jenkins*, 514 U.S. 291, 296 (1995); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d
    324, 330 (6th Cir. 2006).

1  which is not relevant to the subject matter of this lawsuit, nor reasonably calculated

2  to lead to the discovery of admissible evidence.  Subject to and without waiving the

3  forgoing objection or the General Objections, Collins will produce organizational

4  charts, if any exist, responsive to this Request.

5  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

6  **REQUEST NO. 15:**

7  Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

8  part of a request must specify the part and permit inspection of the rest."; *see also E.*

9  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

10  Cal. 2006)("If objection is made to part of an item or category, the part shall be

11  specified and inspection permitted of the remaining parts.  The party submitting the

12  request may move for an order under Rule 37(a) with respect  to any objection to or

13  other failure to respond to the request or any part thereof, or any failure to permit

14  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

15  to provide supplemental responses because the defendant's original responses

16  contained imprecise, boilerplate objections:

17  
18  Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which

19  Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate

20  general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

21  Collins  objects to Request No. 15 on the basis that it is "overbroad, unduly

22  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

23  nor reasonably calculated to lead to the discovery of admissible evidence."  But

24  Collins fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

25  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

26  discovery has the burden to show discovery should not be allowed, and has the

27  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

28

Collins's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist. Collins's objection is especially offensive and frivolous given its repeated attempts to hide behind its affiliate Paragon Way as justification for not responding to Tourgeman's discovery requests.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 15 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 15:**

Defendant has already agreed to produce organizational charts responsive to this request, to the extent any exist. There is no reason to file a motion to compel production of documents that are either non-existent or that have already been produced. The request should be denied.

**DOCUMENT REQUEST NO. 16:**

Please produce ALL copies of each complaint in any litigation filed against COLLINS, if any, alleging violations of the Fair Debt Collection Practices Act and the Rosenthal Act.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Complaints filed by other debtors containing unsubstantiated allegations regarding other sets of facts has no bearing on the claims or defenses in this action. Defendant also objects to this Request on the grounds that the documents requested, if any exist, are a matter of public record, equally available to Plaintiff.

## PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 16:

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."). In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Collins objects to Request No. 16 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Collins fails to provide any explanation for these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, because Collins's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Collins also objects that "complaints filed by other debtors containing unsubstantiated allegations regarding other sets of facts has no bearing on the claims

or defenses in this action." Collins is wrong. Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy of information pertaining to the alleged debts." ¶33. The Complaint also alleges that Collins is not "meaningfully engaged" in the collection of debts. ¶30. Complaints filed by other debtors against Collins evidences Collins's debt collection practices. Thus, this Request is relevant and reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 16 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

## DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 16:

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion. No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention. The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point. *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1a ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred on **all disputed issues**.").

1  Despite these clear requirements, this is one of eighteen separate discovery

2  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

3  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

4  Of Opposition To Motion To Compel And Motion For Protective Order And Award

5  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

6  informed counsel for Tourgeman that the motion was improper because no meet and

7  confer had been conducted, but Tourgeman's counsel refused to take the motion off

8  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

9  Since no meet and confer was conducted as to "all disputed issues" as required

10  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

11  minimum, the Court should deny the motion as to all of the eighteen discovery

12  requests, including this one, that were never discussed by counsel.  *See Presidio*

13  *Components, Inc. v. American Technical Ceramics Corp*., 2009 WL 1423577, *3-4

14  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

15  confer conducted in advance of motion).  Counsel for Tourgeman should also be

16  sanctioned for their deliberate refusal to comply with the requirements of the Federal

17  Rules and the Local Rules.

18

19  **DOCUMENT REQUEST NO. 19:**

20  Please produce ALL DOCUMENTS relating to the maintenance or change of

21  procedures by COLLINS adopted to avoid any violation of the Fair Debt Collection

22  Practices Act and the Rosenthal Act.

23  **RESPONSE TO DOCUMENT REQUEST NO. 19:**

24  Subject to and without waiving the General Objections, Collins does not seek

25  to collect debts from consumers.  It has no documents that are responsive to this

26  Request.

27

28

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 19:**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period in the San Diego Superior Court alone.  (Weaver Dec. ¶14). Based on this information, Tourgeman propounded document requests and special interrogatories on Collins.  Collins erroneously contends that it does not collect debts from consumers. Collins appears to be hiding behind its subsidiary, Paragon Way, even though it files collections lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes Collins's position.  "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control.  If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And, Collins, as the principal corporation, has control and possession of Paragon Way's documents.  For instance, Collins agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain documents from Paragon Way.  Therefore, Collins's response that no such documents exist is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 19 and produce any documents improperly

1   withheld from production.

2   **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
3   **TO DOCUMENT REQUEST NO. 19:**

4        The motion to compel should be denied as to this request because Plaintiff has

5   never made any attempt to meet and confer regarding the request before filing the

6   motion.  No party may move for an order compelling further discovery until after the

7   party has made a good faith attempt to meet and confer to resolve the dispute without

8   court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this

9   Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

10  include a certification that the movant has in good faith conferred or attempted to

11  confer with the person or party failing to make disclosure or discovery in an effort to

12  obtain it without court action."); Local Rule 26.1a ("The court will entertain no

13  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

14  previously met and conferred on **all disputed issues**.").

15       Despite these clear requirements, this is one of eighteen separate discovery

16  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

17  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

18  Of Opposition To Motion To Compel And Motion For Protective Order And Award

19  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

20  informed counsel for Tourgeman that the motion was improper because no meet and

21  confer had been conducted, but Tourgeman's counsel refused to take the motion off

22  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

23       Since no meet and confer was conducted as to "all disputed issues" as required

24  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

25  minimum, the Court should deny the motion as to all of the eighteen discovery

26  requests, including this one, that were never discussed by counsel.  *See Presidio*

27  *Components, Inc. v. American Technical Ceramics Corp*., 2009 WL 1423577, *3-4

28  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

confer conducted in advance of motion).  Counsel for Tourgeman should also be sanctioned for their deliberate refusal to comply with the requirements of the Federal Rules and the Local Rules.

**DOCUMENT REQUEST NO. 20:**

Please produce ALL DOCUMENTS RELATING TO insurance policies covering COLLINS for civil law violations including breach of contract, California's Unfair Competition Laws, the Federal [sic] Debt Collection Practices Act and the Rosenthal Act.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Collins has not tendered the defense of this action to any insurance carrier and thus has no responsive documents.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 20:**

Collins refuses to produce documents to Request No. 20, contending it "has not tendered the defense of this action to any insurance carrier so there are no relevant responsive documents."  But it is immaterial whether Collins has tendered the defense of this action to any insurance carrier.  The crux of the Complaint is that Collins violated the Fair Debt Collection Practices Act and engages in unfair debt collection practices.  Documents that establish culpability or relate to indemnification for those violations are relevant.  If Collins maintains an insurance policy that covers these violations, this is enough to render the documents relevant.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 20 and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 20:**

Collins has not tendered the defense of this action to any insurance carrier.

1   There is no insurance policy that could have any bearing on this case.  There is no

2   basis for compelling the firm to produce insurance policies that have bearing on this

3   dispute or its resolution.

4

5   **DOCUMENT REQUEST NO. 21:**

6         Please produce ALL DOCUMENTS that RELATE TO an investigation of

7   COLLINS by an AGENCY for violations of California Unfair Competition Laws, the

8   Federal [sic] Debt Collection Practices Act and the Rosenthal Act.

9   **RESPONSE TO DOCUMENT REQUEST NO. 21:**

10        Defendant objects to this Request on the grounds that it is vague and

11  ambiguous as to the term "an investigation."  Defendant also objects to this Request

12  on the grounds that it seeks information which is not relevant to the subject matter of

13  this lawsuit, nor reasonably calculated to lead to the discovery of admissible

14  evidence.

15  **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 21:**

16        Defendant objects to this Request on the grounds that it is vague and

17  ambiguous as to the term "an investigation."  Defendant also objects to this Request

18  on the grounds that it seeks information which is not relevant to the subject matter of

19  this lawsuit, nor reasonably calculated to lead to the discovery of admissible

20  evidence.

21        Subject to and without waiving the forgoing objection or the General

22  Objections, Defendant responds as follows:  Defendant has never been investigated

23  by any agency for any alleged violation of the California Unfair Competition Law,

24  the FDCPA or the Rosenthal Act.  No responsive documents exist.

25  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

26  **REQUEST NO. 21:**

27        Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

28  part of a request must specify the part and permit inspection of the rest."; *see also E.*

1  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

2  Cal. 2006)("If objection is made to part of an item or category, the part shall be

3  specified and inspection permitted of the remaining parts.  The party submitting the

4  request may move for an order under Rule 37(a) with respect  to any objection to or

5  other failure to respond to the request or any part thereof, or any failure to permit

6  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

7  to provide supplemental responses because the defendant's original responses

8  contained imprecise, boilerplate objections:

9  > Defendant's responses do not allow for meaningful evaluation.  Plaintiff
   > and the Court are unable to determine, with certainty, the requests for
10 > which Defendant is producing documents, the requests for which
   > Defendant is withholding documents and on what basis, and the requests
11 > for which it has no responsive documents.  Defendant cites boilerplate
   > general objections, and does not explain why the objection applies to the
12 > response or whether documents were withheld pursuant to the stated
   > objections.

13

14  Collins  objects to Request No. 21on the basis that it is "not relevant to the

15  subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

16  admissible evidence."  But Collins fails to provide any explanation for these

17  objections.  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D.

18  Cal. 2005) ("The party who resists discovery has the burden to show discovery

19  should not be allowed, and has the burden of clarifying, explaining, and supporting

20  its objections.").  Moreover, because Collins's response is so broad and unspecific, it

21  is impossible to tell whether documents are being withheld on the basis of the stated

22  objections, and/or whether responsive documents even exist.

23  Collins also objects to Request No. 21 on the basis that the term "an

24  investigation" is "vague and ambiguous."  Collins, however, has failed to exercise

25  reason and common sense to attribute ordinary definitions to terms and phrases

26  utilized in discovery.  *Santana Row Hotel Partners,, L.P. v. Zurich Am. Inc. Co.,*

27  2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  "Investigation" is a common

28  English word that should not preclude Collins from providing a substantive response.

Further, Collins has offered no meaningful facts to support the stated objection. Thus, this boilerplate objection cannot be sustained.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 21 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 21:**

Defendant has already responded that it has no responsive documents. There is no basis for seeking an order compelling production of documents that do not exist. The motion must be denied.

