1  MICHAEL R. SIMMONDS (SBN 96238)
   TOMIO B. NARITA (SBN 156576)
2  JEFFREY A. TOPOR (SBN 195545)
   SIMMONDS & NARITA LLP
3  44 Montgomery Street, Suite 3010
   San Francisco, CA 94104-4816
4  Telephone: (415) 283-1000
   Facsimile:  (415) 352-2625
5  msimmonds@snllp.com
   tnarita@snllp.com
6  jtopor@snllp.com

7
   Attorneys for Defendants
8  Collins Financial Services, Inc. and
   Nelson & Kennard
9

10                 UNITED STATES DISTRICT COURT

11               SOUTHERN DISTRICT OF CALIFORNIA

12

13  DAVID TOURGEMAN,                    )  CASE NO.  08-CV-1392 JLS NLS
                                        )
14           Plaintiff,                 )
                                        )
15      vs.                             )  DEFENDANTS' SEPARATE
                                        )  STATEMENT IN SUPPORT OF
16  COLLINS FINANCIAL SERVICES,         )  OPPOSITION TO PLAINTIFF'S
    INC., a corporation; NELSON &       )  MOTION TO COMPEL FURTHER
17  KENNARD, a partnership, DELL        )  RESPONSE BY NELSON &
    FINANCIAL SERVICES, L.P., a         )  KENNARD TO REQUESTS FOR
18  limited partnership; DFS            )  PRODUCTION AND
    ACCEPTANCE, a corporation, DFS      )  INTERROGATORIES
19  PRODUCTION, a corporation,          )
    AMERICAN INVESTMENT BANK,           )  Date:    April 5, 2010
20  N.A., a corporation; and DOES 1     )  Time:   9:30 a.m.
    through 10, inclusive,              )  Crtrm: 1101
21                                      )
             Defendants.                )  The Honorable Nita L. Stormes
22                                      )
                                        )
23

24

25

26

27

28

Defendants submit this Opposition to the Separate Statement Filed by Plaintiff In Connection with the Motion To Compel Further Responses By Nelson & Kennard:

### DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Please produce ALL COMMUNICATIONS between NELSON and COLLINS that RELATE TO Plaintiff David Tourgeman and the collection of his alleged debt. To the extent that these communications need to be redacted for privilege, please provide Plaintiff with a privilege log as described above.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the forgoing objections or the General Objections, Defendant will produce all documents in its possession, custody or control that relate to Plaintiff, his account, or the defenses asserted in this action.

### PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 1:

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be

specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

*Id*. at *4-5.

Nelson objects to Request No. 1 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").  Moreover, because Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Further, Federal Rule of Civil Procedure 26(b)(5) states that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)    expressly make the claim; and
>
> (ii)   describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Nelson asserts the attorney-client privilege and attorney work product protection to Request No. 1. The objection is stated simply as "seek[ing] information subject to the attorney-client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege claims cannot be properly evaluated.

Accordingly, Tourgeman requests that this Court order Nelson to provide a privilege log for response to Request No. 1, provide a supplemental response to Request No. 1 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 1:**

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion. No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without

court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1a ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred on **all disputed issues**.").

Despite these clear requirements, this is one of eighteen separate discovery requests that were <u>never</u> discussed in any letter or any phone call by counsel for Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support Of Opposition To Motion To Compel And Motion For Protective Order And Award Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically informed counsel for Tourgeman that the motion was improper because no meet and confer had been conducted, but Tourgeman's counsel refused to take the motion off calendar, and refused to withdraw the motion as to the eighteen requests.  *Id.*

Since no meet and confer was conducted as to "all disputed issues" as required by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare minimum, the Court should deny the motion as to all of the eighteen discovery requests, including this one, that were never discussed by counsel.  *See Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4 (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and confer conducted in advance of motion).  Counsel for Tourgeman should also be sanctioned for their deliberate refusal to comply with the requirements of the Federal Rules and the Local Rules.

## DOCUMENT REQUEST NO. 2:

Please produce ALL training materials RELATING TO the collection of debts YOU provide to NELSON employees.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the forgoing objections or the General Objections, upon entry of a protective order by the Court, Defendant will produce non-privileged documents that relate to the claims and defenses in this action that are responsive to this Request.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 2:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which

Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Id. at *4-5.

Nelson objects to Request No. 2 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Further, Federal Rule of Civil Procedure 26(b)(5) states that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i)     expressly make the claim; and

(ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the

privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Nelson asserts the attorney-client privilege and attorney work product protection to Request No. 2. The objection is stated simply as "seek[ing] information subject to the attorney-client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege claims cannot be properly evaluated.

Nelson only agrees to produce documents related to the claims and defenses in this case. This response is unclear. The Request seeks all training materials Nelson's provides its employees that are related to the collection of debts. The Complaint, however, does not limit Nelson's alleged improper debt collection practices to the alleged debt collected from Tourgeman. Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors. In particular, the complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default

judgments without effectuating proper service." ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law firms who have no knowledge of the underlying facts and file verified complaints in which they attest to the truthfulness and accuracy of the information regarding the alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is Collins or the alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files lawsuits.  As such, Nelson's entire debt collection practices are at issue.

Since Nelson's debt collection practices as a whole are at issue, the training materials sought in this Request are relevant to showing how Nelson conducts its debt collection practices.  Therefore, Nelson's attempt to limit the scope of this Request is improper.

Accordingly, Tourgeman requests that this Court order Nelson to provide a privilege log for response to Request No. 2 or provide a supplemental response to Request No. 2 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 2:**

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion.  No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1a ("The court will entertain no

1   motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

2   previously met and conferred on **all disputed issues**.").

3       Despite these clear requirements, this is one of eighteen separate discovery

4   requests that were <u>never</u> discussed in any letter or any phone call by counsel for

5   Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

6   Of Opposition To Motion To Compel And Motion For Protective Order And Award

7   Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

8   informed counsel for Tourgeman that the motion was improper because no meet and

9   confer had been conducted, but Tourgeman's counsel refused to take the motion off

10  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id.*

11      Since no meet and confer was conducted as to "all disputed issues" as required

12  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

13  minimum, the Court should deny the motion as to all of the eighteen discovery

14  requests, including this one, that were never discussed by counsel.  *See Presidio*

15  *Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4

16  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

17  confer conducted in advance of motion).  Counsel for Tourgeman should also be

18  sanctioned for their deliberate refusal to comply with the requirements of the Federal

19  Rules and the Local Rules.

20

21  **DOCUMENT REQUEST NO. 3:**

22      Please produce ALL DOCUMENTS CONCERNING the duties and

23  responsibilities of NELSON employees who receive data RELATING to alleged

24  debts.

25  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

26      Defendant objects to this Request on the grounds that it is vague and

27  ambiguous as to the term "receive data RELATING to alleged debts."  Nelson &

28  Kennard is a debt collection law firm and the request could be read to cover virtually

---

1  every employee of the firm.  Defendant also objects to this Request on the grounds

2  that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks

3  information which is not relevant to the subject matter of this lawsuit, nor reasonably

4  calculated to lead to the discovery of admissible evidence.   Defendant further objects

5  to this Request to the extent that it seeks proprietary information, trade secret

6  information, information subject to protective orders, confidentiality agreements, or

7  statutory provisions that bar the disclosure of that information without the consent of

8  third parties and to the extent that it seeks information subject to the attorney-client

9  privilege or the attorney work product doctrine.

10       Subject to and without waiving the forgoing objections or the General

11  Objections, Defendant is willing to meet and confer with Plaintiff to discuss the scope

12  of this request and any response thereto.

13  **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 3:**

14       Defendant objects to this Request on the grounds that it is vague and

15  ambiguous as to the term "receive data RELATING to alleged debts."  Nelson &

16  Kennard is a debt collection law firm and the request could be read to cover virtually

17  every employee of the firm.  Defendant also objects to this Request on the grounds

18  that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks

19  information which is not relevant to the subject matter of this lawsuit, nor reasonably

20  calculated to lead to the discovery of admissible evidence.  Plaintiff does not claim

21  that his account data was altered by Nelson & Kennard because the firm employed

22  faulty procedures for "receiving debt related information."  Rather, Plaintiff alleges

23  that he paid Dell in full for his computer before the account was ever sold to Collins

24  Financial Services.  Any "debt related information" concerning his account, was

25  according to Plaintiff's theory, already inaccurate when it was sold to Collins.  The

26  law firm's policies relating to receiving "debt related information" from its client are

27  not relevant. Defendant further objects to this Request to the extent that it seeks

28  proprietary information, trade secret information, information subject to protective

1   orders, confidentiality agreements, or statutory provisions that bar the disclosure of

2   that information without the consent of third parties and to the extent that it seeks

3   information subject to the attorney-client privilege or the attorney work product

4   doctrine.

5   **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

6   **DOCUMENT REQUEST NO. 3:**

7        Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

8   part of a request must specify the part and permit inspection of the rest."; *see also E.*

9   *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

10  Cal. 2006)("If objection is made to part of an item or category, the part shall be

11  specified and inspection permitted of the remaining parts.  The party submitting the

12  request may move for an order under Rule 37(a) with respect  to any objection to or

13  other failure to respond to the request or any part thereof, or any failure to permit

14  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

15  to provide supplemental responses because the defendant's original responses

16  contained imprecise, boilerplate objections:

17              Defendant's responses do not allow for meaningful evaluation.  Plaintiff
             and the Court are unable to determine, with certainty, the requests for
18           which Defendant is producing documents, the requests for which
             Defendant is withholding documents and on what basis, and the requests
19           for which it has no responsive documents.  Defendant cites boilerplate
             general objections, and does not explain why the objection applies to the
20           response or whether documents were withheld pursuant to the stated
             objections.
21  Id. at *4-5.

22        Nelson objects to Request No. 3 on the basis that it is "overbroad, unduly

23  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

24  nor reasonably calculated to lead to the discovery of admissible evidence."  Nelson

25  argues that Tourgeman's debt related information was already inaccurate when it was

26  sold to Collins.  This response misses the point.  The Request seeks documents

27  concerning the duties and responsibilities of Nelson employees who receive data

28  relating to alleged debts.  The documents sought reveal certain aspects of Nelson's

1   debt collection practices, such as whether its employees are properly trained to

2   comply with applicable rules and regulations.  Thus, it is not important for purposes

3   of this documents Request if Tourgeman's debt related information was inaccurate.

4          Nelson objects to Request No. 3 on the basis that the term "receiving data

5   relating to alleged debts" is vague and ambiguous.  Nelson, however, has failed to

6   exercise reason and common sense to attribute ordinary definitions to terms and

7   phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins.*

8   *Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  Nelson's contention that this

9   covers every employee of the firm is grossly overstated.  This Request only refers to

10  the employees who receive debt related information.  Thus, this boilerplate objection

11  cannot be sustained.

12         Further, Federal Rule of Civil Procedure 26(b)(5) states that:

13         When a party withholds information otherwise discoverable by claiming
           that the information is privileged or subject to protection as trial-
14         preparation material, the party must:

15         (i)   expressly make the claim; and

16         (ii)  describe the nature of the documents, communications, or tangible things
                 not produced or disclosed–and do so in a manner that, without revealing
17               information itself privileged or protected, will enable other parties to
                 assess the claim.

18         "A privilege log should contain the following information: (1) the identity and

19  position of its author; (2) the identity and position of the recipient(s); (3) the date it

20  was prepared or written; (4) the title and description of the document; (5) the subject

21  matter addressed; (6) the purposes for which it was prepared or communicated; (7)

22  the document's present location; and (8) the specific privilege or other reason it is

23  being withheld."  *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

24  2009).  When asserting the attorney-client privilege, "[t]he party asserting the

25  privilege bears the initial burden of demonstrating that the communication falls

26  within the privilege."  *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

27

28

1    Here, Nelson asserts the attorney-client privilege and attorney work product

2  protection to Request No. 3.  The objection is stated simply as "seek[ing] information

3  subject to the attorney-client privilege or the attorney work product doctrine."  Such a

4  blanket assertion of the attorney-client privilege or work product doctrine is

5  insufficient to enable the propounding party to assess the applicability of the privilege

6  or protection to the specific facts of the interrogatory in question.  Further, Nelson has

7  failed to produce a privilege log containing any of the above-described information as

8  required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13).

9  Consequently, the privilege claims cannot be properly evaluated.

10    Lastly, Nelson originally tried to restrict the scope of Request No. 3 to

11  documents related only to Collins.  Now, Nelson has abandoned that position, but still

12  attempts to narrow the scope of the requests by agreeing to produce only documents

13  related to the duties and procedures of the persons who *upload the account data*

14  *received from clients.*  Request No. 3, however, was intended to be much broader.

15  Request No. 3 seeks documents showing the duties and responsibilities of **all** the

16  Nelson employees who receive data relating to alleged debts.  These documents are

17  highly relevant because they demonstrate how Nelson's employees conduct their debt

18  collection practices.  And since there are several Nelson employees who may receive

19  the debt related information and participate in the debt collection process, Nelson's

20  supplemental response is insufficient.

21    Accordingly, Tourgeman requests that this Court order Nelson to provide a

22  supplemental response to Request No. 3 without the stated objections, provide a

23  substantive response, and produce any documents improperly withheld from

24  production.

25  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

26  **TO DOCUMENT REQUEST NO. 3:**

27    There is no basis for compelling a further response to this request because

28  information about employees who "receive data about alleged debts" is not relevant

1  to any claim at issue, nor likely to lead to the discovery of admissible evidence.
2  Tourgeman claims that Defendants sued him for a debt that had already been paid "in
3  full" to Dell, and that Defendants filed suit against him in the wrong judicial district.
4  He does not allege that his account information was manipulated or mishandled by
5  employees of Defendants who "receive data about alleged debts," nor does he claim
6  that any of those employees may have violated "applicable rules and regulations."
7  Rather, Tourgeman claims that Dell failed to credit all of his payments, and that his
8  account information was already inaccurate at the time it was transmitted to
9  Defendants.  No amount of discovery about the employees who "receive data about
10  debts" is going to lead to admissible evidence bearing on whether Tourgeman paid
11  Dell in full or whether Defendants sued Tourgeman in the wrong district.

12       Defendant properly asserted the attorney-client privilege objection in order to
13  preserve it, but no documents responsive to this request were withheld on the basis of
14  privilege.  Thus there is no need to compel Defendant to produce a privilege log
15  relating to this request.

16

17  **DOCUMENT REQUEST NO. 5:**

18       Please produce ALL DOCUMENTS that RELATE TO YOUR policies and
19  guidelines for filing a lawsuit against an alleged debtor.

20  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

21       Defendant objects to this Request on the grounds that it is overbroad, unduly
22  burdensome and oppressive, and to the extent that it seeks information which is not
23  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the
24  discovery of admissible evidence.  Nelson & Kennard is a collection law firm with a
25  number of clients.  The request is so vague and broad and written it could potentially
26  be read to request copies of every document maintained by the firm.

27

28

Subject to and without waiving the forgoing objections or the General Objections, Defendant is willing to meet and confer with Plaintiff to discuss this request and the scope of any response.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Nelson & Kennard is a collection law firm with a number of clients.  The request is so vague and broad and written it could potentially be read to request copies of every document maintained by the firm.

Subject to and without waiving the forgoing objections or the General Objections, Defendant responds as follows:  Assuming that Plaintiff seeks documents related to written policies and guidelines for filing suit against a debtor, without waiving any objection that the requested documents are protected by the attorney-client privilege or attorney work product doctrine, Defendant will produce responsive documents.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 5:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

*Id.* at *4-5.

Nelson objects to Request No. 5 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  Nelson merely states that it is a law firm with a number of clients.  This is an insufficient basis for an objection.  *See Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").  Additionally, Nelson's contention that this Request potentially covers every document maintained by the firm is without merit.  This Request is limited to documents related to Nelson's policies and guidelines for filing lawsuits against alleged debtors.

Nelson objects to Request Nos. 5 [sic] on the basis that the Request is vague and ambiguous.  Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  Further, Nelson has offered little to no meaningful facts to support the stated objections.  Thus, this boilerplate objection cannot be sustained.

Further, Federal Rule of Civil Procedure 26(b)(5) states that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)    expressly make the claim; and
>
> (ii)   describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Nelson asserts the attorney-client privilege and attorney work product protection to Request No. 5. The objection is stated simply as "without waiving any objection that the requested documents are protected by the attorney-client privilege or attorney work product doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege claims cannot be properly evaluated.

Accordingly Tourgeman requests that this Court order Nelson to provide a privilege log for response to Request No. 5, provide a supplemental response to Request No. 5 without the stated objections, provide a substantive response, and product any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 5:**

Defendant has responded to this request, has agreed to produce responsive

1  documents, and has produced responsive documents.  It is unclear why Tourgeman

2  has filed a motion compelling further responses.  Defendant properly asserted the

3  attorney-client privilege objection in order to preserve it, but no documents

4  responsive to this request were withheld on the basis of privilege.  Thus there is no

5  need to compel Defendant to produce a privilege log relating to this request.

6

7  **DOCUMENT REQUEST NO. 6:**

8        Please produce ALL DOCUMENTS that RELATE TO YOUR policies and

9  guidelines for dismissing a complaint against an alleged debtor.

10  **RESPONSE TO DOCUMENT REQUEST NO. 6:**

11        Defendant objects to this Request on the grounds that it is overbroad, unduly

12  burdensome and oppressive, and to the extent that it seeks information which is not

13  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

14  discovery of admissible evidence.  Nelson & Kennard is a collection law firm with a

15  number of clients.  Decisions to dismiss particular lawsuits on behalf of particular

16  clients will necessarily be made be made on a case by case basis.  Documents relating

17  to Plaintiff and the litigation relating to his account will be produced, but the firm will

18  not agree to produce all documents that relate to its decision to dismiss other cases on

19  behalf of other clients.

20  **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 6:**

21        Defendant objects to this Request on the grounds that it is overbroad, unduly

22  burdensome and oppressive, and to the extent that it seeks information which is not

23  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

24  discovery of admissible evidence.  Nelson & Kennard is a collection law firm with a

25  number of clients.  Decisions to dismiss particular lawsuits on behalf of particular

26  clients will necessarily be made be made on a case by case basis, in light of the status

27  of the case and various other factors that may be considered by the attorney.

28

1    Subject to and without waiving the forgoing objections or the General

2  Objections, Defendant responds as follows:  Without waiving any objection that the

3  requested documents are protected by the attorney-client privilege or attorney work

4  product doctrine, Defendant will produce documents, to the extent any exist, which

5  relate to its general standards for dismissing collection complaints.

6  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

7  **DOCUMENT REQUEST NO. 6:**

8    Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

9  part of a request must specify the part and permit inspection of the rest."; *see also E.*

10  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

11  Cal. 2006)("If objection is made to part of an item or category, the part shall be

12  specified and inspection permitted of the remaining parts.  The party submitting the

13  request may move for an order under Rule 37(a) with respect  to any objection to or

14  other failure to respond to the request or any part thereof, or any failure to permit

15  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

16  to provide supplemental responses because the defendant's original responses

17  contained imprecise, boilerplate objections:

18         Defendant's responses do not allow for meaningful evaluation.  Plaintiff
          and the Court are unable to determine, with certainty, the requests for
19         which Defendant is producing documents, the requests for which
          Defendant is withholding documents and on what basis, and the requests
20         for which it has no responsive documents.  Defendant cites boilerplate
          general objections, and does not explain why the objection applies to the
21         response or whether documents were withheld pursuant to the stated
          objections.
22  Id. at *4-5.

