DANIEL P. MURPHY (CA 153011)
dmurphy245@yahoo.com
4691 Torrey Circle, A306
San Diego, California 92130
Telephone: (619) 379-2460

JOHNSON BOTTINI, LLP
Francis A. Bottini, Jr. (CA 175783)
frankb@johnsonbottini.com
Brett M. Weaver (CA 204715)
brett@johnsonbottini.com
501 West Broadway, Suite 1720
San Diego, California 92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622

*Attorneys for Plaintiff DAVID TOURGEMAN*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLLINS FINANCIAL SERVICES, INC., a Texas corporation; NELSON & KENNARD, a California partnership; DELL FINANCIAL SERVICES, L.P., a Delaware limited partnership; CIT FINANCIAL USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 08-CV-1392-JLS(NLS)<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS AND FOR SANCTIONS**<br><br>Date:  April 5, 2010<br>Time:  9:30 a.m.<br>Courtroom: 1101<br>Judge:  Hon. Nita L. Stormes |

---

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO COMPEL;
CASE NO. 08-CV-1392-JLS (NLS)

## I. INTRODUCTION

Defendants Collins Financial, Inc. ("Collins") and Nelson & Kennard ("Nelson") (collectively "CFNK") have repeatedly delayed the resolution of this case. CFNK has filed multiple motions to dismiss, motions for summary judgment, and motions to compel. While the district court has slightly trimmed this case, for practical purposes Plaintiff David Tourgeman ("Tourgeman") has prevailed on every motion. CFNK's opposition brief ("Opposition" or "Oppo.") continues to postpone a decision on the merits. The Opposition makes no effort to address the vast majority of Tourgeman's arguments or to distinguish **any** of the authorities cited in Tourgeman's Motion to Compel ("MTC"). Instead, the Opposition hides behind a hodgepodge of spurious arguments.

First, CFNK erroneously contends the parties did not conduct complete meet & confer discussions with respect to every discovery request. Oppo. at 3-4. But many of the purportedly unaddressed discovery requests were specifically discussed during the parties' telephone conversation. Moreover, the parties have exchanged over six letters, numerous emails, and engaged in a nearly two-hour telephone discussion regarding this discovery dispute. Tourgeman has fully complied with the meet & confer requirements.

Second, CFNK blatantly misrepresents that only discovery related to the **pending** motion for summary judgment should be allowed. Oppo. at 11-12. CFNK is wrong. *There is no pending motion for summary judgment.* The district court already denied the summary judgment motion and no limitations on discovery exist. CFNK will have a full opportunity to submit a second summary judgment motion once discovery is complete. CFNK also frivolously asserts that Tourgeman cancelled depositions and filed this motion to postpone the ruling on the **pending** summary judgment motion. Oppo. at 12. But CFNK's summary judgment motion was denied several months before Tourgeman cancelled the depositions and filed this motion.

Third, CFNK's Opposition contradicts itself. On the one hand, CFNK claims Tourgeman should be denied certain discovery because the only "communication" Tourgeman received was the state court summons and complaint. Oppo. at 5-6. Several pages later, the Opposition acknowledges that CFNK sent several notices to Tourgeman in accordance with the Fair Debt

-1-

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO COMPEL;
CASE NO. 08-CV-1392-JLS (NLS)

Collection Practices Act ("FDCPA"). Oppo. at 9. Tourgeman cannot tell whether CFNK is contesting or conceding the matter. An order compelling discovery will help clarify this confusion.

Fourth, CFNK claims Tourgeman is not entitled to discovery because he has not shown how certain conduct was illegal under the FDCPA. Oppo. at 6-7. This argument, however, ignores the Federal Rules of Civil Procedure, which specifically allow broad discovery in civil actions. In a similar vein, CFNK argues that the legislative intent behind the FDCPA does not support Tourgeman's claims and therefore discovery should be denied. Oppo. at. 7. But the FDCPA does not place any limits on the scope of discovery and CFNK does not cite a single case in support of this contention. Finally, CFNK's attempts to argue the merits of this case are not appropriate at the discovery phase. Oppo. at 8-11. CFNK will have the opportunity to argue the merits of this case at trial, or in a second summary judgment motion.

