# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>COLLINS FINANCIAL SERVICES, INC.;<br>NELSON & KENNARD; DELL<br>FINANCIAL SERVICES, L.P.; CIT<br>FINANCIAL USA, Inc.; et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 08-CV-1392 JLS (NLS)<br><br>**ORDER: OVERRULING DEFENDANTS' OBJECTIONS**<br><br>(Doc. Nos. 107 & 108) |

　　　Presently before the Court are Defendant Nelson & Kennard's objections to Magistrate Judge Stormes's Order granting in part and denying in part Plaintiff's motion to compel supplementary discovery responses, (Doc. No. 107 ("N&K's Objections")) and Defendant Collins Financial Services, Inc.'s objection to the same Order. (Doc. No. 108 ("Collins's Objections").) Also before the Court is Plaintiff's response to these objections. (Doc. No. 115 ("Response").) For the reasons stated below, Defendants' objections are **OVERRULED**.

　　　Because it is a discretionary decision regarding a non-dispositive pretrial matter, this Court reviews Magistrate Judge Stormes's order pursuant to 28 U.S.C. § 636(b)(1)(A) using a "clearly erroneous or contrary to law" standard. *See also Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "The 'clearly

1  erroneous' standard applies to factual findings and discretionary decisions made in connection with
2  non-dispositive pretrial discovery matters." *Fidelity*, 196 F.R.D. at 378.  "Clearly erroneous" review
3  is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been
4  committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).
5  On the other hand, "contrary to law" review "permits independent review of purely legal
6  determinations by the magistrate judge." *Fidelity*, 196 F.R.D. at 378 (citing, *inter alia*, *Computer*
7  *Econs., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)).

8      Having reviewed Defendants' objections and Magistrate Judge Stormes's Order, the Court
9  must **OVERRULE** Defendants' objections.  To begin with, Defendants are correct that the initial
10  burden on a motion to compel falls on Plaintiff.  (*See* N&K's Objections at 3; Collins's Objections
11  at 3.)  However, there is no real controversy here as both Judge Stormes's Order and Plaintiff's
12  response to the objections note the same legal standard.  (*See* Doc. No. 104 ("Discovery Order") at
13  3; Response at 3.)

14      Nonetheless, this legal standard does not offer Defendants any refuge.  Although not directly
15  stated in the Order, it is clear to this Court that Magistrate Judge Stormes found that Plaintiff had
16  carried his burden of showing that the discovery requests were relevant.  Plaintiff submitted
17  substantial explanations related to each of his discovery requests to Nelson & Kennard and Collins
18  Financial.  (*See* Doc. Nos. 95-2 & 95-3.)  These, along with Plaintiff's briefing regarding his motion
19  to compel, adequately demonstrate that the evidence sought is relevant to Plaintiff's case.

20      This conclusion is quite obvious from looking over the requests propounded by Plaintiff.  For
21  example, the Court sees a clear link between Plaintiff's Fair Debt Collection Practices Act claims and
22  Nelson & Kennard's "form letters, enclosures, envelopes, complaints, memoranda, etc. used . . . in
23  its debt collection activity."  (N&K Objections at 4.)  Similarly, the request to produce documents
24  "pertaining to the number of alleged debtors that [Nelson & Kennard] mailed letters to requesting
25  payment of an alleged debt" clearly relate to Plaintiff's class allegations.  (*Id.* at 14.)  The remainder
26  of the document requests and interrogatories to both Nelson & Kennard and Collins Financial contain
27  the same obvious relation to Plaintiff's case.

28      Further, Defendants' repeated complaint that "the Magistrate Judge failed to even explain why

the information sought was relevant" is a non-sequitur. (*See* N&K's Objections at 7, 10, 28, & 32; Collins's Objections at 9, 12, 15, & 21.) Although an explicit explanation is always helpful in reviewing a magistrate judge's decision and many courts choose to do provide such analysis, it is not required and its absence does not make a decision incorrect or clearly erroneous.

Finally, the Court concludes that Magistrate Judge Stormes correctly found that Defendants failed to carry their heavy burden to show why the motion to compel should be denied. Ultimately, it appears to the Court that Defendants have an overly narrow view on the discovery process. Although they note the standard for discovery which allows for "any nonprivileged matter that is relevant to any party's claim or defense" and that this "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence," their view of these standards does not support the broad wording and the rule's permissive intent. (N&K Objections at 2 (quoting Fed. R. Civ. P. 26).) The fact of the matter is that these requests are squarely within the scope of a Fair Debt Collection Practices Act case generally and Plaintiff's case specifically.

Given that Defendants' objections are without merit, they are **OVERRULED**.

IT IS SO ORDERED.

DATED: August 3, 2010

Honorable Janis L. Sammartino
United States District Judge