UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> COLLINS FINANCIAL SERVICES, INC., et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) | Civil No. 08cv1392 JLS (NLS) <br><br> **ORDER REGARDING ATTORNEY FEES** <br><br> [Docket Nos. 106 & 119.] |

## I.   BACKGROUND AND INTRODUCTION

Plaintiff David Tourgeman ("Plaintiff") alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Act against Defendant Collins Financial Services ("Collins") and Defendant Nelson & Kennard ("Nelson").  Plaintiff also asserts claims against Defendants Collins, Nelson, Dell Financial Services, LLC, and CIT Financial USA, Inc. for violations of the California Unfair Business Practices Act, Business and Professions Code and Negligence.  (SAC ¶ 1.)

Plaintiff purchased a computer from Dell pursuant to a financing plan.  (SAC ¶¶ 22-29.)  Dell sold the alleged debt to Collins who retained the law firm of Nelson to legally pursue the debt.  (*Id.*)  Plaintiff claims Defendants illegally pursued him for the collection of the debt which had already been paid in full.  (*Id.*)  The illegality Plaintiff alleges relates to the practices, policies and procedures that Defendants use in selling, verifying, and administering collection for debts.

On May 25, 2010 this Court issued an Order granting in part and denying in part Plaintiff's

Motion to Compel Supplemental Discovery Requests. [Doc. No. 104.] In that Order, the Court directed Plaintiff to file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in bringing the motion. [*Id.* at 10.] Plaintiff has now filed a motion for attorney's fees with the requested documentation. [Doc. No. 106.] Defendants have filed an Opposition. [Doc. No. 112.] Additionally, Plaintiff has submitted a Supplemental Motion for Attorney's Fees incurred in responding to Defendants' Objections to this Court's Order on the Motion to Compel. [Doc. No. 119.]

**II.    DISCUSSION**

Plaintiff asks for monetary sanctions in the amount of $15,904.00 against Defendants for the preparation of his Motion to Compel. [Doc. No. 106 at 4.] Additionally, he requests $2,175.00 for preparing a response to Objections to this Court's Order on the motion. [Doc. No. 119.] Therefore, Plaintiff's total request amounts to $18,079.00.

Under Federal Rule of Civil Procedure 37(a)(5)(C), "[i]f the motion is granted in part and denied in part, the court may. . .apportion the reasonable expenses for the motion." Defendants contend a reasonable apportionment of fees would be to order that each party bear its own costs. (Opp. at 2-6.) Defendants also argue that Plaintiff's counsel's rates and hours spent on the motion are unreasonable. [*Id*. at 6-10.]

The Court granted the majority of Plaintiff's requests to compel, setting aside only 13 out of 47 Requests for Production ("RFPs") and 5 out of 26 Interrogatories ("ROGs") for a further meet and confer. [Doc. No. 104 at 3-4.] The Court solicited fee documentation, including affidavits, solely from Plaintiff's counsel because the Court felt that Defendants had not made a reasonable effort to accommodate fair and efficient discovery. [*Id.* at 6.] Although Plaintiff bore some of the blame for the 18 disputes requiring further meet and confer, the Court believes Defendants' responses to the other discovery requests were unacceptable and delayed essential and appropriate discovery for over a year, necessitating the motion to compel.

For example, Defendants did not provide privilege logs as required by clearly established discovery law and rules, for their assertions of privileged information. *See* FED. R. CIV. P. 26(b)(5); *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal. 1992). Nor did Defendants follow the requirements of

Rule 33(d) when they failed to identify the business records that they opted to rely upon in response to certain discovery requests. [Doc. No. 104 at 8.] Further, Defendants refused to produce any discovery in relation to the alleged class, stubbornly claiming such information was irrelevant and premature, despite the fact that this Court had already stated in its First Amended Scheduling Order that merits based discovery shall proceed at the same time as class certification discovery. [Doc. Nos. 66 & 77.]

Defendants cite cases that stand for the proposition that even if the majority of a party's motion to compel is granted, the court may nevertheless decline to award fees. *See Continental Casualty Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510 531-32 (E.D. Cal. 2010)(denying fees to movant because novel facts and new legal authority constituted "substantial justification" for refusing discovery); *DeCristofo v. Rexon Indus. Corp.*, 2009 WL 2905804 (E.D. Cal. Sept. 3, 2009)(court denied fees because the discovery issue was "subject to legitimate dispute"). The lack of response to discovery requests in this case did not involve "substantial justification" based on novel facts or law, nor were there "legitimate disputes" about how Defendants should have answered the requests. Therefore, the Court will award fees to Plaintiff regarding the original Motion to Compel and for the response to Defendants' Objections. The real question is whether the rates and hours cited by Plaintiff's counsel are reasonable.

In an Order dated May 4, 2009, the Court had cause to award Plaintiff's counsel, Brett Weaver (a practitioner since 1999), an hourly rate of $405 in sanctions. It is now over a year later and his rate has increased to $425. [Weaver Decl. ¶ 3.] The Court believes this increase and the total amount of $425 per hour for a practitioner of counsel's experience in the San Diego legal community to be reasonable. Plaintiff is also represented by an associate specializing in class action disputes, Keith Cochran, who charges $295 per hour, and Daniel Murphy (a practitioner since 1991), an attorney experienced in the field of debt collection lawsuits, who charges $500 per hour. [Cochran Decl. ¶ 3; Murphy Decl. ¶ 4.] The Court believes Mr. Cochran's rate is reasonable based on his experience and background. However, the Court considers Mr. Murphy's rate too high for the type of review performed in this case and reduces his hourly rate to $450.

In terms of how many hours should be awarded to Plaintiff, the Court considers the following. As stated before, Plaintiff should bear some of the blame for the failure to resolve the 18 ROGs and RFPs that the Court believed should be subject to a further meet and confer requirement. The Court will

reduce Plaintiff's fee award based on this consideration.

Defendants argue that "an award totaling nearly $16,000" is "an enormous fee request for prosecuting a very simple motion to compel." (Opp. at 2.) The legal issues in the motion to compel may have been relatively straightforward but the preparation of the motion was time-consuming and labor intensive. The disputes covered 73 ROGs and RFPs and the prepared papers were numerous (a total of 388 pages for the entire motion to compel; and a total of 269 pages for Defendants' Opposition and Cross Motion for a Protective Order). [*See* Doc. Nos. 95 & 97.] Defendants filed two Objection briefs totaling 79 pages. [Doc. Nos. 107 & 108.]

For the foregoing reasons, and pursuant to Rule 37(a)(5), the Court, in its discretion, finds it appropriate to award Tourgeman $13,278.00 of all the attorney's fees requeste.[1] This amount includes a downward rate adjustment to $450 per hour for Mr. Murphy's fees and a reduction pursuant to Plaintiff's responsibility in failing to resolve 18 of the disputed items. The amount also represents 48.7 hours of work by Keith Cochran (41.2 hours) and Daniel Murphy (7.5 hours) on the Motion to Compel, and 6.8 hours of work by Brett Weaver (1.3 hours) and Keith Cochran (5.5 hours) on the response to Defendants' Objections. Accordingly, *no later than September 10, 2010*, Defendants shall tender full payment of a *total of $13,278.00* to Plaintiff's counsel in attorney's fees associated with the Motion to Compel and the filing of Objections. *Failure to comply with this order will result in the imposition of additional sanctions*.

**IT IS SO ORDERED**.

DATED: August 26, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

---

[1] Approximately three-quarters of the total requested.