# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>                Plaintiff,<br>vs.<br><br>COLLINS FINANCIAL SERVICES, INC.; NELSON & KENNARD; DELL FINANCIAL SERVICES, L.P.; CIT FINANCIAL USA, INC.; et al.,<br><br>                Defendant. | CASE NO. 08-CV-1392 JLS (NLS)<br><br>**ORDER: OVERRULING OBJECTION**<br><br>(Doc. No. 121) |

      Presently before the Court is Defendants Collins Financial Services, Inc. and Nelson & Kennard's objection to Magistrate Judge Stormes's Order regarding attorney fees. (Doc. No. 121 (Objection).) Also before the Court is Plaintiff's response to this objection. (Doc. No. 122 (Response).) For the reasons stated below, Defendants' objections are **OVERRULED**.

      Because it is a discretionary decision regarding a non-dispositive pretrial matter, this Court reviews Magistrate Judge Stormes's order pursuant to 28 U.S.C. § 636(b)(1)(A) using a "clearly erroneous or contrary to law" standard. *See also Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Fidelity*, 196 F.R.D. at 378. "Clearly erroneous" review

is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). On the other hand, "contrary to law" review "permits independent review of purely legal determinations by the magistrate judge." *Fidelity*, 196 F.R.D. at 378 (citing, *inter alia*, *Computer Econs., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)).

  Having reviewed Defendants' objection and Judge Stormes's Order, the Court must **OVERRULE** Defendants' objection. Relying on *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008), Defendants contend that Judge Stormes's ruling was clearly erroneous because Plaintiff submitted insufficient evidence in support of his request for attorneys' fees. (*See* Objection 1–8.) Plaintiff contends that *Camacho* is inapposite. (Response 3.)

  Plaintiff is correct. The *Camacho* court reviewed an attorney's fees award under 15 U.S.C. § 1692k(a)(3), the Fair Debt Collection Practices Act's fee-shifting provision. 523 F.3d at 978. Contrary to Defendants' assertion, *Camacho* does not stand for the proposition that a party requesting sanctions under Federal Rule of Civil Procedure 37(a)(5) must establish the reasonableness of attorney's fees with evidence in addition to the requesting party's counsel's declaration. (*See* Objection 2 ("Tourgeman . . . submitted no evidence, beyond his own attorneys' declarations, about the reasonable rate charged in this district for FDCPA actions . . . .").) In fact, persuasive case law suggests that the requesting party's counsel's declaration suffices to establish the reasonableness of an attorney's fees request under Federal Rule of Civil Procedure 37(a)(5). *See, e.g.*, *Malone v. Nuber*, 2010 WL 503089, at *3 (W.D. Wash. Feb. 8, 2010) ("Within twenty days of the date of this order [awarding reasonable attorney's fees under Federal Rule of Civil Procedure 37(a)(5)], . . . counsel should file a declaration setting forth those fees with supporting billing records."); *Callan v. Christian Audigier, Inc.*, 263 F.R.D. 564, 566 (C.D. Cal. 2009) ("The plaintiff's request [for reasonable attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(B)] is supported by the declaration of his attorney . . . , who sets forth both a reasonable number of hours spent responding to defendants' motion, 4.3 hours, as well as the reasonable hourly rate of $295.00 per hour.").

  Based on declarations submitted by counsel, Judge Stormes analyzed "whether the rates and hours cited by Plaintiff's counsel [in support of his motion for attorney's fees] [were] reasonable."

1  (Doc. No. 120 at 3.) Judge Stormes concluded that two of Plaintiff's attorneys' hourly billing rates
2  were reasonable, and she reduced the hourly rate of a third attorney.

3        The Magistrate Judge's ruling was not clearly erroneous or contrary to law. Judge Stormes
4  supported her reasoning, and the Court agrees that Plaintiff's attorneys' hourly rates are reasonable
5  based on their experience levels and backgrounds. Given that Defendants' objection is without merit,
6  it is **OVERRULED**.

7        Plaintiff also requests that the Court refer this matter back to Judge Stormes so that she can
8  award attorneys' fees incurred in responding to Plaintiff's objection. In light of the fact that
9  Defendants relied entirely on factually inapposite case law in support of their objection, the Court
10 finds plausible Plaintiff's contention that Defendants' "frivolous objections are merely another attempt
11 to delay discovery . . . ." (Response 4.) Accordingly, the Court **REFERS** this matter to Judge
12 Stormes so that she can award attorneys' fees incurred in connection with Plaintiff's response.

13       IT IS SO ORDERED.

15 DATED: October 18, 2010

16                                     Honorable Janis L. Sammartino
17                                     United States District Judge