JOHNSON BOTTINI, LLP
Francis A. Bottini, Jr. (CA 175783)
frankb@johnsonbottini.com
Brett M. Weaver (CA 204715)
brett@johnsonbottini.com
Keith M. Cochran (CA 254346)
keithc@johnsonbottini.com
501 West Broadway, Suite 1720
San Diego, California  92101
Telephone:  (619) 230-0063
Facsimile:  (619) 238-0622

DANIEL P. MURPHY (CA 153011)
dmurphy245@yahoo.com
4691 Torrey Circle, A306
San Diego, California  92130
Telephone:  (619) 379-2460

*Attorneys for Plaintiff* DAVID TOURGEMAN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> COLLINS FINANCIAL SERVICES, INC., (d/b/a Precision Recovery Analytics, Inc.) a Texas corporation; COLLINS FINANCIAL SERVICES USA, INC. (d/b/a Precision Recovery Analytics International, Inc.); PARAGON WAY, INC., a Texas corporation; NELSON & KENNARD, a California partnership; DELL FINANCIAL SERVICES, L.P., a Delaware limited partnership, <br><br> Defendants. | CIVIL CASE NO.: 08-CV-01392-JLS-NLS <br><br> CLASS ACTION <br><br> **THIRD AMENDED COMPLAINT FOR:** <br><br> **(1) VIOLATION OF THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACTS;** <br> **(2) VIOLATION OF THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT;** <br> **(3) NEGLIGENCE; AND** <br> **(4) INVASION OF PRIVACY** <br><br> **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.      Plaintiff David Tourgeman ("Plaintiff"), an individual consumer, on behalf of himself and all other similarly-situated persons, brings this action seeking redress against Defendant Collins Financial Services, Inc. ("Collins") and Defendant Nelson & Kennard for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and California Rosenthal Act, Civil Code § 1788, *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.  Plaintiff also asserts claims against all Defendants for violations of the California Unfair Business Practices Act, Business and Professions Code §§ 17200, *et seq.* ("UCL"), negligence and invasion of privacy. Plaintiff and the Class seek statutory damages, attorneys' fees, costs, equitable relief pursuant to the FDCPA and the Rosenthal Act, monetary damages for the harm caused by Defendants' negligence and invasion of privacy, as well as declaratory relief and a preliminary and permanent injunction prohibiting Defendants from continuing their unfair and unlawful business practices.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      This Court has specific jurisdiction over each named Defendant because these Defendants maintain sufficient minimum contacts with California to render jurisdiction by this Court permissible under the traditional notions of fair play and substantial justice.  Moreover, Defendants' conduct was purposefully directed at persons in California.

4.      Venue in this District is proper because Defendants transact business here and the conduct giving rise to this claim arose in part in this district and Defendants have received substantial compensation in this district by doing business here and engaging in numerous activities that had an effect in this district.

Third Amended Class Action Complaint (Unlawful Debt Collection Practices)

**PARTIES**

5.     Plaintiff David Tourgeman was at all times mentioned herein and is now a citizen of, and a natural person residing in, Mexico.  Plaintiff is also a citizen of the United States and was a citizen of the United States at all times relevant hereto.  Plaintiff is, and was at all times relevant, a "consumer" and "debtor" within the meaning of 15 U.S.C. § 1692a(3) and Cal. Civil Code § 1788.2.  Defendants Collins Financial Service Inc. and Nelson & Kennard sought to collect from Plaintiff an alleged debt incurred for non-business purposes.  The purported debt that Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5) and Cal. Civil Code §1788.2(f).

6.     Defendant Collins Financial Services, Inc. ("Collins") was at all times mentioned herein and is now a Texas corporation located at 2101 W Ben White Boulevard, Suite 103, Austin, Texas 78704-7517.  The principal business of Collins is the collection of debts.  Collins is and was at all times relevant a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

7.     Defendant Paragon Way, Inc. ("Paragon Way") was at all times mentioned herein and is now a Texas corporation located at 2101 W Ben White Boulevard, Suite 103, Austin, Texas 78704-7517.  Paragon Way is qualified to do business in California, and its registered agent in this State is the Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.  The principal business of Paragon Way is the collection of debts.  Paragon Way is and was at all times relevant a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

8.     Defendant Collins Financial Services USA, Inc. ("Collins USA") was at all times mentioned herein and is now a Texas corporation located at 2101 W Ben White Boulevard, Suite 103, Austin, Texas 78704-7517.  Collins USA is qualified to do business in California, and its registered agent in this State is the Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

9.     Collins and Paragon Way are both 100% wholly-owned subsidiaries of Collins USA.  There exists, and at all times herein mentioned there existed, a unity of interest and

-2-

ownership between Collins, Collins USA and Paragon Way, such that any individuality and separateness between these entities have ceased, and each corporation is the alter ego of the other in that they, among other things, share the same office space, use the same computer system and telephones, have the same officers and directors and Collins USA employs all of the companies' employees.  Adherence to the fiction of the separate existence of these entities would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

10.     Defendant Nelson & Kennard is a California law partnership in the business of collecting debts in this State, operating from an address at 2180 Harvard Street, Suite 160, Sacramento, California 95853.  Defendant Nelson & Kennard regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.   Nelson & Kennard advertises itself as "one of the largest collection law firms in California!!"

