JOHNSON BOTTINI, LLP
Frank J. Johnson (CA 174882)
frankj@johnsonbottini.com
Brett M. Weaver (CA 204715)
brett@johnsonbottini.com
Keith M. Cochran (CA 254346)
keithc@johnsonbottini.com
501 West Broadway, Suite 1720
San Diego, CA  92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622

DANIEL P. MURPHY (CA 153011)
dmurphy245@yahoo.com
4691 Torrey Circle, A 306
San Diego, California 92130
Telephone: (619) 379-2460

*Attorneys for Plaintiff DAVID TOURGEMAN*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLLINS FINANCIAL SERVICES, INC., (d/b/a Precision Recovery Analytics, Inc.) a Texas corporation; COLLINS FINANCIAL SERVICES USA, INC. (d/b/a Precision Recovery Analytic International, Inc.); PARAGON WAY, INC., a Texas corporation; NELSON & KENNARD, a California partnership, DELL FINANCIAL SERVICES, L.P., a Delaware limited partnership,<br><br>Defendants. | Case No.:    08-CV-1392 JLS (NLS)<br><br>**DECLARATION OF BRETT M. WEAVER IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:         July 14, 2011<br>Time:         1:30 p.m.<br>Courtroom:   6<br>Judge:        Hon. Janis L. Sammartino<br><br>**Special Briefing Schedule and Page Limit Ordered** |

I, Brett M. Weaver, declare as follows:

1.    I am an attorney licensed to practice before all Courts in the State of California. I am an associate at Johnson Bottini, LLP, counsel for Plaintiff David Tourgeman in this matter.  I make this declaration based on my own personal knowledge and, if called to testify, I could testify to the following:

2.    True and correct copies of the following documents were produced by the parties in this case during discovery.  The authenticity and evidentiary foundation of these documents was established during the various depositions and can be set forth in detail if required:

2.1.    Exhibit 1 – A "re-creation" of lawsuit entitled *Collins Financial Services, Inc. v. Leonna Small* (Kitsap, Wash. Sup. Ct. Case No. 09-2-02148-3);

2.2.    Exhibit 2 - The loan agreement between CIT and Plaintiff;

2.3.    Exhibit 3 – Nelson & Kennard's electronic collection notes regarding Plaintiff's account;

2.4.    Exhibit 4 – Portions of spreadsheet produce by DFS showing response to media request re Plaintiff's account;

2.5.    Exhibit 5 - The pleadings file from lawsuit entitled Collins Financial Services, Inc. v. David Tourgeman (S.D. Sup. Case No. 37-2007-00072265-CL-CL-CTL);

2.6.    Exhibit 6 – Nelson & Kennard's Response To Plaintiff's Special Interrogatories, Set Two;

2.7.    Exhibit 7 – The June 30, 2006 memo entitled "DFS facilitation of certain MPP and CIT DPA accounts;

2.8.    Exhibit 8 – The "Asset Purchase Agreement" between DFS and Collins;

2.9.    Exhibit 9 – The "Ariba Spend Management" web posting re Portfolio sale;

2.10.    Exhibit 10 – Portions of Exhibit F to the Asset Purchase Agreement between DFS and Collins;

2.11.    Exhibit 11 – An email trail between Collins and DFS;

2.12.    Exhibit 14 – Emails between Collins and DFS;

-1-

2.13.   <u>Exhibit 16</u> – The "Dell Issuer Update";

2.14.   <u>Exhibit 17</u> – The "Settlement and Release Agreement" between DFS and Collins;

2.15.   <u>Exhibit 18</u> – A spreadsheet produced by Collins and Paragon Way regarding the various statistics;

2.16.   <u>Exhibit 19</u> – A re-created July 19, 2006 letter from Paragon Way to David Tourgeman;

2.17.   <u>Exhibit 20</u> – A re-created September 6, 2006 letter from Paragon Way to David Tourgeman;

