UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>             Plaintiff,<br>v.<br><br>COLLINS FINANCIAL SERVICES, INC., et al.,<br><br>             Defendants. | Civil No. 08cv1392-JLS(NLS)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[Doc. No. 244.] |

**INTRODUCTION**

Before the Court is Plaintiff's motion for sanctions based on Defendants' failure to produce documents pursuant to court-ordered discovery. Plaintiff claims Defendants' discovery violation caused the denial of Plaintiff's motion for class certification. Plaintiff requests this Court impose a sanction finding numerosity to be an established fact and further impose $18,855 in attorney fees and costs. For the reasons outlined below, the Court **DENIES IN PART AND GRANTS IN PART** Plaintiff's motion for sanctions.

**BACKGROUND**

Plaintiff, David Tourgeman, purchased a computer from Dell pursuant to a financing plan through CIT Online Bank (CIT), arranged by Dell Financial Services, L.P. (DFS). (TAC ¶ 16, 17.) In July 2006, DFS sold a portfolio of debts, including Plaintiff's, to Collins Financial Services, Inc. (Collins). (*Id.* ¶¶ 20-22.) Collins transferred account information to its debt collection arm, Paragon Way, who sent 256,458 letters to 49,939 account holders all identifying the original creditor as American Investment Bank (AIB).

1  (*Id.* ¶¶ 21-24.); [Doc. No. 240 (Order Denying Motion for Class Certification) at 3.]  After almost a year
2  of collection efforts, Paragon Way sent "slightly over" 2000 remaining uncollectible accounts to the law
3  firm of Nelson & Kennard (NK) who pursued the debts, including Plaintiff's.  [Doc. No. 240 at 3.]

4        On July 31, 2008, Plaintiff filed this class action alleging claims for negligence, invasion of privacy,
5  violation of California Business and Professions Code section 17200, violation of California's Rosenthal
6  Act, and violation of the Fair Debt Collection Practices Act against all or some of the Defendants. [Doc. No.
7  1.]  Particular to this motion, Plaintiff alleges collection letters were sent and lawsuits were filed on behalf
8  of Collins that falsely alleged AIB was the original creditor on the accounts when in fact CIT was the
9  original creditor.

10       On May 25, 2010, this Court issued an Order partially granting Plaintiff's motion to compel
11 supplemental discovery responses.  [Doc. No. 104.]  Pursuant to the Order, NK was to produce all
12 complaints filed on behalf of Collins after July 31, 2007.  (Motion for Sanctions (Mot.). at 1.)
13 Subsequently, NK produced 35,496 electronically recreated copies of the complaints based on data retrieved
14 from a tailored electronic query.  Kennard Decl. ¶ 4.

15       On October 21, 2011, the District Court denied Plaintiff's motion for class certification. [Doc. No.
16 240.]  Among other things, the District Court found a lack of numerosity to support a class because
17 "Plaintiff does not identify a single consumer, other than himself, who received [] a collection letter [from
18 Nelson & Kennard stating AIB was the original creditor when CIT was in fact the original creditor]." [*Id.*
19 at 12.] The district court further stated that "Rule 23(a)(1) does not set a high bar, but it requires more than
20 speculation." [*Id.*]

21       Plaintiff subsequently re-reviewed the recreated complaints he received in discovery and through
22 further investigation discovered that Defendants had not produced complaints they should have produced
23 that would have helped establish numerosity.

24       Plaintiff filed this motion for sanctions on November 15, 2011.  [Doc. No. 244.]  On November 30,
25 2011 Defendants filed an Opposition. [Doc. No. 250.] On December 7, 2011 Plaintiff filed a Reply. [Doc.
26 No. 251.]  The matter was taken under submission on December 14, 2011.
27 ///
28 ///

**DISCUSSION**

I.   *The Parties' Arguments*

Plaintiff states NK violated this Court's May 25, 2010 Order (to produce all complaints filed after July 31, 2007) by failing to produce any complaints that specifically misidentified AIB as the original creditor in place of CIT. Plaintiff's own search has uncovered such lawsuits in San Diego and Orange Counties that would have qualified for production but were not provided to Plaintiff by Defendants. Thus, Plaintiff asserts "[r]egardless of whether it was intentional or not, Nelson & Kennard defeated Plaintiff's motion for class certification by withholding documents that were in its possession."

Defendants counter that an unintentional, electronic search error caused them to overlook the documents, that they have since fixed the error and redone the search, that the correct search has revealed only 31 relevant documents at best, that this number is insufficient to support numerosity, and that Plaintiff's evidentiary sanctions request is thus unwarranted. Plaintiffs also state the attorney's fees request is inflated.

II.   *Whether Numerosity Should be Taken as Established*

Plaintiff seeks a sanction order deeming the following fact as established:

> "Plaintiff's FDCPA class against Nelson & Kennard is so numerous that joinder of all members is impracticable."

(Mot. at 1.)

Plaintiff's request is brought pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i). This rule provides that if a party fails to obey an order to provide or permit discovery, the court where the action is pending may "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims. . .."

"'An award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general.'" *United Consumers Club, Inc. v. Prime Time Marketing Management Inc.*, 271 F.R.D. 487, 501 (N.D.Ind., 2010) (quoting *Woods v. Chicago Transit Authority*, 2006 WL 2460618, *2 (N.D.Ill. Aug.18, 2006) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). For determining whether deeming certain facts to be established is an appropriate sanction, courts have applied the following considerations: (1)

culpability (including willfulness and bad faith, and whether client was responsible or solely the attorney); (2) prejudice; and (3) whether lesser sanctions would have been effective." *United Consumers*, 271 F.R.D. at 502 (citing *Chilcutt v. United States*, 4 F.3d 1313, 1320-21 (5th Cir. 1993)); *In re Lands End Leasing, Inc. v. Blue Mack Transport, Inc*., 220 B.R. 226, 231 (Bankr. D.N.J. 1998). "In view of the range of sanctions available, even negligent failure to allow reasonable discovery may be punished." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). Willfulness is not required to impose a Rule 37(b)(2)(A)(i) sanction unless the sanction amounts to dismissal or default judgment. *United Consumers*, 271 F.R.D. at 502. Sanctions under Rule 37(b)(2) must first be "just" and second "related" to the claim at issue in the order to provide discovery. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982).

    (a)    <u>Culpability</u>

The Court has no reason to disbelieve Defendants' assertion that failure to provide the lawsuits in question was a human error. Robert Kennard has filed a declaration explaining that the initial search was done by a prior employee who limited the data query to Collins' accounts "placed" with, instead of all lawsuits "filed" by, NK after July 31, 2007. Kennard Decl. ¶ 8. Moreover, as revealed by a corrected data search, there would have been no foregone conclusion of numerosity in the documents to provide a motive for deliberate withholding of the information. Kennard states the new search uncovered only 31 complaints that misidentified the original creditor as AIB. Kennard Decl. ¶ 11. In Defendants' view 19 of these accounts are ineligible for inclusion in a class either because the debtor filed for bankruptcy or NK obtained judgment against the debtor. *Id.* A sanction imposing an adverse factual finding "rests on the reasonable assumption that the party resisting discovery is doing so because the information sought is unfavorable to its interest." *Gibson v. Chrysler Corp*., 261 F.3d 927, 948 (9th Cir. 2001). Here, the Court cannot reasonably infer that Defendants' lack of discovery production was willful or in bad faith.

Although imposing the sanction requested by Plaintiff does not require willful conduct, the Court must base its decision on whether the sanction requested would be "just." *Insurance Corp. of Ireland, Ltd.,* 456 U.S. at 707. The Court has in the past had cause to admonish Defendants for unacceptable discovery responses and for "delay[ing] essential and appropriate discovery for over a year" but this case is distinguishable from *Insurance Corp*., cited by Plaintiff, because here Defendants have not ignored

"repeated orders" and were not previously warned of a possible sanction. *Id*. at 707-08.

Furthermore, although the documents in Plaintiff's possession prior to the filing of the class certification motion did not reflect any misidentified CIT creditors as AIB, Plaintiff nevertheless asked the district court to infer numerosity without this evidence. [Doc. No. 183-1 at 1.] Plaintiff states he had no reason to believe there had been an "AIB/CIT mixup" until September 9, 2010, when DFS's 30(b)(6) witness was deposed, but that still gave Plaintiff six months to re-review documents received in discovery prior to the filing of his motion for class certification on April 18, 2011. [Doc. No. 183.] Plaintiff did not re-review the documents from Defendants until after his motion for class certification was denied.

Due to Plaintiff's delay in re-reviewing the documents in light of information that there had been an AIB/CIT mix up, Defendants argue Plaintiff's motion for sanctions should be denied because he delayed bringing the motion until after the ruling on class certification, an unreasonable amount of time. Unreasonable delay may render a motion for sanctions untimely. *Long v. Howard Univ.*, 561 F.Supp.2d 85, 91 (D.D.C. 2008); *see also Freeman v. Allstate Life Insurance* Co., 253 F.3d 533 (9th Cir. 2001) (district court did not abuse discretion in denying motion in limine upon basis that the issue contained therein could have been prosecuted earlier during discovery before the magistrate judge.) Timeliness depends on *when the movant learned of the violation*, how long he waited to bring it to the court's attention, and whether discovery has been completed. *Long*, 561 F.Supp.2d at 91 (emphasis added) (because Plaintiff filed motion for sanctions resting on information Plaintiff received two and three years earlier court denied motion as untimely). Plaintiff did not learn of Defendants' discovery violation until after the ruling on the motion for class certification and has brought his motion immediately thereafter. Although discovery is closed, Plaintiff was not aware of the violation until after the discovery deadline. Therefore, the motion is timely.

Nonetheless, Plaintiff could have discovered the violation earlier and should share some of the blame in failing to gather evidence to support his class certification. An evidentiary sanction under these circumstances would not be "just."

  (b) <u>Prejudice</u>

Plaintiff states he has been prejudiced by the Defendants' violation because 31 complaints may be sufficient for numerosity and the 19 that Defendants claim should not be included in that count rest on a "merits issue" that is "inappropriate" to consider on a motion for class certification. (Reply at 6, f 3.); *See*

*Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) ("As a general rule, classes of 20 are too small, classes of 20-40 may or may not be big enough depending on the circumstances of each case, and classes of 40 or more are numerous enough."). Plaintiff has not lost the ability to present this argument to the district court. Plaintiff's motion for class certification was denied without prejudice and the district court has already issued an order stating he may amend and resubmit his motion 30 days following this ruling. [Doc. No. 255.] Plaintiff has now received the discovery he claims was withheld, and he can file a renewed motion for class certification. The Court thus finds no prejudice justifying an evidentiary sanction.

  (c) <u>Lesser sanctions</u>

"In cases where deeming certain facts to be established does not equate to a default judgment, this sanction is one of the 'least harsh [available under Rule 37(b)].'" *United Consumers Club,* 271 F.R.D. at 502 (citing *In re Lands End*, 220 B.R. at 231). Even though Plaintiff seeks a lesser sanction, imposing it would not achieve any of Rule 37's purposes as outlined in *United Consumers*, that is, the disobedient party, Defendants, have not benefitted from non-compliance; Plaintiff has now obtained compliance with the Court's discovery order; and because the Defendants did not act with bad faith or wilfulness, the sanction would not serve as a deterrent and would merely punish. *See United States Equal Employment Opportunity Comm'n v. ABM Indus., Inc.*, 2009 WL 1287757 *3 (E.D. Cal., May 7, 2009) (a sanction merely imposed for punishment would violate due process). Plaintiff's loss is economic based on research he had to undertake to discover Defendants' mistake. Thus, the sanction of attorneys' fees, discussed below, is sufficient to remedy Plaintiff's loss.

Having considered culpability, prejudice and lesser sanctions, the Court concludes it would be unwarranted and unjust to award Plaintiff the evidentiary sanction he requests pursuant to Rule 37(b)(2)(A)(I).

  III. *Award of Attorneys' Fees*

Plaintiff's request for monetary sanctions is brought under Rule 37(b)(2)(c). This rule gives the court authority to "order the disobedient party...to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." "This provision places the burden on the disobedient party to avoid expenses by showing

that his failure is justified or that special circumstances make an award of expenses unjust. Allocating the burden in this way...is particularly appropriate when a court order is disobeyed." Fed.R.Civ.P. 37 Advisory Committee's Note.

To the degree the documents were not produced based on an error, the lack of production was justified. However, had Kennard supervised the collection of documents more carefully Plaintiff would not have been forced to pursue an investigation as to the accuracy of Defendants' production. Although the Court does not find Kennard's lack of supervision as negligent as the defendant's in *Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448 (S.D. Ohio, 1995), as cited by Plaintiff,[1] there ought to have been more than the "spot check" that Kennard undertook to make sure they had complied with the Court's Order. *See* Kennard Decl. ¶ 5. This is particularly true in light of another mistake Mr. Kennard's office had made in producing the documents, whereby data relating to a debtor in Washington State was merged into a California complaint form during the electronic recreation of the complaints. Kennard Decl. ¶ 6. Mr. Kennard states he did not have time to "read each of the 35,496 pages to attempt to confirm the production was complete." *Id*. ¶ 5. However, he only needed to look for a few key documents in those his staff produced to ensure key components of the search had been covered. Notably, Plaintiff Tourgeman's complaint was not among those that were recreated. Kennard Decl. ¶ 9 ("In light of [the data query] error, we. . .inadvertently failed to produce copies of complaints filed against Mr. Tourgeman. . .."). Neither parties' counsel observed this obvious omission which presumably would have been a reliable cross-check for the search as Tourgeman was to represent the entire class.

The Court finds Plaintiff's counsel, Brett Weaver, was justified in reviewing the complaints at the courthouses himself rather than having a non lawyer conduct the review. This was a task that required the eye of a lawyer already familiar with the details of the case. The Court also finds Mr. Weaver's rate of $450

---

[1] In this case Defendant's counsel "abdicated all responsibility" for production of documents to the corporate client's in-house counsel who left the project in the hands of a non lawyer employee. When Defendant failed to produce "many highly relevant documents" the court found it was due to "defendant's lack of diligence in planning and executing an effective search for the relevant documents [which] evidence[d] the absence of good faith." *Bratka,* 164 F.R.D. at 460-61. Defendants were ordered twice to produce the documents and were repeatedly told they were not fully complying with the court's order. *Id.* at 462. Even after Plaintiff filed a motion for sanctions Defendant produced over one thousand pages of irrelevant nonresponsive documents. *Id.* Under these circumstance the court awarded sanctions in the form of a default judgment on the issue of liability, ordered certain facts to be established, and awarded attorneys' fees and expenses. *Id*. at 463-64.

per hour to be a reasonable increase from the $425 rate the Court found to be reasonable in August 2010. Decl. No. 1 (Declaration in Support of Motion for Sanctions, Doc. No. 244-2) ¶ 10.  However, Plaintiff could have pursued and discovered Defendants' mistake prior to filing his motion for class certification. The review of documents Mr. Weaver carried out after class certification was denied is what he should have done in the normal course of preparing for the motion in the first place.  Had Mr. Weaver done the research earlier, there may have been no need for an amended motion for class certification.  Therefore, the only award of attorney fees the Court believes to be reasonable are those incurred by Mr. Weaver in reviewing complaints at the courthouses and in preparing briefs for this motion to compel.  These were undertakings necessitated by Defendants' mistake. Mr. Weaver has filed declarations stating he spent 6.8 hours traveling to and reviewing court files at courthouses (decl. no. 1 ¶ 10) and 7.8 hours preparing the Reply (decl. no. 2 ¶ 6 (Declaration in Support of Reply, Doc. No. 251-1)).  However he must specifically separate the hours he spent preparing for this motion and the motion to continue the class certification deadline.  The Court will allow fees for only the former.

## CONCLUSION

In accordance with the above findings, the Court **HEREBY ORDERS**:

1. Plaintiff's request for facts supporting numerosity to be taken as established is **DENIED**.
2. Plaintiff's request for sanctions in the form of attorney's fees and costs is partially **GRANTED**.
3. Defendants **SHALL PAY** fees to Plaintiff's counsel at the rate of $450 per hour for 6.8 hours of courthouse research, 7.8 hours of preparation for the Reply brief, and the hours spent on preparing the motion for sanctions to be provided by Plaintiff's counsel in a declaration as indicated below.
4. Plaintiff's counsel **SHALL FILE** a declaration with the Court outlining the number of hours he spent preparing the motion for sanctions no later than ***January 20, 2012.***

**IT IS SO ORDERED**.

Date: January 5, 2012

Hon. Nita L. Stormes
U.S. Magistrate Judge

United States District Court