UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>Plaintiff,<br><br>v.<br><br>COLLINS FINANCIAL SERVICES, INC., a corporation; NELSON & KENNARD, a partnership, DELL FINANCIAL SERVICES, L.P., a Delaware limited partnership; CIT FINANCIAL USA, INC. a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil No.   08cv1392-CAB (NLS)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NELSON & KENNARD'S MOTION FOR SUMMARY JUDGMENT; AND DELL FINANCIAL SERVICES, LP'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Doc Nos. 297, 298, 301]** |

Before the Court are three Motions for Summary Judgment: Plaintiff's Motion for Partial Summary Judgment [Doc. No. 297,] Nelson & Kennard's Motion for Summary Judgment [Doc. No. 298,] and Dell Financial Services, LP's Motion for Summary Judgment [Doc. No. 301.] The Court heard oral argument on the motions on August 10, 2012. Upon consideration of the briefing of the parties, and argument of counsel, for the reasons set forth below, the Court **DENIES** Plaintiff's motion, and **GRANTS** Defendants' motions.

**I. BACKGROUND**

In November of 2001, Plaintiff, a Mexican resident, purchased a Dell computer for shipment to his parents' home in Chula Vista, California. Defendant Dell Financial Services ("DFS") arranged for Plaintiff to finance the purchase through CIT online Bank ("CIT"). According to Plaintiff, although he made

payments as required under the financing agreement, and paid the obligation in full before the maturity date, DFS "failed to implement a system for receipt of payments, failed to process payments properly and accurately, and failed to properly indicate when an obligation had been paid in full. As a result of its failure to process payments properly, DFS falsely indicated that Plaintiff owed approximately $1,445." [Doc. No. 157 ( Third Amended Complaint ("TAC")) at ¶¶ 17-18.]

In July 2006, DFS sold a portfolio of 85,292 charged-off debts – including Plaintiff's purported debt, to Defendant Collins Financial Services, Inc. *Id.* at ¶¶ 20-22. During the transaction, DFS provided Collins with a blank exemplar loan agreement that identified American Investment Bank, N.A. ("AIB") as the original creditor for every account in the portfolio. *Id*. at ¶ 21. Plaintiff alleges that Collins did not verify the original creditors for the debts contained in their portfolio. *Id.* at ¶ 22.

Collins then placed the debts with its sister company, Defendant Paragon Way, Inc., which also did not attempt to verify the original creditors for the debts contained in the portfolio. *Id.* at ¶ 23. Paragon Way sent a validation letter to Plaintiff's parents' house in Chula Vista, stating that Plaintiff owed Collins Financial $1,619.52, and identified AIB as the original creditor. *Id.* at ¶ 24.

A few months later, after unsuccessful attempts to contact the Plaintiff via two follow up letters, Paragon Way referred Plaintiff's account to the law firm of Defendant Nelson & Kennard, which likewise, according to Plaintiff, failed to verify the original creditor information in the debt portfolio. *Id.* at ¶ 25-26. Nelson & Kennard also sent Plaintiff several letters that identified AIB as the original creditor, and sent the letter to another Chula Vista address. *Id.* at ¶ 27. Despite an alleged credit bureau inquiry that Nelson & Kennard ran revealing that Plaintiff had a debt to "DFS/CIT" in the amount that DFS charged off, and did not identify any debts to AIB, Nelson & Kennard filed a lawsuit against Plaintiff on behalf of Collins on August 2, 2007. *Id.* at ¶¶ 28-29. The complaint averred that Plaintiff entered into a financing agreement with AIB, and a copy of the blank exemplar AIB loan agreement that Collins Financial received from DFS was attached to the complaint. *Id*. at ¶ 29. Nelson & Kennard's process server served a copy of the summons and complaint on Plaintiff's father at his residence at yet another Chula Vista address, and then filed a proof of service stating that Plaintiff had been personally served. *Id.* at ¶ 31.

Plaintiff's father located his son in Mexico and provided him with the summons and complaint. Plaintiff states that he "had no idea what the lawsuit was about because it did not mention Dell, DFS or CIT,

and Plaintiff had never heard of Collins or American Investment Bank. After receiving a copy of the summons and complaint, Plaintiff retained a lawyer to find out what the lawsuit was about. Plaintiff's lawyer quickly contacted Nelson & Kennard and informed them of the defective service and other defects with the complaint, including that Plaintiff had paid his debt in full and that venue in San Diego Superior court was improper because Plaintiff resided in Mexico." *Id*. at ¶ 32. Shortly thereafter, Nelson & Kennard filed an amended proof of service indicating that Plaintiff had been served via substitute service. *Id*. at ¶ 33.

Plaintiff's counsel spent the next several months attempting to persuade Nelson & Kennard to dismiss the suit or provide media showing that Plaintiff did in fact owe the debt, allegedly incurring over $20,000 in legal fees. According to Plaintiff, only after his counsel threatened to sue Nelson & Kennard for violating the Fair Debt Collection Practices Act ("FDCPA") did Nelson & Kennard dismiss the lawsuit. *Id.* at ¶ 34.

In July of 2011, Judge Janis L. Sammartino granted in part and denied in part defendants' motions to dismiss the Third Amended complaint. [Doc. No. 230.][1] As a result, the following FDCPA claims remain in this action: 1) 15 U.S.C. § 1692c (communications with third parties); 2) 15 U.S.C. § 1692d (engaging in conduct which harassed, oppressed, and abused Plaintiff and the class); 3) 15 U.S.C. § 1692e(2)(A) (misstating status of debts); 4) 15 U.S.C. § 1692e(3) (lack of meaningful involvement of attorney (against Nelson & Kennard only); 5) 15 U.S.C. § 1692e (10) (use of any false representation or deceptive means to collect a debt); 6) 15 U.S.C. § 1692f (collection via unfair/unconscionable means); 7) 15 U.S.C. § 1692f(1) (attempting to collect amounts not permitted by law); 8)15 U.S.C. 1692i (lawsuit filed in improper venue). [TAC at ¶ 55.]

Additionally, with respect to Collins Financial and Paragon Way only, the following California state claims pursuant to the Rosenthal Act remain: 1) Cal. Civ. Code § 1788.12 (b) (communications with members of the class, class members' families, third parties); 2) Cal. Civ. Code § 1788.15(a) (pursuing legal action even though service of process had not been legally effected); 3) Cal. Civ. Code § 1788.15(b) (initiating judicial proceedings outside of the county where the debt was incurred and where plaintiff and

---

[1] While both parties cited this order throughout their briefing, the Court notes that Judge Sammartino's order was on a motion to dismiss, and she was required to take all of Plaintiff's allegations as true in her analysis. This Court is not bound by Judge Sammartino's observations in her motion to dismiss ruling, now that it has the benefit of reviewing the evidence in the case on these motions for summary judgment.

other members of the class reside); and 4) Cal. Civ. Code § 1788.17 (failing to comply with FDCPA). [TAC at ¶ 58.][2] Plaintiff's negligence claims against all Defendants, and his California Unfair Competition Law claims pursuant to Cal. Bus. & Prof. Code § 17200 also survived the Motion to Dismiss.

On April 17, 2012 the Court entered an order granting in part and denying in part Plaintiff's motion for class certification. [Doc. No. 281.]  Class certification was denied as to the California Unfair Competition Law class, on the grounds that the Plaintiff lacked standing to raise this claim. *Id.* at 8-11.[3]  The Court granted class certification as to the Nelson & Kennard FDCPA class and the Collins Entities' FDCPA and Rosenthal act class with respect to alleged violations of 15 U.S.C. §§ 1692e and 1692f and Cal. Civ. Code § 1788.17. *Id.*  Defendant DFS remains in the case as Plaintiff is pursuing his individual negligence claim against DFS.

## II.     STANDARD ON SUMMARY JUDGMENT

Summary judgment is proper only upon the movant's showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Industrial Maintenance Engineering & Contracting Co.*, 200 F.3d 1223, 1229 (9th. Cir. 2000).  For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Id., citing Anderson*, 477 U.S. at 248.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the moving party can demonstrate that its opponent has not made a sufficient showing on an essential element of his case, the burden shifts to the Plaintiff to set forth facts showing that a genuine issue of disputed fact remains. *Id.* at 324. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

---

[2]Defendants Collins Financial and Paragon Way did not bring their own affirmative motions for summary judgment on these claims, and are therefore not addressed here.

[3]In light of the Court's ruling that the Plaintiff lacks standing to raise a California Unfair Competition Law claim, the Plaintiff has indicated he does not plan to pursue this claim at trial against any Defendant. [Doc. No. 312 at 27.]

587 (1986).

### III. FDCPA Claims

#### A. False or Misleading Statements: 15 U.S.C. §§ 1692e(2), (3), (10); § 1692f

The parties have essentially filed cross motions for summary judgment on the FDCPA claims. Plaintiff seeks partial summary judgment in his favor on certain FDCPA claims because it is undisputed that the collection letters he received from Paragon Way and from Nelson & Kennard all identified the incorrect original creditor (AIB as opposed to CIT), and the wrong account number, and the FDCPA is a strict liability statute.[4] Although Collins Financial did not send the letters, Plaintiff claims it is vicariously liable for the actions of its agents, Paragon Way and Nelson & Kennard.

Defendants argue that the letters are not actually misleading because at least two of them state "Dell Computer Corporation" in the description of the account, and that even if it were misleading, they are protected under the "bona fide error" defense. Accordingly Nelson & Kennard, Paragon Way, and Collins Financial move for summary judgment in their favor on the FDCPA claims.[5]

15 U.S.C. § 1692e provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

**(2)** The false representation of– **(A)** the character, amount, or legal status of any debt;

\*\*\*

**(3)** The false representation or implication that any individual is an attorney or that any communication is from an attorney.

\*\*\*

**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

In the Ninth Circuit, a debt collector's liability under § 1692e is an issue of law. *Gonzales v. Arrow*

---

[4]Plaintiff's motion seeks summary judgment in his favor on the § 1692e claims only. His motion does not mention the other claims under the FDCPA he asserts.

[5]While Collins Financial and Paragon Way did not bring their own affirmative summary judgment motion, in opposing Plaintiff's motion for partial summary judgment on the FDCPA claims, they did "incorporate by reference" Nelson & Kennard's affirmative motion for summary judgment. [Doc. No. 309 at 2.] Therefore, for purposes of the FDCPA claims in which Plaintiffs moved for partial summary judgment, the Court will take Collins Financial and Paragon Way's incorporation of Nelson & Kennard's arguments as affirmative summary judgment motions on those claims only.

*Financial Services,* LLC, 660 F.3d 1055, 1061 (9th Cir. 2011). Whether conduct violates § 1692e is an objective inquiry that takes into account whether the "least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). (internal quotation marks omitted). "The objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997), *quoting Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," particularly when those individuals are targeted by debt collectors. *Duffy v. Landberg,* 215 F.3d 871, 874–75 (8th Cir. 2000) (internal quotation marks omitted). The standard also, however, "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation marks omitted). Debt collectors are not subject to FDCP liability for "'bizarre,'" "'idiosyncratic,'" or "'peculiar'" misinterpretations. *Gonzales,* 660 F.3d at 1061-62, *quoting Rosenau*, 539 F.3d at 221*; Strand v. Diversified Collection Serv. Inc.,* 380 F.3d 316, 318 (8th Cir. 2004).

In order for the Court to find that Defendants have violated the FDCPA, it must find that the allegedly false or misleading statements at issue were "material." *Donohue*, 592 F.3d at 1033 (holding that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under § 1692e or 1692f). "In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 1034. In *Donohue*, the plaintiff sued defendants under the FDCPA for mislabeling the amount of interest due on a debt collection complaint by failing to break down the amount of financing charges and interest due. *Id.* at 1033. The Ninth Circuit found that even if the complaint had separated the amount due into interest and finance charges "we can conceive of no action Donohue could have taken that was not already available to her on the basis of the information in the Complaint – nor has Donohue articulated any different actions she might have chosen." *Id.* at 1034. Thus, the appellate court affirmed the granting of summary judgment on the FDCPA claim, finding the representation to be immaterial, and therefore not actionable under the FDCPA. *Id.* at 1034-35.

Here, Plaintiff alleges four grounds for liability under §§ 1692e and 1692f: 1) the letters sent by

Paragon Way were false and misleading in that they misidentified the original creditor and account number; 2) the letters sent by Nelson & Kennard were false and misleading in that they misidentified the original creditor and account number; 3) the letters sent by Nelson & Kennard were sent on law firm letterhead without the meaningful involvement of an attorney; and 4) the complaint filed in state court was false and misleading in that it misidentified the original creditor, and attached a blank AIB contract.

**Letters from Paragon Way** (Weaver Decl. [Doc. No. 297-2], Exhibits 2-4)

Paragon Way sent a total of three collection letters to the Plaintiff between July and November 2006. While all identify AIB as the original creditor, and Collins Financial as the current creditor, the first two letters contain a clear line item entitled "DESCRIPTION" which states "Dell Computer Corporation" at the top of the page. *See id.*, Exs. 2-3. The third letter from Paragon Way did not reference Dell, but did contain the same information identifying Collins Financial as the current creditor. *Id.*, Ex. 5. All three letters clearly state that if the recipient has any questions, they may call the toll free number, which is listed at least twice on the document. Moreover, the evidence before the Court demonstrates that the creditor/debtor relationship was between Dell Financial Services and the consumer; CIT (and AIB for other portfolios) originated the loans, which were purchased by Dell within two days of the date of the origination, and Dell serviced all of the accounts until they were ultimately sold to Collins. [Doc. No. 201 (Towns Decl.) at ¶¶ 5, 6, 11, Exs. A, B, and F attached thereto.] Indeed, customers who financed their Dell computers through DFS had no direct contact with any loan originator. *Id.* at ¶ 6.

Taken as a whole, the Court is not persuaded that the misidentification of the original creditor, or the account number, in this case would "frustrate a consumer's ability to intelligently choose his or her response." *Donohue*, 592 F.3d at 1034. Since the customers did not have direct contact with the original creditors at any point, the customers likely identified their creditor as Dell Financial Services, who sent them the invoices and serviced their loans. The Court therefore finds that the least sophisticated debtor would not have recognized the original creditor, or account number, even if they had been correctly identified in the first instance. This is exemplified by Plaintiff's own experience, whereupon he did not learn that CIT was the true original creditor until years after Paragon Way sent the letters, and while this litigation was already underway.

Upon consideration of the letters, as well as the evidence in the record, the Court finds that the

misidentification of the original creditor was not material, and was not likely to mislead the least sophisticated consumer. The letters from Paragon Way provided the recipient with the option to call to discuss the nature of the loan if there were questions involved, and the Court finds that the recipients of the letters were thus able to intelligently choose how to respond to the letter.[6] As with the court in *Donohue,* this Court cannot conceive of an action that Tourgeman could have taken that was not already available to him on the basis of the information in the letters, nor has he articulated any different actions he might have chosen if the original creditor and account numbers were correctly identified. 592 F.3d at 1034.

Because the original creditor and account number misidentifications were not material, the Court also finds that the Paragon Way letters were not unfair or unconscionable under § 1692f. *See Donohue*, 592 F.3d at 1033. Plaintiff's motion for partial summary judgment in its favor is therefore **DENIED**. Summary judgment in favor of Paragon Way and Collins Financial is therefore **GRANTED** with respect to Plaintiff's 15 U.S.C. §§ 1692e(2), 1692e(10), and 1692f claims as they apply to the alleged misrepresentations in the Paragon Way letters.

***Letters from Nelson & Kennard*** (Weaver Decl. [Doc. No. 297-2], Exhibits 5-8)

The Law Firm of Nelson & Kennard sent Plaintiff four letters between January 17, 2007 and July 2, 2007. These letters do not identify Dell as being the subject of the debt owed, but, as with the three previous letters from Paragon Way, do identify Collins Financial Services as the client with respect to the account. The first letter, dated January 17, 2007, explicitly provides that the office will assume that the debt is valid unless the recipient of the letter disputes the debt within 30 days, and provides the information and procedure for doing so. *See id.*, Ex. 5. The three follow-up letters offer the opportunity to call for assistance if the recipient has any questions about the debt. *Id.* at Exs. 6-8. In light of the Court's finding that the

---

[6] Plaintiff argues that the fact that a phone number is provided is irrelevant to the inquiry under § 1692e, citing *Gonzales*, 660 F.3d at 1062. But *Gonzales* merely observes that consumers are under *no obligation* to seek explanation of confusing or misleading language in debt collection letters. *Id.* There, as in the case it cites for this point, *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 566 (7th Cir. 2004), the court found that collectors who sent materially misleading statements in dunning letters were not immune from FDCPA liability simply because they provided a phone number which the recipients could use to clarify the misleading information. *Gonzales*, 660 F.3d at 1062. Because, as set forth above, the Court does not find the original creditor misidentification to be materially misleading, the reasoning of *Gonzales* is inapplicable here. *Compare Id.* (Granting summary judgment in favor of debtor where the dunning letter indicated it would report the debt to credit bureaus if the debt was not paid, despite the fact that the collectors could not legally do so); *Fields*, 383 F.3d at 566 (dunning letter failed to itemize the debt owed, which included attorneys fees).

identity of the original creditor is immaterial under the circumstances of this case, and considering these letters in the context of the three previous letters received that identify Collins Financial as the debt collector, two of which expressly contained "Dell Computer Corporation" in the description of the debt, the Court does not find that the least sophisticated debtor would be unable to choose how to respond to the letters. Indeed, the Nelson & Kennard letters are very specific in instructing the witness how to dispute the debt, and in inviting the recipients to contact the firm if they have any questions about the debt on four separate occasions. The Court is not persuaded that if the correct original creditor and account number had been identified in the letters, all else being equal, the recipient would have taken a different course of action. *See Donohue*, 592 F.3d at 1034.

As to the fact that the letters were sent on Nelson & Kennard letterhead, the Court does not find that a material factual dispute exists as to whether or not Mr. Kennard was "meaningfully involved" in the collections process. Mr. Kennard provided the Court with a declaration, under oath, that he personally reviewed Mr. Tourgeman's file, as was his practice, determined it was appropriate to send a demand letter based on the data before him, and personally signed the letter. [Doc. No. 298-1 (Kennard Decl.) at ¶ 5-6.] In determining whether a collection letter which purports to have been sent from an attorney violates § 1692e(3), the Court must assess the impact that the letter would have on the least sophisticated debtor. *Masuda v. Thomas Richards & Co.*, 759 F.Supp. 1456, 1460 (C.D. Cal. 1991). The task for the Court therefore, is not to assess the quality of the attorney's involvement, as Plaintiff suggests, but rather to consider whether the recipient of the letter would be misled by the fact that it was signed by an attorney. *Id.* (finding § 1692e(3) violation where debt collector sent a form letter signed by an independent attorney who had no knowledge of, and had not conferred with the debt collector concerning, the particular debt to which the letter refers); *compare Taylor v. Quall*, 471 F.Supp.2d 1053, 1061-62 (C.D. Cal. 2007) (no FDCPA violation where attorney personally reviewed the file, even if mistakes were made during the course of the representation). Plaintiff has not proffered any evidence to contradict Mr. Kennard's statement that he reviewed the file and personally signed the demand letter, or any other evidence which would demonstrate that the letter Mr. Kennard sent was misleading to the recipient by virtue of the fact that it was signed by an attorney.

Because the original creditor and account number misidentifications were not material, the Court also

finds that the Nelson & Kennard letters were not unfair or unconscionable under § 1692f. *See Donohue*, 592 F.3d at 1033. Plaintiff's motion for partial summary judgment in its favor is therefore **DENIED**. Summary judgment in favor of Nelson & Kennard and Collins Financial is **GRANTED** with respect to Plaintiff's 15 U.S.C. §§ 1692e(2), 1692e(3), 1692e(10), and 1692f claims as they apply to the alleged misrepresentations in the Nelson & Kennard letters.

***The Complaint*** (Weaver Decl. [Doc. No. 297-2], Exhibit 9)

Plaintiff seeks partial summary judgment with respect to the lawsuit that Nelson & Kennard filed on behalf of Collins, in which it alleged, under penalty of perjury, that Collins was the assignee of a "written agreement" between Plaintiff and AIB, when there was never a loan agreement. Plaintiff argues that the misidentification of the original creditor is a violation of 15 U.S.C. § 1692e(2) because it misrepresents the "character, amount, or legal status" of the debt. In light of the seven preceding letters identifying Collins Financial as the current creditor, the first two of which expressly referenced Dell Computer Corp. as the description of the debt, and the fact that the agreement attached to the complaint contains the Dell logo, the Court does not find the misidentification of the original creditor to be materially misleading such that the individual served with the complaint's ability to respond would be frustrated. *Donohue*, 592 F.3d at 1034. Indeed, the summons specifically sets forth the procedure and options for the recipient of the lawsuit to undertake. There is no evidence that the Plaintiff, or the least sophisticated debtor in this circumstance, would have behaved differently had the original creditor been correctly identified.

Plaintiff's claim that Mr. Ayers was not "meaningfully involved" in the filing of this lawsuit fails here for the same reasons the Court granted summary judgment in Nelson & Kennard's favor on the §1692e(3) claim with respect to the letters; there is no material factual dispute as to Mr. Ayers' personal participation in the litigation. Mr. Ayers provided a declaration stating that he personally reviewed the summons and complaint, and the firm's file on Mr. Tourgeman, prior to filing the complaint. [Doc. No. 73, ¶¶ 12-15.] Plaintiff does not provide the Court with any evidence contrary to this statement, and the fact that a mistake was made in the complaint, especially one that the Court has already found not to be materially misleading, does not impose liability on the law firm under the FDCPA.

Because the original creditor and account number misidentifications were not material, the Court also finds that the filing of the lawsuit was not unfair or unconscionable under § 1692f. *See Donohue*,

592 F.3d at 1033. Accordingly, Plaintiff's motion for partial summary judgment in its favor is **DENIED.** Summary judgment in favor of Nelson & Kennard and Collins financial is **GRANTED** with respect to Plaintiff's 15 U.S.C. §§ 1692e(2), 1692e(3), 1692e(10), and 1692f claims as they apply to the alleged misrepresentations in the Nelson & Kennard state court lawsuit.

### B. Service of the Complaint upon Plaintiff's Father in San Diego: 15 U.S.C. § 1692c (Improper Third Party Communications); 15 U.S.C. § 1692i (Improper Venue).

Plaintiff claims that Nelson & Kennard violated § 1692c for improperly communicating with a third party because they engaged a process server to serve the complaint, and that individual served Plaintiff's father with the complaint at his father's residence. Plaintiff also claims that Defendants violated § 1692i for filing the complaint in an improper venue since he was a resident of Mexico. Nelson & Kennard seeks summary judgment in its favor, arguing that California law expressly permits substituted service on third parties, and that Nelson & Kennard filed the complaint in San Diego Superior Court in good faith because the only address that Plaintiff had given to Dell was an address in San Diego County, and the firm's efforts to confirm Plaintiff's whereabouts, both in sending letters and prior to serving the complaint, likewise confirmed a San Diego address. Indeed, Plaintiff's arguments as to both claims would require the Court to find that, despite the fact that he gave Dell his parents' address when purchasing the computer, and never having informed Dell that he actually lived in Mexico, the fact that he did live in Mexico rendered the substitute service improper (because he didn't actually live at his father's house) and venue improper (because he lived in Mexico, not in San Diego County). The Court declines to make such a finding.

Nelson & Kennard provided the Court with evidence that the firm undertook several procedures to confirm that the Plaintiff resided at the address where the service took place, including skip tracing, and confirmation from the post master that Tourgeman lived in San Diego County. [Doc. No. 73, Ayers Decl., at ¶12; Doc. No. 298-1 (Kennard Decl.), at ¶ 19-21.] The burden of proof thus shifts to Plaintiff to demonstrate that a material question of fact exists sufficient to survive summary judgment and have a trier of fact consider the issue. *Celotex Corp.*, 477 U.S. at 324. Plaintiff does not meet his burden. Plaintiff does not dispute that he never provided Dell (or any of the Defendants in response to any of the letters) with the information that he resided in Mexico at any time. Nor does he provide the Court with any evidence that

Nelson & Kennard had any reason to believe that he did not live in San Diego County.

California's statute on substitute service provides that, where a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, "a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address ... in the presence of a competent member of the household ... at least 18 years of age, who shall be informed of the contents thereof..."Cal. Code Civ. Proc. § 415.20(b). Since California law requires the disclosure of the contents of the summons and complaint to the individual who is served, Nelson & Kennard argues that this is not an improper third party communication.

Plaintiff cites no authority to support his contention that service of a complaint via substituted service to a family member is a violation of § 1692c for improper third party communications, nor is the Court aware of any. While Plaintiff appears to concede that proper substitute service may be within the realm of proper third party communications under the FDCPA, he argues that because Plaintiff didn't actually reside at his parents home, the substitute service was ineffective, and therefore the statute was violated. He also argues that a triable issue of fact exists because Plaintiff's father testified that he told the process server that his son didn't live there and the process server served him anyway. [Doc. No. 312 (Plaintiff's Opp.) at 13.] But this very argument was rejected in *Scott v. Kelkris Associates, Inc.*, 2012 WL 996578 at *3 (E.D. Cal. March 23, 2012) ("[P]laintiff challenges that defendant did not properly effectuate substitute service of process, that plaintiff did not live at the address, and that plaintiff's father did not have the duty to tell the process server that plaintiff did not live with him... none of these objections establishes that the underlying material fact is disputed, only that the legal effect of the fact is uncertain.") In *Scott*, the Eastern District held that service on a family member in an attempt to effectuate substitute service did not constitute a violation of § 1692c(b). *Id*. at 7. Plaintiff's attempt to distinguish *Scott* because Tourgeman's father actually informed his son about the complaint, where the plaintiff's father in *Scott* did not, is not persuasive. Indeed, the facts here actually compel the opposite conclusion of what plaintiff is trying to argue because it would tend to prove that substitute service was effective after all. *See Hearn v. Howard*, 177 Cal. App. 4th 1193, 1201 (2009) (observing that California statutes governing substitute service "shall be liberally construed to

effectuate service and uphold jurisdiction if actual notice has been received by the defendant.") (internal quotations and citations omitted).

In any event, Nelson & Kennard argues, in light of the procedures it took to verify the address, and the evidence available to them at the time of serving the complaint, that even if factual disputes exist, it is entitled to judgment in its favor by virtue of the bona fide error defense. Nelson & Kennard will not be held liable if it can show "by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176-77 (9th Cir. 2006). Here, Nelson & Kennard provided the Court with evidence that the firm had implemented significant procedures to comply with the FDCPA, including procedures designed to avoid seeking to collect debts that had been paid in full, and suing in the wrong venue, conducting skip tracing efforts to confirm Tourgeman's address, and confirming the address multiple times with the Postmaster. [*See* Doc. No. 298-3 (Narita Decl.), Ex. G; Doc. No. 298-1 (Kennard Decl.) at ¶¶ 4-5, 8-13.] Indeed, none of the letters sent to Tourgeman were returned as undeliverable. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999) (recognizing the common law "mailbox rule," and the rebuttable presumption it creates that mail that is properly and timely mailed is received by the addressee). Plaintiff has not produced any evidence to the contrary, other than to assert that he in fact lived in Mexico.

The Court finds that Nelson & Kennard has met its burden to demonstrate that any violations of the FDCPA with respect to service and venue were unintentional and resulted despite the existence of procedures reasonably adapted to prevent the error. In the absence of evidence to the contrary, the Court finds that Nelson & Kennard is entitled to the bona fide error defense, and summary judgment is **GRANTED** in its favor as to 15 U.S.C. §§ 1692c and 1692i.

### C. Harassing, oppressive, or abusive conduct: 15 U.S.C. § 1692d

The FDCPA prohibits debt collectors from engaging in any conduct, "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Plaintiff argues that Nelson & Kennard violated this provision by 1) "filing a false lawsuit against Plaintiff," 2) "embarrassing Plaintiff by serving his father" with the complaint, and 3) continuing to litigate

the state court case even though it knew it had filed in the wrong venue and that service was improper." [Doc. No. 312 at 16-19].

As to the lawsuit, the Court has already found that the fact that the original creditor was mislabeled in the complaint was not materially misleading and was not a violation of the FDCPA under § 1692e. It follows that it was not harassing, oppressive, or abusive to file the lawsuit by virtue of the misidentified original creditor. Plaintiff argues that a question of fact exists as to whether or not he paid his debt in full; but even if there was, it is not material to determining whether or not the lawsuit was harassing or oppressive sufficient to justify a violation of § 1692d. Indeed, as Judge Sammartino observed previously in this matter, it is not unlawful to file a complaint that contains factual allegations that do not ultimately prevail at trial. [Doc. No 58 at 8.] Plaintiff provides no evidence as to how the lawsuit itself was unduly harassing.

As set forth above, Nelson & Kennard was entitled to the bona fide error defense in serving Mr. Tourgeman's father, because it believed in good faith that Mr. Tourgeman lived at that residence, and thus substitute process was properly effected. Since California law requires process servers to notify the individual upon whom substitute service is given of the contents thereof, the Court finds no violation of the FDCPA for disclosure of the lawsuit to a third party, embarrassing as it may have been to the Plaintiff. The Court finds that Nelson & Kennard is similarly immune from liability under this section, and that the conduct of attempting substitute service was not harassing, oppressive or abusive and thus did not violate 15 U.S.C. § 1692d.

Nor has the Plaintiff provided the Court with any authority that pursuing a lawsuit against an individual who is represented by counsel is a violation of the FDCPA under § 1692d. To the contrary, the Ninth Circuit has expressly held that "communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the [FDCPA]." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 936 (9th Cir. 2007) (footnote omitted). Plaintiff has not provided the Court with any evidence of harassment that he received as an individual during the duration of the state court lawsuit.

Nelson & Kennard's motion for summary judgment as to the 15 U.S.C. § 1692d claim is therefore **GRANTED**.

/

### IV. NEGLIGENCE

The Plaintiff's remaining claim, against all defendants, is a common law negligence claim. To prevail on this claim, Plaintiff must satisfy all of the following elements: 1) the existence of a duty to exercise due care, 2) breach of that duty, 3) causation, and 4) damages. *Ruiz v. Gap, Inc.* 380 Fed. Appx. 689, 691 (9th Cir. 2010), *citing Paz v. California,* 22 Cal.4th 550, 559 (2001). Plaintiff claims that he incurred approximately $38,000 in attorneys fees in defending the state court lawsuit which, he alleges, are the proximate cause of Defendants' negligence in either 1) failing to keep adequate records evidencing Plaintiff's payment in full o fhis debt, or alternatively, 2) misidentifying the original creditor in the validation letters, and the lawsuit.

It is undisputed that Plaintiff has not yet paid (or has even been billed) for attorneys fees or costs in connection with the state court lawsuit. During the course of the briefing on the various motions for summary judgment now before the Court, Plaintiff produced (for the first time) his engagement letter with his counsel dated October 29, 2007, which establishes that he had a contingency arrangement with his attorney that states, "you do not have to pay me for my time unless and until I am successful in obtaining a judgment or award of attorney's fees from any other party who may be involved in the litigation of this matter." *See* Doc. No. 312-4 (Ex. 22 to Plaintiff's Supplemental Notice of Lodgment) at p. 3. Defendants argue that this establishes that Plaintiff has not "incurred" any damages because he did not obtain a judgment or award of attorneys' fees in the state court litigation.

Plaintiff argues that because the engagement letter contemplated not only the defense of the state court lawsuit, but the prosecution of the unfair debt collection practices, the engagement is ongoing and therefore the fees may still become due depending on the outcome of the litigation before this Court. *See Id.* at 1 ("you are engaging me to defend you against the lawsuit filed by Collins Financial, Inc., and to prosecute Collins Financial, Inc. and any other entity that may be responsible for the unfair debt collection practices against you, as you may specifically request from time to time.") Accepting the Plaintiff's argument on this point, the damages for purposes of the negligence claim would be "incurred" upon a successful result of the FDCPA claims in this Court. In light of the Court's granting of summary judgment on all of the FDCPA claims above, no such fees will be recovered.

Therefore, since the Plaintiff cannot establish that he was injured by, or sustained any damages as

a result of, the alleged negligence on the part of the Defendants, summary judgment in favor Dell Financial Services and Nelson & Kennard is **GRANTED**.

### V.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment [Doc. No. 297] is **DENIED**.  Nelson & Kennard's Motion for Summary Judgment [Doc. No. 298] is **GRANTED**.  Dell Financial Services, LP's Motion for Summary Judgment [Doc. No. 301] is **GRANTED**.  The Court hereby enters judgment in favor of Nelson & Kennard and Dell Financial Services and against the Plaintiff.

Plaintiff is **ORDERED TO SHOW CAUSE** why Defendants Collins Financial and Paragon Way should not be dismissed as to the remaining claims against them (15 U.S.C. § 1692c, 15 U.S.C. § 1692d, 15 U.S.C. § 1692i, the Rosenthal Act claims, and the Negligence claim) in light of this Court's order. Plaintiff shall file a brief **no longer than 10 pages in length** addressing these issues within **30 days** of this order.  The Court will set a briefing schedule, if necessary, upon receipt of the filing.

**IT IS SO ORDERED.**

DATED:  August 29, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge