UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOURGEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>COLLINS FINANCIAL SERVICES, INC., (d/b/a/ Precision Recovery Analytics, Inc.), a Texas corporation; COLLINS FINANCIAL SERVICES USA, INC. (d/b/a Precision Recovery Analytics International Inc.); PARAGON WAY, INC., a Texas corporation; NELSON & KENNARD, a California partnership, DELL FINANCIAL SEVICES, L.P., a Delaware limited partnership,<br><br>    Defendants. | Case No.: 3:08-cv-01392-CAB-(NLS)<br><br>**ORDER DISMISSING CLASS CLAIM** |

   The matter before the Court is a class action alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff David Tourgeman represents the class. The law firm of Nelson & Kennard is the Defendant debt collector. On June 30, 2016, the Court held a hearing on the parties' motions *in limine*. At the hearing, the parties disputed whether Plaintiff or the Defendant bears the burden of proof at trial to establish

the Defendant's net worth for the purpose of awarding statutory damages to the class under FDCPA.  Having considered the submissions of the parties,[1] the arguments of counsel and the pleadings in this case, the Court finds that it is Plaintiff's burden, on behalf of the class, to present competent evidence of the Defendant's current net worth to establish the first element necessary for a determination of class statutory damages. Plaintiff has no competent evidence to offer to establish the proper amount of damages the finder of fact may consider in the award of statutory damages, and therefore cannot prove this necessary element of the class claim.  The class claim is therefore **DISMISSED**.

> I.   **FDCPA Statutory Damages for a Class Claim**

There are 31 identified members of the certified class in this action, including the Plaintiff.  These individuals were each individually served with a complaint prepared and filed by Defendant on behalf of its client Collins Financial Services to collect an alleged debt.  The complaint erroneously identified the original creditor as American Investment Bank, N.A., when, in actuality, CIT Online Bank originated the loans at issue in the complaints.

The Ninth Circuit found this misidentification of the loan originator in the complaint to be a material misrepresentation, subjecting the Defendant to strict liability. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014). Consequently, the remaining focus of Plaintiff's case-in-chief for trial is the presentation of evidence to support the damage award for the named plaintiff and the other 30 class members.[2]  In civil cases, the plaintiff generally has the burden of proving damages by a preponderance of the evidence and the award must be based on evidence and not upon

---

[1] At the Court's request the parties submitted supplemental briefing [Doc. No. 472, 473] on the question of which party has the burden of proof on the matter of establishing class damages, and the Court heard supplement argument on July 15, 2016.

[2] The liability determination is still subject to Defendant's assertion of the only affirmative defense available in FDCPA cases, the debt collector's bona fide error defense. 15 U.S.C. §1692k(c).

speculation, guesswork or conjecture. *See e.g.,* Ninth Circuit Model Civil Jury Instructions §5.1.

The Plaintiff acknowledges that, individually and on behalf of the class, he is solely seeking statutory damages. There is no claim for actual damages in this case. The award of statutory damages for the class requires two factual determinations by the finder of fact. First, there must be a determination of the potential ceiling for class recovery.

> [A]ny debtor collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
>> [I]n the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A) [i.e., an amount not exceeding $1,000], and (ii) such amount . . . for other class members, . . . , **not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.**

15 U.S.C. §1692k(a)(2)(B)(emphasis added).

Second, once the damages ceiling is established, the jury determines the amount to be awarded within that limit based on a non-exhaustive list of factors.

> In determining the amount of liability in any action under subdivision (a), the court shall consider, among other relevant factors –
>> [I]n any class action . . . , the frequency and persistence of the noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

Id., §1692k(b)(2).

The parties dispute which party bears the burden of proving the maximum amount of recovery the jury must consider in assessing class damages. Plaintiff conceded at the motion hearing that there is no evidence upon which he could reasonably assert that Defendant's net worth exceeds $50 million, therefore the potential amount of damages the class may recover must be something less than $500,000. Plaintiff, however, can proffer no evidence as to what one percent of the Defendant's current net worth is.

Instead Plaintiff argues it is the Defendant's burden to prove its net worth at trial to establish the statutory maximum the jury may award.

## II. The Purpose Behind This Statutory Award Does Not Shift the Burden of Proof to the Defendant

In support of his position, Plaintiff cites to the fact that the FDCPA statutory award is a punitive in nature, i.e., the jury considers defendant's conduct and provides for an amount intended to deter future violations.  The limit or ceiling on the award of class statutory damages is intended to "ensure that 'punishment [is] meted out according to a business's ability to absorb the penalty.'"  *Gonzales v. Arrow Fin. Servs, LLC*, 660 F.3d 1055, 1068 (9th Cir. 2011) *citing Sanders v. Jackson,* 209 F.3d 998, 1002 (7th Cir. 2000).  "The primary purpose of the net worth provision is a protective one.  It ensures that defendants are not forced to liquidate their companies in order to satisfy an award of punitive damages."  *Sanders*, 209 F.3d at 1002.[3]  Consequently, Plaintiff argues that evidence at trial to limit the awardable amount is properly the Defendant's burden to prove as it inures to Defendant's benefit, citing *Kemezy v. Peters*, 79 F.3d 33 (7th Cir. 1996) (holding it is the defendant's burden to prove net worth in the punitive damages phase of a §1983 case).

While this argument may have superficial appeal, it overlooks the essential fact that the elements of the damage award sought by Plaintiff in this case are specifically delineated by the statute and, unlike a tort punitive damage claim, Plaintiff cannot simply make an undefined demand to the jury.  A plaintiff must provide evidence to support the claim.  *See Faria v. M/V Louise,* 945 F.2d 1142, 1143 (9th Cir. 1991) (it is one of the most basic propositions of law that the plaintiff bears the burden of proving his case, including the amount of damages).  The FDCPA makes the Defendant's finances an element of the Plaintiff's damage claim as any award must be related to the Defendant's

---

[3] Neither *Gonzales* or *Sanders* contain any discussion as to the burden of proof regarding the element of net worth in the presentation of damages at trial.

net worth. The Plaintiff proposes in this case to ask the jury to award damages "not to exceed one per cent of the Defendant's net worth" and then leave it to the jury to speculate what the Defendant's net worth is.

Plaintiff is not, however, seeking a mere declaration by the jury that the class is entitled to damages from the Defendant in the abstract. He is asking the jury to award real money and determine a specific amount. Given the express language of the statute, absent evidence of the Defendant's net worth, the amount would be purely speculative, so evidence of the Defendant's net worth is an essential element of the Plaintiff's claim. *See e.g., Adams v. Murakami*, 54 Cal. 3d 105, 119-20 (1991) (requiring a plaintiff to introduce evidence of defendant's financial condition at trial because it is essential to the claim for relief.) The policy behind the damages cap does not relieve the Plaintiff from his obligation to provide the evidence to support the appropriateness of the relief he seeks.

### III. Defendant's Prior Assertions of Negative Net Worth Does Not Transform this Element into an Affirmative Defense

Plaintiff contends that because the Defendant asserts it has a negative net worth, it becomes an affirmative defense. A defendant may offer evidence to counter evidence a plaintiff introduces as to the defendant's net worth, including evidence that it is in fact less than zero. This does not make establishing the debt collector's net worth in the first instance the defendant's burden.

There is identified one affirmative defense to liability for a violation of the FDCPA, the 'bona fide error" defense. 15 U.S.C. § 1692k(c). The proof of net worth is not identified as an exemption under the FDCPA. Defendant may defend against Plaintiff's claim, by offering contrary evidence, but by indicating its intentions to do so, the Defendant has not transformed the Plaintiff's burden to prove damages into an affirmative defense. The Court finds no authority for shifting this evidentiary burden to the Defendant.

Further, Plaintiff misconstrues the Court's prior ruling on Defendant's motion for summary judgment as a determination that burden of proof of net worth at trial is the Defendant's obligation.  Defendant moved for summary judgment asserting that the undisputed evidence established its current net worth is negative.  The Court found that based on the evidence presented the Defendant had not met its burden to establish as a matter of law that it had a negative net worth, but instead found a dispute of material facts.  The Defendant failed to meet its burden as the moving party on a motion for summary judgment.  This was not a finding that at trial Defendant would be burdened with having to establish the element of net worth as part of Plaintiff's damage claim.[4]

Finally, Plaintiff argues that this financial information is in the Defendant's control and therefore Defendant should bear the responsibility of producing it at trial.  Certainly, the Defendant has the required financial information.  In many cases, defendants often have the evidence plaintiffs need to establish the elements of their claims.  This alone does not justify shifting the burden of proof to Defendant.

A protective order was entered in this case to provide Plaintiff access to Defendant's financial information.  The issue of the Defendant's net worth has been the subject of motions for years throughout this litigation.  A review of the docket and various orders by both the Magistrate Judge and the District Judge show that Plaintiff has requested and Defendant was ordered to produce financial information, including a recent update of information so Plaintiff could determine Defendant's current net worth.

Plaintiff had every opportunity to obtain the financial records needed by a certified accountant to do a proper audit in compliance with GAAP, to prepare evidence to introduce at trial of the Defendant's net worth.  If financial records were incomplete or

---

[4] Since discovery was closed, Defendant could have elected to move for summary judgment on the grounds that the Plaintiff could not meet its burden to establish the Defendant's net worth.  It did not choose to move on that basis, for whatever reason.  Plaintiff was therefore not challenged by the motion to produce evidence of the Defendant's net worth but only to dispute the Defendant's evidence of negative net worth.  The Court agreed the evidence was not sufficient to demonstrate Defendant's current net worth, so Defendant's motion was denied.

not made available in response to discovery or the Court's various orders, Plaintiff did not seek relief such as requesting the Court to order Defendant to produce a GAAP-compliant audited balance sheet.  Plaintiff sought monetary sanctions and evidentiary sanctions with regard to other issues in this case, but left this element of his case to chance.  Plaintiff is now without competent evidence of the Defendant's net worth and can only speculate as to this element of his claim for class statutory damages. Accordingly, the class claim is **DISMISSED**.

      **IT IS SO ORDERED.**

Dated:  July 15, 2016

                                                                            Hon. Cathy Ann Bencivengo
                                                                            United States District Judge