**DOCUMENT REQUEST NO. 22:**

Please produce ALL DOCUMENTS that RELATE TO the retention agreements, including the retention agreements themselves (or other operative document describing the respective duties and obligations of client and attorney), if any, between COLLINS and NELSON.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

No responsive documents exist.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 22:**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit against Tourgeman for an alleged debt. Collins must have a retention agreement with Nelson for legal services rendered. Collins erroneously contends that no responsive documents exist. Collins

appears to be hiding behind its subsidiary, Paragon Way, even though Collins files collection lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes Collins's position.  "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control.  If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And, Collins, as the principal corporation, has control and possession of Paragon Way's documents.  For instance, Collins agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain documents from Paragon Way.  Therefore, Collins's response that no such documents exist is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 22 and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 22:**

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion.  No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this

1  Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

2  include a certification that the movant has in good faith conferred or attempted to

3  confer with the person or party failing to make disclosure or discovery in an effort to

4  obtain it without court action."); Local Rule 26.1a ("The court will entertain no

5  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

6  previously met and conferred on **all disputed issues**.").

7      Despite these clear requirements, this is one of eighteen separate discovery

8  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

9  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

10  Of Opposition To Motion To Compel And Motion For Protective Order And Award

11  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

12  informed counsel for Tourgeman that the motion was improper because no meet and

13  confer had been conducted, but Tourgeman's counsel refused to take the motion off

14  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id.*

15      Since no meet and confer was conducted as to "all disputed issues" as required

16  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

17  minimum, the Court should deny the motion as to all of the eighteen discovery

18  requests, including this one, that were never discussed by counsel.  *See Presidio*

19  *Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4

20  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

21  confer conducted in advance of motion).  Counsel for Tourgeman should also be

22  sanctioned for their deliberate refusal to comply with the requirements of the Federal

23  Rules and the Local Rules.

24

25  **DOCUMENT REQUEST NO. 23:**

26      Please produce ALL DOCUMENTS that RELATE TO COLLINS' phone

27  calls, including but not limited to phone records and call logs, placed to David

28

1  Tourgeman, Cesar Tourgeman, Rebecca Tourgeman or anyone else for the purposes

2  of collecting David Tourgeman's alleged debt.

3  **RESPONSE TO DOCUMENT REQUEST NO. 23:**

4      No responsive documents exist.

5  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**

6  **REQUEST NO. 23:**

7      Collins sued Tourgeman in San Diego Superior Court under its own name to

8  collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

9  own name during the class period in the San Diego Superior Court alone.  (Weaver

10  Dec. ¶14).  Collins retained Nelson to bring suit against Tourgeman for an alleged

11  debt.  Collins, or someone acting on its behalf, must have placed a call to David

12  Tourgeman, Cesar Tourgeman, Rebecca Tourgeman or anyone else for the purpose

13  of collecting David Tourgeman's alleged debt.  Collins erroneously contends that no

14  such documents exist.  Collins appears to be hiding behind its subsidiary, Paragon

15  Way, even though Collins files collection lawsuits against alleged debtors in its own

16  name.

17      But Collins cannot use its subsidiary to shield itself from discovery.  Case law

18  directly refutes Collins's position.  "The discovery rules require that a corporation

19  furnish such information as is available from the corporation itself or from sources

20  under its control.  If the corporation can obtain the information from sources under

21  its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

22  *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

23  Way is a subsidiary directly under Collins's control and thus Collins has no basis for

24  withholding information related to Paragon Way.

25      Further, Tourgeman specifically defined Collins to include "anyone else acting

26  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

27  collect debts on Collins's behalf and is Collins's subsidiary, this document request

28  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

1   has control and possession of Paragon Way's documents.  For instance, Collins
2   agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain
3   documents from Paragon Way.  Therefore, Collins's response that no such
4   documents exist is insufficient.

5       Accordingly, Tourgeman requests that this Court order Collins to provide a
6   supplemental response to Request No. 23 and produce any documents improperly
7   withheld from production.

8   **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
9   **TO DOCUMENT REQUEST NO. 23:**

10      The motion to compel should be denied as to this request because Plaintiff has
11  never made any attempt to meet and confer regarding the request before filing the
12  motion.  No party may move for an order compelling further discovery until after the
13  party has made a good faith attempt to meet and confer to resolve the dispute without
14  court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this
15  Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must
16  include a certification that the movant has in good faith conferred or attempted to
17  confer with the person or party failing to make disclosure or discovery in an effort to
18  obtain it without court action."); Local Rule 26.1a ("The court will entertain no
19  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have
20  previously met and conferred on **all disputed issues**.").

21      Despite these clear requirements, this is one of eighteen separate discovery
22  requests that were <u>never</u> discussed in any letter or any phone call by counsel for
23  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support
24  Of Opposition To Motion To Compel And Motion For Protective Order And Award
25  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically
26  informed counsel for Tourgeman that the motion was improper because no meet and
27  confer had been conducted, but Tourgeman's counsel refused to take the motion off
28  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id.*

Since no meet and confer was conducted as to "all disputed issues" as required by Rule 26.1a of the Local Rules, the entire motion should be denied. At a bare minimum, the Court should deny the motion as to all of the eighteen discovery requests, including this one, that were never discussed by counsel. *See Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4 (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and confer conducted in advance of motion). Counsel for Tourgeman should also be sanctioned for their deliberate refusal to comply with the requirements of the Federal Rules and the Local Rules.

**DOCUMENT REQUEST NO. 24:**

Please produce ALL DOCUMENTS that RELATE TO COLLINS' policies and procedures for settling alleged debts with debtors.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

No responsive documents exist.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 24:**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit against Tourgeman for an alleged debt. Collins should have policies or procedures in place for settling debts with debtors. Collins erroneously contends that no responsive documents exist. Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files collection lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery. Case law directly refutes Collins's position. "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources

under its control.  If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And, Collins, as the principal corporation, has control and possession of Paragon Way's documents.  For instance, Collins agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain documents from Paragon Way.  Therefore, Collins's response that no such documents exist is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 24 and produce any documents improperly withheld from production.

## DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 24:

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion.  No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1a ("The court will entertain no

1  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have
2  previously met and conferred on **all disputed issues**.").

3      Despite these clear requirements, this is one of eighteen separate discovery
4  requests that were <u>never</u> discussed in any letter or any phone call by counsel for
5  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support
6  Of Opposition To Motion To Compel And Motion For Protective Order And Award
7  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically
8  informed counsel for Tourgeman that the motion was improper because no meet and
9  confer had been conducted, but Tourgeman's counsel refused to take the motion off
10 calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

11     Since no meet and confer was conducted as to "all disputed issues" as required
12 by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare
13 minimum, the Court should deny the motion as to all of the eighteen discovery
14 requests, including this one, that were never discussed by counsel.  *See Presidio*
15 *Components, Inc. v. American Technical Ceramics Corp*., 2009 WL 1423577, *3-4
16 (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and
17 confer conducted in advance of motion).  Counsel for Tourgeman should also be
18 sanctioned for their deliberate refusal to comply with the requirements of the Federal
19 Rules and the Local Rules.

20

21 **DOCUMENT REQUEST NO. 25:**

22     Please produce ALL DOCUMENTS that RELATE TO COLLINS' revenue for
23 each calendar year from 2005 to the present, including but not limited to financial
24 summaries, period reports, tax returns and financial statements.

25 **RESPONSE TO DOCUMENT REQUEST NO. 25:**

26     Defendant objects to this Request on the grounds that it is overbroad, unduly
27 burdensome and oppressive, and to the extent that it seeks information which is not
28 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks confidential financial information.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 25:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Collins  objects to Request No. 25 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But Collins fails to provide any explanation for these objections.  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").  Moreover, because Collins's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether

1  responsive documents even exist.  And, Collins has not agreed to provide any
2  responsive documents.

3       Documents related to Collins's revenues establish how debt collection
4  activities were pursued and how Collins was incentivized to pursue certain alleged
5  debtors.  Further, these documents are relevant for the purpose of establishing
6  damages.  To the extent Collins contends this request seeks confidential information,
7  Tourgeman has offered to sign a protective order.  Collins ignored this offer.
8  (Weaver Dec. ¶19).

9       Accordingly, Tourgeman requests that this Court order Collins to provide a
10 supplemental response to Request No. 25 without the stated objections, provide a
11 substantive response, and produce any documents improperly withheld from
12 production.

13 **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
14 **TO DOCUMENT REQUEST NO. 25:**

15      There is no basis for compelling production of the private financial
16 information sought by this request.  There is no punitive damages claim in this case.
17 Financial statements and tax returns will not show how collectors are "incentivized"
18 to collect debts, nor is that an issue in the case.  Collins does not have any employees
19 that are collectors.  The request for a further response should be denied.

20

21 **DOCUMENT REQUEST NO. 26:**

22      Please produce ALL DOCUMENTS that RELATE TO COLLINS' processes
23 for transmitting account information of debtors to NELSON.

24 **RESPONSE TO DOCUMENT REQUEST NO. 26:**

25      Defendant objects on the grounds that the Request is vague and ambiguous.
26 Subject to and without waiving the forgoing objection or the General Objections,
27 Defendant responds that no responsive documents exist.

28

1  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT**
2  **REQUEST NO. 26:**

3       Collins objects to Request No. 26 on the basis that the request is vague and
4  ambiguous.  Collins, however, has failed to exercise reason and common sense to
5  attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana*
6  *Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.
7  D. Cal. 2007).  Despite the clear language of the request, Collins has not made a
8  good-faith effort to provide a response.  Further, Collins has offered no meaningful
9  facts to support the stated objection.  Thus, the boilerplate objection cannot be
10 sustained.

11      Collins sued Tourgeman in San Diego Superior Court under its own name to
12 collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its
13 own name during the class period in the San Diego Superior Court alone.  (Weaver
14 Dec. ¶14).  Collins retained Nelson to bring suit against Tourgeman for an alleged
15 debt.  During this process, Collins <u>must</u> have transmitted certain account information
16 regarding Tourgeman to Nelson so that Nelson could file the lawsuit against
17 Tourgeman.  Thus, Collins should have documents showing how the account
18 information is transmitted.  Collins erroneously contends that no responsive
19 documents exist.  Collins appears to be hiding behind its subsidiary, Paragon Way,
20 even though Collins files collection lawsuits against alleged debtors in its own name.

21      But Collins cannot use its subsidiary to shield itself from discovery.  Case law
22 directly refutes Collins's position.  "The discovery rules require that a corporation
23 furnish such information as is available from the corporation itself or from sources
24 under its control.  If the corporation can obtain the information from sources under
25 its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*
26 *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon
27 Way is a subsidiary directly under Collins's control and thus Collins has no basis for
28 withholding information related to Paragon Way.

1    Further, Tourgeman specifically defined Collins to include "anyone else acting

2  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

3  collect debts on Collins's behalf and is Collins's subsidiary, this document request

4  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

5  has control and possession of Paragon Way's documents.  For instance, Collins

6  agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain

7  documents from Paragon Way.  Therefore, Collins's response that no such

8  documents exist is insufficient.

9    Accordingly, Tourgeman requests that this Court order Collins to provide a

10  supplemental response to Request No. 26 and produce any documents improperly

11  withheld from production.

12  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

13  **TO DOCUMENT REQUEST NO. 26:**

14    The motion to compel should be denied as to this request because Plaintiff has

15  never made any attempt to meet and confer regarding the request before filing the

16  motion.  No party may move for an order compelling further discovery until after the

17  party has made a good faith attempt to meet and confer to resolve the dispute without

18  court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this

19  Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

20  include a certification that the movant has in good faith conferred or attempted to

21  confer with the person or party failing to make disclosure or discovery in an effort to

22  obtain it without court action."); Local Rule 26.1a ("The court will entertain no

23  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

24  previously met and conferred on **all disputed issues**.").

25    Despite these clear requirements, this is one of eighteen separate discovery

26  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

27  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

28  Of Opposition To Motion To Compel And Motion For Protective Order And Award

Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically informed counsel for Tourgeman that the motion was improper because no meet and confer had been conducted, but Tourgeman's counsel refused to take the motion off calendar, and refused to withdraw the motion as to the eighteen requests.  *Id.*

Since no meet and confer was conducted as to "all disputed issues" as required by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare minimum, the Court should deny the motion as to all of the eighteen discovery requests, including this one, that were never discussed by counsel.  *See Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4 (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and confer conducted in advance of motion).  Counsel for Tourgeman should also be sanctioned for their deliberate refusal to comply with the requirements of the Federal Rules and the Local Rules.

**DOCUMENT REQUEST NO. 27:**

Please produce ALL DOCUMENTS that RELATE TO the contractual relationship between YOU and Dell Financial Services, Inc. - including any of its past or present agents, employees, representatives, attorneys, accountants, investigators, assigns, subsidiaries, or parent companies, predecessors-in-interest, successors-in-interest, affiliates, or anyone else acting on Dell Financial Services, Inc.'s behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this Request to the extent that it seeks proprietary information, trade secret information, information

subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties.

Subject to and without waiving the forgoing objections or the General Objections, Defendant will produce non-privileged documents in its possession, custody or control that relate to Plaintiff, his account or any of the defenses asserted in this action.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties.

Subject to and without waiving the forgoing objections or the General Objections, Defendant has produced a copy of the purchase and sale agreement relating to Plaintiff's account.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 27:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

1    to provide supplemental responses because the defendant's original responses

2    contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff
> and the Court are unable to determine, with certainty, the requests for
> which Defendant is producing documents, the requests for which
> Defendant is withholding documents and on what basis, and the requests
> for which it has no responsive documents. Defendant cites boilerplate
> general objections, and does not explain why the objection applies to the
> response or whether documents were withheld pursuant to the stated
> objections.

Collins objects to Request No. 27 on the basis that it is "overbroad, unduly

burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

nor reasonably calculated to lead the discovery of admissible evidence." But Collins

fails to provide any explanation for these objections. *Keith H. v. Long Beach Unified*

*Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

discovery has the burden to show discovery should not be allowed, and has the

burden of clarifying, explaining, and supporting its objections."). Moreover, because

Collins's response is so broad and unspecific, it is impossible to tell whether

documents are being withheld on the basis of the stated objections, and/or whether

responsive documents even exist.

Documents related to the contractual relationship between Collins and Dell

reveals how debt collection activities were conducted and how Collins was

incentivized to pursue certain alleged debtors. To the extent Collins contends this

request seeks confidential information, Tourgeman has offered to sign a protective

order. Collins ignored this offer. (Weaver Dec. ¶19).

Now, Collins's supplemental response offers to produce a copy of the

purchase and sale agreement relating to Tourgeman's account. But this is inadequate

and improperly restricts the scope of the request. Indeed, the Complaint includes class

allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the
> period within one year of the date of the filing of the complaint, were
> contacted or sued in the United States by either Collins Financial or
> Nelson & Kennard in an effort to collect an alleged debt.

1       Further, the Complaint alleges that Collins "is a debt collector" that "routinely

2   attempts to collect consumer debts without spending the requisite time to verify the

3   debts and ensure the accuracy of information pertaining to the alleged debts." ¶33.

4   The Complaint also alleges that Collins is not "meaningfully engaged" in the

5   collection of debts.  ¶30.  Collins's contractual arrangement with Dell evidences

6   Collins's debt collection practices.  Since Collins's debt collection practices are at

7   issue, this request is relevant and reasonably calculated to lead to the discovery of

8   admissible evidence.

9       Accordingly, Tourgeman requests that this Court order Collins to provide a

10   supplemental response to Request No. 27 without the stated objections, provide a

11   substantive response, and produce any documents improperly withheld from

12   production.

13   **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

14   **TO DOCUMENT REQUEST NO. 27:**

15       Defendant has already produced a copy of the contract between Collins and

16   Dell that relates to the acquisition of Tourgeman's account, as well as all the data

17   that was transmitted regarding Tourgeman's account at the time of transfer.  There is

18   no basis for seeking all other documents relating to any other unrelated "contractual

19   relationship" with Dell, and Tourgeman has refused to explain why he wants this

20   information or how it bears upon the claims he has asserted.  He claims that

21   Defendants sought to collect a debt that had already been paid "in full" to Dell, and

22   that Defendants filed suit against him in the wrong judicial district.  None of his

23   claims relate to "contractual relationships" between Collins and Dell.  The only

24   potentially relevant and responsive document is the purchase and sale agreement

25   with Dell that has already been produced.  The motion should be denied as to this

26   request.

27

28

**DOCUMENT REQUEST NO. 28:**

Please produce ALL DOCUMENTS that RELATE TO COLLINS' contracts with skip-tracing services and other data providers YOU use to find current information for any alleged debtor.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

No responsive documents exist.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO DOCUMENT REQUEST NO. 28:**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its own name during the class period in the San Diego Superior Court alone.  (Weaver Dec. ¶14).  Collins retained Nelson to bring suit against Tourgeman for an alleged debt.  Collins also retained Nelson to bring suits against other alleged debtors. Collins and Nelson use skip-tracing services to locate these debtors.  Thus, Collins should have documents related to its contracts with those services and data providers. Collins erroneously contends that no responsive documents exist.  Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files collection lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes Collins's position.  "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control.  If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

collect debts on Collins's behalf and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And, Collins, as the principal corporation, has control and possession of Paragon Way's documents.  For instance, Collins agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain documents from Paragon Way.  Therefore, Collins's response that no such documents exist is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Request No. 28 and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 28:**

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion.  No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1a ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred on **all disputed issues**.").

Despite these clear requirements, this is one of eighteen separate discovery requests that were never discussed in any letter or any phone call by counsel for Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support Of Opposition To Motion To Compel And Motion For Protective Order And Award Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically informed counsel for Tourgeman that the motion was improper because no meet and

1    confer had been conducted, but Tourgeman's counsel refused to take the motion off

2    calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

3         Since no meet and confer was conducted as to "all disputed issues" as required

4    by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

5    minimum, the Court should deny the motion as to all of the eighteen discovery

6    requests, including this one, that were never discussed by counsel.  *See Presidio*

7    *Components, Inc. v. American Technical Ceramics Corp*., 2009 WL 1423577, *3-4

8    (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

9    confer conducted in advance of motion).  Counsel for Tourgeman should also be

10   sanctioned for their deliberate refusal to comply with the requirements of the Federal

11   Rules and the Local Rules.

12

13                              **INTERROGATORIES**

14

15   **INTERROGATORY NO. 1:**

16        Please identify the number of persons and entities in the United States who

17   you contacted for the purposes of debt collection from July 31, 2007 to the present.

18   [Definitions omitted].

19   **RESPONSE TO INTERROGATORY NO. 1:**

20        Zero.

21   **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO  INTERROGATORY**

22   **NO. 1:**

23        Collins sued Tourgeman in San Diego Superior Court under its own name to

24   collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

25   own name during the class period in the San Diego Superior Court alone.  (Weaver

26   Dec. ¶14).  Collins retained Nelson to bring suit against Tourgeman for an alleged

27   debt.  Collins also retains Nelson to bring suits against other alleged debtors.  Collins

28   erroneously contends that it contacted zero persons and entities to collect debt from

July 31, 2007 to the present.  This cannot be.  Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins files collection lawsuits against alleged debtors in its own name.

But Collins cannot use its subsidiary to shield itself from discovery.  Case law directly refutes Collins's position.  "The discovery rules require that a corporation furnish such information as is available from the corporation itself or from sources under its control.  If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v. Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon Way is a subsidiary directly under Collins's control and thus Collins has no basis for withholding information related to Paragon Way.

Further, Tourgeman specifically defined Collins to include "anyone else acting on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to collect debts on Collins's behalf and is Collins's subsidiary, this document request should have accounted for Paragon Way.  And, Collins, as the principal corporation, has control and possession of Paragon Way's documents.  For instance, Collins agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain documents from Paragon Way.  Therefore, Collins's response that it contacted zero person and entities is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Interrogatory No. 1.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO INTERROGATORY NO. 1:**

Defendant has already responded and explained that it is not a debt collector and that is does not contact consumers in an attempt to collect debts.  Tourgeman knows that all collection activity is managed by non-party Paragon Way, Inc., but he has elected not to pursue discovery from that entity using a proper subpoena.

1    Regardless, there is no basis for compelling a further response to this request

2    because information about the number of persons or entities "contacted" over a three

3    year period is not relevant to any claim at issue, nor likely to lead to the discovery of

4    admissible evidence.  Tourgeman claims that Defendants sued him for a debt that had

5    already been paid "in full" to Dell, and that Defendants filed suit against him in the

6    wrong judicial district.  He has not and cannot allege that every time Defendant made

7    "contact" with an individual, it violated the FDCPA.  His request will not identify

8    members of a class.

9    Tourgeman suggests this request is proper because he seeks to represent a

10   purported FDCPA class of all persons who were "contacted or sued" by Defendants,

11   and therefore "all" of Defendants' collection practices are at issue.  He is wrong.

12   The FDCPA does not prohibit collectors from contacting consumers, nor does it bar

13   collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

14   specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact,

15   the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

16   from serious threats, harassment, abuse and other deceptive practices utilized by

17   unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*

18   *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect

19   consumers from a host of unfair, harassing, and deceptive debt collection practices

20   without imposing unnecessary restrictions on ethical debt collectors") (citation

21   omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it

22   prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive

23   and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

24       The purpose of the FDCPA is to protect vulnerable and unsophisticated
         debtors from abuse, harassment and deceptive collection practices. . . .
25       Congress was concerned with disruptive, threatening, and dishonest tactics.
         The Senate Report accompanying the Act cites practices such as 'threats of
26       violence, telephone calls at unreasonable hours [and] misrepresentation of
         consumer's legal rights.' (Citation).  **In other words, Congress seems to have**
27       **contemplated the type of actions that would intimidate unsophisticated**
         **individuals and which, in the words of the Seventh Circuit, 'would likely**
28       **disrupt a debtor's life.'** (Citation).

1   *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis

2   added).

3        Tourgeman cannot seek discovery regarding every debtor "contacted or sued"

4   by Defendants unless he identifies how the "contacts" or "suits" allegedly violated

5   the FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the

6   Ninth Circuit held that an allegedly false and misleading statement by a collector

7   does <u>not</u> violate the FDCPA unless it is "material."  *Id*. At 1033-34.  A "material"

8   misstatement is one that is "genuinely misleading" and that "may frustrate the

9   consumer's ability to intelligently choose his or her response" to the collector's

10  communication.  *Id*. at 1034.  The Court noted that:

11      In assessing FDCPA liability, **we are not concerned with mere technical
    falsehoods that mislead no one**, but instead with genuinely misleading
12  statements that may frustrate a consumer's ability to intelligently choose his or
    her response.  **Here, the statement in the Complaint did not undermine**
13  **Donohue's ability to intelligently choose her action concerning her debt.**

14  *Id*. at 1034 (emphasis added).

15       Finally, discovery relating to "entities" contacted by Defendant for purposes of

16  debt collection cannot identify class members, because the FDCPA does not apply to

17  commercial debts.  The "threshold issue" for any FDCPA case is whether the

18  plaintiff incurred a "debt" as defined by the FDCPA.  The Ninth Circuit has so held:

19      Because not all obligations to pay are considered debts under the FDCPA, a
    threshold issue in a suit brought under the Act is whether or not the dispute
20  involves a 'debt' within the meaning of the statute.

21  *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) (alleged obligation to pay

22  commercial tort judgment not a "debt" under FDCPA).  Without evidence that

23  Defendant was seeking to collect a "debt" as defined by the FDCPA, there can be no

24  "debt collection" and no violation of the FDCPA.  *See Bloom v. I.C. System, Inc.*,

25  972 F.2d 1067, 1068-69 (9th Cir. 1992) (no "debt" under FDCPA where defendant

26

27

28

1   sought to collect on loan used for business venture).[5]   The FDCPA limits the

2   definition of a "debt" as follows:

3   > The term 'debt' means any obligation or alleged obligation of a consumer to
   > pay money arising out of a transaction in which the money, property,
4   > insurance, or services which are the subject of the transaction are **primarily**
   > **for personal, family, or household purposes**, whether such obligation has
5   > been reduced to a judgment.

6   *See* 15 U.S.C. § 1692a(5) (emphasis added).  Given this, none of the "entities" that

7   Defendant contacted for purposes of debt collection can be class members.

8   Tourgeman claims that Defendants sued him for a debt that was paid "in full"

9   and filed suit in the wrong judicial district.  He is entitled to discovery related to

10  those claims.  His request for request for information about every person or entity

11  that was "contacted" by Defendants is not relevant to his claims, nor will it identify

12  the number of class members.

13

14  **INTERROGATORY NO. 3:**

15  Please state the form of COLLINS' organization, including all subsidiaries and

16  affiliates, and the date and place the organization was organized and registered

17  and/or licensed to do business.

18  **RESPONSE TO INTERROGATORY NO. 3:**

19  Subject to and without waiving the General Objections, Defendant responds as

20  follows: Collins Financial Services, Inc. Is a Texas corporation incorporated in 1996.

21  It is licensed to do business in appropriate jurisdictions.

22  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

23  Subject to and without waiving the General Objections, Defendant responds as

24  _____

25  [5] *See also First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133,135-36 (5th Cir. 1995)
26  (affirming dismissal of FDCPA claims where defendant sought to collect obligation
    arising out of commercial transaction); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530,
27  531 (9th Cir. 1986) (per curiam) (affirming dismissal of claim under Consumer Credit
    Protection Act, 15 U.S.C. §§ 1601-1693r, where, *inter alia*, "the 'debt' involved was not
28  a debt as defined in 15 U.S.C. § 1692a(5)").

follows:  Defendant is a Texas corporation incorporated in 1996.  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce its 2009 Compliance Report which indicates its various business licenses.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY NO. 3:**

Collins's supplemental response fails to account for any subsidiaries and affiliates.  After several meet and confer discussions, Collins's counsel informed Tourgeman that Paragon Way, Collins's subsidiary, collects debts on Collins's behalf.  (Weaver Dec. ¶15).  Collins, however, fails to mention Paragon Way in its original response or supplemental response. Therefore, Collins has not fully answered this interrogatory.  And, an "evasive or incomplete disclosure, answer, or response" is equivalent to "a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO INTERROGATORY NO. 3:**

Defendant has already responded to the interrogatory and there is no basis for seeking a further response.  Tourgeman does not allege that Collins violated any licensing requirements in this case.  Rather, he claims that Defendants sued him for a debt that was paid "in full" and filed suit in the wrong judicial district.  He has not even bothered to explain why this information bears on any of his claims.  In any event, he has a response to the question.  The motion should be denied.

**INTERROGATORY NO. 4:**

Please describe COLLINS' procedures and policies for receiving debt related information from the entity COLLINS purchases debt from.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "receiving debt related information."  Defendant also

1  objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome

2  and oppressive, and to the extent that it seeks information which is not relevant to the

3  subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

4  admissible evidence.  Defendant further objects to this Interrogatory to the extent that

5  it seeks proprietary information, trade secret information, information subject to

6  protective orders, confidentiality agreements, or statutory provisions that bar the

7  disclosure of that information without the consent of third parties and to the extent

8  that it seeks information subject to the attorney-client privilege or the attorney work

9  product doctrine.

10      Subject to and without waiving the forgoing objections or the General

11  Objections, based upon its understanding of this Interrogatory, Defendant hereby

12  exercises its option to produce business records that are responsive, pursuant to Rule

13  33(d) of the Federal Rules of Civil Procedure.  Defendant is willing to meet and

14  confer with Plaintiff regarding any further response.

15  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

16  **NO. 4:**

17      Federal Rule of Civil Procedure 33 governs the use of Interrogatories during

18  discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is

19  not objected to, be answered separately and fully in writing under oath."  Further, all

20  grounds for objection to an interrogatory must be stated "with specificity."  Fed R.

21  Civ. P. 33(b)(4).  Collins has not provided any substantive response to this

22  interrogatory.

23      Collins objects to Interrogatory No. 4 on the basis that it is "overbroad, unduly

24  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

25  nor reasonably calculated to lead the discovery of admissible evidence."  But Collins

26  fails to provide any explanation for these objections.  *Blankenship v. Hearst Corp.*,

27  519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required to carry a

28  heavy burden of showing" why discovery should be denied).

1    Collins also objects to Interrogatory No. 4 on the basis that the term "receiving

2    debt related information" is vague and ambiguous.  Collins, however, has failed to

3    exercise reason and common sense to attribute ordinary definitions to terms and

4    phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins.*

5    *Co.,* 2007 U.S. Dist. LEXIS 31688 (N. D. Cal. 2007).  This interrogatory utilizes

6    common English words that should not preclude Collins from providing a

7    substantive response.  And, Collins has offered no meaningful facts to support the

8    stated objection.  Thus, this boilerplate objection cannot be sustained.

9    Federal Rule of Civil Procedure 26(b)(5) further provides:

10   When a party withholds information otherwise discoverable by claiming
     that the information is privileged or subject to protection as trial-
11   preparation material, the party must:

12   (v)    expressly make the claim; and

13   (vi)   describe the nature of the documents, communications, or tangible
            things not produced or disclosed–and do so in a manner that, without
14          revealing information itself privileged or protected, will enable other
            parties to assess the claim.

15

16   "A privilege log should contain the following information: (1) the identity and

17   position of its author; (2) the identity and position of the recipient(s); (3) the date it

18   was prepared or written; (4) the title and description of the document; (5) the subject

19   matter addressed; (6) the purposes for which it was prepared or communicated; (7)

20   the document's present location; and (8) the specific privilege or other reason it is

21   being withheld."  *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D.

22   Cal. 2009).  When asserting the attorney-client privilege, "[t]he party asserting the

23   privilege bears the initial burden of demonstrating that the communication falls

24   within the privilege."  *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal.

25   2007).

26   Here, Collins asserts the attorney-client privilege and attorney work product

27   protection to Interrogatory No. 4.  The objection is stated simply as "seek[ing]

28   information subject to the attorney-client privilege or the attorney work product

doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Collins has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). As a practical matter, it is hard to conceive how there could be an attorney client relationship with entities from which Collins purchases debts. Consequently, the privilege claims cannot be properly evaluated, nor is there any basis for asserting a privilege claim.

While Collins agrees to produce records in response to Interrogatory No. 4 pursuant to Rule 33(d), Collins fails to specify which records. If the served party chooses to respond to an interrogatory by producing business records, the served party must specify, in detail, the records from which the answer may be derived or ascertained and afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect the record. *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321 (S.D. Cal. 2009).

As the authorities above reflect, the citation to and production of records as an alternate means for responding to Interrogatories is proper so long as the documents produced are the party's "business records" and the description of the records produced in lieu of a response is sufficiently detailed to enable the propounding party to locate them. Here, Collins's citation to and alleged agreement to produce documents does not satisfy these two requirements. The response is insufficient for two reasons. First, it does not direct Tourgeman to any "business records." Second, even assuming these documents are business records, this response lacks the required specificity. Collins must at least provide the titles of the documents or Bates numbers of the documents responsive to this Request.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Interrogatory No. 4 without the stated objections and

1   provide a substantive response.

2   **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

3   **TO INTERROGATORY NO. 4:**

4        The motion to compel should be denied as to this request because Plaintiff has

5   never made any attempt to meet and confer regarding the request before filing the

6   motion.  No party may move for an order compelling further discovery until after the

7   party has made a good faith attempt to meet and confer to resolve the dispute without

8   court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this

9   Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

10  include a certification that the movant has in good faith conferred or attempted to

11  confer with the person or party failing to make disclosure or discovery in an effort to

12  obtain it without court action."); Local Rule 26.1a ("The court will entertain no

13  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

14  previously met and conferred on **all disputed issues**.").

15       Despite these clear requirements, this is one of eighteen separate discovery

16  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

17  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

18  Of Opposition To Motion To Compel And Motion For Protective Order And Award

19  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

20  informed counsel for Tourgeman that the motion was improper because no meet and

21  confer had been conducted, but Tourgeman's counsel refused to take the motion off

22  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

23       Since no meet and confer was conducted as to "all disputed issues" as required

24  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

25  minimum, the Court should deny the motion as to all of the eighteen discovery

26  requests, including this one, that were never discussed by counsel.  *See Presidio*

27  *Components, Inc. v. American Technical Ceramics Corp*., 2009 WL 1423577, *3-4

28  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

---

confer conducted in advance of motion).  Counsel for Tourgeman should also be
sanctioned for their deliberate refusal to comply with the requirements of the Federal
Rules and the Local Rules.

**INTERROGATORY NO. 5:**

Please describe COLLINS' procedures and policies for verifying debt related
information from the entity COLLINS purchases debt from.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory on the grounds that it is vague and
ambiguous as to the terms "verifying debt related information."  Defendant also
objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome
and oppressive, and to the extend that it seeks information which is not relevant to
the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery
of admissible evidence.  Defendant further objects to this Interrogatory to the extent
that it seeks proprietary information, trade secret information, information subject to
protective orders, confidentiality agreements, or statutory provisions that bar the
disclosure of that information without the consent of third parties and to the extent
that it seeks information subject to the attorney-client privilege or the attorney work
product doctrine.

Subject to and without waiving the forgoing objections or the General
Objections, based upon its understanding of this Interrogatory, Defendant hereby
exercises its option to produce business records that are responsive, pursuant to Rule
33(d) of the Federal Rules of Civil Procedure.  Defendant is willing to meet and
confer with Plaintiff regarding any further response.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY
NO. 5:**

Federal Rule of Civil Procedure 33 governs the use of Interrogatories during
discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is

not objected to, be answered separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must be stated "with specificity." Fed R. Civ. P. 33(b)(4). Collins has not provided any substantive response to this interrogatory.

Collins objects to Interrogatory No. 5 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead the discovery of admissible evidence." But Collins fails to provide any explanation for these objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

Collins also objects to Interrogatory No. 5 on the basis that the term "receiving debt related information: is vague and ambiguous. Collins, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N. D. Cal. 2007). This interrogatory features common English words that should not preclude Collins from providing a substantive response. And, Collins has offered no meaningful facts to support the stated objection. Thus, this boilerplate objection cannot be sustained.

Federal Rule of Civil Procedure 26(b)(5) further provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(v)    expressly make the claim; and

(vi)   describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject

matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld.  *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009).  When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege."  *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Collins asserts the attorney-client privilege and attorney work product protection to Interrogatory No. 5.  The objection is stated simply as "seek[ing] information subject to the attorney-client privilege or the attorney work product doctrine."  Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Collins has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec.  ¶13).  Consequently, the privilege claims cannot be properly evaluated.

While Collins agrees to produce records in response to Interrogatory No. 5 pursuant to Rule 33(d), Collins fails to specify which records.  If the served party chooses to respond to an interrogatory by producing business records, the served party must specify, in detail, the records from which the answer may be derived or ascertained and afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect the record. *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321 (S.D. Cal. 2009).

As the authorities above reflect, the citation to and production of records as an alternate means for responding to interrogatories is proper so long as the documents produced are the party's "business records" and the description of the records produced in lieu of a response is sufficiently detailed to enable the propounding party

1  to locate them.  Here, Collins's citation to and alleged agreement to produce

2  documents does not satisfy these two requirements.  The response is insufficient for

3  two reasons.  First, it does not direct Tourgeman to any "business records."  Second,

4  even assuming these documents are business records, this response lacks the required

5  specificity.  Collins must at least provide the titles of the documents or Bates

6  numbers of the documents responsive to this Request.

7      Accordingly, Tourgeman requests that this Court order Collins to provide a

8  supplemental response to Interrogatory No. 5 without the stated objections and

9  provide a substantive response.

10  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

11  **TO INTERROGATORY NO. 5:**

12      The motion to compel should be denied as to this request because Plaintiff has

13  never made any attempt to meet and confer regarding the request before filing the

14  motion.  No party may move for an order compelling further discovery until after the

15  party has made a good faith attempt to meet and confer to resolve the dispute without

16  court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this

17  Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

18  include a certification that the movant has in good faith conferred or attempted to

19  confer with the person or party failing to make disclosure or discovery in an effort to

20  obtain it without court action."); Local Rule 26.1a ("The court will entertain no

21  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

22  previously met and conferred on **all disputed issues**.").

23      Despite these clear requirements, this is one of eighteen separate discovery

24  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

25  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

26  Of Opposition To Motion To Compel And Motion For Protective Order And Award

27  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

28  informed counsel for Tourgeman that the motion was improper because no meet and

confer had been conducted, but Tourgeman's counsel refused to take the motion off calendar, and refused to withdraw the motion as to the eighteen requests. *Id*.

Since no meet and confer was conducted as to "all disputed issues" as required by Rule 26.1a of the Local Rules, the entire motion should be denied. At a bare minimum, the Court should deny the motion as to all of the eighteen discovery requests, including this one, that were never discussed by counsel. *See Presidio Components, Inc. v. American Technical Ceramics Corp*., 2009 WL 1423577, *3-4 (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and confer conducted in advance of motion). Counsel for Tourgeman should also be sanctioned for their deliberate refusal to comply with the requirements of the Federal Rules and the Local Rules.

**INTERROGATORY NO. 6:**

Please describe COLLINS' procedures and policies for investigating the addresses of alleged debtors prior to attempting contact.

**RESPONSE TO INTERROGATORY NO. 6:**

Collins does not attempt to contact debtors and therefore does not have any policies or procedures that are responsive to this Interrogatory.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY NO. 6:**

Collins sued Tourgeman in San Diego Superior Court under its own name to collect on an alleged debt. In fact, Collins has filed more than 300 cases under its own name during the class period in the San Diego Superior Court alone. (Weaver Dec. ¶14). Collins retained Nelson to bring suit against Tourgeman for an alleged debt. Collins also retains Nelson to bring suits against other alleged debtors. Further, Collins is an entity that specializes in buying debt obligations. Collins erroneously contends that it does not attempt to contact debtors. This cannot be.

1  Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins
2  files collection lawsuits against alleged debtors in its own name.

3       But Collins cannot use its subsidiary to shield itself from discovery.  Case law
4  directly refutes Collins's position.  "The discovery rules require that a corporation
5  furnish such information as is available from the corporation itself or from sources
6  under its control.  If the corporation can obtain the information from sources under
7  its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v.*
8  *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon
9  Way is a subsidiary directly under Collins's control and thus Collins has no basis for
10 withholding information related to Paragon Way.

11      Further, Tourgeman specifically defined Collins to include "anyone else acting
12 on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to
13 collect debts on Collins's behalf and is Collins's subsidiary, this document request
14 should have accounted for Paragon Way.  And, Collins, as the principal corporation,
15 has control and possession of Paragon Way's documents.  For instance, Collins
16 agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain
17 documents from Paragon Way.  Therefore, Collins's response that it does not attempt
18 to contact debtors is insufficient.

19      Accordingly, Tourgeman requests that this Court order Collins to provide a
20 supplemental response to Interrogatory No. 6.

21 **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
22 **TO INTERROGATORY NO. 6:**

23      Defendant has already responded that it is not a debt collector, it does not
24 attempt to contact debtors, and it does not investigate their addresses.  There is no
25 basis for seeking to compel a further response.

26      Discovery about Defendant's "investigation" of debts is not proper because the
27 FDCPA does not impose a duty on collectors to independently investigate and verify
28 debts before the initiate the collection process.  Even though the law does not impose

1  such a duty, Defendants have no business interest in seeking to collect money from

2  debtors that do not owe it.  Defendants do have procedures in place to prevent any

3  attempt to collect debts that have already been paid, and they have provided this

4  information to Tourgeman already.  There is no basis for compelling a further

5  response.

6      The FDCPA does not require a debt collector to independently verify the

7  validity of a debt before attempting to collect it.  Instead, the FDCPA allows a

8  collector to assume the debt is valid, unless the debtor submits a timely dispute to the

9  collector.  *See* 15 U.S.C. § 1692g(a)(3) (collector must notify consumer that debt will

10  be assumed valid unless consumer disputes validity of debt within 30 days of receipt

11  of notice); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992)

12  (FDCPA does not require collector to independently investigate debt referred for

13  collection); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (FDCPA does not

14  require collector to independently verify validity of debt to qualify for "bona fide

15  error" defense).  Here, non-party Paragon Way, Inc. and Nelson & Kennard both sent

16  notices to Tourgeman advising him of his right to dispute the debt, but Tourgeman

17  never responded.[6]

18      If Tourgeman is arguing that discovery about Defendants' "investigating" of

19  debts is relevant to show that Defendants did not have possession of sufficient

20  evidence to prove their case before the collection suit was filed, his requests are

21  improper as this Court has already rejected this theory of recovery.[7]

22  _____

23      [6] *See* Declaration of Howard Knauer In Support Of Motion For Summary

24  Judgment (Docket 75), ¶ 5, Ex. B; Declaration of Jonathan E. Ayers In Support Of
    Motion For Summary Judgment (Docket 73), ¶ 4, Ex. B.

25

26      [7] *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss
    And Motion To Strike (Docket 58), at 7 ("[T]he filing of a lawsuit, even if a plaintiff

27  does not have the means of proving the case at filing or does not ultimately prevail, has

28  not by itself been considered harassment or abuse under the FDCPA. *See, e.g., Heintz
    v. Jenkins*, 514 U.S. 291, 296 (1995); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d

1    Defendants have provided discovery on the procedures used to ensure that they

2    are filing suit on valid debts and are filing suit in the correct judicial district.  The

3    motion should be denied as to this request.

4

5    **INTERROGATORY NO. 7:**

6    Please describe COLLINS' procedures and policies for determining the

7    amount COLLINS demands from alleged debtors, including but not limited to, the

8    method of calculating the principal owed, interest assessed and penalties applied,

9    **RESPONSE TO INTERROGATORY NO. 7:**

10   Collins does not make demands of debtors and therefore has no procedures or

11   policies that are responsive to this Interrogatory.

12   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

13   Subject to the General Objections, Defendant responds as follows:  Assuming

14   that Plaintiff seeks information related to the origin of the amount of the demand

15   made in the collection complaint filed against Plaintiff on behalf of Collins, the

16   amount of the debt was obtained from the data transferred to Defendant by the

17   original creditor.  Defendant did not "calculate" the principal amount due, nor did it

18   assess interest or penalties.  Defendant relied upon Nelson & Kennard to seek the

19   appropriate amount of statutory interest on the Plaintiff's account from the date of

20   charged off, April 19, 2004.

21   **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

22   **NO. 7:**

23   Collins attempts to limit the interrogatory to the demand made in the collection

24   complaint filed against Tourgeman.  This response improperly narrows the scope of

25   the request and misconstrues the allegations in the Complaint.  The Complaint

26

27

28

324, 330 (6th Cir. 2006).

contains well-pleaded allegations that Collins engages in improper debt collection practices.  Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United states and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy of information pertaining to the alleged debts." ¶33. The Complaint also alleges that Collins is not "meaningfully engaged" in the collection of debts.  ¶30.  In other words, Collins's debt collection activities as a whole are at issue.  Thus, Collins's procedures and policies for determining the debt amount Collins demands from alleged debtors is relevant and reveals an aspect of Collins's debt collection practices.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Interrogatory No. 7.

## DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO INTERROGATORY NO. 7:

Defendant has already provided a response to this interrogatory, and there is no basis for seeking to compel a further answer.  Defendant explained that the amount of the debt was obtained from the data transferred by the original creditor. Defendant did not "calculate" the principal amount due, nor did it assess interest or penalties, as Tourgeman's question implies.  Defendant relied upon Nelson & Kennard to seek the appropriate amount of statutory interest on the Plaintiff's account from the date of charged off, April 19, 2004.

Tourgeman has not sued Collins for altering the amount of the debts that it buys from creditors, nor has he sued Collins claiming that it improperly "calculated" interest or any other sum that it was seeking to collect.  Rather, Tourgeman claims that he had already paid his debt "in full" to Dell before it was ever transferred to Collins.  This discovery has nothing to do with Tourgeman's claims.

1    It is a frivolous waste of time for Tourgeman to seek an order compelling a

2    response when a complete response has been provided.

3

4    **INTERROGATORY NO. 8:**

5    Please describe COLLINS' procedures and policies for settling outstanding

6    alleged debts from alleged debtors.

7    **RESPONSE TO INTERROGATORY NO. 8:**

8    Collins does not settle debts with debtors and therefore has no responsive

9    policies or procedures.

10   **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

11   **NO. 8:**

12   Collins sued Tourgeman in San Diego Superior Court under its own name to

13   collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

14   own name during the class period in the San Diego Superior Court alone.  (Weaver

15   Dec. ¶14).  Collins erroneously contends that it does not settle debts with debtors.

16   This assertion cannot be true.   Collins appears to be hiding behind its subsidiary,

17   Paragon Way, even though Collins files collection lawsuits against alleged debtors in

18   its own name.

19   But Collins cannot use its subsidiary to shield itself from discovery.  Case law

20   directly refutes Collins's position.  "The discovery rules require that a corporation

21   furnish such information as is available from the corporation itself or from sources

22   under its control.  If the corporation can obtain the information from sources under

23   its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

24   *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

25   Way is a subsidiary directly under Collins's control and thus Collins has no basis for

26   withholding information related to Paragon Way.

27   Further, Tourgeman specifically defined Collins to include "anyone else acting

28   on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

1  collect debts on Collins's behalf and is Collins's subsidiary, this document request

2  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

3  has control and possession of Paragon Way's documents.  For instance, Collins

4  agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain

5  documents from Paragon Way.  Therefore, Collins's response that it does not settle

6  debts with debtors is insufficient.

7        Accordingly, Tourgeman requests that this Court order Collins to provide a

8  supplemental response to Interrogatory No. 8.

9  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

10 **TO INTERROGATORY NO. 8:**

11       Collins has already responded and explained that it does not communicate with

12 debtors and that it does not settle accounts with debtors.  Tourgeman knows that all

13 collection activity is managed through Paragon Way, Inc., and he has elected not to

14 send subpoenas to Paragon Way.

15       More significantly, this discovery has nothing to do with the issues in this

16 case.  Tourgeman does not even allege that Defendants violated the FDCPA in

17 connection with settling any debt.  Even if he had, there is nothing unlawful about

18 settling debts.  To the contrary, cases have repeatedly recognized that the FDCPA

19 encourages settlement of debts without litigation.  "There is nothing improper about

20 making a settlement offer.  (Citation).  Forbidding them would force honest debt

21 collectors seeking a peaceful resolution of the debt to file suit in order to advance

22 efforts to resolve the debt-something that is clearly at odds with the language and

23 purpose of the [Act]." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550

24 F. 3d 294, 299 (3d Cir. 2008) (citing *Evory v. RJM Acquisitions Funding, LLC*, 505

25 F. 3d 769 (7th Cir. 2007) and *Lewis v. ACB Bus. Servs., Inc.*, 135 F. 3d 389, 399 (6th

26 Cir. 1998).

27       The motion must be denied as to these requests seeking information relating to

28 Defendants policies and procedures relating to settling debts.

1   **INTERROGATORY NO. 9:**

2      Please identify all law firms that COLLINS retained - from July 31, 2006 to

3   the present - for the purpose of collecting debts.

4   **RESPONSE TO INTERROGATORY NO. 9:**

5      Collins does not retain law firms.

6   **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

7   **NO. 9:**

8      Collins sued Tourgeman in San Diego Superior Court under its own name to

9   collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

10  own name during the class period in the San Diego Superior Court alone.  (Weaver

11  Dec. ¶14).  Collins retained Nelson to bring suit against Tourgeman for an alleged

12  debt.  Collins also retains Nelson to bring suits against other alleged debtors.  Collins

13  erroneously contends that it does not retain law firms.  This is not true.   Collins

14  appears to be hiding behind its subsidiary, Paragon Way, even though Collins files

15  collection lawsuits against alleged debtors in its own name.

16     But Collins cannot use its subsidiary to shield itself from discovery.  Case law

17  directly refutes Collins's position.  "The discovery rules require that a corporation

18  furnish such information as is available from the corporation itself or from sources

19  under its control.  If the corporation can obtain the information from sources under

20  its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

21  *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

22  Way is a subsidiary directly under Collins's control and thus Collins has no basis for

23  withholding information related to Paragon Way.

24     Further, Tourgeman specifically defined Collins to include "anyone else acting

25  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

26  collect debts on Collins's behalf and is Collins's subsidiary, this document request

27  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

28  has control and possession of Paragon Way's documents.  For instance, Collins

agreed in its supplemental response to Interrogatory No. 13 and 20 to produce certain documents from Paragon Way.  Therefore, Collins's response that it does not retain law firms is insufficient.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Interrogatory No. 9.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO INTERROGATORY NO. 9:**

Collins does not retain law firms.  This function is handled by non-party Paragon Way, Inc.  There is no basis for compelling Defendant to identify all of the other law firms have been retained to collect debts on behalf of Collins.  Tourgeman apparently seeks this information so that he can blanket the country with subpoenas directed at these other law firms in the hopes that this disruption to Defendant's business relationships will coerce a settlement.  This is a wholly improper abuse of the discovery process.

Tourgeman claims that Defendants sued him for a debt that had already been paid "in full" to Dell, and that Defendants filed suit against him in the wrong judicial district.  He has not and cannot allege that every time any law firm filed any law suit on behalf of Collins, that suit somehow violated the FDCPA.  His request will not lead to discoverable information and will not identify members of a class.

Defendants have provided a detailed information describing how Nelson & Kennard generally prepares lawsuit for Collins, and Defendants have produced responsive documents related to the claims raised by Tourgeman in this case.  Defendants have also made witnesses available for depositions, but Tourgeman cancelled the depositions and filed this motion.  There is no basis for compelling a further response to force Defendant to identify its other law firms.

**INTERROGATORY NO. 10:**

Please identify all lawsuits for breach of contract, Rule 3.740 collections cases,

violations of the FDCPA and violations of the Rosenthal Act -by caption, court, civil action number, and result - that COLLINS is or has been a party to since July 31, 2006.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Request on the grounds that it is compound. Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Complaints which include unsubstantiated allegations made by other debtors regarding other sets of facts have no bearing on the claims or defenses in this action. Defendant also objects to this Interrogatory on the grounds that the information requested, if any exists, is a matter of public record, equally available to Plaintiff.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY NO. 10:**

Federal Rule of Civil Procedure 33 governs the use of Interrogatories during discovery. Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Further, all grounds for objection to an interrogatory must be stated "with specificity." Fed R. Civ. P. 33(b)(4). Collins has not provided any substantive response to this interrogatory.

Collins objects to Interrogatory No. 5 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead the discovery of admissible evidence." But Collins fails to provide any explanation for these objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

Collins also erroneously argues that "unsubstantiated allegations made by other debtors regarding other sets of facts have no bearing on the claims or defenses in this action." This response misconstrues the Complaint. The Complaint contains well-pleaded allegations that Collins engages in improper debt collection practices. Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United states and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint alleges that Collins "is a debt collector" that "routinely attempts to collect consumer debts without spending the requisite time to verify the debts and ensure the accuracy of information pertaining to the alleged debts." ¶33. The Complaint also alleges that Collins is not "meaningfully engaged" in the collection of debts. ¶30. In other words, Collins's debt collection activities as a whole are at issue. Thus, other lawsuits against Collins, especially for violations of the FDCPA and the Rosenthal Act, show whether Collins engages in a pattern of improperly filing lawsuits against alleged debtors and are relevant for establishing a class certification.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Interrogatory No. 10 without the stated objections and provide a substantive response.

## DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO INTERROGATORY NO. 10:

Tourgeman makes a very specific and very narrow set of claims in this case. He alleges that Defendants sued him for a debt that he did not owe, and that they filed suit in the wrong judicial district. The requested discovery is not relevant to these claims, nor will help to identify class members in this case. Complaints filed by other consumers, which include unsubstantiated allegations made by other debtors regarding other sets of facts, have no bearing on the claims or defenses in this action.

1  Vague arguments by Tourgeman that this case concerns Collins's practices "as a

2  whole" does not change the analysis.

3        Tourgeman suggests this request is proper because he seeks to represent a

4  purported FDCPA class of all persons who were "contacted or sued" by Defendants,

5  and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The

6  FDCPA does not prohibit collectors from contacting consumers, nor does it bar

7  collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

8  specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact,

9  the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

10 from serious threats, harassment, abuse and other deceptive practices utilized by

11 unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*

12 *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect

13 consumers from a host of unfair, harassing, and deceptive debt collection practices

14 without imposing unnecessary restrictions on ethical debt collectors") (citation

15 omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it

16 prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive

17 and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

18        The purpose of the FDCPA is to protect vulnerable and unsophisticated
          debtors from abuse, harassment and deceptive collection practices. . . .
19        Congress was concerned with disruptive, threatening, and dishonest tactics.
          The Senate Report accompanying the Act cites practices such as 'threats of
20        violence, telephone calls at unreasonable hours [and] misrepresentation of
          consumer's legal rights.' (Citation).  **In other words, Congress seems to have**
21        **contemplated the type of actions that would intimidate unsophisticated**
          **individuals and which, in the words of the Seventh Circuit, 'would likely**
22        **disrupt a debtor's life.'** (Citation).

23 *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis

24 added).

25        Tourgeman cannot seek discovery regarding every debtor "contacted or sued"

26 by Defendants unless he identifies how the "contacts" or "suits" allegedly violated

27 the FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the

28 Ninth Circuit held that an allegedly false and misleading statement by a collector

1  does not violate the FDCPA unless it is "material." *Id.* At 1033-34.  A "material"

2  misstatement is one that is "genuinely misleading" and that "may frustrate the

3  consumer's ability to intelligently choose his or her response" to the collector's

4  communication.  *Id.* at 1034.  The Court noted that:

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

8  *Id.* at 1034 (emphasis added).

9  This case concerns a specific set of allegations made by Tourgeman.  It has

10  nothing to do with other cases filed by other debtors.  The request for a further

11  response should be denied.

12

13  **INTERROGATORY NO. 12:**

14  Please describe the compensation agreements between COLLINS and any law

15  firm COLLINS uses to file complaint against alleged debtors for breach of contract.

16  **RESPONSE TO INTERROGATORY NO. 12:**

17  Collins does not have compensation agreements with law firms.

18  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

19  **NO. 12:**

20  Collins sued Tourgeman in San Diego Superior Court under its own name to

21  collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

22  own name during the class period in the San Diego Superior Court alone.  (Weaver

23  Dec. ¶14).  Collins retained Nelson to bring suite against Tourgeman for an alleged

24  debt.  Collins also retains Nelson to bring suits against other alleged debtors.  Collins

25  erroneously contends that it does not have compensation agreements with law firms.

26  This cannot be.   Collins appears to be hiding behind its subsidiary, Paragon Way,

27  even though Collins files collection lawsuits against alleged debtors in its own name.

28

1    But Collins cannot use its subsidiary to shield itself from discovery.  Case law

2  directly refutes Collins's position.  "The discovery rules require that a corporation

3  furnish such information as is available from the corporation itself or from sources

4  under its control.  If the corporation can obtain the information from sources under

5  its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

6  *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

7  Way is a subsidiary directly under Collins's control and thus Collins has no basis for

8  withholding information related to Paragon Way.

9    Further, Tourgeman specifically defined Collins to include "anyone else acting

10  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

11  collect debts on Collins's behalf and is Collins's subsidiary, this document request

12  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

13  has control and possession of Paragon Way's documents.  For instance, Collins

14  agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce

15  certain documents from Paragon Way.  Therefore, Collins's response that it does not

16  have compensation agreements with law firms is insufficient.

17    Accordingly, Tourgeman requests that this Court order Collins to provide a

18  supplemental response to Interrogatory No. 12.

19  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

20  **TO INTERROGATORY NO. 12:**

21    Collins has already responded that it does not have agreements with law firms,

22  so there is no further information to provide, and nothing to compel.  The Defendants

23  have already provided a copy of the agreement between Paragon Way, Inc. and the

24  Nelson & Kennard firm.

25    In any event, there is no basis for compelling Defendant to identify all the

26  details of the agreements with other law firms that are retained to collect debts.

27  Tourgeman apparently seeks this information so that he can take further discovery

28  from these other firms in the hopes that this disruption to Defendant's business

1  relationships will coerce a settlement.  This is a wholly improper abuse of the

2  discovery process.

3  Tourgeman claims that Defendants sued him for a debt that had already been

4  paid "in full" to Dell, and that Defendants filed suit against him in the wrong judicial

5  district.  He has not and cannot allege that agreements with other law firms will shed

6  any light on this alleged conduct.  His request will not lead to discoverable

7  information.  There is no basis for compelling a further response.

8

9  **INTERROGATORY NO. 14:**

10  Please identify the documents COLLINS relied upon to confirm the amount of

11  David Tourgeman's debt.

12  **RESPONSE TO INTERROGATORY NO. 14:**

13  Subject to and without waiving the forgoing objections or the General

14  Objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will

15  produce non-privileged, responsive documents in its possession, custody or control.

16  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

17  **NO. 14:**

18  While Collins agrees to produce records pursuant to Rule 33(d), Collins fails

19  to specify which records.  If the served party chooses to respond to an interrogatory

20  by producing business records, the served party must specify, in detail, the records

21  from which the answer may be derived or ascertained and afford the party serving the

22  interrogatory reasonable opportunity to examine, audit, or inspect the record.  *See*

23  Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321 (S.D. Cal.

24  2009).

25  As the authorities above reflect, the citation to and production of records as an

26  alternate means for responding to interrogatories is proper so long as the documents

27  produced are the party's "business records" and the description of the records

28  produced in lieu of a response is sufficiently detailed to enable the propounding party

to locate them.  Here, Collins's citation to and alleged agreement to produce documents does not satisfy these two requirements.  The response is insufficient for two reasons.  First, it does not direct Tourgeman to any "business records."  Second, even assuming these documents are business records, this response lacks the required specificity.  Collins must at least provide the titles of the documents or Bates numbers of the documents responsive to this Request.

Accordingly, Tourgeman requests that this Court order Collins to provide a supplemental response to Interrogatory No. 14.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO INTERROGATORY NO. 14:**

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion.  No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1a ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred on **all disputed issues**.").

Despite these clear requirements, this is one of eighteen separate discovery requests that were <u>never</u> discussed in any letter or any phone call by counsel for Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support Of Opposition To Motion To Compel And Motion For Protective Order And Award Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically informed counsel for Tourgeman that the motion was improper because no meet and

1  confer had been conducted, but Tourgeman's counsel refused to take the motion off

2  calendar, and refused to withdraw the motion as to the eighteen requests. *Id*.

3       Since no meet and confer was conducted as to "all disputed issues" as required

4  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

5  minimum, the Court should deny the motion as to all of the eighteen discovery

6  requests, including this one, that were never discussed by counsel.  *See Presidio*

7  *Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4

8  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

9  confer conducted in advance of motion).  Counsel for Tourgeman should also be

10 sanctioned for their deliberate refusal to comply with the requirements of the Federal

11 Rules and the Local Rules.

12

13 **INTERROGATORY NO. 16:**

14      Please identify the number of letters threatening legal action COLLINS sent in

15 each calendar year from 2005 to the present.

16 **RESPONSE TO INTERROGATORY NO. 16:**

17      Zero.

18 **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

19 **NO. 16:**

20      Collins sued Tourgeman in San Diego Superior Court under its own name to

21 collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

22 own name during the class period in the San Diego Superior Court alone.  (Weaver

23 Dec. ¶14).  Collins retained Nelson to bring suite against Tourgeman for an alleged

24 debt.  Collins also retains Nelson to bring suits against other alleged debtors.  Collins

25 erroneously contends that it sent zero letters to debtors threatening legal action.  This

26 cannot be.   Collins appears to be hiding behind its subsidiary, Paragon Way, even

27 though Collins files collection lawsuits against alleged debtors in its own name.

28

1   But Collins cannot use its subsidiary to shield itself from discovery.  Case law

2   directly refutes Collins's position.  "The discovery rules require that a corporation

3   furnish such information as is available from the corporation itself or from sources

4   under its control.  If the corporation can obtain the information from sources under

5   its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

6   *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

7   Way is a subsidiary directly under Collins's control and thus Collins has no basis for

8   withholding information related to Paragon Way.

9   Further, Tourgeman specifically defined Collins to include "anyone else acting

10  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

11  collect debts on Collins's behalf and is Collins's subsidiary, this document request

12  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

13  has control and possession of Paragon Way's documents.  For instance, Collins

14  agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce

15  certain documents from Paragon Way.  Therefore, Collins's response that it sent zero

16  letters is insufficient.

17  Accordingly, Tourgeman requests that this Court order Collins to provide a

18  supplemental response to Interrogatory No. 16.

19  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

20  **TO INTERROGATORY NO. 16:**

21  Collins has already explained that it is not a debt collector and that it does not

22  send collection letters.  Thus, it properly responded that it sent "zero" letters.  It is

23  frivolous for Tourgeman to seek to compel a further response when no further

24  response can be given.

25  In addition, there is no basis for compelling a further response to this request

26  because Tourgeman does not alleged that there is anything improper about any

27  collection letter sent by Defendants.  In fact, the Court previously dismissed the

28  claim that alleged Defendants had not sent Tourgeman a notice under section 1692g

1   of the FDCPA.  *See* Order Granting In Part And Denying In Part Defendant's Motion

2   To Dismiss And Motion To Strike (Docket 58), at 6.  Tourgeman's Second Amended

3   Complaint does not allege that Defendants sent him <u>any</u> collection letters.

4          There is no basis for seeking discovery on a dismissed claim.  Nor is there any

5   basis for compelling information about letters that do not exist, with respect to claims

6   that have never been asserted.   The motion should be denied as to this request.

7

8   **INTERROGATORY NO. 17:**

9          Please describe the position at COLLINS that prepares the affidavit

10  authorizing legal action against an alleged debtor, including but not limited to the

11  position's duties, responsibilities, job requirements, and the number of people who

12  perform this task for COLLINS.

13  **RESPONSE TO INTERROGATORY NO. 17:**

14         Collins did not prepare an affidavit relating to this action.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

16         No person employed by Defendant prepares any "affidavit authorizing legal

17  action against an alleged debtor."  There are no such affidavits and no such position.

18  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL**

19  **INTERROGATORY NO. 17:**

20         Collins sued Tourgeman in San Diego Superior Court under its own name to

21  collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

22  own name during the class period in the San Diego Superior Court alone.  (Weaver

23  Dec. ¶14).  Collins retained Nelson to bring suite against Tourgeman for an alleged

24  debt.  Collins also retains Nelson to bring suits against other alleged debtors.  Collins

25  erroneously contends that it does not prepare affidavits authorizing legal action.  This

26  cannot be.   Collins appears to be hiding behind its subsidiary, Paragon Way, even

27  though Collins files collection lawsuits against alleged debtors in its own name.

28

1   But Collins cannot use its subsidiary to shield itself from discovery.  Case law

2   directly refutes Collins's position.  "The discovery rules require that a corporation

3   furnish such information as is available from the corporation itself or from sources

4   under its control.  If the corporation can obtain the information from sources under

5   its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

6   *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

7   Way is a subsidiary directly under Collins's control and thus Collins has no basis for

8   withholding information related to Paragon Way.

9   Further, Tourgeman specifically defined Collins to include "anyone else acting

10   on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

11   collect debts on Collins's behalf and is Collins's subsidiary, this document request

12   should have accounted for Paragon Way.  And, Collins, as the principal corporation,

13   has control and possession of Paragon Way's documents.  For instance, Collins

14   agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce

15   certain documents from Paragon Way.  Therefore, Collins's response that no such

16   affidavits and no such position is insufficient.

17   Accordingly, Tourgeman requests that this Court order Collins to provide a

18   supplemental response to Interrogatory No. 17.

19   **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

20   **TO INTERROGATORY NO. 17:**

21   Defendant has already provided a response to this interrogatory.  There is no

22   person at Collins who prepares an affidavit authorizing legal action.  Nor is there any

23   person at Paragon Way, Inc. who has that position.  There is no person or duties to

24   identify.  Defendant cannot describe something that does not exist. It is frivolous for

25   Tourgeman to compel a further response when a complete response has been given.

26

27   **INTERROGATORY NO. 18:**

28   Please describe the process COLLINS uses to skip trace debtors in the event of

---

1   a debtor's address or phone number change.

2   **RESPONSE TO INTERROGATORY NO. 18:**

3        Collins does not skip trace debtors.

4   **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

5   **NO. 18:**

6        Collins sued Tourgeman in San Diego Superior Court under its own name to

7   collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

8   own name during the class period in the San Diego Superior Court alone.  (Weaver

9   Dec. ¶14).  Collins retained Nelson to bring suite against Tourgeman for an alleged

10   debt.  Collins also retains Nelson to bring suits against other alleged debtors.  Collins

11   erroneously contends that it does not skip trace debtors.  This cannot be.   Collins

12   appears to be hiding behind its subsidiary, Paragon Way, even though Collins files

13   collection lawsuits against alleged debtors in its own name.

14        But Collins cannot use its subsidiary to shield itself from discovery.  Case law

15   directly refutes Collins's position.  "The discovery rules require that a corporation

16   furnish such information as is available from the corporation itself or from sources

17   under its control.  If the corporation can obtain the information from sources under

18   its control, it may not avoid answering by alleging ignorance."  *Goodrich Corp. v.*

19   *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

20   Way is a subsidiary directly under Collins's control and thus Collins has no basis for

21   withholding information related to Paragon Way.

22        Further, Tourgeman specifically defined Collins to include "anyone else acting

23   on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

24   collect debts on Collins's behalf and is Collins's subsidiary, this document request

25   should have accounted for Paragon Way.  And, Collins, as the principal corporation,

26   has control and possession of Paragon Way's documents.  For instance, Collins

27   agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce

28

1  certain documents from Paragon Way.  Therefore, Collins's response that it does not

2  skip trace debtors is insufficient.

3        Accordingly, Tourgeman requests that this Court order Collins to provide a

4  supplemental response to Interrogatory No. 18.

5  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

6  **TO INTERROGATORY NO. 18:**

7        The motion to compel should be denied as to this request because Plaintiff has

8  never made any attempt to meet and confer regarding the request before filing the

9  motion.  No party may move for an order compelling further discovery until after the

10  party has made a good faith attempt to meet and confer to resolve the dispute without

11  court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this

12  Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

13  include a certification that the movant has in good faith conferred or attempted to

14  confer with the person or party failing to make disclosure or discovery in an effort to

15  obtain it without court action."); Local Rule 26.1a ("The court will entertain no

16  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

17  previously met and conferred on **all disputed issues**.").

18        Despite these clear requirements, this is one of eighteen separate discovery

19  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

20  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

21  Of Opposition To Motion To Compel And Motion For Protective Order And Award

22  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

23  informed counsel for Tourgeman that the motion was improper because no meet and

24  confer had been conducted, but Tourgeman's counsel refused to take the motion off

25  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

26        Since no meet and confer was conducted as to "all disputed issues" as required

27  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

28  minimum, the Court should deny the motion as to all of the eighteen discovery

1   requests, including this one, that were never discussed by counsel.  *See Presidio*

2   *Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4

3   (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

4   confer conducted in advance of motion).  Counsel for Tourgeman should also be

5   sanctioned for their deliberate refusal to comply with the requirements of the Federal

6   Rules and the Local Rules.

7

8   **INTERROGATORY NO. 19:**

9       If COLLINS' response to Plaintiff David Tourgeman's Requests for

10   Admission (Set One) Request 3 served concurrently with Plaintiff David

11   Tourgeman's Special Interrogatories is anything other than an unqualified admission,

12   please explain the basis for COLLINS' denial.

13   **RESPONSE TO INTERROGATORY NO. 19:**

14       Defendant incorporates by reference its objections and response to Request for

15   Admission No. 3.  Collins does not communicate with debtors in an attempt to collect

16   from debtors so this Request has been denied.

17   **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO INTERROGATORY**

18   **NO. 19:**

19       Collins sued Tourgeman in San Diego Superior Court under its own name to

20   collect on an alleged debt.  In fact, Collins has filed more than 300 cases under its

21   own name during the class period in the San Diego Superior Court alone.  (Weaver

22   Dec. ¶14).  Collins retained Nelson to bring suite against Tourgeman for an alleged

23   debt.  Collins also retains Nelson to bring suits against other alleged debtors.  Collins

24   erroneously contends that it does not communicate with debtors.  This cannot be.

25   Collins appears to be hiding behind its subsidiary, Paragon Way, even though Collins

26   files collection lawsuits against alleged debtors in its own name.

27       But Collins cannot use its subsidiary to shield itself from discovery.  Case law

28   directly refutes Collins's position.  "The discovery rules require that a corporation

1  furnish such information as is available from the corporation itself or from sources

2  under its control.  If the corporation can obtain the information from sources under

3  its control, it may not avoid answering by alleging ignorance." *Goodrich Corp. v.*

4  *Emhart Indus.,* 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005).  Here, Paragon

5  Way is a subsidiary directly under Collins's control and thus Collins has no basis for

6  withholding information related to Paragon Way.

7       Further, Tourgeman specifically defined Collins to include "anyone else acting

8  on Collins Financial Services, Inc.'s behalf."  Because Paragon Way was acting to

9  collect debts on Collins's behalf and is Collins's subsidiary, this document request

10  should have accounted for Paragon Way.  And, Collins, as the principal corporation,

11  has control and possession of Paragon Way's documents.  For instance, Collins

12  agreed in its supplemental response to Interrogatory Nos. 13 and 20 to produce

13  certain documents from Paragon Way.  Therefore, Collins's response that it does not

14  communicate with debtors is insufficient.

15       Also, because Rule 33(b)(1) requires a party to answer each interrogatory

16  "fully," it is improper and unresponsive for an answer to an interrogatory to refer to

17  outside material, such as pleadings, depositions, or other interrogatories.  7-33

18  MOORE'S FEDERAL PRACTICE-CIVIL § 33.103.  The reason for this rule is

19  because answers to interrogatories must be in a form suitable for use at trial.  See

20  *Davidson v. Goord,* 215 F.R.D. 73, 77 (W.D.N.Y. 2003) (holding that it is

21  insufficient to answer interrogatories by merely referencing allegations of the

22  pleadings because answers must be in a form suitable for use at trial).  Collins

23  attempts to incorporate by reference its boilerplate objections to Request for

24  Admission No. 3.  This is an incomplete and inappropriate response.

25  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

26  **TO INTERROGATORY NO. 19:**

27       There is no basis for compelling a response to this impossibly vague

28  interrogatory.  Collins has explained that it does not communicate with debtors.

Tourgeman asked at Reqeust for Admission No. 3 for an admission about the number of debtors "affected by your actions" but he has refused to explain what he means by a debtor that has been "affected" by Collins' actions.

The claims asserted in this case are narrow. Tourgeman claims that Defendants sued him for a debt that had already been paid "in full" to Dell, and that Defendants filed suit against him in the wrong judicial district. He cannot justify this request because he seeks to represent a purported FDCPA class of all persons who were "contacted or sued" by Defendants, and therefore "all" of Defendants' collection practices are at issue. The FDCPA does not prohibit collectors from contacting consumers, nor does it bar collectors from filing suits. Rather, the Act prohibits collectors from engaging in a specific set of unlawful collection practices. *See* 15 U.S.C. §§ 1692b-1692j. In fact, the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers from serious threats, harassment, abuse and other deceptive practices utilized by unscrupulous collectors. *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors") (citation omitted). It is not a wholesale ban on any type of contact with a debtor, nor does it prohibit collectors from filing suit. The focus of the Act is prevention of deceptive and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was concerned with disruptive, threatening, and dishonest tactics. The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation). **In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely disrupt a debtor's life.'** (Citation).

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis added).

1    Tourgeman cannot seek discovery regarding every debtor "contacted or sued"
2  by Defendants unless he identifies how the "contacts" or "suits" allegedly violated
3  the FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the
4  Ninth Circuit held that an allegedly false and misleading statement by a collector
5  does <u>not</u> violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material"
6  misstatement is one that is "genuinely misleading" and that "may frustrate the
7  consumer's ability to intelligently choose his or her response" to the collector's
8  communication.  *Id*. at 1034.  The Court noted that:

> In assessing FDCPA liability, **we are not concerned with mere technical
> falsehoods that mislead no one**, but instead with genuinely misleading
> statements that may frustrate a consumer's ability to intelligently choose his or
> her response.  **Here, the statement in the Complaint did not undermine
> Donohue's ability to intelligently choose her action concerning her debt.**

*Id*. at 1034 (emphasis added).

    Tourgeman claims that Defendants sued him for a debt that was paid "in full"
and filed suit in the wrong judicial district.  He is entitled to discovery related to
those claims.  His request for request for information about all debtors "affected" by
Collins's actions is improper and will not lead to information about class.


DATED: May 15, 2010            SIMMONDS & NARITA LLP
                               TOMIO B. NARITA




                          By:   s/Tomio B. Narita
                               _____
                               Tomio B. Narita
                               Attorneys for Defendants
                               Collins Financial Services, Inc. and
                               Nelson & Kennard

1  **PROOF OF SERVICE**

2  I, Tomio B. Narita, hereby certify that:

3  I am employed in the City and County of San Francisco, California.  I am over

4  the age of eighteen years and not a party to this action.  My business address is 44

5  Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel

6  of record for the defendants in this action.

7  On March 15, 2010, I caused **DEFENDANTS' SEPARATE STATEMENT**

8  **IN SUPPORT OF  OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

9  **FURTHER RESPONSE BY COLLINS FINANCIAL SERVICES, INC. TO**

10  **REQUESTS FOR PRODUCTION AND INTERROGATORIES** to be served

11  upon the parties listed below via the Court's Electronic Filing System:

12  **VIA ECF**

13  Brett M. Weaver
14  brett@johnsonbottini.com
    Counsel for Plaintiff

15  Daniel P. Murphy
16  dmurphy245@yahoo.com
    Counsel for Plaintiff

17  Francis A. Bottini, Jr.
18  frankb@johnsonbottini.com
    Counsel for Plaintiff

19  Frank J. Johnson
20  derekw@johnsonbottini.com
    Counsel for Plaintiff

21  Kent R. Christenson
22  kchrstenson@calljenson.com
    Counsel for defendants Dell Financial Services, L.L.C., and
23  CIT Financial USA, Inc.

24  Lisa A. Wegner
    lwegner@calljensen.com
25  Counsel for defendants Dell Financial Services, L.L.C., and
    CIT Financial USA, Inc.

26  //

27  //

28  //

1      I declare under penalty of perjury that the foregoing is true and correct.

2   Executed at San Francisco, California on this 15th day of March, 2010.

3
                                    By:   s/Tomio B. Narita
4
                                          Tomio B. Narita
5                                         Attorneys for Defendants
                                          Collins Financial Services, Inc. and
6                                         Nelson & Kennard

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28