23    Nelson objects to Request No. 6 on the basis that it is "overbroad, unduly

24  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

25  nor reasonably calculated to lead to the discovery of admissible evidence."  Nelson

26  argues it is a collections firm with a number of clients and that decisions to dismiss

27  lawsuits are made on a case by case basis.  But this Request asks for Nelson's policies

28  and guidelines for dismissing complaints against alleged debtors.  The Request is

clear.  Since Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Further, Federal Rule of Civil Procedure 26(b)(5) states that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

> (i)      expressly make the claim; and

> (ii)     describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld."  *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009).  When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege."  *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Nelson asserts the attorney-client privilege and attorney work product protection to Request No. 6.  The objection is stated simply as "without waiving any objection that the requested documents are protected by the attorney-client privilege or attorney work product doctrine."  Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question.  Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of

1  Civil Procedure 26(b)(5).  (Weaver Dec. ¶13).  Consequently, the privilege claims

2  cannot be properly evaluated.

3         Accordingly, Tourgeman requests that this Court order Nelson to provide a

4  privilege log for response to Request No. 6, provide a supplemental response to

5  Request No. 6 without the stated objections, provide a substantive response, and

6  product any documents improperly withheld from production.

7  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

8  **TO DOCUMENT REQUEST NO. 6:**

9         There is no basis for compelling a further response to this request because

10 information about "policies and guidelines for dismissing a complaint" is not relevant

11 to any claim at issue, nor likely to lead to the discovery of admissible evidence.

12 Tourgeman claims that Defendants sued him for a debt that had already been paid "in

13 full" to Dell, and that Defendants filed suit against him in the wrong judicial district.

14 He does not allege that there was anything unlawful about the fact that the state court

15 collection complaint filed against him was dismissed.  To the contrary, Tourgeman

16 suggests that the case should not have been filed in the first place.  Under section

17 581(c) of the California Code of Civil Procedure, any California litigant is permitted

18 to dismiss a lawsuit before trial.  The FDCPA does not prohibit collectors from

19 dismissing actions.  No amount of discovery about "policies and guidelines for

20 dismissing a complaint" is going to lead to admissible evidence bearing on whether

21 Tourgeman paid Dell in full or whether Defendants sued Tourgeman in the wrong

22 district.

23        In any event, Defendant has responded to this request, has agreed to produce

24 responsive documents, and has produced responsive documents.  It is unclear why

25 Tourgeman has filed a motion compelling further responses.  Defendant properly

26 asserted the attorney-client privilege objection in order to preserve it, but no

27 documents responsive to this request were withheld on the basis of privilege.  There

28 is no need to compel Defendant to produce a privilege log relating to this request.

**DOCUMENT REQUEST NO. 7:**

Please produce ALL form letters, enclosures, envelopes, complaints, memoranda, etc. used by NELSON in its debt collection activity.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.   Nelson & Kennard is a collection law firm with a number of clients.  Documents relating to Plaintiff and the litigation relating to his account will be produced, but the firm will not agree to produce all documents that relate to other cases filed on behalf of other clients.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 7:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  *In E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Id. at *4-5.

Nelson objects to Request No. 7 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Nelson also improperly narrows the scope of Request No. 7 and attempts to limit production to documents related only to Tourgeman. The Complaint, however, does not limit Nelson's alleged improper debt collection practices to the alleged debt collected from Tourgeman. Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad, who during the period within one year of the date of the filing of the complaint, were contacted or sued in the United states by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default judgments without effectuating proper service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law

1   firms know have no knowledge of the underlying facts and file verified complaints in
2   which they attest to the truthfulness and accuracy of the information regarding the
3   alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is
4   Collins or the alleged debtor is Tourgeman, Nelson does not verify information
5   before it initiates collections and files lawsuits.  As such, Nelson's entire debt
6   collection practices are at issue.

7        Since Nelson's debt collection practices as a whole are at issue, all form letters,
8   form complaints, and other form documents are relevant to showing how Nelson
9   conducts its debt collection practices.  Part of Nelson's debt collection involves its
10  communications with alleged debtors.  Further, because this is a class action lawsuit
11  challenging Nelson's business practices, Nelson's offer to produce documents related
12  only to Tourgeman and his account is sufficient.  Thus, Request No. 7 is relevant and
13  cannot be narrowed.

14       Accordingly, Tourgeman requests that this Court order Nelson to provide a
15  supplemental response to Request No. 7 without the stated objections, provide a
16  substantive response, and produce any documents improperly withheld from
17  production.

18  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
19  **TO DOCUMENT REQUEST NO. 7:**

20       There is no basis for compelling a further response to this request because
21  information about "form letters, enclosures, envelopes, complaints, memoranda, etc"
22  used by Defendant is not relevant to any claim at issue, nor likely to lead to the
23  discovery of admissible evidence.  Tourgeman claims that Defendants sued him for a
24  debt that had already been paid "in full" to Dell, and that Defendants filed suit against
25  him in the wrong judicial district.  He has not challenged any of the "forms" used by
26  Defendant for its collection letters, enclosures, envelopes, complaints or memoranda.

27       Tourgeman suggests this request is proper because he seeks to represent a
28  purported FDCPA class of all persons who were "contacted or sued" by Defendants,

1   and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The

2   FDCPA does not prohibit collectors from contacting consumers, nor does it bar

3   collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

4   specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact,

5   the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

6   from serious threats, harassment, abuse and other deceptive practices utilized by

7   unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*

8   *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect

9   consumers from a host of unfair, harassing, and deceptive debt collection practices

10  without imposing unnecessary restrictions on ethical debt collectors") (citation

11  omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it

12  prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive

13  and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

14          The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors
            from abuse, harassment and deceptive collection practices. . . . Congress was
15          concerned with disruptive, threatening, and dishonest tactics.  The Senate
            Report accompanying the Act cites practices such as 'threats of violence,
16          telephone calls at unreasonable hours [and] misrepresentation of consumer's
            legal rights.' (Citation).  **In other words, Congress seems to have**
17          **contemplated the type of actions that would intimidate unsophisticated**
            **individuals and which, in the words of the Seventh Circuit, 'would likely**
18          **disrupt a debtor's life.'** (Citation).

19  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis

20  added).

21          Tourgeman cannot seek discovery regarding every debtor "contacted or sued"

22  by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the

23  FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth

24  Circuit held that an allegedly false and misleading statement by a collector does <u>not</u>

25  violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material"

26  misstatement is one that is "genuinely misleading" and that "may frustrate the

27  consumer's ability to intelligently choose his or her response" to the collector's

28  communication.  *Id*. at 1034.  The Court noted that:

---

In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

*Id*. at 1034 (emphasis added).

Tourgeman claims that Defendants sued him for a debt that was paid "in full" and filed suit in the wrong judicial district.  He is entitled to discovery related to those claims.  His request for request for information about "form letters, enclosures, envelopes, complaints, memoranda, etc" is not relevant to his claims, nor will it identify the number of class members.

**DOCUMENT REQUEST NO. 8:**

Please produce ALL DOCUMENTS that RELATE TO YOUR investigation of Plaintiff David Tourgeman's alleged debt.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "investigation."  Nelson & Kennard is a collection law firm, not an investigation firm.  The firm does not required by law to conduct an independent investigation into the accounts that are placed with it for collection.  Subject to and without waiving the forgoing objections or the General Objections, Defendant will produce non-privileged documents in its possession, custody or control that relate to Plaintiff, his account or the defenses asserted in this action.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 8:**

Nelson objects to document Request No. 8 on the basis that the term "investigation" is vague and ambiguous.  Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  Further, Nelson has offered little

meaningful facts to support the stated objections, contending it is a collections firm and not an investigation firm.  Although Nelson is a collections firm, it must conduct some type of investigation before it files lawsuits against alleged debtors.  Thus, this boilerplate objection cannot be sustained.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. 8 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 8:**

Discovery about Defendant's "investigation" of Tourgeman's debt is not proper because the FDCPA does not impose a duty on collectors to independently investigate and verify debts before the initiate the collection process.  Even though the law does not impose such a duty, Defendants have no business interest in seeking to collect money from debtors that do not owe it.  Defendants do have procedures in place to prevent any attempt to collect debts that have already been paid, and they have provided this information to Tourgeman already.  There is no basis for compelling a further response.

The FDCPA does not require a debt collector to independently verify the validity of a debt before attempting to collect it.  Instead, the FDCPA allows a collector to assume the debt is valid, unless the debtor submits a timely dispute to the collector.  *See* 15 U.S.C. § 1692g(a)(3) (collector must notify consumer that debt will be assumed valid unless consumer disputes validity of debt within 30 days of receipt of notice); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) (FDCPA does not require collector to independently investigate debt referred for collection); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (FDCPA does not require collector to independently verify validity of debt to qualify for "bona fide error" defense).  Here, non-party Paragon Way, Inc. and Nelson & Kennard both sent

1  notices to Tourgeman advising him of his right to dispute the debt, but Tourgeman
2  never responded.[1]

3      If Tourgeman is arguing that discovery about Defendants' "investigating" of
4  debts is relevant to show that Defendants did not have possession of sufficient
5  evidence to prove their case before the collection suit was filed, his requests are
6  improper as this Court has already rejected this theory of recovery.[2]

7      Defendants have provided discovery on the procedures used to ensure that they
8  are filing suit on valid debts and are filing suit in the correct judicial district.  The
9  motion should be denied as to this request.

10

11 **DOCUMENT REQUEST NO. 9:**

12     Please produce ALL DOCUMENTS that RELATE TO any communications
13 between YOU and COLLINS regarding collection practices and procedures.

14 **RESPONSE TO DOCUMENT REQUEST NO. 9:**

15     Defendant objects to this Request on the grounds that it is vague and
16 ambiguous with respect to the term "regarding collection practices and procedures."
17 Subject to and without waiving the forgoing objections or the General Objections,
18 Defendant responds as follows:   No such documents exist.

19

20

21

----

22     [1] *See* Declaration of Howard Knauer In Support Of Motion For Summary
23 Judgment (Docket 75), ¶ 5, Ex. B; Declaration of Jonathan E. Ayers In Support Of
24 Motion For Summary Judgment (Docket 73), ¶ 4, Ex. B.

25     [2] *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss
26 And Motion To Strike (Docket 58), at 7 ("[T]he filing of a lawsuit, even if a plaintiff
does not have the means of proving the case at filing or does not ultimately prevail, has
27 not by itself been considered harassment or abuse under the FDCPA. *See, e.g., Heintz
v. Jenkins*, 514 U.S. 291, 296 (1995); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d
28 324, 330 (6th Cir. 2006).

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 9:**

Nelson objects to document Request No. 9 on the basis that the term "regarding collection practices and procedures" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santa Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007). Further, Nelson has offered no facts to support the stated objections. Thus, this boilerplate objection cannot be sustained.

Further, Nelson's response that "No such documents exist" is suspect. Collins is an entity specializing in debt collections while Nelson is a law firm that specializes in debt collection lawsuits. These two firms are frequently in contact as Collins regularly utilizes Nelson's services. Therefore, it is highly unlikely that there are no documents evidencing communications concerning Nelson's or Collins's debt collection practices and procedures.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. 9 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 9:**

Defendant has already stated that no such documents exist. The Court cannot compel production of non-existent documents. There is no basis for compelling a further response to this request.

**DOCUMENT REQUEST NO. 10:**

Please produce ALL complaints YOU filed on behalf of COLLINS from July 31, 2007 to the present suing for breach of contract or under Rule 3.740 "collections cases."

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Complaints filed by Nelson & Kennard against other debtors have no bearing on this action.  Defendant does not concede that Plaintiff may pursue this action as a purported class action nor does Defendant concede that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported class.  At best, the Request is premature.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 10:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Id. at *4-5.

Nelson objects to Request No. 10 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections. *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Nelson also claims that "[c]omplaints filed by Nelson & Kennard against other debtors have no bearing on this action." The Complaint, however, contains class allegations that Nelson engages in improper debt collection activities. Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad, who during the period within one year of the date of the filing of the complaint, were contacted or sued in the United states by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default judgments without effectuating proper service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law firms know have no knowledge of the underlying facts and file verified complaints in

which they attest to the truthfulness and accuracy of the information regarding the alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is Collins or the alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files lawsuits.  As such, Nelson's entire debt collection practices are at issue.

Since Nelson's debt collection practices as a whole are at issue, all complaints filed on Collins's behalf are relevant to establishing whether Nelson files legitimate and accurate lawsuits.  Part of Nelson's improper practices involves its decision to file lawsuits against alleged debtors.  Thus, Request No. 10 is relevant and cannot be narrowed.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. 10 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 10:**

There is no basis for compelling a further response to this request because production of copies of "all complaints" filed by Nelson & Kennard for Collins during a three-year period is not relevant to any claim at issue, nor likely to lead to the discovery of admissible evidence.  Tourgeman claims that Defendants sued him for a debt that had already been paid "in full" to Dell, and that Defendants filed suit against him in the wrong judicial district.  He has not alleged that every single state court collection complaint that Nelson & Kennard filed for Collins was for a debt that was not due, nor does he claim that every complaint was filed in the wrong district.  Nor could he makes such claims.

Tourgeman suggests this request is proper because he seeks to represent a purported FDCPA class of all persons who were "contacted or sued" by Defendants, and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The

FDCPA does not prohibit collectors from contacting consumers, nor does it bar collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact, the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers from serious threats, harassment, abuse and other deceptive practices utilized by unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors") (citation omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was concerned with disruptive, threatening, and dishonest tactics.  The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation).  **In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely disrupt a debtor's life.'** (Citation).

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis added).

Tourgeman cannot seek discovery regarding every debtor "contacted or sued" by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth Circuit held that an allegedly false and misleading statement by a collector does <u>not</u> violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material" misstatement is one that is "genuinely misleading" and that "may frustrate the consumer's ability to intelligently choose his or her response" to the collector's communication.  *Id.* at 1034.  The Court noted that:

1

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response. **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

*Id*. at 1034 (emphasis added).

Tourgeman claims that Defendants sued him for a debt that was paid "in full" and filed suit in the wrong judicial district. He is entitled to discovery related to those claims. His request for request for copies of "all complaints" that Nelson & Kennard filed for Collins is not relevant to his claims, nor will it identify the number of class members.

**DOCUMENT REQUEST NO. 11:**

Please produce ALL DOCUMENTS that RELATE TO financial arrangements between YOU and COLLINS.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "financial arrangements." Subject to the forgoing, Defendant responds as follows:   No such documents exist.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 11:**

Nelson objects to Request No. 11 on the basis that the term "financial arrangements" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal 2007). This Request is clear and seeks documents evidencing payments from Collins to Nelson for services rendered. Stated differently, this Request seeks documents that show how Nelson is compensated for the services it provides to Collins. Nelson has offered little to no facts to support the stated objections. Thus, this boilerplate objection cannot be sustained.

1  Further, Nelson's response that "No such documents exist" is suspect. Collins
2  is an entity specializing in debt collections while Nelson is a law firm that specializes
3  in debt collection lawsuits. The two firms are frequently in contact as Collins
4  regularly utilizes Nelson's services. It is inconceivable that Nelson does not expect to
5  receive payment for its services. Finally, if Nelson is working on a contingency basis,
6  the contingency fee contract must be in writing under California Business and
7  Professions Code 6147.

8  Accordingly, Tourgeman requests that this Court order Nelson to provide a
9  supplemental response to Request No. 11 without the stated objections, provide a
10  substantive response, and produce any documents improperly withheld from
11  production.

12  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
13  **TO DOCUMENT REQUEST NO. 11:**

14  Defendant has already stated that no such documents exist. The Court cannot
15  compel production of non-existent documents. There is no basis for compelling a
16  further response to this request.

17

18  **DOCUMENT REQUEST NO. 12:**

19  Please produce ALL DOCUMENTS pertaining to the number of alleged
20  debtors that YOU filed complaints against from July 31, 2007 to the present.

21  **RESPONSE TO DOCUMENT REQUEST NO. 12:**

22  Defendant objects to this Request on the grounds that it is overbroad, unduly
23  burdensome and oppressive, and to the extent that it seeks information which is not
24  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the
25  discovery of admissible evidence. Defendant does not concede that Plaintiff may
26  pursue this action as a purported class action nor does Defendant concede that, even
27  if class treatment were appropriate, that a class action is proper here, or that Plaintiff

28

1  is a proper class representative with standing to pursue claims on behalf of a

2  purported class.  At best, the Request is premature.

3  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

4  **DOCUMENT REQUEST NO. 12:**

5        Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

6  part of a request must specify the part and permit inspection of the rest."; *see also E.*

7  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

8  Cal. 2006)("If objection is made to part of an item or category, the part shall be

9  specified and inspection permitted of the remaining parts.  The party submitting the

10  request may move for an order under Rule 37(a) with respect  to any objection to or

11  other failure to respond to the request or any part thereof, or any failure to permit

12  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

13  to provide supplemental responses because the defendant's original responses

14  contained imprecise, boilerplate objections:

15        Defendant's responses do not allow for meaningful evaluation.  Plaintiff
   and the Court are unable to determine, with certainty, the requests for

16  which Defendant is producing documents, the requests for which
   Defendant is withholding documents and on what basis, and the requests

17  for which it has no responsive documents.  Defendant cites boilerplate
   general objections, and does not explain why the objection applies to the

18  response or whether documents were withheld pursuant to the stated
   objections.

19  Id. at *4-5.

20        Nelson objects to Request No. 12 on the basis that it is "overbroad, unduly

21  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

22  nor reasonably calculated to lead to the discovery of admissible evidence."  But

23  Nelson fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

24  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

25  discovery has the burden to show discovery should not be allowed, and has the

26  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

27  Nelson's response is so broad and unspecific, it is impossible to tell whether

28  documents are being withheld on the basis of the stated objections, and/or whether

1  responsive documents even exist.  And, Nelson has not agreed to produce any

2  responsive documents.

3      Request No. 12 is relevant and reasonably calculated to lead to the discovery of

4  admissible evidence.  This Request seeks documents related to the number of alleged

5  debtors that Nelson filed complaints against and establishes the number of class

6  members.  Since this is a class action alleging Nelson engages in improper debt

7  collection practices, this Request is relevant and cannot be narrowed.

8      Accordingly, Tourgeman requests that this Court order Nelson to provide a

9  supplemental response to Request No. 12 without the stated objections, provide a

10  substantive response, and produce any documents improperly withheld from

11  production.

12  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

13  **TO DOCUMENT REQUEST NO. 12:**

14      There is no basis for compelling a further response to this request because the

15  number of debtors that Nelson & Kennard sued during a three-year period is not

16  relevant to any claim at issue, nor likely to lead to the discovery of admissible

17  evidence.  Tourgeman claims that Defendants sued him for a debt that had already

18  been paid "in full" to Dell, and that Defendants filed suit against him in the wrong

19  judicial district.  He has not alleged that every single state court collection complaint

20  that Nelson & Kennard filed was for a debt that was not due, nor does he claim that

21  every complaint was filed in the wrong district.  Nor could he makes such claims.

22      Tourgeman suggests this request is proper because he seeks to represent a

23  purported FDCPA class of all persons who were "contacted or sued" by Defendants,

24  and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The

25  FDCPA does not prohibit collectors from contacting consumers, nor does it bar

26  collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

27  specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact,

28  the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

from serious threats, harassment, abuse and other deceptive practices utilized by unscrupulous collectors. *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors") (citation omitted). It is not a wholesale ban on any type of contact with a debtor, nor does it prohibit collectors from filing suit. The focus of the Act is prevention of deceptive and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was concerned with disruptive, threatening, and dishonest tactics. The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation). **In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely disrupt a debtor's life.'** (Citation).

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis added).

Tourgeman cannot seek discovery regarding every debtor "contacted or sued" by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the FDCPA. In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth Circuit held that an allegedly false and misleading statement by a collector does <u>not</u> violate the FDCPA unless it is "material." *Id.* At 1033-34. A "material" misstatement is one that is "genuinely misleading" and that "may frustrate the consumer's ability to intelligently choose his or her response" to the collector's communication. *Id.* at 1034. The Court noted that:

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response. **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

*Id.* at 1034 (emphasis added).

1    Tourgeman claims that Defendants sued him for a debt that was paid "in full"
2  and filed suit in the wrong judicial district.  He is not entitled to discovery regarding
3  the total number of debtors that Nelson & Kennard has sued.  It does not relate to any
4  of his claims and will not identify the number of class members.

5

6  **DOCUMENT REQUEST NO. 13:**

7    Please produce ALL DOCUMENTS pertaining to the number of alleged
8  debtors that YOU mailed letters to requesting payment of an alleged debt from July
9  31, 2007 to the present.

10  **RESPONSE TO DOCUMENT REQUEST NO. 13:**

11    Defendant objects to this Request on the grounds that it is overbroad, unduly
12  burdensome and oppressive, and to the extent that it seeks information which is not
13  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the
14  discovery of admissible evidence.  Nelson & Kennard is a collection law firm with a
15  number of clients.  Letters sent by the firm to other debtors on behalf of other clients
16  have no bearing on this case.

17  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**
18  **DOCUMENT REQUEST NO. 13:**

19    Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to
20  part of a request must specify the part and permit inspection of the rest."; *see also E.*
21  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.
22  Cal. 2006)("If objection is made to part of an item or category, the part shall be
23  specified and inspection permitted of the remaining parts.  The party submitting the
24  request may move for an order under Rule 37(a) with respect  to any objection to or
25  other failure to respond to the request or any part thereof, or any failure to permit
26  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant
27  to provide supplemental responses because the defendant's original responses
28  contained imprecise, boilerplate objections:

1

2

3

4

Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

5   Id. at *4-5.

6        Nelson objects to Request No. 13 on the basis that it is "overbroad, unduly

7   burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

8   nor reasonably calculated to lead to the discovery of admissible evidence."  But

9   Nelson fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

10  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

11  discovery has the burden to show discovery should not be allowed, and has the

12  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

13  Nelson's response is so broad and unspecific, it is impossible to tell whether

14  documents are being withheld on the basis of the stated objections, and/or whether

15  responsive documents even exist.  And, Nelson has not agreed to produce any

16  responsive documents.

17       Nelson also claims that "[l]etters sent by the firm to other debtors on behalf of

18  other clients have no bearing on this case."  The Complaint, however, contains class

19  allegations that Nelson engages in improper debt collection activities.  Indeed, the

20  Complaint includes class allegations and a class comprised of:

21

22

All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

23

24

25

26

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors.  In particular, the Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate."  ¶32.  The

27  Complaint also specifies that Nelson "attempts to quickly obtain default judgments

28

1  against consumers without having original or copies of original agreements to prove

2  the existence, terms, and amount of the debt, and in many cases without having

3  proper information regarding the location of the debtor, thus obtaining default

4  judgments without effectuating proper service." ¶32.  The Complaint also notes that

5  "Nelson & Kennard rely on affidavits signed by individuals who the collection law

6  firms know have no knowledge of the underlying facts and file verified complaints in

7  which they attest to the truthfulness and accuracy of the information regarding the

8  alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is

9  Collins or the alleged debtor is Tourgeman, Nelson does not verify information

10  before it initiates collections and files lawsuits.  As such, Nelson's entire debt

11  collection practices are at issue.

12      Since Nelson's debt collection practices as a whole are at issue, documents

13  related to the number of alleged debtors Nelson mailed letters to requesting payment

14  of an alleged debt reveals the scope of Nelson's potentially improper debt collection

15  practices.  And, the number of alleged debtors who received letters establishes the

16  number of class members.  Thus, Request No. 13 is relevant and cannot be narrowed.

17      Accordingly, Tourgeman requests that this Court order Nelson to provide a

18  supplemental response to Request No. 13 without the stated objections, provide a

19  substantive response, and produce any documents improperly withheld from

20  production.

21  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

22  **TO DOCUMENT REQUEST NO. 13:**

23      There is no basis for compelling a further response to this request because the

24  number of debtors that received letters from Nelson & Kennard during a three-year

25  period is not relevant to any claim at issue, nor likely to lead to the discovery of

26  admissible evidence.  Tourgeman claims that Defendants sued him for a debt that had

27  already been paid "in full" to Dell, and that Defendants filed suit against him in the

28  wrong judicial district.  He has not alleged that any letters that he received from the

1  firm violated the FDCPA or state law.  In fact, he claims he never received <u>any</u> letter

2  from the firm.

3      Tourgeman suggests this request is proper because he seeks to represent a

4  purported FDCPA class of all persons who were "contacted or sued" by Defendants,

5  and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The

6  FDCPA does not prohibit collectors from contacting consumers, nor does it bar

7  collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

8  specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact,

9  the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

10  from serious threats, harassment, abuse and other deceptive practices utilized by

11  unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*

12  *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect

13  consumers from a host of unfair, harassing, and deceptive debt collection practices

14  without imposing unnecessary restrictions on ethical debt collectors") (citation

15  omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it

16  prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive

17  and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors
> from abuse, harassment and deceptive collection practices. . . . Congress was
> concerned with disruptive, threatening, and dishonest tactics.  The Senate
> Report accompanying the Act cites practices such as 'threats of violence,
> telephone calls at unreasonable hours [and] misrepresentation of consumer's
> legal rights.' (Citation).  **In other words, Congress seems to have
> contemplated the type of actions that would intimidate unsophisticated
> individuals and which, in the words of the Seventh Circuit, 'would likely
> disrupt a debtor's life.'** (Citation).

23  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis

24  added).

25      Tourgeman cannot seek discovery regarding every debtor "contacted or sued"

26  by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the

27  FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth

28  Circuit held that an allegedly false and misleading statement by a collector does <u>not</u>

1  violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material"

2  misstatement is one that is "genuinely misleading" and that "may frustrate the

3  consumer's ability to intelligently choose his or her response" to the collector's

4  communication.  *Id*. at 1034.  The Court noted that:

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

8  *Id*. at 1034 (emphasis added).

9      Tourgeman claims that Defendants sued him for a debt that was paid "in full"

10 and filed suit in the wrong judicial district.  He says he never received any letters

11 from Nelson & Kennard.  He is not entitled to discovery regarding the total number of

12 debtors that received collection letters from Nelson & Kennard.  It does not relate to

13 any of his claims and will not identify the number of class members.

14

15 **DOCUMENT REQUEST NO. 14:**

16     Please produce ALL DOCUMENTS that RELATE TO YOUR 1692g notices,

17 including but not limited to every sample collection letter YOU send to alleged

18 debtors.

19 **RESPONSE TO DOCUMENT REQUEST NO. 14:**

20     Defendant objects to this Request on the grounds that it is overbroad, unduly

21 burdensome and oppressive, and to the extent that it seeks information which is not

22 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

23 discovery of admissible evidence.  Nelson & Kennard is a collection law firm with a

24 number of clients.  There is no legitimate basis for requesting copies of section 1692g

25 notices sent to other debtors in connection with representing other clients.

26     Subject to and without waiving the forgoing objections or the General

27 Objections, Defendant will produce non-privileged documents that relate to Plaintiff,

28 his account and the defenses in this action.

1  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

2  **DOCUMENT REQUEST NO. 14:**

3       Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

4  part of a request must specify the part and permit inspection of the rest."; *see also E.*

5  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

6  Cal. 2006)("If objection is made to part of an item or category, the part shall be

7  specified and inspection permitted of the remaining parts.  The party submitting the

8  request may move for an order under Rule 37(a) with respect  to any objection to or

9  other failure to respond to the request or any part thereof, or any failure to permit

10 inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

11 to provide supplemental responses because the defendant's original responses

12 contained imprecise, boilerplate objections:

13            Defendant's responses do not allow for meaningful evaluation.  Plaintiff
             and the Court are unable to determine, with certainty, the requests for
14            which Defendant is producing documents, the requests for which
             Defendant is withholding documents and on what basis, and the requests
15            for which it has no responsive documents.  Defendant cites boilerplate
             general objections, and does not explain why the objection applies to the
16            response or whether documents were withheld pursuant to the stated
             objections.

17 Id. at *4-5.

18       Nelson objects to Request No. 14 on the basis that it is "overbroad, unduly

19 burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

20 nor reasonably calculated to lead to the discovery of admissible evidence."  But

21 Nelson fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

22 *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

23 discovery has the burden to show discovery should not be allowed, and has the

24 burden of clarifying, explaining, and supporting its objections.").  Moreover, because

25 Nelson's response is so broad and unspecific, it is impossible to tell whether

26 documents are being withheld on the basis of the stated objections, and/or whether

27 responsive documents even exist.

28

Nelson also claims that "[t]here is no legitimate basis for requesting copies of section 1692g notices sent to other debtors in connection with representing clients." Nelson is wrong. The Complaint contains class allegations that Nelson engages in improper debt collection activities. Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default judgments without effectuating proper service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law firms know have no knowledge of the underlying facts and file verified complaints in which they attest to the truthfulness and accuracy of the information regarding the alleged debt." ¶35. In other words, regardless of whether the alleged creditor is Collins or the alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files lawsuits. As such, Nelson's entire debt collection practices are at issue.

Since Nelson's debt collection practices as a whole are at issue, documents related to 1692g notices that Nelson sent to alleged debtors demonstrates Nelson's overall debt collection techniques. This Request seeks evidence which goes to the

1 | heart of this dispute: whether Nelson engages in proper debt collection practices.
2 | Thus, Request No. 14 is relevant and cannot be narrowed.

3 |     Additionally, Nelson cannot satisfy its discovery obligations merely by
4 | producing the 1692g letter sent to Tourgeman.  Rather, Nelson must produce all
5 | documents that relate to the 1692g notices it sent to alleged debtors during the class
6 | period.

7 |     Accordingly, Tourgeman requests that this Court order Nelson to provide a
8 | supplemental response to Request No. 14 without the stated objections, provide a
9 | substantive response, and produce any documents improperly withheld from
10 | production.

11 | **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
12 | **TO DOCUMENT REQUEST NO. 14:**

13 |     There is no basis for compelling a further response to this request because
14 | documents relating to Nelson & Kennard's section 1692g notices are not relevant to
15 | any claim at issue, nor likely to lead to the discovery of admissible evidence.  In fact,
16 | the Court previously dismissed the claim that alleged Defendants had not sent
17 | Tourgeman a notice under section 1692g of the FDCPA.  *See* Order Granting In Part
18 | And Denying In Part Defendant's Motion To Dismiss And Motion To Strike (Docket
19 | 58), at 6.  Tourgeman's Second Amended Complaint does not allege that Defendants
20 | sent him <u>any</u> collection letters.

21 |     There is no basis for seeking discovery on a dismissed claim.  The motion
22 | should be denied as to this request.

23 |

24 | **DOCUMENT REQUEST NO. 15:**

25 |     Please produce ALL DOCUMENTS RELATING TO the procedures and
26 | guidelines YOU set to collect debts.

27 | **RESPONSE TO DOCUMENT REQUEST NO. 15:**

28 |     Defendant objects to this request on the grounds that it is vague and ambiguous

1  as to the term "procedures and guidelines."  Defendant objects to this Request on the

2  grounds that, as understood by Defendant, it is overbroad, unduly burdensome and

3  oppressive, and to the extent that it seeks information which is not relevant to the

4  subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

5  admissible evidence.  Nelson & Kennard is a collection law firm, and virtually every

6  piece of paper or electronic document it maintains could arguably "relate" to the

7  collection process and could be construed as responsive.

8       Subject to and without waiving the forgoing objections or the General

9  Objections, upon entry of a protective order by the Court, Defendant will produce

10  non-privileged documents that relate to Plaintiff, his account, and the defenses in this

11  action.

12  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

13  **DOCUMENT REQUEST NO. 15:**

14       Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

15  part of a request must specify the part and permit inspection of the rest."; *see also E.*

16  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

17  Cal. 2006)("If objection is made to part of an item or category, the part shall be

18  specified and inspection permitted of the remaining parts.  The party submitting the

19  request may move for an order under Rule 37(a) with respect  to any objection to or

20  other failure to respond to the request or any part thereof, or any failure to permit

21  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

22  to provide supplemental responses because the defendant's original responses

23  contained imprecise, boilerplate objections:

24         Defendant's responses do not allow for meaningful evaluation.  Plaintiff
       and the Court are unable to determine, with certainty, the requests for

25         which Defendant is producing documents, the requests for which
       Defendant is withholding documents and on what basis, and the requests

26         for which it has no responsive documents.  Defendant cites boilerplate
       general objections, and does not explain why the objection applies to the

27         response or whether documents were withheld pursuant to the stated
       objections.

28  Id. at *4-5.

Nelson objects to Request No. 15 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.  *Keith H. V. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").  Moreover, because Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Nelson objects to document Request No. 15 on the basis that the term "procedures and guidelines" is vague and ambiguous.  Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  "Procedures" and "policies" are common English words that should not preclude Nelson from providing a substantive response.  And, Nelson has offered little to no meaningful facts to support the stated objections.  Thus, this boilerplate objection cannot be sustained.

Nelson also claims that this Request potentially seeks "virtually every piece of paper or electronic document it maintains."  Not true.  This Request only seeks documents related to Nelson's procedures and guidelines for collecting debts.

Finally, Nelson's offer to produce only documents related to Tourgeman, his account, and the defenses in this action narrows the scope of the Request and is insufficient.  This is a class action lawsuit alleging Nelson improperly initiated debt collections and unlawfully filed lawsuits against numerous debtors.  Since Nelson's debt collection procedures and guidelines may show the extent of Nelson's debt collection practices, these documents are relevant and must be produced.

1   Accordingly, Tourgeman requests that this Court order Nelson to provide a
2   supplemental response to Request No. 15 without the stated objections, provide a
3   substantive response, and produce any documents improperly withheld from
4   production.

5   **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
6   **TO DOCUMENT REQUEST NO. 15:**

7   Defendant has responded to this request, has agreed to produce responsive
8   documents, and has produced responsive documents.  Defendant has also provided
9   documents and detailed interrogatory responses describing the process used in
10  connection with filing suit, its skip tracing procedures, and the methods used to
11  confirm that Defendant files suit against the correct debtor and in the correct judicial
12  district.  Defendant also agreed to produce for deposition the attorney who prepared
13  the lawsuit that was filed against Tourgeman.  It is unclear why Tourgeman has filed
14  a motion compelling further responses.  No order compelling further responses is
15  proper.

16

17  **DOCUMENT REQUEST NO. 17:**

18  Please produce ALL DOCUMENTS that RELATE TO YOUR policy for the
19  retention and destruction of records, DOCUMENTS, or files from July 31, 2007 to
20  the present.

21  **RESPONSE TO DOCUMENT REQUEST NO. 17:**

22  Defendant objects to this Request on the grounds that it is overbroad, unduly
23  burdensome and oppressive, and seeks information which is not relevant to the
24  subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of
25  admissible evidence.

26  Subject to and without waiving the forgoing objections or the General
27  Objections, Defendant will produce non-privileged documents in its possession,
28  custody or control, to the extent any exist, that are responsive to this Request.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

**DOCUMENT REQUEST NO. 17:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Id. at *4-5.

Nelson objects to Request No. 17 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.  *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").  Moreover, because Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. 17 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 17:**

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion.  No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Rule 26.1a ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred on **all disputed issues**.").

Despite these clear requirements, this is one of eighteen separate discovery requests that were <u>never</u> discussed in any letter or any phone call by counsel for Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support Of Opposition To Motion To Compel And Motion For Protective Order And Award Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically informed counsel for Tourgeman that the motion was improper because no meet and confer had been conducted, but Tourgeman's counsel refused to take the motion off calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

Since no meet and confer was conducted as to "all disputed issues" as required by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare minimum, the Court should deny the motion as to all of the eighteen discovery

requests, including this one, that were never discussed by counsel.  *See Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4 (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and confer conducted in advance of motion).  Counsel for Tourgeman should also be sanctioned for their deliberate refusal to comply with the requirements of the Federal Rules and the Local Rules.

**DOCUMENT REQUEST NO. 19:**

Please produce ALL DOCUMENTS relating to the maintenance of procedures by NELSON adopted to avoid any violation of the Fair Debt Collection Practices Act and the Rosenthal Act.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing objections or the General Objections, upon entry of a protective order by the Court, Defendant will produce non-privileged documents that relate to the bona fide error defense in this action.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 19:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit

1   inspection as requested."). In *E. & J. Gallo Winery,* the court ordered the defendant

2   to provide supplemental responses because the defendant's original responses

3   contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff
> and the Court are unable to determine, with certainty, the requests for
> which Defendant is producing documents, the requests for which
> Defendant is withholding documents and on what basis, and the requests
> for which it has no responsive documents. Defendant cites boilerplate
> general objections, and does not explain why the objection applies to the
> response or whether documents were withheld pursuant to the stated
> objections.

8   Id. at *4-5.

9   Nelson objects to Request No. 19 on the basis that it is "overbroad, unduly

10  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

11  nor reasonably calculated to lead to the discovery of admissible evidence."  But

12  Nelson fails to provide any explanation for these objections. *Keith H. V. Long Beach*

13  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

14  discovery has the burden to show discovery should not be allowed, and has the

15  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

16  Nelson's response is so broad and unspecific, it is impossible to tell whether

17  documents are being withheld on the basis of the stated objections, and/or whether

18  responsive documents even exist.

19  Nelson also improperly attempts to limit Request No. 19 to documents that also

20  relate to the bona fide error defense.  This response is insufficient and does not satisfy

21  Nelson's discovery obligations.  Request No. 19 seeks documents related to Nelson's

22  policies for avoiding violations of the Fair Debt Collection Practices Act and the

23  Rosenthal Act.  Put differently, this Request seeks information on how Nelson trains

24  its employees to collect debts and is not limited to just the bona fide error defense.

25  Nelson cannot shelter its debt collection techniques from scrutiny by producing only

26  documents related to the bona fide error defense.

27  Accordingly, Tourgeman requests that this Court order Nelson to provide a

28  supplemental response to Request No. 19 without the stated objections, provide a

substantive response, and produce any documents improperly withheld from production.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 19:**

The FDCPA and Rosenthal Act both provide that even if a plaintiff proves a violation, the defendant is not liable if it can demonstrate that the violation was not intentional, and that it occurred despite the maintenance by defendant of procedures reasonably adapted to avoid the error. This is known as the "bona fide error" defense.[3]

Defendants have filed a motion for summary judgment which explains that even if there is evidence that Tourgeman previously paid his debt, Defendants are not liable because they employed extensive procedures to prevent inadvertent attempts to collect on accounts that had been previously paid. Nelson & Kennard also has procedures designed to ensure that debtors were sued in the correct venue. The pending summary judgment motion asserts that no liability should attach given the "bona fide error" defense.

"The bona fide error defense is an affirmative defense that insulates debt collectors from liability even when they have violated the FDCPA." *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006). If the defendant shows by a preponderance of the evidence that a violation of the FDCPA was not intentional, and resulted despite procedures that were reasonably adapted to prevent the error, there is

---

[3] *See* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."); Cal. Civ. Code § 1788.30(e) ("A debt collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.").

1  no liability.  *See* 15 U.S.C. § 1692k(c); *see also Clark v. Capital Credit Coll. Servs.,*
2  *Inc.,* 460 F.3d 1162, 1177 (9th Cir. 2006).

3      To prevail on the "bona fide error" defense, Defendants need only show that
4  their procedures were "reasonably adapted" to avoid the error.  *See, e.g., Ross v. RJM*
5  *Acquisitions Funding LLC,* 480 F.3d 493, 497-98 (7th Cir. 2007) (rejecting notion
6  that collector must prove that its procedures were "state of the art" to prevail)*;*
7  *Jenkins v. Heintz*, 124 F.3d 824, 833-34 (7th Cir. 1997) (law firm procedures held
8  reasonable despite its failure to investigate the legality of collecting forced placed
9  insurance premiums)*; Lewis v. ACB Bus. Servs*., 135 F.3d 389 (6th Cir. 1998) (agency
10  reasonably relied upon on erroneous information supplied by client); *Smith v.*
11  *Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992) (manual and employee
12  affidavits showed that the further collection efforts occurred as a result of an error).

13      Defendant has already agreed to produce, and has produced, documents
14  relating to the "bona fide error defense" that it has asserted.  There is no basis for
15  Tourgeman to seek a further response with respect to this request.

16

17  **DOCUMENT REQUEST NO. 20:**

18      Please produce ALL material, including video and audio tapes, pertaining to
19  training by or for NELSON and its employees regarding the Fair Debt Collection
20  Practices Act and the Rosenthal Act.

21  **RESPONSE TO DOCUMENT REQUEST NO. 20:**

22      Defendant objects to this Request on the grounds that it is overbroad, unduly
23  burdensome and oppressive, and to the extent that it seeks information which is not
24  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the
25  discovery of admissible evidence.

26      Subject to and without waiving the forgoing objections or the General
27  Objections, upon entry of a protective order by the Court, Defendant will produce
28  non-privileged documents that relate to the bona fide error defense in this action.

1  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

2  **DOCUMENT REQUEST NO. 20:**

3       Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

4  part of a request must specify the part and permit inspection of the rest."; *see also E.*

5  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

6  Cal. 2006)("If objection is made to part of an item or category, the part shall be

7  specified and inspection permitted of the remaining parts.  The party submitting the

8  request may move for an order under Rule 37(a) with respect  to any objection to or

9  other failure to respond to the request or any part thereof, or any failure to permit

10 inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

11 to provide supplemental responses because the defendant's original responses

12 contained imprecise, boilerplate objections:

13           Defendant's responses do not allow for meaningful evaluation.  Plaintiff
             and the Court are unable to determine, with certainty, the requests for
14           which Defendant is producing documents, the requests for which
             Defendant is withholding documents and on what basis, and the requests
15           for which it has no responsive documents.  Defendant cites boilerplate
             general objections, and does not explain why the objection applies to the
16           response or whether documents were withheld pursuant to the stated
             objections.

17 Id. at *4-5.

18       Nelson objects to Request No. 19 on the basis that it is "overbroad, unduly

19 burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

20 nor reasonably calculated to lead to the discovery of admissible evidence."  But

21 Nelson fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

22 *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

23 discovery has the burden to show discovery should not be allowed, and has the

24 burden of clarifying, explaining, and supporting its objections.").  Moreover, because

25 Nelson's response is so broad and unspecific, it is impossible to tell whether

26 documents are being withheld on the basis of the stated objections, and/or whether

27 responsive documents even exist.

28

Nelson also improperly attempts to limit Request No. 20 to documents that relate to the bona fide error defense.  This response is insufficient and does not satisfy Nelson's discovery obligations.  Request No. 20 seeks training materials regarding the Fair Debt Collection Practices Act and the Rosenthal Act.  In other words, this Request seeks information on how Nelson trains its employees to collect debts and is not limited to just the bona fide error defense.  Nelson cannot shelter its debt collection techniques from scrutiny by producing only documents related to the bona fide error defense.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. 20 without the stated objections, provide a substantive response, and product any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 20:**

The FDCPA and Rosenthal Act both provide that even if a plaintiff proves a violation, the defendant is not liable if it can demonstrate that the violation was not intentional, and that it occurred despite the maintenance by defendant of  procedures reasonably adapted to avoid the error.  This is known as the "bona fide error" defense.[4]

Defendants have filed a motion for summary judgment which explains that even if there is evidence that Tourgeman previously paid his debt, Defendants are not

---

[4] *See* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."); Cal. Civ. Code § 1788.30(e) ("A debt collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.").

1   liable because they employed extensive procedures to prevent inadvertent attempts to

2   collect on accounts that had been previously paid.  Nelson & Kennard also has

3   procedures designed to ensure that debtors were sued in the correct venue.  The

4   pending summary judgment motion asserts that no liability should attach given the

5   "bona fide error" defense.

6          "The bona fide error defense is an affirmative defense that insulates debt

7   collectors from liability even when they have violated the FDCPA."  *Johnson v.*

8   *Riddle*, 443 F.3d 723, 727 (10th Cir. 2006).  If the defendant shows by a

9   preponderance of the evidence that a violation of the FDCPA was not intentional, and

10  resulted despite procedures that were reasonably adapted to prevent the error, there is

11  no liability.  *See* 15 U.S.C. § 1692k(c); *see also Clark v. Capital Credit Coll. Servs.,*

12  *Inc.,* 460 F.3d 1162, 1177 (9th Cir. 2006).

13         To prevail on the "bona fide error" defense, Defendants need only show that

14  their procedures were "reasonably adapted" to avoid the error.  *See, e.g., Ross v. RJM*

15  *Acquisitions Funding LLC,* 480 F.3d 493, 497-98 (7th Cir. 2007) (rejecting notion

16  that collector must prove that its procedures were "state of the art" to prevail*);*

17  *Jenkins v. Heintz*, 124 F.3d 824, 833-34 (7th Cir. 1997) (law firm procedures held

18  reasonable despite its failure to investigate the legality of collecting forced placed

19  insurance premiums*); Lewis v. ACB Bus. Servs*., 135 F.3d 389 (6th Cir. 1998) (agency

20  reasonably relied upon on erroneous information supplied by client); *Smith v.*

21  *Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992) (manual and employee

22  affidavits showed that the further collection efforts occurred as a result of an error).

23         Defendant has already agreed to produce, and has produced, documents

24  relating to the "bona fide error defense" that it has asserted.  There is no basis for

25  Tourgeman to seek a further response with respect to this request.

26

27  **DOCUMENT REQUEST NO. 21:**

28         Please produce ALL DOCUMENTS RELATING TO insurance policies

covering NELSON for violation of the Fair Debt Collection Practices Act and the Rosenthal Act.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Nelson & Kennard has not tendered the defense of this action to any insurance carrier so there are no relevant responsive documents.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 21:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Id. at *4-5.

Nelson objects to Request No. 21 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But

1   Nelson fails to provide any explanation for these objections.  *Keith H. V. Long Beach*
2   *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists
3   discovery has the burden to show discovery should not be allowed, and has the
4   burden of clarifying, explaining, and supporting its objections.").  Moreover, because
5   Nelson's response is so broad and unspecific, it is impossible to tell whether
6   documents are being withheld on the basis of the stated objections, and/or whether
7   responsive documents even exist.  And, Nelson has not agreed to provide any
8   responsive documents.

9        Nelson also refuses to produce documents to Request No. 21, contending
10  Nelson "has not tendered the defense of this action to any insurance carrier so there
11  are no relevant responsive documents."  But it is immaterial whether Nelson has
12  tendered the defense of this action to any insurance carrier.  The crux of the
13  Complaint is that Nelson violated the Fair Debt Collection Practices Act.  Documents
14  that establish culpability or relate to indemnification for those violations are relevant.
15  If nelson maintains an insurance policy that covers these violations, that is enough to
16  render the documents relevant.

17       Accordingly, Tourgeman requests that this Court order Nelson to provide a
18  supplemental response to Request No. 21 without the stated objections, provide a
19  substantive response, and produce any documents improperly withheld from
20  production.

21  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
22  **TO DOCUMENT REQUEST NO. 21:**

23       Nelson & Kennard has not tendered the defense of this action to any insurance
24  carrier.  There is no insurance policy that could have any bearing on this case.  There
25  is no basis for compelling the firm to produce insurance policies that have bearing on
26  this dispute or its resolution.

27

28

**DOCUMENT REQUEST NO. 23:**

Please produce ALL DOCUMENTS that RELATE TO NELSON's procedures to verify alleged debts when received from a debt collector client, including but not limited to, COLLINS.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the terms"verify alleged debts."  Nelson & Kennard is a collection law firm.  To the extent that it understands the term "verify" as used in this request, the firm does not have a legal obligation to independently verify the debts that are forwarded by its clients.  Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Nelson & Kennard has a number of clients.  There is no legitimate basis for seeking discovery concerning the handling of accounts forwarded by other clients of the firm.

Subject to and without waiving the forgoing objections or the General Objections, upon entry of a protective order by the Court, Defendant will produce non-privileged documents that relate to Plaintiff, his account, and the defenses in this action.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 23:**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."; *see also E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D. Cal. 2006)("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect  to any objection to or other failure to respond to the request or any part thereof, or any failure to permit

inspection as requested."). In *E. & J. Gallo Winery,* the court ordered the defendant to provide supplemental responses because the defendant's original responses contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation. Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

Id. at *4-5.

Nelson objects to Request No. 23 on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence." But Nelson fails to provide any explanation for these objections. *Keith H. V. Long Beach Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, because Nelson's response is so broad and unspecific, it is impossible to tell whether documents are being withheld on the basis of the stated objections, and/or whether responsive documents even exist.

Nelson objects to document Request No. 23 on the basis that the term "verify" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. District. LEXIS 31688 (N.D. Cal. 2007). The term "verify" is a common English word that should not preclude Nelson from providing a meaningful response. Because Nelson has offered little to no meaningful facts to support the stated objection, this boilerplate objection cannot be sustained.

Nelson also contends there is no legitimate basis for Request No. 23 and offers to produce only documents related to Tourgeman, his account, and the defenses in

this action.  The Complaint, however, contains class allegations that Nelson engages in improper debt collection activities.  Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors.  In particular, the Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32.  The Complaint also specifies that Nelson "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default judgments without effectuating proper service." ¶32.  The Complaint also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law firms know have no knowledge of the underlying facts and file verified complaints in which they attest to the truthfulness and accuracy of the information regarding the alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is Collins or the alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files lawsuits.  As such, Nelson's entire debt collection practices are at issue.

Request No. 23 seeks documents related to Nelson's procedures for verifying alleged debts received from debt collector clients.  Since Nelson's debt collection practices are in question, this Request is relevant to showing the process by which Nelson files debt related lawsuits and whether Nelson takes the time to ensure the alleged debts are legitimate.

1    Accordingly, Tourgeman requests that this Court order Nelson to provide a

2  supplemental response to Request No. 23 without the stated objections, provide a

3  substantive response, and produce any documents improperly withheld from

4  production.

5  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

6  **TO DOCUMENT REQUEST NO. 23:**

7    Discovery about Defendant's "investigation" of debts is not proper because the

8  FDCPA does not impose a duty on collectors to independently investigate and verify

9  debts before the initiate the collection process.  Even though the law does not impose

10  such a duty, Defendants have no business interest in seeking to collect money from

11  debtors that do not owe it.  Defendants do have procedures in place to prevent any

12  attempt to collect debts that have already been paid, and they have provided this

13  information to Tourgeman already.  There is no basis for compelling a further

14  response.

15    The FDCPA does not require a debt collector to independently verify the

16  validity of a debt before attempting to collect it.  Instead, the FDCPA allows a

17  collector to assume the debt is valid, unless the debtor submits a timely dispute to the

18  collector.  *See* 15 U.S.C. § 1692g(a)(3) (collector must notify consumer that debt will

19  be assumed valid unless consumer disputes validity of debt within 30 days of receipt

20  of notice); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992)

21  (FDCPA does not require collector to independently investigate debt referred for

22  collection); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (FDCPA does not

23  require collector to independently verify validity of debt to qualify for "bona fide

24  error" defense).  Here, non-party Paragon Way, Inc. and Nelson & Kennard both sent

25

26

27

28

1  notices to Tourgeman advising him of his right to dispute the debt, but Tourgeman

2  never responded.[5]

3      If Tourgeman is arguing that discovery about Defendants' "investigating" of

4  debts is relevant to show that Defendants did not have possession of sufficient

5  evidence to prove their case before the collection suit was filed, his requests are

6  improper as this Court has already rejected this theory of recovery.[6]

7      Defendants have provided discovery on the procedures used to ensure that they

8  are filing suit on valid debts and are filing suit in the correct judicial district.  The

9  motion should be denied as to this request.

10

11 **DOCUMENT REQUEST NO. 25:**

12     Please produce ALL DOCUMENTS that RELATE TO NELSON's policies and

13 procedures for settling alleged debts with debtors.

14 **RESPONSE TO DOCUMENT REQUEST NO. 25:**

15     Defendant objects to this Request on the grounds that it is vague and

16 ambiguous as to the terms "policies and procedures for settling."  Defendant also

17 objects to this Request on the grounds that it is overbroad, unduly burdensome and

18 oppressive, and to the extent that it seeks information which is not relevant to the

19 subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of

20 admissible evidence.  Nelson & Kennard is a collection law firm with a number of

21

22     [5] *See* Declaration of Howard Knauer In Support Of Motion For Summary

23 Judgment (Docket 75), ¶ 5, Ex. B; Declaration of Jonathan E. Ayers In Support Of

24 Motion For Summary Judgment (Docket 73), ¶ 4, Ex. B.

25     [6] *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss

26 And Motion To Strike (Docket 58), at 7 ("[T]he filing of a lawsuit, even if a plaintiff

27 does not have the means of proving the case at filing or does not ultimately prevail, has

28 not by itself been considered harassment or abuse under the FDCPA. *See, e.g., Heintz v. Jenkins*, 514 U.S. 291, 296 (1995); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006).

1  different clients.  Cases are settled on an individual basis depending on the facts and

2  circumstances that are present at the time the settlement is consummated.  There is no

3  legitimate basis for seeking discovery regarding the settlement of debts that are

4  forwarded to the firm by other clients.

5  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

6  **DOCUMENT REQUEST NO. 25:**

7      Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

8  part of a request must specify the part and permit inspection of the rest."; *see also E.*

9  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

10  Cal. 2006)("If objection is made to part of an item or category, the part shall be

11  specified and inspection permitted of the remaining parts.  The party submitting the

12  request may move for an order under Rule 37(a) with respect  to any objection to or

13  other failure to respond to the request or any part thereof, or any failure to permit

14  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

15  to provide supplemental responses because the defendant's original responses

16  contained imprecise, boilerplate objections:

17          Defendant's responses do not allow for meaningful evaluation.  Plaintiff
            and the Court are unable to determine, with certainty, the requests for
18          which Defendant is producing documents, the requests for which
            Defendant is withholding documents and on what basis, and the requests
19          for which it has no responsive documents.  Defendant cites boilerplate
            general objections, and does not explain why the objection applies to the
20          response or whether documents were withheld pursuant to the stated
            objections.
21  Id. at *4-5.

22      Nelson objects to Request No. 25 on the basis that it is "overbroad, unduly

23  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

24  nor reasonably calculated to lead to the discovery of admissible evidence."  But

25  Nelson fails to provide any explanation for these objections.  *Keith H. V. Long Beach*

26  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

27  discovery has the burden to show discovery should not be allowed, and has the

28  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

1  Nelson's response is so broad and unspecific, it is impossible to tell whether

2  documents are being withheld on the basis of the stated objections, and/or whether

3  responsive documents even exist.  And, Nelson has not agreed to produce any

4  responsive documents.

5  　　　Nelson objects to document Request No. 25 on the basis that the term "policies

6  and procedures for settling" is vague and ambiguous.  Nelson, however, has failed to

7  exercise reason and common sense to attribute ordinary definitions to terms and

8  phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins.*

9  *Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal 2007).  "Policies" and "procedures" are

10 common English words that should not preclude Nelson from providing a substantive

11 response.  Because Nelson has offered little to no meaningful facts to support the

12 stated objection, this boilerplate objection cannot be sustained.

13 　　　Nelson also contends "[t]here is no legitimate basis for seeking discovery

14 regarding the settlement of debts that are forwarded to the firm by other clients."

15 Nelson is wrong.  The Complaint contains class allegations that Nelson engages in

16 improper debt collection activities.  Indeed, the Complaint includes class allegations

17 and a class comprised of:

18 　　　　　All consumers residing in the United States and abroad who, during the
　　　　　period within one year of the date of the filing of the complaint, were
19 　　　　　contacted or sued in the United States by either Collins Financial or Nelson
　　　　　& Kennard in an effort to collect an alleged debt.
20

21 　　　Further, the Complaint contains numerous allegations that Nelson improperly

22 initiates collections and unlawfully files lawsuits against debtors.  In particular, the

23 Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the

24 alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32.  The

25 Complaint also specifies that Nelson "attempts to quickly obtain default judgments

26 against consumers without having original or copies of original agreements to prove

27 the existence, terms, and amount of the debt, and in many cases without having

28 proper information regarding the location of the debtor, thus obtaining default

1  judgments without effectuating proper service." ¶32.  The Complaint also notes that

2  "Nelson & Kennard rely on affidavits signed by individuals who the collection law

3  firms know have no knowledge of the underlying facts and file verified complaints in

4  which they attest to the truthfulness and accuracy of the information regarding the

5  alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is

6  Collins or the alleged debtor is Tourgeman, Nelson does not verify information

7  before it initiates collections and files lawsuits.  As such, Nelson's entire debt

8  collection practices are at issue.

9      Request No. 25 seeks documents related to Nelson's policies and procedures

10  for settling alleged debts with debtors.  The manner in which Nelson settles alleged

11  debts with debtors reflects on its debt collection practices.  Since Nelson's debt

12  collection practices are in question, this Request is relevant and goes to the heart of

13  the case.

14      Accordingly, Tourgeman requests that this Court order Nelson to provide a

15  supplemental response to Request No. 25 without the stated objections, provide a

16  substantive response, and produce any documents improperly withheld from

17  production.

18  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

19  **TO DOCUMENT REQUEST NO. 25:**

20      There is no basis for seeking to compel documents and information concerning

21  Defendants' policies for settling debts.  This discovery has nothing to do with this

22  case.  Tourgeman does not even allege that Defendants violated the FDCPA in

23  connection with settling any debt.

24      Even if he had, there is nothing unlawful about settling debts.  To the contrary,

25  cases have repeatedly recognized that the FDCPA encourages settlement of debts

26  without litigation.  "There is nothing improper about making a settlement offer.

27  (Citation).  Forbidding them would force honest debt collectors seeking a peaceful

28  resolution of the debt to file suit in order to advance efforts to resolve the debt-

1  something that is clearly at odds with the language and purpose of the [Act]."

2  *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F. 3d 294, 299 (3d Cir.

3  2008) (citing *Evory v. RJM Acquisitions Funding, LLC*, 505 F. 3d 769 (7th Cir. 2007)

4  and *Lewis v. ACB Bus. Servs., Inc.*, 135 F. 3d 389, 399 (6th Cir. 1998).

5      The motion must be denied as to these requests seeking information relating to

6  Defendants policies and procedures relating to settling debts.

7

8  **DOCUMENT REQUEST NO. 26:**

9      Please produce ALL DOCUMENTS that RELATE TO NELSON's revenue for

10  each calendar year from 2005 to the present, including but not limited to financial

11  summaries, period reports, tax returns and financial statements.

12  **RESPONSE TO DOCUMENT REQUEST NO. 26:**

13      Defendant objects to this Request on the grounds that it is overbroad, unduly

14  burdensome and oppressive, and to the extent that it seeks information which is not

15  relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the

16  discovery of admissible evidence.  Defendant further objects to this Request to the

17  extent that it seeks confidential financial information.

18  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

19  **DOCUMENT REQUEST NO. 26:**

20      Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

21  part of a request must specify the part and permit inspection of the rest."; *see also E.*

22  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

23  Cal. 2006)("If objection is made to part of an item or category, the part shall be

24  specified and inspection permitted of the remaining parts.  The party submitting the

25  request may move for an order under Rule 37(a) with respect  to any objection to or

26  other failure to respond to the request or any part thereof, or any failure to permit

27  inspection as requested."). *In E. & J. Gallo Winery,* the court ordered the defendant

28

1   to provide supplemental responses because the defendant's original responses

2   contained imprecise, boilerplate objections:

> Defendant's responses do not allow for meaningful evaluation.  Plaintiff and the Court are unable to determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents.  Defendant cites boilerplate general objections, and does not explain why the objection applies to the response or whether documents were withheld pursuant to the stated objections.

7   Id. at *4-5.

8       Nelson objects to Request No. 26 on the basis that it is "overbroad, unduly

9   burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

10  nor reasonably calculated to lead to the discovery of admissible evidence."  But

11  Nelson fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

12  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

13  discovery has the burden to show discovery should not be allowed, and has the

14  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

15  Nelson's response is so broad and unspecific, it is impossible to tell whether

16  documents are being withheld on the basis of the stated objections, and/or whether

17  responsive documents even exist.  And, Nelson has not agreed to produce any

18  responsive documents.

19      Documents related to Nelson's revenues establish how debt collection activities

20  were conducted and how Nelson was incentivized to pursue certain alleged debtors.

21  To the extent Nelson contends this Request seeks confidential information,

22  Tourgeman has offered to sign a protective Order.  Nelson ignored this offer.

23      Accordingly, Tourgeman requests that this Court order Nelson to provide a

24  supplemental response to Request No. 26 without the stated objections, provide a

25  substantive response, and produce any documents improperly withheld from

26  production.

27

28

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 26:**

There is no basis for compelling production of the private financial information sought by this request. There is no punitive damages claim in this case. Financial statements and tax returns will not show how collectors are "incentivized" to collect debts, nor is that an issue in the case. The request for a further response should be denied.

**DOCUMENT REQUEST NO. 28:**

Please produce ALL DOCUMENTS that RELATE TO NELSON's processes for receiving the transmitted account information of debtors from COLLINS.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "processes for receiving the transmitted account information of debtors." As Defendant understands the request, there are no responsive documents.

**PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUEST NO. 28:**

Nelson objects to document Request No. 28 on the basis that the term "processes for receiving the transmitted account information of debtors" is vague and ambiguous. Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery. *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXUS 31688 (N.D. Cal 2007). Because Nelson has offered little or no meaningful facts to support the stated objection, this boilerplate objection cannot be sustained.

Finally, Nelson's contention that no responsive documents exist is dubious. Collins is an entity specializing in debt collections while Nelson is a law firm that specializes in debt collection lawsuits. The two firms are frequently in contact as

1 Collins regularly utilizes Nelson's services and transmits debtor account information.

2 It is unlikely that Nelson has no documentation showing how it processes account

3 information sent by Collins.

4        Accordingly, Tourgeman requests that this Court order Nelson to provide a

5 supplemental response to Request No. 28 without the stated objections, provide a

6 substantive response, and produce any documents improperly withheld from

7 production.

8 **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

9 **TO DOCUMENT REQUEST NO. 28:**

10        The motion to compel should be denied as to this request because Plaintiff has

11 never made any attempt to meet and confer regarding the request before filing the

12 motion.  No party may move for an order compelling further discovery until after the

13 party has made a good faith attempt to meet and confer to resolve the dispute without

14 court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this

15 Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

16 include a certification that the movant has in good faith conferred or attempted to

17 confer with the person or party failing to make disclosure or discovery in an effort to

18 obtain it without court action."); Local Rule 26.1a ("The court will entertain no

19 motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

20 previously met and conferred on **all disputed issues**.").

21        Despite these clear requirements, this is one of eighteen separate discovery

22 requests that were <u>never</u> discussed in any letter or any phone call by counsel for

23 Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

24 Of Opposition To Motion To Compel And Motion For Protective Order And Award

25 Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

26 informed counsel for Tourgeman that the motion was improper because no meet and

27 confer had been conducted, but Tourgeman's counsel refused to take the motion off

28 calendar, and refused to withdraw the motion as to the eighteen requests.  *Id.*

1      Since no meet and confer was conducted as to "all disputed issues" as required

2 by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

3 minimum, the Court should deny the motion as to all of the eighteen discovery

4 requests, including this one, that were never discussed by counsel.  *See Presidio*

5 *Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 1423577, *3-4

6 (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

7 confer conducted in advance of motion).  Counsel for Tourgeman should also be

8 sanctioned for their deliberate refusal to comply with the requirements of the Federal

9 Rules and the Local Rules.

10

11 **DOCUMENT REQUEST NO. 29:**

12      Please produce ALL DOCUMENTS that RELATE TO NELSON'S contracts

13 with skip-tracing services and other data providers YOU use to find current

14 information for any alleged debtor.

15 **RESPONSE TO DOCUMENT REQUEST NO. 29:**

16      Defendant also objects to this Request on the grounds that it is overbroad,

17 unduly burdensome and oppressive, and to the extent that it seeks information which

18 is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

19 to the discovery of admissible evidence.

20 **SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 29:**

21      Defendant also objects to this Request on the grounds that it is overbroad,

22 unduly burdensome and oppressive, and to the extent that it seeks information which

23 is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

24 to the discovery of admissible evidence.  Subject to and without waiving the forgoing

25 objections or the General Objections, Defendant responds as follows:  Defendant will

26 produce responsive documents.

27

28

1  **PLAINTIFF'S REASONS TO COMPEL FURTHER RESPONSE TO**

2  **DOCUMENT REQUEST NO. 29:**

3      Federal Rule of Civil Procedure 34(b)(2)(C) requires that "[a]n objection to

4  part of a request must specify the part and permit inspection of the rest."; *see also E.*

5  *& J. Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 U.S. Dist. LEXIS 42069, *3-4(E.D.

6  Cal. 2006)("If objection is made to part of an item or category, the part shall be

7  specified and inspection permitted of the remaining parts.  The party submitting the

8  request may move for an order under Rule 37(a) with respect  to any objection to or

9  other failure to respond to the request or any part thereof, or any failure to permit

10  inspection as requested.").  In *E. & J. Gallo Winery,* the court ordered the defendant

11  to provide supplemental responses because the defendant's original responses

12  contained imprecise, boilerplate objections:

13          Defendant's responses do not allow for meaningful evaluation.  Plaintiff
            and the Court are unable to determine, with certainty, the requests for
14          which Defendant is producing documents, the requests for which
            Defendant is withholding documents and on what basis, and the requests
15          for which it has no responsive documents.  Defendant cites boilerplate
            general objections, and does not explain why the objection applies to the
16          response or whether documents were withheld pursuant to the stated
            objections.

17  Id. at *4-5.

18      Nelson objects to Request No. 29 on the basis that it is "overbroad, unduly

19  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

20  nor reasonably calculated to lead to the discovery of admissible evidence."  But

21  Nelson fails to provide any explanation for these objections.  *Keith H. v. Long Beach*

22  *Unified Sch. Dist.,* 228 F.R.D.652, 655-56 (C.D. Cal. 2005) ("The party who resists

23  discovery has the burden to show discovery should not be allowed, and has the

24  burden of clarifying, explaining, and supporting its objections.").  Moreover, because

25  Nelson's response is so broad and unspecific, it is impossible to tell whether

26  documents are being withheld on the basis of the stated objections, and/or whether

27  responsive documents even exist.

28

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Request No. 29 without the stated objections, provide a substantive response, and produce any documents improperly withheld from production.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO DOCUMENT REQUEST NO. 29:**

Defendant has already agreed to produce, and has produced, documents relating to the "bona fide error defense" that it has asserted.  There is no basis for Tourgeman to seek a further response with respect to this request.

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the number of persons and entities in the United States who you contacted for the purposes of debt collection from July 31, 2007 to the present. [Definitions omitted].

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  By propounding this Interrogatory, Plaintiff is simply attempting to impose undue burden and expense on Defendant.  Further, Defendant does not concede that Plaintiff may pursue this action as a purported class action nor does Defendant concede that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported class.  In addition, the case is not at issue as the Defendant has filed a motion to dismiss and a motion to strike the First Amended Complaint.  At best, the Interrogatory is premature.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  In this action, Plaintiff alleges that Defendants sought to collect a debt for a Dell computer, despite the fact that Plaintiff had allegedly paid for the computer in full.  Plaintiff admits, however, that he has no documentation to show that he paid the debt in full.  Plaintiff also claims that Defendants filed suit against him in the wrong judicial district.  Plaintiff has not alleged, and cannot allege, that every consumer that Defendants tried to collect from had already paid their debt in full.  Plaintiff has not alleged, and cannot allege, that every lawsuit that was filed by Defendants was filed in the wrong judicial district.  Plaintiff has not alleged that Defendant violated federal or state law with respect to every single person or entity in the United States that it contacted for purposes of debt collection, nor could he make such a claim.  There is no basis for asking for the total number of persons contacted. Plaintiff is simply attempting to impose undue burden and expense on Defendant. Further, Defendant does not concede that Plaintiff may pursue this action as a purported class action nor does Defendant concede that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported class.  At best, the Interrogatory is premature.  Subject to and without waiving the foregoing and the General Objections, Defendant responds as follows:

Nelson & Kennard engaged in the business of collecting debts.  To do so, the firm not only "contacts" debtors, but it also obtains location information from third parties, interacts with courts, interacts with attorneys, corresponds and communicates with it clients and with other third parties in course of its business.  Any of these persons or entities could be someone who was "contacted" by the firm for "the purposes of debt collection."  The firm does not track every single person or entity

1   that it ever makes contact with, so this interrogatory in its present form is

2   unanswerable, and Plaintiff has not agreed to narrow its scope.

3       Defendant admits that it attempted to contact more than forty debtors in an

4   attempt to collect a debt during the period between July 31, 2007 to the present.

5   **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL**

6   **INTERROGATORY  NO. 1:**

7       Federal Rule of Civil Procedure 33 governs the use of interrogatories during

8   discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is

9   not objected to, be answered separately and fully in writing under oath."  Further, all

10   grounds for objection to an interrogatory must be stated "with specificity."  Fed. R.

11   Civ. P. 33(b)(4).

12       Nelson objects to Interrogatory No. 1 on the basis that it is "overbroad, unduly

13   burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

14   nor reasonably calculated to lead to the discovery of admissible evidence."  Although

15   Nelson appears to argue the merits of the case in its discovery response, Nelson has

16   failed to demonstrate how this Interrogatory is overbroad, unduly burdensome and

17   oppressive.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those

18   opposing discovery are "required to carry a heavy burden of showing" why discovery

19   should be denied).  Nelson also argues this Request is inappropriate because

20   Tourgeman has failed to make certain allegations in the Complaint.  But the scope of

21   discovery is not limited to the issues presented in the pleadings.  *Hampton v. City of*

22   *San Diego,* 147 F.R.D. 227, 229 (S.D. Cal. 1993).  Tourgeman may propound

23   discovery requests if they are reasonably calculated to lead to the discovery of

24   admissible evidence.

25       In September 2009, this court rejected Nelson's argument that discovery related

26   to "class issues" was premature until the class was certified.  Nelson claims in its

27   supplemental responses that Interrogatory No. 1 is premature because Tourgeman

28   may not pursue this case as a class action.  Nelson's claims are inappropriate,

especially since Nelson provided the supplemental responses on January 26, 2010, nearly four months after this court rejected Nelson's contention.

Further, Nelson continues to ignore the allegations in the Complaint. The Complaint contains class allegations that Nelson engages in improper debt collection activities. Indeed, The complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default judgments without effectuating proper service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law firms know have no knowledge of the underlying facts and file verified complaints in which they attest to the truthfulness and accuracy of the information regarding the alleged debt." ¶35. In other words, regardless of whether the alleged creditor is Collins or the alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files lawsuits. As such, Nelson's entire debt collection practices are at issue.

Interrogatory No. 1 establishes the number of class members and shows the scope of Nelson's debt collection activities. Originally, Nelson outright refused to answer Interrogatory No. 1. Now, Nelson's supplemental response fails to specify an exact number, merely stating the answer is "more than forty." Under Federal Rule 37,

1  an "evasive or incomplete disclosure, answer, or response" is equivalent to "a failure

2  to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

3      Lastly, Nelson erroneously contends that "[p]laintiff is attempting to impose

4  undue burden and expense on Defendant." Interrogatory No. 1, however, is narrowly

5  tailored as it seeks the *number* of persons contacted for debt collection. The

6  interrogatory does not require Nelson to engage in burdensome data gathering of

7  personal contact information. Rather, the Interrogatory merely seeks a *number*.

8      Accordingly, Tourgeman requests that this Court order Nelson to provide a

9  supplemental response to Interrogatory No. 1 without the stated objections and

10  provide a substantive response.

11  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

12  **TO INTERROGATORY NO. 1:**

13      There is no basis for compelling a further response to this request because

14  information about the number of persons or entities "contacted" by Defendant over a

15  three year period is not relevant to any claim at issue, nor likely to lead to the

16  discovery of admissible evidence. Tourgeman claims that Defendants sued him for a

17  debt that had already been paid "in full" to Dell, and that Defendants filed suit against

18  him in the wrong judicial district. He has not and cannot allege that every time

19  Defendant made "contact" with an individual, it violated the FDCPA. His request

20  will not identify members of a class.

21      Tourgeman suggests this request is proper because he seeks to represent a

22  purported FDCPA class of all persons who were "contacted or sued" by Defendants,

23  and therefore "all" of Defendants' collection practices are at issue. He is wrong. The

24  FDCPA does not prohibit collectors from contacting consumers, nor does it bar

25  collectors from filing suits. Rather, the Act prohibits collectors from engaging in a

26  specific set of unlawful collection practices. *See* 15 U.S.C. §§ 1692b-1692j. In fact,

27  the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

28  from serious threats, harassment, abuse and other deceptive practices utilized by

1   unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*

2   *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect

3   consumers from a host of unfair, harassing, and deceptive debt collection practices

4   without imposing unnecessary restrictions on ethical debt collectors") (citation

5   omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it

6   prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive

7   and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

8          The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors
           from abuse, harassment and deceptive collection practices. . . . Congress was
9          concerned with disruptive, threatening, and dishonest tactics.  The Senate
           Report accompanying the Act cites practices such as 'threats of violence,
10         telephone calls at unreasonable hours [and] misrepresentation of consumer's
           legal rights.' (Citation).  **In other words, Congress seems to have**
11         **contemplated the type of actions that would intimidate unsophisticated**
           **individuals and which, in the words of the Seventh Circuit, 'would likely**
12         **disrupt a debtor's life.'** (Citation).

13  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis

14  added).

15         Tourgeman cannot seek discovery regarding every debtor "contacted or sued"

16  by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the

17  FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth

18  Circuit held that an allegedly false and misleading statement by a collector does <u>not</u>

19  violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material"

20  misstatement is one that is "genuinely misleading" and that "may frustrate the

21  consumer's ability to intelligently choose his or her response" to the collector's

22  communication.  *Id*. at 1034.  The Court noted that:

23         In assessing FDCPA liability, **we are not concerned with mere technical**
           **falsehoods that mislead no one**, but instead with genuinely misleading
24         statements that may frustrate a consumer's ability to intelligently choose his or
           her response.  **Here, the statement in the Complaint did not undermine**
25         **Donohue's ability to intelligently choose her action concerning her debt.**

26  *Id*. at 1034 (emphasis added).

27         Finally, discovery relating to "entities" contacted by Defendant for purposes of

28  debt collection cannot identify class members, because the FDCPA does not apply to

1  commercial debts.  The "threshold issue" for any FDCPA case is whether the plaintiff

2  incurred a "debt" as defined by the FDCPA.  The Ninth Circuit has so held:

3     Because not all obligations to pay are considered debts under the FDCPA, a
       threshold issue in a suit brought under the Act is whether or not the dispute

4     involves a 'debt' within the meaning of the statute.

5  *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) (alleged obligation to pay

6  commercial tort judgment not a "debt" under FDCPA).  Without evidence that

7  Defendant was seeking to collect a "debt" as defined by the FDCPA, there can be no

8  "debt collection" and no violation of the FDCPA.  *See Bloom v. I.C. System, Inc.*, 972

9  F.2d 1067, 1068-69 (9th Cir. 1992) (no "debt" under FDCPA where defendant sought

10 to collect on loan used for business venture).[7]  The FDCPA limits the definition of a

11 "debt" as follows:

12    The term 'debt' means any obligation or alleged obligation of a consumer to
       pay money arising out of a transaction in which the money, property, insurance,

13    or services which are the subject of the transaction are **primarily for personal,
       family, or household purposes**, whether such obligation has been reduced to a

14    judgment.

15 *See* 15 U.S.C. § 1692a(5) (emphasis added).  Given this, none of the "entities" that

16 Defendant contacted for purposes of debt collection can be class members.

17    Tourgeman claims that Defendants sued him for a debt that was paid "in full"

18 and filed suit in the wrong judicial district.  He is entitled to discovery related to those

19 claims.  His request for request for information about every person or entity that was

20 "contacted" by Defendant is not relevant to his claims, nor will it identify the number

21 of class members.

22

23

24

---

25    [7] *See also First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133,135-36 (5th Cir. 1995)

26 (affirming dismissal of FDCPA claims where defendant sought to collect obligation
   arising out of commercial transaction); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530,

27 531 (9th Cir. 1986) (per curiam) (affirming dismissal of claim under Consumer Credit

28 Protection Act, 15 U.S.C. §§ 1601-1693r, where, *inter alia*, "the 'debt' involved was not
   a debt as defined in 15 U.S.C. § 1692a(5)").

**INTERROGATORY NO. 2:**

Please identify the number of persons and entities in the United States who you sued for the purposes of debt collection from July 31, 2006 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  By propounding this Interrogatory, Plaintiff is simply attempting to impose undue burden and expense on Defendant.  Further, Defendant does not concede that Plaintiff may pursue this action as a purported class action nor does Defendant concede that, even if class treatment were appropriate, that a class action is proper here, or that Plaintiff is a proper class representative with standing to pursue claims on behalf of a purported class.  In addition, the case is not at issue as the Defendant has filed a motion to dismiss and a motion to strike the First Amended Complaint.  At best, the Interrogatory is premature.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff claims that Defendants sought to collect a debt for a Dell computer, despite the fact that he had allegedly paid for the computer in full. Plaintiff admits, however, that he has no documentation to show that he paid the debt in full.  Plaintiff also claims that Defendants filed suit against him in the wrong judicial district.  Plaintiff has not alleged, and cannot allege, that every consumer that Defendants tried to collect from had already paid their debt in full.  Plaintiff has not alleged, and cannot allege, that every lawsuit that was filed by Defendants was filed in the wrong judicial district.  Plaintiff has not alleged that Defendants violated federal or state law with respect to every person or entity in the United States that was

1 sued by Defendants.  There is no basis for asking Defendants for the total number of

2 persons or entities sued.  Plaintiff is simply attempting to impose undue burden and

3 expense on Defendant.  Further, Defendant does not concede that Plaintiff may

4 pursue this action as a purported class action nor does Defendant concede that, even

5 if class treatment were appropriate, that a class action is proper here, or that Plaintiff

6 is a proper class representative with standing to pursue claims on behalf of a

7 purported class.  At best, the Interrogatory is premature.

8        Subject to and without waiving the foregoing and the General Objections,

9 Defendant responds as follows:  From July 31, 2006 to the present, Defendant has

10 filed suit against more than forty debtors.

11 **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL**

12 **INTERROGATORY NO. 2:**

13        Federal Rule of Civil Procedure 33 governs that use of interrogatories during

14 discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extend it is

15 not objected to, be answered separately and fully in writing under oath."  Further, all

16 grounds for objection to an interrogatory must be stated "with specificity."  Fed. R.

17 Civ. P. 33(b)(4).

18        Nelson objects to Interrogatory No. 2 on the basis that it is "overbroad, unduly

19 burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

20 nor reasonably calculated to lead to the discovery of admissible evidence."  Although

21 Nelson appears to argue the merits of the case in its discovery response, Nelson has

22 failed to demonstrate how this Interrogatory is overbroad, unduly burdensome and

23 oppressive.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those

24 opposing discovery are "required to carry a heavy burden of showing" why discovery

25 should be denied).  Nelson also argues this Request is inappropriate because

26 Tourgeman has failed to make certain allegations in the Complaint.  But the scope of

27 discovery is not limited to the issues presented in the pleadings.  *Hampton v. City of*

28 *San Diego,* 147 F.R.D. 227, 229 (S.D. Cal. 1993).  Tourgeman may propound

1  discovery requests if they are reasonably calculated to lead to the discovery of

2  admissible evidence.

3  In September 2009, this court rejected Nelson's argument that discovery related

4  to "class issues" was premature until the class was certified.  Nelson claims in its

5  supplemental responses that Interrogatory No. 2 is premature because Tourgeman

6  may not pursue this case as a class action.  Nelson's claims are inappropriate,

7  especially since Nelson provided the supplemental responses on January 26, 2010,

8  nearly four months after this court rejected Nelson's contention.

9  Further, Nelson continues to ignore the allegations in the Complaint.  The

10  Complaint contains class allegations that Nelson engages in improper debt collection

11  activities.  Indeed, The complaint includes class allegations and a class comprised of

All consumers residing in the United States and abroad who, during the
period within one year of the date of the filing of the complaint, were
contacted or sued in the United States by either Collins Financial or Nelson
& Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly

initiates collections and unlawfully files lawsuits against debtors.  In particular, the

Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the

alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32.  The

Complaint also specifies that Nelson "attempts to quickly obtain default judgments

against consumers without having original or copies of original agreements to prove

the existence, terms, and amount of the debt, and in many cases without having

proper information regarding the location of the debtor, thus obtaining default

judgments without effectuating proper service." ¶32.  The Complaint also notes that

"Nelson & Kennard rely on affidavits signed by individuals who the collection law

firms know have no knowledge of the underlying facts and file verified complaints in

which they attest to the truthfulness and accuracy of the information regarding the

alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is

Collins or the alleged debtor is Tourgeman, Nelson does not verify information

1  before it initiates collections and files lawsuits.  As such, Nelson's entire debt

2  collection practices are at issue.

3      Interrogatory No. 2 establishes the number of class members and shows the

4  scope of Nelson's debt collection activities.  Originally, Nelson outright refused to

5  answer Interrogatory No. 1.  Now, Nelson's supplemental response fails to specify an

6  exact number, merely stating the answer is "more than forty."  Under Federal Rule 37,

7  an "evasive or incomplete disclosure, answer, or response" is equivalent to "a failure

8  to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

9      Lastly, Nelson erroneously contends that "[p]laintiff is attempting to impose

10  undue burden and expense on Defendant."  Interrogatory No.21, however, is narrowly

11  tailored as it seeks the *number* of persons contacted for debt collection.  The

12  interrogatory does not require Nelson to engage in burdensome data gathering of

13  personal contact information.  Rather, the Interrogatory merely seeks a *number*.

14      Accordingly, Tourgeman requests that this Court order Nelson to provide a

15  supplemental response to Interrogatory No. 2 without the stated objections and

16  provide a substantive response.

17  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

18  **TO INTERROGATORY NO. 2:**

19      There is no basis for compelling a further response to this request because

20  information about the number of persons or entities "sued" by Defendant over a four

21  year period is not relevant to any claim at issue, nor likely to lead to the discovery of

22  admissible evidence.  Tourgeman claims that Defendants sued him for a debt that had

23  already been paid "in full" to Dell, and that Defendants filed suit against him in the

24  wrong judicial district.  He has not and cannot allege that every time Defendant filed

25  suit against an individual, it violated the FDCPA.  His request will not identify

26  members of a class.

27      Tourgeman suggests this request is proper because he seeks to represent a

28  purported FDCPA class of all persons who were "contacted or sued" by Defendants,

1  and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The

2  FDCPA does not prohibit collectors from contacting consumers, nor does it bar

3  collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

4  specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact,

5  the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

6  from serious threats, harassment, abuse and other deceptive practices utilized by

7  unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*

8  *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect

9  consumers from a host of unfair, harassing, and deceptive debt collection practices

10 without imposing unnecessary restrictions on ethical debt collectors") (citation

11 omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it

12 prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive

13 and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

14     The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors
       from abuse, harassment and deceptive collection practices. . . . Congress was
15     concerned with disruptive, threatening, and dishonest tactics.  The Senate
       Report accompanying the Act cites practices such as 'threats of violence,
16     telephone calls at unreasonable hours [and] misrepresentation of consumer's
       legal rights.' (Citation).  **In other words, Congress seems to have**
17     **contemplated the type of actions that would intimidate unsophisticated**
       **individuals and which, in the words of the Seventh Circuit, 'would likely**
18     **disrupt a debtor's life.'** (Citation).

19 *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis

20 added).

21        Tourgeman cannot seek discovery regarding every debtor "contacted or sued"

22 by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the

23 FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth

24 Circuit held that an allegedly false and misleading statement by a collector does <u>not</u>

25 violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material"

26 misstatement is one that is "genuinely misleading" and that "may frustrate the

27 consumer's ability to intelligently choose his or her response" to the collector's

28 communication.  *Id*. at 1034.  The Court noted that:

1

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

2

3

4   *Id*. at 1034 (emphasis added).

5   Finally, discovery relating to "entities" sued by Defendant for purposes of debt

6   collection cannot identify class members, because the FDCPA does not apply to

7   commercial debts.  The "threshold issue" for any FDCPA case is whether the plaintiff

8   incurred a "debt" as defined by the FDCPA.  The Ninth Circuit has so held:

9

> Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute.

10

11  *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) (alleged obligation to pay

12  commercial tort judgment not a "debt" under FDCPA).  Without evidence that

13  Defendant was seeking to collect a "debt" as defined by the FDCPA, there can be no

14  "debt collection" and no violation of the FDCPA.  *See Bloom v. I.C. System, Inc.*, 972

15  F.2d 1067, 1068-69 (9th Cir. 1992) (no "debt" under FDCPA where defendant sought

16  to collect on loan used for business venture).[8]  The FDCPA limits the definition of a

17  "debt" as follows:

18

> The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are **primarily for personal, family, or household purposes**, whether such obligation has been reduced to a judgment.

19

20

21  *See* 15 U.S.C. § 1692a(5) (emphasis added).  Given this, none of the "entities" that

22  Defendant sued for purposes of debt collection can be class members.

23

24

---

25

26

27

28

[8] *See also First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133,135-36 (5th Cir. 1995) (affirming dismissal of FDCPA claims where defendant sought to collect obligation arising out of commercial transaction); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (per curiam) (affirming dismissal of claim under Consumer Credit Protection Act, 15 U.S.C. §§ 1601-1693r, where, *inter alia*, "the 'debt' involved was not a debt as defined in 15 U.S.C. § 1692a(5)").

Tourgeman claims that Defendants sued him for a debt that was paid "in full" and filed suit in the wrong judicial district. He is entitled to discovery related to those claims. His request for request for information about every person or entity that was "sued" by Defendant is not relevant to his claims, nor will it identify the number of class members.

**INTERROGATORY NO. 4:**

Please state the form of NELSON's organization and the date and place the organization was organized and registered and/or licensed to do business.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the forgoing objection or the General Objections, Defendant responds as follows:

Nelson & Kennard is a California partnership. It is licensed to do business where necessary.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the forgoing objection or the General Objections, Defendant responds as follows:

Defendant is a California partnership. It is licensed to do business by the county of Sacramento and its attorneys are licensed to practice law in the State of California. Defendant also maintains a collection agency license in the State of Washington.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Federal Rule of Civil Procedure 33 governs the use of interrogatories during

discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).

Nelson objects to Interrogatory No. 4 on the basis that it is "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But Nelson fails to provide any explanation for this objection. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

## DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO INTERROGATORY NO. 4:

Tourgeman does not allege that Nelson & Kennard violated any licensing requirements in this case.  Rather, he claims that Defendants sued him for a debt that was paid "in full" and filed suit in the wrong judicial district.  He has not even bothered to explain why this information bears on any of his claims.  In any event, Defendant has responded.  There is no basis for compelling a further response.

## INTERROGATORY NO. 5:

Please describe NELSON's procedures and policies for receiving debt related information from NELSON's client.

## RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "receiving debt related information" and "NELSON's client."  Nelson & Kennard has a number of different clients and it employs various methods with respect to each of those clients.  Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter

1  of this lawsuit, nor reasonably calculated to lead to the discovery of admissible

2  evidence.  Defendant further objects to this Interrogatory to the extent that it seeks

3  proprietary information, trade secret information, information subject to protective

4  orders, confidentiality agreements, or statutory provisions that bar the disclosure of

5  that information without the consent of third parties and to the extent that it seeks

6  information subject to the attorney-client privilege or the attorney work product

7  doctrine.

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

9       Defendant objects to this Interrogatory on the grounds that it is vague and

10 ambiguous as to the terms "receiving debt related information" and "NELSON's

11 client."  This interrogatory is too vague to be answered in its current form and

12 Plaintiff has refused to clarify or narrow it.  Nelson & Kennard has a number of

13 different clients and it employs various methods with respect to handling the data

14 supplied by each of those clients.  Defendant also objects to this Interrogatory on the

15 grounds that it is overbroad, unduly burdensome and oppressive, and to the extent

16 that it seeks information which is not relevant to the subject matter of this lawsuit, nor

17 reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff does

18 not claim that his account data was altered by Nelson & Kennard because the firm

19 employed faulty procedures for "receiving debt related information."  Rather, Plaintiff

20 alleges that he paid Dell in full for his computer before the account was ever sold to

21 Collins Financial Services.  Any "debt related information" concerning his account,

22 was according to Plaintiff's theory, already inaccurate when it was sold to Collins.

23 The law firm's policies relating to receiving "debt related information" from its client

24 are not relevant.  Defendant further objects to this Interrogatory to the extent that it

25 seeks proprietary information, trade secret information, information subject to

26 protective orders, confidentiality agreements, or statutory provisions that bar the

27 disclosure of that information without the consent of third parties and to the extent

28

1  that it seeks information subject to the attorney-client privilege or the attorney work

2  product doctrine.

3      Subject to and without waiving the forgoing objection or the General

4  Objections, Defendant responds as follows:   Pursuant to Federal Rule of Civil

5  Procedure 33(d), Defendant will produce documents responsive to this Interrogatory.

6  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL**

7  **INTERROGATORY NO. 5:**

8      Federal Rule of Civil Procedure 33 governs that use of interrogatories during

9  discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extend it is

10  not objected to, be answered separately and fully in writing under oath."  Further, all

11  grounds for objection to an interrogatory must be stated "with specificity."  Fed. R.

12  Civ. P. 33(b)(4).

13      Nelson objects to Interrogatory No. 5  on the basis that it is "overbroad, unduly

14  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

15  nor reasonably calculated to lead to the discovery of admissible evidence."  Although

16  Nelson appears to argue the merits of the case in its discovery response, Nelson has

17  failed to demonstrate how this Interrogatory is overbroad, unduly burdensome and

18  oppressive.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those

19  opposing discovery are "required to carry a heavy burden of showing" why discovery

20  should be denied).

21      Nelson objects to Interrogatory No. 5 on the basis that the terms "receiving

22  debt related information" and "NELSON's client" are vague and ambiguous.  Nelson,

23  however, has failed to exercise reason and common sense to attribute ordinary

24  definitions to terms and phrases utilized in discovery.  *Santana Row Hotel Partners,*

25  *L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  Nelson

26  argues it "has a number of different clients and it employs various methods with

27  respect to handling the data supplied by each of those clients."  This is the exact

28

information this Interrogatory seeks.  If Nelson employs various methods for different clients, then Nelson must disclose those methods in its interrogatory response.

Further, Federal Rule of Civil Procedure 26(b)(5) states that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

> (i)    expressly make the claim; and

> (ii)   describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009).  When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here, Nelson asserts the attorney-client privilege and attorney work product protection to Interrogatory No. 5.  The objection is stated simply as "without waiving any objection that the requested documents are protected by the attorney-client privilege or attorney work product doctrine."  Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question.  Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5).  (Weaver Dec. ¶13).  Consequently, the privilege claims cannot be properly evaluated.

Nelson also contends that its policies are not relevant. Nelson is wrong. The Complaint contains class allegations that Nelson engages in improper debt collection activities. Indeed, the Complaint includes class allegations and a class comprised of:

> All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

Further, the Complaint contains numerous allegations that Nelson improperly initiates collections and unlawfully files lawsuits against debtors. In particular, the Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32. The Complaint also specifies that Nelson "attempts to quickly obtain default judgments against consumers without having original or copies of original agreements to prove the existence, terms, and amount of the debt, and in many cases without having proper information regarding the location of the debtor, thus obtaining default judgments without effectuating proper service." ¶32. The Complaint also notes that "Nelson & Kennard rely on affidavits signed by individuals who the collection law firms know have no knowledge of the underlying facts and file verified complaints in which they attest to the truthfulness and accuracy of the information regarding the alleged debt." ¶35. In other words, regardless of whether the alleged creditor is Collins or the alleged debtor is Tourgeman, Nelson does not verify information before it initiates collections and files lawsuits. As such, Nelson's entire debt collection practices are at issue.

The manner in which Nelson receives debt related information is part of its debt collection practices. Therefore, Nelson's procedures and policies for receiving debt related information are relevant.

While Nelson agrees to produce records in response to Interrogatory No. 5 pursuant to Rule 33(d), Nelson fails to specify which records. If the served party chooses to respond to an interrogatory by producing business records, the served

1  party must specify, in detail, the records from which the answer may be derived or
2  ascertained and afford the party serving the interrogatory reasonable opportunity to
3  examine, audit, or inspect the record. *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins.*
4  *Corp.,* 2009 U.S. Dist. LEXIS 51321 (S.D. Cal. 2009).

5        As the authorities above reflect, the citation to and production of records as an
6  alternate means for responding to interrogatories is proper so long as the documents
7  produced are the party's "business records" and the description of the records
8  produced in lieu of a response is sufficiently detailed to enable the propounding party
9  to locate them.  Here, Nelson's citation to and alleged agreement to produce
10 documents does not satisfy these two requirements.  The response is insufficient for
11 two reasons.  First, it does not direct Tourgeman to any "business records."  Second,
12 even assuming these documents are business records, this response lacks the required
13 specificity.  Nelson must at least provide the titles of the documents or Bates numbers
14 of the documents responsive to this Request.

15       Accordingly, Tourgeman requests that this Court order Nelson to provide a
16 supplemental response to Interrogatory No. 5 without the stated objections and
17 provide a substantive response.

18 **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
19 **TO INTERROGATORY NO. 5:**

20       Tourgeman argues that his vague request for discovery about Defendant's
21 procedures for "receiving debt related information" is relevant because he has alleged
22 that Defendant does not sufficiently investigate debts.  But the FDCPA does not
23 impose a duty on collectors to independently investigate and verify debts before the
24 initiate the collection process.  Even though the law does not impose such a duty,
25 Defendants have no business interest in seeking to collect money from debtors that do
26 not owe it.  Defendants do have procedures in place to prevent any attempt to collect
27 debts that have already been paid, and they have provided this information to
28 Tourgeman already.  There is no basis for compelling a further response.

1   The FDCPA does not require a debt collector to independently verify the

2   validity of a debt before attempting to collect it.  Instead, the FDCPA allows a

3   collector to assume the debt is valid, unless the debtor submits a timely dispute to the

4   collector.  *See* 15 U.S.C. § 1692g(a)(3) (collector must notify consumer that debt will

5   be assumed valid unless consumer disputes validity of debt within 30 days of receipt

6   of notice); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992)

7   (FDCPA does not require collector to independently investigate debt referred for

8   collection); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (FDCPA does not

9   require collector to independently verify validity of debt to qualify for "bona fide

10  error" defense).  Here, non-party Paragon Way, Inc. and Nelson & Kennard both sent

11  notices to Tourgeman advising him of his right to dispute the debt, but Tourgeman

12  never responded.[9]

13  If Tourgeman is arguing that discovery about Defendants' "investigating" of

14  debts is relevant to show that Defendants did not have possession of sufficient

15  evidence to prove their case before the collection suit was filed, his requests are

16  improper as this Court has already rejected this theory of recovery.[10]

17  Defendants have provided discovery on the procedures used to ensure that they

18  are filing suit on valid debts and are filing suit in the correct judicial district.  The

19  motion should be denied as to this request.

20

21

---

22  [9] *See* Declaration of Howard Knauer In Support Of Motion For Summary

23  Judgment (Docket 75), ¶ 5, Ex. B; Declaration of Jonathan E. Ayers In Support Of

24  Motion For Summary Judgment (Docket 73), ¶ 4, Ex. B.

25  [10] *See* Order Granting In Part And Denying In Part Defendant's Motion To

26  Dismiss And Motion To Strike (Docket 58), at 7 ("[T]he filing of a lawsuit, even if a

27  plaintiff does not have the means of proving the case at filing or does not ultimately

28  prevail, has not by itself been considered harassment or abuse under the FDCPA. *See,
    e.g., Heintz v. Jenkins*, 514 U.S. 291, 296 (1995); *Harvey v. Great Seneca Financial
    Corp.*, 453 F.3d 324, 330 (6th Cir. 2006).

**INTERROGATORY NO. 7:**

Please describe NELSON's procedures and policies for filing a lawsuit for breach of contract on behalf of NELSON's client.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "procedures and policies for filing a lawsuit" and "NELSON's client."  Nelson & Kennard has a number of clients and it employs various methods on behalf of those clients.  Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "procedures and policies for filing a lawsuit" and "NELSON's client."  Nelson & Kennard has a number of clients and it employs various methods on behalf of those clients.  For purposes of responding to this interrogatory, Defendant will assume that the client references is Collins Financial Services.  Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret

1  information, information subject to protective orders, confidentiality agreements, or

2  statutory provisions that bar the disclosure of that information without the consent of

3  third parties and to the extent that it seeks information subject to the attorney-client

4  privilege or the attorney work product doctrine.  Subject to and without waiving the

5  forgoing objection or the General Objections, Defendant responds as follows:

6        Once the firm makes a decision to file suit, an employee of the firm will

7  prepare a draft complaint on a California Judicial Council form based on the

8  information received from the client or otherwise available to the firm.  The draft

9  complaint is then forwarded to an attorney for review.  The reviewing attorney

10 examines the information available to the firm concerning the account and reviews

11 the complaint to ensure that the information plead in it, *i.e.*, the Plaintiff's name, the

12 name of the original creditor, the name of the debtor, the date of the breach of the

13 obligation sued upon, the date of charge-off, amount at issue and type of debt

14 (revolving line of credit or loan, for example) matches the information provided by

15 Defendant's client.  The attorney also reviews the complaint to ensure that the

16 exemplar terms and conditions attached as an exhibit, if any, are those that were

17 provided to Defendant in connection with the subject account.

18       Further, the attorney reviews the notes made on the debtor's account to confirm

19 that a letter has been sent to the debtor informing him that if the collection action is

20 filed, Collins Financial Services, Inc. might be entitled to recover its reasonable

21 attorney's fees and court costs as allowed by law in addition to the principal and

22 interest owed.  The attorney also reviews the billing and/or delivery addresses

23 reflected in the account media that was provided by Defendant's client related to the

24 subject account, as well as the results of the skiptracing work of the office staff,

25 including the notes made regarding letters sent and received and any notes made

26 regarding forwarding or returning of mail or telephone contact in order to verify the

27 debtor's county of residence.  The attorney also reviews the account  media in order

28 to confirm the date of last payment received by the original creditor in order to

confirm that a suit is "in statute" at the time it is filed.  Finally, the attorney confirms based upon the information available to the firm that the suit is being filed in the correct judicial district.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Federal Rule of Civil Procedure 33 governs that use of interrogatories during discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extend it is not objected to, be answered separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).

Nelson objects to Interrogatory No. 7  on the basis that it is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  Although Nelson appears to argue the merits of the case in its discovery response, Nelson has failed to demonstrate how this Interrogatory is overbroad, unduly burdensome and oppressive.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

Nelson objects to Interrogatory No. 7 on the basis that the terms "procedures and policies for filing a lawsuit" and "NELSON's client" are vague and ambiguous.  Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Inc. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  Nelson argues it has a "number of clients and it employs various methods on behalf of those clients."  This is the exact information this Interrogatory seeks.  If Nelson employs various methods for different clients, then Nelson must disclose those methods in its response.

Further, Federal Rule of Civil Procedure 26(b)(5) states that:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i)  expressly make the claim; and

(ii)  describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here Nelson asserts the attorney-client privilege and attorney work product protection to Interrogatory No. 7. The objection is stated simply as "seek[ing] information subject to the attorney-client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege claims cannot be properly evaluated.

Lastly, Nelson's supplemental response to Interrogatory No. 7 attempts to limit the response to Collins. The Complaint, however, contains class allegations that Nelson engages in improper debt collection activities. Indeed, the Complaint includes class allegations and a class comprised of:

1      All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins Financial or Nelson & Kennard in an effort to collect an alleged debt.

2

3    Further, the Complaint contains numerous allegations that Nelson improperly

4    initiates collections and unlawfully files lawsuits against debtors.  In particular, the

5    Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the

6    alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32.  The

7    Complaint also specifies that Nelson "attempts to quickly obtain default judgments

8    against consumers without having original or copies of original agreements to prove

9    the existence, terms, and amount of the debt, and in many cases without having

10   proper information regarding the location of the debtor, thus obtaining default

11   judgments without effectuating proper service." ¶32.  The Complaint also notes that

12   "Nelson & Kennard rely on affidavits signed by individuals who the collection law

13   firms know have no knowledge of the underlying facts and file verified complaints in

14   which they attest to the truthfulness and accuracy of the information regarding the

15   alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is

16   Collins or the alleged debtor is Tourgeman, Nelson does not verify information

17   before it initiates collections and files lawsuits.  As such, Nelson's entire debt

18   collection practices are at issue.

19       Therefore, Nelson's procedures and policies for filing a debt-related lawsuit on

20   behalf of all clients, not just Collins, are relevant here.

21       Accordingly, Tourgeman requests that this Court order Nelson to provide a

22   supplemental response to Interrogatory No. 7 without the stated objections and

23   provide a substantive response.

24   **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

25   **TO INTERROGATORY NO. 7:**

26       Defendant has provided a detailed response to this interrogatory describing

27   how it generally prepares lawsuit for Collins, and it has produced responsive

28   documents.  There is no basis for compelling a further response with respect to every

1  complaint that Defendant has prepared on behalf of every other client.  Tourgeman

2  claims that Defendants sued him for a debt that had already been paid "in full" to

3  Dell, and that Defendants filed suit against him in the wrong judicial district.  He has

4  not and cannot allege that every time Defendant filed suit against an individual, it

5  violated the FDCPA.  His request will not lead to discoverable information and will

6  not identify members of a class.

7       Tourgeman suggests this request is proper because he seeks to represent a

8  purported FDCPA class of all persons who were "contacted or sued" by Defendants,

9  and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The

10  FDCPA does not prohibit collectors from contacting consumers, nor does it bar

11  collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

12  specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact,

13  the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

14  from serious threats, harassment, abuse and other deceptive practices utilized by

15  unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*

16  *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect

17  consumers from a host of unfair, harassing, and deceptive debt collection practices

18  without imposing unnecessary restrictions on ethical debt collectors") (citation

19  omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it

20  prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive

21  and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was concerned with disruptive, threatening, and dishonest tactics.  The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation).  **In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely disrupt a debtor's life.'** (Citation).

27  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis

28  added).

1    Tourgeman cannot seek discovery regarding every debtor "contacted or sued"

2  by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the

3  FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth

4  Circuit held that an allegedly false and misleading statement by a collector does <u>not</u>

5  violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material"

6  misstatement is one that is "genuinely misleading" and that "may frustrate the

7  consumer's ability to intelligently choose his or her response" to the collector's

8  communication.  *Id.* at 1034.  The Court noted that:

9   In assessing FDCPA liability, **we are not concerned with mere technical
       falsehoods that mislead no one**, but instead with genuinely misleading
10      statements that may frustrate a consumer's ability to intelligently choose his or
       her response.  **Here, the statement in the Complaint did not undermine
11      Donohue's ability to intelligently choose her action concerning her debt.**

12 *Id.* at 1034 (emphasis added).

13    Finally, discovery relating to "entities" sued by Defendant for purposes of debt

14 collection cannot lead to discoverable evidence, because the FDCPA does not apply

15 to commercial debts.  The "threshold issue" for any FDCPA case is whether the

16 plaintiff incurred a "debt" as defined by the FDCPA.  The Ninth Circuit has so held:

17   Because not all obligations to pay are considered debts under the FDCPA, a
       threshold issue in a suit brought under the Act is whether or not the dispute
18      involves a 'debt' within the meaning of the statute.

19 *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) (alleged obligation to pay

20 commercial tort judgment not a "debt" under FDCPA).  Without evidence that

21 Defendant was seeking to collect a "debt" as defined by the FDCPA, there can be no

22 "debt collection" and no violation of the FDCPA.  *See Bloom v. I.C. System, Inc.*, 972

23 F.2d 1067, 1068-69 (9th Cir. 1992) (no "debt" under FDCPA where defendant sought

24

25

26

27

28

1   to collect on loan used for business venture).[11]   The FDCPA limits the definition of a

2   "debt" as follows:

> 3   The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are **primarily for personal, family, or household purposes**, whether such obligation has been reduced to a judgment.

6   *See* 15 U.S.C. § 1692a(5) (emphasis added).   Given this, none of the "entities" that

7   Defendant sued for purposes of debt collection can be class members.

8      Nor is the request justified because Tourgeman claims that Defendant failed to

9   properly "investigate" his claim before it filed suit.   The FDCPA does not require a

10   debt collector to independently verify the validity of a debt before attempting to

11   collect it.   Instead, the FDCPA allows a collector to assume the debt is valid, unless

12   the debtor submits a timely dispute to the collector.   *See* 15 U.S.C. § 1692g(a)(3)

13   (collector must notify consumer that debt will be assumed valid unless consumer

14   disputes validity of debt within 30 days of receipt of notice); *Smith v. Transworld*

15   *Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) (FDCPA does not require collector to

16   independently investigate debt referred for collection); *Hyman v. Tate*, 362 F.3d 965,

17   968 (7th Cir. 2004) (FDCPA does not require collector to independently verify

18   validity of debt to qualify for "bona fide error" defense).   Here, non-party Paragon

19   Way, Inc. and Nelson & Kennard both sent notices to Tourgeman advising him of his

20   right to dispute the debt, but Tourgeman never responded.[12]

---

22   [11] *See also First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133,135-36 (5th Cir. 1995)

23   (affirming dismissal of FDCPA claims where defendant sought to collect obligation

24   arising out of commercial transaction); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530,

25   531 (9th Cir. 1986) (per curiam) (affirming dismissal of claim under Consumer Credit

26   Protection Act, 15 U.S.C. §§ 1601-1693r, where, *inter alia*, "the 'debt' involved was not

     a debt as defined in 15 U.S.C. § 1692a(5)").

27   [12] *See* Declaration of Howard Knauer In Support Of Motion For Summary

28   Judgment (Docket 75), ¶ 5, Ex. B; Declaration of Jonathan E. Ayers In Support Of

     Motion For Summary Judgment (Docket 73), ¶ 4, Ex. B.

1   If Tourgeman is arguing that discovery about Defendants' "investigating" of

2   debts is relevant to show that Defendants did not have possession of sufficient

3   evidence to prove their case before the collection suit was filed, his requests are

4   improper as this Court has already rejected this theory of recovery.[13]

5   Defendant has provided detailed description of the process used when

6   preparing complaints on behalf of Collins, and has provided discovery on the

7   procedures used to ensure that they are filing suit on valid debts and are filing suit in

8   the correct judicial district.  The motion should be denied as to this request.

9

10   **INTERROGATORY NO. 10:**

11   Please describe NELSON's procedures and policies for settling outstanding

12   alleged debts from alleged debtors.

13   **RESPONSE TO INTERROGATORY NO. 10:**

14   Defendant objects to this Interrogatory on the grounds that it is vague and

15   ambiguous as to the term "procedures and policies for settling."  Nelson & Kennard

16   has a number of clients and it utilizes different approaches to settlement based upon

17   the client and the circumstances.  Defendant also objects to this Interrogatory on the

18   grounds that it is overbroad, unduly burdensome and oppressive, and to the extent

19   that it seeks information which is not relevant to the subject matter of this lawsuit, nor

20   reasonably calculated to lead to the discovery of admissible evidence.  Defendant

21   further objects to this Interrogatory to the extent that it seeks proprietary information,

22   trade secret information, information subject to protective orders, confidentiality

23   agreements, or statutory provisions that bar the disclosure of that information without

24   _____

25   [13] *See* Order Granting In Part And Denying In Part Defendant's Motion To

26   Dismiss And Motion To Strike (Docket 58), at 7 ("[T]he filing of a lawsuit, even if a plaintiff does not have the means of proving the case at filing or does not ultimately

27   prevail, has not by itself been considered harassment or abuse under the FDCPA. *See,*

28   *e.g., Heintz v. Jenkins*, 514 U.S. 291, 296 (1995); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006).

1  the consent of third parties and to the extent that it seeks information subject to the

2  attorney-client privilege or the attorney work product doctrine.

3  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL**

4  **INTERROGATORY NO. 10:**

5      Federal Rule of Civil Procedure 33 governs the use of Interrogatories during

6  discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is

7  not objected to, be answered separately and fully in writing under oath."  Further, all

8  grounds for objection to an interrogatory must be stated "with specificity."  Fed R.

9  Civ. P. 33(b)(4).  Nelson has not provided any substantive response to this

10  Interrogatory.

11      Nelson objects to Interrogatory No. 10 on the basis that is "overbroad, unduly

12  burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,

13  nor reasonably calculated to lead to the discovery of admissible evidence."  But

14  Nelson fails to provide any explanation for these objections.  *Blankenship v. Hearst*

15  *Corp.,* 519 F.2d 418, 429 (9th cir. 1975) (those opposing discovery are "required to

16  carry a heavy burden of showing" why discovery should be denied).

17      Nelson objects to Interrogatory No. 7 on the basis that the terms "procedures

18  and policies for settling" is vague and ambiguous.  Nelson, however, has failed to

19  exercise reason and common sense to attribute ordinary definitions to terms and

20  phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Inc.*

21  *Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  Nelson argues it has a "number

22  of clients and it utilized different approaches to settlement based upon the client and

23  the circumstances."  This is the exact information this Interrogatory seeks.  If Nelson

24  employs various methods for different clients, then Nelson must disclose those

25  methods.

26      Further, Federal Rule of Civil Procedure 26(b)(5) further provides:

27          When a party withholds information otherwise discoverable by claiming
that the information is privileged or subject to protection as trial-

28          preparation material, the party must:

(i)      expressly make the claim; and

(ii)     describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009). When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here Nelson asserts the attorney-client privilege and attorney work product protection to Interrogatory No. 10. The objection is stated simply as "seek[ing] information subject to the attorney-client privilege or the attorney work product doctrine." Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question. Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5). (Weaver Dec. ¶13). Consequently, the privilege claims cannot be properly evaluated.

The Complaint alleges that Nelson improperly initiates collections and unlawfully files suits against alleged debtors. The manner in which Nelson settles debts with alleged debtors is one part of its debt collection activities. Therefore, Nelson's policies and procedures for settling debts tend to show how Nelson settles its debts and reflects upon its debt collection activities. Thus, Interrogatory No. 10 is relevant and reasonably calculated to lead to the discovery of admissible evidence.

1    Accordingly, Tourgeman requests that this Court order Nelson to provide a

2 supplemental response to Interrogatory No. 10 without the stated objections and

3 provide a substantive response.

4 **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

5 **TO INTERROGATORY NO. 10:**

6    There is no basis for seeking to compel information concerning Defendants'

7 policies for settling debts.  This discovery has nothing to do with this case.

8 Tourgeman does not even allege that Defendants violated the FDCPA in connection

9 with settling any debt.

10    Even if he had, there is nothing unlawful about settling debts.  To the contrary,

11 cases have repeatedly recognized that the FDCPA encourages settlement of debts

12 without litigation.  "There is nothing improper about making a settlement offer.

13 (Citation).  Forbidding them would force honest debt collectors seeking a peaceful

14 resolution of the debt to file suit in order to advance efforts to resolve the debt–

15 something that is clearly at odds with the language and purpose of the [Act]."

16 *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F. 3d 294, 299 (3d Cir.

17 2008) (citing *Evory v. RJM Acquisitions Funding, LLC*, 505 F. 3d 769 (7th Cir. 2007)

18 and *Lewis v. ACB Bus. Servs., Inc.*, 135 F. 3d 389, 399 (6th Cir. 1998).

19    The motion must be denied as to these requests seeking information relating to

20 Defendants policies and procedures relating to settling debts.

21

22 **INTERROGATORY NO. 11:**

23    Please identify all creditors that retained NELSON - from July 31, 2006 to the

24 present - for the purpose of collecting debts.

25 **RESPONSE TO INTERROGATORY NO. 11:**

26    Defendant objects to this Interrogatory on the grounds that it is overbroad,

27 unduly burdensome and oppressive, and to the extent that it seeks information which

28 is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

to the discovery of admissible evidence.  There is no basis for identifying other creditors that did not extend credit to Plaintiff and that have no relationship to this case.  Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Federal Rule of Civil Procedure 33 governs the use of Interrogatories during discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).  Nelson has not provided any substantive response to this Interrogatory.

Nelson objects to Interrogatory No. 11 on the basis that is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

Nelson objects to Interrogatory No. 11 on the basis that the terms "procedures and policies for settling" is vague and ambiguous.  Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Inc. Co.,* 2007 U.S. Dist. LEXIS 31688 (N.D. Cal. 2007).  Nelson argues it has a "number of clients and it utilized different approaches to settlement based upon the client and

1  the circumstances."  This is the exact information this Interrogatory seeks.  If Nelson

2  employs various methods for different clients, then Nelson must disclose those

3  methods in its response.

4  　　　　Further, Federal Rule of Civil Procedure 26(b)(5) further provides:

5  　　　　　　When a party withholds information otherwise discoverable by claiming
　　　　　　that the information is privileged or subject to protection as trial-

6  　　　　　　preparation material, the party must:

7  　　　　　　(i)　　　expressly make the claim; and

8  　　　　　　(ii)　　describe the nature of the documents, communications, or tangible things
　　　　　　　　not produced or disclosed–and do so in a manner that, without revealing

9  　　　　　　　　information itself privileged or protected, will enable other parties to
　　　　　　　　assess the claim.

10 　　　　"A privilege log should contain the following information: (1) the identity and

11 position of its author; (2) the identity and position of the recipient(s); (3) the date it

12 was prepared or written; (4) the title and description of the document; (5) the subject

13 matter addressed; (6) the purposes for which it was prepared or communicated; (7)

14 the document's present location; and (8) the specific privilege or other reason it is

15 being withheld."  *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal.

16 2009).  When asserting the attorney-client privilege, "[t]he party asserting the

17 privilege bears the initial burden of demonstrating that the communication falls

18 within the privilege."  *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

19 　　　　Here Nelson asserts the attorney-client privilege and attorney work product

20 protection to Interrogatory No. 11.  The objection is stated simply as "seek[ing]

21 information subject to the attorney-client privilege or the attorney work product

22 doctrine."  Such a blanket assertion of the attorney-client privilege or work product

23 doctrine is insufficient to enable the propounding party to assess the applicability of

24 the privilege or protection to the specific facts of the interrogatory in question.

25 Further, Nelson has failed to produce a privilege log containing any of the above-

26 described information as required by Federal Rule of Civil Procedure 26(b)(5).

27 (Weaver Dec. ¶13).  Consequently, the privilege claims cannot be properly evaluated.

28

1   Nelson objects to Interrogatory No. 11 on relevancy grounds, arguing that
2   "there is no basis for identifying other creditors that did not extend credit to
3   Plaintiff."  Nelson is wrong.  Creditors that retained Nelson from July 31, 2006 to the
4   present may have information regarding Nelson's debt collection activities and could
5   potentially testify as witnesses.  Since Nelson's debt collection activities are directly
6   at issue here, this Interrogatory is within the scope of the Federal Rules of Civil
7   Procedure.

8   Accordingly, Tourgeman requests that this court order Nelson to provide a
9   supplemental response to Interrogatory No. 11 without the stated objections and
10  provide a substantive response.

11  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**
12  **TO INTERROGATORY NO. 11:**

13  There is no basis for compelling Defendant to identify all of the other creditors
14  that have retained Defendant to collect debts.  Tourgeman apparently seeks this
15  information so that he can blanket the country with subpoenas directed at Defendant's
16  other clients in the hopes that this disruption to Defendant's business relationships
17  will coerce a settlement.  This is a wholly improper abuse of the discovery process.

18  Tourgeman claims that Defendants sued him for a debt that had already been
19  paid "in full" to Dell, and that Defendants filed suit against him in the wrong judicial
20  district.  He has not and cannot allege that every time Defendant filed suit on behalf
21  of any creditor, it violated the FDCPA.  His request will not lead to discoverable
22  information and will not identify members of a class.

23  Defendant has provided a detailed information describing how it generally
24  prepares lawsuit for Collins, and it has produced responsive documents related to the
25  claims raised by Tourgeman in this case.  There is no basis for compelling a further
26  response to force Defendant to identify its other clients.

27

28

**INTERROGATORY NO. 13:**

Did NELSON make any substantive change in company policy from July 31, 2006 to the present?  If so, please identify and describe any substantive changes NELSON made – from July 31, 2006 to the present – to any NELSON policy or procedure in an effort to comply with the provision of the Federal [sic] Debt Collection Practices Act.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous regarding the term "substantive change in company policy."  The firm of Nelson & Kennard complies with the FDCPA and engages in ongoing efforts to ensure compliance.  Subject to and without waiving the forgoing objections or the General Objections, Defendant responds as follows: Defendant exercises it option to produce records in response to this Interrogatory pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Federal Rule of Civil Procedure 33 governs the use of Interrogatories during discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).

Nelson objects to Interrogatory No. 13 on the basis that the term "substantive change in company policy" is "vague and ambiguous."  Nelson, however, has failed to exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery.  *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,* 2007 U.S. dist. LEXIS 31688 (N.D. Cal 2007).  Because Nelson has failed to demonstrate how this Interrogatory is vague and ambiguous, this boilerplate objection cannot be sustained.

While Nelson agrees to produce records in response to Interrogatory No. 13 pursuant to Rule 33(d), Nelson fails to specify which records.  If the served party chooses to respond to an interrogatory by producing business records, the served party must specify, in detail, the records from which the answer may be derived or ascertained and afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect the record.  *See* Fed. R. Civ. P. 33(d); *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321 (S.D. Cal. 2009).

As the authorities above reflect, the citation to and production of records as an alternate means for responding to interrogatories is proper so long as the documents produced are the party's "business records" and the description of the records produced in lieu of a response is sufficiently detailed to enable the propounding party to locate them.  Here, Nelson's citation to and alleged agreement to produce documents does not satisfy these two requirements.  The response is insufficient for two reasons.  First, it does not direct Tourgeman to any "business records."  Second, even assuming these documents are business records, this response lacks the required specificity.  Nelson must at least provide the titles of the documents or Bates numbers of the documents responsive to this Request.

Accordingly, Tourgeman requests that this Court order Nelson to provide a supplemental response to Interrogatory No. 13 without the stated objections and provide a substantive response.

**DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED TO INTERROGATORY NO. 13:**

The motion to compel should be denied as to this request because Plaintiff has never made any attempt to meet and confer regarding the request before filing the motion.  No party may move for an order compelling further discovery until after the party has made a good faith attempt to meet and confer to resolve the dispute without court intervention.  The Federal Rules Of Civil Procedure and Local Rules of this Court are crystal clear on this point.  *See* Fed. R. Civ. P. 37(a)(1) ("The motion must

1  include a certification that the movant has in good faith conferred or attempted to

2  confer with the person or party failing to make disclosure or discovery in an effort to

3  obtain it without court action."); Local Rule 26.1a ("The court will entertain no

4  motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have

5  previously met and conferred on **all disputed issues**.").

6       Despite these clear requirements, this is one of eighteen separate discovery

7  requests that were <u>never</u> discussed in any letter or any phone call by counsel for

8  Tourgeman for this motion was filed.  *See* Declaration of Tomio B. Narita In Support

9  Of Opposition To Motion To Compel And Motion For Protective Order And Award

10  Of Sanctions ("Narita Decl."), ¶¶ 3-6, Exs. A and B.  Defendants specifically

11  informed counsel for Tourgeman that the motion was improper because no meet and

12  confer had been conducted, but Tourgeman's counsel refused to take the motion off

13  calendar, and refused to withdraw the motion as to the eighteen requests.  *Id*.

14       Since no meet and confer was conducted as to "all disputed issues" as required

15  by Rule 26.1a of the Local Rules, the entire motion should be denied.  At a bare

16  minimum, the Court should deny the motion as to all of the eighteen discovery

17  requests, including this one, that were never discussed by counsel.  *See Presidio*

18  *Components, Inc. v. American Technical Ceramics Corp*., 2009 WL 1423577, *3-4

19  (S.D. Cal. May 20, 2009) (denying motion to compel where no proper meet and

20  confer conducted in advance of motion).  Counsel for Tourgeman should also be

21  sanctioned for their deliberate refusal to comply with the requirements of the Federal

22  Rules and the Local Rules.

23

24  **<u>INTERROGATORY NO. 14</u>:**

25       Please describe the compensation agreements between NELSON and any

26  creditor that uses NELSON to file complaints against alleged debtors for breach of

27  contract and Rule 3.740 collections.

28

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  The compensation arrangements between Nelson & Kennard and its clients have nothing to do with the allegations of this case.  There is no legitimate basis for requesting this information, other than to harass and annoy Defendant.  Defendant further objects to this Interrogatory to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Federal Rule of Civil Procedure 33 governs the use of Interrogatories during discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Further, all grounds for objection to an interrogatory must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4).  Nelson has not provided any substantive response to this Interrogatory.

Nelson objects to Interrogatory No. 14 on the basis that is "overbroad, unduly burdensome and oppressive" and "not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence."  But Nelson fails to provide any explanation for these objections.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th cir. 1975) (those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied).

Federal Rule of Civil Procedure 26(b)(5) further provides:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i)    expressly make the claim; and

(ii)   describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld." *Mancini v. Ins. Corp.,* 2009 U.S. Dist. LEXIS 51321, *10 (S.D. Cal. 2009).  When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege." *Bible v. Rio Props., Inc.,* 246 F.R.D. 614, 620 (C.D. Cal. 2007).

Here Nelson asserts the attorney-client privilege and attorney work product protection to Interrogatory No. 14.  The objection is stated simply as "seek[ing] information subject to the attorney-client privilege or the attorney work product doctrine."  Such a blanket assertion of the attorney-client privilege or work product doctrine is insufficient to enable the propounding party to assess the applicability of the privilege or protection to the specific facts of the interrogatory in question.  Further, Nelson has failed to produce a privilege log containing any of the above-described information as required by Federal Rule of Civil Procedure 26(b)(5).  (Weaver Dec. ¶13).  Consequently, the privilege claims cannot be properly evaluated.

Nelson also objects to Interrogatory No. 14 on relevancy grounds, arguing "there is no legitimate basis to ask for this information."  Nelson is wrong.  Nelson's compensation agreements with other creditors evidences Nelson's incentive structure, reveals how Nelson prioritizes its efforts against certain debtors, and further explains

1  the extent of Nelson's debt collection activities.  Since Nelson's debt collection

2  practices are directly at issue here, this Interrogatory is within the scope of the

3  Federal Rules of Civil Procedure.

4      Accordingly, Tourgeman requests that this Court order Nelson to provide a

5  supplemental response to Interrogatory No. 14 without the stated objections and

6  provide a substantive response.

7  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

8  **TO INTERROGATORY NO. 14:**

9      There is no basis for compelling Defendant to identify all the details of the

10  agreements it has with other creditors that have retained Defendant to collect debts.

11  Tourgeman apparently seeks this information so that he can take further discovery

12  from Defendant's other clients in the hopes that this disruption to Defendant's

13  business relationships will coerce a settlement.  This is a wholly improper abuse of

14  the discovery process.

15      Tourgeman claims that Defendants sued him for a debt that had already been

16  paid "in full" to Dell, and that Defendants filed suit against him in the wrong judicial

17  district.  He has not and cannot allege that this conduct occurred because of some

18  difference in the compensation structure provided by Collins and that provided by

19  some other client.  His request will not lead to discoverable information.  There is no

20  basis for compelling a further response.

21

22  **INTERROGATORY NO. 16:**

23      Please identify the number of demand letters NELSON sent to alleged debtors

24  from July 2006 to the present.

25  **RESPONSE TO INTERROGATORY NO. 16:**

26      Defendant also objects to this Interrogatory on the grounds that it is overbroad,

27  unduly burdensome and oppressive, and to the extent that it seeks information which

28  is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

---

1  to the discovery of admissible evidence.  This case does not challenge the contents of

2  any demand letter sent by Nelson & Kennard.  Further, Defendant does not concede

3  that Plaintiff may pursue this action as a purported class action nor does Defendant

4  concede that, even if class treatment were appropriate, that a class action is proper

5  here, or that Plaintiff is a proper class representative with standing to pursue claims

6  on behalf of a purported class.  At best, the Interrogatory is premature.

7  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

8          Defendant also objects to this Interrogatory on the grounds that it is overbroad,

9  unduly burdensome and oppressive, and to the extent that it seeks information which

10  is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead

11  to the discovery of admissible evidence.  This case does not challenge the contents of

12  any demand letter sent by Nelson & Kennard, nor does Plaintiff seek to certify a class

13  of debtors who received letters.  There is no basis for demanding that the firm

14  disclose how many letters were sent.  Defendant does not concede that Plaintiff may

15  pursue this action as a purported class action nor does Defendant concede that, even

16  if class treatment were appropriate, that a class action is proper here, or that Plaintiff

17  is a proper class representative with standing to pursue claims on behalf of a

18  purported class.  At best, the Interrogatory is premature.

19          Subject to and without waiving the foregoing and the General Objections,

20  Defendant responds as follows:   From July 2006 to the present, Defendant sent

21  letters to more than forty debtors in an attempt to collect a debt.

22  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL**

23  **INTERROGATORY 16:**

24          Federal Rule of Civil Procedure 33 governs the use of Interrogatories during

25  discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is

26  not objected to, be answered separately and fully in writing under oath."  Further, all

27  grounds for objection to an interrogatory must be stated "with specificity."  Fed. R.

28  Civ. P. 33(b)(4).

1    Nelson objects to Interrogatory No. 16 on the basis that is "overbroad, unduly
2    burdensome and oppressive" and "not relevant to the subject matter of this lawsuit,
3    nor reasonably calculated to lead to the discovery of admissible evidence."  Although
4    Nelson appears to argue the merits of the case in its discovery, Nelson has failed to
5    demonstrate how this Interrogatory is overbroad, unduly burdensome and oppressive.
6    *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th cir. 1975) (those opposing
7    discovery are "required to carry a heavy burden of showing" why discovery should be
8    denied).

9    In September 2009, this court rejected Nelson's argument that discovery related
10   to "class issues" was premature until the class was certified.  Nelson claims in its
11   supplemental responses that Interrogatory No. 16 is premature because Tourgeman
12   may not pursue this case as a class action.  Nelson's claims are inappropriate,
13   especially since Nelson provided the supplemental responses on January 26, 2010,
14   nearly four months after this court rejected Nelson's contention.

15   Further, Nelson continues to ignore the allegations in the Complaint.  The
16   Complaint contains class allegations that Nelson engages in improper debt collection
17   activities.  Indeed, The complaint includes class allegations and a class comprised of:

18       All consumers residing in the United States and abroad who, during the
19       period within one year of the date of the filing of the complaint, were
         contacted or sued in the United States by either Collins Financial or Nelson
         & Kennard in an effort to collect an alleged debt.
20   Further, the Complaint contains numerous allegations that Nelson improperly
21   initiates collections and unlawfully files lawsuits against debtors.  In particular, the
22   Complaint explicitly alleges that Nelson "fails to take the time and effort to verify the
23   alleged debts or ensure that the lawsuits it files are legitimate and accurate." ¶32.  The
24   Complaint also specifies that Nelson "attempts to quickly obtain default judgments
25   against consumers without having original or copies of original agreements to prove
26   the existence, terms, and amount of the debt, and in many cases without having
27   proper information regarding the location of the debtor, thus obtaining default
28   judgments without effectuating proper service." ¶32.  The Complaint also notes that

1   "Nelson & Kennard rely on affidavits signed by individuals who the collection law

2   firms know have no knowledge of the underlying facts and file verified complaints in

3   which they attest to the truthfulness and accuracy of the information regarding the

4   alleged debt." ¶35.  In other words, regardless of whether the alleged creditor is

5   Collins or the alleged debtor is Tourgeman, Nelson does not verify information

6   before it initiates collections and files lawsuits.  As such, Nelson's entire debt

7   collection practices are at issue.

8          The information sought in this Request establishes the number of class

9   members and shows the scope of Nelson's debt collection activities.  Originally,

10  Nelson outright refused to answer Interrogatory No. 16.  Now, Nelson's supplemental

11  response fails to specify an exact number, merely stating the answer is "more than

12  forty."  Under Federal Rule 37, an "evasive or incomplete disclosure, answer, or

13  response" is equivalent to "a failure to disclose, answer, or respond."  Fed. R. Civ. P.

14  37(a)(3).

15         Lastly, Interrogatory No. 16 is narrowly tailored as it seeks the ***number*** of

16  demand letters Nelson sent to alleged debtors from July 2006 to the present.  The

17  interrogatory does not require Nelson to engage in burdensome data gathering of

18  personal contact information.  Rather, the Interrogatory merely seeks a ***number***.

19         Accordingly, Tourgeman requests that this Court order Nelson to provide a

20  supplemental response to Interrogatory No. 16 without the stated objections and

21  provide a substantive response.

22  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

23  **TO INTERROGATORY NO. 16:**

24         There is no basis for compelling a further response to this request because the

25  number of debtors that Nelson & Kennard sent demand letters to during a four-year

26  period is not relevant to any claim at issue, nor likely to lead to the discovery of

27  admissible evidence.  Tourgeman claims that Defendants sued him for a debt that had

28  already been paid "in full" to Dell, and that Defendants filed suit against him in the

1   wrong judicial district.  He has not alleged that any letters that he received from the

2   firm violated the FDCPA or state law.  In fact, he claims he never received <u>any</u> letter

3   from the firm.

4    Tourgeman suggests this request is proper because he seeks to represent a

5   purported FDCPA class of all persons who were "contacted or sued" by Defendants,

6   and therefore "all" of Defendants' collection practices are at issue.  He is wrong.  The

7   FDCPA does not prohibit collectors from contacting consumers, nor does it bar

8   collectors from filing suits.  Rather, the Act prohibits collectors from engaging in a

9   specific set of unlawful collection practices.  *See* 15 U.S.C. §§ 1692b-1692j.  In fact,

10  the Ninth Circuit has repeatedly recognized the Act was passed to protect consumers

11  from serious threats, harassment, abuse and other deceptive practices utilized by

12  unscrupulous collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and*

13  *Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect

14  consumers from a host of unfair, harassing, and deceptive debt collection practices

15  without imposing unnecessary restrictions on ethical debt collectors") (citation

16  omitted).  It is not a wholesale ban on any type of contact with a debtor, nor does it

17  prohibit collectors from filing suit.  The focus of the Act is prevention of deceptive

18  and intimidating conduct by collectors that would "seriously disrupt a debtor's life":

19   The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was
20  concerned with disruptive, threatening, and dishonest tactics.  The Senate Report accompanying the Act cites practices such as 'threats of violence,
21  telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation).  **In other words, Congress seems to have**
22  **contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely**
23  **disrupt a debtor's life.'** (Citation).

24  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (emphasis

25  added).

26   Tourgeman cannot seek discovery regarding every debtor "contacted or sued"

27  by Defendants unless he identifies how the "contacts" or "suits" allegedly violated the

28  FDCPA.  In *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010), the Ninth

Circuit held that an allegedly false and misleading statement by a collector does <u>not</u> violate the FDCPA unless it is "material."  *Id.* At 1033-34.  A "material" misstatement is one that is "genuinely misleading" and that "may frustrate the consumer's ability to intelligently choose his or her response" to the collector's communication.  *Id.* at 1034.  The Court noted that:

> In assessing FDCPA liability, **we are not concerned with mere technical falsehoods that mislead no one**, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  **Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt.**

*Id.* at 1034 (emphasis added).

Tourgeman claims that Defendants sued him for a debt that was paid "in full" and filed suit in the wrong judicial district.  He says he never received any letters from Nelson & Kennard.  He is not entitled to discovery regarding the total number of debtors that Nelson & Kennard sent letter to during any period.  It does not relate to any of his claims and will not identify the number of class members.

**INTERROGATORY NO. 18:**

Please describe the process NELSON uses to skip trace debtors in the event of a debtor's address or phone number change.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous.

Subject to and without waiving the forgoing objections or the General Objections, Defendant responds as follows:   Nelson & Kennard does not skip trace debtors if the debtor's address or phone number change.  The firm simply enters the new address or phone number into its account records.

**PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Federal Rule of Civil Procedure 33 governs the use of Interrogatories during

1   discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is

2   not objected to, be answered separately and fully in writing under oath."  Further, all

3   grounds for objection to an interrogatory must be stated "with specificity."  Fed. R.

4   Civ. P. 33(b)(4).

5        Nelson objects to Interrogatory No. 18 on the basis that the interrogatory is

6   "vague and ambiguous" without specifying how or why.  Nelson has failed to

7   exercise reason and common sense to attribute ordinary definitions to terms and

8   phrases utilized in discovery.  *Santa Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.,*

9   2007 U.S. Dist. LEXIS 31688 (N.D. Cal 2007).  Skip tracing is a process frequently

10  utilized by debt collectors to locate debtors.  Nelson admits in its supplemental

11  response to Interrogatory No. 7 that it skip traces these debtors.  Thus, Nelson is

12  familiar with the terminology and the process.

13       Accordingly, Tourgeman requests that this Court order Nelson to provide a

14  supplemental response to Interrogatory No. 18 without the stated objections and

15  provide a substantive response.

16  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

17  **TO INTERROGATORY NO. 18:**

18       Defendant has already provided a response to this request and there is no basis

19  for compelling a further response.  Tourgeman apparently does not understand what

20  is involved in the skip tracing process.  If a debtor's phone number or address

21  changes, there is no need to engage in any skip tracing efforts.  Rather, as stated in

22  Defendant's response, Defendant simply updates its system to reflect the new address

23  or number.

24

25  **INTERROGATORY NO. 19:**

26       Please describe the position at NELSON that prepares the affidavit authorizing

27  legal action against an alleged debtor, including but not limited to the position's

28

1  duties, responsibilities, job requirements, and the number of people who perform this

2  task for NELSON.

3  **RESPONSE TO INTERROGATORY NO. 19:**

4      Defendant objects to this Interrogatory on the grounds that it is vague and

5  ambiguous generally and as to the phrase "the position at NELSON that prepares the

6  affidavit authorizing legal action."

7      Subject to and without waiving the forgoing objections or the General

8  Objections, Defendant responds as follows: there is no such affidavit or position at

9  Nelson & Kennard as described in this interrogatory.

10  **PLAINTIFF'S REASONS TO COMPEL RESPONSE TO SPECIAL**

11  **INTERROGATORY NO. 19:**

12      Federal Rule of Civil Procedure 33 governs the use of Interrogatories during

13  discovery.  Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is

14  not objected to, be answered separately and fully in writing under oath."  Further, all

15  grounds for objection to an interrogatory must be stated "with specificity."  Fed. R.

16  Civ. P. 33(b)(4).

17      Nelson objects to Interrogatory No. 19 on the basis that the term "the position

18  at NELSON that prepares the affidavits authorizing legal action" is vague and

19  ambiguous.  Nelson has failed to exercise reason and common sense to attribute

20  ordinary definitions to terms and phrases utilized in discovery.  *Santa Row Hotel*

21  *Partners, L.P. v. Zurich Am. Ins. Co.,*  2007 U.S. Dist. LEXIS 31688 (N.D. Cal 2007).

22      Accordingly, Tourgeman requests that this Court order Nelson to provide a

23  supplemental response to Interrogatory No. 19 without the stated objections and

24  provide a substantive response.

25  **DEFENDANTS' REASONS WHY NO FURTHER RESPONSE IS REQUIRED**

26  **TO INTERROGATORY NO. 19:**

27      Defendant has already provided a response to this interrogatory.  There is no

28  person at the firm who prepares an affidavit authorizing legal action, so there is no

1  person or duties to identify.  Defendant cannot describe something that does not exist.

2  It is frivolous for Tourgeman to compel a further response when a complete response

3  has been given.

4

5  DATED: March 15, 2010          SIMMONDS & NARITA LLP
                                   TOMIO B. NARITA

6

7                                  By:   s/Tomio B. Narita
8                                        Tomio B. Narita
                                         Attorneys for Defendants
9                                        Collins Financial Services, Inc. and
                                         Nelson & Kennard
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2        I, Tomio B. Narita, hereby certify that:

3        I am employed in the City and County of San Francisco, California.  I am over

4   the age of eighteen years and not a party to this action.  My business address is 44

5   Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel

6   of record for the defendants in this action.

7        On March 15, 2010, I caused **DEFENDANTS' SEPARATE STATEMENT**

8   **IN SUPPORT OF  OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

9   **FURTHER RESPONSE BY NELSON & KENNARD TO REQUESTS FOR**

10  **PRODUCTION AND INTERROGATORIES** to be served upon the parties listed

11  below via the Court's Electronic Filing System:

12  **<u>VIA ECF</u>**

13
    Brett M. Weaver
14  brett@johnsonbottini.com
    Counsel for Plaintiff
15
    Daniel P. Murphy
16  dmurphy245@yahoo.com
    Counsel for Plaintiff
17
    Francis A. Bottini, Jr.
18  frankb@johnsonbottini.com
    Counsel for Plaintiff
19
    Frank J. Johnson
20  derekw@johnsonbottini.com
    Counsel for Plaintiff
21
    Kent R. Christenson
22  kchrstenson@calljenson.com
    Counsel for defendants Dell Financial Services, L.L.C., and
23  CIT Financial USA, Inc.

24  Lisa A. Wegner
    lwegner@calljensen.com
25  Counsel for defendants Dell Financial Services, L.L.C., and
    CIT Financial USA, Inc.
26  //

27  //

28  //

1       I declare under penalty of perjury that the foregoing is true and correct.

2   Executed at San Francisco, California on this 15th day of March, 2010.

3

4                        By:   s/Tomio B. Narita

                                    Tomio B. Narita

5                                       Attorneys for Defendants

                                    Collins Financial Services, Inc. and

6                                       Nelson & Kennard

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28