In short, CFNK's baseless arguments illustrate in dramatic fashion why this Court's intervention is sorely needed.

## II. ARGUMENT

### A. Tourgeman Has Satisfied The Meet & Confer Requirements

To date, the parties have exchanged six letters, several emails, and engaged in a nearly two-hour telephonic discussion regarding this discovery dispute. Declaration of Brett Weaver ("Weaver Dec.") at ¶1. Incredibly, CFNK argues the meet & confer discussions were inadequate because the parties have not conferred on 18 of the 76 discovery requests at issue here. To the contrary, CFNK agreed to supplement many of the 18 discovery requests it now claims were never discussed, and Tourgeman specifically noted this fact in the MTC. See MTC at p.7, fn. 4. During the parties' telephonic discussion, CFNK revealed for the first time that Paragon Way, Collins's subsidiary, was the true debt collector. Weaver Dec. ¶2. CFNK confessed that Paragon Way retained Nelson to file the state court lawsuit against Tourgeman even though Collins was listed as the plaintiff on the state court complaint. *Id.* Since CFNK concealed the true nature of Collins's debt collection practices for

over six months[1], CFNK agreed to supplement their discovery responses to account for Paragon Way. *Id.* They failed to do so.

In support of its baseless position, CFNK cites *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 U.S. Dist. LEXIS 42613 (S.D. Cal. 2009). This case is inapposite, however, because the *Presidio* litigants did not conduct any meet & confer discussions before the motion to compel was filed. Unlike *Presidio*, the parties here have exchanged multiple letters, several emails, and conducted a two-hour telephone conversation. Weaver Dec. ¶1. Accordingly, *Presidio* does not support CFNK's position.

CFNK's misrepresentations are further illustrated in its Separate Statement of Facts. CFNK claims that it already agreed to produce documents from Paragon Way for Request for Production Nos. 3, 5, 9, 10, and 12 to Collins. But neither Collins's original discovery responses nor the supplemental responses mention this agreement. CFNK cannot substitute an oral agreement for written discovery responses. *See* Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond **in writing** within 30 days after being served.") (emphasis added).

### B.   This Court Should Reject CFNK's Request For A Protective Order

As a starting point, CFNK styled their Opposition as a cross-motion for a protective order. Local Rule 7.1(e) requires a minimum of 28 days notice for any motion. Since CFNK filed their cross-motion for a protective order 21 days before the hearing date, the cross-motion is procedurally improper.

Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). CFNK makes no such showing. Instead, CFNK contends Tourgeman limited the scope of discovery in his Rule 56(f)

---

[1] CFNK does not dispute that it should have provided responsive information related to Paragon Way in its initial discovery responses. Further, CFNK does not respond to Tourgeman's allegations in the MTC that CFNK deliberately concealed the existence of Paragon Way and intentionally withheld information. CFNK's lone argument, buried in CFNK's Separate Statement of Facts, is that Tourgeman should have separately propounded discovery on Paragon Way. But case law refutes CFNK's position. *See Goodrich Corp. v. Emhart Indus., Inc.*, 2005 U.S. Dist. LEXIS 17190, *9 (C.D. Cal. 2005) (holding that corporation must disclose information from sources under its control).

motion. Oppo. at 11. This is not true. The Rule 56(f) motion only applied to the summary judgment motion, which was filed nearly six months ago. And the district court denied CFNK's summary judgment motion on November 23, 2009. *See* Order Denying Defendants' Motions For Summary Judgment (Docket #90). Thus, this case is in the pre-trial discovery phase and no limitations prevent Tourgeman from conducting discovery.

CFNK also misleads this Court, claiming Tourgeman cancelled the depositions and filed this motion as a tactical move to avoid the summary judgment motion. Oppo. at 12. Not so. Tourgeman cancelled the depositions in January 2010 because he did not receive full discovery that he needed in order to conduct the depositions. Weaver Dec. ¶4. This motion was filed on March 5, 2010, several months after the district court denied CFNK's summary judgment motion. Thus, CFNK's claim is undeniably false.

### C. CFNK Takes Inconsistent Positions To Avoid Discovery

On the one hand CFNK argues that Tourgeman is not entitled to certain discovery because the only "communication" between CFNK and Tourgeman was the state court summons and collections complaint. Oppo. at 5. At the same time, the Opposition admits Tourgeman received several communications because "non-party Paragon Way, Inc. [Collins's subsidiary] and Nelson & Kennard both sent notices to Tourgeman as required by the FDCPA, advising him of his right to dispute the debt." Oppo. at 9. Unequivocally, CFNK has taken an inconsistent position in the same moving papers. Because of this conflicting position, Tourgeman cannot tell if CFNK contests or concedes that Tourgeman received only one communication. An order compelling discovery will clear up this confusion. *See Amor v. Arizona*, 2010 U.S. Dist. LEXIS 23593, *24 (D. Ariz. 2010) ("The primary purpose for the discovery rules is to promote full disclosure of all facts to aid in fair, prompt and inexpensive disposition of lawsuits.").

Discovery will also clear up whether Tourgeman can assert a 1692g claim. Since CFNK's own records show it communicated with Tourgeman, discovery related to 1692g notices is relevant. While CFNK correctly notes that the district court previously dismissed the 1692g claim without prejudice, the court assumed the only "communication" Tourgeman received was the state court

- 4 -
PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO COMPEL;
CASE NO. 08-CV-1392-JLS (NLS)

summons and complaint. *See* Order Granting In Part And Denying In Part Defendant's Motion To Dismiss And Motion To Strike (Docket #58), at 6. Now, based on CFNK's own admission that it sent Tourgeman other communications, Tourgeman intends to re-allege this claim. But even if Tourgeman does not amend the pleadings to re-allege the 1692g claim, Tourgeman is still entitled to this discovery. *Hampton v. City of San Diego,* 147 F.R.D. 227, 229 (S.D. Cal. 1993) (holding the scope of discovery is not limited to the issues presented in the pleadings).

### D. CFNK Fails To Demonstrate How The Requested Discovery Is Irrelevant

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle,* 147 F.3d 802, 812 (9th Cir. 1998). CFNK attempts to refute this rule by citing *Epstein v. MCA, Inc.,* 54 F.3d 1422, 1423 (9th Cir. 1995). This case, however, belies CFNK's own position. The *MCA* court denied certain discovery requests because they "would have no bearing on either the merits of the case or **on the motion for class certification**[.]" (emphasis added). Here, a proposed class exists and class certification issues need resolution. Indeed, CFNK's citation is puzzling.

CFNK also asks the Court to limit the scope of discovery if the burden or expense of the proposed discovery outweighs the benefit. Oppo. at 5. However, CFNK fails to articulate one reason why the requested discovery is burdensome. *Bryant v. Ochoa,* 2009 U.S. Dist. LEXIS 42339, *3 (S.D. Cal. 2009) ("The party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections.").

#### 1. Discovery regarding debtors contacted or sued by CFNK is relevant

CFNK erroneously argues that Tourgeman is not entitled to discovery unless it is "tethered to any allegedly unlawful activity." Oppo. at 6. But this is not the standard for discovery. CFNK ignores the clear mandate of Fed. R. Civ. P. 26(b)(1), which permits the discovery of information if it "appears reasonably calculated to lead to the discovery of admissible evidence." CFNK further misconstrues the discovery rules, contending Tourgeman cannot seek discovery regarding other debtors who were contacted or sued unless Tourgeman identifies how the contacts or lawsuits violated the FDCPA. Again, this is not the law. The Opposition does not, and cannot, point to any authority holding that the FDCPA limits a plaintiff's ability to conduct discovery.

- 5 -
PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO COMPEL;
CASE NO. 08-CV-1392-JLS (NLS)

Further, CFNK improperly attempts to argue the merits of this case in discovery. CFNK misses the point by citing *Pressley v. Capital Credit and Collection Service, Inc.*, 760 F.2d 922, 925 (9th Cir. 1985) and *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007). These cases did not address discovery issues or disputes, but rather analyzed the legislative intent behind the FDCPA. And these cases were decided at the summary judgment stage. Arguments regarding the FDCPA's legislative intent, however, are irrelevant to this discovery dispute. Discovery is for fact finding and CFNK's premature arguments about the FDCPA's objectives can be adjudicated on summary judgment or at trial. *See Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 2010 U.S. Dist. LEXIS 23049, *3 (E.D. Cal. 2010) ("The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible.").

CFNK also ignores three critical allegations. According to CFNK, Tourgeman is only entitled to discovery on claims that he was sued for a debt that was paid in full and that a lawsuit was filed against him in the wrong judicial district. Oppo. at 6. First, Tourgeman alleges that Nelson failed to validly serve the state court summons and complaint. ¶31.[2] Second, the Complaint alleges that CFNK's own records showed the debt was false and mischaracterized. ¶¶37-38. Specifically, the state court complaint filed against Tourgeman listed the wrong creditor, American Investment Bank. Weaver Dec. ¶3. Tourgeman never owed a debt to American Investment Bank. *Id.* Third, the Complaint alleges that CFNK improperly reported the alleged debt to credit agencies, impairing Tourgeman's credit. ¶76. Thus, Tourgeman's claims extend well beyond just the two claims CFNK identifies.

CFNK's assertions to the contrary, Tourgeman is also entitled to discovery related to CFNK's communications with other debtors. At the very least, the requested discovery establishes the total number of debtors for class certification issues. CFNK's own citation, *Epstein v. MCA*, 54 F.3d 1422, suggests that any discovery related to class certification is relevant. Lacking any credible

---

[2] All "¶" or "¶¶" references are to Tourgeman's Second Amended Complaint ("Complaint") unless otherwise noted.

- 6 -

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO COMPEL;
CASE NO. 08-CV-1392-JLS (NLS)

basis for its discovery arguments, CFNK urges this Court to adopt a standard that requires a plaintiff demonstrate a defendant violated the law before discovery is allowed. Oppo. at 7. But this proposed standard sharply conflicts with Fed. R. Civ. P. 26(b)(1). Further, CFNK's citation to *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010) is misplaced. That case involved a statutory interpretation under the FDCPA at the summary judgment stage and does not apply to the discovery dispute here.

### 2.     CFNK's policies and procedures for investigating debts are relevant

CFNK improperly refuses to produce its procedures for investigating debts because "the FDCPA does not impose a duty on collectors to independently investigate and verify debts before they initiate the collection process." Oppo. at 8. Again, CFNK's proposed discovery standard misstates the law. *See* Fed. R. Civ. P. 26(b)(1). Nonetheless, Tourgeman alleges that CFNK listed the wrong creditor on the state court summons and complaint. Weaver Dec. ¶3. Thus, CFNK's failure to list the proper creditor on the state court complaint places CFNK's procedures for investigating and verifying a debt in question.

Again, CFNK's case citations do not apply to this discovery dispute. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) and *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) did not involve discovery under the FDCPA, but rather dealt with FDCPA interpretation at the summary judgment and trial stage. Since this case is in the pre-trial discovery phase, these cases do not lend CFNK any support.

### 3.     CFNK's policies and procedures for settling debts and dismissing lawsuits are relevant

CFNK contends there is nothing unlawful about settling debts or dismissing lawsuits and therefore Tourgeman is not entitled to any discovery on these issues. Oppo. at 10. Once again, CFNK conflates the discovery rules with the standards for summary judgment. Additionally, CFNK's citations do not apply to this discovery dispute. *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 299 (3d Cir. 2008), *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), and *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 399 (6th Cir. 1998) do

not address discovery disputes, but rather FDCPA interpretation at various litigation stages. Thus, these cases do not support CFNK's position.

## III. CONCLUSION

For the reasons set forth above, Tourgeman respectfully requests that this Court grant the motion to compel in its entirety.

Dated: March 29, 2010

JOHNSON BOTTINI, LLP
FRANCIS A. BOTTINI, JR.
BRETT M. WEAVER

By:    */s/ Brett Weaver*
       BRETT WEAVER

501 West Broadway, Suite 1720
San Diego, California 92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622

*Attorneys for Plaintiff David Tourgeman*