11.     Defendants Collins, Collins USA, Paragon, and Nelson & Kennard are sometimes collectively referred to as the "Debt Collector Defendants" in this complaint.  The Debt Collector Defendants are engaged in the collection of debts from consumers using the mail, telephone, and judicial court system.  The Debt Collector Defendants regularly attempt to collect consumer debts alleged to be due to another.

12.     Defendant Dell Financial Services, L.P. ("DFS") was at all times mentioned herein a Delaware limited partnership qualified to do business in California.

13.     At all times mentioned herein, all of the Defendants, and each of them, were the agents, affiliates, employees, partners, creditors, debtors, fiduciaries, alter egos, or other representatives of the other Defendants.

14.     The acts charged in this Complaint have been done by Defendants or were ordered or done by Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' affairs.

15.     Defendants are all entities or individuals who contributed or participated in, or authorized the acts or conspired with each other to commit the acts and do the things complained of, which caused the injuries and damages to Plaintiff and the Class as set forth below.  Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined

-3-

and concurred each with the other in committing the acts that injured Plaintiff and the Class.

## FACTUAL ALLEGATIONS AGAINST ALL DEFENDANTS WITH RESPECT TO PLAINTIFF

### Plaintiff purchases a computer

16.     On or about November 19, 2001, Plaintiff purchased from Dell a computer while he was in Mexico, where he was a resident, for shipment to the residence of his parents at 1872 Port Renwick, Chula Vista, California (the "Port Renwick address").

17.     Plaintiff financed his purchase of the computer through DFS who arranged for Plaintiff to enter into an oral financing agreement with CIT Online Bank ("CIT"). After purchasing the computer, Plaintiff made payments to DFS as required pursuant to the agreement, using cash payments sent by phone, wire, postal money orders, bank transfer, and/or Western Union or similar international electronic payment service.

18.     Plaintiff pre-paid the obligation in full prior to maturity of the obligations under the agreement and prior to August 2, 2003.  However, DFS failed to implement a system for receipt of payments, failed to process payments properly and accurately, and failed to properly indicate when an obligation had been paid in full.  As a result of its failure to process payments properly, DFS falsely indicated that Plaintiff owed approximately $1,145.

19.     DFS erroneously reported to at least one credit rating bureau that Plaintiff had a delinquent account with "DFS/CIT."

### DFS sells Plaintiff's "debt" and 85,000 others to Collins

20.     In approximately July 2006, DFS offered for sale a Portfolio of 85,292 charged-off debts (the "Portfolio").  Plaintiff's alleged debt was included in the Portfolio.

21.     As part of the sales process, DFS provided potential buyers with limited due diligence materials.   The materials included a CD-Rom containing electronic account information for each of the alleged debts included in the Portfolio.  The account information included, among other things, the names of the alleged debtor, the alleged debtor's last known address, the dates of the supposed last payments and the amount supposedly owed.  Notably missing, however, was the name of the original creditor.  Instead, DFS provided Collins with an

-4-

1    exemplar of the loan agreement that supposedly covered all of the alleged debts in the Portfolio.

2    The original creditor identified on this exemplar was American Investment Bank, N.A.  Based on

3    this exemplar, Collins assumed that American Investment Bank was the original creditor for

4    every account in the Portfolio.  Plaintiff is informed and believes, however, that CIT was the

5    original creditor for all of the loans in the Portfolio.

6         22.     On or about July 11, 2006, Collins purchased the entire Portfolio.  Following the

7    purchase, DFS again provided Collins with a CD-Rom containing the same categories of

8    electronic information that was on the first CD-Rom.  Notably, Collins did nothing to verify that

9    the electronic information was correct such as requesting media that shows account information

10   for each debtor.  Had Collins requested media such as copies of the actual loan agreements, it

11   would have realized that the original creditor for all the accounts in the Portfolio was CIT and

12   not American Investment Bank.

13   **Collins places the debts with Paragon Way**

14        23.     Even before its deal with DFS closed, Collins placed all of the alleged debts in the

15   Portfolio with its sister company and alter-ego, Paragon Way.  Paragon Way transferred all of

16   the electronic account information that Collins received from DFS into its own computer

17   database.  Like Collins, Paragon Way did not request media or actual loan agreements to verify

18   that the electronic account information was correct.  Thus, Paragon Way erroneously believed

19   that American Investment Bank was the original creditor for all of the accounts in the Portfolio.

20        24.     On or about July 17, 2006, Paragon Way unsuccessfully attempted to contact

21   Plaintiff at the telephone number provided by DFS.  Two days later, Paragon Way supposedly

22   sent a "validation" letter to Tourgeman stating that he owed Collins $1,619.52.  Notably, the

23   letter identified American Investment Bank as the original creditor.  In addition, when DFS sold

24   Plaintiff's account to Collins, it identified his last known address as 1978 Parker Mountain

25   [Road], Chula Vista, California (the "Parker Mountain address").  Nonetheless, Paragon Way

26   supposedly sent this initial letter to the Port Renwick address where the computer had been

27   shipped five years earlier.

28   ///

Third Amended Class Action Complaint (Unlawful Debt Collection Practices)

**Paragon Way retains Nelson & Kennard to sue Plaintiff and thousands of others**

25.     On or about December 18, 2006, Paragon Way referred Plaintiff's account to Nelson & Kennard.  Plaintiff is informed and believes that Paragon Way referred at least 1,000 other accounts from the Portfolio to Nelson & Kennard.

26.     On or about December 18, 2006, Paragon Way transferred all of Plaintiff's electronic information to Nelson & Kennard's electronic database.  Paragon Way identified American Investment Bank as the original creditor.  Like Paragon Way, Nelson & Kennard did nothing to verify that the information it received from Paragon Way was actually correct.

27.     On or about January 17, 2007, Nelson & Kennard supposedly sent an initial "validation" letter to Plaintiff.  Like the validation letter sent by Paragon Way, Nelson & Kennard's validation letter identified American Investment Bank as the original creditor.  Notably, Nelson & Kennard claims to have sent the letter to 330 J [sic] Unit 304, San Diego, California (the "J address").

28.     On or about February 21, 2007, Nelson & Kennard ran a credit bureau inquiry regarding Plaintiff.  The inquiry reported that Plaintiff's current address was the Parker Mountain address.  The inquiry also identified an alleged debt involving "DFS/CIT" in the exact same amount that was charged off by DFS.  The inquiry did not show any debts identifying American Investment Bank as the original creditor.  The non-lawyer account representative handling Plaintiff's account for the collection law firm reviewed this credit bureau report on or about March 7, 2007.

29.     On or about August 2, 2007, Nelson & Kennard filed a lawsuit in the San Diego Superior Court on behalf of Collins against Tourgeman.  The form complaint erroneously alleges that "on or about 11/19/01 a written agreement was made between Plaintiff's assignor, AMERICAN INVESTMENT BANK, N.A. and Defendant(s) DAVID TOURGEMAN."  The complaint further alleged "A copy of the agreement is attached as Exhibit 1."  The agreement attached as Exhibit 1, however, was a copy of the blank American Investment exemplar that DFS provided to Collins a year earlier.

///

Third Amended Class Action Complaint (Unlawful Debt Collection Practices)

30.   Notably, Paragon Way has the ability to enter and change the data in Nelson & Kennard's electronic database.  Nelson & Kennard receives a daily maintenance report each day showing the information that is added or changed by Paragon Way.  On or about August 6, 2007, Paragon Way identified CIT as the correct original creditor in Nelson & Kennard's database.  Because Nelson & Kennard does not actually review the daily maintenance report, it did not notice this important change.  Accordingly, Nelson & Kennard made no attempt to amend the complaint to name the correct original creditor.   In fact, Nelson & Kennard ignored the information in its own systems and knowingly served the incorrect complaint.

**Nelson & Kennard fails to properly serve Plaintiff and then amends the proof of service to try to cover up this fact**

31.   On or about October 21, 2007, Nelson & Kennard's third-party process server, Time Machine Network ("Time Machine"), served Plaintiff's father, Cesar, with a copy of the summons and complaint at his residence at 475 Lawn View Dr., Chula Vista, CA 91910 (the "Lawn View" address).  Notably, Plaintiff never lived at that address.  Plaintiff's father was surprised and concerned that his son was in trouble.  On or about October 23, 2007, Time Machine filed a certificate of service stating, under penalty of perjury, that all defendants in the action had been served with a copy of the summons and complaint.  The accompanying proof of service declared, again under penalty of perjury, that Time Machine personally served Defendant David Tourgeman a "White Male, 63 years old . . ."  The proof of service was obviously wrong because, as indicated on the credit bureau report run by Nelson & Kennard months earlier, Plaintiff was born in 1966.  Nelson & Kennard did not review the certificate of service or the proof of service before Time Machine filed it.

32.   After several worried days, Plaintiff's father was eventually able to locate his son in Mexico and provide him with the summons and complaint.  Plaintiff had no idea what the lawsuit was about because it did not mention Dell, DFS or CIT and Plaintiff had never heard of Collins or American Investment Bank.  After receiving a copy of the summons and complaint, Plaintiff retained a lawyer to find out what the lawsuit was about.  Plaintiff's lawyer quickly contacted Nelson & Kennard and informed them of the defective service and other defects with

Third Amended Class Action Complaint (Unlawful Debt Collection Practices)

the complaint, including that Plaintiff had paid his debt in full and that venue in San Diego Superior Court was improper because Plaintiff resided in Mexico.

33.    After receiving the call from Plaintiff's lawyer, Nelson & Kennard tried to get back the original proof of service that Time Machine filed, but it was "too late to pull."  So Nelson & Kennard had Time Machine prepare an amended proof of service declaring, under penalty of perjury, that Plaintiff had been sub-served. Notably, Tourgeman had never lived at the Lawn View address and did not have the computer delivered there years earlier.  Thus, there was no basis for Nelson & Kennard or its process server to believe sub-service at that address was proper.

34.    For the next several months, Plaintiff's lawyer attempted to get Nelson & Kennard to dismiss the lawsuit or provide media showing that Plaintiff did in fact owe the debt. Nelson & Kennard repeatedly refused and instead threatened to obtain a default.  After incurring a least $20,000 in legal fees, Plaintiff's lawyer threatened to file a complaint against Nelson & Kennard for violation of the FDCPA.   As Plaintiff's lawyer literally was driving to the courthouse to file the complaint, Nelson & Kennard dismissed its lawsuit against Plaintiff.

## FACTUAL ALLEGATIONS AGAINST EACH DEFENDANT WITH RESPECT TO THE SUBCLASSES

### DFS

35.    As alleged above, Plaintiff paid off his debt in full.  Because DFS failed to implement and maintain an adequate system for receipt of payments, failed to process payments properly and accurately, and failed to properly indicate when an obligation had been paid in full, it falsely indicated that Plaintiff owed approximately $1,145.  Thus, it negligently included Plaintiff's non-existent debt in the Portfolio.  DFS was negligent in including other non-existent debts in the Portfolio as well.

36.    DFS was further negligent in providing Collins with the American Investment Bank exemplar.  Collins therefore erroneously believed that American Investment Bank was the original creditor for every account in that Portfolio.  In truth, CIT was the original creditor for every account. As a result, Collins (through Paragon Way and Nelson & Kennard) attempted to

-8-

1  collect thousands of debts, including Plaintiff's, that did not actually exist.  Further, DFS

2  compounded its error by creating at least 10,000 loan agreements that did not exist.  Specifically,

3  sometime (probably) in early 2007, DFS provided Collins with approximately 10,000 loan

4  agreements for it to use in collecting the alleged debts.  Because DFS did not keep the actual

5  original loan agreements it had to generate recreations using a computer merge function.  In

6  generating these recreations, DFS negligently merged the name of the alleged debtors onto the

7  blank American Investment Bank template.  In other words, not only did DFS erroneously tell

8  Collins that American Investment Bank was the original creditor for all 85,292 accounts in the

9  Portfolio, it negligently created 10,000 fake loan agreements for Collins to use in support of its

10  collection efforts.

11      37.      Collins negligently assumed that American Investment Bank was the original

12  creditor for all of the accounts in the Portfolio.  Collins's assumption was unreasonably based on

13  the fact that DFS provided them with a single American Investment Bank exemplar during the

14  due diligence process. Had Collins requested to see any actual loan agreements it would have

15  realized that CIT was the true original creditor.

16      38.      In addition to the name of the correct original creditor, Collins failed to verify any

17  of the other electronic information provided by DFS.  Had Collins done any investigation, let

18  alone a reasonable one, it would have realized that much of the electronic information provided

19  by DFS was inaccurate and untrustworthy.  Instead, Collins simply accepted DFS's

20  representation that the information was accurate and placed all of the accounts with Paragon

21  Way for collection.  Collins therefore failed to be "meaningfully engaged" in the collection of

22  the alleged debts because they did nothing to verify the existence, amount, or characterization of

23  the alleged debts. Collins could have obtained the media for the accounts in the Portfolio.

24  Collins, however, chose not to because it was too expensive.  Specifically, the asset purchase

25  agreement between DFS and Collins provided that for the first 180 days following the closing

26  Collins could obtain media for 15% of the accounts in the Portfolio free of charge; but if Collins

27  wanted additional media, it would have to pay between $10 and $50 per account depending on

28  how many accounts it requested. The agreement further provided that Collins could obtain media

-9-

after the first 180 days at a price of $50 per account.  Not surprisingly, Collins has requested very little media above and beyond what it got for free.

**Paragon Way**

39.　　Like Collins, Paragon Way incorrectly assumed that American Investment Bank was the original creditor for all of the accounts in the Portfolio.  Like Collins, Paragon Way did absolutely nothing to verify whether this was in fact the case.  Again, had Paragon requested to see any of the actual loan agreements it would have realized that it had the wrong original creditor. Plaintiff is informed and believes that Paragon Way sent at least one collection letter to most, if not all, account holders in the Portfolio incorrectly stating that they owed a debt originated by American Investment Bank.

40.　　Paragon Way did not do anything to verify that any of the electronic information it received from Collins was true.  Instead, Paragon Way simply and unreasonably assumed that the information provided to it by Collins was true.

**Nelson & Kennard**

41.　　Nelson & Kennard advertises itself as "one of the largest collection law firms in California!!"  Nelson & Kennard earns its fees by dealing in numbers.  It files thousands of lawsuits every year in the State of California against consumers but fails to take the time and effort to verify the alleged debts or ensure that the lawsuits it files are legitimate and accurate.  In almost every case, Nelson & Kennard files lawsuits without having copies of original loan agreements to prove the existence, terms, and amount of the debt.

42.　　Nelson & Kennard's attorneys are not meaningfully involved in the collection process.  Indeed, Nelson & Kennard prepares lawsuits and collection letters "en masse."  The attorneys sign the lawsuits and collections letters without doing anything to verify that the information contained therein is true and correct.

43.　　Further, as it did with respect to Plaintiff, Nelson & Kennard attempts to quickly obtain default judgments against consumers.  In fact, Nelson & Kennard obtains default judgments on the majority of lawsuits it files.  To obtain these default judgments, Nelson & Kennard has its process severs file certificates of service stating that the defendant was properly

-10-

1    served with process.  Nelson & Kennard does absolutely nothing to verify that the certificates of

2    service are accurate before they are filed.  Instead, it waits for the defendant to fail to answer and

3    then moves for a default, even when it and its client have never made contact with a defendant

4    either by phone or letter.  Once a default judgment is entered against a consumer, it is time-

5    consuming and expensive for the consumer to have the judgment set aside, thus further

6    damaging consumers and impairing their credit reports and credit history resulting in additional

7    damages because consumers are then subject to wage and asset garnishment and increased costs

8    of borrowing in the future.

9                                    **CLASS ACTION ALLEGATIONS**

10          44.     Pursuant to F.R.C.P. 23, Plaintiff brings this action both on behalf of himself and

11   as a class action on behalf of the following classes:

> **The Negligence/Invasion of Privacy Class (Against All Defendants)**
>
> All consumers residing in the United States and abroad who financed a Dell computer through DFS where CIT Online Bank provided the funds and, during the period of two years of the date of the filing of this lawsuit, paid money or incurred expenses in response to a collection letter or lawsuit stating that American Investment Bank was the original creditor for the loan.
>
> **The UCL Class (Against All Defendants)**
>
> All consumers residing in the United States and abroad who financed a Dell computer through DFS where CIT Online Bank provided the funds and, during the period of four years of the date of the filing of this lawsuit, paid money or incurred expenses in response to a collection letter or lawsuit stating that American Investment Bank was the original creditor for the loan.
>
> **The FDCPA/Rosenthal Act I Class (Against Collins and Paragon Way)**
>
> All consumers residing in the United States and abroad who financed a Dell computer through DFS where CIT Online Bank provided the funds and, during the period of one year of the date of the filing of this lawsuit, received a collection letter or were named in a lawsuit stating that American Investment Bank was the original creditor for the loan.

-11-

**The FDCPA/Rosenthal Act II Class (Against Collins and Paragon Way)**

All consumers residing in the United States and abroad who, during the period within one year of the date of the filing of the complaint, were contacted or sued in the United States by either Collins or Paragon Way in an effort to collect any alleged debt.

**The FDCPA III Class (Against Nelson & Kennard)**

All consumers residing in California, Washington or Oregon who financed a Dell computer through DFS where CIT Online Bank provided the funds and, during the period of one year of the date of the filing of this lawsuit, received a collection letter from Nelson & Kennard or were named in a lawsuit filed by Nelson & Kennard stating that American Investment Bank was the original creditor for the loan.

**The FDCPA IV Class (Against Nelson & Kennard)**

All consumers who, during the period within one year of the date of the filing of the complaint, received a collection letter from Nelson & Kennard or were sued in California, Oregon or Washington by Nelson & Kennard in an effort to collect any alleged debt.

45.     Plaintiff is unaware of the exact number of class members because such information is in the exclusive control of Defendants.  Upon information and belief, Plaintiff believes that there are tens of thousands of class members, geographically dispersed throughout the United States and abroad, such that joinder of all class members is impracticable.

46.     Plaintiff's claims are typical of the claims of the classes, in that:  Plaintiff incurred expenses defending a lawsuit that contained numerous defects, including falsely indicating that American Investment Bank was the original creditor; and the relief sought is common to the Class.

47.     Numerous questions of law or fact arise from Defendants' unfair and illegal conduct that is common to the Class.  Among the questions of law or fact common to the Class are:

a.     whether American Investment was the original creditor on any of the accounts included in the Portfolio;

-12-

b.   whether DFS negligently informed Collins that American Investment Bank was the original creditor for all, or some of the accounts, in the Portfolio;

c.   whether Defendants use unfair or unconscionable means to attempt to collect a debt;

d.   whether Defendants engaged in unfair and/or unlawful business practices during the Class Period;

e.   whether Defendants regularly attempt to collect an amount not permitted by law;

f.   whether Defendants failed to be "meaningfully involved" in the collection of debts from Plaintiff and the Class;

g.   whether Defendants misstate the status of debts;

h.   whether Defendants failed to comply with the FDCPA and Rosenthal Act; and

i.   whether class-wide declaratory and/or injunctive relief is appropriate and, if so, the proper measure of the declaratory and/or injunctive relief.

48.   These questions of law or fact are common to the Class and predominate over any other questions affecting only individual Class members.

49.   Plaintiff will fairly and adequately represent the interests of the Class, in that: Plaintiff is a typical debtor that the Defendants pursue; Plaintiff has been subjected to unfair and illegal means of debt collection; and Plaintiff has no conflicts with any other member of the Class.   Furthermore, Plaintiff has retained competent counsel experienced in class action litigation.

50.   A class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

-13-

51.   Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants.

52.   Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

53.   Plaintiff reserves the right to expand, modify, or alter the class definition in response to information learned during discovery.

## FIRST CAUSE OF ACTION

### (Against The Debt Collector Defendants for Violations of the FDCPA)

54.   Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

55.   The FDCPA requires that debt collectors follow a set of guidelines in seeking out debtors to satisfy their obligations to creditors.   The FDCPA was enacted to protect alleged debtors from deceptive and improper collection methods.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions:

a.   15 U.S.C. § 1692b and § 1692c, as a result of communications with members of the Class, the Class members' families, and third parties;

b.   15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff and the Class;

c.   15 U.S.C. § 1692e, by using a false, deceptive, and misleading means in connection with the collection of debts;

d.   15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect debts;

e.   15 U.S.C. § 1692f(1), by attempting to collect amounts not permitted by law;

-14-

f.   15 U.S.C § 1692g, by sending validation letters to debtors that misstate or mischaracterize the alleged debt, including naming the wrong original creditor;

g.   15 U.S.C. § 1692i, by failing to bring legal action against Plaintiff and the Class in the proper judicial venue;

h.   15 U.S.C. § 1692e(2)(A), by misstating the status of debts;

i.   By failing to be meaningfully engaged in the collection of debts; and

j.   15 U.S.C. § 1692e(10), by various misrepresentations set forth above.

56.   As a result of Defendants' violations of the FDCPA, Plaintiff and the Class have been damaged.

## SECOND CAUSE OF ACTION

### (Against Collins and Paragon Way for Violations of the Rosenthal Act)

57.   Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

58.   As a result of Collins's and Paragon Way's violations of the FDCPA, Collins and Paragon Way also violated the Rosenthal Act.  These violations include, but are not limited to, the following actions:

a.   California Civil Code § 1788.12(b), as a result of communications with members of the Class, the Class members' families, and third parties.

b.   California Civil Code § 1788.15(a), by pursuing legal actions even though service of process had not been legally effected.

c.   California Civil Code § 1788.15(b), by attempting to collect a debt and initiating judicial proceedings outside of the county where the debt was incurred and where Mr. Tourgeman and other members of the Class reside.

Third Amended Class Action Complaint (Unlawful Debt Collection Practices)

d.     California Civil Code § 1788.17, by failing to comply with the FDCPA as noted above.

59.     Collins's and Paragon Way's acts as described above were done intentionally with the purpose of coercing Plaintiff and the Class to pay alleged debts.

60.     As a proximate result of Collins's and Paragon Way's violations enumerated above, Plaintiff and the Class have been damaged.

## THIRD CAUSE OF ACTION

### (Against All Defendants for Violations of California Bus. & Prof. Code § 17200)

61.     Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

62.     The California Unfair Business Practices Act defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200. The Act provides that a Court may order injunctive relief and restitution to affected members of the general public for violations. *Id.* § 17203.

63.     This cause of action is brought on behalf of Plaintiff, members of the Class, and members of the general public pursuant to California Business & Professions Code §§ 17200, *et seq.* Under Business & Professions Code §§ 17200, *et seq.*, Plaintiff is entitled to enjoin Defendants' wrongful practices and to obtain restitution for the monies paid to Defendants by reason of Defendants' unlawful, unfair, and/or deceptive acts and practices.

64.     Collins's and Paragon Way's conduct as alleged in this Complaint violates both the FDCPA and the Rosenthal Act. Similarly, Nelson & Kennard's conduct violates the FDCPA. Specifically, as alleged above, the Debt Collector Defendants employed multiple improper means of debt collection in violation of multiple provisions of the FDCPA and/or California's Rosenthal Act. The Debt Collector Defendants' actions, which constitute the violations, were knowingly committed and performed with such frequency as to constitute a general business practice.

65.     DFS's conduct as alleged in this Complaint violates Plaintiff's and the Class Members' right of privacy found in the United States Constitution, Article I of the California

-16-

1   Constitution and several federal and state statutes, including the Graham-Leach-Bliley Act (15

2   U.S.C. § 6801, *et seq.*) and the California Financial Information Privacy Act (Cal. Fin. C. §

3   4050, *et seq.*).   Specifically, these statutes prevent financial institutions from selling their

4   customer's private financial information to third parties for an improper purpose and without

5   proper disclosure to, and consent from, the customer.   By selling account information about

6   debts that do not actually exist, the Defendants violated the letter and intent of these statutes.

7   The Defendants' actions were knowingly committed and performed with such frequency as to

8   constitute a general business practice.

9          66.     As alleged herein, Defendants' conduct also constitutes negligence as described

10   below.

11         67.     As a direct and proximate result of the acts and practices alleged above, members

12   of the Class and the general public have been wrongfully contacted, pursued, and sued by the

13   Debt Collector Defendants as a result of the Defendants' wrongful business practices and have

14   suffered monetary injuries as a result.   This Court is empowered to, and should, order restitution

15   to all persons from whom Defendants unfairly and/or unlawfully took money.

16         68.     Defendants' unlawful, unfair, and fraudulent business acts and practices, as

17   described above, present a continuing threat to members of the Class and of the general public,

18   in that Defendants are continuing, and will continue, unless enjoined, to commit violations of

19   California Business & Professions Code § 17200.  This Court is empowered to, and should, grant

20   preliminary and permanent injunctive relief against such acts and practices.

21                          **FOURTH CAUSE OF ACTION**

22                    **(Against all Defendants for Negligence)**

23         69.     Plaintiff repeats and realleges the allegations contained above as if fully stated

24   herein.

25         70.     DFS owed a duty of care to Plaintiff and the Class to use reasonable care in

26   processing, recording, and crediting payments received from consumers pursuant to financing

27   arrangements. DFS also owed a duty of care to not provide collection agencies and entities to

28

-17-

1   whom they sold debt accounts with inaccurate and outdated information that they knew would be

2   used by collection agencies to sue the alleged debtors.

3       71.    DFS breached that duty of care in the following respects:

4           a.    DFS did not accurately record and had no system in place to

5               accurately track, record, and credit payments received from

6               consumers, including, but not limited to, international payors.

7           b.    DFS did not record and had no system in place to adequately track,

8               record, and credit payments received by their affiliate entities.

9           c.    DFS negligently performed their obligations under their financing

10              arrangement with Plaintiff and the Class.

11          d.    DFS negligently sold the purported debts of Plaintiff and the Class to

12              Defendant Collins as valid for collection.

13          e.    DFS did not provide correct account information with respect to the

14              debts it sold.

15          f.    DFS negligently sold debts to Collins that did not actually exist.

16      72.    Defendants Collins, Paragon Way and Nelson & Kennard owed a duty of care to

17  Plaintiff and the Class to use reasonable care to ascertain the validity of the purported debt and to

18  ascertain the valid current residence of debtors.

19      73.    Defendants Collins, Paragon Way and Nelson & Kennard breached that duty of

20  care in the following respects:

21          a.    Defendants Collins, Paragon Way and Nelson & Kennard made an

22              inadequate or no attempt to ascertain the legitimacy, amount, or

23              characterization of the purported debt.

24          b.    Defendants Collins, Paragon Way and Nelson & Kennard made an

25              inadequate or no attempt to verify the residence locations of Plaintiff

26              and the Class.

27          c.    Defendants Collins, Paragon Way and Nelson & Kennard

28              disregarded evidence that Plaintiff and the Class resided in locations

-18-

1         other than the locations where Defendants attempted to serve

2         Plaintiff and the Class with service of summonses and complaints.

3         d.    Defendant Nelson & Kennard obtained default judgments where

4         service on the defendant had not been properly effectuated.

5     74.    Defendants' breaches of their duty of care as alleged herein proximately caused

6 the damages suffered by Plaintiff and the Class.

7 **FIFTH CAUSE OF ACTION**

8 **(Against All Defendants for Invasion of Privacy)**

9     75.    Plaintiff repeats and realleges the allegations contained above as if fully stated

10 herein.

11     76.    Under both the California Constitution (Art. I, Section 1) and the common law,

12 Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns

13 and affairs.

14     77.    Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion,

15 and private affairs (including his mind, mental processes, and his private financial data) by

16 repeatedly and unlawfully attempting to collect a debt in violation of the FDCPA and the

17 Rosenthal Act. Defendants also presented Plaintiff in a false light to the public by causing the

18 State Action to be filed in the public courts against Plaintiff, in which Defendants falsely

19 represented that Plaintiff owed a debt and had failed to pay the debt.

20     78.    Defendants also violated Plaintiff's constitutional and common-law right of

21 privacy by publishing private facts about Plaintiff to the public and by placing Plaintiff in a false

22 light to the public. In addition to causing the State Action to be filed against Plaintiff,

23 Defendants caused derogatory comments to be placed in Plaintiff's credit report. There was a

24 complete absence of any legitimate public interest in the private facts that Defendants published

25 about Plaintiff to the public. Moreover, Plaintiff was placed in a false light by the Defendants

26 since the State Action contained false statements and allegations and since the derogatory

27 comments placed by Defendants in Plaintiff's credit report were false and stated that Plaintiff

28

-19-

1  had not paid his debts.  Such conduct impaired Plaintiff's credit history and credit score and

2  placed Plaintiff in a false light to creditors, merchants, and other members of the public.

3       79.      Defendants' intrusions and violations of Plaintiff's privacy rights would be highly

4  offensive to a reasonable person and did in fact offend and cause damages to Plaintiff and

5  members of the Class.

6       80.      Defendants acted with oppression, fraud, and/or malice, and Defendants are

7  therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive

8  damages.

9                                    **PRAYER**

10      WHEREFORE, Plaintiff prays for judgment as follows:

11      A.      A declaration that this action is a proper class action on behalf of the Class as

12  defined herein, and an order directing that reasonable notice of this action be given to each

13  member of the Class;

14      B.      A declaration that the Debt Collector Defendants' conduct described herein

15  violates the FDCPA and the Rosenthal Act;

16      C.      A declaration that Nelson & Kennard's conduct described herein violates the

17  FDCPA;

18      D.      A declaration that Defendants' conduct constitutes a violation of California's

19  Business & Professions Code § 17200;

20      E.      An injunction enjoining, preliminarily and permanently, Defendants from

21  continuing the unlawful conduct alleged herein, including an injunction barring the Debt

22  Collector Defendants' from filing lawsuits against consumers without first complying with the

23  FDCPA and/or the Rosenthal Act;

24      F.      An injunction enjoining, preliminarily and permanently, DFS from continuing the

25  unlawful conduct alleged herein, including an injunction requiring DFS to enact sufficient

26  measures to ensure that it includes only valid debts in the account portfolios it sells to debt

27  collectors;

28      G.      For punitive damages;

Third Amended Class Action Complaint (Unlawful Debt Collection Practices)

1      H.      An award of actual damages for negligence and invasion of privacy;

2      I.      An award for Plaintiff and the Class for the costs of this suit (including expert

3 fees), and reasonable attorneys' fees, as provided by law; and

4      J.      An award for such other and further relief as the nature of this case may require or

5 as this court deems just, equitable, and proper.

6
### JURY DEMAND

7      Plaintiff demands a trial by jury.

8 DATED:  November 29, 2010          JOHNSON BOTTINI, LLP

9

10                          /s/ Brett M. Weaver
                          BRETT M. WEAVER

11

12                          Francis A. Bottini, Jr. (CA 175783)
                          Brett M. Weaver (CA 204715)

13                          501 West Broadway, Suite 1720
                          San Diego, California  92101

14                          Telephone:  (619) 230-0063
                          Facsimile:  (619) 233-0622

15                          DANIEL P. MURPHY
                          dmurphy245@yahoo.com

16                          4691 Torrey Circle, A306
                          San Diego, California  92130

17                          Telephone:  (619) 379-2460

18                          *Attorneys for Plaintiff*
                          *DAVID TOURGEMAN*

19

20

21

22

23

24

25

26

27

28

-21-

Third Amended Class Action Complaint (Unlawful Debt Collection Practices)