2.18.   <u>Exhibit 21</u> – A re-created November 9, 2006 letter from Paragon Way to David Tourgeman;

2.19.   <u>Exhibit 22</u> – A re-created January 17, 2007 letter from Nelson & Kennard to David Tourgeman;

2.20.   <u>Exhibit 23</u> – A re-created February 18, 2007 letter from Nelson & Kennard to David Tourgeman;

2.21.   <u>Exhibit 24</u> – A re-created February 18, 2007 letter from Nelson & Kennard to David Tourgeman;

2.22.   <u>Exhibit 25</u> – A re-created July 2, 2007 letter from Nelson & Kennard to David Tourgeman;

2.23.   <u>Exhibit 26</u> – The Proof Of Service of Summons on David Tourgeman, filed on November 8, 2007; and

2.24.   <u>Exhibit 27</u> – The amended Proof of Service of Summons on David Tourgeman;

3.      The Debt Collector Defendants first produced Exhibits 12, 13 and 15 on March 10, 2001 – three weeks after the discovery cut-off date – even though they were responsive to document requests that Plaintiff sent out months earlier and go to the heart of Plaintiff's Third Amended Complaint.   As a result, Plaintiff was unable to conduct follow-up discovery or depositions on these emails.   These emails would have been particularly useful during Plaintiff's second trip to Austin, especially to refresh Erin Towns's recollection about the issues discussed in these emails, which she claimed not to remember.

4.      With the exception of one deposition, I have been personally present at every deposition in this case.   True and correct copies of the relevant portions of the following depositions are attached to the NOL:

       4.1.     Exhibit 33 – Deposition of Walter Collins;

       4.2.     Exhibit 34 – Deposition of Robert Kennard;

       4.3.     Exhibit 35 – Deposition of Jonathan Ayers;

       4.4.     Exhibit 36 – Deposition of Cesar Tourgeman;

       4.5.     Exhibit 37 – Deposition of Erin Towns (Vol. I);

       4.6.     Exhibit 38 – Deposition of Erin Towns's (Vol. I Confidential Portion);

       4.7.     Exhibit 39 – Deposition of Erin Towns's (Vol. II);

       4.8.     Exhibit 40 – Deposition of Patricia Baxter;

       4.9.     Exhibit 41 – Deposition of Howard Knauer;

       4.10.    Exhibit 42 – Deposition of Andrew Levy;

       4.11.    Exhibit 43 – Deposition of Gary Langdon; and

       4.12.    Exhibit 44 – Deposition of Endica Bazan.

5.      Attached as Exhibit 46 is a true and correct copy of my firm's resume.   In addition to the representative cases listed in the firm resume, I am the primary attorney in a consumer class action entitled *Kaplan v. Fidelity National Home Warranty Company*, (S.D. Sup. Case No. 37-2007-00087962).   In November 2010, The Hon. Ronald Prager certified that case as a nationwide class action on behalf of approximately 815,000 consumers who made claims under a home-warranty plan they purchased from the defendant. Among other things, the complaint seeks restitution of all policy premiums paid by the class members during the class period.   The amount of restitution the class is entitled to could easily exceed $100 million.

6.      To date, the attorneys and staff at my firm have collectively spent more than 700 hours working on this case.   The tasks we have completed thus far include, among other things, drafting a detailed compliant, conducting extensive discovery and investigation, obtaining over $15,000 in discovery sanctions, reviewing thousands of pages of documents,

1  deposing and interviewing various witnesses, and preparing this class certification motion.

2  My firm is committed to and capable of spending as much time as necessary to prosecute this

3  case through trial.

4       I declare under penalty of perjury under the laws of the United States and the State of

5  California that the foregoing is true and correct.

6       Executed this 18th day of April 2011, in San Diego, California.

7

8           s/ Brett M. Weaver

9           BRETT M. WEAVER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF BRETT M. WEAVER IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION